**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, et al., | Case No. 23-90147 (DRJ) |
| Debtors. [1] | (Joint Administration Requested) |

**INTERIM ORDER (A) AUTHORIZING THE USE OF CASH**
**COLLATERAL, (B) PROVIDING ADEQUATE PROTECTION, (C) MODIFYING**
**THE AUTOMATIC STAY, AND (D) SCHEDULING A FINAL HEARING**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") under sections 105, 361, 362, 363, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), for entry of interim and final orders (this "Interim Order," and a "Final Order," respectively): (a) authorizing the Debtors to use cash collateral; (b) providing adequate protection to the Prepetition Secured Parties; (c) modifying the automatic stay; and (d) scheduling a final hearing (the "Final Hearing") to consider the entry of an order granting the relief requested in the Motion on a final basis; and an initial hearing on the Motion (the "Interim Hearing"); and the Court having considered the Motion and the evidence submitted

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2]   Capitalized terms not defined herein shall have the meanings set forth in the Motion.

or adduced and the arguments of counsel made at the Interim Hearing; and notice of the

Motion and the Interim Hearing having been given in accordance with sections 102(1) and 363

of the Bankruptcy Code, Bankruptcy Rule 4001(b), and the Local Rules; and the Interim Hearing

to consider the interim relief requested in the Motion having been held and concluded; and all

objections, if any, to the relief requested in the Motion on an interim basis having been withdrawn,

resolved, or overruled by the Court; and it appearing to the Court that granting the relief requested

is necessary to avoid immediate and irreparable harm to the Debtors and their estates pending the

Final Hearing, and otherwise is fair and reasonable, in the best interests of the Debtors, their

estates, creditors, and equity holders, and essential to maximize the value of the assets of the

Debtors' business and estates; and after due deliberation and consideration, and for good and

sufficient cause appearing therefor;

**IT IS HEREBY FOUND, DETERMINED, ORDERED AND ADJUDGED** that:

1.      *Disposition*.  The Motion is granted on an interim basis on the terms set

forth herein.  Any objections to the interim relief sought in the Motion, and any reservations of

rights with respect to such interim relief, that have not been previously resolved or withdrawn, are

overruled on the merits.  This Interim Order shall be valid, binding, and enforceable on all parties

in interest and fully effective immediately upon entry.

2.      *Jurisdiction and Venue*.  This Court has jurisdiction over this matter

pursuant to 28 U.S.C. § and 1334.  This matter is a core proceeding within the meaning of 28

U.S.C. § 157(b)(2), and the Debtors have confirmed their consent pursuant to Bankruptcy Rule

- 2 -

7008 to the entry of a final order by the Court in connection with the Motion.  No request has been made for the appointment of a trustee or examiner and no statutory committee has yet been appointed in these chapter 11 cases.

3.     *No Waivers*.    The Debtors make no representation, warranty, acknowledgement, or admission regarding whether they have (or do not have) any defenses, setoffs, counterclaims, or recoupments that could be asserted against the Prepetition Secured Parties and the Debtors reserve all rights, claims, and defenses with respect thereto.  In addition, the Debtors make no representation, warranty, acknowledgement or admission with respect to the enforceability, perfection, priority, avoidability, or validity of the Prepetition Secured Parties' security interests in the Debtors' assets.

4.     *Findings Regarding the Use of Cash Collateral*.

a.     <u>Cause Shown</u>.  Good cause has been shown for the entry of this Interim Order.

b.     <u>Business Justification</u>.  The Debtors have an immediate and critical need to use the Cash Collateral, in order to permit, among other things, maintenance of the Debtors' assets.  The Debtors' access to sufficient working capital and liquidity through the use of Cash Collateral is vital to maximizing the value of the Debtors' estates and funding their reorganization efforts.

DOCS_NY:47229.2 58614/001

03/20/2023 7:40 AM

c.      <u>Fair and Reasonable Terms</u>.  Based on the record presented to the Court at the Interim Hearing, the terms of use of the Cash Collateral are fair and reasonable and reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties.

d.      <u>Immediate and Irreparable Harm</u>.  The Debtors have requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2) and the Bankruptcy Local Rules.  Absent granting the relief sought by this Interim Order, the Debtors' estates will be immediately and irreparably harmed.  Authorization of the use of the Cash Collateral in accordance with this Interim Order is therefore in the best interests of the Debtors' estates.

5.      *Authorization to Use Cash Collateral*.  Subject to the terms of this Interim Order, the Debtors are hereby authorized to use Cash Collateral from the date hereof through the earliest of:  (i) entry of the Final Order, which shall occur within twenty one (21) days following entry of this Interim Order; (ii) the date of entry of an interim order authorizing the further use of cash collateral and the obtaining of credit under Section 364 of the Bankruptcy Code from the Prepetition Agent and the Prepetition Lenders, (iii) the date of a material breach by the Debtors under this Interim Order or (iv) such other date as the Debtors and the Prepetition Agent may agree to in writing (the "<u>Interim Budget Period</u>"), or such other date as the Debtors and the Prepetition Agent may agree to in writing when, as, and to the extent permitted under the budget attached hereto as **<u>Exhibit 1</u>**, or when, as, and to the extent permitted by such other budget as the Debtors and the Prepetition Agent may agree to in writing from time to time (the "<u>Budget</u>").

- 4 -

6. *Disbursements Subject to Budget*. The Debtors are only authorized to use Cash Collateral during the Interim Budget Period in a manner consistent with the Budget; *provided that*, disbursements may occur earlier or later than the dates forecasted in the Budget so long as such disbursements occur during the Interim Budget Period. Cash Collateral shall be only used for the purposes permitted under the Budget, including (i) to provide working capital needs of the Debtors and general corporate purposes of the Debtors; and (ii) to make the payments or fund amounts otherwise permitted in this Interim Order and the Budget. Notwithstanding the foregoing, disbursements by the Debtors for "Total Operating Disbursements" on an aggregate basis during the Interim Budget Period may deviate up to 20% from the amounts specified in the Budget (the "Permitted Variance").

7. *Adequate Protection*. The Prepetition Secured Parties are entitled, pursuant to sections 361, 362(d), and 363(e) of the Bankruptcy Code, to adequate protection of their interests in the Debtors' property, for and equal in amount to the aggregate diminution in the value of the Prepetition Secured Parties' interests in the Debtors' property (including Cash Collateral) (the "Diminution in Value") resulting from the use, sale, or lease by the Debtors (or other decline in value) of the Cash Collateral and any other asset of the Debtors that is the subject of existing liens and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code. As adequate protection, the Lenders are hereby granted the following:

a. a continuing security interest in and lien on all collateral of the Debtors of the same type and nature that exists as of the Petition Date with the same

DOCS_NY:47229.2 58614/001

03/20/2023 7:40 AM

validity (or invalidity) and priority as exists as of the Petition Date,

including the proceeds thereof (the "Replacement Lien");

b.       solely to the extent of any Diminution in Value, an additional and

replacement security interest in and lien on all property and assets of the

Debtors' estates to the extent that such property and assets can be pledged

by the Debtors (the "Adequate Protection Lien"), *provided however*, that

(a) such security interest and lien shall be junior to any existing, valid,

senior, enforceable, and unavoidable prior perfected security interests and

liens (other than the Prepetition Liens); (b) in the event that the Debtors

obtain postpetition financing in these chapter 11 cases, such security interest

and lien may be junior to any valid, senior, enforceable security interests

and liens granted to the postpetition lenders and authorized by the Court in

connection with such postpetition financing; and (c) such security interest

and lien shall not attach to any claims, defenses, causes of action or rights

of the Debtors arising under sections 542 to 553 of the Bankruptcy Code

and applicable state fraudulent transfer law (including all proceeds thereof,

the "Avoidance Actions"), absent entry of a Final Order; and

c.       solely to the extent of any Diminution in Value, to the extent provided by

sections 503(b) and 507(b) of the Bankruptcy Code, an allowed

administrative claim in these chapter 11 cases (the "Adequate Protection

Claim"), *provided however*, that (a) such claim shall not extend to, or be payable from, any Avoidance Actions, absent entry of a Final Order, and (b) in the event that the Debtors obtain postpetition financing in these chapter 11 cases, such administrative claim, if any, may be junior to the administrative claim granted to such postpetition lenders and authorized by the Court in connection with such postpetition financing.

Further, during the Interim Budget Period, the Debtors shall provide the Prepetition Agent with a comparison of actual receipts and disbursements to the amounts set forth in the Budget for a given week in the Budget by 5:00 p.m. (Central Time) on the first business day following the conclusion of such week, subject to any limitations imposed by these chapter 11 cases or may be otherwise agreed between the Debtors and the Prepetition Agent.

8. *Perfection of Adequate Protection Liens*.

a. <u>Further Assurances</u>. The Prepetition Secured Parties are hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, notices of lien or similar instruments in any jurisdiction in order to validate and perfect the liens granted to them hereunder. Whether or not the Prepetition Secured Parties, in their sole discretion, choose to file such financing statements, trademark filings, copyright filings, notices of lien or similar instruments that may be otherwise required under federal or state law in any jurisdiction to validate and perfect such security interests and liens, such liens and security interests

shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge, dispute or subordination, as of the date of entry of this Interim Order.

b.      <u>Modification of Automatic Stay</u>.  If the Prepetition Secured Parties, in their sole discretion, decide to file any financing statements, trademark filings, copyright filings, notices of lien or similar instruments, or otherwise to confirm perfection of the liens granted hereby, the Debtors shall cooperate with and assist in such process, the stay imposed under section 362 of the Bankruptcy Code is hereby lifted to permit the filing and recording of a certified copy of this Interim Order or any such financing statements, trademark filings, copyright filings, notices of lien or similar instruments, and all such documents shall be deemed to have been filed and recorded at the time of and on the date of this Interim Order.

c.      <u>Certified Copy of Interim Order</u>.  A certified copy of this Interim Order may, in the discretion of the Prepetition Secured Parties, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, notices of lien or similar instruments, and all filing offices are hereby authorized to accept such certified copy of this Interim Order for filing and recording.

9.      *Preservation of Rights Granted Under This Interim Order*.  The liens and claims granted by the provisions of this Interim Order shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting any of these chapter 11 cases to a case under chapter 7 or dismissing such chapter 11 case, or (ii) the entry of an order confirming a chapter 11 plan in these chapter 11 cases.

- 8 -

10.    *Binding Effect; Successors and Assigns*.   The provisions of this Interim Order, including all findings herein, shall be binding upon all parties in interest in these chapter 11 cases, including, without limitation, the Prepetition Secured Parties, any official committee, and the Debtors, and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the Debtors' estates) and shall inure to the benefit of the Prepetition Secured Parties and the Debtors, and their respective successors and assigns.

11.    *Reservation of Rights*.   The Debtors reserve all rights to seek other or additional use of their Cash Collateral on such further or different terms and conditions as may be approved by the Court.

12.    *Effectiveness*.   Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Interim Order as provided in such Rules.

13.    *Objections*.   Objections to the entry of the Final Order shall be in writing and shall be filed with the Clerk of this Court, on or before 4:00 p.m. (prevailing Central time) on the date that is five (5) business days prior to and excluding the date of the Final Hearing set forth in paragraph 15 below, with a copy served upon: (i) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 440 Louisiana Street, Suite 900, Houston, TX 77002 (Attn: Michael D. Warner, Esq.); (ii) the Prepetition Secured Parties (or their counsel); (iii) any official committee upon its formation if selected by such date (or its counsel); (iv) all parties that have filed notices

- 9 -

of appearance and requests for notices in these chapter 11 cases; and (v) the Office of the United

States Trustee.

14.     *Final Hearing.*  The Final Hearing is scheduled for _____, 2023

at ____ a.m. (Central time) before this Court.

Dated: _____, 2023

                                                              _____

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 1</u>**

**BUDGET**

**Cash Collateral Budget WE 3/24**
**Mountain Express Oil**
*($ in '000s)*

| | **Week 1**<br>*Forecast*<br>**24-Mar-23** |
|---|---:|
| <u>Operating Receipts</u> | |
| Net Fuel Profit | $2,771 |
| Rent Income | – |
| Net Retail Supporting Operations | (411) |
| **Total Operating Receipts** | **$2,360** |
| | |
| <u>Operating Disbursements</u> | |
| Rent Expense | – |
| Payroll & Benefits | – |
| Vendor Disbursements [1] | (6,000) |
| Utilities & Insurance | (3) |
| Other Operating Disbursements | (15) |
| **Total Operating Costs** | **($6,018)** |
| **Operating Cash Flow** | **($3,657)** |
| | |
| <u>Non-Restructuring Related</u> | |
| Inventory | 300 |
| Capital Expenditures | – |
| Funded Debt | – |
| **Total Non-Restructuring Related** | **$300** |
| | |
| <u>Restructuring Related</u> | |
| Restructuring Fees | – |
| Other Restructuring Related | – |
| **Total Restructuring Related** | **–** |
| **Net Cash Flow** | **($3,357)** |
| | |
| <u>Cash (Unrestricted)</u> | |
| Beginning Balance [2] | $3,696 |
| Net Cash Flow | (3,357) |
| **Ending Unrestricted Cash Balance** | **$339** |

[1]:  Vendor disbursements of $6.0 million above solely reflect the postpetition purchase of fuel.  Such fuel will improve the collateral position of the Prepetition Lenders.  The Debtors expect to sell such fuel at a profit during this week and subsequent weeks of the Budget.
[2]:  The beginning cash balance does not include $6.648 million hedge termination payment.