**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>~~(Joint Administration Requested)~~<br>(Jointly Administered)<br><br>**Related to Docket No. 7** |

**INTERIM ORDER (A) AUTHORIZING THE USE OF CASH**
**COLLATERAL, (B) PROVIDING ADEQUATE PROTECTION, (C) MODIFYING**
**THE AUTOMATIC STAY, AND (D) SCHEDULING A FINAL HEARING**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") under sections 105, 361, 362, 363, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), for entry of interim and final orders (this "Interim Order," and a "Final Order," respectively): (a) authorizing the Debtors to use cash collateral; (b) providing adequate protection to the Prepetition Secured Parties; (c) modifying the automatic stay; and (d) scheduling a final hearing (the "Final Hearing") to consider the entry of an order

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at ~~www.kccllc.net/mountainexpressoil~~www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

DOCS_NY:47229.2 58614/001

03/19/2023 11:55 PM

ACTIVE 686121398v2

granting the relief requested in the Motion on a final basis; and an initial hearing on the Motion (the "Interim Hearing"); and the Court having considered the Motion and the evidence submitted or adduced and the arguments of counsel made at the Interim Hearing; and notice of the Motion and the Interim Hearing having been given in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001(b), and the Local Rules; and the Interim Hearing to consider the interim relief requested in the Motion having been held and concluded; and all objections, if any, to the relief requested in the Motion on an interim basis having been withdrawn, resolved, or overruled by the Court; and it appearing to the Court that granting the relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estates pending the Final Hearing, and otherwise is fair and reasonable, in the best interests of the Debtors, their estates, creditors, and equity holders, and essential to maximize the value of the assets of the Debtors' business and estates; and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND, DETERMINED, ORDERED AND ADJUDGED** that:

1. *Disposition*. The Motion is granted on an interim basis on the terms set forth herein. Any objections to the interim relief sought in the Motion, and any reservations of rights with respect to such interim relief, that have not been previously resolved or withdrawn, are overruled on the merits. This Interim Order shall be valid, binding, and enforceable on all parties in interest and fully effective immediately upon entry.

DOCS_NY:47229.2 58614/001

03/19/2023 11:55 PM

ACTIVE 686121398v2

2.      *Jurisdiction and Venue*.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors have confirmed their consent pursuant to Bankruptcy Rule 7008 to the entry of a final order by the Court in connection with the Motion.  No request has been made for the appointment of a trustee or examiner and no statutory committee has yet been appointed in these chapter 11 cases.

3.      ~~*No Waivers*.   The~~*Stipulations Regarding Prepetition Liens and Indebtedness*.  Subject to entry of a Final Order and appropriate challenge provisions for parties in interest other than the Debtors ~~make no representation, warranty, acknowledgement, or admission regarding whether~~, the Debtors stipulate (a) that they have ~~(or do not have) any~~no defenses, setoffs, counterclaims, or recoupments that could be asserted against the Prepetition Secured Parties and ~~the Debtors reserve all rights, claims, and defenses with respect thereto.  In addition, the Debtors make no representation, warranty, acknowledgement or admission with respect~~(b) to the enforceability, perfection, priority, avoidability, or validity of the Prepetition Secured Parties' security interests in the Debtors' assets.

4.      *Findings Regarding the Use of Cash Collateral*.

a.      <u>Cause Shown</u>.  Good cause has been shown for the entry of this Interim Order.

b.      <u>Business Justification</u>.  The Debtors have an immediate and critical need to use the Cash Collateral, in order to permit, among other things, maintenance of the

- 3 -

Debtors' assets.  The Debtors' access to sufficient working capital and liquidity through the use of Cash Collateral is vital to maximizing the value of the Debtors' estates and funding their reorganization efforts.

        c.    <u>Fair and Reasonable Terms</u>.  Based on the record presented to the Court at the Interim Hearing, the terms of use of the Cash Collateral are fair and reasonable and reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties.

        d.    <u>Immediate and Irreparable Harm</u>.  The Debtors have requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2) and the Bankruptcy Local Rules.  Absent granting the relief sought by this Interim Order, the Debtors' estates will be immediately and irreparably harmed.  Authorization of the use of the Cash Collateral in accordance with this Interim Order is therefore in the best interests of the Debtors' estates.

        5.    *Authorization to Use Cash Collateral*.  Subject to the terms of this Interim Order, the Debtors are hereby authorized to use Cash Collateral ~~from~~<u>for</u> the ~~date hereof through the earliest of:  (i) entry of the Final Order, which shall occur within twenty-one (21) days following entry of this Interim Order; (ii) the date of entry of an interim order authorizing the further use of cash collateral and the obtaining of credit under Section 364 of the Bankruptcy Code from the Prepetition Agent and the Prepetition Lenders, (iii) the date of a material breach by the Debtors under this Interim Order or (iv) such other date as the Debtors and the Prepetition Agent may agree to in writing~~<u>period</u> (the "<u>Interim Budget Period</u>")~~, or such other date as the~~

~~DOCS_NY:47229.2 58614/001~~

03/19/2023 11:55 PM

ACTIVE 686121398v2

~~Debtors and the Prepetition Agent may agree to in writing when, as, and to the extent permitted~~ ~~under~~ set forth in the budget attached hereto as **Exhibit 1**~~, or when, as, and to the extent~~ ~~permitted by such other budget~~ (the "Budget"), or for such further period or pursuant to such further form of Budget as the Debtors and the Prepetition Agent may agree to in writing ~~from time to time (the "Budget")~~.

6.     *Disbursements Subject to Budget*.  The Debtors are only authorized to use Cash Collateral during the Interim Budget Period in a manner consistent with the Budget; *provided that*, disbursements may occur earlier or later than the dates forecasted in the Budget so long as such disbursements occur during the Interim Budget Period.  Cash Collateral shall be only used for the purposes permitted under the Budget, including (i) to provide working capital needs of the Debtors and general corporate purposes of the Debtors; and (ii) to make the payments or fund amounts otherwise permitted in this Interim Order and the Budget. Notwithstanding the foregoing, disbursements by the Debtors for "Total Operating Disbursements" on an aggregate basis during the Interim Budget Period may deviate up to ~~20~~15% from the amounts specified in the Budget (the "Permitted Variance").

7.     *Adequate Protection*.   The Prepetition Secured Parties are entitled, pursuant to sections 361, 362(d), and 363(e) of the Bankruptcy Code, to adequate protection of their interests in the Debtors' property, for and equal in amount to the aggregate diminution in the value of the Prepetition Secured Parties' interests in the Debtors' property (including Cash Collateral) (the "Diminution in Value") resulting from the use, sale, or lease by the Debtors (or

- 5 -

other decline in value) of the Cash Collateral and any other asset of the Debtors that is the subject of existing liens and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code.  As adequate protection, the Lenders are hereby granted the following:

a.   solely to the extent of any Diminution in Value of the interests of Prepetition Agent and the Prepetition Lenders, the Prepetition Secured Parties are hereby granted allowed superpriority administrative expense claims, to the extent provided by sections 503(b) and 507(b) of the Bankruptcy Code, in these Chapter 11 Cases and any successor case (collectively, the "Adequate Protection Superpriority Claims").  Except with respect to a carve-out to be negotiated in conjunction with a postpetition financing facility, the Adequate Protection Superpriority Claims shall have priority over all administrative expense claims and unsecured claims against the Debtors or their estates, now existing or hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to sections 105, 326, 328, 330, 331, 365, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d), 1113 and 1114 of the Bankruptcy Code, *provided however*, that (a) such Adequate Protection Superpriority Claims shall extend to, and be payable from, any Avoidance Actions, subject to entry of a Final Order, and (b) in the event that the Debtors obtain

- 6 -

postpetition financing in these chapter 11 cases, such Adequate Protection Superpriority Claims, if any, may be junior to the administrative claim granted to such postpetition lenders and authorized by the Court in connection with such postpetition financing;

b.    a.   a continuing security interest in and lien on all collateral of the Debtors of the same type and nature that exists as of the Petition Date with the same validity (or invalidity) and priority as exists as of the Petition Date, including the proceeds thereof (the "Replacement Lien"); and

c.    b.   solely to the extent of any Diminution in Value, an additional and replacement security interest in and lien on all property and assets of the Debtors' estates to the extent that such property and assets can be pledged by the Debtors (the "Adequate Protection Lien"), *provided however*, that (a) such security interest and lien shall be junior to any existing, valid, senior, enforceable, and unavoidable prior perfected security interests and liens (other than the Prepetition Liens); (b) in the event that the Debtors obtain postpetition financing in these chapter 11 cases, such security interest and lien may be junior to any valid, senior, enforceable security interests and liens granted to the postpetition lenders and authorized by the Court in connection with such postpetition financing; and (c) such security interest and lien shall not attach to any claims, defenses, causes of action

- 7 -

or rights of the Debtors arising under sections 542 to 553 of the Bankruptcy Code and applicable state fraudulent transfer law (including all proceeds thereof, the "Avoidance Actions"), ~~absent entry of a Final Order; and~~

~~c.    solely to the extent of any Diminution in Value, to the extent provided by sections 503(b) and 507(b) of the Bankruptcy Code,~~ ~~an allowed administrative claim in these chapter 11 cases (the "Adequate Protection Claim"),~~ *~~provided however~~*~~, that (a) such~~ ~~claim shall not extend to, or be payable from, any Avoidance Actions,~~ absent entry of a Final Order~~, and (b) in the event that the Debtors obtain postpetition financing in these chapter 11 cases, such~~ ~~administrative claim,~~ ~~if any, may be junior to the administrative claim granted to such postpetition lenders and authorized by the Court in connection with such postpetition financing~~.

Further, during the Interim Budget Period, the Debtors shall provide the Prepetition Agent with a comparison of actual receipts and disbursements to the amounts set forth in the Budget for a given week in the Budget by 5:00 p.m. (Central Time) on the first business day following the conclusion of such week, ~~subject to any limitations imposed by these chapter 11 cases~~ or <u>as</u> may be otherwise agreed between the Debtors and the Prepetition Agent.

8.    *Perfection of Adequate Protection Liens*.

- 8 -

a.      Further Assurances.  The Prepetition Secured Parties are hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, notices of lien or similar instruments in any jurisdiction in order to validate and perfect the liens granted to them hereunder.  Whether or not the Prepetition Secured Parties, in their sole discretion, choose to file such financing statements, trademark filings, copyright filings, notices of lien or similar instruments that may be otherwise required under federal or state law in any jurisdiction to validate and perfect such security interests and liens, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge, dispute or subordination, as of the date of entry of this Interim Order.

b.      Modification of Automatic Stay.  If the Prepetition Secured Parties, in their sole discretion, decide to file any financing statements, trademark filings, copyright filings, notices of lien or similar instruments, or otherwise to confirm perfection of the liens granted hereby, the Debtors shall cooperate with and assist in such process, the stay imposed under section 362 of the Bankruptcy Code is hereby lifted to permit the filing and recording of a certified copy of this Interim Order or any such financing statements, trademark filings, copyright filings, notices of lien or similar instruments, and all such documents shall be deemed to have been filed and recorded at the time of and on the date of this Interim Order.

c.      Certified Copy of Interim Order.  A certified copy of this Interim Order may, in the discretion of the Prepetition Secured Parties, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, notices of lien or

DOCS_NY:47229.2 58614/001
03/19/2023 11:55 PM
ACTIVE 686121398v2

similar instruments, and all filing offices are hereby authorized to accept such certified copy of this Interim Order for filing and recording.

9.      *Limitations on the Use of Cash Collateral.*  No Cash Collateral may be used by the Debtors under this Interim Order to: (a) object to or contest in any manner, or raise any defenses to, the validity, perfection, priority, or enforceability of the indebtedness owing to, or liens of, the Prepetition Agent or the Prepetition Lenders, or raise any other issue with respect to the Prepetition Loan Facility, the Replacement Lien, or the Adequate Protection Superpriority Claims; (b) assert any claims or causes of action of any type against any Prepetition Secured Party, including, without limitation, any avoidance actions under chapter 5 of the Bankruptcy Code, or any claim or cause of action related to the Prepetition Loan Facility or otherwise; or (c) prepare or prosecute any adversary proceeding in which the Prepetition Secured Parties are named as a defendant.

10.      *Use of Cash Collateral to Purchase Fuel.*  The Debtors are authorized to use Cash Collateral to make postpetition purchases of fuel from the Fuel Suppliers[3] pursuant to this Interim Order and in accordance with the Budget on reasonable business terms and conditions (including pursuant to any existing agreements between the Debtors and a Fuel Supplier).  No party-in-interest in the Chapter 11 Cases and/or any successor thereto (including,

---

[3] The Fuel Suppliers include, but are not limited to, ExxonMobil Oil Corporation; Valero Marketing and Supply Company; Sunoco, Inc.; CITGO Petroleum Corporation; BP Products North America, Inc.; Chevron Products Company; HF Sinclair Refining and Marketing LLC; Marathon Petroleum Company; Equilon Enterprises LLC; Motiva Enterprises LLC; Protec Fuel Management, LLC; and Gulf Oil LP.

- 10 -

DOCS_NY:47229.2 58614/001

03/19/2023 11:55 PM

ACTIVE 686121398v2

for the avoidance of doubt, any chapter 11 or chapter 7 trustee) shall be entitled to assert any claim against any Fuel Supplier or any affiliate thereof for the recovery of funds paid by the Debtors to such Fuel Supplier for the purchase of fuel pursuant to this Interim Order under section 549 of the Bankruptcy Code on the basis that such funds constitute the Cash Collateral of any party.

11.    9.    *Preservation of Rights Granted Under This Interim Order*.  The liens and claims granted by the provisions of this Interim Order shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting any of these chapter 11 cases to a case under chapter 7 or dismissing such chapter 11 case, or (ii) the entry of an order confirming a chapter 11 plan in these chapter 11 cases.

12.    10.    *Binding Effect; Successors and Assigns*.  The provisions of this Interim Order, including all findings herein, shall be binding upon all parties in interest in these chapter 11 cases, including, without limitation, the Prepetition Secured Parties, any official committee, and the Debtors, and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the Debtors' estates) and shall inure to the benefit of the Prepetition Secured Parties and the Debtors, and their respective successors and assigns.

13.    11.    *Reservation of Rights*.  The Debtors reserve all rights to seek other or additional use of their Cash Collateral on such further or different terms and conditions as may be approved by the Court.

DOCS_NY:47229.2 58614/001
03/19/2023 11:55 PM
ACTIVE 686121398v2

14.    ~~12.~~ *Effectiveness*.  Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Interim Order as provided in such Rules.

15.    ~~13.~~ *Objections*.  Objections to the entry of the Final Order shall be in writing and shall be filed with the Clerk of this Court, on or before 4:00 p.m. (prevailing Central time) on the date that is five (5) business days prior to and excluding the date of the Final Hearing set forth in paragraph 15 below, with a copy served upon: (i) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 440 Louisiana Street, Suite 900, Houston, TX 77002 (Attn: Michael D. Warner, Esq.); (ii) the Prepetition Secured Parties (or their counsel); (iii) any official committee upon its formation if selected by such date (or its counsel); (iv) all parties that have filed notices of appearance and requests for notices in these chapter 11 cases; and (v) the Office of the United States Trustee.

~~DOCS_NY:47229.2 58614/001~~
~~03/19/2023 11:55 PM~~
ACTIVE 686121398v2

16.

17.    ~~14.~~ *Final Hearing*.  The Final Hearing is scheduled for _____,

2023 at ___ a.m. (Central time) before this Court.

Dated: _____, 2023

_____

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

- 13 -

## EXHIBIT 1

## BUDGET

Document comparison by Workshare Compare on Monday, March 20, 2023
11:48:09 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_NY/47229/2 |
| Description | DOCS_NY-#47229-v2-MEX-_Interim_Cash_Collateral_Order |
| Document 2 ID | PowerDocs://DOCS_SF/108624/2 |
| Description | DOCS_SF-#108624-v2-MEX_-_Revised_Interim_Cash_Collateral_Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 45 |
| Deletions | 36 |
| Moved from | 7 |
| Moved to | 7 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 95 |