United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 20, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF KURTZMAN CARSON CONSULTANTS LLC
AS CLAIMS, NOTICING, AND SOLICITATION AGENT**
(Docket No. 5)

The Court has considered the Debtors' application (the "Application")[2] to employ Kurtzman Carson Consultants LLC ("Agent") as its claims, noticing, and solicitation agent in these cases. The Court finds that *ex parte* relief is appropriate. The Court orders:

1. The Debtors are authorized to employ Agent under the terms of the Engagement Letter attached to the Application as modified by this Order.

2. Agent is authorized and directed to perform the services as described in the Application, the Engagement Letter, and this Order. If a conflict exists, this Order controls.

3. The Clerk shall provide Agent with Electronic Case Filing ("ECF") credentials that allow Agent to receive ECF notifications, file certificates and/or affidavits of service.

4. The Agent is a custodian of court records and is designated as the authorized repository for all Proofs of Claim filed in these cases. Agent shall maintain the official Claims Register(s) in these cases. The Agent must make complete copies of all Proofs of Claim available

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

DOCS_DE:242526.2 58614/001

to the public electronically without charge. Proofs of Claim and all attachments may be redacted only as ordered by the Court.

5. The Agent must not transmit or utilize the data obtained by Agent in exchange for direct or indirect compensation from any person other than the Debtors.

6. The Agent shall provide the Clerk with a certified duplicate of the official Claims Register(s) upon request.

7. The Agent shall provide (i) an electronic interface for filing Proofs of Claim in these cases; and (ii) a post office box or street mailing address for the receipt of Proofs of Claim sent by United States Mail or overnight delivery.

8. The Agent is authorized to take such other actions as are necessary to comply with all duties and provide the Services set forth in the Application and the Engagement Letter.

9. The Agent shall provide detailed invoices setting forth the services provided and the rates charged on a monthly basis to the Debtors, their counsel, the Office of the United States Trustee, counsel for any official committee, and any party in interest who specifically requests service of the monthly invoices in writing.

10. The Agent shall not be required to file fee applications. Upon receipt of Agent's invoices, the Debtors are authorized to compensate and reimburse Agent for all undisputed amounts in the ordinary course in accordance with the terms of the Engagement Letter. All amounts due to Agent will be treated as § 503(b) administrative expenses. The Agent may apply its advance in accordance with the Engagement Letter and the terms of this Order.

11. The Debtors shall indemnify Agent under the terms of the Engagement Letter, as modified and limited by this Order. Notwithstanding the foregoing, Agent is not indemnified for, and may not receive any contribution or reimbursement with respect to:

a. For matters or services arising before these cases are closed, any matter or service not approved by an order of this Court.

b. Any matter that is determined by a final order of a court of competent jurisdiction that arises from (i) Agent's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty; (ii) a contractual dispute if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (iii) any situation in which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002). No matter governed by this paragraph may be settled without this Court's approval.

c. This paragraph does not preclude Agent from seeking an order from this Court requiring the advancement of indemnity, contribution, or reimbursement obligations in accordance with applicable law.

12. Agent shall not cease providing services during these chapter 11 cases for any reason, including nonpayment, without an order of the Court. In the event Agent is unable to provide the Services set out in this Order and/or the Engagement Letter, Agent will immediately notify the Clerk and the Debtors' attorney and cause all original Proofs of Claim and data turned over to such persons as directed by the Court.

13. After entry of an order terminating the Agent's services, the Agent shall deliver to the Clerk an electronic copy in pdf format of all proofs of claim. Once the electronic copy has been received by the Clerk, Agent may destroy all proofs of claim in its possession sixty days after filing a Notice of Intent to Destroy on the Court's docket.

DOCS_DE:242526.2 58614/001

14. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order. The scope of Agent's services may be altered only on further order of this Court.

**Signed: March 20, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**