United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 22, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> MOUNTAIN EXPRESS OIL COMPANY, et al., <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 23-90147 (DRJ) <br><br> (Jointly Administered) |

**ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF LIEN CLAIMANTS AND CRITICAL VENDORS; (II) AUTHORIZING BANKS TO HONOR AND PROCESS RELATED CHECKS AND ELECTRONIC TRANSFERS; AND (III) GRANTING RELATED RELIEF**

(Related Docket No. 46 )

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing, but not directing, the Debtors to pay the Critical Vendor Claims; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**, as set forth herein.

2. The form of Vendor Agreement, substantially in the form attached to the Motion as Exhibit A and as may be modified in the Debtors' discretion, is approved.

3. The Debtors are authorized, but not directed, to pay the Critical Vendor Claims; provided, that, such payments shall not exceed the aggregate cap of $7.5 million unless otherwise or further ordered by the Court.

4. The Debtors are authorized, but not directed, to pay the Critical Vendor Claim upon such terms and in the manner provided in this Order regardless of whether a Critical Vendor has executed a Vendor Agreement; provided that, if any Trade Claimant accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, availability, and other programs) in place 12 months prior to the Petition Date, or such other trade terms that are acceptable to the Debtors (collectively, the "Customary Trade Terms"), then: (a) the Debtors may then take any and all appropriate steps to cause such Trade Claimant to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Trade Claimant; (b) upon recovery by the Debtors, any prepetition claim of such party shall

be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to re-characterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

5. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Order, including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; (d) the Debtor or Debtors that made the payment; and (e) the payment date. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases every 30 days beginning upon entry of this Order.

6. Notwithstanding anything to the contrary herein, prior to making any payment pursuant to this Order to a Critical Vendor, the Debtors shall provide such Critical Vendor with a copy of this Order (unless previously provided to such Critical Vendor).

7. Nothing herein shall impair or prejudice the Debtors' ability to contest the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor.

8. Nothing herein shall constitute an admission (a) as to the validity or amount as to any Critical Vendor Claim, or (b) that any such Critical Vendor holds allowed Critical Vendor Claims. The Debtors reserve any all rights to contest any asserted Critical Vendor Claims on any and all available bases.

9. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing contained in the Motion or this Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim or finding that any particular claim is an administrative expense claim or other priority claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.  Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: March 22, 2023.**

_____
**DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE**

DOCS_LA:347868.6 58614/001