```
                    UNITED STATES BANKRUPTCY COURT
                  SOUTHERN DISTRICT OF TEXAS (HOUSTON)

                                      .
IN RE:                                .  Case No. 23-90147
                                      .  Chapter 11
MOUNTAIN EXPRESS OIL COMPANY,         .
et al.,                               .  515 Rusk Street
                                      .  Houston, TX 77002
                 Debtors.             .
                                      .  Thursday, March 23, 2023
. . . . . . . . . . . . . . . . .     .  2:00 p.m.
```

   TRANSCRIPT OF DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM
        AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO
 (A) OBTAIN POSTPETITION FINANCING AND (B) USE CASH COLLATERAL,
        (II) GRANTING LIENS AND PROVIDING SUPERPRIORITY
     ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE
   PROTECTION TO PREPETITION SECURED PARTIES, (IV) MODIFYING
    THE AUTOMATIC STAY, (V) SCHEDULING A FINAL HEARING, AND
              (VI) GRANTING RELATED RELIEF [105]
            BEFORE THE HONORABLE DAVID R. JONES
            UNITED STATES BANKRUPTCY COURT JUDGE

TELEPHONIC APPEARANCES:

For the Debtor:            Pachulski Stang Ziehl & Jones LLP
                           By:  MICHAEL WARNER, ESQ.
                                BENJAMIN WALLEN, ESQ.
                           440 Louisiana Street, Suite 900
                           Houston, TX 77002
                           (713) 691-9385


                           Pachulski Stang Ziehl & Jones LLP
                           By:  STEVEN GOLDEN, ESQ.
                           780 Third Avenue, 34th Floor
                           New York, NY 10017-2024
                           (212) 561-7700

TELEPHONIC APPEARANCES CONTINUED.

Audio Operator:            Courtroom ECRO Personnel

Transcription Company:     Access Transcripts, LLC
                           10110 Youngwood Lane
                           Fishers, IN 46048
                           (855) 873-2223
                           www.accesstranscripts.com

     Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
TELEPHONIC APPEARANCES (Continued):


For the Debtor:            Pachulski Stang Ziehl & Jones LLP
                           By:  JEFFREY DULBERG, ESQ.
                                JEFFREY POMERANTZ, ESQ.
                                CIA H. MACKLE, ESQ.
                           10100 Santa Monica Boulevard
                           13th Floor
                           Los Angeles, CA 90067-4003
                           (310) 277-6910

                           Pachulski Stang Ziehl & Jones LLP
                           By:  HENRY KEVANE, ESQ.
                                MAXIM LITVAK, ESQ.
                           One Sansome Street, Suite 3430
                           San Francisco, CA 94104
                           (415) 263-7000

For First Horizon          Greenberg Traurig, LLP
Bank, as                   By:  JOHN D. ELROD, ESQ.
Administrative Agent:       Terminus 200
                           3333 Piedmont Road Northeast
                           Suite 2500
                           Atlanta, GA 30305
                           (678) 553-2100

                           Greenberg Traurig, LLP
                           By:  SHARI L. HEYEN, ESQ.
                                EMILY NASIR, ESQ.
                           1000 Louisiana Street, Suite 6700
                           Houston, TX 77002
                           (713) 374-3500

For the United States      Office of the United States Trustee
Trustee:                   By:  JAYSON RUFF, ESQ.
                           515 Rusk Street, Suite 3516
                           Houston, TX 77002
                           (713) 718-4640


For Bank of Hope:          Buchalter
                           By:  WILLIAM BRODY, ESQ.
                           1000 Wilshire Boulevard, Suite 1500
                           Los Angeles, CA 90017-1730
                           (213) 891-5015
```

```
TELEPHONIC APPEARANCES (Continued):

For Sunoco:               Katten Muchin Rosenman LLP
                          By:  MICHAELA CROCKER, ESQ.
                          2121 North Pearl Street, Suite 1100
                          Dallas, TX 75201-2591
                          (469) 627-7070


For BFM Operations,       Locke Lord LLP
LLC:                      By:  PHILIP EISENBERG, ESQ.
                          JPMorgan Chase Tower
                          600 Travis, Suite 2800
                          Houston, TX 77002
                          (713) 226-1304


For Spirit SPE            Reed Smith LLP
Portfolio CA C-Stores     By:  MICHAEL COOLEY, ESQ.
LLC:                      2850 N. Harwood Street, Suite 1500
                          Dallas, TX 75201
                          (469) 680-4213


For Valero Marketing      Dykema Gossett, PLLC
and Supply Company:       By:  NICHOLAS ZUGARO, ESQ.
                          1401 McKinney Street, Suite 1625
                          Houston, TX 77010-4069
                          (713) 904-6882

For CITGO Petroleum       Whiteford, Taylor & Preston LLC
Corporation:              By:  STEPHEN GERALD, ESQ.
                          600 North King Street, Suite 300
                          Wilmington, DE 19801
                          (302) 357-3282


                          Whiteford, Taylor & Preston LLC
                          By:  BRENT STRICKLAND, ESQ.
                          111 Rockville Pike, Suite 800
                          Rockville, medallion 20850
                          (301) 804-3610
```

1          (Proceedings commenced at 2:00 p.m.)

2          THE COURT:  Good afternoon, everyone.  This is Judge

3  Jones.  The time is two o'clock Central.  Today is March the

4  23rd, 2023.  This is the docket for Houston, Texas.  Next on

5  this afternoon's docket, we have the jointly-administered cases

6  under Case Number 23-90147, Mountain Express Oil Company.

7          Folks, please don't forget to record your electronic

8  appearance today.  If this is new for you, it's a quick trip to

9  my website, a couple of mouse clicks.  You can do it at any

10  time prior to the conclusion of the hearing, but it is the

11  official way we note your appearance at today's hearing.

12          First time that you speak, if you choose to speak, if

13  you would please state your name and who you represent, that

14  serves as a good point of reference for the court reporting

15  folks in the event that a transcript request is made.  We are

16  recording this afternoon using CourtSpeak.  We'll get the audio

17  up on the docket shortly after the conclusion of the hearing.

18          If you came in right at two o'clock, I have activated

19  the hand raising feature.  Number of you have already raised

20  your hand.  I've gotten you unmuted.  But for those of you who

21  know you're going to be speaking, if you'd go ahead and give me

22  a five star on your telephone, I'll get you unmuted now.  And

23  obviously you can change your mind at any time.

24          With that, Mr. Pomerantz?

25          MR. POMERANTZ:  Good afternoon, Your Honor.  Jeff

1   Pomerantz of Pachulski Stang Ziehl & Jones, proposed counsel

2   for the debtors in possession.  Can Your Honor hear me well?

3         THE COURT:  Loud and clear, thank you.

4         MR. POMERANTZ:  In the virtual courtroom for the

5   company are Mr. Wadud and Mr. Frady.  They are participating by

6   phone, the debtors' cofounders and co-CEOs.  Justin Martin, who

7   is the debtor's chief operating officer and Neil Lansing, who

8   is the debtor's chief general counsel.  And also on the phone

9   are the two independent directors, Mr. (audio interference)

10  Barbarosh who you met before.  Also in the virtual courtroom,

11  and who will be the witness this -- today's hearing to the

12  extent necessary, is Michael Healy of FTI Consulting, the

13  debtor's proposed chief restructuring officer, and also

14  Geoffrey Richards, a managing director of Raymond James, the

15  debtors' proposed investment banker.

16        THE COURT:  All right.

17        MR. POMERANTZ:  I'm joined by my partners,

18  Mr. Litvak, Henry Kevane, Jeff Dulberg, and by Ben Wallen as

19  well.

20        Your Honor, before I start on the emergency motion we

21  filed this morning, we've had an emergent set of issues arise

22  this morning that I wanted to apprise Your Honor about.  I have

23  a rather unorthodox request of Your Honor to hopefully

24  alleviate the situation and you will tell me if that is

25  acceptable.

1          So as Your Honor knows, we have hundreds of

2    convenience stores around the country.  The debtor operates a

3    number of them.  We've had several of various vendors and

4    creditors, mostly representing local bottling companies, soft

5    drink companies, come into the debtor's convenience stores and

6    exercise self-help.  Some have actually looked to take out the

7    vending machines.  Others have threatened to take out the

8    coffee.  This has caused extreme disruption at the stores and

9    has obviously made the employees who are running these stores

10   quite unsafe.  But we believe that a piece of paper posted at

11   each of the sites, perhaps an order from Your Honor saying what

12   the automatic stay is and does, could have the interim effect

13   that would prevent this from happening.

14          So I would, again, an unorthodox request, make a oral

15   motion that Your Honor enters an order, under the aid of the

16   automatic stay, that we'll be able to transmit to all locations

17   and hopefully put an end to this troubling activity.

18          THE COURT:  Mr. Pomerantz, ordinarily I won't

19   entertain oral motions simply because of due process concerns,

20   but under the circumstances and given the fact that those

21   typical orders only restate in plain English what the law is,

22   I'm happy to do that.  If you would have somebody on your team

23   upload what it is you're looking for, I will turn that around

24   immediately.

25          MR. POMERANTZ:  Thank you very much, Your Honor.  We

1  appreciate it.

2          So, Your Honor, according to today's activities,

3  prior to the deadline, which I'm glad the Court set at 9 a.m.

4  Central time today, we filed a motion to approve debtors-in-

5  possession financing from our existing lender group, a proposed

6  form of order, and a proposed DIP credit agreement.  We also

7  filed the declarations of Michael Healy and Mr. Richards to

8  provide the evidentiary support for the motion.  This is in

9  addition to the declaration of Michael Healy, which we filed

10  yesterday, which set forth the background information of the

11  debtor's business.  Your Honor has now heard that speech from

12  me twice, so I will spare you of a third time and I will just

13  rely on what we have in his declaration.  While the parties

14  have made substantial progress towards the consensual financing

15  at the time we filed the documents with the Court, we had not

16  yet reached a final deal with the lenders, and conspicuously

17  noted that, in the motion that we filed.

18          Since obtaining liquidity, as Your Honor is aware, is

19  critical to the debtors' survival, we made the calculated

20  decision to file the documents in hope that we would be able to

21  work out any issues that we were able to work out in advance of

22  today's hearing.  And I'm pleased to report that our decision

23  paid off, as I am now able to confirm to Your Honor that we do

24  have and in fact reached a DIP financing agreement, a proposed

25  form of order, and a DIP credit agreement which everyone finds

1    acceptable.

2            Shortly before the hearing, we filed redline to the

3    motion, to the DIP order, and the DIP credit agreement,

4    reflecting certain incremental changes that, not only were

5    asked for by the lenders, but since we filed the documents in

6    the morning, as is often the case, we've had landlords, fuel

7    suppliers, reach out and request certain information to give

8    them comfort, which we've been able to put in.

9            I want to thank -- this has been a team effort.  I

10   want to commend the letter -- lenders and their professionals

11   for working with us virtually around the clock through the

12   documents to reach a deal.  And of course, I want to thank Your

13   Honor for making the time available for us over the last

14   several days and today as we worked through the issues.

15           So what I would like to do is I would like to walk

16   through the principled terms of the deal, which is reflected in

17   the documents.  We would then seek to admit the declarations we

18   have filed, subject to cross-examination, and to the extent

19   anyone believes testimony is necessary, we're prepared to move

20   forward.  The --

21           THE COURT:  So --

22           MR. POMERANTZ:  Is that okay, Your Honor?

23           THE COURT:  Mr. Pomerantz, what I was going to

24   suggest as one slight alteration to that is, I spent all

25   morning working my way through the credit agreement, the

1   declarations, the DIP order.  Took two Diet Mountain Dews, but

2   I made it all the way through.  What I -- and again, I don't

3   want to put my finger on the scale at all.

4          I have two issues that I wanted to raise and I

5   thought I'd do it in the beginning and then perhaps we take a

6   ten-minute recess; number one because I do now see -- I had not

7   seen 115 before I left for lunch, is to give me a -- is to give

8   me five or ten minutes to read through the redline and also

9   give you all the opportunity to talk about my two issues.  And

10  I don't think they're going to be too controversial, but they

11  are extremely important to me.

12         Issue number one -- and it's not really in the

13  interim, but because you've reserved it for the final -- but I

14  want everybody to know that it's going to be a -- it's going to

15  be a big issue for me.  And I think I've been consistent, at

16  least for the past several years in making this requirement.

17         I don't have an issue with having a lien on the

18  proceeds of avoidance actions, but I do want it to be a last

19  look.  Then in Paragraph Number 22, with -- the way that I

20  understand that it's been written is that you've created the

21  maturity date, which is effectively the one -- what I'm worried

22  about, is the default, or is the event of default.  And the way

23  it's done right now is that you file a notice and then you

24  begin -- you can begin to exercise remedies.  That is something

25  that just doesn't meet my minimum requirements of transparency.

1          And so, Mr. Elrod -- and I'm sure that there -- I'm

2    sure that Mr. Wallen and Mr. Golden can send you some language,

3    but what I do require, and I'm happy to do it on 48 hours'

4    notice.  I'm happy to do it on 72 hours' notice, whatever it is

5    you want to put in there.

6          But what I want is a short motion for relief from the

7    automatic stay to exercise default remedies and your only

8    requirement is to prove that the maturity date has occurred, to

9    use your terms, in the credit agreement.  And I only do that

10   for transparency purposes.  I want everyone to be able to look

11   at the docket.  In case something were to happen or there were

12   to be a question, I want folks to be able to see exactly what

13   has occurred, and I want people to be able to have the

14   opportunity to voice whatever issues it is that they have.

15         But again, I will do that promptly.  I am not looking

16   for you to conduct an evidentiary hearing on a typical motion

17   for relief.  All I am looking for is simply that the maturity

18   date has occurred.  Again, there's some standard language that

19   a lot of folks have developed that I think someone could

20   probably cut and paste or cut and send to you to see if it

21   would work for you.  Happy to talk through any of those issues.

22         Again, you know, the rest of the deal points, I

23   understand.  I think it's a very -- I think it's a very fair

24   DIP.  I'm not bothered by the multiples of the rollup that

25   exist in this particular case, under these particular

1    circumstances.  There's nothing in this that bothers me at all.

2         If you can find a way to accommodate my two issues,

3    again, only one of those for today, then I think that we are in

4    extremely good shape.  Again, not having read the comments that

5    were in 115, but I can't imagine they're going to be

6    substantive, but I would like to go through them.  Does it make

7    sense?

8         MR. ELROD:  Your Honor, I agree, Your Honor.  So --

9         THE COURT:  So --

10        MR. ELROD:  I think Jeff and I are -- or

11   Mr. Pomerantz and I are going to say the same thing.  The

12   second point that Your Honor raised has been addressed through

13   comments of the ever-vigilant Office of the United States

14   Trustee.

15        THE COURT:  Okay.

16        MR. ELROD:  So I believe that language will be --

17   will address the issue that the Court raised.  The first issue,

18   I don't know if that was addressed, but I understand the

19   last -- but by last look, you mean avoidance action proceeds

20   would be the last collateral that we realized on.

21        THE COURT:  Yes.

22        MR. ELROD:  Okay.

23        MR. POMERANTZ:  It is essentially a marshaling

24   concept, which we see in a lot of DIP orders, correct?

25        THE COURT:  Absolutely.  And again, I -- you know, I

 1  like shorthanded terms because it sounds cool as opposed to

 2  being, you know, long and drawn out.  So yes, that's just my --

 3  that's my last look language.

 4           I do see that there are some extensive requirements.

 5  I've pulled up the redline at 115, and my apologies, I just

 6  hadn't seen it.  Any objection?  It's 2:11.  If folks would

 7  just give me, say, until 2:20 to let me read through the

 8  redlines, I think we can probably expedite the entire process.

 9           MR. POMERANTZ:  That is totally fine with the

10  debtors, Your Honor.  Thank you very much.

11           THE COURT:  All right.  Thank you.  I'm not going to

12  start --

13           MR. ELROD:  Thank you, Your Honor.

14           THE COURT:  I'm not going to step down.  I'm simply

15  going to mute the line in the courtroom.  Obviously, folks are

16  free to come and go as they wish, and we'll get restarted at

17  2:20 Central time.  Okay?

18           MR. POMERANTZ:  Thank you.

19           THE COURT:  All right.  Thank you.

20           MR. ELROD:  Thank you.

21      (Recess taken at 2:11 p.m.)

22      (Proceedings resumed at 2:20 p.m.)

23           THE COURT:  All right, everyone.  Thank you for the

24  accommodation.  The time is 2:20.  We are back on the record in

25  the jointly-administered cases under Case Number 23-90147,

1   Mountain Express Oil Company.

2           I -- having been through the amendments at 115 -- it

3   probably would've helped if I had been able to read that

4   beforehand.  I could have been a lot shorter in my comments.

5   I, having read through them, don't have any concerns with the

6   changes that were made.  Quite frankly, the clarifications, I

7   think, improved the documents overall.

8           I am extremely comfortable with where we are,

9   Mr. Pomerantz.  I have read the declarations that were

10  submitted by Mr. Healy at Docket 107, by Mr. Richards at Docket

11  106.  I do think that those ought to be officially moved into

12  evidence since I have read them in preparation for the hearing.

13  Do you have any objection to they're being admitted?

14          MR. POMERANTZ:  I was going to ask that, Your Honor,

15  if you hadn't said it, so no objection.

16          THE COURT:  Thank you.  Any objection to the

17  admission of Mr. Healy's Declaration, again at 107,

18  Mr. Richard's Declaration, at 106.

19          MR. EISENBERG:  Your Honor, Philip Eisenberg.

20          THE COURT:  Yes, sir?

21          MR. EISENBERG:  On behalf of Phillips 66 Company, we

22  had no objection yesterday.  Mr. Healy's declaration was

23  admitted for purposes of the hearing only.  And so, with that

24  proviso, that was -- that's the only thing I rise to mention to

25  the Court.

1          THE COURT:  If I didn't say that, I meant to say it,

2     and thank you for the correction.  Again, both the admission of

3     both declarations again is for purposes of today's hearing

4     only.

5          Anyone else?  Then I will admit the declarations

6     found at 106, 107.

7          (ECF Numbers 106 and 107 admitted into evidence)

8          THE COURT:  Mr. Pomerantz?

9          MR. POMERANTZ:  Your Honor, I had the presentation to

10    go through, the terms of the DIP for the evidentiary support.

11    But I've learned as a young lawyer that if you're winning, keep

12    your mouth quiet.  So unless Your Honor would like to hear me

13    recite that, I would just ask Your Honor to approve the motion.

14         THE COURT:  That's fair enough.  Anyone else wish to

15    be heard?

16         MR. EISENBERG:  Again, Your Honor, Philip Eisenberg

17    on behalf of Phillips 66 Company, and this is really, really

18    small.  But there's a footnote on Page 30, Number 4, with a

19    litany of fuel suppliers.  And guess I didn't see that

20    previously, and we would just ask that in the final version

21    that Phillips 66 Company be included in the --  with the

22    (indiscernible).

23         THE COURT:  So -- and so tell me, Mr. Eisenberg, I

24    was getting 115 up.  So we're talking about foot - it's -- I

25    think it's footnote number 4 on Page 29 in the final order.  Is

1   that what you're referring to?

2          MR. EISENBERG:  Yes.  The one that says "The fuel

3   suppliers include."

4          THE COURT:  Okay.  So hold on just one second.  And

5   Mr. Pomerantz, I'm assuming that you could -- you can't

6   possibly have a concern about the addition of Phillips 66 to

7   that list of providers.

8          MR. POMERANTZ:  We do not.

9          THE COURT:  All right.  So hold on one second because

10  I don't want -- do not want Mr. Eisenberg to suffer a nervous

11  breakdown because he's not in footnote number 4.  So,

12  Mr. Eisenberg, you should see footnote number 4 on the screen.

13         MR. EISENBERG:  I do.

14         THE COURT:  And you know what?  Because --

15         MR. EISENBERG:  You can even put us first.

16         THE COURT:  That's exactly what I was going to do.

17  And Mr. Eisenberg, let's see -- let's get, oops.  You know

18  what?  There are actually two -- because it's in a pdf, there

19  are actually two different text boxes there.

20         So, Mr. Eisenberg, I'm going to put you last, but in

21  my heart, you're first.  How about that?

22         MR. EISENBERG:  That is awesome, Your Honor.  And as

23  everybody knows, I used to be a cab driver in New York, so I

24  don't really have nervous breakdowns.  You just honk the horn a

25  lot.

1            THE COURT:  Fair enough.  And could you give me the

2    official name of your client that you would like to see in the

3    footnote?

4            MR. EISENBERG:  Yes, Your Honor.  Phillips 66

5    Company.

6            THE COURT:  And it's actually only one L, isn't it?

7            MR. EISENBERG:  It's two Ls, Your Honor.

8            THE COURT:  It's two Ls.  Okay.  Then I got it right

9    the first time.  All right.  You okay with that?

10           MR. EISENBERG:  Yes, Your Honor.

11           THE COURT:  All right.  Anyone else have any

12   comments, concerns -- we need to fill in a hearing date -- but

13   as to the substance of the proposed order?

14           All right.  Then, based upon the declarations that

15   I've read, my own review of the credit agreement, as well as

16   the motion, the proposed form of order, I will find that

17   approval of the DIP on an interim basis is absolutely necessary

18   to the continuation of the debtor's business.  The terms are

19   just given what I see on a regular basis, they are imminently

20   fair.  Clear to me that it's been negotiated at arm's length.

21   And again, I don't have any concerns with any of the terms that

22   are identified within the motion and the attached credit

23   agreement.

24           Mr. Pomerantz, we had a discussion yesterday about

25   hearing dates.  My memory is, and please correct me if I'm

1   wrong, that you were looking for something on like the 11th or

2   12th or 13th.  Is that -- is my memory correct?

3            MR. POMERANTZ:  Yes, correct, Your Honor.  The 12th

4   or 13th --

5            THE COURT:  12th?

6            MR. POMERANTZ:  -- would be optimal.

7            THE COURT:  Okay.  And did you -- and I know we had

8   this conversation about something -- did you want in the

9   morning, afternoon?  It doesn't matter.

10            MR. POMERANTZ:  It doesn't matter either of those

11   days.  It was an -- a later date in April that the morning

12   mattered to me, but on the 12th, 13th, it's whatever Your Honor

13   has open is fine with us.

14            THE COURT:  All right.  And you are two hours

15   earlier, right?

16            MR. POMERANTZ:  Correct.

17            THE COURT:  Okay.  I'm happy to do this.  You want to

18   just do this at noon?  Because that'd be ten o'clock your time.

19   I'm sure you'll be just out of traffic and having your first

20   cup of coffee.

21            MR. POMERANTZ:  Well, I only have to go into my

22   kitchen since I work mostly at home.  But Your Honor, I don't

23   want to ruin Your Honor's lunch.  So if you wanted to do it

24   earlier in the morning calendar, I would accommodate that as

25   well.

 1           THE COURT:  That's -- let's just -- again, just

 2   because we have folks all over the place, let's just go April

 3   the 12th at -- that is weird; okay; hold on -- 10.  You okay

 4   with that?

 5           MR. POMERANTZ:  Yes, Your Honor.  And do we need to

 6   set an objection and a reply date?  We would ask for objections

 7   being by the 7th, and replies by the 11th.

 8           THE COURT:  Let's see, 12th.  Let's see.  The 7th is

 9   Friday.  Mr. Ruff, you okay with that?

10           MR. RUFF:  Yes, Your Honor.

11           THE COURT:  All right.  Thank you.

12           All right.  Then with that, I got all the

13   attachments.  All right.  Order has been signed and it's on its

14   way to docketing.  It'll be there in just a couple of -- in

15   just a couple of minutes.

16           Mr. Pomerantz, and I had another thought while I was

17   thinking about the emergency situation that you were describing

18   to me.  And number one, I do think an order that could be

19   handed out, posted about the effect of the automatic stay,

20   entirely appropriate.  I'm happy to do it.

21           What really bothers me is those folks who've come in

22   and violated the automatic stay and have affected the integrity

23   of the process that I am responsible for overseeing.  And what

24   I was contemplating was perhaps a second order that could be

25   delivered to folks who may have inadvertently violated the law

1  and exercised self-help, that would require them to return, at

2  their expense, all items taken from any of the debtors'

3  locations within 48 hours, or be subject to a motion for

4  contempt, which would be held in-person, no telephonic

5  appearances permitted, in Houston.  It seems to me that perhaps

6  that might help send the right message to folks that there is a

7  process that we all must abide by.

8          MR. POMERANTZ:  I think that would be very well

9  received by the people in the field and would be appropriate in

10 order to get them to comply to the extent that we won't see

11 them again.

12         THE COURT:  So, okay.  I'm going to draft that order

13 and it will be -- I'm just going to sit right here and get it

14 done right now because that would seem to me to be important.

15 I obviously also want to make sure that all of the employees

16 feel safe and if there's anything else that needs to be done, I

17 want to make sure that we all put our heads together and come

18 up with a solution that makes those folks feel comfortable

19 coming to work every day.  Okay?

20         MR. POMERANTZ:  Your Honor, on behalf of the debtor,

21 we are appreciative of your sensitivity to the issues and the

22 way you're handling it.  So point taken.  And we know Your

23 Honor's courtroom door is always open.

24         THE COURT:  All right, thank you.  And then with

25 respect to just the effect of, you know, the worldwide effect

1    of the automatic stay order, again, shouldn't take too long.

2    But if you would just get that done, get it uploaded, pass it

3    by anybody that needs to see it, and then let Mr. Alonzo know

4    once it's been uploaded, I will immediately turn that around.

5             MR. POMERANTZ:  I understand Mr. Wallen is drafting

6    away as we speak.

7             THE COURT:  I see him.  I don't see his hands moving,

8    but you know, he is -- there he goes.  All right.  Fair enough.

9    I asked for that.

10            All right.  With that, again, thank you everyone for

11   working through the issues.  I -- I'm here if I'm needed.

12   Otherwise, I will let you all go do what I know how you -- what

13   I know you know how to do very well.

14            Mr. Richards, you got tough tasks in front of you.

15   Get to work.  I want you to look sleepy next time I see you.

16   Okay?

17            MR. RICHARDS:  Thank you, sir.  Bags under the eyes

18   next time.

19            THE COURT:  All right.  Thank you.  Everyone, have a

20   good weekend.  We'll be adjourned.

21            MR. POMERANTZ:  Thank you, Your Honor.

22            MR. RICHARDS:  Bye-bye.

23        (Proceedings concluded at 2:31 p.m.)

24                              *  *  *  *  *

25

1                         **C E R T I F I C A T I O N**

2

3          I, Alicia Jarrett, court-approved transcriber, hereby

4    certify that the foregoing is a correct transcript from the

5    official electronic sound recording of the proceedings in the

6    above-entitled matter.

7

8

9

10   _____

11   ALICIA JARRETT, AAERT NO. 428      DATE: March 27, 2023

12   ACCESS TRANSCRIPTS, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25