IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |

**ORDER ESTABLISHING PROCEDURES FOR
DEALER CONVERSION TRANSACTIONS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to approve expedited procedures for the use, sale, or transfer of Operated Dealer Assets, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to use, sell, or transfer Operated Dealer Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with sale proceeds of less than $250,000 and/or Debtor CapEx of less than $50,000 per Dealer Conversion Transaction, without further order of the Court in accordance with the following Dealer Conversion Transaction Procedures:

    a. the Debtors, following consultation with counsel to each of the official committee of unsecured creditors appointed in these Chapter 11 Cases (the "Committee") and DIP Lenders, are authorized to consummate such Dealer Conversion Transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates subject to the procedures set forth herein, without further order of the Court; *provided, however*, that the Debtors may submit an order approving a Dealer Conversion Transaction upon certification of counsel that the Dealer Conversion Transaction Procedures have been followed and no pending unresolved objection exists;

    b. any such Dealer Conversion Transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable Dealer Conversion Transaction, to the extent permitted by the Bankruptcy Code and applicable non-bankruptcy law, free and clear of all Liens with such Liens attaching only to the proceeds of such Dealer Conversion Transactions with the same validity, extent, and priority as immediately prior to the transaction;

    c. the Debtors shall, at least ten (10) calendar days' prior to closing such Dealer Conversion Transaction, shall file a notice of such transaction substantially in the form attached as Exhibit 1 to the Order (each notice, a "Transaction Notice") and serve each Transaction Notice on the (a) U.S. Trustee for the Southern District of Texas; (b) counsel to the DIP Lenders; (c) any known affected creditor(s), including counsel to any creditor asserting a Lien on the relevant Operated Dealer Assets; (d) counsel to the

        Committee; and (e) those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Transaction Notice Parties"); *provided that* in the event the Debtors are unable to provide seven (7) calendar days' notice, the Debtors shall provide as much notice as reasonably practicable; *provided further*, that in no event shall the Debtors provide less than three (3) calendar days' notice to the Transaction Notice Parties;

d.    each Transaction Notice shall: (a) identify the Operated Dealer Assets being used, sold, or transferred; (b) identify whether the Operated Dealer Assets are being used, sold, or transferred; (c) identify the location of the Operated Dealer Assets being used, sold, or transferred and by which Debtor entity; (d) identify the purchaser of the Operated Dealer Assets and attest that the purchaser is not an insider (within the meaning of section 101(31) of the Bankruptcy Code) of the Debtors; (e) identify the parties known to the Debtors as holding Liens on the Operated Dealer Assets; (f) include the purchase price, Debtor CapEx, and any other material economic terms and conditions of the use, sale, or transfer; (g) the contemplated consummation date for the transaction(s); and (h) identify any commission, fees, or other customary expenses to be paid in connection with such transaction and the entity to which the Debtors are proposing to remit such amounts;

e.    if the terms of a proposed sale or transfer are materially amended (in the reasonable judgment of the Debtors following consultation with the Committee and DIP Lender) after transmittal of the Transaction Notice, but prior to the applicable deadline of any Transaction Notice Parties' right to object to such sale or transfer of the Operated Dealer Assets, the Debtors will send (email sufficient) a revised Transaction Notice (the "Amended Transaction Notice") to the Transaction Notice Parties, after which the Transaction Notice Parties shall have an additional three (3) calendar days to object to such sale or transfer prior to closing such sale or effectuating such transaction;

f.    if no written objections are filed and served on the Debtors with a copy to their counsel (email sufficient) by the Transaction Notice Parties within the greater of (a) ten (10) calendar days of service of such Transaction Notice or (b) three (3) business days of service of an Amended Transaction Notice, as applicable (the "Transaction Notice Period"), the Debtors are authorized to consummate such Dealer Conversion Transaction immediately; *provided* that counsel to the DIP Lenders and the Committee may informally object to any such proposed Dealer Conversion Transaction by notifying the Debtors and their counsel in writing (email sufficient) of such informal objection within four (4) business days after receiving such notice, without the need to file a formal objection with the Court, and, if after good faith negotiations, the Debtors and counsel to the DIP Lenders and the Committee, as applicable, are unable to resolve such informal objection consensually, counsel to the DIP Lenders and the Committee, as applicable, may file within three (3) business days after receiving notice from the Debtors that the informal objection will not be resolved, a formal objection

       and the matter shall be resolved by the Court prior to the closing of the Dealer Conversion Transaction at a hearing to be scheduled as soon as reasonably practicable and in accordance with the Court's calendar; provided, however, that if the terms of a Dealer Conversion Transaction are materially modified following the expiration of the applicable Transaction Notice Period, the Debtors shall not consummate the Dealer Conversion Transaction without either (a) obtaining the Committee's and the DIP Lenders' consent, or (b) providing the Committee and the DIP Lenders a further five (5) calendar day period by which they may object to the materially modified terms;

    g.    if a written objection, whether formal or informal, is received from a Transaction Notice Party within the Transaction Notice Period that cannot be resolved, the Dealer Conversion Transaction can be consummated only upon withdrawal of such written objection, whether formal or informal, or further order of the Court; and

    h.    good faith purchasers of assets pursuant to these Dealer Conversion Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

2. If the transaction value of the uses, sales, or transfers of any Operated Dealer Assets is greater than $250,000 and/or Debtor CapEx of more than $50,000 the Debtors shall file a motion with the Court requesting approval of the sale pursuant to section 363 of the Bankruptcy Code.

3. Sales to "insiders," as that term is defined in section 101(31) of the Bankruptcy Code, any affiliate as that term is defined in section 101(2) of the Bankruptcy Code, or any affiliate of an insider are excluded from this Order; *provided* that the Debtors may seek such relief by separate motion.

4. No timely objection to the sale or transfer of Operated Dealer Assets in accordance with the terms of this Order shall be determined to be "consent" to such use, sale, or transfer within the meaning of section 363(f)(2) of the Bankruptcy Code.

5. Sales and transfers of Operated Dealer Assets are, without need for any action by any party and to the extent permitted by the Bankruptcy Code and applicable non-bankruptcy law, free and clear of all Liens, with such Liens attaching to the proceeds of such sale or transfer with the same validity, extent, and priority as had attached to such Operated Dealer Assets immediately

prior to such sale or transfer. For the avoidance of doubt, such sales and transfers shall not be free and clear of any reciprocal easement agreements. The holder of any valid Lien on such Operated Dealer Assets shall, as of the effective date of such sale or transfer, be deemed to have waived and released such Lien, without regard to whether such holder has executed or filed any applicable release, and such Lien shall automatically, and with no further action by any party, attach to the proceeds of such sale. Notwithstanding the foregoing, any such holder of such a Lien is authorized and directed to execute and deliver any waivers, releases, or other related documentation, as reasonably requested by the Debtors.

6. Purchasers and transferees of Operated Dealer Assets are entitled to the protections afforded to good-faith purchasers under section 363(m) of the Bankruptcy Code.

7. The Debtors shall file a written report with the Court and serve same on the U.S. Trustee, counsel to the DIP Lenders, counsel to the Committee, and those parties requesting notice pursuant to Bankruptcy Rule 2002, beginning with the calendar month on June 30, 2023, and each month thereafter, no later than thirty (30) days after the end of each month, concerning any such Dealer Conversion Transaction consummated during the preceding calendar quarter pursuant hereto, which written report shall include information substantially similar to that contained in the Transaction Notices.

8. The Transaction Notice or the Amended Transaction Notice with regard to the sale or transfer of Operated Dealer Assets substantially in the form attached hereto as <u>Exhibit 1</u> is hereby authorized and approved.

9. The filing and service of the Transaction Notice or the Amended Transaction Notice, as applicable, shall be deemed sufficient notice of the use, sale, or transfer of such Operated Dealer Assets.

10.     Sales of Operated Dealer Assets in accordance with the Dealer Conversion Transaction Procedures shall be deemed arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

11.     With respect to all Dealer Conversion Transactions consummated pursuant to this Order, this Order shall be considered sufficient evidence of the transfer of title to any particular buyer, and the Dealer Conversion Transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

12.     The Debtors are authorized to pay reasonable and necessary fees and expenses incurred in the use, sale, or transfer of Operated Dealer Assets, including commission fees to agents, brokers, auctioneers, and liquidators.

13.     To the extent that the Debtors seek to enter into a Dealer Conversion Transaction which involves or otherwise materially affects (i) any of the properties involved in the March 2021 transaction between MEX and Brothers Petroleum, LLC, Hamdan Holdings LLC and Hamdan Sons Investments, LLC; (ii) the License Agreement between BFM Enterprises, LLC ("BFM") and MEX; or (iii) any existing agreement between BFM or any of its affiliates identified herein and a

6

Debtor, the Debtors shall provide BFM and its Bankruptcy Counsel with a Transaction Notice for the proposed Dealer Conversion Transaction, which shall include identification of the particular agreement(s) and/or properties involved in the Dealer Conversion Transaction that involve a Debtor and BFM or one its affiliates. BFM shall have fourteen (14) days from the date the Transaction Notice is provided, to work with the Debtors to resolve any disputes arising from the proposed Dealer Conversion Transaction, including but not limited to any cure and/or adequate assurance matters arising from its or its affiliates' agreement(s) involved in the Dealer Conversion Transaction. If the parties are unable to resolve such issues and BFM provides the Debtors with written notice of objection to the Dealer Conversion Transaction prior to the expiration of the fourteen (14) day period, the Debtors shall be prohibited from going forward on the Dealer Conversion Transaction until either (i) the Debtors and BFM mutually agree to allow the Dealer Conversion Transaction to go forward; or (ii) the Court enters an order, after appropriate notice and a hearing, authorizing the Dealer Conversion Transaction to go forward and either party is authorized to seek Court intervention, including requesting a status conference or emergency relief, if warranted. Delivery of BFM's written notice of objection to the Dealer Conversion Transaction shall be made by email to Debtors' Bankruptcy Counsel.

14. Nothing contained herein shall prejudice the rights of the Debtors to seek authorization for the use, sale, or transfer of any asset under section 363 of the Bankruptcy Code.

15. Notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall be subject to the requirements imposed on the Debtors under any order regarding debtor in possession financing and/or the use of cash collateral, or budget in connection therewith, approved by the Court in these Chapter 11 Cases.

16. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

17. The provisions of Bankruptcy Rule 9006(a) shall apply in computing any period of time prescribed or allowed herein, or in any related documents. If any payment, distribution, act or deadline under this Order Establishing Procedures for Dealer Conversion Transactions is required to be made or performed or occurs on a day that is not a business day, then the making of such payment or distribution, the performance of such act, or the occurrence of such deadline shall be deemed to be on the next succeeding business day, but shall be deemed to have been completed or to have occurred as of the required date.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

                                              DAVID R. JONES
                                              UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Form of Transaction Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.³ | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |

## NOTICE OF DEALER CONVERSION TRANSACTION

**PLEASE TAKE NOTICE** that, on March 18, 2023, each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

**PLEASE TAKE FURTHER NOTICE** that, on April 14, 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") approved an *Order Establishing Procedures for Dealer Conversion Transactions* [Docket No. ●] (the "Transaction Procedures Order"), whereby the Bankruptcy Court authorized the Debtors to use, sell, or transfer, certain non-core assets (collectively, the "Operated Dealer Assets").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, the Debtors propose to consummate the Dealer Conversion Transaction(s) set forth and described on **Exhibit A** attached hereto. **Exhibit A** provides, for each Dealer Conversion Transaction: (a) identify the Operated Dealer Assets being used, sold, or transferred; (b) identify whether the Operated Dealer Assets are being used, sold, or transferred; (c) identify the location of the Operated Dealer Assets being used, sold, or transferred and by which Debtor entity; (d) identify the purchaser of the Operated Dealer Assets and attest that the purchaser is not an insider (within the meaning of section 101(31) of the Bankruptcy Code) of the Debtors; (e) identify the parties known to the Debtors as holding Liens on the Operated Dealer Assets; (f) include the purchase price, Debtor CapEx, and any other material economic terms and conditions of the use, sale, or transfer; (g) the contemplated consummation date for the transaction(s); and (h) identify any commission, fees, or other customary expenses to be paid in connection with such transaction and the entity to which the Debtors are proposing to remit such amounts.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, if the terms of a proposed sale or transfer are materially amended after transmittal of the Transaction Notice but prior to the applicable deadline of any Transaction Notice Parties' right to object to

---

³   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

DOCS_LA:348529.2 58614/002

such sale or acquisition, the Debtors will send a revised Transaction Notice (the "Amended Transaction Notice") to the Transaction Notice Parties, after which the Transaction Notice Parties shall have an additional three (3) calendar days to object to such sale or acquisition prior to closing such sale or purchase or effectuating such transaction.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, any recipient of this notice may object to the proposed transaction within the later of (i) ten (10) calendar days of service of this notice, or (ii) three (3) calendar days of service of an Amended Transaction Notice, as applicable. Objections: (a) **must be in writing**; (b) **must be received within 10 calendar days of service of this notice**; and (c) must be submitted by electronic mail to : (a) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, Attn: Jeffrey N. Pomerantz, Esq. (jpomerantz@pszjlaw.com), Jeffrey W. Dulberg (jdulberg@pszjlaw.com), Steven W. Golden, Esq. (sgolden@pszjlaw.com), and Henry C. Kevane, Esq. (hkevane@pszjlaw.com); (b) counsel for any statutory Committee, McDermott Will & Emery LLP, Attn: Charles R. Gibbs, Esq. (crgibbs@mwe.com), Marcus Helt, Esq. (mhelt@mwe.com), and Maris Kandestin, Esq. (mkandestin@mwe.com); and (c) counsel to the DIP Lenders, Greenberg Traurig, LLP, Attn: John D. Elrod, Esq. (elrodj@gtlaw.com) and Shari Heyen, Esq. (heyens@gtlaw.com).  If you object, the Debtors may not use, sell, transfer, the Transaction Assets unless you and the Debtors consensually resolve the objection or upon further Bankruptcy Court order approving the use, sale, transfer, of such Transaction Assets.

Dated: [●]  PACHULSKI STANG ZIEHL & JONES LLP

*/s/ DRAFT*
Michael D. Warner (SBT 00792304)
Steven W. Golden (SBT 24099681)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
mwarner@pszjlaw.com
sgolden@pszjlaw.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Jeffrey W. Dulberg (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com
jdulberg@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*