IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*,[1] | Case No. 23-90147 (DRJ) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL OBJECTION OF THE NECESSITY LANDLORDS
TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF
INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO
(A) OBTAIN POSTPETITION FINANCING AND (B) USE OF CASH COLLATERAL,
(II) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE
EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION TO
PREPETITION SECURED PARTIES, (IV) MODIFYING THE AUTOMATIC STAY,
(V) SCHEDULING A FINAL HEARING, AND (VI) GRANTING RELATED RELIEF**

Landlords (i) AFN ABSPROP001, LLC, (ii) ARG MESMOAR001, LLC, (iii) ARG MEVNAAL001, LLC, and (iv) ARG E19PCK001, LLC, each affiliated with The Necessity Retail REIT, Inc. (collectively, the "Necessity Landlords") hereby file this Supplemental to their *Objection to Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use of Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protections to Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

*Final Hearing, and (VI) Granting Related Relief* [Docket No. 293] filed on April 18, 2023 (the "Initial Objection")[2] and in support thereof state as follows:

1. The Necessity Landlords remain hopeful that most of their open issues can be consensually resolved. The Necessity Landlords file this supplement to the Preliminary Objection to show the requested modifications to the proposed Final DIP Order, which modifications were circulated to counsel to the DIP Lender, the Debtors and the Committee in advance of this filing. A redline of the proposed Final DIP Order showing only the changed pages is attached hereto as **Exhibit A**.

2. The Necessity Landlords have focused and narrowed their comments to avoid litigation and move the financing forward. The comments seek to clarify and ensure that parties' (including the Necessity Landlords') prepetition liens are protected and not primed. As the Court will see, these changes do not require the Court or the parties to make any determination now as to the validity of the Necessity Landlords' liens, including in personalty or fixtures, at the locations. Rather, the proposed language is intended to make clear that, to the extent the Necessity Landlords have perfected or statutory liens, DIP Collateral excludes the assets subject to those liens and Superpriority Administrative Expense Claims do not attach to those excluded assets or their proceeds. Such language also avoids necessitating modifications to the adequate protection provisions. It appears it is an oversight that the DIP Lenders would be attempting to obtain liens in the leaseholds, fixtures and personalty where the leases are subject to a pending motion reject them. Such relief would be patently unreasonable and detrimental to the landlord with no benefit to the Estates or the DIP Lender. Further, the proposed language requests certain clarifications to the DIP Lender's remedial rights during an Event of Default.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Initial Objection.

## RESERVATION OF RIGHTS

3. The Necessity Landlords reserve all rights to supplement and/or amend this Supplemental Objection prior to or at any hearing thereon, in the event that the Necessity Landlords' objections raised herein are not resolved or in the event that any further changes to the Final DIP Order are proposed; or to further address the DIP Motion or any other ancillary issues.

## CONCLUSION

WHEREFORE, The Necessity Landlords respectfully request that this Court (i) require any Final DIP Order to be modified modified to conform to the Necessity Landlords' comments, substantially in the form attached hereto as Exhibit A, and (ii) grant such other relief as the Court may deem proper.

Dated: April 24, 2023
New York, New York

**ARENTFOX SCHIFF LLP**

*/s/ Andrew I. Silfen*
Andrew I. Silfen (admitted *pro hac vice*)
Beth M. Brownstein (admitted *pro hac vice*)
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Tel: (212) 484-3900
Fax: (212) 484-3990
Email: andrew.silfen@afslaw.com
        beth.brownstein@afslaw.com

*Counsel to AFN ABSPROP001, LLC, ARG MESMOAR001, LLC, ARG MEVNAAL001, LLC, and ARG E19PCK001, LLC*

AFDOCS:27356929.1

## CERTIFICATE OF SERVICE

I certify that on April 24, 2023, a copy of this document was served via electronic mail on all counsel of record via the Court's CM/ECF system.

*/s/ Andrew I. Silfen*
Andrew I. Silfen

AFDOCS:27356929.1