# FIRST AMENDMENT TO SENIOR SECURED, SUPER-PRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT

THIS FIRST AMENDMENT TO SENIOR SECURED, SUPER-PRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT (this "<u>Agreement</u>"), dated as of April 25, 2023, is by and among MOUNTAIN EXPRESS OIL COMPANY, a Georgia corporation (the "<u>Company</u>" or the "<u>Borrower</u>"), the persons identified as the Guarantors on the signature pages hereto (together with the Borrower, the "<u>Loan Parties</u>"), the persons identified as the Lenders on the signature pages hereto (the "<u>Lenders</u>"), and FIRST HORIZON BANK, as Administrative Agent (in such capacity, together with its successors and assigns in such capacity, "<u>Agent</u>").

**W I T N E S S E T H:**

WHEREAS, on March 18, 2023 (the "<u>Petition Date</u>"), the Loan Parties commenced jointly administered voluntary cases under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "<u>Bankruptcy Court</u>") (each a "<u>Case</u>" and, collectively, the "<u>Cases</u>");

WHEREAS, Debtors, the Agent, and Lenders are parties to that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement dated as of March 23, 3023 (as amended, restated, supplemented, or otherwise modified prior to the date hereof, the "<u>Postpetition Credit Agreement</u>"; capitalized terms used herein without definition shall have the meanings ascribed to such terms in the Postpetition Credit Agreement);

WHEREAS, the Bankruptcy Court entered its Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expense Status, (III) Granting Adequate Protection, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (the "<u>Interim Order</u>") on March 23, 2023, approving the financing provided in the Postpetition Credit Agreement (the "<u>DIP Financing</u>") on an interim basis;

WHEREAS, the Bankruptcy Court has scheduled a final hearing to consider approving the DIP Financing on a final basis pursuant to the terms of a Final DIP Order and the Approved Budget;

WHEREAS, Borrower has requested that Agent and Lenders amend certain provisions of the Postpetition Credit Agreement, and Agent and Lenders are willing to do so on the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the agreements herein contained and other good and valuable consideration, the parties hereby agree as follows:

## PART I.
## DEFINITIONS

SUBPART 1.1 <u>Certain Definitions</u>. Unless otherwise defined herein or the context otherwise requires, the following terms used in this Agreement, including its preamble and recitals, have the following meanings:

"<u>Amended Credit Agreement</u>" means the Postpetition Credit Agreement as amended hereby.

1

"First Amendment Effective Date" shall have the meaning set forth in Subpart 3.1.

SUBPART 1.2 Other Definitions. Unless otherwise defined herein or the context otherwise requires, terms used in this Agreement, including its preamble and recitals, have the meanings provided in the Amended Credit Agreement.

## PART II.
## AMENDMENTS

SUBPART 2.1 Amendments to Credit Agreement. Upon the First Amendment Effective Date, the Postpetition Credit Agreement is hereby modified and amended as follows:

(a) by deleting the stricken text (indicated textually in the same manner as the following example: stricken text) and by adding the double-underlined text (indicated textually in the same manner as the following example: double-underlined text) as set forth in the marked pages of the Postpetition Credit Agreement attached as Annex A hereto;

(b) by amending and restating Schedule 1 thereto in its entirety in the form set forth as Schedule 1 attached hereto; and

(c) by attaching new Schedule 3 thereto in appropriate numeric order in the form set forth as Schedule 3 attached hereto.

## PART III.
## CONDITIONS TO EFFECTIVENESS

SUBPART 3.1 Effective Date. This Agreement shall be and become effective as of the date set forth in the preamble to this Agreement (the "First Amendment Effective Date"), subject to the following conditions having been satisfied in full:

(a) Each Loan Party and each Lender shall have executed and delivered counterparts of this Agreement to Agent;

(b) After giving effect to this Agreement, (i) the representations and warranties of Borrower contained in Subpart 4.6 hereof shall be true and correct in all material respects (without duplication of any materiality qualifier contained therein) on and as of the First Amendment Effective Date, except to the extent that such representations and warranties expressly relate to an earlier date (in which event such representations and warranties shall have been true and correct in all material respects (without duplication of any materiality qualifier contained therein) as of such earlier date) and (ii) no Default shall have occurred and be continuing;

(c) the Final DIP Order shall have been entered and be in full force and effect; and

(d) all other documents and legal matters in connection with the transactions contemplated by this Agreement shall have been delivered, executed, or recorded and shall be in form and substance satisfactory to Agent.

PART IV.
MISCELLANEOUS

SUBPART 4.1 <u>No Additional Obligations</u>.  Each Loan Party acknowledges and agrees that the execution, delivery and performance of this Agreement shall not create (nor shall such Loan Party rely upon the existence of or claim or assert that there exists) any obligation of any of Agent or Lenders to consider or agree to any other amendment of or waiver or consent with respect to the Amended Credit Agreement or any other instrument or agreement to which Agent or any Lender is a party (collectively, an "<u>Additional Amendment</u>" or "<u>Consent</u>"), and in the event that Agent and Lenders subsequently agree to consider any requested Additional Amendment or Consent, neither the existence of this Agreement nor any other conduct of Agent or Lenders related hereto, shall be of any force or effect on Lenders' consideration or decision with respect to any such requested Additional Amendment or Consent, and Lenders shall not have any obligation whatsoever to consider or agree to any such Additional Amendment or Consent.

SUBPART 4.2 <u>Waiver of Claims</u>.  In order to induce Agent and Lenders to enter into this Agreement, each Loan Party hereby releases, remises, acquits and forever discharges each Lender and Agent and each of their respective employees, agents, representatives, consultants, attorneys, officers, directors, partners, fiduciaries, predecessors, successors and assigns, subsidiary corporations, parent corporations and related corporate divisions (collectively, the "<u>Released Parties</u>"), from any and all actions, causes of action, judgments, executions, suits, debts, claims, demands, liabilities, damages and expenses of any and every character, known or unknown, direct or indirect, at law or in equity, of whatever nature or kind, whether heretofore or hereafter arising, for or because of any manner of things done, omitted or suffered to be done by any of the Released Parties, prior to and including the date of execution hereof, and in any way directly or indirectly arising out of any or in any way connected to this Agreement, the Amended Credit Agreement, or the other Loan Documents (collectively, the "<u>Released Matters</u>") provided, that the foregoing shall not apply as to any Released Party to matters resulting solely from such Released Party's own willful misconduct or gross negligence.  Each Loan Party hereby acknowledges that the agreements in this <u>Subpart 4.2</u> are intended to be in full satisfaction of all or any alleged injuries or damages arising in connection with the Released Matters.  Each Loan Party hereby represents and warrants to each Lender and Agent that it has not purported to transfer, assign or otherwise convey any right, title or interest of in any Released Matter to any other Person and that the foregoing constitutes a full and complete release of all Released Matters.

SUBPART 4.3 <u>Acknowledgments and Stipulations; Waiver of Existing Defaults</u>.  In order to induce Agent and Lenders to enter into this Agreement, each Loan Party acknowledges, stipulates and agrees that (a) all of the Obligations are absolutely due and owing to Agent and Lenders in accordance with the terms and provisions of the Amended Credit Agreement without any defense, deduction, offset or counterclaim (and, to the extent any Loan Party had any defense, deduction, offset or counterclaim on the date hereof, the same is hereby waived by such Loan Party); (b) the Loan Documents executed by the Loan Parties are legal, valid and binding obligations of such Loan Party, enforceable against such Loan Party in accordance with their respective terms, except as enforcement may be limited by equitable principles or by bankruptcy, insolvency, reorganization, moratorium, or similar laws relating to or limiting creditors' rights generally; (c) the Liens granted by each Loan Party to Agent in the Collateral are valid and duly perfected, first priority Liens, subject only to Permitted Liens; (d) each of the recitals contained at the beginning of this Agreement is true and correct; and (e) prior to executing this Agreement, the Loan Parties consulted with and had the benefit of advice of legal counsel of its own selection and has relied upon the advice of such counsel, and in no part upon the representation of Agent, any Lender or any counsel to Agent or any Lender concerning the legal effects of this Agreement or any provision hereof.  Each of the Loan Parties has advised the Agent of certain Defaults exist under the Postpetition Credit Agreement, including without limitation Section 11.1(b)(i) of the Postpetition Credit Agreement as a result of the Loan Parties' failure to comply with the covenants set forth in Section 8.19 with respect to compliance with the Approved Budget

3

within the approved variances for periods ending before the First Amendment Effective Date and in Section 8.20 of the Postpetition Credit Agreement with respect to compliance with the Milestone for entry of a Final DIP Order (any and all such defaults, the "Existing Defaults"). Each of the Loan Parties hereby acknowledges the existence of the Existing Defaults. Upon the terms and subject to the conditions set forth in this Agreement, the Agent and the Lenders hereby waive the Existing Defaults. This waiver shall be effective only in this specific instance and for the specific purpose for which this waiver is given, shall not constitute a waiver of any Default or Event of Default (whether now existing or hereafter arising) other than the Existing Defaults, and shall not entitle the Loan Parties to any other or further waiver in any similar or other circumstances.

SUBPART 4.4 Cross-References. References in this Agreement to any Part or Subpart are, unless otherwise specified, to such Part or Subpart of this Agreement.

SUBPART 4.5 References in Other Loan Documents. At such time as this Agreement shall become effective pursuant to the terms of Part IV, all references in the Postpetition Credit Agreement (including without limitation the Schedules thereto) to the "Agreement", and all references in the other Loan Documents to the "Credit Agreement", shall be deemed to refer to the Amended Credit Agreement.

SUBPART 4.6 Representations and Warranties of Borrower. Borrower hereby represents and warrants that, after giving effect to this Agreement, (a) the representations and warranties contained in Section 7 of the Postpetition Credit Agreement are correct in all material respects on and as of the date hereof as though made on and as of such date, except to the extent that any such representation or warranty specifically relates to an earlier date, and (b) no Default exists under the Postpetition Credit Agreement. Without limitation of the preceding sentence, each Loan Party hereby expressly reaffirms the validity, effectiveness and enforceability of each Loan Document to which it is a party (in each case, as the same may be modified by the terms of this Agreement).

SUBPART 4.7 This Agreement Constitutes a Loan Document. Without limiting the generality of anything contained in the Amended Credit Agreement, this Agreement constitutes a Loan Document. The breach of any representation, covenant, agreement or obligation of any Loan Party set forth herein shall constitute a Default.

SUBPART 4.8 Counterparts. This Agreement may be executed in counterparts (and by different parties hereto in different counterparts), each of which shall constitute an original, but all of which when taken together shall constitute a single contract. This Agreement constitutes the entire contract among the parties relating to the subject matter hereof and supersedes any and all previous agreements and understandings, oral or written, relating to the subject matter hereof. Except as provided in Part III, this Agreement shall become effective when it shall have been executed by the Agent and when the Agent shall have received counterparts hereof that, when taken together, bear the signatures of each of the other parties hereto. Delivery of an executed counterpart of a signature page of this Agreement by facsimile or in electronic (i.e., "pdf" or "tif") format shall be effective as delivery of a manually executed counterpart of this Agreement.

SUBPART 4.9 Choice of Law; Venue. THIS AGREEMENT SUPPLEMENTS, AND FORMS A PART OF, THE POSTPETITION CREDIT AGREEMENT, BUT (FOR THE AVOIDANCE OF DOUBT) THE PARTIES HERETO IN ANY EVENT SPECIFICALLY AGREE (WITHOUT LIMITATION OF THE FIRST PART OF THIS SENTENCE) THAT THE PROVISIONS OF ARTICLE 14 OF THE POSTPETITION CREDIT AGREEMENT APPLY TO THIS AGREEMENT, *MUTATIS MUTANDIS*.

SUBPART 4.10 Successors and Assigns. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

4

Each of the parties hereto has caused a counterpart of this Agreement to be duly executed and delivered as of the date first above written.

**BORROWER**:

MOUNTAIN EXPRESS OIL COMPANY,
a Georgia corporation

By: _____
      Michael Healy
      Chief Restructuring Officer

**GUARANTORS**:

Loan Parties listed on following page

By: _____
      Michael Healy
      Chief Restructuring Officer

**GUARANTORS**

1200 Wego LLC
1227 Veterans, LLC
1308 Jefferson Davis LLC
13289 Old Hammond Highway LLC
1600 Manhattan Blvd, LLC
2601 Gen. Degaulle LLC
2698 Barataria Blvd LLC
2701 Canal Street LLC
2850 Belle Chasse Hgwy LLC
300 Lee Drive LLC
3049 Loyola Drive L.L.C.
4115 Airline Hgwy., LLC
4408 S. I-10 Service Road LLC
4520 Jefferson Highway LLC
4662 GDD LLC
4915 Westbank Expwy LLC
4940 Groom Road, L.L.C.
5310 Flannery Road, LLC
798 Jean Lafitte, L.L.C.
8692 River Road, LLC
9410 Greenwell Springs, LLC
Alabama Terminal Property, LLC
Avondale Brothers No 128 LLC
Avondale Investments, L.L.C.
B&T Petroleum LLC
Brothers Belle Chasse, L.L.C.
Brothers Carol Sue, LLC
Brothers Expressway, Inc.
Brothers I-10 Service Road, Inc.
Brothers Petroleum, L.L.C.
Brothers Stonebridge, Inc.
Brothers Terry Parkway, Inc.
CONSOLIDATED HR SERVICES LLC
Crowder Brothers, LLC
Exxon General Degaulle, LLC
Gause Operation, L.L.C.
Jamie Boulevard, LLC
Lapalco Brothers No. 125, LLC
Madison Auto Truck Plaza And Lucky Dollar Casino, LLC
MEX Fuels LLC
MEX Fuels NE LLC
MEX Fuels NE-IL LLC
MEX Fuels NE-IN LLC
MEX Fuels NE-KY LLC
MEX Fuels NE-NJ LLC
MEX Fuels NE-NY LLC
MEX Fuels NE-OH LLC
MEX Fuels NW LLC
MEX Fuels NW-IA LLC

MEX Fuels NW-MO LLC
MEX Fuels SE LLC
MEX Fuels SE-GA LLC
MEX Fuels SE-MS LLC
MEX Fuels SE-TN LLC
MEX Fuels SW LLC
MEX Fuels SW-LA LLC
MEX Fuels SW-OK LLC
MEX North Alabama, LLC
MEX RE Holdings LLC
MEX RE-NE LLC
MEX RE-NE-IN LLC
MEX RE-NE-NJ LLC
MEX RE-NE-NY LLC
MEX RE-NE-NY-LI LLC
MEX RE-NE-OH LLC
MEX RE-NE-PA LLC
MEX RE-NW LLC
MEX RE-NW-IA LLC
MEX RE-NW-KS LLC
MEX RE-NW-MN LLC
MEX RE-NW-MO LLC
MEX RE-NW-ND LLC
MEX RE-NW-WI LLC
MEX RE-SE LLC
MEX RE-SE-AL LLC
MEX RE-SE-FL LLC
MEX RE-SE-GA LLC
MEX RE-SE-MS LLC
MEX RE-SE-NC LLC
MEX RE-SE-SC LLC
MEX RE-SE-TN LLC
MEX RE-SW LLC
MEX RE-SW-AR LLC
MEX RE-SW-LA LLC
MEX RE-SW-OK LLC
MEX RE-SW-TX LLC
Mississippi MEX Company, LLC
Mountain Express Baking and Coffee Co.
Mountain Express Ethanol Company
Mountain Express Oil Company Southeast, LLC
Newton Brothers, Inc.
South Claiborne Operation LLC
Spartan Tank Management LLC
Star Mountain Express, LLC
Texas MEX Limited Company, LLC
Webster P II L.L.C.
WebsterP L.L.C.
West Hill Ranch Group LLC
WHRG Retail Ops LLC
WHRG TC LLC

WHRG TC-NE LLC
WHRG TC-NE-PA LLC
WHRG TC-NW LLC
WHRG TC-NW-IA LLC
WHRG TC-NW-KS LLC
WHRG TC-NW-MO LLC
WHRG TC-NW-ND LLC
WHRG TC-NW-WY LLC
WHRG TC-SE LLC
WHRG TC-SE-AL LLC
WHRG TC-SE-SC LLC
WHRG TC-SW LLC
WHRG TC-SW-AR LLC
WHRG TC-SW-LA LLC
WHRG-LA, LLC
WHRG-LA2, LLC
WHRGOPS NE LLC
WHRGOPS NE-NY LLC
WHRGOPS NE-NY-LI LLC
WHRGOPS NE-PA LLC
WHRGOPS NW LLC
WHRGOPS NW-IA LLC
WHRGOPS NW-IA-WIA LLC
WHRGOPS NW-KS LLC
WHRGOPS NW-MI LLC
WHRGOPS NW-MO LLC
WHRGOPS NW-MO-NMO LLC
WHRGOPS NW-WI LLC
WHRGOPS NW-WI-NWI LLC
WHRGOPS SE LLC
WHRGOPS SE-AL-NORTH LLC
WHRGOPS SE-MS LLC
WHRGOPS SE-MS-JACKSON LLC
WHRGOPS SE-SC LLC
WHRGOPS SE-TN LLC
WHRGOPS SE-TN-WTN LLC
WHRGOPS SW LLC
WHRGOPS SW-AR LLC
WHRGOPS SW-AR-NWAR LLC
WHRGOPS SW-OK LLC
WHRGOPS SW-OK-OKC LLC
WHRGOPS SW-TX LLC
WHRGOPS SW-TX-DALLAS LLC
WHRGOPS SW-TX-STX LLC

**AGENT**:

FIRST HORIZON BANK,
as Agent

By: _____
Name: _____
Title: _____

**LENDERS**:

FIRST HORIZON BANK,
as a Lender

By: _____
Name: _____
Title: _____

[MEX—FIRST AMENDMENT]

HANCOCK WHITNEY BANK,
as a Lender

By: _____
Name: _____
Title: _____

[MEX—FIRST AMENDMENT]

CADENCE BANK,
as a Lender

By: _____
Name: _____
Title: _____

[MEX—FIRST AMENDMENT]

BANK OF HOPE,
as a Lender

By: _____
Name: _____
Title: _____

[MEX—FIRST AMENDMENT]

UNITED COMMUNITY BANK,
as a Lender

By: _____
Name: _____
Title: _____

[MEX—FIRST AMENDMENT]

SYNOVUS BANK,
as a Lender

By: _____
Name: _____
Title: _____

[MEX—FIRST AMENDMENT]

SOUTH STATE BANK,
as a Lender

By: _____
Name: _____
Title: _____

[MEX—FIRST AMENDMENT]

PINNACLE BANK,
as a Lender

By: _____
Name: _____
Title: _____

[MEX—FIRST AMENDMENT]

## ANNEX A

[See attached.]