**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |

**DEBTORS' SECOND EMERGENCY MOTION FOR ENTRY OF AN ORDER
(I) EXTENDING TIME TO FILE (A) SCHEDULES OF ASSETS AND LIABILITIES, (B) SCHEDULES OF CURRENT INCOME AND EXPENDITURES, (C) SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (D) STATEMENTS OF FINANCIAL AFFAIRS, AND (E) BANKRUPTCY RULE 2015.3 REPORTS, AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than May 12, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):

**RELIEF REQUESTED**

1. By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto (the "Order"), (a) further extending the deadline by which the Debtors must file their (i) schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs, (collectively, the "Schedules and Statements") and (ii) initial reports of financial

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

information with respect to entities in which the Debtors hold a controlling or substantial interest (the "<u>2015.3 Reports</u>") as set forth in Rule 2015.3 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), by 33 days, through and including June 19, 2023, and (b) granting related relief.

2.      **The Debtors understand that the Committee and U.S. Trustee do not oppose the relief requested in this Motion.**

## JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 to the entry of a final order by the Court.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 105(a) and 521 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Bankruptcy Rules 1007(c), 2015.3, and 9006(b), and Rules 1075-1 and 9013-1 Local Bankruptcy Rules for the Southern District of Texas (the "<u>Local Rules</u>").

## BACKGROUND

**A.      General Background**

6.      On March 18, 2023 (the "<u>Petition Date</u>"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

7. On April 4, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), consisting of the following three members: (i) The Necessity Retail REIT, Inc.; (ii) Total Image Solutions, LLC; and (iii) Coca-Cola Bottling Company United, Inc. *See* Docket No. 202.

8. Founded in 2000 and based in Alpharetta, Georgia, the Debtors are a recognized leader in the fuel distribution and retail convenience industry. As one of the largest fuel distributors in the American South, the Debtors served 828 Fueling Centers and 27 Travel Centers across 27 states as of the Petition Date. The Debtors enjoy trusted relationships with every major oil company including ExxonMobil, BP, Shell, Chevron, Texaco, and Sunoco and have obtained Regal Status with Chevron, Platinum Status with ExxonMobil, and is the largest Pilot Dealer in the United States. Since 2013, the Debtors have distributed over 1.1 billion gallons of fuel.

9. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these Chapter 11 cases is set forth in the *Declaration of Michael Healy in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 57] (the "First Day Declaration"),[2] which is incorporated by reference herein.

**B.      Relevant Background**

10. On March 22, 2023, the Court entered the *Order (I) Extending Time to File (A) Schedules of Assets and Liabilities, (B) Schedules of Current Income and Expenditures, (C) Schedules of Executory Contracts and Unexpired Leases, and (D) Statements of Financial Affairs, and (II) Granting Related Relief* [Docket No. 80] (the "Initial Extension Order"). The Initial Extension Order, *inter alia*, established May 17, 2023 as the deadline for the Debtors to

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

file their Schedules and Statements and 2015.3 Reports, without prejudice to the Debtors' rights to seek further extensions thereof.

11.     On March 27, 2023, the U.S. Trustee conducted the initial meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting").  The U.S. Trustee subsequently continued the 341(a) Meeting to June 22, 2023 at 10:00 a.m. (Central Time).  *See* Docket No. 339.

12.     Prior to and through the Petition Date, the Debtors and their professionals have been diligently working to stabilize these Chapter 11 Cases as part of their overarching goal of running a value maximizing marketing and sale process which will inure to the benefit of all parties in interest.  Additionally, the Debtors and their professionals have been concurrently working diligently to complete and file accurate Schedules and Statements as well as Rule 2015.3 Reports (as applicable) for each of the 145 Debtors in these Chapter 11 Cases.  However, a number of extenuating circumstances have occurred post-petition which delayed the Debtors' anticipated progress towards the timely completion of their Schedules and Statements and Rule 2015.3 Reports by the current May 17, 2023 deadline.

13.     More particularly, the Debtors experienced unanticipated post-petition attrition among their employees, compounding the difficulties created by the prepetition losses of employees in their accounting, treasury, and operational departments.  While the Debtors believe that the implementation of their non-insider key employee retention program, as approved by the Court, will limit future losses of key personnel, the delays resulting from such existing losses remain.  *See* Docket No. 326.  Additionally, one of the Debtors' critical accounting employees recently and unexpectedly contracted COVID-19 and was unable to assist with the preparation of the Schedules and Statements while ill.  Furthermore, the numerous vendor stay violations and

utility service disconnections following the Petition Date required the emergent expenditure of significant time by the Debtors' employees and professionals, which time could have otherwise been focused on the preparation of the Schedules and Statements.

14. Moreover, the Debtors have engaged Grant Thornton LLP ("GT"), subject to Court approval, to assist them with the preparation of financial statements and the closure of their books for prepetition periods, including assisting with, *inter alia*, balance sheet analysis and reconciliation, retail operation analysis, and profit and loss statement analysis. GT's services are intended to bolster the Debtors' efforts to expeditiously complete accurate Schedules and Statements by the May 17, 2023 deadline as well as to assist with the Debtors' sale and marketing efforts; however, GT was unable to begin providing services to the Debtors post-petition until May 2, 2023, compounding other unexpected delays.

15. At bottom, the Debtors' desire to promptly and efficiently complete accurate Schedules and Statements remains unchanged, particularly in light of the important role Schedules and Statements serve in the marketing and sale process. However, the need to quickly file Schedules and Statements should not come at the expense of the Debtors' paramount goal to file as accurate Schedules and Statements as possible under the circumstances. To this end, the Debtors' efforts to date have been focused on completing appropriate diligence and analysis that is a prerequisite to the creation of accurate of Schedules and Statements and 2015.3 Reports, and the Debtors believe that these efforts can be completed on or before their proposed June 19, 2023 deadline.

## BASIS FOR RELIEF

16. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors are required to file the Schedules and Statements within 14 days of the Petition Date.

However, pursuant to Bankruptcy Rules 1007(a)(5), 1007(c), and 9006(b), the Court has authority to extend the time required for filing the Schedules and Statements "for cause."  FED. R. BANKR. P. 1007(a)(5), 1007(c), and 9006(b).  Bankruptcy Rule 9006(b)(1) also provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Bankruptcy Rule 2015.3(d), in turn, provides the Court with the ability to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available."

17. The Debtors submit that ample cause exists to grant the relief requested herein. To prepare their Schedules and Statements and applicable 2015.3 Reports, the Debtors will have to compile information from books, records, and documents relating to thousands of claims, assets, leases, and contracts from each of the 145 Debtor entities.  While these efforts are underway, collection of the necessary information will continue to require a significant expenditure of time and effort on the part of the Debtors, their employees, and their advisors. Moreover, many of the Debtors' records are maintained on a consolidated basis, requiring further time and effort to file as accurate Schedules and Statements, on a debtor by debtor basis, as possible.  Additionally, because this information is voluminous and located in numerous places throughout the Debtors' organization, the collection of information to prepare the Schedules and Statements is time consuming.

18. Compounding the difficulty in accurately preparing the Schedules and Statements, prior to the Petition Date, the Debtors lost multiple employees who possessed extensive institutional knowledge regarding the Debtors operations, assets, and records.  These difficulties were exacerbated by further post-petition employee attrition and other unexpected delays, which the Debtors believe they subsequently remedied.

19. The Debtors, with the assistance of their professional advisors, have been and will continue working diligently and expeditiously to prepare the Schedules and Statements and 2015.3 Reports within the additional time requested. An extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of an applicable deadline for filing proofs of claim in these Chapter 11 Cases and before the continued 341(a) Meeting. Absent the duration of the extension requested herein, the Debtors may be required to file amendments to their Schedules and Statements, which could cause undue confusion and uncertainty for parties wishing to review and rely upon the Schedules and Statements filed in these Chapter 11 cases without commensurate benefit. Therefore, the Debtors request that the Court extend the existing May 17, 2023 deadline for an additional 33 days to June 19, 2023.

## EMERGENCY CONSIDERATION

20. The Debtors believe that the emergency relief requested herein is warranted. The current deadline to file the Schedules and Statements and 2015.3 Reports is May 17, 2023, and it is unclear whether the automatic bridge order set forth in paragraph 30 of the *Procedures for Complex Cases in the Southern District of Texas* applies to the relief requested herein. As a result, the Debtors' believe the Court's consideration of this Motion prior to the expiration of the current May 17, 2023 deadline, subject to a limited allowance of time should the relief requested be denied, is appropriate under the circumstances.

## NOTICE

21. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the

Local Rules, and is sufficient under the circumstances. The Debtors will provide notice to parties-in interest, including on the Debtors' Master Service List.

## CONCLUSION

**WHEREFORE**, the Debtors request that the Court enter the attached order granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

Dated: May 4, 2023                                         **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Michael D. Warner*
Michael D. Warner (SBT 00792304)
Steven W. Golden (SBT 24099681)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mwarner@pszjlaw.com
sgolden@pszjlaw.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Jeffrey W. Dulberg (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
jpomerantz@pszjlaw.com
jdulberg@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

### Certificate of Service

I certify that on May 4, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Michael D. Warner*
Michael D. Warner