**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: <br><br> MOUNTAIN EXPRESS OIL COMPANY, et al., <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 23-90147 (DRJ) <br><br> (Jointly Administered) |

**DECLARATION OF LAWRENCE PERKINS IN SUPPORT OF
DEBTORS' MOTION FOR ENTRY OF ORDER (I) RATIFYING THE
APPOINTMENT OF INDEPENDENT DIRECTORS EFFECTIVE AS OF THE
PETITION DATE; AND (II) AUTHORIZING THE PAYMENT OF DIRECTOR FEES**

I, Lawrence Perkins, declare that the following is true to the best of my knowledge, information, and belief:

1. I am one of the independent directors ("Independent Director") of Mountain Express Oil Company ("MEX") and its affiliates (collectively, the "Company"). In addition to serving as an Independent Director, I am the founder and CEO of SierraConstellation Partners with more than 20 years of management consulting experience. I have served in numerous senior-level positions, including as CRO and independent board member.

2. I submit this declaration (the "Declaration") in support of the Debtors' Motion for Entry of Order (I) Ratifying the Appointment of Independent Directors Effective as of the Petition Date; and (II) Authorizing the Payment of Director Fees [Docket No. 283] (the "Motion").[2]

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

3. I was first contacted by counsel for the Debtors regarding this matter on or about March 7, 2023. Prior to that date, I was unfamiliar with the Debtors, and I did not know any of their officers, directors or shareholders.

4. Prior to my appointment, I was not a creditor of the Debtors nor an "insider" of the Debtors as that term is defined in section 101(31)(B) of the Bankruptcy Code.

5. I am not now, nor have I ever been, an employee of the Debtors.

6. I do not have an interest materially adverse to the interests of the Debtors, their estates, or of any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

7. To the best of my knowledge, I do not have any connection with the Debtors, creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee, any person employed in the Office of the United States Trustee, or any insider of the Debtors, except to the extent that during my career as an insolvency professional (a) I may have in the past advised creditors of the Debtors in connection with matters unrelated to the Debtors and these Chapter 11 Cases, and (b) I have advised parties in numerous matters also involving professionals employed by these estates, including matters both where my client was aligned and opposed to such professionals' clients.

8. I am not related to a judge of this Court or the United States Trustee for Region 7.

9. I believe that I am a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Accordingly I believe I am duly qualified to serve an independent member of the Debtors' Board.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 5th day of May, 2023, at 9:PM.

_____
Larry Perkins