IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*,[1] | ) ) ) | Case No. 23-90147 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

**UNITED STATES TRUSTEE'S OBJECTION TO
DEBTORS' MOTION FOR ENTRY OF ORDER (I) RATIFYING THE APPOINTMENT
OF INDEPENDENT DIRECTORS AS OF THE PETITION DATE; AND (II)
AUTHORIZING THE PAYMENT OF DIRECTOR FEES**

TO THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), by and through his undersigned counsel, hereby submits his objection (the "Objection") to *Debtors' Motion for Entry of Order (i) Ratifying the Appointment of Independent Directors as of the Petition Date; and (ii) Authorizing the Payment of Director Fees* (Dkt. No. 283) (the "Motion")[2].

### I. Preliminary Statement

The Court should deny Debtors' Motion because it is unnecessary and without authority in the Bankruptcy Code. The Motion seeks an order ratifying the Debtors' prepetition appointment of certain independent directors along with approving their fees and a corporate governance provision related to who can appoint replacements for the Independent Directors.[3] However, as

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

[3] The proposed Order also includes a gatekeeping provision not requested in the Motion.

1

the Debtors admit, "the appointment of independent directors prior to a bankruptcy filing does not require the approval of the Court."[4]

Rather than bankruptcy law, the appointment of directors to a corporation's board is subject to the bylaws of the corporation and the laws of the state where the corporation was incorporated. The appointment of the Independent Directors and approval of their fees by the majority shareholders of the Debtors was accomplished successfully prior to the filing of these bankruptcy cases. There is no need and no authority for the Court to involve itself in the matters of corporate governance as requested in the Motion, and the Court should not be in the business of blessing prepetition shareholder actions.

Debtors' reliance on 11 U.S.C. § 363(b)(1) and 11 U.S.C. § 105(a) as authority for the relief sought in the Motion is misplaced. Neither Bankruptcy Code section relied on by Debtors addresses the ratification of a debtor's directors. Section 363(b) specifically only addresses post-petition transactions. The appointment of the Independents Directors occurred pre-petition. Further, the Debtors did not address or cite any authority for approving the gatekeeping provision at the outset of the case in the Motion. Given this lack of authority, the Court should deny the Motion.

## II. Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

1.  The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

2.  This Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment

---

[4] Motion at ¶ 21

by this Court in this matter.

3.     Kevin M. Epstein is the duly appointed U.S. Trustee for Region 7. The U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. 11 U.S.C. § 307.

4.     The U.S. Trustee has a statutory duty to monitor the administration of cases commenced under the Bankruptcy Code. 28 U.S.C. § 586(a)(3). In chapter 11, the U.S. Trustee's supervisory responsibilities include monitoring plans and disclosure statements and filing comments with the court. 28 U.S.C. § 586(a)(3)(B).

### III. Procedural History

5.     On March 18, 2023 ("Petition Date"), Debtors filed voluntary chapter 11 petitions under chapter 11 of the Bankruptcy Code. Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code § 1182(2).

6.     On April 4, 2023, the Office of the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"), consisting of the following three members: (i) The Necessity Retail REIT, Inc.; (ii) Total Image Solutions, LLC; and (iii) Coca-Cola Bottling Company United, Inc. *See* Dkt. No. 202.

### IV. Legal Standard

7.     11 U.S.C. § 363(b)(1), cited by the Debtors as the authority for their Motion, addresses the use, sale, or leasing of property of the estate by the Debtors. "Section 363 defines the rights and powers of the trustee regarding the use, sale or lease of estate property and the rights of third parties with interests in the subject property." *In re Vill. Props., Ltd.*, 723 F.2d 441, 444 (5th Cir. 1984). Nowhere in 11 U.S.C. § 363(b)(1) is there any mention of corporate governance matters such as those sought by the Motion. Moreover, section 363 applies only to post-petition transactions. It

requires a trustee or debtor-in-possession and only applies to property of the estate.

8. Pursuant to 11 U.S.C. § 105(a), "[a] bankruptcy court has statutory authority to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of' the Bankruptcy Code." *Law v. Siegel*, 571 U.S. 415, 420, 134 S. Ct. 1188, 1194 (2014); *citing* 11 U. S. C. § 105(a). Therefore, 11 U.S.C. § 105(a) authorizes the Court to fashion such orders as are necessary to further purposes of the substantive provisions of Bankruptcy Code. However, powers granted by 105(a) are limited to being exercised only in manner consistent with provisions of the Bankruptcy Code and it "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law or constitute roving commission to do equity." *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986). In other words, reliance on 105(a) for relief must serve a legitimate purpose related to the Bankruptcy Code.

## V. Neither Section 363 nor Section 105 Provide a Basis to Approve the Motion

9. Section 363 addresses use of property of the estate by the debtor-in-possession outside the ordinary course of business. Because the appointment of the directors occurred prepetition, that action was not taken by the debtor-in-possession. Because the actions for which the Debtors seek ratification occurred pre-petition when no estate existed, those actions could not have been a use of property of the estate. Further, the appointment of directors to a company's board, by its shareholders, is not a use of property. For each of these reasons independently, 11 U.S.C. § 363(b)(1) does not apply. Because section 363(b)(1) does not apply, use of 11 U.S.C. § 105(a) to carry out the provisions of section 363(b) is not available.

10. The Debtors admit that they do not need court approval for their shareholders' prepetition actions, but instead state that they are seeking it "out of an abundance of caution." An "abundance of caution," however, is not a basis for relief. The prepetition appointment of directors to a

4

company's board, independent or otherwise, is a matter of corporate governance that does not require this Court's intervention.  The Court should not be in the business of ratifying pre-petition corporate governance decision taken by Debtors' shareholders, particularly where the Bankruptcy Code does not contemplate that role.  Not only is there no authority but it would set bad precedent for debtors to seek blessings from courts where none are needed.

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court deny the Motion and grant such other relief as is just and proper.


Dated: May 5, 2023                         Respectfully Submitted,

                                        KEVIN M. EPSTEIN
                                      UNITED STATES TRUSTEE
                                      REGION 7, SOUTHERN and WESTERN
                                      DISTRICTS OF TEXAS

                                      By: */s/Jayson B. Ruff*
                                      Jayson B. Ruff
                                      Trial Attorney
                                      Michigan Bar No. P69893
                                      515 Rusk, Suite 3516
                                      Houston, Texas 77002
                                      (713) 718-4662
                                      (713) 718-4670 Fax
                                      Email: jayson.b.ruff@usdoj.gov

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 27, 2023 and April 28, 2023, conferences were held pursuant to BLR 9013-1(g) with Benjamin Wallen, Esq. of Pachulski Stang Ziehl & Jones LLP, counsel for the Debtors, but the parties were unable to resolve the matter. The parties will continue to work to resolve the Objection prior to any hearing on the matter.

/s/ *Jayson B. Ruff*
Jayson B. Ruff, Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in these bankruptcy cases, on the 5th day of May, 2023.

/s/ *Jayson B. Ruff*
Jayson B. Ruff, Trial Attorney