## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>Jointly Administered |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & EMERY LLP AS COUNSEL, EFFECTIVE AS OF APRIL 5, 2023**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (the "Debtors"), by and through its undersigned counsel, hereby submits this application (the "Application") for the entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the employment, retention, and compensation of McDermott Will & Emery LLP ("McDermott") as counsel to the Committee, effective as of

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

April 5, 2023, pursuant to sections 327, 328, 330, and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), and the U.S. Trustee Guidelines (as defined herein).  In support of this Application, the Committee submits the *Declaration of Charles R. Gibbs in Support of the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of McDermott Will & Emery LLP as Counsel, Effective as of April 5, 2023* (the "Gibbs Declaration"), attached hereto as **Exhibit B**, and the *Declaration of Michael Anderson in Support of the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of McDermott Will & Emery LLP as Counsel, Effective as of April 5, 2023*, as Chair of the Committee (the "Anderson Declaration"), attached hereto as **Exhibit C**, both of which are incorporated herein by reference.  In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over the Chapter 11 Cases and this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The relief requested is consistent with the U.S. Trustee Guidelines (as defined herein).  The Committee confirms its consent to the entry of a final order with respect to this Application, if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

2. Venue of the Chapter 11 Cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 327, 328, 330, and 1103(a) Bankruptcy Code. Relief is also proper pursuant to Bankruptcy Rules 2014 and 2016, Local Rules 2014-1 and 2016-1, and the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures").

## BACKGROUND

4. On March 18, 2023 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On April 4, 2023, pursuant to section 1102 of title 11 of the United States Code (the "Bankruptcy Code), the Office of the United States Trustee for Region 7 (Southern and Western Districts of Texas) (the "U.S. Trustee") appointed the following entities as members of the Committee: (a) The Necessity Retail REIT, Inc.; (b) Total Image Solutions, LLC; and (c) Coca-Cola Bottling Company United, Inc. *See* Docket No. 202. On April 5, 2023, the Committee selected McDermott to serve as its counsel in connection with the Chapter 11 Cases, subject to Court approval.

## RELIEF REQUESTED

6. By this Application, the Committee requests entry of the Proposed Order, attached hereto as **Exhibit A**, approving the employment and retention of McDermott, effective as of April 5, 2023, which is the date on which the Committee selected McDermott to serve as its counsel and the date that McDermott began rendering services to the Committee. Subject to the

terms set forth herein, the Committee seeks to retain McDermott in accordance with McDermott's normal hourly rates in effect when services are rendered and normal reimbursement policies subject to Local Rule 2016-1.

## THE RETENTION OF MCDERMOTT IS WARRANTED

7.  The Committee believes that McDermott possesses extensive knowledge and expertise in the substantive areas of law relevant to the Chapter 11 Cases and is well qualified to represent the Committee in connection with these Chapter 11 Cases. In selecting counsel, the Committee sought attorneys with considerable experience representing the interests of unsecured creditors in chapter 11 cases of this nature. McDermott has represented unsecured creditors' committees and the interests of unsecured creditors in numerous other cases. McDermott also has a broad-based practice in other key areas of law relevant to the Chapter 11 Cases. The Committee believes that McDermott is well qualified to serve as its counsel in the Chapter 11 Cases. Further, employment of McDermott, effective as of April 5, 2023, is warranted under the circumstances of these Chapter 11 Cases. Upon its selection, the Committee requested that McDermott commence work immediately on time-sensitive matters and devote substantial resources to these Chapter 11 Cases prior to the submission and approval of this Application.

**I.  Scope of Services**

8.  McDermott will render, among other things, the following legal services to the Committee:

    a)  Advise the Committee with respect to its rights, powers, and duties in these Chapter 11 Cases;

    b)  Participate in in-person and telephonic meetings of the Committee and subcommittees formed thereby, if any;

    c)  Assist and advise the Committee in its meetings and negotiations with the Debtors and other parties in interest regarding the Chapter 11 Cases;

d) Assist the Committee in analyzing claims asserted against, and interests in, the Debtors, and in negotiating with the holders of such claims and interests and bringing, or participating in, objections or estimation proceedings with respect to such claims and interests;

e) Assist the Committee in analyzing the Debtors' assets and liabilities, including in its review of the Debtors' Schedules of Assets and Liabilities, Statements of Financial Affairs, and other reports prepared by the Debtors, investigating the extent and validity of liens and participating in and reviewing any proposed transfer, sale, or disposition of the Debtors' assets, financing arrangements, and cash collateral stipulations or proceedings;

f) Assist the Committee in its investigation of the acts, conduct, assets, liabilities, management, and financial condition of the Debtors, the Debtors' historic and ongoing operations of their businesses, and the desirability of the continuation of any portion of those operations, and any other matters relevant to the Chapter 11 Cases;

g) Assist the Committee in its analysis of, and negotiations with the Debtors or any third party related to, financing, asset disposition transactions, and compromises of controversies, reviewing and determining the Debtors' rights and obligations under leases and executory contracts, and assisting, advising, and representing the Committee in any manner relevant to the assumption and rejection of executory contracts and unexpired leases;

h) Assist the Committee in its analysis of, and negotiations with, the Debtors or any third party related to, the formulation, confirmation, and implementation of a chapter 11 plan(s) and all documentation related thereto (including the disclosure statement);

i) Assist, advise, and represent the Committee in understanding its powers and duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

j) Assist and advise the Committee with respect to communications with the general creditor body regarding significant matters in the Chapter 11 Cases;

k) Respond to inquiries from individual creditors as to the status of, and developments in, the Chapter 11 Cases;

l) Represent the Committee at hearings and other proceedings before the Court and other courts or tribunals, as appropriate;

m) Review and analyze complaints, motions, applications, orders, and other pleadings filed with the Court, and advise the Committee with respect to formulating positions with respect, and filing responses, thereto;

5

n) Assist the Committee in its review and analysis of, and negotiations with the Debtors and their non-Debtor affiliates related to intercompany claims and transactions;

o) Review and analyze third-party analyses and reports prepared in connection with the Debtors' potential claims and causes of action, advise the Committee with respect to formulating positions thereon, and perform such other diligence and independent analysis as may be requested by the Committee;

p) Advise the Committee with respect to applicable federal and state regulatory issues, as such issues may arise in the Chapter 11 Cases;

q) Assist the Committee in preparing pleadings and applications, and pursuing or participating in adversary proceedings, contested matters, and administrative proceedings as may be necessary or appropriate in furtherance of the Committee's duties;

r) Take all necessary or appropriate actions as may be required in connection with the administration of the Debtors' estates, including with respect to a chapter 11 plan and related disclosure statement; and

s) Perform such other legal services as may be necessary or as may be requested by the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

9. McDermott will coordinate with all other estate professionals, including the Debtors' professionals and other appointed committees, if any, to avoid duplication of efforts.

## II. McDermott's Disinterestedness and Disclosure Concerning Conflicts of Interest

10. As more fully set forth in the Gibbs Declaration attached hereto as **Exhibit B**, McDermott reviewed the list of interested persons and entities annexed to the Debtors' retention applications and ran the list of relevant parties in interest included on **Schedule 1** to the Gibbs Declaration through its conflicts system consistent with the U.S. Trustee's requirements. McDermott does not represent, or have any other connection with, any of the parties in interest listed on **Schedule 1**, subject to the disclosures set forth below and in the Gibbs Declaration. While employed by the Committee, McDermott will not represent any entity having an adverse interest

6

to the Committee in connection with these Chapter 11 Cases. McDermott's conflict search resulted in the disclosures set forth on **Schedule 2** to the Gibbs Declaration.

11. The Committee is aware that McDermott currently represents certain interested parties in matters unrelated to the Chapter 11 Cases, as further identified in the Gibbs Declaration and listed on **Schedule 2**. McDermott does not and will not represent any such interested parties in any matter related to the Debtors. The Committee hereby waives any conflict of interest that exists or may exist due to McDermott's representation of such interested parties in matters unrelated to the Debtors.

12. The Committee is also aware that McDermott currently represents FTI Consulting, Inc. ("FTI") in matters unrelated to the Debtors or the Chapter 11 Cases. FTI serves as the Debtors' proposed financial advisor and Michael Healy of FTI serves as the Debtors' Chief Restructuring Officer. Representation of FTI accounted for less than 1% of McDermott's collected revenue for each of the last three calendar years. McDermott has not, does not, and will not represent FTI in any matter related to the Debtors. The Committee hereby waives any conflict of interest that exists or may exist due to McDermott's representation of FTI in matters unrelated to the Debtors. Further, FTI has granted McDermott a waiver. In the event a cause of action may exist against FTI, the Committee will engage conflicts counsel to pursue such cause of action unless FTI grants McDermott a further waiver.

13. The Committee is also aware that McDermott currently represents BDO USA LLP ("BDO") in matters unrelated to the Debtors or the Chapter 11 Cases. BDO provides tax and audit services to the Debtors. Representation of BDO accounted for greater than 1% of McDermott's collected revenue for each of the last three calendar years. McDermott has not, does not, and will not represent BDO in any matter related to the Debtors. The Committee hereby waives any conflict

of interest that exists or may exist due to McDermott's representation of BDO in matters unrelated to the Debtors. In the event a cause of action may exist against BDO, the Committee will engage conflicts counsel to pursue such cause of action unless BDO grants McDermott a waiver.

14. The Committee does not believe McDermott's representation of any interested party or its affiliate(s) in unrelated matters will impair McDermott's ability to represent the Committee as counsel in connection with these Chapter 11 Cases. The Committee has been informed that McDermott will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. To the extent that McDermott discovers any connection with any interested party or enters into any new relationship with any interested party, McDermott will promptly supplement its disclosures to the Court.

15. Based on the Gibbs Declaration, the Committee submits that McDermott is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and neither represents nor holds an interest materially adverse to the interests of the Committee, or the Debtors or their estates with respect to the matters on which McDermott is to be employed.

### III. Professional Compensation

16. The Committee requests that all legal fees and related costs and expenses incurred by the Committee on account of services rendered by McDermott in the Chapter 11 Cases be paid as administrative expenses of the Debtors' estates pursuant to sections 328, 330(a), 331, 503(b), and 507(a) of the Bankruptcy Code. Subject to the Court's approval, McDermott will charge the Committee for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered.

17. McDermott intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code,

the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines (as defined herein), and any further orders of this Court for all services performed and expenses incurred since April 5, 2023.

18. McDermott's standard hourly rates for work of this nature for attorneys that may work on this matter, subject to annual adjustment in January to reflect economic and other conditions, are set forth below. McDermott has agreed to reduce the below rates by 15% for all work on this matter.

| Title | 2023 Rates |
| --- | --- |
| Partners and Senior Counsel | $1,300 - $2,590 |
| Associates | $725 - $1,250 |
| Paraprofessionals | $150 - $1,415 |

19. Pursuant to section 328(a) of the Bankruptcy Code, the Committee may retain McDermott on reasonable terms and conditions. The hourly rates set forth above are the firm's standard hourly rates for work of this nature. The firm's standard rates are set at a level designed to compensate the firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

20. McDermott has advised the Committee that the hourly rates set forth above are subject to annual increases in the normal course of McDermott's business. In the event of any such increase, McDermott will provide the U.S. Trustee and the Committee with written notice of any such increase and file a supplemental affidavit (a "Supplemental Affidavit") with the Court. Any Supplemental Affidavit will explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code. Pursuant to section B(2)(d) of the U.S. Trustee Guidelines (as defined herein), McDermott will provide justification of the reasonableness of any rate increase.

21. McDermott will charge for expenses in a manner and at rates consistent with charges made generally to its other clients and in accordance with the Bankruptcy Rules, Local Rules, the U.S. Trustee Guidelines (as defined herein), and any applicable orders of this Court. Such expenses include, among other things, mail and express mail charges, special or hand delivery charges, travel expenses, expenses for computerized research, and transcription costs.

### IV.     Statement Regarding U.S. Trustee Guidelines

22. In 2013, the Executive Office for the United States Trustee ("EOUST") adopted the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "Appendix B Guidelines"). By their terms, the Appendix B Guidelines "apply to the [U.S. Trustee's] review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original *Guidelines for Reviewing Applications for Compensation filed under 11 U.S.C. § 330*, adopted by the EOUST in 1996 (the "Appendix A Guidelines" and, together with the Appendix B Guidelines, the "U.S. Trustee Guidelines"). The Committee and McDermott will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final fee applications to be filed by McDermott.

23. The Committee requests approval of the employment of McDermott, effective as of April 5, 2023. Such relief is warranted by the circumstances presented by the Chapter 11 Cases. The Committee's selection of McDermott on April 5, 2023 necessitated that McDermott immediately commence work on time-sensitive matters and promptly devote substantial resources to the Chapter 11 Cases pending submission and approval of this Application. Among other things, McDermott was immediately required to address matters related to the Debtors' proposed debtor-

in-possession financing and various first-day and other motions seeking relief on an emergency basis.

24. No prior application for the relief requested herein has been presented to this Court or any other court.

## **NOTICE**

25. Notice of the hearing on the relief requested in this Application will be provided by the Committee in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances. The Committee will provide notice to parties in interest, including on the Debtors' Master Service List.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

**WHEREFORE**, the Committee requests that the Court enter the Proposed Order substantially in the form attached hereto as **Exhibit A**: (i) granting the Application; (ii) authorizing the Committee to retain, employ, and compensate McDermott as counsel to the Committee in connection with these Chapter 11 Cases, effective as of April 5, 2023; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated:   May 5, 2023

Respectfully submitted,

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF MOUNTAIN EXPRESS OIL
COMPANY, INC., *et al.*

By:   */s/ Michael Anderson*
       Michael Anderson
       General Counsel, AR Global Investments, LLC,
       external advisor to The Necessity Retail REIT, Inc.

Chair of the Official Committee of Unsecured Creditors
of Mountain Express Oil Company, Inc., *et al.*[2]

---

[2] Under the *Bylaws of the Official Committee of Unsecured Creditors of Mountain Express Oil Company, Inc., et al.* (the "Bylaws"), Michael Anderson, General Counsel of The Necessity Retail REIT, Inc., as Chair of the Committee, is empowered to act on behalf of the Committee, as appropriate, to implement decisions of the Committee made in accordance with the Bylaws.

**CERTIFICATE OF SERVICE**

I certify that on May 5, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Charles R. Gibbs*
Charles R. Gibbs