IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*, | ) ) ) | Case No. 23-90147 (DRJ) |
| Debtors.[1] | ) ) ) ) | (Jointly Administered) |

***EMERGENCY*** **MOTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS (I) TO COMPEL PRODUCTION
OF DOCUMENTS OF FIRST HORIZON BANK, AS PREPETITION
AGENT AND DIP AGENT PURSUANT TO BANKRUPTCY RULE 2004(C)
AND (II) FOR ENTRY OF AN ORDER EXTENDING THE CHALLENGE PERIOD**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN MAY 12, 2023.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Official Committee of Unsecured Creditors of Mountain Express Oil Company, *et al*. (the "Committee") in the above-captioned chapter 11 cases, by and through its undersigned counsel, submits this emergency motion (this "Motion") pursuant to Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2004 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2004-1 and 9006-2 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), for entry of an order, substantially in the form attached as Exhibit A (the "Proposed Order"),

---

[1] A complete list of each Debtor in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

(i) directing First Horizon Bank, as Prepetition Agent (the "Prepetition Agent") under that certain First Amended and Restated Credit Agreement[2] dated as of March 12, 2020 (as the same may be amended, amended and restated, supplemented, or otherwise modified from time to time, the "Credit Agreement") to produce all documents within its possession, custody, or control that are responsive to the requests attached as Exhibit 1 to the Proposed Order (the "Document Request"), and (ii) extending the Challenge Period (as defined below, currently June 3, 2023) through and including the date that is thirty (30) days after the Prepetition Agent provides complete production of documents responsive to the Document Request. In support of this Motion, the Committee relies upon, and incorporates by reference, the *Declaration of Marcus A. Helt in Support of the Committee's Emergency Motion to Compel Production of Documents of First Horizon Bank, as Prepetition Agent and DIP Agent Pursuant to Bankruptcy Rule 2004(c) and for Entry of an Order Extending the Challenge Period* (the "Helt Declaration"), filed concurrently herewith. In further support of this Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT[3]

1. Since entry of the Final DIP Order (defined below), the Committee has negotiated continuously and in good faith with the Prepetition Agent to secure the discovery necessary to investigate the Prepetition Obligations (defined below) to fulfill its fiduciary obligations to unsecured creditors regarding the Debtors' assets, liabilities, and financial condition.

2. Despite the Committee's efforts to obtain the Prepetition Loan Documents from both the Debtors[4] and the Prepetition Agent since shortly after the Committee was formed and its

---

[2] The Administrative Agent under the Prepetition Credit Agreement is First Horizon Bank f/k/a IberiaBank, a division of First Horizon Bank.

[3] Capitalized terms used and not otherwise defined within the Preliminary Statement shall have the meanings given to them in the Motion or Final DIP Order, as applicable.

[4] The Debtors assert they do not have copies of the full set of Prepetition Loan Documents. The documents the Committee does have were provided by the Debtors' professionals. Helt Declaration ¶ 5.

counsel selected, the Prepetition Agent, despite its insistence on a short Challenge Period and unwillingness to meaningfully negotiate with respect to the terms thereof in the Final DIP Order, has largely been obstructive to the Committee's efforts to procure copies of the very documents it needs to begin its investigation during the Challenge Period.

3. Accordingly, the Committee has not yet received and has been unable to review many, if not most, of the key documents evidencing the Prepetition Obligations. A review of these documents is essential for the Committee to fulfill its duties to unsecured creditors. In addition, the Prepetition Agent's delay has eviscerated a significant portion of the Challenge Period, unfairly prejudicing the Committee's investigation efforts. Accordingly, the Committee has no choice but to seek an order (a) compelling the Prepetition Agent to comply with its document production requests and (b) extending the Challenge Period.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Committee confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court.

5. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are Bankruptcy Code sections 105(a) and 1103(c), Rules 34 and 37 of the Federal Rules of Civil Procedure (the "Federal Rules"), Bankruptcy Rules 2004 and 9006, and Local Rules 2004-1 and 9006-2.

**RELEVANT BACKGROUND**

A.  **General Background**

7.  On March 18, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. In support thereof, the Debtors submitted the *Declaration of Michael Healy in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 57].

8.  On April 4, 2023, Kevin M. Epstein, the United States Trustee for Region 7 (Southern and Western Districts of Texas), appointed the Committee in these Chapter 11 Cases.[5] Shortly thereafter, the Committee selected McDermott Will & Emery LLP to serve as its counsel and Province, LLC to serve as its financial advisor.

B.  **The Prepetition Debt Obligations and Security Interests Therein**

9.  The Debtors and the lenders thereunder (collectively, the "Prepetition Lenders") are parties to the Credit Agreement and other loan documents related thereto (together, the "Prepetition Loan Documents"). Presumably, the Prepetition Loan Documents evidence and govern the obligations for principal, accrued and unpaid interest, fees, costs, expenses, indemnities, and other amounts arising thereunder that constitute prepetition secured debt of the Lenders (collectively, the "Prepetition Obligations"). Allegedly, the Prepetition Obligations are secured by first-priority liens and security interests (the "Prepetition Liens") granted to the Prepetition Agent in substantially all of the Debtors' assets (collectively, the "Prepetition Collateral").

C.  **The Challenge Period**

10. On April 25, 2023, the Court entered the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-*

---

[5]  *See* Docket No. 202.

*1, (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Prepetition Expense Status, (III) Granting Adequate Protection, and (IV) Granting Related Relief* [Docket No. 332] (the "Final DIP Order").

11. The Final DIP Order provides the Committee with just sixty (60) days *from its appointment* (the "Challenge Period") to seek to avoid, object to, or otherwise challenge the validity, enforceability, extent, priority, or perfection of the Prepetition Secured Parties' liens and claims.[6] Accordingly, the Challenge Period expires on June 3, 2023 (the "Challenge Deadline").

12. From the outset of its formation, as discussed in more detail below, the Committee has requested copies of the Prepetition Loan Documents. However, as of the date of the filing of this Motion, the Committee has received no documents from the Prepetition Agent and only a partial and incomplete subset of such documents from the Debtors. The Prepetition Agent's unwillingness to produce documents with the end of the Challenge Period looming makes the completion of the Committee's investigation in a timely fashion impossible. In addition, the Committee has been required to invest extensive time and resources just to obtain a partial set of documents.

13. In light of the impending Challenge Deadline, the Committee seeks the relief sought herein, including an extension of the Challenge Deadline, as well as emergency consideration of this Motion.

**BASIS FOR RELIEF**

A. **Production of Documents and Written Discovery Requests**

14. "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining

---

[6] *See* Final DIP Order ¶ 19.

transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); *In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993). The scope of a Rule 2004 examination is broad. *See, e.g., In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988); *In re Enron Corp. Sec. Litig.*, 2004 WL 613091, at *3 (S.D. Tex. Mar. 16, 2004); *In re Edic*, 2005 WL 6443541, at *1 (Bankr. N.D. Tex. Oct. 7, 2005) ("Rule 2004 is very broad in scope"). Indeed, any third party that has a relationship with a debtor may be subject to examination. *See, e.g., In re Ionosphere Clubs*, 156 B.R. at 432; *In re Recoton Corp.*, 307 B.R. at 755; *In re Cousins Barricades & Metal Pr*ods., 2000 WL 245860 at *3 (E.D. La. March 2, 2000).

15. Although the Committee is not moving for a formal Rule 2004 examination at this time, the discovery propounded here is functionally the same. Discovery under Bankruptcy Rule 2004 includes within its scope, among other things, any matter that may relate to the property and assets of the estate; the financial condition of the debtor; and any matter that may affect the administration of the debtor's estate. *See* Fed. R. Bankr. P. 2004(b). The scope of inquiry under Bankruptcy Rule 2004 has been likened to a sanctioned fishing expedition by some courts. *See In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016). This is so, because "[t]he purpose of a [Bankruptcy] Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004). Further, parties routinely provide—and courts routinely allow—this sort of discovery to allow unsecured creditors like the Committee obtain information "to determine whether potential claims exist." *Id*. at 751.

16. Here, it is beyond dispute that the Prepetition Agent is a party in interest with direct knowledge of the assets and liabilities of the Debtors' bankruptcy estates. Indeed, without the

Prepetition Agent's cooperation, it will be difficult, if not impossible, for the Committee to properly ascertain the quantum of the Debtors' secured obligations—and by extrapolation—potential assets available for distribution to unsecured creditors.  Likewise, it will be difficult, if not impossible, for the Committee to analyze the Prepetition Agent's alleged liens without the documents allegedly granting such liens.

17. To this end, recognizing the exigent need for the commencement of its investigation, shortly after its formation, the Committee requested copies of the Prepetition Loan Documents multiple times.[7]

18. While negotiating the terms of the Final DIP Order, the Committee attempted to extend the proposed Challenge Period both by (i) increasing the number of days of the Challenge Period and (ii) basing the counting of such days off of the date of entry of the Final DIP Order rather than the Committee formation date.[8]  In the end, the Prepetition Agent refused to alter the duration of the Challenge Period in the Final DIP Order, but counsel to the Prepetition Agent assured Committee counsel that he (a) had the Prepetition Loan Documents, (b) had performed his own lien investigation, and (c) would provide the documents to the Committee following entry of the Final DIP Order.[9]  On that assurance, the Committee agreed to the sixty (60) day Challenge Period contained in the Final DIP Order.[10]

19. On April 24, 2023, Committee counsel again requested the Prepetition Loan Documents.[11]  Prepetition Agent's counsel responded by stating "Let's get through this morning

---

[7] Helt Declaration ¶ 5.
[8] Helt Declaration ¶ 6.
[9] Helt Declaration ¶ 7.
[10] *Id.*
[11] Helt Declaration ¶ 8.

and I'll turn to this in the afternoon."[12] On April 26, Committee counsel was informed for the first time that Prepetition Agent's counsel was preparing a confidentiality agreement.[13] When Committee counsel asked what was confidential about the Prepetition Loan Documents, Prepetition Agent's counsel responded that it is their "standard practice" and that the Prepetition Loan Documents included commercially-sensitive information.[14] The following day, April 27, Prepetition Agent's counsel provided a draft confidentiality agreement for Committee's counsel's review.[15]

20. The Committee does not agree with the Prepetition Agent that the Prepetition Loan Documents are confidential—let alone highly confidential—commercial information entitled to blanket protection. For commercial information to be entitled to protection, it "must be so critical to the operations of the entity seeking [protection] that its disclosure will unfairly benefit the entity's competitors." *In re Motor Liquidation Co.*, 561 B.R. 36, 43 (Bankr. S.D.N.Y. 2016). Because transparency is fundamental to the confidence creditors have regarding the fairness of the bankruptcy system, a party seeking to limit public access to documents in a bankruptcy case "bears the burden of showing that the information is confidential" and "[t]he burden of proof is heavy, requiring an 'extraordinary circumstance or compelling need.'" *Id*. (citation omitted). The Prepetition Agent has not offered any reasonable explanation or legal authority for its position that the Debtors' financial arrangements with the Prepetition Agent should not be available to other creditors. *See In re Purdue Pharma L.P.*, 632 B.R. 34, 39-40 (Bankr. S.D.N.Y. 2021) (explaining that "commercial information" under § 107(b)(1) "is not a safe harbor for those who crave privacy

---

[12] *Id*.
[13] *Id*.
[14] *Id*.
[15] *Id*.

8

or secrecy for its own sake" and requiring "specific evidence, not conclusory statements" in support of designating documents as "commercial information" entitled to protection from public disclosure); *In re Motor Liquidation Co.*, 561 B.R. at 44 (rejecting term loan lenders conclusory assertion that the identities of the owners of the equity interests of a party in an adversary proceeding constitute commercial information under the Bankruptcy Code entitled to protection); *In re Analytical Sys., Inc.,* 83 B.R. 833, 835-36 (Bankr. N.D. Ga. 1987) (vacating protective order where settlement agreement between the debtor and creditor contained no trade secrets or confidential research, development, or commercial information, or any scandalous or defamatory matters within meaning of Bankruptcy Code).

21.  Nonetheless, to in an attempt to avoid court intervention and expedite the production of the needed documents, the Committee spent substantial time negotiating the terms of a largely unnecessary confidentiality agreement. Yet, nearly two weeks later, the Prepetition Loan Documents remain as elusive as ever because the Prepetition Agent insisted that individual Committee members sign the confidentiality agreement, a request the Committee believes to be unnecessary and overreaching. In an attempt to resolve this stalemate, the Committee offered three counterproposals: (1) that Committee counsel sign the agreement on behalf of the Committee, (2) that the Prepetition Agent forward the documents to the Debtors who would then provide them to the Committee (with whom the Debtors already have an executed confidentiality agreement); and (3) that the documents all be designated confidential attorneys' eyes' only. Each proposal was rejected by the Prepetition Agent, and therefore, the Committee informed counsel to the Prepetition Agent of its intent to prepare and file this Motion.

22.  Accordingly, in order to fulfill its fiduciary duties to unsecured creditors and timely complete its investigation of Prepetition Secured Parties' liens and claims, the Committee seeks to

9

compel the production of documents related to the Prepetition Obligations as more specifically set forth in the Document Request.

23. The Committee was (and is) willing to agree to a confidentiality agreement narrowly tailored to protect commercially-sensitive information in the Prepetition Loan Documents to the extent any such information exists. The Prepetition Agent seems to be inclined, however, to hide behind a conclusory assertion that the Prepetition Loan Documents are highly confidential and produce <u>nothing</u> while prejudicing the Committee's ability to conduct an investigation on the very accelerated timeline it (the Prepetition Agent) imposed.[16] The Prepetition Agent cannot "have its cake and eat it too" by simultaneously insisting on a relatively short Challenge Period and refusing to produce the very documents the Committee needs to conduct its investigation. To the extent the Prepetition Loan Documents contain commercially-sensitive information, the Committee has demonstrated a willingness to work with the Prepetition Agent on commercially reasonable terms.[17]

24. In the proposed Document Request, the Committee seeks targeted, specific and focused information that will not be burdensome or intrusive to the Prepetition Agent when weighed against the interests of unsecured creditors. As a result, the Committee submits that good cause exists for the Court to grant this Motion, and it requests that the Prepetition Agent be ordered to deliver copies of the documents in accordance with the instructions contained in the Document Request to the office of the Committee's professionals, McDermott Will & Emery LLP, 2501 N. Harwood Street, Suite 1900, Dallas, TX 75201, to be received ***not later than three (3) days*** following entry of the Proposed Order.

---

[16] The Prepetition Agent has refused the Committee's request to extend the investigation period while the terms of the confidentiality agreement are negotiated and finalized. Helt Declaration ¶ 7.

[17] In fact, each of the Committee's three proposals was designed to protect any commercially-sensitive information in the Prepetition Loan Documents, but all were rejected by the Prepetition Agent.

25. Additionally, to the extent the Court determines that the documents requested by the Committee potentially contain commercial information entitled to protection, the Committee respectfully suggests that entry of a narrowly tailored protective order, substantially in the form attached hereto as Exhibit 2 to the Proposed Order (the "Protective Order"), would be appropriate.

**B.      Extension of the Challenge Period**

26. By this Motion, the Committee requests entry of an order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1) extending the Challenge Period through the date that is thirty (30) days after the Prepetition Lender produces all documentation responsive to the Document Request. The Committee further requests that this extension be without prejudice to seek additional extensions of the Challenge Period for cause. Here, the fact that the Prepetition Agent has still not made full and complete production is sufficient grounds to extend the Challenge Period.

27. In *Marrama v. Citizens Bank of Massachusetts*, the Supreme Court held that Bankruptcy Code section 105(a) grants bankruptcy judges "broad authority [] to take any action that is necessary or appropriate 'to prevent an abuse of process.'" 549 U.S. 365, 375 (2007). The bankruptcy courts' broad authority under section 105(a) is limited by the language of the statute so that, "[u]nder § 105(a)], a court may exercise its equitable power only as a means to fulfill some specific Code provision." *Sanchez*, 372 B.R. at 309 (internal citations omitted).

28. The law is well-established in the Fifth Circuit: Section 105(a) is to be "interpret[ed] liberally," so long as any action taken pursuant to section 105(a) is "consistent with the rest of the Bankruptcy Code." *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 760 (5th Cir. 1995). Section 105(a) permits a bankruptcy court "to fashion such orders as are necessary to further the substantive provisions of the Bankruptcy Code." *Perkins Coie v. Sadkin (In re Sadkin)*, 36 F.3d 473, 478 (5th Cir. 1994) (quoting *Chiasson v. Bingler (In re Oxford Mgmt. Inc.)*, 4 F.3d

11

1329, 1333 (5th Cir. 1993)).  Therefore, section 105(a) grants a bankruptcy court authority to exercise its equitable powers to achieve a result the Bankruptcy Code intended.  *Id*.  Furthermore, the bankruptcy court may exercise these equitable powers at its discretion.  *Id*. at 478-79.

29.   In addition, Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Challenge Deadline, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order[.]

Fed. R. Bankr. P. 9006(b)(1).  Thus, the Court, for cause shown, may at any time extend the time period within which an act is required when that time period was previously set by order of the Court.  *Id*.  The sixty (60) day Challenge Period within which the Committee may conduct its investigation was set and entered by the Court through the Final DIP Order.  Therefore, it may be extended or enlarged by the Court in its discretion for cause shown.

30.   For the reasons set forth above, the Committee believes that cause exists to extend the Challenge Period.  In particular, the Prepetition Agent's general indifference towards the Committee's informal discovery efforts have stifled investigative efforts.  For the foregoing reasons, the Committee requests the Court extend the Challenge Period for cause.

## EMERGENCY CONSIDERATION

31.   Pursuant to Local Rule 9013-1(i), the Committee respectfully requests emergency consideration of this Motion.  Almost two full weeks have elapsed since entry of the Final DIP Order, and the Challenge Period expires in less than one month.  Without all requested documents, the Committee will be unable to complete its investigation. Accordingly, the Committee respectfully submits that emergency consideration of this Motion is warranted.

**RESERVATION OF RIGHTS**

32. The Committee reserves the right to seek further discovery from the Prepetition Agent, including further document requests and an examination of the corporate representative of the Prepetition Agent pursuant to Rule 2004 and Local Rule 2004-1 as necessary following review of the Prepetition Loan Documents. The Committee also reserves the right to seek to further extend the Challenge Period for cause.

**CERTIFICATION OF COUNSEL**

33. Pursuant to Local Rule 2004-1, undersigned counsel certifies that, prior to filing this Motion, the Committee, through counsel, attempted to obtain the discovery sought herein on a consensual basis. As of the filing of this Motion, undersigned counsel has not received a commitment from the Prepetition Agent to comply with the Committee's Document Request.

**NOTICE**

34. Notice of the Motion has been provided to (i) counsel to the Debtors, (ii) the United States Trustee for the Southern District of Texas, (iii) counsel for the Prepetition Agent, and (iv) parties that have requested notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Committee submits that no other or further notice is required.

**CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached as Exhibit A, (a) directing the Prepetition Agent to produce documents responsive to the requests set forth therein, and (b) extending the Committee's Challenge Period to the date that is thirty (30) days after the Prepetition Agent produces all documents responsive to the Document Request, and (c) granting such other and further relief as the Court deems just and proper.

Dated: May 9, 2023                    Respectfully submitted,

*/s/ Marcus A. Helt*
Charles R. Gibbs (Texas Bar No. 7846300)
Marcus A. Helt (Texas Bar No. 24052187)
Jane A. Gerber (Texas Bar No. 24092416)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
crgibbs@mwe.com
mhelt@mwe.com
jagerber@mwe.com

-and-

Maris J. Kandestin (admitted *pro hac vice*)
The Nemours Building
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711
mkandestin@mwe.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on May 9, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                */s/ Marcus A. Helt*
                                                *Marcus A. Helt*