IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*, | ) ) ) | Case No. 23-90147 (DRJ) |
| Debtors.[1] | ) ) ) ) | (Jointly Administered) |

**DECLARATION OF MARCUS A. HELT IN SUPPORT OF
*EMERGENCY* MOTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO COMPEL PRODUCTION
OF DOCUMENTS OF FIRST HORIZON BANK, AS PREPETITION
AGENT AND DIP AGENT PURSUANT TO BANKRUPTCY RULE 2004(c)
AND FOR ENTRY OF AN ORDER EXTENDING THE CHALLENGE PERIOD**

I, Marcus A. Helt, hereby declare pursuant to section 1746 of title 28 of the United States Code:

1. I am a partner at McDermott Will & Emery LLP ("McDermott"), which maintains offices at, among other places, 2501 N. Harwood Street, Suite 1900, Dallas, Texas 75201.

2. I am an attorney in good standing of the bar in the State of Texas, and I have been admitted to practice in the United States District Court for the Southern District of Texas. There are no disciplinary proceedings against me.

3. I submit this declaration (this "Declaration")[2] in support of the *Emergency Motion of the Official Committee of Unsecured Creditors to Compel Production of Documents of First*

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Horizon Bank, as Prepetition Agent and DIP Agent Pursuant to Bankruptcy Rule 2004(c) and for Entry of an Order Extending the Challenge Period* (the "<u>Motion</u>").

4. The facts set forth herein are based on my personal knowledge and the personal knowledge of personnel working under my direct supervision.

5. Following the Committee's appointment, and McDermott and Province's retention, the Committee informally requested copies of the Prepetition Loan Documents from the Debtors and the Prepetition Agent to expedite its investigation into the Prepetition Agent and its alleged liens. Province received some documentation from the Debtors. But the Debtors say that they do not believe that they possess a full set of Prepetition Loan Documents.

6. Given the Committee's concerns regarding the terms of the Challenge Period in the Final DIP Order, the Committee attempted to extend the proposed Challenge Period by, in the first instance, increasing the number of days in the Challenge Period and, in the second instance, triggering the Challenge Period from the entry date of the Final DIP Order rather than the Committee formation date.

7. Ultimately, Prepetition Agent's counsel refused both requests, arguing that he had done his own lien and claim analysis (finding no issues) in relatively short order; as such, the Committee's investigation would be straightforward and equally fast and uneventful. At no time during my discussions with the Prepetition Agent's counsel did I anticipate resistance from the Prepetition Agent in producing documents required by the Bankruptcy Rules to prove its alleged claims against the Debtors and liens on the Debtors' assets. As a result, the Committee agreed to the sixty-day Challenge Period contained in the Final DIP Order.

8. On April 24, 2023, I requested the Prepetition Loan Documents. *See* April 24, 2023, email, attached as **<u>Exhibit A</u>**, which is a true and correct copy of an email between myself as sender

and Prepetition Agent's counsel as recipient. Prepetition Agent's counsel responded by stating "Let's get through this morning and I'll turn to this in the afternoon." *Id.* The next day, I was informed for the first time that Prepetition Agent's counsel was preparing a confidentiality agreement. *Id.* When I asked what was confidential about the Prepetition Loan Documents, Prepetition Agent's counsel responded that it is their "standard practice" and that the Prepetition Loan Documents included commercially-sensitive information. *Id.* The next day, April 27, Prepetition Agent's counsel provided a draft confidentiality agreement for McDermott's review.

9. The parties negotiated the terms of a confidentiality agreement and substantially agreed to many terms. But the negotiations broke down when the Prepetition Agent's counsel insisted that individual Committee members sign the confidentiality agreement, a request the Committee believes to be unnecessary and overreaching. *See* May 5, 2023, email, attached as **Exhibit B**, which is a true and correct copy of emails I am copied on between McDermott and counsel for the Prepetition Agent. To resolve this impasse, McDermott offered three counterproposals: (a) first, that Committee's counsel sign the agreement on the Committee's behalf, and the individual members be removed from signing said agreement; (b) second, that the Prepetition Agent forward to the Debtors its own documents who would then provide them to the Committee pursuant to its confidentiality agreement with the Committee; and (c) third, that the documents be produced as "Confidential Attorneys' Eyes Only." All these options were rejected by Prepetition Agent's counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9, 2023                                Respectfully submitted,

*/s/ Marcus A. Helt*
Marcus A. Helt
Partner
**MCDERMOTT WILL & EMERY LLP**