**<u>Exhibit A</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.,* | Case No. 23-90147 (DRJ) |
| Debtors.[1] | Jointly Administered |

**ORDER AUTHORIZING THE COMMITTEE TO
FILE THE OBJECTION UNDER SEAL**

Upon the motion (the "Motion")[2] of the Committee, for entry of an order (this "Order") to file under seal the Objection; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court being satisfied based on the representations made in the Motion that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

---

[1] A complete list of each of the Debtors in the Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in the Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

1

and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED in its entirety.

2. The Objection shall remain confidential, shall remain under seal, and shall not be made available to anyone, except that the Committee is authorized, but to cause copies of the Objection to be served on and made available, on a confidential basis, to: (a) the Court; (b) the U.S. Trustee; and (c) the Debtors.

3. The Committee and any party authorized to receive the Objection are authorized and directed, subject to Local Rule 9018-1(d), to redact specific references to the Objection set forth therein from pleadings filed on the public docket maintained in these Chapter 11 Cases.

4. Any party who receives the Objection in accordance with this Order shall not disclose or otherwise disseminate such Objection to any other person or entity, including but not limited to in response to a request under the Freedom of Information Act.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Committee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion. To the extent that this Order is inconsistent with the Motion, the terms of this Order shall govern.

7. The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023
Houston, Texas

                                               **THE HONORABLE DAVID R. JONES**
                                               **UNITED STATES BANKRUPTCY JUDGE**