United States Bankruptcy Court
Southern District of Texas

**ENTERED**
May 15, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, et al., | Case No. 23-90147 (DRJ) |
| Debtors.[1] | (Jointly Administered) |

**ORDER AUTHORIING DEBTORS TO (I) EMPLOY AND RETAIN FTI CONSULTING, INC., (II) DESIGNATE MICHAEL HEALY TO SERVE AS CHIEF RESTRUCTURING OFFICER, AND (III) PROVIDE ADDITIONAL PERSONNEL FOR DEBTORS**

(Related Docket No. 282)

Upon the Application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to (i) employ and retain FTI Consulting, Inc. ("FTI") to provide the Debtors with a Chief Restructuring Officer ("CRO") as well as additional supportive staff to assist the CRO ("Hourly Temporary Staff") and (ii) designate Michael Healy as the Debtors' CRO (together with the Hourly Temporary Staff, the "FTI Professionals"), each pursuant to the terms of the engagement letter by and among the Debtors and FTI, dated as of March 6, 2023 (the "Engagement Letter"); and (c) granting related relief, all as more fully set forth in the Application; and upon consideration of the Healy Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Application.

Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and Healy Declaration; and this Court having determined that the legal and factual bases set forth in the Application and Healy Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1. Pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, and the Complex Case Procedures, the Debtors are authorized to (a) employ and retain FTI as financial advisor, (b) designate Michael Healy as the CRO of the Debtors, and (c) provide additional FTI Professionals for the Debtors, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter, as modified by this Order.

2. The terms of the Engagement Letter, including, without limitation, the compensation provisions and the indemnification provisions, as modified by this Order, are reasonable terms and conditions of employment and are hereby approved as set forth herein; *provided*, *however*, that for the avoidance of doubt, nothing in this Order shall constitute any findings regarding, or the approval or any determination with respect to, the reasonableness of any Completion Fee.

3. Upon employment and retention by the Debtors, Mr. Healy shall be empowered and authorized to carry out all duties and responsibilities set forth in the Engagement Letter.

4. Notwithstanding anything in the Application, the Engagement Letter, the Healy Declaration, or any exhibit(s) related to the contrary:

 (a) FTI and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor or investor/acquirer) in connection with the above-captioned chapter 11 cases.

 (b) In the event the Debtors seek to have FTI Professionals assume executive officer positions that are different than the position(s) disclosed in the Application, a motion to modify the retention shall be filed with the Court.

 (c) During the course of these Chapter 11 Cases, FTI will only seek reimbursement of actual and necessary expenses.

 (d) No principal, employee, or independent contractor of FTI and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of these chapter 11 cases.

 (e) Any success fees, transaction fees, or other back-end fees shall be subject to approval by the Court at the conclusion of this case on a reasonableness standard and are not being pre-approved by entry of this Order. The rights of the U.S. Trustee, any statutory committee, and all other parties in interest to object to any such fees, including the Completion Fee, on any grounds, are fully preserved.

 (f) The Debtors are permitted to indemnify those persons serving as corporate officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors and officers insurance policy, except to the extent a claim or expense is judicially determined to have arisen from gross negligence, willful misconduct, bad faith, fraud, or self-dealing.

 (g) There shall be no indemnification of FTI or its affiliates, except as may be provided for in this Order.

 (h) For a period of three years after the conclusion of the engagement, neither FTI nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

 (i) FTI Professionals serving as corporate officers of the Debtors shall be subject to the same fiduciary duties and obligations applicable to other persons serving in such capacity.

 (j) FTI shall make appropriate disclosures of any and all facts that may have a bearing on whether FTI, its affiliates, or any individuals working on the engagement hold/represent any interest adverse to, the Debtors, their

3

creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

5. To the extent the Debtors wish to materially expand the scope of FTI's services beyond those services set forth in the Engagement Letter or this Order, the Debtors shall be required to seek further approval from this Court. The Debtors shall file notice of any proposed additional services (the "Proposed Additional Services") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any official committee appointed in these chapter 11 cases, and any party requesting notice under Bankruptcy Rule 2002.  If no such party files an objection within 14 days of the Debtors filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.  To the extent any of such party objects within ten (10) days of notice of such Proposed Additional Services being served, the Debtors will promptly schedule a hearing before the Court on such matter. The Proposed Additional Services will not be effective unless and until they are approved by the Court. All additional services shall be subject to the provisions of this Order.

6. FTI is authorized to apply the Retainer and/or advanced payments to satisfy any unbilled or other remaining prepetition fees and expenses that FTI becomes aware of during its ordinary course billing review and reconciliation. Any remaining Retainer and/or advanced payments shall be applied to any post-post invoices for services rendered post- petition until the remaining balance of the Retainer held by FTI is exhausted.

7. Notwithstanding anything in the Application or the Engagement Letter to the contrary, FTI shall: (a) pass through the cost of Contractors to the Debtors at the same rate that FTI pays the Contractors; (b) with respect to costs incurred by the Contractors, seek reimbursement for actual, reasonable, and documented costs only; (c) ensure that the Contractors are subject to the

4

same conflict checks as were required for FTI in accordance with this retention; and (d) file with the Court such disclosures as are required by Bankruptcy Rule 2014.

8.  FTI shall file interim and final fee applications for allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable orders and procedures of this Court. For billing purposes, FTI Professionals providing services on an hourly rate basis shall keep their time in one tenth (1/10) hour increments and FTI Professionals providing services at a fixed monthly fee shall keep their time in one- half (1/2) hour increments setting forth, in a summary format by project category, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in half-hour increments. ~~FTI shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional information documentation.~~

9.  In the event that, during the pendency of these chapter 11 cases, FTI seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in FTI's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules and subject to approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such professional has been retained under section 327 of the Bankruptcy Code; provided, however, that FTI shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of FTI's fee applications in these chapter 11 cases.

10. FTI shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any statutory committee before any increases in the hourly rates set forth in the Application or

the Engagement Letter are charged to the Debtors. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11. To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, the Healy Declaration and this Order, the terms of this Order shall govern.

12. FTI shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any retained professionals in these chapter 11 cases.

13. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

14. As to FTI Professionals not serving in executive officer positions, the following indemnification procedures are approved during the pendency of this case:

    (a) As set forth and subject to the limitations in subparagraph (c) below, FTI shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court.

    (b) The Debtors shall have no obligation to indemnify FTI, or provide contribution or reimbursement to FTI, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from FTI's gross negligence, willful misconduct, fraud, breach of fiduciary duty, if any, bad faith or self-dealing; or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty, if any, or bad faith or self-dealing but determined by this Court, after notice and hearing to be a claim or expense for which FTI should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

    (c) If, before the earlier of (i) the entry of an order confirming the plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on

account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, FTI must file an application therefor in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify FTI. All parties in interest shall retain the right to object to any demand by FTI for indemnification, contribution, and/or reimbursement.

15. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: May 12, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**