United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 15, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, et al., | Case No. 23-90127 (DRJ) |
| Debtors.[1] | (Jointly Administered) |

**ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

(Related Docket No. 343)

Upon the amended motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing, but not directing, the Debtors to retain and compensate the OCPs identified on the OCP Lists attached hereto as **Exhibit 1**, **Exhibit 2** and **Exhibit 3** (as may be amended or supplemented by the Debtors from time to time in accordance with this Order) pursuant to the Compensation Procedures (as defined herein), all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Amended Motion. *See Debtors' Amended Motion for Entry of an Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [Docket No. 343].

their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in support of the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED**, to the extent set forth herein.

2. The Debtors are authorized to retain and compensate the OCPs identified on the OCP Lists, attached hereto as **Exhibit 1**, **Exhibit 2** and **Exhibit 3** (as may be amended or supplemented by the Debtors from time to time in accordance with this Order), in the ordinary course of business, in accordance with the following compensation procedures (collectively, the "Compensation Procedures"):

    a. Each OCP identified on the lists attached as **Exhibit 1**, **Exhibit 2**, or **Exhibit 3** to this Order (as may be amended or supplemented from time to time as set forth herein, collectively, the "OCP Lists") that provides services to the Debtors shall file with this Court a declaration of disinterestedness (each, a "Declaration of Disinterestedness"), substantially in the form, attached as **Exhibit 4** to this Order, within twenty-eight (28) days after the later of (i) the date of entry of this Order, (ii) the date on which such OCP commences services for the Debtors, and (iii) the date on which such OCP is added to the OCP Lists as set forth in paragraph 2(d), herein. Each OCP shall serve the Declaration of Disinterestedness upon: (a) the Debtors, Mountain Express Oil Company, Attn: General Counsel, Neil Lansing (neil.lansing@mtnexpressoil.com); (b) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, Attn: Jeffrey N. Pomerantz (jpomerantz@pszjlaw.com) and Ben Wallen (bwallen@pszjlaw.com); (c) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Jayson B. Ruff (jayson.b.ruff@usdoj.gov); (d) counsel to the Prepetition Lenders and Agent, Greenberg Traurig, LLP, Attn: John Elrod (elrodj@gtlaw.com) and Steven Rosenwasser (steven.rosenwasser@gtlaw.com); (e) counsel to Oak Street Real Estate Capital, LLC, Kirkland & Ellis LLP, Attn: Steven Serajeddini

      (steven.sarajeddini@kirkland.com) and Josh Greenblatt (josh.greenblatt@kirkland.com); and (f) proposed counsel to the Committee, McDermott Will & Emery LLP, Attn: Charles R. Gibbs (crgibbs@mwe.com), Marcus A. Helt (mhelt@mwe.com), and Maris Kandestin (mkandestin@mwe.com) (each, an "<u>OCP Notice Party</u>," and collectively, the "<u>OCP Notice Parties</u>").

b.     The OCP Notice Parties and any other party in interest shall have fourteen (14) days after the service of each OCP's Declaration of Disinterestedness to object to the retention of such OCP (the "<u>Objection Deadline</u>"). The objecting party shall serve any such objection upon the OCP Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen (14) days of its receipt, the matter shall be scheduled for hearing before this Court on no less than fourteen (14) days' notice or on a date otherwise agreeable to the parties thereto. For the avoidance of doubt, OCP Notice Parties and other parties in interest shall not have waived their respective abilities to file an objection to an OCP's Declaration of Disinterestedness even if that party failed to object to the Motion or to the OCP Notice naming that particular OCP.

c.     If no objection to the Declaration of Disinterestedness is received by the Objection Deadline with respect to any particular OCP, then retention of the OCP shall be deemed approved by this Court without a hearing or further order and the Debtors shall be authorized to retain such OCP (to the extent an objection was not filed). The Debtors shall be authorized to retain such OCP as of the date each such OCP commenced providing services, but no earlier than the Petition Date, to the Debtors and pay such OCP as set forth below. The Debtors' payment of each OCP shall be governed by the terms of this Order.

d.     The Debtors reserve the right to modify the OCP Lists as necessary to add or remove OCPs, from time to time, in their sole discretion. In the event the Debtors choose to add an OCP to the OCP Lists attached to this Order, the Debtors will file a notice with this Court listing the additional OCPs that the Debtors intend to employ, including the applicable "Tier 1", "Tier 2" or "Tier 3" designation (each, an "<u>OCP Notice</u>") and will serve each OCP Notice on the OCP Notice Parties. Each additional OCP listed in the OCP Notice shall file a Declaration of Disinterestedness on the Court's docket and serve it on the OCP Notice Parties in accordance with paragraph 2(a) of the Order. The OCP Notice Parties and any other party in interest shall have fourteen (14) days following the date of service of an OCP Notice to notify the Debtors' attorneys, in writing, of any objection to the proposed retention of any additional OCP, file any such objection with this Court, and serve any such objection upon each of the OCP Notice Parties so as to be actually received within fourteen (14) days of service of such OCP Notice. If any such objection cannot be resolved within fourteen (14) days of its receipt, the matter shall be scheduled for hearing before this Court on no

3

      less than fourteen (14) days' notice or on a date otherwise agreeable to the parties thereto.

e.     The Debtors shall be authorized to pay, without formal application to this Court by any OCP, 100 percent (100%) of the fees, costs and reimbursable expenses to each of the Tier 1 and Tier 2 OCPs retained pursuant to these procedures upon the OCP's submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; *provided that* while these chapter 11 cases are pending, (i) the fees of each OCP set forth on **Exhibit 1** attached hereto, excluding costs and reimbursable expenses, may not exceed $300,000 per month (the "Tier 1 OCP Cap"); and (ii) the fees of each OCP set forth on **Exhibit 2** attached hereto, excluding costs and reimbursable expenses, may not exceed $50,000 per month (the "Tier 2 OCP Cap," and together with the Tier 1 OCP Cap, the "OCP Caps"), *provided further that* while these Chapter 11 Cases are pending, the aggregate fees of each OCP set forth on **Exhibits 1 and 2** attached hereto, excluding costs and reimbursable expenses, may not exceed $1,150,000 and $250,000, respectively, beginning as of the Petition Date (the "Case Cap").

f.     To the extent an OCP on **Exhibit 1 or 2** seeks compensation in excess of the applicable OCP Cap (the "Excess Fees"), such OCP shall: (i) file with this Court a Notice of Fees in Excess of the OCP Cap (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and costs and reimbursable expenses actually incurred, including all time entries and all fees incurred by the OCP for the relevant month; and (ii) serve the Notice of Excess Fees on the OCP Notice Parties. OCP Notice Parties and parties in interest shall then have fourteen (14) days to file an objection to the Notice of Excess Fees with this Court. If after fourteen (14) days no objection is filed, the Excess Fees shall be deemed approved, and the OCP may be paid 100 percent (100%) of its fees and 100 percent (100%) of its costs and reimbursable expenses without the need to file a fee application. To the extent an OCP identified on **Exhibit 1 or 2** seeks compensation in excess of the respective Case Cap, the Debtors shall file an application to employ such OCP pursuant to sections 327 or 328 of the Bankruptcy Code, as applicable, and such OCP's compensation requested for services provided pursuant to the application filed, as well as related reimbursements for costs and expenses, shall be governed by the Court's order, if any, approving such OCP's employment.

g.     The Debtors shall be authorized to pay the fees for each OCP identified on **Exhibit 3** of the Order on a contingency fee basis pursuant the applicable prepetition agreements between the OCP and the Debtors; *provided, that* prior to the payment of any such contingency fee by the Debtors, the applicable OCP shall file and serve on the OCP Notice Parties a notice (a "Tier 3 Notice") setting forth (a) the amount of such fee, as well as all costs and reimbursable expenses sought by such OCP, (b) an explanation of how

4

        such fee was calculated, and (c) a brief description of the services provided, on fourteen (14) days' notice and opportunity for any party in interest to object. If no objection is filed after fourteen (14) days, the contingency fee, as well as all costs and reimbursable expenses set forth on the Tier 3 Notice shall be deemed approved, and the Debtors shall pay 100% of such fee, as well as all costs and reimbursable expenses, to the applicable OCP identified on Exhibit 3 without the need for a fee application. If any such objection cannot be resolved within fourteen (14) days of its receipt, the matter may be scheduled for hearing before this Court on no less than fourteen (14) days' notice or on a date otherwise agreeable to the parties thereto.

    h.    Beginning with the period ending on June 30, 2023 and in three-month increments thereafter while these chapter 11 cases are pending (each, a "Quarter"), the Debtors shall file with this Court and serve on the OCP Notice Parties, no later than thirty (30) days after the conclusion of such Quarter, a statement with respect to each OCP paid during the immediately preceding three-month period. Each OCP's statement shall include the following information: (i) the name of the OCP; (ii) the aggregate amounts paid to each OCP each month during the relevant quarter; (iii) the breakdown of the monthly amounts indicating: (a) the compensation for services rendered by the OCP, and (b) the costs and expenses incurred by the OCP; (iii) all aggregate postpetition payments made to that OCP to date as of the end of the relevant quarter; and (iv) a general description of the services rendered by that OCP. The initial OCP statement shall cover the period beginning on the Petition Date and ending June 30, 2023 and shall be filed no later than July 30, 2023.

3.    To the extent that any agreement between the Debtors and an OCP provides for the indemnification by the Debtors of such OCP in connection with the services that are the subject of this Motion (each such agreement, an "OCP Agreement"), such indemnification provisions are approved, subject to the following modifications, applicable during the pendency of these chapter 11 cases:

    a.    The OCP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by this Court.

    b.    Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to

5

        have arisen from the OCP's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which this Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by this Court.

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by this Court approving the payment. All parties in interest shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement. In the event that the OCP seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the OCP's own applications, both interim and final, but determined by this Court after notice and a hearing.

4.    This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court.

5.    Notwithstanding anything herein to the contrary, nothing in this Order shall prevent any party in interest from seeking a determination from this Court (a) requiring an OCP to file a separate retention application under sections 327(a) or 327(e) of the Bankruptcy Code or (b) altering the amount of the OCP Caps. Except as may be provided in paragraph 2(f) hereof, should the Debtors seek to increase the amount of one or both of the OCP Caps, the Debtors shall

6

file an appropriate motion with the Court, and all parties' rights are reserved with respect to such motion.

6. The Debtors shall not pay any OCP any amounts for invoiced fees and expense reimbursement until the applicable OCP has filed a Declaration of Disinterestedness with this Court and the applicable Objection Deadline has passed with no objections having been filed or, in the event an objection is filed, until such objection is resolved or upon order of this Court.

7. Nothing in this Order shall preclude an OCP from subsequently seeking retention as an estate professional under sections 327 or 328 of the Bankruptcy Code.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: May 12, 2023.**

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

### **Tier 1 Ordinary Course Professionals**

| OCP Name | Service |
|---|---|
| BDO USA LLP | Tax Services in 2022 / Audit 2022 Financials |
| Grant Thornton, LLP | Accounting / Lease Accounting |

**Exhibit 2**

**Tier 2 Ordinary Course Professionals**

| OCP Name | Service |
|---|---|
| Accel IP Law, PLLC | Legal |
| Allison U. Rovira, Attorney at Law | Legal |
| Bondurant Mixson & Elmore LLP | Legal |
| Burkhalter Law | Legal |
| Canero Lammers Fadul Acevedo, PLLC | Legal |
| Crowley Fleck | Legal |
| David M. DeClement | Legal |
| Leonard L. Levenson & Associates | Legal |
| McCormick | Landry Munoz, PLLC | Legal |
| Nichols, Cauley & Associates, LLC | Accounting |
| Parker Poe Adams & Bernstein, LLP | Legal |
| Robison, Curphey & O'Connell | Legal |
| Wimberley, Lawson, Steckel, Schneider | Legal |
| Young Moore and Henderson, P.A. | Legal |

## Exhibit 3

## Tier 3 Ordinary Course Professionals

| OCP Name | Service |
|---|---|
| James T. Johnston, Jr., LLC | Legal |

**<u>Exhibit 4</u>**

**Form of Declaration of Disinterestedness**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS OF [ENTITY] PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [Name], make this declaration (this "Declaration") under penalty of perjury:

1. I am a [Position] of [Company], located at [Street, City, State, Zip Code] (the "Company").

2. Mountain Express Oil Company and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide [specific description] services to the Debtors, namely [specific Debtor(s) for which services are being provided], and the Company has consented to provide such services. Although it will depend on particular services requested by the Debtors at a particular point in time, I anticipate that the fees, costs and expenses incurred by the Company for the duration of these chapter 11 cases will likely be in the range of $[_____] per month.

3. The Debtors have requested that the Company be categorized as a Tier [1/2/3] Ordinary Course Professional ("OCP") and abide by the Tier-specific paramaters as described more fully in the *Debtors' Amended Motion for Entry of an Order Authorizing the Retention and*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

*Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [Docket No. 343] and the *Order Authorizing the Retention of an Compensation of Certain Professionals in the Ordinary Course of Business* [Docket No ___] entered on May (_), 2023 (the "OCP Order").

4. The Debtors have provided the Company with a list of the Potential Parties-in-Interest, as amended (the "List"), included as Schedule 1 to the *Declaration of Jeffrey N. Pomerantz in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors Effective as of March 18, 2023*. *See* Docket No. 281, Exhibit A. The Company has reviewed the List, and run the List through its conflicts system. The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons on the List. The Company does not perform services for any such person on the List in connection with these chapter 11 cases or have any relationship with any such person on the List, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

5. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

6. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

7. [Legal Professionals:] Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds or

represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

8. [Non-Legal Professionals:] Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed, and the Company is a "disinterested person" within the meaning set forth in section 101(14) of title 11 of the United States Code

9. The Debtors owe the Company $_____ for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. During the 90-days preceding March 18, 2023, the Petition Date, the Company was paid $_____. [If applicable: The Company is currently holding a prepetition retainer of $_____. The Company shall apply any remaining amounts of its prepetition retainer as a credit towards fees, costs and reimbursable expenses incurred on or after March 18, 2023, subject to the OCP Order.]

10. I understand that the amount owed by any of the Debtors to the Company for prepetition services will be treated as a general unsecured claim, and, as such, the Company may file a proof of claim.

11. I further understand that this Declaration will not suffice as the Company's proof of claim.

12. To the extent the Company performs any services on behalf of a non-Debtor entity, including any non-Debtor affiliates, the Company will maintain separate timekeeping records with respect to such services and the Debtors' estates shall not be responsible in any way for such services.

13. As of March 18, 2023, which was the date on which the Debtors commenced these chapter 11 cases, the Company [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

14. [If there is an indemnification agreement]: Such agreement for indemnification (the "OCP Agreement") is subject to the following modifications, applicable during the pendency of the Debtors' chapter 11 cases:

   a. [The OCP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

   b. Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by the Court.

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement. In the event that the OCP seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim

    pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the OCP's own applications, both interim and final, but determined by the Court after notice and a hearing.]

15. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2023

                            [DECLARANT]

**Exhibit 1**

**OCP Agreement**