United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 15, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, et al., | Case No. 23-90147 (DRJ) |
| Debtors.[1] | (Joint Administration Requested) |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

(Related Docket No. 285)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for Professionals, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. All Professionals in these cases may seek compensation in accordance with the following procedures (the "Compensation Procedures"):

    a. On or after the fifth day of each month following the month for which compensation is sought, each Professional seeking compensation may file a fee statement with the Court (each, a "Monthly Fee Statement") to effect notice on each of the following parties: (a) the Debtors, Mountain Express Oil Company, Attn: Michael Healy, CRO (michael.healy@fticonsulting.com); (b) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 440 Louisiana Street, Suite 900, Houston, TX 77002, Attn: Jeffrey N. Pomerantz (jpomerantz@pszjlaw.com) and Benjamin L. Wallen (bwallen@pszjlaw.com); (d) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Jayson B. Ruff (Jayson.b.ruff@usdoj.gov); (e) counsel to the DIP Agent Greenberg Traurig LLP, Terminus 200, 3333 Piedmont Road NE, Suite 2500, Atlanta, GA 30305, Attn: John Elrod (elrodj@gtlaw.com) and Steven Rosenwasser (steven.rosenwasser@gtlaw.com); and (g) counsel to the Committee, McDermott Will & Emery LLP, 2501 North Harwood Street, Suite 1900 Dallas, Texas 75201, Attn. Charles R. Gibbs (crgibbs@mwe.com) and Marcus A. Helt (mhelt@mwe.com) (each, an "Application Recipient," and collectively, the "Application Recipients").

    b. Each Application Recipient or any other party in interest will have until 4:00 p.m. (prevailing Central Time) on the day that is twenty-one (21) days after the filing of a Monthly Fee Statement (the "Objection Deadline") to object to the requested fees and expenses in accordance with subparagraph (c) below. Upon the expiration of the Objection Deadline, the Debtors (or other party retaining such Professional, as applicable) are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (c) below (the "Actual Monthly Payment").

    c. If any Application Recipient or any other party in interest objects to a Professional's Monthly Fee Statement, the objecting party shall, on or before the Objection Deadline, serve via email a written notice upon the respective Professional and each of the Application Recipients (the "Notice of Objection to Monthly Fee Statement") setting forth the precise nature and basis of the objection and the amount at issue. Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors (or other party retaining such Professional, as applicable) shall be authorized to promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are

unable to reach a resolution of the objection within fourteen days (or such longer period as mutually agreed to by the Professional and the objecting party) after service of the Notice of Objection to Monthly Fee Statement, the objecting party shall file its objection (the "Objection") with this Court within three business days and serve such Objection on the respective Professional and each of the Application Recipients. Thereafter, such Professional may either (i) file with this Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount"), or (ii) forego payment of the Incremental Amount until the next hearing on an Interim Fee Application or a Final Fee Application (each as defined herein), at which time the parties may request that this Court consider the Objection.

d. Each Professional may submit its first Monthly Fee Statement on or after May 1, 2023. The first Monthly Fee Statement will cover the period from the Petition Date through March 31, 2023. Thereafter, the Professionals may submit Monthly Fee Statements in the manner described above.

e. Beginning with the period ending on June 30, 2023, and at three-month intervals thereafter (each, an "Interim Fee Period"), each of the Professionals may file with this Court and serve on the Application Recipients an interim fee application (each, an "Interim Fee Application") for payment of compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such Interim Fee Period. Each Interim Fee Application shall consist of (i) the Complex Case Fee Application Coversheet,3 the form of which is located on this Court's website, (ii) a copy of the invoices for the interim application period (if hourly) or a calculation of the fee due for the interim application period if non-hourly), (iii) an itemized list of expenses for which reimbursement is requested (if not contained in the copies of the invoices), and (iv) a proposed order in the form located on this Court's website. Parties will have twenty-one (21) days after service of an Interim Fee Application to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including June 30, 2023.

f. This Court may approve an uncontested Interim Fee Application without the need for a hearing if no objections are timely filed thereto. Upon allowance by this Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

g. The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

h.  Neither (i) the payment of, or the failure to pay, in whole or in part, monthly or interim compensation and reimbursement of expenses under the Compensation Procedures nor

---

3   See Procedures for Complex Cases in the Southern District of Texas, ¶ 60.

DOCS_LA:348374.4

(ii) the filing of, or failure to file, an objection shall bind any party in interest or the Court with respect to the interim or final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by this Court.

2. In each Interim Fee Application and Final Fee Application, all Professionals who (a) have been, or are hereafter, retained pursuant to sections 327 or 1103 of the Bankruptcy Code and (b) are not retained pursuant to an order entered in connection with the OCP Motion (the "Required Professionals") shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of this Court, both in connection with any Interim Fee Application and any Final Fee Application to be filed by the Required Professionals in these chapter 11 cases.

3. Each member of the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to counsel for the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

4. The Professionals shall only be required to serve (a) the Monthly Fee Statements and the Interim Fee Applications on the Application Recipients and (b) notice of hearings on the Interim Fee Applications on all other parties that have filed a notice of appearance with this Court and requested notice of pleadings in these chapter 11 cases.

5. A Professional shall not seek payment in a Final Fee Application for any amounts that such Professional previously sought in a Monthly Fee Statement or Interim Fee Application

if (a) such Professional voluntarily waived or reduced such amounts to resolve formal or informal objections or (b) such amounts were disallowed by order of this Court.

6. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:  May 12, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_LA:348374.4