IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*,[1] | ) ) ) | Case No. 23-90147 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION TO FILE UNDER SEAL THE SUPPLEMENTAL DECLARATION OF GEOFFREY RICHARDS IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF RAYMOND JAMES & ASSOCIATES, INC. AS INVESTMENT BANKER FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7, Southern and Western Districts of Texas (the "U.S. Trustee"), by and through his undersigned counsel, hereby submits his objection (the "Objection") to the *Debtors' Motion to File Under Seal the Supplemental Declaration of Geoffrey Richards in Support of the Debtors' Application for Entry of an Order (i) Authorizing the Employment and Retention of Raymond James & Associates, Inc. as Investment Banker for the Debtors, Effective as of the Petition Date and (ii) Granting Related Relief*, Docket No. 374 (the "Sealing Motion"). In support thereof, the U.S. Trustee states:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

I. **Preliminary Statement**

The Court should deny the Sealing Motion because the above-captioned Debtors ("Debtors") have not met their statutory burden for relief. There is a strong presumption under U.S. law that the public has a right to access judicial records. Only under limited circumstances should a court restrict or deny that access. In bankruptcy proceedings, courts may shield from disclosure "trade secret or other confidential research, development or commercial information." 11 U.S.C. § 107(b); FED. R. BANKR. P. 9018.

Debtors seek permission to seal the names of parties who contacted proposed investment banker Raymond James & Associates, Inc. and affiliates ("Raymond James") about their interest in providing debtor-in-possession financing in matters unrelated to the Debtors' cases. Sealing Motion, ¶ 7. The Court should deny that request for two reasons. First, the scope of the Bankruptcy Code's protection of confidential commercial information does not extend as far as Debtors claim. Virtually every investment banking firm providing services in bankruptcy cases has connections with parties who may provide debtor-in-possession financing (collectively "DIP Financing Providers"). Having existing relationships with potential DIP Financing Providers is not confidential commercial information protected from disclosure pursuant to 11 U.S.C. § 107(b) and it is the very information FED. R. BANKR. P. 2014 requires to be disclosed. Second, even if a current or former client name could qualify as confidential commercial information, the Sealing Motion provides no supporting evidence.

II. **Jurisdiction, Venue, and Constitutional Authority to Enter a Final Order**

1. The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

2.  The Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

3.  Kevin Epstein is the duly appointed United States Trustee for Region 7, Southern and Western Districts of Texas, under 28 U.S.C. § 581(a)(7). Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq* (the "Code"). Specifically, the U.S. Trustee is charged with a number of supervisory responsibilities in reorganization bankruptcy cases under chapter 11 of the Code, including monitoring the progress of such cases and taking such actions as the U.S. Trustee deems to be appropriate to prevent undue delay. 28 U.S.C. § 586(a)(3)(G).

### III.  Background

4.  On April 14, 2023, the Debtors filed an application seeking to employ Raymond James as their investment banker, Dkt No. 288 (the "Application"). The Application is supported by the Declaration of Geoffrey Richards, a Senior Managing Director at Raymond James, Dkt. No. 288-2 (the "Declaration") and the Supplemental Declaration of Geoffrey Richards, Dkt. No. 373 (the "Supplemental Declaration").

5.  The Supplemental Declaration discloses that Raymond James have had relationships with certain parties, whose names are redacted (the "Redacted Parties"), in matters unrelated to the Debtors' cases. *See* Doc. No. 373 at ¶ 9. The fees earned from the Redacted

Parties by Raymond James and its affiliates were less than 1% of Raymond James' annual revenue. *Id*.

### IV. Law and Argument

***a. Legal Standards***

6. There is a general right of public access to court records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 591 (1978); *see also Orion Pictures Corp. v. Video Software Dealers Assoc.,* 21 F.3d 24, 26 (2d Cir. 1994). In *Nixon v. Warner Communications, Inc.*, the Supreme Court stated that "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." 435 U.S. 591 (1978). This right of public access serves to "promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (*quoting Littlejohn v. BIC Corp*., 851 F.2d 673, 678 (3d Cir. 1988)). Thus, "[u]nder the common law, there is a long-standing presumption of public access to judicial records." *In re N. Bay Gen. Hosp., Inc*., 404 B.R. 429, 438 (Bankr. S.D. Tex. 2009) (*quoting Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 6 (1st Cir. 2005)).

7. The right to public access to court records is not absolute. In certain compelling and extraordinary circumstances, courts can deny or limit access to court records – generally where open inspection may be used as a vehicle for improper purpose. *Orion Pictures*, 21 F.3d at 27 (*citing Nixon*, 435 U.S. at 597-98).

8. Section 107(a) of the Code codifies the common law general right to inspect judicial records and documents. *Orion Pictures*, 21 F.3d at 26. It provides that all papers "filed in a case under this title . . . are public records and open to examination" by the public without charge. 11

U.S.C. § 107(a).  "This policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences Congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." *Orion Pictures*, 21 F.3d at 26.  "[D]ocuments filed in bankruptcy cases have historically been open to the press and general public," and there is a "strong presumption in favor of public access to judicial records and papers . . . ." *In re Continental Airlines*, 150 B.R. 334, 341 (D. Del. 1993); *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007).

9. Section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; . . .

11 U.S.C. § 107(b)(1).

10. Bankruptcy Rule 9018 provides the procedure for invoking a court's power under section 107:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

FED. R. BANKR. P. 9018.

11. To prevail in a request to seal court records, the movant must show that the interest of secrecy outweighs the presumption in favor of access.  *In re Gen Homes Corp.*, 181 B. R. 898, 903 (Bankr. S.D. Tex. 1995) (*citing In re Continental Airlines*, 150 B.R. 334 (D. Del. 1993)).  To

5

meet this burden, the movant "must demonstrate extraordinary circumstances and compelling need to obtain protection." *Food Mgmt. Group*, 359 B.R. at 561 (*citing Orion Pictures*, 21 F.3d at 27).

### b. *Debtors' Claims Fail for Lack of Legal and Evidentiary Support*

12. Debtors have not demonstrated that sealing the identities of the Redacted Parties' is justified as "confidential commercial information." Debtors cite no legal authority for the proposition that an estate-retained professional may shield the names of client connections from its mandatory disclosures under section 327 and Bankruptcy Rule 2014 and provide no evidence for why it should be permitted either. Debtors allege that disclosure of the Redacted Parties' names "could unduly disrupt the Debtors' efforts to consummate value-maximizing financing or sale transactions." Sealing Motion at ¶ 7. Debtors further allege that the "public disclosure of the current players in the financing and/or sale process could impact the Debtors' leverage in inducing potential buyers to make offers." Id. These unsubstantiated allegations should be rejected. *See U.S. v. Heerwagen*, 993 F.2d 1543, 1546, n.7 (5th Cir. 1993) ("It is well-established that unauthenticated documents cannot be considered in support of a motion for summary judgment."); *Duplantis v. Shell Offshore, Inc*., 948 F.2d 187, 192 (5th Cir. 1991) ("Material that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial."). Disclosing that an investment banker has relationships or connections with potential financers and/or buyers *in matters unrelated to Debtors* should not affect the sale or finance efforts in these bankruptcy cases.

13. Section 107(b)(1) specifies what may be sealed (*i.e*. confidential commercial information), and courts may not use section 105 to circumvent these restrictions. *See Law v. Siegel*, 571 U.S. 415, 421 (2014) ("It is hornbook law that § 105(a) does not allow the bankruptcy

court to override explicit mandates of other sections of the Bankruptcy Code.") (internal quotations omitted).

14.     Interested parties have a well-established right to assess the disinterestedness of estate professionals.  Bankruptcy Rule 2014 ensures transparency and confidence in the bankruptcy system.  Disclosure only to the Court, the U.S. Trustee, and the Official Committee of Unsecured Creditors does not satifsfy107(b)(1) of the Code and Bankruptcy Rule 9018 because that proposal does not afford other parties their right to receive the information, make an informed decision and  object if they deem appropriate.

### V.     Conclusion

For the reasons above, the Court should deny the Motion and grant any other relief as may be just and appropriate.

Dated: May 23, 2023              Respectfully Submitted,

                                 KEVIN M. EPSTEIN
                                 UNITED STATES TRUSTEE
                                 REGION 7, SOUTHERN and WESTERN
                                 DISTRICTS OF TEXAS

                                 By: /s/Jayson B. Ruff
                                 Jayson B. Ruff
                                 Trial Attorney
                                 Michigan Bar No. P69893
                                 515 Rusk, Suite 3516
                                 Houston, Texas 77002
                                 (713) 718-4662
                                 (713) 718-4670 Fax
                                 Email: jayson.b.ruff@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in these bankruptcy cases, on the 23rd day of May, 2023.

/s/ *Jayson B. Ruff*
Jayson B. Ruff, Trial Attorney