IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*, | Case No. 23-90147 (DRJ) |
| Debtors.[1] | Jointly Administered |

### EMERGENCY MOTION TO SEAL

> **Emergency relief has been requested. Relief is requested not later than May 25, 2023 at 1:00 p.m. (Prevailing Central Time).**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above captioned debtors and debtors in possession (the "Debtors"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rules 9013-1 and 9037-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), (i) authorizing the Committee to file under seal the Exhibit (the "Exhibits") to *The Official Committee of Unsecured Creditors' Witness and*

---

[1] A complete list of each of the Debtors in the Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in the Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

1

*Exhibit List* (the "W&E List"), which is being filed contemporaneously herewith, and (ii) granting related relief. In support of the Motion, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over the Chapter 11 Cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Committee confirms its consent to the entry of a final order with respect to this Motion, if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

2. Venue of the Chapter 11 Cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are Bankruptcy Code sections 105(a) and 107(b), Bankruptcy Rule 9018, Local Rules 9013-1 and 9037-1 and the Procedures for Complex Cases in the Southern District of Texas.

## BACKGROUND

### A. The Chapter 11 Cases

4. On March 18, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On April 4, 2023, pursuant to Bankruptcy Code section 1102, the Office of the United States Trustee for Region 7 (Southern and Western Districts of Texas) (the "U.S. Trustee")

2

appointed the following entities as members of the Committee: (a) The Necessity Retail REIT, Inc.; (b) Total Image Solutions, LLC; and (c) Coca-Cola Bottling Company United, Inc. *See* Docket No. 202. On April 5, 2023, the Committee selected McDermott Will & Emery ("McDermott") to serve as its counsel in connection with the Chapter 11 Cases, subject to Court approval. On April 6, 2023, the Committee selected Province, LLC ("Province") to serve as its financial advisor in connection with the Chapter 11 Cases, subject to Court Approval. The Committee filed its applications to retain McDermott and Province on May 5, 2023. *See* Docket Nos. 371 and 372.

      **B.**      **The Debtors' Sale Process**

6.      As this Court is aware, the Debtors are in the middle of a marketing process with the intention of consummating a value maximizing sale of substantially all of their assets.

      **C.**      **The Exhibits**

7.      On May 11, 2023, the Debtors filed their *Objection to the Debtors' Motion for Entry of Order (I) Ratifying the Appointment of Independent Directors Effective as of the Petition Date; and (II) Authorizing the Payment of Director Fees* [Docket No. 393] (the "Objection") under seal. The Committee will rely upon the Exhibits, which are included as exhibits to the Objection, in support of the Objection at the hearing scheduled for May 25, 2023 at 1:00 p.m. (Prevailing Central Time) (the "Hearing"). Certain information contained within the Exhibits relates to the contents of the Debtors' corporate governance documents provided to the Committee subject to confidentiality. The Committee, in consultation with the Debtors, has reason to believe that this information, if disclosed to the public, could have a serious detrimental impact on the Debtors and the Chapter 11 Cases. Accordingly, the Committee files this Motion to seal the Exhibits to protect

the Debtors' confidential information, the ongoing marketing and sale process, and the value of the Debtors' estates.

## RELIEF REQUESTED

8. By this Motion, the Committee requests that this Court enter an order, substantially in the form attached as **Exhibit A**, pursuant to Bankruptcy Code sections 105(a) and 107(b), Bankruptcy Rule 9018, and Local Rules 9013-1 and 9037-1, granting the Committee leave to seal the Exhibits, and granting such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF

9. Congress, through the Bankruptcy Code and the Bankruptcy Rules, was careful to balance the public's right to access the papers and proceedings generated by a bankruptcy case with a debtor's critical need to ensure sensitive business information remained confidential.

10. Bankruptcy Code section 107(b) enables the Court to protect entities from potential harm that might result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.

*Id.* Courts often provide this protection by using their inherent equitable powers, codified in Bankruptcy Code section 105(a), to authorize the filing of documents under seal. Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11. Additionally, Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the

court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." FED. R. BANKR. P. 9018.

12. If the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Assocs. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Moreover, the resulting order should be broad (*i.e.*, "any order which justice requires"). *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); FED. R. BANKR. P. 9018. "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

13. "Commercial information" that should be protected from public disclosure includes "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *see also Global Crossing*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information does not have to rise to the level of a trade secret to be protected under Bankruptcy Code section 107(b). *See Orion Pictures*, 21 F.3d at 27-28 (finding that section 107(b)(1) creates

an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature). Furthermore, unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Bankruptcy Code section 107(b) does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Orion Pictures*, 21 F.3d at 25 (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).

14. Here, the Committee seeks to preserve the confidentiality of sensitive information in the Exhibits that, if disclosed, may adversely impact the Debtors' sale process. Such information is the type of commercial information that is appropriately filed under seal. *See, e.g.*, *In re Hollander Sleep Prods., LLC.*, (No. 19-11608) (Bankr. S.D.N.Y. July 3, 2019) (authorizing the sealing of an exit backstop commitment letter and certain fee letters); *In re Nine West Holdings, Inc.*, (No. 18-10947) (Bankr. S.D.N.Y. Feb. 26, 2019) (authorizing the debtors to file under seal certain fee letters, and a backstop fee letter, and to redact certain portions of a term loan commitment letter and exit financing supplement); *In re Toys "R" Us, Inc.*, (No. 17-34665) (Bankr. E.D. Va. May 17, 2018) (authorizing the sealing of certain information regarding contracts, financials, and other confidential information, where such disclosure would create a risk of failure to consummate the related sale transaction); *In re The Gymboree Corp.*, (No. 17-32986) (Bankr. E.D. Va. Sept. 7, 2017) (authorizing the sealing of certain term sheets relating to real property leases filed as exhibits to the debtors' plan supplement); *In re Energy Future Holdings Corp.*, (No. 14-10979) (Bankr. D. Del. Oct. 27, 2015) (authorizing the debtors to file under seal

6

information relating to the seller, assets, and proposed bid amount, in connection with a competitive sale process).[2]

## EMERGENCY CONSIDERATION

15. Pursuant to Local Rule 9013-1(i), the Committee respectfully requests emergency consideration of this Motion. The Committee intends to rely upon the Exhibits at the Hearing. Accordingly, the Committee respectfully submits that emergency consideration of this Motion is warranted.

## NOTICE

16. The Committee will provide notice of this Motion to: (a) counsel to the Debtors, (b) the U.S. Trustee, and (c) any party that receives notice through the Court's Electronic Filing (CM/ECF) system. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

17. No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court (i) enter an order, substantially in the form attached as **Exhibit A**, sealing the Exhibits, and (ii) granting such other and further relief as the Court deems just and proper.

---

[2] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request.

Dated: May 24, 2023
       Dallas, Texas

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

*/s/ Charles R. Gibbs*
Charles R. Gibbs (Texas Bar No. 7846300)
Marcus A. Helt (Texas Bar No. 24052187)
Jane A. Gerber (Texas Bar No. 24092416)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
crgibbs@mwe.com
mhelt@mwe.com
jagerber@mwe.com

-and-

Maris J. Kandestin (admitted *pro hac vice*)
The Nemours Building
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711
mkandestin@mwe.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**CERTIFICATE OF ACCURACY**

I hereby certify that that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

*/s/ Charles R. Gibbs*
Charles R. Gibbs

**CERTIFICATE OF SERVICE**

I certify that on May 24, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Charles R. Gibbs*
Charles R. Gibbs