IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*, | Case No. 23-90147 (DRJ) |
| Debtors.[1] | Jointly Administered |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
MOTION TO EXTEND CHALLENGE PERIOD**
(Docket Nos. 384 and 390)

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The Official Committee of Unsecured Creditors (the "Committee") appointed in these chapter 11 cases (the "Chapter 11 Cases") of Mountain Express Oil Company and its debtor affiliates (collectively, the "Debtors") hereby files this motion (the "Motion"), pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the Challenge Period (as defined below). In further support of the Motion, the Committee respectfully states as follows.

---

[1] A complete list of each of the Debtors in the Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in the Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

1

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Committee confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Bankruptcy Code section 105(a) and Bankruptcy Rule 9006.

**RELEVANT BACKGROUND**

4. On March 18, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. In support thereof, the Debtors submitted the *Declaration of Michael Healy in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 57].

5. On April 4, 2023, Kevin M. Epstein, the United States Trustee for Region 7 (Southern and Western Districts of Texas), appointed the Committee in these Chapter 11 Cases.[2] Shortly thereafter, the Committee selected McDermott Will & Emery LLP to serve as its counsel and Province, LLC ("Province") to serve as its financial advisor.

6. The Debtors and the lenders thereunder (collectively, the "Prepetition Lenders") are parties to the Credit Agreement and other loan documents related thereto (together, the "Prepetition Loan Documents"). Presumably the Prepetition Loan Documents evidence and govern the obligations for principal, accrued and unpaid interest, fees, costs, expenses, indemnities, and other amounts arising thereunder that constitute prepetition secured debt of the Lenders (collectively,

---

[2] Docket No. 202.

the "Prepetition Obligations"). Allegedly, the Prepetition Obligations are secured by first-priority liens and security interests (the "Prepetition Liens") granted to First Horizon Bank, as Prepetition Agent and DIP Agent (the "Prepetition Agent"), in substantially all of the Debtors' assets (collectively, the "Prepetition Collateral").

7. On April 25, 2023, the Court entered the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-1, (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Prepetition Expense Status, (III) Granting Adequate Protection, and (IV) Granting Related Relief* (the "Final DIP Order") [Docket No. 332].

8. The Final DIP Order provides the Committee with just sixty days *from its appointment* (the "Challenge Period") to seek to avoid, object to, or otherwise challenge the validity, enforceability, extent, priority, or perfection of the Prepetition Secured Parties' liens and claims.[3] Accordingly, the Challenge Period expires on June 5, 2023 (the "Challenge Deadline").[4]

9. On May 9, 2023, the Committee filed the *Emergency Motion of the Official Committee of Unsecured Creditors (I) to Compel Production of Documents of First Horizon Bank, as Prepetition Agent and DIP Agent pursuant to Bankruptcy Rule 2004(c) and (II) for Entry of an Order Extending the Challenge Period* (the "Motion to Compel") [Docket No. 384].

10. On May 11, 2023, the Prepetition Agent filed the *Objection of First Horizon Bank, as Administrative Agent to the Official Committee of Unsecured Creditors' Emergency Motion (I) to Compel Production of Documents of First Horizon Bank, as Prepetition Agent and Agent*

---

[3] Final DIP Order ¶ 19.

[4] Sixty days from the appointment of the Committee is June 3, 2023, a Saturday. In accordance with Bankruptcy Rule 9006(a)(1)(C), the deadline is Monday, June 5, 2023.

*Pursuant to Bankruptcy Rule 2004(C) and (II) for Entry of an Order Extending the Challenge Period* (the "Objection") [Docket No. 390].

11. On May 11, 2023, the Court entered its Order on the Motion to Compel (the "Order") [Docket No. 391] requiring, among other things, the Prepetition Agent to produce all non-privileged responsive documents no later than 5:00 p.m. (Central time) on Friday, May 12, 2023 (the "Production Deadline"), requiring that all documents received by the Committee to be kept confidential and viewed only by the Committee's professionals pending further order, and instructing the Parties to jointly contact the Court's case manager to obtain a mutually convenient setting for a hearing to consider the Committee's request to extend the Challenge Date and to discuss appropriate limitations on confidentiality.

12. Prior to the Production Deadline, the Committee and the Prepetition Agent reached an agreement in principle to narrow the scope of the Prepetition Agent's document production, extend the Production Deadline, and extend the Challenge Period. More specifically, the parties agreed that the Production Deadline would be extended to allow the Prepetition Agent additional time to produce responsive documents, and for every day the Production Deadline is extended, the Committee will receive a commensurate one-day extension of the Challenge Period contained in the Final DIP Order (the "Challenge Period Extension Agreement").

13. Since reaching the Challenge Period Extension Agreement, the parties have been working to formalize their agreement in a stipulation and agreed order but are still working out language relating to the scope of production.

14. As the parties have not yet finalized the stipulation and agreed order, the Committee files this Motion out of an abundance of caution.

**BASIS FOR RELIEF**

15. By this Motion, the Committee requests entry of an order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1) extending the Challenge Period by the same number of days as the Production Deadline is extended. The Committee further requests that this extension be without prejudice to seek additional extensions of the Challenge Period for cause.

16. In *Marrama v. Citizens Bank of Massachusetts*, the Supreme Court held that Section 105(a) grants bankruptcy judges "broad authority [] to take any action that is necessary or appropriate 'to prevent an abuse of process.'" 549 U.S. 365, 375 (2007). The bankruptcy courts' broad authority under § 105(a) is limited by the language of the statute so that, "[u]nder § 105(a)], a court may exercise its equitable power only as a means to fulfill some specific Code provision." *In re Sanchez*, 372 B.R. 289, 309 (Bankr. S.D. Tex. 2007) (internal citations omitted).

17. The law is well-established in the Fifth Circuit: Section 105(a) is to be "interpret[ed] liberally," so long as any action taken pursuant to § 105(a) is "consistent with the rest of the Bankruptcy Code." *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 760 (5th Cir. 1995). Section 105(a) permits a bankruptcy court "to fashion such orders as are necessary to further the substantive provisions of the Bankruptcy Code." *Perkins Coie v. Sadkin (In re Sadkin)*, 36 F.3d 473, 478 (5th Cir. 1994) (quoting *Chiasson v. Bingler (In re Oxford Mgmt. Inc.)*, 4 F.3d 1329, 1333 (5th Cir. 1993)). Therefore, § 105(a) grants a bankruptcy court authority to exercise its equitable powers to achieve a result the Bankruptcy Code intended. *Id*. Furthermore, the bankruptcy court may exercise these equitable powers at its discretion. *Id*. at 478-79.

18. In addition, Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Challenge Deadline, without notice:

> [W]hen an act is required or allowed to be done at or within a
> specified period by [the Bankruptcy Rules] or by a notice given

>thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order[.]

FED. R. BANKR. P. 9006(b)(1). Thus, the Court, for cause shown, may at any time extend the time period within which an act is required when that time period was previously set by order of the Court. *Id*. The sixty (60) day Challenge Period within which the Committee may conduct its investigation was set and entered by the Court through the Final DIP Order. Therefore, it may be extended or enlarged by the Court in its discretion for cause shown.

19. For the reasons set forth in the Motion to Compel, and based on the parties' agreement, the Committee believes that cause exists to extend the Challenge Period.

## NOTICE

20. Notice of the Motion has been provided to (a) counsel to the Debtors, (b) the U.S. Trustee for the Southern District of Texas, (c) counsel for the Prepetition Agent, and (d) parties that have requested notice pursuant to Rule 2002-1(b) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas.

**CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A**, (a) extending the Committee's Challenge Period by the same number of days as the Prepetition Agent's Production Deadline is extended and (b) granting such other and further relief as the Court deems just and proper.

Dated: June 5, 2023                              Respectfully submitted,

*/s/ Marcus A. Helt*
Charles R. Gibbs (Texas Bar No. 7846300)
Marcus A. Helt (Texas Bar No. 24052187)
Jane A. Gerber (Texas Bar No. 24092416)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
crgibbs@mwe.com
mhelt@mwe.com
jagerber@mwe.com

-and-

Maris J. Kandestin (admitted *pro hac vice*)
The Nemours Building
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711
mkandestin@mwe.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 5, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

<pre>
                                        /s/ Marcus A. Helt
                                        Marcus A. Helt
</pre>