## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, et al., | Case No. 23-90147 (DRJ) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS OF PARKER POE ADAMS & BERNSTEIN LLP PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, Christian F. Torgrimson make this declaration (this "Declaration") under penalty of perjury:

1. I am a Partner of Parker Poe Adams & Bernstein LLP located at 1075 Peachtree Street, NE, Suite 1500, Atlanta, GA 30309 (the "Company").

2. Mountain Express Oil Company and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide legal services to the Debtors in connection with various condemnation matters in the State of Georgia, namely Mountain Express Oil Company, and the Company has consented to provide such services. Although it will depend on particular services requested by the Debtors at a particular point in time, I anticipate that the fees, costs and expenses incurred by the Company for the duration of these chapter 11 cases will likely be in the range of $5,000 - $10,000 per month.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

PPAB 9417115V2

3. The Debtors have requested that the Company be categorized as a Tier 2 Ordinary Course Professional ("OCP") and abide by the Tier-specific parameters as described more fully in the *Debtors' Amended Motion for Entry of an Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [Docket No. 343] and the *Order Authorizing the Retention of an Compensation of Certain Professionals in the Ordinary Course of Business* [Docket No 407], entered on May 15, 2023 (the "OCP Order").

4. The Debtors have provided the Company with a list of the Potential Parties-in-Interest, as amended (the "List"), included as Schedule 1 to the *Declaration of Jeffrey N. Pomerantz in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors Effective as of March 18, 2023. See* Docket No. 281, Exhibit A. The Company has reviewed the List, and run the List through its conflicts system. The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons on the List. The Company does not perform services for any such person on the List in connection with these chapter 11 cases or have any relationship with any such person on the List, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

5. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

6. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received

2

from the Debtors with any other person other than the principal and regular employees of the Company.

7. Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

8. The Debtors owe the Company $1,181 in worked unbilled time and $3,586 in worked billed time for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. During the 90-days preceding March 18, 2023, the Petition Date, the Company was paid $11,178. The Company is currently holding a prepetition retainer of $15,000. The Company shall apply any remaining amounts of its prepetition retainer as a credit towards fees, costs and reimbursable expenses incurred on or after March 18, 2023, subject to the OCP Order.

9. I understand that the amount owed by any of the Debtors to the Company for prepetition services will be treated as a general unsecured claim, and, as such, the Company may file a proof of claim.

10. I further understand that this Declaration will not suffice as the Company's proof of claim.

11. To the extent the Company performs any services on behalf of a non-Debtor entity, including any non-Debtor affiliates, the Company will maintain separate timekeeping records with respect to such services and the Debtors' estates shall not be responsible in any way for such services.

12. As of March 18, 2023, which was the date on which the Debtors commenced these chapter 11 cases, the Company was not party to an agreement for indemnification with certain of the Debtors.

13. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: June 8, 2023

Christian F. Torgrimson