United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 20, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered)<br><br>(Docket No. 661) |

**STIPULATION AND AGREED ORDER
(I) GRANTING, AS TO THE NECESSITY LANDLORDS, THE DEBTORS'
EMERGENCY FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES,
SUBLEASES AND RELATED CONTRACTS PURSUANT TO 11 U.S.C. § 365 AND (II)
RESOLVING THE NECESSITY LANDLORDS' MOTION FOR ENTRY OF AN ORDER
COMPELLING DEBTORS TO COMPLY WITH POST-PETITION OBLIGATIONS
UNDER UNEXPIRED LEASES OF REAL PROPERTY WITH RESPECT TO THE
REJECTED LEASES PURSUANT TO 11 U.S.C. § 365(d)(3)**

This Stipulation and Agreed Order is entered into between (a) Landlords (i) AFN ABSPROP001, LLC, (ii) ARG MESMOAR001, LLC, (iii) ARG MEVNAAL001, LLC, and (iv) ARG E19PCK001, LLC, each affiliated with The Necessity Retail REIT, Inc. (collectively, the "Necessity Landlords") and (b) the Debtors in the above-captioned case (collectively, the "Debtors," and the Debtors together with the Necessity Landlords, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on April 18, 2023, the Debtors filed their *Emergency First Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Unexpired Leases, Subleases, and Related Contracts Pursuant to 11 U.S.C. § 365, and (II) Granting Related Relief* [Docket No.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

295], which the Debtors later amended on May 3, 2023 [Docket No. 360] (as amended, the "Rejection Motion"),[2] seeking, among other things, entry of an order on an emergency basis to reject certain unexpired leases of real property between certain Debtors and the Necessity Landlords (the "Rejected Leases"), among other leases and contracts;

WHEREAS, on April 23, 2023, the Necessity Landlords filed their *(I) Objection to Debtors' Request for Emergency Relief and to Schedule Expedited Hearing Under Local Rule of Bankruptcy Procedure 9013-1(i) and (II) Preliminary Objection to Debtors' Emergency First Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Unexpired Leases, Subleases, and Related Contracts Pursuant to 11 U.S.C. § 365* [Docket No. 310] (the "Lease Rejection Objection"), which objected to the relief sought by the Rejection Motion on the grounds set forth therein;

WHEREAS, with the exception of the Lease Rejection Objection, no other counterparty to any of the other Rejected Agreements identified in the Rejection Motion timely filed an objection to the Rejection Motion;[3]

WHEREAS, on May 2, 2023, the Necessity Landlords filed their *Motion for Entry of an Order (I) Compelling Debtors to Comply with Post-Petition Obligations Under Unexpired Leases of Real Property Pursuant to 11 U.S.C. § 365(d)(3) and (II) Granting Related Relief* [Docket No. 353] (the "Motion to Compel"), which, among other things, sought to compel the Debtors to comply with their post-petition obligations under the Leases (as defined therein) on the grounds set forth therein;

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rejection Motion.

[3] For the avoidance of doubt, this Stipulation and Agreed Order does not address any Rejected Agreements other than the Rejected Leases and the Debtors will submit a separate order granting the Rejection Motion as to such other Rejected Agreements.

2

AFDOCS:198404155.2

WHEREAS, by agreement between the Parties, the Debtors' time to object or otherwise respond to the Motion to Compel has been extended through and including June 20, 2023;

WHEREAS, pursuant to Notices filed on June 13, 2023 [Docket No. 520] and June 14, 2023 [Docket No. 522], the hearings on the Rejection Motion and the Motion to Compel, respectively, are each currently scheduled to be held before the Bankruptcy Court on June 22, 2023 at 3:00 p.m. central time;

WHEREAS, the Parties have engaged in good-faith, arms' length negotiations with respect to the Rejection Motion and the Motion to Compel, and have reached the agreed resolution set forth herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The terms of this Stipulation and Agreed Order are hereby approved and so ordered.

2. The Rejection Motion is GRANTED as to the Rejected Leases subject to the terms set forth herein. The Rejected Leases set forth on Schedule 1 attached hereto shall be deemed rejected as of June 30, 2023 (the "Rejection Effective Date");

3. The Debtors hereby abandon, pursuant to 11 U.S.C. § 554, their right, title and interest in any remaining property, fixtures, equipment, and personal property, including, but not limited to, underground or above ground storage tanks and related equipment (and any fuel stored in such storage tanks), with respect to the premises subject to the Rejected Leases as of the Rejection Effective Date, free and clear of all liens, claims, encumbrances, and/or interests, provided that, the Necessity Landlords shall afford the Debtors the reasonable opportunity to remove any such property that is leased to the Debtors or is otherwise not property of the estates; provided further, that such removal by the Debtors shall be completed before the expiration of the Transition Period, and all costs associated with such removal shall be at the Debtors' sole expense.

AFDOCS:198404155.2

At the request of the Necessity Landlords, the applicable Debtor shall transfer or convey title and ownership in such abandoned property to the Necessity Landlords or their designee or assignee, effective as of the Rejection Effective Date.  The Necessity Landlords and/or their designee or assignee may use or dispose of such abandoned property without further notice or liability to the Debtors or any third party, or any further order of the Court.  To the extent applicable, the automatic stay under 11 U.S.C. § 362 is modified to permit such use or disposition, including but not limited to the transfers of title and ownership by the applicable Debtor.  The Necessity Landlords shall take any steps or actions required under applicable law to reflect the change in ownership as of the Rejection Effective Date of the underground or above ground storage tanks and related equipment.

4. Nothing in this Stipulation and Agreed Order shall be construed to authorize the suspension or waiver of environmental remediation obligations on account of the release of a hazardous material (including petroleum or any fraction thereof) prior to the Rejection Effective Date at the premises subject to the Rejected Leases, provided that, nothing in this Stipulation and Agreed Order shall entail the allowance of any administrative expense claim against the Debtors, or require the Debtors or the Necessity Landlords to incur any expense, for such environmental remediation obligations.  The Parties acknowledge that two of the premises subject to the Rejected Leases are currently undergoing remediation, in each case funded either by a third party or by an applicable state trust fund.

5. The period beginning as of the Rejection Effective Date and ending the date that is thirty (30) days thereafter (unless otherwise extended by the Necessity Landlords) shall be the "<u>Transition Period</u>."  During the Transition Period, the Debtors shall provide the Necessity Landlords and/or their designee or assignee with access to all third party vendors who assist with

AFDOCS:198404155.2

or oversee environmental compliance, including MVI Field Services, and such books, records, software, databases, personnel, and any related materials and such further records and/or materials that the Necessity Landlords and/or their designee or assignee may reasonably request relating to the Rejected Leases and the properties subject thereto, including, but not limited to, information concerning all environmental compliance records and requirements with respect to each such property.  During the Transition Period, the Debtors and their professionals shall facilitate, at the Necessity Landlords' expense, the orderly transfer of ownership and possession, effective as of the Rejection Effective Date, of (a) any underground or above ground storage tanks under or on properties subject to the Rejected Leases, (b) all records (or copies thereof) associated with the ownership and operation of such storage tanks, and (c) all environmental compliance records (or copies thereof) associated with the properties subject to the Rejected Leases, from the Debtors to the Necessity Landlords and/or their designee or assignee, in compliance with all applicable laws, regulations, and requirements, including but not limited to any registration requirements.  The Necessity Landlords agree to pay for the reasonable documented costs and expenses of the Debtors in connection with their compliance with this Paragraph 5.  Such reasonable documented fees and expenses shall be payable by offset against the amounts due to the Necessity Landlords pursuant to Paragraph 8 below and, in the event such amounts have been satisfied, shall be payable by the Necessity Landlords to the Debtors within seven (7) business days following request and submission of satisfactory documentation.

6. Upon the Rejection Effective Date, without further notice or Order of the Court, each of the Rejected Leases shall automatically be terminated as provided in each Rejected Lease.

7. The Debtors shall pay to the Necessity Landlords the amount of $176,100 on the date that is one (1) business day after the date that this Stipulation and Agreed Order is entered by

AFDOCS:198404155.2

the Court, representing amounts collected by the Debtors on account of the Rejected Leases for the period of June 1 through June 30, 2023.

8.      The Debtors shall pay to the Necessity Landlords the following amounts: (i) $50,000 on the date that is one (1) business day after the date that this this Stipulation and Agreed Order is entered by the Court, (ii) $125,000 on July 15, 2023, and (iii) $125,000 on August 15, 2023, representing a portion of post-petition rent accrued and outstanding under the Rejected Leases through and including April 30, 2023.

9.      The payments to be made by the Debtors to the Necessity Landlords under this Order shall be permanently allowed and not subject to disgorgement, reduction, reclassification, subordination, setoff, offset, reduction (except as provided in this Order), or other claim and shall not be otherwise challenged by the Debtors or any other party.

10.     As requested by the Necessity Landlords, the Debtors are hereby authorized and empowered to take such steps and actions as may be necessary or appropriate to effectuate an orderly wind-down of the provision and/or delivery of fuel to a premise subject to a Rejected Lease and shall, as soon as practicable, seek authorization to reject the fuel supply agreements with respect to each such location as of the Rejection Effective Date. The Necessity Landlords shall have no liability or obligations under or with respect to the fuel supply agreements.

11.     The Necessity Landlords shall have an additional allowed administrative claim in the amount of $636,400 (the "<u>Administrative Claim</u>"), consisting of (i) stub rent of $448,200 for the period of March 1 through March 18 under the Rejected Leases, and (ii) $188,200 in remaining unpaid post-petition amounts due and owing for April 2023. The Administrative Claim shall not be subject to offset, setoff, recoupment, avoidance, diminishment, or other challenge by the

AFDOCS:198404155.2

Debtors, and shall be paid in accordance with the provisions for payment of administrative claims as approved by the Court.

12. The Administrative Claim and this Stipulation and Agreed Order are without prejudice to the rights of the Necessity Landlords to seek any other amounts owed, if any, under any of the Leases, including but not limited to those Leases which are Rejected Leases, or any other relief that the Necessity Landlords would otherwise be entitled to under the terms of the Leases and under law or equity, including, but not limited to, the right to file one or more proofs of claim in the bankruptcy case for damages with respect to the Leases and/or the Rejected Leases, including but not limited to proofs of claim for damages under 11 U.S.C. § 502(b)(6), and all such rights of the Necessity Landlords are hereby reserved; *provided, however* that the Necessity Landlords shall not be entitled to assert any claims relating to (i) amounts due and owing prior to the Rejection Effective Date and/or (ii) any non-economic issues to the extent that the Debtors have disclosed such issues to the Necessity Landlords prior to the date of this Stipulation and Agreed Order and provided the Necessity Landlords with such other and further information that they might reasonably request with respect to such non-economic issues.

13. The deadline to file a proof of claim to assert any damage or other claim arising from the rejection of a Rejected Lease shall be the date fixed by the Court as the deadline to file general unsecured Proofs of Claim in the Chapter 11 Cases.

14. To the extent that it is applicable, the automatic stay under 11 U.S.C. § 362, is modified with respect to the Rejected Leases and the property subject thereto in order to allow the Necessity Landlords to exercise all rights and remedies in law, in equity or otherwise, with respect to the Rejected Leases and the property subject thereto to the fullest extent possible, without need for any or further order of the Court.

AFDOCS:198404155.2

15. Each of the following shall constitute a "Acceleration Event" with respect to this Stipulation and Agreed Order: (i) an order is entered converting any of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code; (ii) an order is entered dismissing any of the Chapter 11 Cases; (iii) an order is entered appointing a trustee, receiver, examiner with expanded powers, or other such fiduciary in the Chapter 11 Cases; (iv) the Debtors' use of and access to cash collateral is terminated; (v) the Debtors' use of and access to its Debtor-in-Possession Financing is terminated; (vi) any person, including the Debtors, attempts to challenge, stop, recover, or otherwise delay any of the payments to the Necessity Landlords provided for under this Stipulation and Agreed Order; and (vii) the Debtors fail to timely make any of the payments to the Necessity Landlords provided for under this Stipulation and Agreed Order. In case of an Acceleration Event, then the Necessity Landlords may, at their option, reinstate all amounts that would be due and owing under the Leases and the Rejected Leases as of such date, and all such amounts shall become immediately due and payable without any further action or any order of the Court; provided for the avoidance of doubt that all other terms of this Stipulation and Agreed Order survive an Acceleration Event and remain fully enforceable.

16. The Motion to Compel is WITHDRAWN WITHOUT PREJUDICE. All rights of the Necessity Landlords and the Debtors respectively, in connection with leases or other agreements between the Debtors and the Necessity Landlords, excluding the Rejected Leases, are preserved and unaffected by this Order. All outstanding discovery with respect to (i) the Rejection Motion and (ii) the Motion to Compel is held in abeyance indefinitely until such further order of the Court or Necessity Landlords' election following the occurrence of an Acceleration Event.

AFDOCS:198404155.2

17. The Parties executing this Stipulation and Agreed Order hereby represent and warrant that they are authorized to execute this Stipulation and Agreed Order on behalf of the entities named in their corresponding signature block.

18. Upon entry of this Stipulation and Agreed Order, the Parties represent and warrant to each other that this Stipulation and Agreed Order shall be valid, binding, and enforceable by and against each of the Parties hereto.

19. The Parties acknowledge that they have read and fully understand the terms of this Stipulation and Agreed Order and agree that they are entering into this Stipulation and Agreed Order knowingly and voluntarily and agree to all of its provisions.

20. The terms of this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

21. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Agreed Order.

**IT IS SO ORDERED.**

Signed: June 20, 2023.

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

[signatures of counsel appear on following page]

AFDOCS:198404155.2

| | |
|---|---|
| *On behalf of the Necessity Landlords:* | *On behalf of the Debtors:* |

| | |
|---|---|
| **ARENTFOX SCHIFF LLP** | **PACHULSKI STANG ZIEHL & JONES LLP** |
| */s/ Beth M. Brownstein* | */s/ Michael D. Warner* |
| Andrew I. Silfen (*pro hac vice*) | Michael D. Warner (SBT 00792304) |
| Beth M. Brownstein (*pro hac vice*) | Steven W. Golden (SBT 24099681) |
| 1301 Avenue of the Americas, Floor 42 | 440 Louisiana Street, Suite 900 |
| New York, NY 10019 | Houston, TX 77002 |
| Tel: (212) 484-3900 | Tel: (713) 691-9385 |
| Fax: (212) 484-3990 | Fax: (713) 691-9407 |
| Email: andrew.silfen@afslaw.com | Email: mwarner@pszjlaw.com |
| beth.brownstein@afslaw.com | sgolden@pszjlaw.com |
| | |
| *Counsel to AFN ABSPROP001, LLC, ARG MESMOAR001, LLC, ARG MEVNAAL001, LLC, and ARG E19PCK001, LLC* | -and- |
| | Jeffrey N. Pomerantz (*pro hac vice*) |
| | Jeffrey W. Dulberg (*pro hac vice*) |
| | 10100 Santa Monica Blvd., 13th Floor |
| | Los Angeles, CA 90067 |
| | Tel: (310) 277-6910 |
| | Fax: (310) 201-0760 |
| | Email: jpomerantz@pszjlaw.com |
| | jdulberg@pszjlaw.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |

AFDOCS:198404155.2

**Schedule 1**

(*Rejected Leases*)

*Listed in Alphabetical Order by State and City*

| Store No. | Property Location Information | | | | Contract Counterparty(ies)[1] | Debtor Entity | Contract Title[2] | Contract Description |
|---|---|---|---|---|---|---|---|---|
| | Address | City | State | Zip | | | | |
| 551 | 3259 Alabama Hwy 157 | Cullman | AL | 35058 | VAULT CS 3259 CULLMAN LLC | MEX NORTH ALABAMA LLC | LEASE AGREEMENT | Lease |
| 561 | 200 Governors Drive | Huntsville | AL | 35801 | VAULT CS GOVERNORS | MEX NORTH ALABAMA LLC | LEASE AGREEMENT | Lease |
| 560 | 8000 (a/k/a 8150) Whitesburg Drive S. | Huntsville | AL | 35802 | VAULT CS WHITESBURG LLC | MEX NORTH ALABAMA LLC | LEASE AGREEMENT | Lease |
| 557 | 8500 Old Madison Pk. | Huntsville | AL | 35758 | VAULT CS MADISON PK. LLC | MEX NORTH ALABAMA LLC | LEASE AGREEMENT | Lease |
| 567 | 21 Cherry Street (a/k/a 7454 Hwy 19) | Vina | AL | 35593 | VAULT CS VINA LLC | MEX NORTH ALABAMA, LLC | LEASE AGREEMENT | Lease |
| 675 | 3631 Hwy 367 S. | Searcy | AR | 72143 | VAULT CS 3631 HWY 367 LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | Lease |
| 528 | 2155 Buford Dam Rd. | Buford | GA | 30518 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 181 | 2380 Peachtree Industrial Blvd. | Buford | GA | 30518 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 153 | 2619 Holly Springs Pkway | Canton | GA | 30115 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 413 | 1801 Sigman Rd NW | Conyers | GA | 30012 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |

---

[1]   In certain instances, identified contract counterparties may be predecessors in interest to current contract counterparties.  *See* Docket No. 293.

[2]   Any and all amendments, supplements, restatements, extensions, and other modifications of each agreement listed herein are incorporated by this reference, whether or not they are expressly listed below.

| Store No. | Property Location Information | | | | Contract Counterparty(ies)[1] | Debtor Entity | Contract Title[2] | Contract Description |
|---|---|---|---|---|---|---|---|---|
| | Address | City | State | Zip | | | | |
| 359 | 9123 US-278 | Covington | GA | 30014 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 271 | 4150 Hwy 19 | Dahlonega | GA | 30533 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 457 | 1431 Bowman Hwy | Elberton | GA | 30635-3905 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 289 | 4209 Jonesboro Rd. | Forest Park | GA | 30297 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 486 | 4700 Jonesboro Rd. | Forest Park | GA | 30297 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 366 | 10355 Tara Blvd | Jonesboro | GA | 30014 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 606 | 10801 E. Veterans Memorial Hwy | Lithia Springs | GA | 30122 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 374 | 3229 Bankhead Hwy | Lithia Springs | GA | 30122 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 405 | 780 Conyers Rd. | Loganville | GA | 30052 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |

| Store No. | Property Location Information | | | | Contract Counterparty(ies)[1] | Debtor Entity | Contract Title[2] | Contract Description |
|---|---|---|---|---|---|---|---|---|
| | Address | City | State | Zip | | | | |
| 497 | 1105 Gray Hwy | Macon | GA | 31211 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 415 | 3705 Irwinton Rd | Macon | GA | 31217 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 241 | 3425 Medlock Bridge Rd. | Norcross | GA | 30092 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 183 | 336 Hwy 138 SW, Suite A | Riverdale | GA | 30274 | VAULT CS 336 HWY 138 LLC, | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | Lease |
| 498 | 2355 Scenic Hwy | Snellville | GA | 30078 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 485 | 4606 E. Fairview Rd. SW | Stockbridge | GA | 30281 | ARG ME19PCK001 LLC | MOUNTAIN EXPRESS OIL COMPANY | MASTER LEASE AGREEMENT | Lease |
| 190 | 12499 Hwy 27 | Summerville | GA | 30747 | VAULT CS SUMMERVILLE LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | Lease |
| 220 | 6425 Bells Ferry Rd. | Woodstock | GA | 30189 | VAULT CS 6425 BELLS FERRY LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | Lease |
| 514 | 5270 E. Hwy 83 | Rio Grande City | TX | 78582 | VAULT RS RIO GRANDE LLC | TEXAS MEX LIMITED COMPANY LLC | LEASE AGREEMENT | Lease |