IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, et al., | § § § | Case No. 23-90147 (DRJ) |
| Debtors.[1] | § § | (Jointly Administered) |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' EMERGENCY BID PROCEDURES MOTION
(Related to Docket No. 536)

To the Honorable David R. Jones,
United States Bankruptcy Judge:

BFM Enterprises, LLC, BFM Operations, LLC and their affiliates (collectively, "**BFM**") submits this *Limited Objection and Reservation of Rights to Debtors' Emergency Bid Procedures Motion* (the "*Limited Objection*"), and respectfully shows:

### Brief Summary of Limited Objection

1. Since the start of these cases, BFM has attempted to work with the Debtors to resolve a number of contract issues and discrepancies between the Debtors books and records and BFM's. However, as further described and detailed herein, the Debtors' recently filed Schedules reveal that there remain significant deficiencies and inaccuracies in those books and records that may implicate the expedited contract assumption and cure process proposed by the Debtors. Moreover, the accuracy and access to the data in the Debtor's PDI system—the system that controls the financial and pricing data for many of the Debtors' and BFM Operations's C-Stores—

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

1

has been a source of dispute. This has created issues preparing accurate financials, as well as maintaining accurate inventory pricing at many of BFM's C-Stores. Given these widespread and continuing deficiencies, there are serious concerns regarding the veracity, completeness and reliability of the information being made available in the data room, at least to the extent it relates to BFM and the properties/locations involved in MEX's Brothers Food Mart acquisition.

2. Given these concerns regarding access to accurate information against the expedited contract assumption and cure process in the proposed bid procedures schedule, BFM files this limited objection to the *Debtors' Emergency Motion for Entry of Orders (A)(I) Authorizing Asset Purchase Agreement for Sale of Substantially All of Debtors Assets, (II) Approving Bid Procedures for Sale of Debtors Assets, (III) Approving Bid Protections, (IV) Scheduling Certain Dates with Respect Thereto, (V) Approving the Form and Manner of Notice Thereof, and (VI) Approving Contract Assumption and Assignment Procedures; (B) Approving (I) Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (II) Assumption and Assignment of Certain Contracts and Leases; and (C) Granting Related Relief* [Docket No. 536] (the "**Bid Procedures Motion**").

## Background

3. BFM owns the trade name, trademarks and logos associated with "Brothers Food Mart" and, as part of a transaction in 2021 where certain Debtors acquired (approximately forty) convenience stores operating under the Brothers Food Mart trade name, provided a License Agreement[2] to Mountain Express Oil Company ("**MEX**") for use of the "Brothers" trade name, trademarks and logos. A copy of the License Agreement is attached hereto as **Exhibit 1**. BFM

---

[2] Terms not defined herein shall have the same meaning as set forth in BFM's Limited Objection and Reservation of Rights to Debtors' Emergency Motion for Entry of an Order Establishing Procedures for Dealer Conversion Transaction [Dkt No. ].

2

asserts that MEX has defaulted under its obligation under the License Agreement and has provided Debtors' counsel with a summary of such defaults by correspondence dated June 7, 2023, a copy of which is attached hereto as **Exhibit 2**.

4. Additional information regarding the above-described transaction, some of the agreements between the parties, and the dispute between BFM and the Debtors is set forth in BFM's *Limited Objection and Reservation of Rights to Debtors' Emergency Motion for Entry of an Order Establishing Procedures for Dealer Conversion Transactions* [Docket No. 271] attached hereto as **Exhibit 3**.

## Objection

5. BFM hereby objects to the Bid Procedures Motion on the following grounds:

6. **Schedule Information Accuracy and Completeness.** The information contained in Debtors' bankruptcy schedules ("*Schedules*") and statements of financial affairs ("*Statements*") is either incomplete, inaccurate or unintelligible to the point that it raises serious due process concerns regarding the reliability and completeness of the information in the data room and for use in the expedited cure process proposed by the bid procedures. Without reliable and accurate information, prospective buyers will not be able to accurately assess and value many of the Debtors' assets. This may result in the Debtor's not being able to attain the maximum value for their assets. These deficiencies include, but are not limited to, the following:

> (i) **Schedule Deficiencies.** Many of the purported unsecured creditors scheduled in MEX's Schedule E/F are not identified by name, but instead by incomplete street addresses. [See Docket No. 663, p.235–249]. Without a name, it is unclear how the Debtors (or those creditors) will be able to cross reference this list with the schedule of Executory Contracts to determine cure amounts. (Coincidentally, the name and notice address of the contract counter party are not information that the Debtors are required to include in the Cure Notice. *See* Docket No. 536 ¶ 22.a.).

    (ii) **License Agreement Not Scheduled.** Despite our prior pleadings [Docket No. 189] and our June 6, 2023 notice to Debtors' counsel, the License Agreement, which controls the "Brothers Food Mart" brand for approximately forty of MEX's C-Stores located in Louisiana, is not scheduled on the MEX's Schedule G or on its response to Question 62 of Schedule A/B [*See* Docket No. 663, p.212].

    (iii) **Missing LA Contracts.** It does not appear that any contracts, dealer agreements, leases or license agreements between MEX and any of the forty "Brothers Food Mart" Louisiana C-Stores are listed on the MEX's Schedule G or anywhere else in MEX's Schedules. It may be possible, though unlikely, that these could be scheduled in other affiliated Debtors' cases, but that would highlight concerns about the delays in those Debtors filing Schedules in these cases.

    (iv) **Schedules Not Yet Filed.** Most (if not all) of the Retail Dealers related to the Brothers Food Mart transaction have not yet filed their Schedules and Statements and have until July 21, 2023 to file them. July 21, 2023 is also the proposed deadline for the submittal of Qualified Bids. If the information necessary to file the accurate schedules is not available, what information is being provided to interested buyers and how are those buyers able to accurately assess the value of those Retail Dealers? And what information will be used to generate cure schedules and notices within four (4) days of entry of an order approving the proposed bid procedures.

7.    **Notice and Due Process Concerns with Procedures Timeline.** The deadlines set forth in the Bid Procedures Motion are unrealistic raising notice and due process concerns, especially for contract counter parties of the Debtors.

    i. BFM is concerned that because of the issues identified above, the Debtors will be unable to meet the deadline to file an accurate and complete contract Assumption and Assignment Notice four (4) days after Bid Procedures Motion is granted.

    ii. Because many of the contract counterparties in MEX's Schedule E/F are not listed by name, but instead by incomplete street addresses and much of the financial data in the PDI system, at least as it pertains to the BFM related entities, is incomplete or inaccurate, the July 12, 2023 deadline, which equates to eight (8) business days, for objections to the cure amount is unrealistic.

    iii. The deadline for the submission of Qualified Bids is the same day as the deadline for the Retail Dealers to file their schedules raising the issue of how those assets are currently being marketed to potential bidders.

iv. The deadline to file adequate assurance objections is the first business day after the auction which raises obvious notice and due process issues. How will contract counterparties receive adequate notice of the successful bidder(s) and their proposed form of adequate assurance of future performance sufficient to evaluate and, if necessary, file an objection?

v. If a Contract Objection is not resolved giving rise to a Cure Dispute, the Debtors should be required prior to assumption and assignment of that contract to deposit the *full* asserted cure amount into a segregated bank account.

vi. The proposed bid procedures do not provide a dispute resolution process for nonmonetary cure objections.

vii. The proposed bid procedures appear to improperly alter contract rights, including but not limited to mandatory arbitration provisions similar to those in the License Agreement.

8. **Accuracy and Access to the PDI System Data.** The financial data in the PDI system, which the Debtors are supposed to maintain, has been the source of dispute, at least as it pertains to the BFM's C-Stores. Without accurate data and adequate access to that data in the PDI system, both the Debtors and BFM cannot accurately prepare financial reports. Nor will either the Debtors or BFM be able to accurately determine cure amounts or debts owed. This raises concerns about the Debtors' ability to produce accurate financials and lists of contracts and cure amounts related to contracts between the Debtors and BFM.

9. **Emergency Relief.** The Debtors seek emergency approval of an expedited sale process, but they have been unable to timely file Schedules listing all of the necessary data to value these assets. Further, given the identified deficiencies in the Schedules and the PDI system, it is not clear that the information in the data room is complete and accurate.

10. For the above reasons, the Debtors' proposed Bid Procedures should be amended to address the cure and adequate assurance due process concerns raised herein, with leave for to

contract counterparties to file for emergency relief if the necessary financial information is not available from the Debtors to determine cure amounts.

## Reservation of Rights

11.  Nothing herein shall be considered as a waiver of any rights or claims that BFM might have against the Debtors, their subsidiaries and affiliates. BFM reserves the right to amend and supplement this Limited Objection and/or join in any other statements and/or objections related to the relief requested by the Debtors. The submission of this Limited Objection by BFM is not intended as, and shall not be construed as:

    a. BFM's admission of any liability or waiver of any defenses or limitations of any rights of BFM with respect to any rights it may have under the License Agreement or any of the other documents related to the transaction;

    b. An election of remedies;

    c. Consent to the determination of the Debtors' liability to BFM by a particular Court, including without limitations, the Bankruptcy Court; or

    d. A waiver of the binding arbitration provision contained in the License Agreement.

## Conclusion

BFM Enterprises, LLC, BFM Operations, LLC and its affiliates respectfully request that the Court (i) sustain this Limited Objection; (ii) deny the Debtors' Bid Procedures Motion or limit such relief as set forth herein; and (iii) for such other relief as the Court deems just and proper.

Dated: June 21, 2023

Respectfully submitted,

*/s/ Omer F. Kuebel, III*
Omer F. Kuebel, III
Federal Bar No. 32595
Louisiana State Bar No. 21682
LOCKE LORD LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 558-5155
Facsimile: (504) 558-5200
Email: rkuebel@lockelord.com

Philip G. Eisenberg
Texas Bar No. 24033923
Simon R. Mayer
Texas Bar No. 24060243
**LOCKE LORD LLP**
600 Travis St., Suite 2800
Houston, TX 77002
Telephone:  (713) 226-1200
peisenberg@lockelord.com
simon.mayer@lockelord.com

***Attorneys for BFM***

**Certificate of Service**

I certify that on June 21, 2023, a copy of the foregoing document was served via the Court's Electronic Case Filing System on all parties registered for such service.

*/s/ Simon R. Mayer*
Simon R. Mayer

7