IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF FIRST HORIZON BANK, AS DIP AGENT TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF ORDERS (A)(I) AUTHORIZING ASSET PURCHASE AGREEMENT FOR SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS, (II) APPROVING BID PROCEDURES FOR SALE OF DEBTORS' ASSETS, (III) APPROVING BID PROTECTIONS, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, (V) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (VI) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES; (B) APPROVING (I) SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES; AND (C) GRANTING RELATED RELIEF**

First Horizon Bank, as Administrative Agent for the DIP Loans and prepetition secured loans (the "Agent") objects to the *Debtors' Emergency Motion For Entry Of Orders (A)(I) Authorizing Asset Purchase Agreement For Sale Of Substantially All Of Debtors' Assets, (II) Approving Bid Procedures For Sale Of Debtors' Assets, (III) Approving Bid Protections, (IV) Scheduling Certain Dates With Respect Thereto, (V) Approving The Form And Manner Of Notice Thereof, And (VI) Approving Contract Assumption And Assignment Procedures; (B) Approving (I) Sale Of Certain Assets Free And Clear Of All Liens, Claims, Encumbrances, And Other Interests, And (II) Assumption And Assignment Of Certain Contracts And Leases; And (C) Granting Related Relief* [Doc. 536] (the "Motion").[1] In support of its Objection, the Agent states as follows:

---

[1] All capitalized terms not specifically defined herein shall have the meaning ascribed to them in the Motion or in the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-1, (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Prepetition Expense Status, (III) Granting Adequate Protections, and (IV) Granting Related Relief* [Docket No. 332] (the "Final DIP Order").

1

**INTRODUCTION**

The Debtors are required, as a condition to their post-petition financing, to seek a bidding procedures order acceptable to the Agent. While the Agent supports a value-maximizing sale process that complies with prior orders of this Court, the process outlined by the Debtors in the Motion is not designed to maximize value, does not respect the rights of the Agent as a DIP lender, and does not comply with the Debtors' obligations under the Final DIP Order. The Agent has attempted to resolve these issues with the Debtors to avoid litigation over this matter, but the Debtors have shown no willingness to consent to the reasonable requests of the Agent. Accordingly, the Agent files this limited objection to the proposed bidding procedures, which should be modified as detailed herein.

**BACKGROUND**

**A.      Case Background**

1.      On March 18, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

**B.      The Prepetition Debt Obligations and Liens**

2.      The Debtors and the lenders thereunder (collectively, the "Prepetition Lenders") are parties to that First Amended and Restated Credit Agreement, dated as of March 12, 2020 (as amended, amended and restated, supplemented or otherwise modified from time to time, the "Prepetition Agreement," and, together with the other Loan Documents (as defined in the Prepetition Agreement), the "Loan Documents"). The Loan Documents evidence and govern the

obligations of the Debtors for principal, accrued and unpaid interest, fees, costs, expenses, indemnities and other amounts arising under the Loan Documents totaling not less than $171,641,151.00 (the "Prepetition Obligations").[2] The Prepetition Obligations are secured by first priority liens and security interests (the "Prepetition Liens") granted to the Agent, on the collateral described and defined in the Loan Documents for the Prepetition Loan.

**C.     The DIP Loan**

3.      On April 25, 2023, the Court entered the Final DIP Order.

4.      Pursuant to the Final DIP Order, the Agent agreed to loan an additional $37,850,000 to finance these cases, which amounts are secured by liens on all assets of these estates. Accordingly, the total funded and unfunded obligations owing from the Debtors to the Agent total not less than $209 million.

5.      Prior to and during the final DIP hearing, the terms and form of the Final DIP Order were heavily negotiated by the Debtors, the Agent and the Committee.

6.      The Final DIP Order provides, at paragraph 20(e), that a condition to the Debtors' receipt of advances under the DIP facility is that "[n]ot later than one hundred ten (110) days after the Petition Date, the Debtors shall obtain entry of an order of the Court, in form and substance acceptable to the DIP Agent approving the Bid Procedures Motion."  This provision is one of several Case Milestones contained in the Final DIP Order.

7.      Paragraph 21 of the Final DIP Order provides that the failure of the Debtors to comply with the Case Milestones will result in the termination of the DIP Facility and the DIP Loans and all other DIP Obligations shall mature and be due and owing, upon the Agent's and the DIP Lenders' election.

---

[2] *See* Final DIP Order at p.6, ¶ 2.

8. Prior to the filing of the Motion, the Debtors' counsel circulated a draft of the Motion and proposed order to the Agent's counsel. The Agent's counsel provided proposed revisions to the proposed order to the Debtors' counsel. A true and correct copy of a form of proposed order containing the Agent's comments is attached hereto as Exhibit A.

9. The Debtors' counsel failed to accept the bulk of these comments instead insisting, without further explanation, that the Debtors must control the sale process.

10. Since the Motion was filed, the Agent's counsel has contacted the Debtors' counsel regarding a potential resolution of the issues outlined herein. The Debtors' counsel has failed to respond.

**BASIS FOR OBJECTION**

**I.  The Debtors are triggering a default under the DIP Facility by failing to agree to a form of order acceptable to the Agent.**

11. At the outset, it should be noted that the Debtors are putting these cases at risk by failing to seek an order acceptable to the Agent. The Final DIP Order clearly provides that, to obtain financing and maintain access to the DIP Facility, the Debtors must obtain an order in "form and substance acceptable to the DIP Agent" approving the Motion.

12. By disregarding the Agent's comments to the proposed order, the Debtors are not complying with the Final DIP Order and their prior agreement on this issue. Moreover, the Debtors are putting the viability of these cases at risk given that the Debtors may lose access to their financing if an order acceptable to the Agent is not submitted to the Court.

13. This possibility not only impacts the Agent but has potentially devastating consequences for the Debtors and other creditors in these cases. For these reasons alone, the proposed bid procedures should be modified as requested by the Agent.

**II. The Agent is entitled to consent rights over the sale process.**

14. Without any valid explanation, the Debtors have rejected the Agent's reasonable request for consent rights over the sale process.

15. This Court, as well as bankruptcy courts throughout the country, regularly approve consent rights in favor of secured lenders. *See, e.g., In re Athenex, Inc.*, Bankr. Case No. 23-90295 (DRJ) at Docket No. 113; *In re Bayou Steel BD Holdings, L.L.C., et al.,* Bankr. Case No. 19-12153 (KBO) at Docket No. 224.

16. Despite precedent and the requirements of the Final DIP Order, the Debtors have insisted on controlling the auction process without providing appropriate consent rights in favor of the Agent.

17. The Agent will receive the first money out from any sale of the Debtors' assets given its liens in the Debtors' assets, and therefore the auction process should be acceptable to the Agent. Accordingly, as is customary in chapter 11 cases, it is appropriate for the Agent to have the consent rights that it has requested.

18. Unless the purchase price clears the debt owing to the Agent, the Agent has statutory right to block any sale pursuant to 11 U.S.C. § 363(f). It would be far better to provide the Agent with the requested consent rights at the bidding procedures approval phase of the case rather than risk a sale objection which could impede the sale process. This would also avoid further litigation over these issues, save the Court time, and decrease the costs to the estates.

**III. The Agent should not be required to credit bid prior to the Bid Deadline.**

19. The bid procedures require that the Agent submit any credit bid prior to the Bid Deadline. This is inconsistent with 11 U.S.C. § 363(k), which provides that a secured lender may bid at any sale of its collateral.

20. While the Agent has not yet determined whether it will submit a credit bid, it should be entitled to do so at any phase of the auction process as this will potentially enhance value for all creditors of these estates.

21. Such a provision is not unusual in any respect. Indeed, this Court recently approved a substantially similar credit bid provision. *See In re Athenex, Inc.*, Case No. 23-90295 (DRJ) at Docket No. 113, para. 14 ("[t]he Agent may credit bid at any time prior to the conclusion of the Auction regardless of whether the Agent participated in prior rounds at the Auction.").

22. In summary, the Debtors' proposed bid procedures should be modified as set forth herein and in the Agent's markup of the proposed order. While the Agent has made attempts to resolve these issues with the Debtors, they have shown no willingness to do so, resulting in unnecessarily litigation and costs to these estates.

23. The Agent reserves all rights with respect to these cases, including without limitation to amend and supplement this Objection and/or join in any other statements and/or objections related to the relief requested by the Debtors.

**WHEREFORE,** the Agent respectfully requests that the Court deny the Motion as pled and grant any further relief that the Court deems just and appropriate.

Respectfully submitted this 22nd day of June, 2023.

> **GREENBERG TRAURIG, LLP**
>
> By: */s/ John D. Elrod*
> Shari L. Heyen
> Texas Bar No. 09564750
> *Shari.Heyen@gtlaw.com*
> 1000 Louisiana St., Suite 1700
> Houston, Texas 77002
> Telephone: (713) 374-3564
> Facsimile: (713) 374-3505
>
> – and –

6

John D. Elrod (admitted *pro hac vice*)
ElrodJ@gtlaw.com
Terminus 200, Suite 2500
3333 Piedmont Road, NE
Atlanta, Georgia 30305
Telephone:     (678) 553-2259
Facsimile:      (678) 553-2269

**COUNSEL FOR FIRST HORIZON BANK, AS ADMINISTRATIVE AGENT AND DIP AGENT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail on June 22, 2023.

*/s/ John D. Elrod*
John D. Elrod