IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |

**NECESSITY LANDLORDS' LIMITED OBJECTION
AND RESERVATION OF RIGHTS TO DEBTORS' EMERGENCY
MOTION FOR ENTRY OF ORDERS (A)(I) AUTHORIZING
ASSET PURCHASE AGREEMENT FOR SALE OF SUBSTANTIALLY ALL OF
DEBTORS' ASSETS, (II) APPROVING BID PROCEDURES FOR SALE OF DEBTORS'
ASSETS, (III) APPROVING BID PROTECTIONS, (IV) SCHEDULING CERTAIN
DATES WITH RESPECT THERETO, (V) APPROVING THE FORM AND MANNER
OF NOTICE THEREOF, AND (VI) APPROVING CONTRACT ASSUMPTION AND
ASSIGNMENT PROCEDURES; (B) APPROVING (I) SALE OF CERTAIN ASSETS
FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, AND OTHER
INTERESTS, AND (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN
CONTRACTS AND LEASES; AND (C) GRANTING RELATED RELIEF**

Landlords (i) AFN ABSPROP001, LLC, (ii) ARG MESMOAR001, LLC, (iii) ARG MEVNAAL001, LLC, and (iv) ARG E19PCK001, LLC, each affiliated with The Necessity Retail REIT, Inc. (collectively, the "Necessity Landlords") hereby file this Limited Objection and Reservation of Rights (the "Limited Objection") to the Debtors' *Emergency Motion for Entry of Orders (A)(I) Authorizing Asset Purchase Agreement for Sale of Substantially All of Debtors' Assets, (II) Approving Bid Procedures for Sale of Debtors' Assets, (III) Approving Bid Protections, (IV) Scheduling Certain Dates with Respect Thereto, (V) Approving the Form and Manner of Notice Thereof, and (VI) Approving Contract Assumption and Assignment*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

*Procedures; (B) Approving (I) Sale of Certain Assets Free and Clear of All Liens, Claims and Encumbrances, and Other Interests, and (II) Assumption and Assignment of Certain Contracts and Leases; and (C) Granting Related Relief* [Docket No. 536] (the "Bid Procedures Motion")[2] of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases").

## LIMITED OBJECTION

1. As of the Petition Date, the Necessity Landlords had 71 leases with the Debtors. After extensive negotiation, 27 of the leases were rejected in accordance with the a consensual order that provided for among other things, an orderly transition process for property subject to the rejected leases, coordination and other mechanisms for dealing with environmental issues, partial payments of accrued administrative rent, and a fixed administrative claim. The Necessity Landlords have 44 leases remaining with the Debtors.

2. The Limited Objection addresses an issue with proposed assumption and assignment procedures and the Debtors' proposal to "conditionally assume and assign" executory contracts and unexpired leases while disputes remain unresolved. Specifically, the section entitled "Dispute Resolution" provides, in part, as follows:

> To the extent a Contract Objection remains unresolved, the Potential Assumed/Assigned Contract may be conditionally assumed and assigned, subject to the consent of the Successful Bidder, pending a resolution of the Contract Objection after notice and a hearing. If a Contract Objection is not satisfactorily resolved, the Successful Bidder may determine that such Contract should not be a Transferred Contract, in which case the Successful Bidder will not be responsible for any Cure Amounts in respect of such contract.

Bid Procedures Motion at ¶22(e), p. 13. The Necessity Landlords are currently negotiating with the Debtors on revised language to address the Necessity Landlords' concerns and this Limited

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Motion.

2

Objection. The Necessity Landlords are hopeful that the issues raised herein will be resolved prior to the hearing on the Bid Procedures Motion.

3. The proposed language is not only inconsistent with the Bankruptcy Code, it also does not work in the context of the leases at issue here. By way of example, such a process would allow a potential purchaser to take possession of leased property as part of the "conditional" assumption and assignment. Thereafter, if such purchaser is not satisfied with this Court's ruling on the disputed issues, the purchaser need not follow through with the assumption and assignment, resulting in chaos and uncertainty at heavily regulated properties with hazardous substances. To allow such a provision and process to be included as part of the Bid Procedures will also impede, if not prevent, the ability to operate or transfers operations at the properties, and comply with applicable environmental law and regulations. It will also likely result in an immediate breach or violation of the assumed Leases, if assumption and assignment was approved. It is critical that a process regarding assumption and assignment and/or rejection of leases be orderly, clear and final and in compliance with applicable environmental laws and regulations.

4. The Bankruptcy Code also does not permit conditional assumption and assignment. Under section 365(a) of the Bankruptcy Code, the defaults must be cured for the contract to be assumed. Moreover, if the leases are "conditionally assumed" and then rejected postpetition, landlords would have significant administrative expense claims that the Debtors admittedly cannot satisfy.

5. The Necessity Landlords are unaware of, nor does the Bid Procedures Motion provide a legitimate justification for inclusion of a "conditional" assumption and assignment

subject solely to the successful bidder's discretion. Consequently, the provisions should be removed.

## RESERVATION OF RIGHTS

6. The Necessity Landlords reserve all rights, including but not limited to (i) all rights with respect to the Leases, including but not limited to the right to object to assumption, assignment, and/or any proposed Cure Amount for any of the Leases or failure to demonstrate adequate assurance of future performance, and (ii) all rights to supplement and/or amend this Objection prior to, at, or following any hearing thereon, in the event that the Necessity Landlords' objections raised herein are not resolved or to further address the Sale Motion or any other ancillary issues.

## CONCLUSION

WHEREFORE, The Necessity Landlords respectfully request that this Court enter an order (i) denying the Sale Motion as pled unless it is conformed to address the Necessity Landlords' Objection, and (ii) granting such other relief as the Court may deem proper.

Dated: June 22, 2023
New York, New York

**ARENTFOX SCHIFF LLP**

*/s/ Andrew I. Silfen*
Andrew I. Silfen (admitted *pro hac vice*)
Beth M. Brownstein (admitted *pro hac vice*)
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Tel: (212) 484-3900
Fax: (212) 484-3990
Email: andrew.silfen@afslaw.com
         beth.brownstein@afslaw.com

*Counsel to AFN ABSPROP001, LLC, ARG MESMOAR001, LLC, ARG MEVNAAL001, LLC, and ARG E19PCK001, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on June 22, 2023, a copy of the foregoing document was served via electronic mail on all counsel of record via the Court's CM/ECF system.

/s/ *Andrew I. Silfen*
Andrew I. Silfen

AFDOCS:198432842.2