IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |

**OBJECTION OF FIRST HORIZON BANK, AS ADMINISTRATIVE AGENT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION TO EXTEND THE CHALLENGE PERIOD**

First Horizon Bank, as Administrative Agent for the DIP Loans and prepetition secured loans (the "Agent") objects to the *Official Committee of Unsecured Creditors' Motion to Extend Challenge Period* [Doc. 489] (the "Motion").² In support of its Objection, the Agent states as follows:

**INTRODUCTION**

Through the Motion, the Committee seeks an extension of the Challenge Deadline to review the loan and security documents that have been in its possession for over six weeks. Further, the Committee seeks to spend additional time and money obtaining documents which are largely, if not entirely, unrelated to any challenge investigation but instead relate to the Debtors' financial affairs generally. The Motion should be denied because the Committee has failed to carry its burden to extend the Challenge Deadline which was (a) negotiated at arm's length and consensually agreed and relied upon by the Agent, the Debtors, and the Committee and (b) approved by this Court under the Final DIP Order.

---

¹ A complete list of each of the Debtors in the Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in the Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

² All capitalized terms not specifically defined herein shall have the meaning ascribed to them in the Motion.

ACTIVE 688223123v2

## BACKGROUND

**A.      Case Background**

1.      On March 18, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      On April 4, 2023, the United States Trustee appointed the Committee. Shortly thereafter, the Committee selected its proposed counsel and financial advisor.

**B.      The Prepetition Debt Obligations and Liens**

3.      The Debtors and the lenders thereunder are parties to that First Amended and Restated Credit Agreement, dated as of March 12, 2020 (as amended, amended and restated, supplemented or otherwise modified from time to time, the "Prepetition Agreement," and, together with the other Loan Documents (as defined in the Prepetition Agreement), the "Loan Documents"). The Loan Documents evidence and govern the obligations of the Debtors for principal, accrued and unpaid interest, fees, costs, expenses, indemnities and other amounts arising under the Loan Documents totaling not less than $171,641,151.00 (the "Prepetition Obligations").[3] The Prepetition Obligations are secured by first priority liens and security interests (the "Prepetition Liens") granted to the Agent, on the collateral described and defined in the Loan Documents for the Prepetition Loan.

---

[3] *See* Final DIP Order at p. 6, ¶ 2.

C.  **The DIP Loan and Challenge Period**

4. On April 25, 2023, the Court entered the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-1, (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Prepetition Expense Status, (III) Granting Adequate Protections, and (IV) Granting Related Relief* [Docket No. 332] (the "Final DIP Order").

5. Pursuant to the Final DIP Order, the Agent agreed to loan an additional $37,850,000 to finance these cases, which amounts are secured by liens on all assets of these estates. Accordingly, the total funded and unfunded obligations owing from the Debtors to the Agent total not less than $209 million.

6. Prior to and during the final DIP hearing, the terms and form of the Final DIP Order were heavily negotiated by the Debtors, the Agent, and the Committee.

7. The Final DIP Order provides the Committee with sixty (60) days from its appointment (the "Challenge Period") to seek to avoid, object to, or otherwise challenge the validity, enforceability, extent, priority, or perfection of the Prepetition Obligations or Prepetition Liens. Accordingly, the Challenge Period expired on June 5, 2023 (the "Challenge Deadline").

8. On April 27, 2023, three days following the entry of the Final DIP Order and the Committee's counsel's informal, initial request for all principal loan documents associated with the prepetition credit facility, counsel for the Agent immediately provided the Committee with a Confidentiality Agreement to review and sign. The Committee's counsel refused to sign the Agreement and instead filed the *Emergency Motion of the Official Committee of Unsecured Creditors (I) to Compel Production of Documents of First Horizon Bank, as Prepetition Agent and DIP Agent pursuant to Bankruptcy Rule 2004(c) and (II) for Entry of an Order Extending the*

*Challenge Period* on May 9, 2023 (the "Motion to Compel") [Docket No. 384]. On May 11, 2023, the Agent filed the *Objection of First Horizon Bank, as Administrative Agent to the Official Committee of Unsecured Creditors' Emergency Motion (I) to Compel Production of Documents of First Horizon Bank, as Prepetition Agent and Agent Pursuant to Bankruptcy Rule 2004(C) and (II) for Entry of an Order Extending the Challenge Period* (the "Objection") [Docket No. 390].

9. On May 11, 2023, the Court entered its Order on the Motion to Compel (the "Order")[Docket No. 391] requiring the Agent to produce all non-privileged responsive documents no later than 5:00 p.m. on Friday, May 12, 2023 (the "Production Deadline"), requiring that all documents received by the Committee be kept confidential and viewed only by the Committee's professionals pending further order, and instructing the parties to jointly contact the Court's case manager to obtain a mutually convenient setting for a hearing to consider the Committee's request to extend the Challenge Date and to discuss appropriate limitations on confidentiality.

10. On May 11, 2023, the Agent produced 1,923 pages of documents to the Committee, which constituted the prepetition loan documents requested.

11. Following the Production Deadline and completed production of the prepetition loan documents, the Committee has continued to request additional documents and an extension of the Challenge Period. The additional request for production includes **all communication between the Debtors and the Agent** from the initial communications between the parties, prior to any lending relationship, and extending through the present.[4]

12. Though the Agent does not believe these documents are necessary for the investigation, in a good faith effort at cooperation, the Agent obtained a quote from an e-discovery vendor for producing the requested documents, which are in electronic form. Given the breath of

---

[4] *See* Motion to Compel, Exhibit 1 at pp. 8-9.

4

documents requested, the quote was for $103,754 for the production, not including the time and attorneys' fees associated with reviewing and completing the production.

13. While the parties have discussed a narrowed production and a consensual extension of the challenge period, a breakdown in negotiations has occurred because of the scope and cost of the discovery, and whether the Committee or the Agent should bear the electronic discovery expenses. The Committee has refused to pay the hard costs of the production.

14. In addition to the Agent's cost of production, the legal fees of the Agent and Committee professionals to review the documents is likely to be substantial. Further, upon information and belief, the Committee has already exceeded the $50,000.00 investigation budget mandated by the Final DIP Order.[5]

15. Because it has the relevant loan documents, the Committee can make a determination regarding whether to challenge the Agent's lien and claims yet has given no indication whether it intends to do so.

## BASIS FOR OBJECTION

### I.  The Committee is not entitled to an extension of the Challenge Period.

16. The Committee has not established a basis for extending the Challenge Period, particularly because the terms of the Final DIP Order were agreed to by the Committee and heavily negotiated. The Committee has failed to establish grounds under Federal Rule of Bankruptcy Procedure 9024 and has not cited that rule or argued that its requirements have been satisfied.

17. Instead, the Committee argues that Rule 9006 applies. However, the Committee has not established cause to extend the Challenge Period. *See* Fed. R. Bankr. P. 9006(b)(1) (requiring that "cause [be] shown" for extension); *see also, e.g.,* Fed. R. Civ. P. 16(d)(providing

---

[5] *See* Final DIP Order at p. 19, ¶ 17.

that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge."); *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257, 258 (5th Cir. 1997)(stating that "Fed. R. Civ. P. 16(b) allows a scheduling modification only for good cause" and that district courts maintain the "power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."); *Forge v. City of Dallas,* No. 03-CV-0256, 2004 WL 1243151, at *2 (N.D. Tex. June 4, 2004)(stating that "[t]he 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order.")(citations omitted).

18. The Committee has not alleged that it was prevented from completing the investigation within the Challenge Period. The Committee has also not alleged that the prepetition loan documents are insufficient to establish liens, nor that review of such materials revealed potential lien or claim issues that are more likely to be proven following additional production of documents. The Committee simply states that the challenge period should be extended because it wants the Agent to produce more documents.

19. An alleged "well intended" desire to keep investigating does not establish cause for an extension. *See Am. Tourmaline Fields v. Int'l Paper Co.,* No. 96-CV-3363, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)(stating that mere inadvertence on the part of the movant, and the absence of prejudice to the non-movant, are insufficient to establish "good cause" and that "the movant must show that, despite his diligence, he could not have reasonably met the scheduling deadline.")(citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

20. The Motion should be denied because it is not based on any evidence and constitutes an impermissible collateral attack on this Court's Final DIP Order, which the

Committee supported at the time of entry. The relief sought by the Committee under the Motion is extraordinary, and yet the Committee provides no justification for this relief.

21. Further, the relief is not warranted in light of the prejudice to the Agent, as well as the delay and potential costs to the Debtors' estates. The Committee filed its Motion almost two months after the Final DIP Order was entered by this Court, and on the final day of the Challenge Deadline. As such, the prejudice to the Agent, who as DIP lender relied upon the Final DIP Order and provided the DIP Facility to the Debtors' estates pursuant to the terms of the Final DIP Order,[6] and the delay in filing the Motion should be weighed against the relief requested. Moreover, the costs associated with the consequences of granting the relief requested under the Motion must be considered, as the Committee has likely already exceeded its investigation budget and the additional production requested by the Committee would cause the Agent additional expense, including expenses exceeding $100,000 and attorneys' fees. The Committee has failed to establish that the relief requested, if granted, will benefit the Debtors' estates or their unsecured creditors such as to establish cause that would justify an extension of the Challenge Period.

### II. The Challenge Period does not need to be extended as the Agent has already produced all relevant loan documents.

22. The Committee has already been provided with the prepetition loan documents. The Committee has had months to interview witnesses, including representatives of the Debtors and the Agent, regarding the loans. As of this date, the Committee has made no effort to interview any representative of the Agent.

---

[6] Just as the Committee relied on statements of the Agent in consenting to the Challenge Period, so too did the Agent rely on statement by the Committee when it agreed to extend credit. The Agent relied on statements from the Committee that it would reasonably, efficiently, and promptly investigate prepetition liens and not drain the estate of funds in a quixotic exercise.

23. The Committee now seeks the production of a broad range of documents wholly unrelated to its original request and beyond the scope of documents which are necessary to the Committee to conduct a proper investigation as outlined in the Final DIP Order.[7]

24. The production previously discussed in reference to the proposed Challenge Period Extension Agreement mentioned in the Motion would prolong the Challenge Period by months as the Agent would need to produce every document relating to its relationship with the Debtors, and review these for privilege, which is plainly overbroad and would cost in excess of $100,000.

25. Pursuant to paragraph 19 of the Final DIP Order, the Committee is entitled to object to, challenge, or contest the existence, validity, priority, or amount of the Prepetition Obligations or the Prepetition Liens. The current document requests made by the Committee go far beyond the bounds of documentation related to the Agent's liens and the obligations outlined in the Final DIP Order.

26. Instead of providing any justification for this request, the Committee relies on the Court's Order on the Motion to Compel, where the Court ordered the Agent to produce all non-privileged responsive documents not later than 5:00 p.m. on the day following entry of the Order. Prior to that deadline, the Agent produced all responsive loan documents.

27. Given the cost of the production and the Committee's failure to identify any defects in the Agent's liens and claims, an extension is not warranted.

28. In summary, the Committee has had ample time and information to investigate and mount a challenge to the Agent's prepetition liens and claims. It has not done so, and has almost certainly exceeded its investigation budget, and now seeks broad, additional discovery which would result in considerable expense to the Agent without identifying any potential issues with the

---

[7] *See* Final DIP Order at p. 22, ¶ 19.

ACTIVE 688223123v2

Agent's liens and claims. Accordingly, the Motion should be denied or, alternatively, the Court should set a date certain within the next thirty days by which the Committee must bring any challenge.

**WHEREFORE,** the Agent respectfully requests that the Court deny the Motion and grant any further relief that the Court deems just and appropriate.

Respectfully submitted this 26th day of June, 2023.

**GREENBERG TRAURIG, LLP**

By: /s/ *John D. Elrod*
Shari L. Heyen
Texas Bar No. 09564750
Shari.Heyen@gtlaw.com
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:   (713) 374-3564
Facsimile:    (713) 374-3505

– and –

John D. Elrod (admitted *pro hac vice*)
ElrodJ@gtlaw.com
Terminus 200, Suite 2500
3333 Piedmont Road, NE
Atlanta, Georgia 30305
Telephone:   (678) 553-2259
Facsimile:    (678) 553-2269

**COUNSEL FOR FIRST HORIZON BANK, AS ADMINISTRATIVE AGENT AND DIP AGENT**

ACTIVE 688223123v2

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail on June 26, 2023.

*/s/ John D. Elrod*
John D. Elrod