IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re:<br><br>**MOUNTAIN EXPRESS OIL COMPANY**, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-90147<br><br>Judge David R. Jones<br><br>(Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF MARATHON PETROLEUM COMPANY LP TO THE
PROPOSED ASSUMPTION AND ASSIGNMENT OF ITS CONTRACTS**

Marathon Petroleum Company LP ("MPC"), by its undersigned counsel, Frost Brown Todd LLP, files this limited objection and reservation of rights (this "Limited Objection") to the proposed assumption and assignment of numerous contracts between MPC and the Debtors pursuant to the *Order (I) Approving Bid Procedures for Sale of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling Certain Dates with Respect Thereto, (IV) Approving the Form and Manner of Notice Thereof, and (V) Approving Contract Assumption and Assignment Procedures* (Docket No. 701) (the "Bidding Procedures Order") and the *Notice to Counterparties to Potentially Assumed Contracts and Unexpired Leases* (Docket No. 728) (the "Cure Notice"). In support of this Limited Objection, MPC respectfully states:

**BACKGROUND**

1. On March 18, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas.

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor Mountain Express Oil Company and MPC are parties to no less than nine

executory contracts, as detailed by the Debtors in the Cure Notice (collectively, the MPC Contracts"). The MPC Contracts concern no less than 40 of the Debtors' stores.

4. On June 16, 2023, the Debtors filed their *Debtors Emergency Motion for Entry of Orders (A)(I) Authorizing Asset Purchase Agreement for Sale of Substantially All of Debtors Assets, (II) Approving Bid Procedures for Sale of Debtors Assets, (III) Approving Bid Protections, (IV) Scheduling Certain Dates With Respect Thereto, (V) Approving the Form and Manner of Notice Thereof, and (VI) Approving Contract Assumption and Assignment Procedures; (B) Approving (I) Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (II) Assumption and Assignment of Certain Contracts and Leases; and (C) Granting Related Relief* (Docket No. 536), seeking, *inter alia*, entry of an order authorizing the sale (the "Proposed Sale") of substantially all of the Debtors' assets, and procedures for the assumption and assignment of the Debtors' executory contracts and unexpired leases.

5. On June 22, 2023, this Court entered the Bidding Procedures Order which approved, among other things, the Bid Procedures and Assignment Procedures in connection with the Proposed Sale.

6. As contemplated by the Bidding Procedures Order, on March 27, 2023, the Debtors filed the Cure Notice, identifying certain executory contracts and unexpired leases that the Debtors may assume and assign as part of the Proposed Sale, including the MPC Contracts.

7. As of the date of this Limited Objection, the Debtors have not filed the proposed sale order as it relates to the Successful Bidder (the "Proposed Sale Order") or the Purchase Agreement with this Court or shared the Proposed Sale Order with counsel for MPC. Accordingly, MPC has not been able to review the terms of the Proposed Sale.

## LIMITED OBJECTION

8. Although MPC does not object to the Debtors' right to sell its assets and its general right to assume and assign executory contracts to the Successful Bidder, MPC does object any proposed assumption and assignment of the MPC Contracts to the extent that assumption and assignment of the MPC Contracts would limit and/or modify MPCs rights under the MPC Contracts, the Bankruptcy Code, and applicable law.

9. MPC objects to any attempt by the Debtors to side-step or invalidate the bargained-for protections of MPC in any of the MPC Contracts. MPC is entitled to the full benefit of its bargain under each of the MPC Contracts and is entitled to the full protections provided by section 365 of the Bankruptcy Code. *See, e.g., In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998). The Debtors and the Successful Bidder must strictly comply with all of the terms and conditions of the MPC Contracts.

10. The Debtors and the Successful Bidder must remain fully liable to MPC for the payment of all amounts due and owing to MPC under the MPC Contracts. To the extent this Court approves the assumption and assignment of the MPC Contracts to the Successful Bidder, any order that is entered by this Court approving the assumption and assignment of the MPC Contracts should expressly provide that the Debtors and the Successful Bidder must timely perform all of the obligations under the MPC Contracts and section 365 of the Bankruptcy Code. As of the date hereof, the amount due and owing under the MPC Contracts is $0.00 (the "Cure Amount"), but this remains subject to amendment as detailed in the reservation of rights below.

11. The Successful Bidder and the Debtors must also be required to provide adequate assurance that the Successful Bidder will be able to perform all of Debtors' obligations to MPS under the MPC Contracts, including but not limited to payment to MPC under the ordinary terms of the MP Contracts.

12. Any order granting the assumption and assignment of the MPC Contracts must include the following language: "Notwithstanding any other provision of this Order or any document or agreement attached to or referenced in this Order, following the assumption and assignment of the MPC Contract, each MPC Contract shall be enforceable by the Purchaser and the applicable counterparty to such MPC Contracts in accordance with their respective terms and conditions, and the parties' associated rights, claims, and obligations are expressly preserved, including, but not limited to, (i) any audit rights or claims arising from any audit, (ii) indemnification rights and claims, (iii) warranty obligations, (iv) setoff and recoupment rights and claims, (v) obligations to pay third parties, subcontractors, or suppliers and (vi) obligations to keep the work free and clear of liens; if any, in the case of each of clauses (i) –(vi) above, as and to the extent set forth in the MPC Contracts (with all rights, claims, obligations, and defenses thereto of the Purchaser and the counterparty to the MPC Contracts being fully preserved)."

13. Importantly, all rights of MPC to object to a proposed assumption and assignment of the MPC Contracts must be expressly preserved in the Proposed Sale Order. The provisions requested herein will protect the rights of MPC and will ensure compliance with section 365 of the Bankruptcy Code.

14. For the reasons set forth herein, MPC's concerns regarding the possible assumption and assignment of the MPC Contracts should be addressed by the Debtors and the Successful Bidder in the Proposed Sale Order.

## **RESERVATION OF RIGHTS**

15. The Cure Amount represents the amounts currently due and owing to MPC under the MPC Contracts. The Cure Amount may increase prior to any actual date of assumption and assignment if the Debtors do not pay all amounts that accrue after the date of this Objection, or any amounts that may be discovery to have been due, regardless of when those amounts accrued.

Accordingly, MPC expressly reserves its right to amend or supplement the Cure Amount from time to time and at any time, and requests that the Debtors remain liable for and amounts that become due and owing pursuant to any of the MPC Contracts

16. Nothing in this Limited Objection is intended to be, or should be construed as, a waiver by MPC of any of its rights under the MPC Contracts, the Bankruptcy Code, or applicable law. MPC expressly reserves all such rights including, without limitation, the right to: (a) supplement and/or amend this Limited Objection and to assert any additional objections with respect to the Proposed Sale and the Purchase Agreement; and (b) assert any further objections with respect to the relief requested that may subsequently be sought by the Debtors and/or any other party, as such requested relief relates to the MPC Contracts and/or the interests of MPC.

## **CONCLUSION**

WHEREFORE, MPC respectfully requests that this Court enter an order: (a) sustaining this Limited Objection; and (b) granting MPC such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: July 11, 2023                    Respectfully submitted,

**FROST BROWN TODD LLP**

 */s/ Mark A. Platt, Esq.*
Ronald E. Gold, Esq.
Ohio Bar No. 0061351
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
Email: rgold@fbtlaw.com

-and-

Mark A. Platt, Esq.
Texas Bar No. 00791453
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Tel: (214) 545-3474
Fax: (214) 545-3473
Email: mplatt@fbtlaw.com

**COUNSEL FOR MARATHON PETROLEUM COMPANY LP**

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2023 a true and correct copy of the foregoing *Limited Objection and Reservation of Rights* was sent via CM/ECF electronic mail to all parties receiving CM/ECF noticing.

*/s/ Mark A. Platt*

0105786.0768154   4856-5574-8975v2