IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, *et al*[1] | § § § § § § | Case No. 23-90147(DRJ) Jointly Administered |
| Debtors | | |

**OBJECTION AND RESERVATION OF RIGHTS OF SPIRIT SPE PORTFOLIO CA C-STORES, LLC TO NOTICE TO COUNTERPARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNTS**

Landlord Spirit SPE Portfolio CA C-Stores, LLC ("Spirit") hereby submits this objection (the "Objection") to the Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases [Dkt. No. 728] (the "Assumption Notice"), and in support thereof, respectfully represents as follows:

**SUMMARY OF OBJECTION**

1. In their Assumption Notice, the above-captioned debtors and debtors-in-possession (the "Debtors") incorrectly claim that $0.00 is the total amount necessary to pay Spirit to cure defaults under that certain Master Lease by and between Spirit and the Debtors. Contrary to the proposed cure amount stated in the Assumption Notice, as set forth herein, the correct total amount necessary to cure outstanding amounts due and owing under the Master Lease, as of July 12, 2023, is at least $474,572.04. The amounts due under the Master Lease must be cured and adequate assurance of future performance must be provided for the Master Lease to be assumed or assigned.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

2. Accordingly, by this Objection, Spirit requests that the Court establish that the total amount necessary to cure defaults under the Master Lease is at least $474,572.04, plus further and additional amounts allowed, and which continue to accrue, pursuant to the Master Lease. In addition to its objection to the proposed cure amount, Spirit reserves all rights with respect to the requirements for any assumption or assignment of the Master Lease. In particular under the Master Lease there are indemnification requirements and other non-rent covenants and obligations that must also be assumed as part of any assumption or assumption and assignment of the Master Lease.

## RELEVANT BACKGROUND

3. On July 11, 2016, Spirit and the Mountain Express Oil Company Southeast, LLC, one of the Debtors in these chapter 11 cases entered into that certain Master Lease. The Master Lease concerns 13 properties in Alabama, Georgia and Florida. The property addresses for each location are as follows:

   a. 2360 Bent Creek Road, Auburn, Alabama

   b. 3150 Birmingham Highway, Montgomery, Alabama

   c. 1415 Highway 431 North, Anniston, Alabama

   d. 75639 Alabama Highway 77, Lincoln, Alabama

   e. 203 New Franklin Road, Lagrange, Georgia

   f. 4209 West Highway 98 Panama City, Florida

   g. 2098 Highway 14 East, Prattville, Alabama

   h. 1011 Fort Dale Road, Greenville, Alabama

   i. 1710 S. Broad Avenue, Lanett, Alabama

   j. 667 Highway 78 West, Sumiton, Alabama

   k. 691 Main Street, Ragland, Alabama

  l. 5502 20th Avenue, Valley, Alabama

  m. 750 South Broadway, Sylacauga, Alabama

4. The Master Lease provides for a term of an initial term expiration date of July 31, 2036.  The monthly base rent due under the Master Lease is $147,960.31, and is due and owing on the first calendar day of each month.

5. On March 18, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of title 11 of the United States Code, §§ 101-1532, *et seq*. (the "Bankruptcy Code"), thereby commencing these chapter 11 cases (the "Cases").  The Debtors continue to manage and operate their business as debtors in possession under Bankruptcy Code sections 1107(a) and 1108.

6. The Debtors have failed to pay their May, June and July 2023 lease obligations due under the Master Lease.  The Debtors, non-debtor affiliates and/or their subtenants remain in possession of and are using Spirit's leased properties.

7. On June 28, 2023 the Debtors filed the Assumption Notice, and included as Exhibit A an Unexpired Lease Schedule (the "Cure Schedule").  In the Cure Schedule, the Debtors list $0.00 (the "Proposed Cure Amount") as the total amount necessary to cure Spirit under the Master Lease.  *See* Docket 728-A at p. 84.

8. Yet, in Spirit's books and records, which reflects the details and balance amounts owed under the Master Lease, as of July 12, 2023, the Tenant-Debtor owes a total of $474,572.04 (the "Cure Cost") to Spirit.  A detailed chart of the Cure Cost is included below and is incorporated herein.

| Today's Date: | 7/12/2023 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | **Mountain Express** | | | | | |
| Delinquent Month | Rent Due | Days Delinquent | Rent Amount | Sales Tax | **5.0%** Penalty | **15.00%** Default Interest | Misc Fees | Payments Received | Total Amount Due |
| May | 05/01/23 | 73 | 147,960.31 | 446.40 | 7,420.34 | 5,342.64 | - | 2,203.84 | 158,965.85 |
| June | 06/01/23 | 42 | 147,960.31 | 446.40 | 7,420.34 | 3,073.85 | | | 158,900.90 |
| July | 07/01/23 | 12 | 147,960.31 | 446.40 | 7,420.34 | 878.24 | | | 156,705.29 |
| | | | | | | - | | | |
| Total | | | 443,880.93 | 1,339.20 | 22,261.02 | 9,294.73 | - | 2,203.84 | 474,572.04 |

9.  As set forth below, Spirit objects to the Proposed Cure Amount and reserves all rights in connection with any assumption or assignment of the Master Lease, pursuant to section 365(b) of the Bankruptcy Code.

**OBJECTION**

10. Spirit files this Objection to dispute the Proposed Cure Amount listed in the Cure Schedule. The Master Lease is an "unexpired lease" as that term is used in section 365(b)(1) of the Bankruptcy Code. Under section 365(b)(1) of the Bankruptcy Code, in order to assume an unexpired lease under which there has been a default, the debtor in possession must, at the time of assumption: (a) cure, or provide adequate assurance that it will promptly cure, such default; (b) compensate or provide adequate assurance that it will promptly compensate the counter-party for actual pecuniary losses resulting from such default, and (c) provide adequate assurance of future performance under such lease. 11 U.S.C. § 365(b)(1).

11. "Once an assumption order is entered, the creditor must perform in accordance with the terms of the assumed agreements. However, as a matter of fairness, before requiring the creditor to perform, courts require the debtor in possession to give the other contracting party the full benefit of its bargain." *Kimmelman v. Port Auth. of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.)*, 344 F.3d 311, 318 (3d Cir. 2003) (internal quotation marks and brackets omitted). "In other words, the debtor must cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement." *Id. see also Richmond Leasing*

*Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("Section 365 is intended to provide a means whereby a debtor can force another party to an executory contract to continue to perform under the contract if (1) the debtor can provide adequate assurance that it, too, will continue to perform, and if (2) the debtor can cure any defaults in its past performance.").

12. As of the filing of this Objection, under the Master Lease, the Debtors currently owe Spirit at least $474,572.04, plus any further and additional amounts allowed, and which continue to accrue, pursuant to the Master Lease. The amount set forth in the Cure Schedule is incorrect.

13. Pursuant to section 365(b)(1) of the Bankruptcy Code, the Debtors may not assume the Lease unless they cure or provide adequate assurance that cure will promptly be made of any monetary default by Tenant-Debtor. As described above, as of the date of this Objection, the proper cure amount that Debtors must make in order to be permitted to assume the Master Lease is currently $474,572.04. Accordingly, Spirit requests that the Court establish the total amount to cure defaults under the Master Lease as at least $474,572.04, plus further and additional amounts allowed, and which continue to accrue pursuant to the Master Lease.

14. In addition, to the extent that any additional obligations under the Master Lease are outstanding and/or subject to being cured, Spirit asserts them. The Cure Cost may increase prior to any actual date of assumption of the Master Lease, especially in light of the Debtors failure to remit any rent payments since May 2023. For the foregoing reasons, any assumption of the Master Lease must be pursuant to its terms, including the continuation of all obligations such as those related to payment, indemnification, and costs and fees, regardless of when they arose and whether they have accrued but may not yet have been billed. *See* 11 U.S.C. § 365(b). In particular under the Master Lease there are indemnification requirements and other non-rent covenants and

obligations that must also be assumed as part of any assumption or assumption and assignment of the Master Lease.

## RESERVATION OF RIGHTS

15. Spirit reserves all rights with respect to the Master Lease, the Assumption Notice, the Cure Schedule and all other pending pleadings in these Cases, and as against the Debtors or any other party under the Master Lease, the Bankruptcy Code, and other applicable law. Spirit expressly reserves the right to amend or supplement this Objection, including with respect to the Cure Cost and/or requirements under section 365(b)(1), at any time prior to any assumption or assignment of the Master Lease, to assert additional defaults or any rights for indemnification or contribution against the Debtors under the Master Lease, and to assert any further objections as they deem necessary or appropriate and as the evidence may allow at any hearing thereon.

## CONCLUSION

WHEREFORE, Spirit respectfully request that this Court enter an order (i) sustaining this Objection; (ii) establishing the total amount necessary to cure the defaults under the Master Lease as at least $474,572.04, plus further and additional amounts allowed, and which continue to accrue, pursuant to the Master Lease; and (iii) granting Spirit such other relief as is appropriate.

DATED July 12, 2023                     Respectfully submitted,

By: /s/ Keith M. Aurzada
Keith M. Aurzada
State Bar No. 24009880
Michael P. Cooley
State Bar No. 24034388
Taylre C. Janak
State Bar No. 24122751
REED SMITH, L.L.P.
2850 N. Harwood Street, Suite 1500

Dallas, Texas 75201
Telephone:  469.680.4200
Facsimile:  469.680.4299
Email:  kaurzada@reedsmith.com
Email:  mpcooley@reedsmith.com
Email:  tjanak@reedsmith.com

*Attorneys for Spirit SPE Portfolio CA C-Stores, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 11, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing (ECF) system for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive electronic notices in this case.

                         By:  */s/ Keith M. Aurzada*
                              Keith M. Aurzada