**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*,[1] | |
| | Case No. 23-90147 |
| Debtor. | |
| | (Jointly Administered) |

### RVICTORY2, LLC, ET AL'S OBJECTION TO CURE AMOUNT

RVictory2, LLC, Ritesh Bhagwanbhai Patel, Jyotsnaben Ritesh Patel and Viratkumar Patel (collectively "RVictory2"), contract counterparties in interest in this case, submit their Objection to Cure Amount ("Objection") objecting to the proposed cure amount for the assumption of contracts listed on the Debtor's cure schedule related to two RVictory2 operated locations Nos. 266 and 269.

The Debtors filed their Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases ([Dkt. 728] "Cure Notice") on June 28, 2023, with attached Exhibit "A" which sets the cure amounts for all of the above RVictory2 contracts at zero. RVictory2 both disagrees with, and objects to, this proposed cure amount.  In support of this Objection, RVictory2 states the following:

**I
BACKGROUND**

1. On June 22, 2023, the Court entered its Order (I) Approving Bid Procedures for the Sale of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling Certain Dates with Respect Thereto, (IV) Approving the Form and Manner of Notice Thereof, and (V) Approving

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA  30022.

Contract Assumption and Assignment Procedures [Docket No. 701] (the "Bid Procedures Order"), authorizing the Debtors to conduct an auction to select a party or parties to purchase some or all of the Debtors' assets.

2.      On June 28, 2023, pursuant to the Bid Procedures Order, the Debtors filed the Cure Notice, listing the RVictory2 Contracts[2] as contracts to be potentially assumed and assigned to the successful bidder, but listing the cure amount for all of the contracts at zero.

## II
## FACTUAL BACKGROUND

3.      RVictory2 is the counterparty to certain Fuel Sales Agreements with one of the Debtors, Mountain Express Oil Company ("MEX")—such agreements being as follows:

| Stores | Contract | Counterparties |
|---|---|---|
| 266 | Petroleum Products Supply Agreement | RVictory2, LLC, Ritesh Bhagwanbhai Patel and Jyotsnaben Ritesh Patel |
| 269 | Petroleum Products Supply Agreement | RVictory2, LLC, Ritesh Bhagwanbhai Patel and Viratkumar Patel |

(Collectively, these 2 agreements will be referred to herein as the "Contracts").

4.      Throughout the life of the Contracts, MEX has breached the contracts by failing to provide fuel in accordance with the Contracts, failing to remit credit card sales proceeds to RVictory2, overcharging for fuel and freight, billing fees that are not provided in the contracts, providing wrongly branded fuel to RVictory2 and other breaches of contract.

5.      RVictory2 has performed its own audit and commissioned a preliminary third-party audit of the fuel purchases from MEX in an attempt to quantify the overcharges on fuel portions of its damages.

---

[2] Defined *infra* ¶ 3.

6.      RVictory2 has done its best to calculate its losses as a result of the breaches by the Debtor, as described in detail on Exhibit "A" to this objection and summarized below:

| Store | Contracts | Cure Amount Due |
|-------|-----------|-----------------|
| 266 | Petroleum Products Supply Agreement | $129,983.58 |
| 269 | Petroleum Products Supply Agreement | $45,213.66 |

7.      **These amounts, plus attorneys' fees and possible freight overcharges as outlined below, are the proper cure amounts that are required to be paid before the Contracts can be properly assumed and assigned und 11 U.S.C. § 365.**

8.      Additionally, RVictory2 has information that indicates that MEX is impermissibly marking up freight charges before invoicing them to RVictory2.  However, the records to establish such a markup are solely within the control of Debtors.  To the extent that those records show that MEX has been marking up freight, such markup is a breach of contract and part of the cure amount due to RVictory2.  RVictory2 believes that the damages for such breach could be as much as $92,065.56 as to store 269 alone.

### III
### LEGAL ARGUMENT

9.      The Contracts are executory contracts, subject to assumption and assignment by the Debtors pursuant to 11 U.S.C. § 365.  The Debtors have admitted as much by listing these agreements on the Cure Notice.

10.      Section 365 "allows a debtor to 'continue in a beneficial contract provided, however, that the other party is made whole at the time of the debtor's assumption of said contract.'" In re *Natl. Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (citing In re *Eagle Bus Mfg.,*

3

*Inc.*, 148 B.R. 481, 483 (Bkrtcy. S.D. Tex. 1992)). Accordingly, the cure requirements are "a guarantee to the non-debtor party, who may be forced to continue a relationship it would rather terminate, that as condition to the forced continuation of the contractual relationship, any losses or defaults existing at the time will be satisfied either through a timely cure or through reasonable assurances of future payment." *In re Natl. Gypsum Co.*, 208 F.3d at 509.

11.     Once a default has occurred, Debtors may not assume the Contracts unless and until they have shown that "at the time of assumption" each of the requirements under § 365 have occurred. *See In re Patriot Place, Ltd.*, 486 B.R. 773, 795 (Bankr. W.D. Tex. 2013) ("The debtor . . . bears the burden of showing that the requirements for assumption under § 365 have been met." (citations omitted)).

12.     Under § 365, the requirements for assumption are as follows: (1) cure, or provide adequate assurance that it will promptly cure, any monetary defaults in the relevant contract or lease; (b) cure all past nonmonetary defaults under those same agreements; (c) compensate, or provide adequate assurance of prompt compensation, for any pecuniary loss resulting from such default; and (d) provide adequate assurance of future performance under those same agreements. In re Patriot Place, Ltd., 486 B.R. 773, 795 (Bankr. W.D. Tex. 2013); *In re Natl. Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (citing 11 U.S.C. § 365).

13.     Among the cure requirements set forth under § 365, Debtors are required to pay the attorneys' fees attributable to the cure costs under the Contracts.

> Attorneys' fees incurred in attempting to collect sums due from debtors following default may be recovered as pecuniary loss under § 365(b)(1)(B) if such monies were expended as the result of a default under the contract or lease between the parties and are recoverable under the contract and applicable state law.

*Three Sisters Partners, L.L.C. v. Harden (In re Shangra-La, Inc.)*, 167 F.3d 843, 849 (4th Cir. 1999); *In re Crown Books Corp.*, 269 B.R. 12, 15 (Bankr. D. Del. 2001).  To date, RVictory2 has incurred approximately $4,000.00 in attorneys' fees as a result of Debtors' breaches and fees continue to accrue.  This is an additional cure amount to be paid prior to assumption.

14.     Prior to assumption and assignment of the Contracts, the Debtors are required to cure the default and promptly pay the appropriate cure amount to RVictory2, including applicable attorneys' fees.

15.     By asserting that the cure amount applicable these contracts is zero, the Debtors have failed to comply with 11 U.S.C. § 365, and thus, they may not assume and assign the Contracts.

16.     Accordingly, RVictory2 objects to the cure amount proposed by the Debtors, objects to the assumption and assignment of the Contracts without payment of the correct cure amounts set forth herein and seeks full payment of proper cure amount.

17.     RVictory2 reserves the right to supplement this Objection with further costs and fees, and to raise any objection to any other matter before this Court.

Dated:  July 12, 2023

/s/ Larry G. Ball
Tami J. Hines, Texas Bar No. 34133319
Larry G. Ball, OBA #12205, *pro hac vice*
**HALL, ESTILL, HARDWICK,**
**GABLE, GOLDEN & NELSON, PC**
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Tel:  (405) 553-2828
Fax:  (405) 553-2855
Email: thines@hallestill.com
Email: lball@hallestill.com
***Counsel to RVictory2***

2849227.1:012084.00001

**<u>Certificate of Service</u>**

I hereby certify that on this 12th day of July, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the ECF registrants of record.

<em>s/ Larry G. Ball</em>

_____

2849227.1:012084.00001