IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*,[1] | Chapter 11 |
| | Case No. 23-90147 |
| Debtor. | (Jointly Administered) |

**BRVICTORY1, LLC, BRVICTORY2, LLC, AND BIREN PATEL'S
OBJECTION TO CURE AMOUNT**

BRVictory1, LLC, BRVictory2, LLC, and Biren Patel (collectively "BRVictory"), contract counterparties in interest in this case, submit their Objection to Cure Amount ("Objection") objecting to the proposed cure amounts for the assumption of contracts listed on the Debtor's cure schedule related to two BRVictory operated locations Nos. 695 and 696.

The Debtors filed their Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases ([Dkt. 728] "Cure Notice") on June 28, 2023, with attached Exhibit "A" which sets the cure amounts for all of the above BRVictory contracts at zero. BRVictory both disagrees with, and objects to, this proposed cure amount. In support of this Objection, BRVictory states the following:

**I
BACKGROUND**

1. On June 22, 2023, the Court entered its Order (I) Approving Bid Procedures for the Sale of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling Certain Dates with Respect Thereto, (IV) Approving the Form and Manner of Notice Thereof, and (V) Approving

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA  30022.

2849267.1:012085.00001

Contract Assumption and Assignment Procedures [Docket No. 701] (the "Bid Procedures Order"), authorizing the Debtors to conduct an auction to select a party or parties to purchase some or all of the Debtors' assets.

2. On June 28, 2023, pursuant to the Bid Procedures Order, the Debtors filed the Cure Notice, listing the BRVictory Contracts[2] as contracts to be potentially assumed and assigned to the successful bidder, but listing the cure amount for all of the contracts at zero.

## II
## FACTUAL BACKGROUND

3. BRVictory is the lessee under certain gas station and travel center subleases with one of the Debtors, Mountain Express Oil Company ("MEX")—such subleases being as follows:

| Stores | Contract[3] | Counterparties |
|---|---|---|
| 695 | Commercial Lease | Biren Patel |
| 696 | Commercial Lease | BRVictory2, LLC and Biren Patel |
| 695 | First Amendment of Commercial Lease | Biren Patel |
| 696 | First Amendment of Commercial Lease | BRVictory2, LLC and Biren Patel |

4. BRVictory is also the counterparty to certain Fuel Sales Agreements with MEX as follows:

---

[2] Defined *infra* ¶¶ 3-4.
[3] These descriptions by the Debtors do not exactly match the titles of the pertinent contracts. It is the intent of BRVictory that the cure amounts stated below apply to all applicable contracts to a specific location, including all amendments.

2

| Stores | Contract[4] | Counterparties |
|---|---|---|
| 696 | Fuel Supply Agreement | Biren Patel |
| 695 | First Amendment of Fuel Supply Agreement | Biren Patel and BRVictory1, LLC |
| 696 | First Amendment of Fuel Supply Agreement | Biren Patel and BRVictory2, LLC |
| 696 | Second Amendment of Fuel Supply Agreement | Biren Patel and BRVictory1, LLC |

(Collectively, these 8 agreements will be referred to herein as the "Contracts").

5.     The Debtors have asserted in Adversary Action No. 23-03096 that other contracts, each of which are comparable to the Contracts and which also contain cross-default clauses, were part of one integrated transaction and should, therefore, be read as one integrated agreement. *See* Debtors' Adversary Complaint, filed in Case No. 23-03096, p. 3-4 at ¶¶ 9-10; p. 7 at ¶ 19. As such, BRVictory assumes that Debtors take the same position with respect to the Contracts referenced herein, which means that the cure amounts offered by Debtors are applicable to both the Fuel Supply Agreements and the Leases.  If so, then the Contracts can only be assumed or rejected as a unit or the cure amounts apply equally to both contracts.

6.     Throughout the life of the contracts, MEX has breached the contracts by failing to provide fuel in accordance with the contracts, failing to provide required branding assistance, failing to remit credit card sales proceeds to BRVictory, overcharging for fuel and freight, billing fees that are not provided in the contracts, providing wrongly branded fuel to BRVictory and other breaches of contract.

---

[4] Additionally, although not listed by the Debtor, there is a Fuel Supply Agreement applicable to store 695, which was later amended by the listed contracts.  These descriptions by the Debtors also do not exactly match the titles of the pertinent contracts.

3

7.  BRVictory has commissioned preliminary partial audits of the fuel purchases from MEX in an attempt to quantify the overcharges on fuel portions of its damages.

8.  BRVictory has done its best to calculate its losses as a result of MEX's breaches as described in detail on Exhibit "A" to this objection and summarized below:

| Store | Contracts | Cure Amount Due |
|---|---|---|
| 695 | Commercial Lease, Fuel Supply Agreement and Amendments | $8,682.36 |
| 696 | Commercial Lease, Fuel Supply Agreement and Amendments | $25,083.00 |

9.  **These amounts, plus attorneys' fees and potential freight overcharges as outlined below, are the proper cure amounts that are required to be paid before the Contracts described thereon can be properly assumed and assigned under 11 U.S.C. § 365.**

10. Additionally, BRVictory has information that indicates MEX is impermissibly marking up freight charges before invoicing them to BRVictory. However, the records to establish such a markup are solely within the control of Debtors. To the extent that those records show that MEX has been marking up freight, such markup is a breach of contract and part of the cure amount due to BRVictory. BRVictory believes that the damages for such breach could be as much as $18,269.58.

### III
### LEGAL ARGUMENT

11. The Contracts are executory contracts, subject to assumption and assignment by the Debtors pursuant to 11 U.S.C. § 365. The Debtors have admitted as much by listing these agreements on the Cure Notice.

4

12.     Section 365 "allows a debtor to 'continue in a beneficial contract provided, however, that the other party is made whole at the time of the debtor's assumption of said contract.'" In re *Natl. Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (citing In re *Eagle Bus Mfg., Inc.*, 148 B.R. 481, 483 (Bkrtcy. S.D. Tex. 1992)). Accordingly, the cure requirements are "a guarantee to the non-debtor party, who may be forced to continue a relationship it would rather terminate, that as condition to the forced continuation of the contractual relationship, any losses or defaults existing at the time will be satisfied either through a timely cure or through reasonable assurances of future payment." *In re Natl. Gypsum Co.*, 208 F.3d at 509.

13.     Once a default has occurred, Debtors may not assume the Contracts unless and until they have shown that "at the time of assumption" each of the requirements under § 365 have occurred. *See In re Patriot Place, Ltd.*, 486 B.R. 773, 795 (Bankr. W.D. Tex. 2013) ("The debtor . . . bears the burden of showing that the requirements for assumption under § 365 have been met." (citations omitted)).

14.     Under § 365, the requirements for assumption are as follows: (1) cure, or provide adequate assurance that it will promptly cure, any monetary defaults in the relevant contract or lease; (b) cure all past nonmonetary defaults under those same agreements; (c) compensate, or provide adequate assurance of prompt compensation, for any pecuniary loss resulting from such default; and (d) provide adequate assurance of future performance under those same agreements. In re Patriot Place, Ltd., 486 B.R. 773, 795 (Bankr. W.D. Tex. 2013); *In re Natl. Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (citing 11 U.S.C. § 365).

15.     Among the cure requirements set forth under § 365, Debtors are required to pay the attorneys' fees attributable to the cure costs under the Contracts.

> Attorneys' fees incurred in attempting to collect sums due from debtors following default may be recovered as pecuniary loss under § 365(b)(1)(B) if such monies were expended as the result of a default under the contract or lease between the parties and are recoverable under the contract and applicable state law.

*Three Sisters Partners, L.L.C. v. Harden (In re Shangra-La, Inc.)*, 167 F.3d 843, 849 (4th Cir. 1999); *In re Crown Books Corp.*, 269 B.R. 12, 15 (Bankr. D. Del. 2001). To date, BRVictory has incurred approximately $3,000.00 in attorneys' fees as a result of Debtors' breaches and fees continue to accrue. This is an additional cure amount to be paid prior to assumption.

16. Prior to assumption and assignment of the Contracts, the Debtors are required to cure the default and promptly pay the appropriate cure amount to BRVictory, including applicable attorneys' fees.

17. By asserting that the cure amount applicable these contracts is zero, the Debtors have failed to comply with 11 U.S.C. § 365, and thus, they may not assume and assign the Contracts.

18. Accordingly, BRVictory objects to the cure amount proposed by the Debtors, objects to the assumption and assignment of the Contracts without payment of the correct cure amounts set forth herein and seeks full payment of proper cure amount.

19. BRVictory reserves the right to supplement this Objection with further costs and fees, and to raise any objection to any other matter before this Court.

Dated: July 12, 2023

*/s/     Larry G. Ball*
Tami J. Hines, TX Bar No. 24133319
Larry G. Ball, OBA No. 12205, *pro hac vice*
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Tel: (405) 553-2828
Fax: (405) 553-2855
Email: lball@hallestill.com
         thines@hallestill.com
*Counsel to BRVictory1, LLC and BRVictory2, LLC*

7

2849267.1:012085.00001

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2023, I electronically transmitted the above document for filing to the Clerk of Court using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to all ECF registrants.

*s/ Larry G. Ball*