# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*, | ) Case No. 23-90147 (DRJ) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

## LIMITED OBJECTION OF
## BLUE OWL REAL ESTATE CAPITAL LLC TO DEBTORS' CURE
## AMOUNTS SET FORTH IN THE DEBTORS' NOTICE TO COUNTERPARTIES TO
## POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Blue Owl Real Estate Capital LLC (f/k/a Oak Street Real Estate Capital, LLC) and its affiliates, as set forth in **Exhibit A** attached hereto (collectively, "Blue Owl"), by and through their undersigned counsel, hereby submits this limited objection (the "Objection") to the asserted Cure Amounts filed by the above-captioned debtors and debtors in possession (the "Debtors") and set forth in the *Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 728] (the "Notice"), filed pursuant to the *Order (I) Approving Bid Procedures for the Sale of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling Certain Dates with Respect Thereto, (IV) Approving the Form and Manner of Notice Thereof, and (V) Approving Contract Assumption and Assignment Procedures* [Docket No. 701] (the "Bidding Procedures Order") and the bidding procedures, attached to the Bidding Procedures Order as Exhibit 1 (the "Bidding Procedures"). As more fully set forth in this Objection, Blue Owl objects to the Cure Amounts relating to its applicable Leases (as defined herein), as stated in the Notice, and

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

(b) any potential assumption or assumption and assignment of its applicable Leases without providing for a full and complete cure. In support of this Objection, Blue Owl respectfully states as follows:

## BACKGROUND

1. Since May 2021, Blue Owl has engaged in an ongoing business relationship with the Debtors to facilitate the negotiation of purchase and sale agreements with various third parties to acquire gas stations and convenience stores, which Blue Owl would subsequently purchase and lease back to the Debtors. The relationship between the parties is primarily governed by three amended and restated master lease agreements (the "Leases"), which implicate approximately 277 properties, pursuant to which Blue Owl acts as landlord to the Debtors.

2. On March 18, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## OBJECTION[2]

3. Pursuant to the Notice, the Debtors seek to establish Cure Amounts for the various executory contracts and unexpired leases, including the Leases, that, pursuant to the Bidding Procedures, may be assumed and assigned to a Successful Bidder[3] upon approval of the Sale, if

---

[2] Blue Owl will work with the Debtors to resolve this Objection and the cure disputes set forth herein and files this Objection to preserve its rights in the event an agreement cannot be reached.

[3] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Bidding Procedures Order or the Bidding Procedures, as applicable.

any. The Notice states that, according to the Debtors' books and records, the Cure Amounts for the unpaid monetary obligations under each of the Leases at issue are as follows:[4]

| Store Numbers | Contract Type | Title | Counterparty | Debtor Entity | Debtors' Cure Amount |
|---|---|---|---|---|---|
| 3603; 3055; 3056; 582; 3086; 3085 | Prime Lease (Multi-Site) | Amended and Restated Master Lease Agreement | MOUNTAIN DATX001; MOUNTAIN DATX003; MOUNTAIN PORTFOLIO OWNER LA 2 LLC; MOUNTAIN PORTFOLIO OWNER LA 2 LLC; MOUNTAIN PORTFOLIO OWNER NJ LLC; MOUNTAIN PORTFOLIO OWNER PA LLC; MOUNTAIN PORTFOLIO OWNER NC 2 LLC; MOUNTAIN PORTFOLIO OWNER OK LLC | MEX RE-SW-LA LLC | $0.00 |
| 3029; 3321; 3215; 3010; 3033; 3059; 3027; 3007; 3022; 3006; 3058; 3019; 318; 3002; 3023; 3020; 3028; 3057 | Prime Lease (Multi-Site) | Amended and Restated Master Lease Agreement | MOUNTAIN PORTFOLIO OWNER LLC; MOUNTAIN PORTFOLIO OWNER AR LLC; MOUNTAIN PORTFOLIO OWNER NC LLC; MOUNTAIN PORTFOLIO OWNER LA LLC; MOUNTAIN IRTX001 LLC; MOUNTAIN DATX002 LLC; MOUNTAIN DATX004 LLC; MOUNTAIN DATX005 LLC | Mountain Express Oil Company | $0.00 |
| 1938; 1939; 1940; 1941; 1942; 1944; 1946; 1947; 1948; 1949; | Prime Lease (Multi-Site) | Amended and Restated Master Lease Agreement (29 Sites) | MOUNTAIN PORTFOLIO OWNER OK 3 LLC; MOUNTAIN PORTFOLIO OWNER LA 8 LLC; MOUNTAIN | MEX RE-SW-LA LLC | $0.00 or 47,718.39[5] |

---

[4]   See Notice, pp. 59, 62, and 64.

[5]   The Notice sets forth two identical entries for the same Lease. See Notice, p. 64. However, the applicable Cure Amounts differ, as one entry sets forth a proposed Cure Amount of $0.00 and the other sets forth a proposed Cure Amount of $47,718.39. Blue Owl objects to the Cure Amounts set forth on both entries, as set forth herein, and seeks clarification from the Debtors as to whether the Debtors are asserting that the applicable entries pertain to different lease agreements.

3

| Store Numbers | | | PORTFOLIO OWNER MS 2 LLC; MOUNTAIN PORTFOLIO OWNER PA 3 LLC; MOUNTAIN PORTFOLIO OWNER AROKMS LLC | | |
|---|---|---|---|---|---|
| 209; 210; 211; 212; 213; 3123; 3124; 3125; 3126; 3127; 3128; 3129; 3525; 363; 3111; 3114; 3113; 3508; 56; 57 | | | | | |

4. Contrary to the Notice, according to the Blue Owl's books and records, as of July 12, 2023 (the "Reference Date"), the aggregate accrued monetary amounts due under each of the Leases is as follows:[6]

| Store Numbers | Contract Type | Title | Counterparty | Debtor Entity | Blue Owl Monetary Cure Amount |
|---|---|---|---|---|---|
| 3603; 3055; 3056; 582; 3086; 3085 | Prime Lease (Multi-Site) | Amended and Restated Master Lease Agreement | See **Exhibit B**. | MEX RE-SW-LA LLC | $129,301.28 (See **Exhibit B**) |
| 3029; 3321; 3215; 3010; 3033; 3059; 3027; 3007; 3022; 3006; 3058; 3019; 318; 3002; 3023; 3020; 3028; 3057 | Prime Lease (Multi-Site) | Amended and Restated Master Lease Agreement | See **Exhibit C**. | Mountain Express Oil Company | $49,908.30 (See **Exhibit C**.) |
| 1938; 1939; 1940; 1941; 1942; 1944; 1946; 1947; 1948; 1949; 209; 210; 211; 212; 213; 3123; 3124; 3125; 3126; 3127; 3128; 3129; 3525; 363; 3111; 3114; | Prime Lease (Multi-Site) | Amended and Restated Master Lease Agreement (29 Sites) | See **Exhibit D**. | MEX RE-SW-LA LLC | $230,927.11 (See **Exhibit D**.) |

---

[6] An itemization of asserted amounts is set forth in each applicable Exhibit attached hereto. The Notice additionally sets forth the counterparties (*i.e.*, the applicable Blue Owl entities) that are counterparties to each of the Leases. To the extent there are discrepancies between the Blue Owl counterparties, as set forth in the Notice, and Blue Owl's records, as set forth on the applicable Exhibits attached hereto, Blue Owl requests clarification from the Debtors regarding any such discrepancies.

4

| 3113; 3508; 56; 57 | | | | | |
|---|---|---|---|---|---|

5. The foregoing amounts represent only known utilities, real estate taxes, common area maintenance, annual assessment dues, late fees, code violation fees, and other amounts that were not paid when due by the Debtors, as required under the respective Leases, and, to Blue Owl's knowledge and belief, remain outstanding as of the Reference Date (collectively, the "Outstanding Monetary Obligations"), all as more particularly set forth on the applicable Exhibits attached hereto.

6. Under the terms of each of the Leases, the Debtors are responsible for the payment of all base rent, utilities, real estate tax, common area maintenance, annual assessment dues, late fees, code violation fees, and other amounts attributable or related to the respective properties leased pursuant to Leases, as applicable.

7. In addition to the Outstanding Monetary Obligations, base rent, utilities, real estate tax, common area maintenance, annual assessment dues, late fees, code violation fees, and other amounts attributable or related to the properties leased pursuant to the Leases, as applicable, will become due and owing pursuant to each of the Leases from and after the Reference Date and must similarly be paid by the Debtors when due or paid in connection with any assumption or assumption and assignment of the respective Leases. Blue Owl objects to any assumption or assumption and assignment of its respective Leases unless all base rent, utilities, real estate tax, common area maintenance, annual assessment dues, code violation fees, other fees, and other monetary obligations (including reconciliations thereof and adjustments thereto, as applicable) that become due pursuant to the terms of any of the Leases from and after the Reference Date (a) are paid as and when due, or (b) are paid in full in connection with an assumption or assumption and assignment of the Leases. *See* 11 U.S.C. §§ 365(b) and 365(f).

8. Additionally, further monetary obligations may have accrued pursuant to the Leases but have not yet become the subject of an invoice or statement and may not become due or delinquent prior to the filing of this Objection in connection with a potential Sale, as contemplated by the Bidding Procedures Order and the Bidding Procedures. Non-exclusive examples of these accrued, but not yet due, obligations are base rent and real estate taxes, as applicable, all of which must be paid by the Debtors, pursuant to the terms of the respective Leases, prior to assumption or assumption and assignment of the Leases. The Debtors must acknowledge, and any order approving Cure Amounts and the assumption or assumption and assignment of any of the Leases must provide, (a) that the Debtors shall be liable for all amounts that have accrued but have not become (i) the subject of a statement or other invoice, (ii) due, or (iii) delinquent, in each case, without regard to whether such amounts are attributable to a prepetition or post-petition period, and (b) that payment of year-end reconciliations and adjustments will be made by the Debtors as and when due pursuant to the terms of the respective Leases. Blue Owl objects to any assumption or assumption and assignment of its Leases to the extent that the order approving any assumption or assumption and assignment of such Leases does not obligate the Debtors to pay all obligations that have accrued under any of the Leases but have not yet become due and payable or delinquent prior to the date an order is entered approving the assumption or assumption and assignment thereof.

9. As set forth in the respective Leases, Blue Owl additionally asserts its right to be reimbursed as part of the Cure Amounts for all of its actual pecuniary losses including, but not limited to, attorneys' fees and costs expended with regard to enforcing its rights under the Leases. Blue Owl further objects to the extent that all Cure Amounts are not immediately paid in full upon any assumption or assumption and assignment of its Leases, including all of its actual pecuniary

losses including, but not limited to, attorneys' fees and costs expended with regard to enforcing its rights under such Leases as part of these proceedings.

10. Lastly, each of the Leases also provide that the Debtors must indemnify and hold Blue Owl harmless with regard to any and all liabilities, obligations, claims, penalties, losses, costs, fees and other expenses suffered by Blue Owl which arise out of, are occasioned by, or are in any way attributable to or related to: (a) the Debtors' use or occupancy of the related properties or (b) any breach or default by the Debtors in performance of any obligation to be performed by the Debtor under any of the Leases. The Debtors must assume all indemnification liabilities set forth in such Leases or the Debtors must be required to evidence, or obtain, adequate insurance in order to guaranty that its indemnity responsibilities will be met. Claims for indemnity may include, but are not limited to, (a) claims for personal injuries which occur at the affected properties where the Debtors or the applicable Blue Owl entity is joined as a party defendant, (b) damage and destruction to the affected property by the Debtors or their agents, (c) claims for mechanic's, materialmen's, or similar liens with respect to the affected properties (including actions brought in connection therewith where a Debtor or the applicable Blue Owl entity is joined as a party defendant), (d) claims for environmental damage or environmental cleanup, and (e) claims for compliance with state, local, and municipal laws and regulations at the properties leased pursuant to the Leases. Blue Owl objects to any assumption of its Leases to the extent that it does not obligate the Debtors to be responsible for all indemnification liabilities or obligate the Debtors to otherwise provide assurance that such indemnification obligations will be satisfied.

## **RESERVATION OF RIGHTS**

11. Blue Owl expressly reserves the right to amend, modify, and/or supplement this Objection and to object to any additional relief sought by the Debtors in connection with the Leases.

12.     Blue Owl additionally expressly reserves the right to object to the ability of the Successful Bidder and/or Backup Bidder to provide adequate assurance or future performance with respect to any of the Leases at a later date on the terms set forth in the Notice, the Bidding Procedures Order, and the Bidding Procedures.

WHEREFORE, Blue Owl: (a) objects to the Notice related to its Leases, as set forth herein, and requests that the Cure Amounts for the Leases be set at the amounts set forth by Blue Owl herein and as identified in each Exhibit hereto, together with attorneys' fees, any additional actual pecuniary losses, and such additional amounts as may become due prior to the assumption or the assumption and assignment of the Leases (collectively, the "Lease Cure Amounts"), including, without limitation accrued and accruing base rent, utilities, real estate tax, common area maintenance, annual assessment dues, late fees, code violation fees, and other amounts attributable or related to the respective properties under each of the Leases; (b) objects to any assumption or assumption and assignment of the Leases unless a complete and immediate payment of all Lease Cure Amounts with respect to such Lease is made prior to the assumption or assumption and assignment of such Lease and such assumption or assumption and assignment otherwise adequately resolves the objections set forth herein; (c) reserves Blue Owl's right to further object to any assumption or assumption and assignment of its Leases, as set forth herein; and (d) requests such other and further relief as may be just and required under the circumstances.

Houston, Texas
July 12, 2023

|  |  |
|---|---|
|  | /s/ John F. Higgins |
| **KIRKLAND & ELLIS LLP** | **PORTER HEDGES LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | John F. Higgins |
| Steven N. Serajeddini, P.C. (admitted *pro hac vice*) | Megan N. Young-John |
| Joshua Greenblatt, P.C. (admitted *pro hac vice)* | 1000 Main Street, 36th Floor |
| 601 Lexington Avenue | Houston, Texas 77002 |
| New York, New York 10022 | Telephone: (713) 226-6000 |
| Telephone: (212) 446-4800 | Facsimile: (713) 226-6248 |
| Facsimile: (212) 446-4900 | Email: jhiggins@porterhedges.com |
| Email: steven.serajeddini@kirkland.com | myoung-john@porterhedges.com |
| Email: josh.greenblatt@kirkland.com |  |

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Benjamin T. Kurtz (admitted *pro hac vice*)
Ashley L. Surinak (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         benjamin.kurtz@kirkland.com
Email:         ashley.surinak@kirkland.com

## Certificate of Service

I certify that on July 12, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins