**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, et al., | Case No. 23-90147 (DRJ) |
| Debtors. [1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING
THEIR EXCLUSIVITY PERIODS TO FILE A CHAPTER 11
PLAN AND SOLICIT ACCEPTANCES THEREOF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):

**Relief Requested**

1.     The Debtors seek entry of an order substantially in the form attached hereto (the "Order"), (a) extending by 120 days the period during which the Debtors have the exclusive right to file a chapter 11 plan (the "Filing Exclusivity Period"), currently July 17, 2023, through and including November 14, 2023, and the period during which the Debtors have the exclusive right to solicit a chapter 11 plan filed during the Filing Exclusivity Period (the "Solicitation Exclusivity

---

[1]     A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

Period," and together with the Filing Exclusivity Period, the "Exclusivity Periods"), currently September 14, 2023, through and including January 12, 2024, without prejudice to the Debtors' rights to seek further extensions of the Exclusivity Periods, and (b) granting related relief.  The Debtors request that the extension of the Exclusivity Periods requested not apply to First Horizon Bank, solely in its capacities as Administrative Agent and DIP Agent (the "Agent"), *provided that* if the Agent files a chapter 11 plan that is not supported by the Official Committee of Unsecured Creditors (the "Committee"), the Committee may file a competing chapter 11 plan and the Court will hold a hearing to determine which chapter 11 plan may be solicited, without prejudice to the Debtors' right to file its own chapter 11 plan (the "Exclusivity Carve Out").

## Preliminary Statement

2.      Since commencing these Chapter 11 Cases, the Debtors' efforts have been focused on addressing a myriad of "self-help" issues undertaken by certain creditors of the Debtors, addressing numerous utility shut-off demands, reconciling the Debtors' books and records and preparing the Debtors' schedules of assets and liabilities, all while engaging in an ongoing and comprehensive sale and marketing process for substantially all of the Debtors' assets.

3.      In light of the foregoing, and in order to promote consensus across the Debtors' creditor constituencies, the Debtors request a 120-day extension of the Exclusivity Periods to file and solicit approval of a chapter 11 plan, subject to the Exclusivity Cave Out, so that they may continue to diligently pursue and effectuate a comprehensive resolution to these Chapter 11 Cases. The extension of the Exclusivity Periods requested herein is calculated to provide the Debtors with sufficient time to complete their restructuring and sale process while focusing on operating their businesses in the ordinary course and complying with their obligation in these Chapter 11 Cases.

Given the size and complexity of their businesses, the Debtors' request for additional time to complete their key restructuring initiatives is amply justified.

4.      For the foregoing reasons, and as more fully set forth below, the Debtors submit that "cause" exists under section 1121 of the Bankruptcy Code to extend the Debtors' Exclusivity Periods, subject to the Exclusivity Carve Out.

## Jurisdiction and Venue

5.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

6.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The bases for the relief requested herein is section 1121 of title 11 of the United States Code (the "Bankruptcy Code").

## General Background

8.      On March 18, 2023 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

9.      On April 4, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee, consisting of the following three members: (i) The Necessity Retail

REIT, Inc.; (ii) Total Image Solutions, LLC; and (iii) Coca-Cola Bottling Company United, Inc.
*See* Docket No. 202.

10.     Founded in 2000 and based in Alpharetta, Georgia, the Debtors are a recognized
leader in the fuel distribution and retail convenience industry.  As one of the largest fuel
distributors in the American South, the Debtors served 828 Fueling Centers and 27 Travel Centers
across 27 states as of the Petition Date.  The Debtors enjoy trusted relationships with every major
oil company including ExxonMobil, BP, Shell, Chevron, Texaco, and Sunoco and have obtained
Regal Status with Chevron, Platinum Status with ExxonMobil, and is the largest Pilot Dealer in
the United States.  Since 2013, the Debtors have distributed over 1.1 billion gallons of fuel.

11.     Additional information regarding the Debtors' business and capital structure and
the circumstances leading to the commencement of these chapter 11 cases is set forth in the
*Declaration of Michael Healy in Support of Debtors' Chapter 11 Petitions and First Day Relief*
[Docket No. 57] (the "First Day Declaration") and incorporated herein by reference.[2]

12.     On June 29, 2023, the Court approved the *Stipulation and Agreed Order By and
Among the Debtors and First Horizon Bank* [Docket No. 735] (the "Stipulation").  Among other
things, the Stipulation approved of a waiver attached thereto as Exhibit A (the "Waiver") related
to the Debtors' debtor in possession financing facility.  The Waiver, *inter alia*, provided that the
Debtors will seek an extension of the Exclusivity Periods and that the Agent will be entitled to file
and solicit acceptances to a chapter 11 plan, notwithstanding any extension of the Debtors'
Exclusivity Periods.  *See* Waiver, at 4.1.  At a hearing conducted on the Stipulation on June 29,
2023, further announcements were made by the Court, the Committee, the Agent, and the Debtors

---

[2]     A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the First Day
Declaration.

DOCS_LA:349960.1 58614/002

concerning the exclusivity provisions of the Waiver and the Committee's ability to submit a competing chapter 11 plan in the event the Agent files a chapter 11 plan.  These announcements culminated in the terms of the Exclusivity Carve Out.

### Basis for Relief

13.     A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code. In these chapter 11 cases, the Filing Exclusivity Period will expire on July 17, 2023 and the Solicitation Exclusivity Period will expire on September 14, 2023, absent further order of the Court. The Debtors seek an extension of the Exclusivity Periods to preserve their exclusive right to file and solicit a plan of reorganization, subject to the Exclusivity Carve Out.

14.     Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusivity periods to file and solicit a plan "for cause." *See* 11 U.S.C. § 1121(d)(1). Specifically, section 1121(d)(1) of the Bankruptcy Code provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." *Id.* Although the Bankruptcy Code does not define "cause," bankruptcy courts have the discretion to extend exclusivity to promote the orderly, consensual, and successful reorganization of a debtor's affairs. *See In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987) (noting that the meaning of "cause" under section 1121 of the Bankruptcy Code should be viewed in the context of the Bankruptcy Code's goal of fostering reorganization); *In re Mirant Corp.*, No. 4-04-CV-476-A, 2004 WL 2250986, at *2 (N.D. Tex. Sept. 30, 2004) ("In virtually every case where an extension has been granted, the debtor has shown substantial progress toward reorganization"); *see also In re Lehman Bros. Holdings, Inc.*, No. 08-13555 (Bankr. S.D.N.Y. July 15, 2009), Hr'g

5

Tr. at 137: 3–6, 8–11 (finding that it is "beyond reasonable debate that the debtors should be entitled . . . to as much time as they need to develop their best plan" because "exclusivity was designed, in part, to give debtors that privilege, unless it's being abused"); *In re Borders Grp., Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y 2011) (noting that "the court has broad discretion in extending or terminating exclusivity").

15.     The decision to extend exclusivity periods is left to the sound discretion of the bankruptcy court and should be based on the totality of the circumstances in each case. *See Mirant*, 2004 WL 2250986, at \*3 (noting that the decision to extend exclusivity "lies within the bankruptcy court's discretion"); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100–01 (Bankr. E.D. Tex. 1996) (extending exclusivity based on the totality of the circumstances). In particular, courts within the Fifth Circuit and other jurisdictions examine a number of factors in determining whether "cause" exists to extend a debtor's exclusive plan filing period, including:

      a.    the size and complexity of the case;

      b.    the need for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

      c.    whether the debtor has made progress in negotiations with its creditors;

      d.    the existence of good faith progress toward reorganization;

      e.    whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;

      f.    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

      g.    the fact that the debtor is paying its bills as they become due;

      h.    the amount of time which has elapsed in the case; and/or

      i.    whether an unresolved contingency exists.

*See, e.g.*, *In re New Millennium Mgmt., LLC*, No. 13-35719 (LZP), 2014 WL 792115, at *6 (Bankr. S.D. Tex. Feb. 25, 2014) (listing factors relevant to whether "cause" exists to extend exclusivity periods) (citing *In re GMG Cap. Partners III, L.P.*, 503 B.R. 596 (Bankr. S.D.N.Y. 2014)).

16.     Not all factors are relevant to every case, and the existence of even one of the above-listed factors may be sufficient to extend a debtor's exclusivity periods. *See, e.g., In re Express One*, 194 B.R. at 100 (listing all nine factors but determining that "cause" to extend exclusivity existed without finding that every factor was met); *see also In the Matter of Excel Maritime Carriers Ltd.*, No. 13-23060-RDD, 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013) (explaining that the relevance of the factors is context-dependent and that "the ultimate consideration for the [c]ourt was what will best move the case forward in the best interest of all parties").

17.     Although the party seeking an exclusivity extension bears the burden of demonstrating cause, courts have applied a more lenient standard when determining whether to grant a debtor's first exclusivity request. *See Mirant*, 2004 WL 2250986, at *2 ("The debtor's burden gets heavier with each extension it seeks as well as the longer the period of exclusivity lasts."); *In re Apex Pharm., Inc.*, 203 B.R. 432, 441 (N.D. Ind. 1996) (noting that during the initial 120-day period in which debtors have an exclusive right to file a chapter 11 plan, "bankruptcy courts apply a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied.") (citing 11 U.S.C. § 1121(b), (c)(2)); *see also Borders*, 460 B.R. at 825 (same).

18.     Here, the relevant factors strongly favor an extension of the Debtors' Exclusivity Periods, subject to the Exclusivity Carve Out.

7

- ***The Debtors' Chapter 11 Cases Are Large and Complex***. There is no question that the Debtors' cases are large and complex. The Debtors are one of the largest fuel distributors in the American South, the Debtors served 828 Fueling Centers and 27 Travel Centers across 27 states as of the Petition Date. Nor is there any question that the Debtors' capital structure—which as of the Petition Date consisted of approximately $176.5 million in funded debt obligations—is large and complex. Additionally, the Debtors have an array of active constituents, including, among others, the Committee and the Agent, in addition to numerous sophisticated contract and lease counterparties and trade vendors. Administering these Chapter 11 Cases requires significant input from the Debtors' management team and advisors on a wide range of complicated matters necessary to bring structure and consensus to a large and complex process.

- ***An Extension of the Exclusivity Periods Will Not Prejudice Creditors***. The Debtors seek to maintain exclusivity so parties with competing interests do not hinder their efforts to finalize a value-maximizing restructuring, subject to the Exclusivity Carve Out. All stakeholders benefit from the continued stability and predictability that a centralized process provides, which can only occur while the Debtors remain the sole potential plan proponents, subject to the Exclusivity Carve Out. Moreover, even if the Court approves an extension of the Exclusivity Periods, nothing prevents parties in interest from later arguing to the Court that cause supports termination of the Exclusivity Periods should such cause arise or in connection with the terms of the Exclusivity Carve Out.

- ***The Debtors Are Not Pressuring Creditors by Requesting an Extension of the Exclusivity Periods***. The Debtors' restructuring process is intended to confirm a plan that maximizes the value of the Debtors' estates for all of the Debtors' key economic stakeholders. The Debtors request a brief extension of the Exclusivity Periods not to pressure creditors, but to provide a sufficient, flexible window in which the Debtors can obtain additional certainty regarding their path to exit from chapter 11 without the disruption and distraction created by unanticipated competing plan proposals. Moreover, the terms of the Exclusivity Carve Out allow representatives of the Debtors' primary constituents, namely the Agent and the Committee, to have an increased role than is typical with respect to the chapter 11 plan process.

- ***Relatively Little Time Has Elapsed in the Chapter 11 Cases***. Just approximately four months have elapsed since the Petition Date, and this is the Debtors' first request for an extension of the Exclusivity Periods, subject to the Exclusivity Carve Out. During the brief pendency of these cases, the Debtors made significant efforts to bring stability to their operations. The Debtors seek extension of the Exclusivity Periods contemplated herein and subject to the Exclusivity Carve Out to continue the Debtors' ongoing sale and marketing process for substantially all of their assets and proceed toward emergence in an efficient, organized manner.

8

19.     The facts and circumstances of these cases support a finding of "cause" to extend the Exclusivity Periods for an additional 120 days, subject to the Exclusivity Carve Out. Accordingly, the Debtors request that the Court grant the relief requested herein.

### Automatic Extension under Complex Chapter 11 Case Procedures

20.     Pursuant to Section K, paragraph 30 of the *Procedures for Complex Cases in the Southern District of Texas*, the time by which the Debtors have the exclusive right to file a chapter 11 plan and solicit acceptances thereof shall automatically be extended until the Court rules on this motion, without the necessity for the issuance or entry of an order extending the time.

### Notice

21.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances.  The Debtors will provide notice to parties-in-interest, including on the Debtors' Master Service List.

[*Remainder of Page Intentionally Left Blank*]

DOCS_LA:349960.1 58614/002

## Conclusion

**WHEREFORE**, the Debtors request that the Court enter the Order granting the relief requested herein and such other and further relief as the Court deems just and proper under the circumstances.

Dated: July 12, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Michael D. Warner*

Michael D. Warner (SBT 00792304)
Steven W. Golden (SBT 24099681)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mwarner@pszjlaw.com
sgolden@pszjlaw.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Jeffrey W. Dulberg (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
jpomerantz@pszjlaw.com
jdulberg@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on July 12, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Michael D. Warner*

Michael D. Warner

10

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, et al., | Case No. 23-90147 (DRJ) |
| Debtors. [1] | (Jointly Administered) |

**ORDER EXTENDING TIME PERIOD WITHIN WHICH
THE DEBTORS MUST ASSUME OR REJECT UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY**

(Related Docket No. _____)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to extend the periods during which the Debtors have the exclusive right, subject to the Exclusivity Carve Out, to file a chapter 11 plan and to solicit a plan filed during the Filing Exclusivity Period, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having

---

[1]   A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2]   A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

1

found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Filing Exclusivity Period is extended through and including November 14, 2023, and the Solicitation Exclusivity Period is extended through and including January 12, 2024.

3. Notwithstanding the immediately preceding paragraph, the extension of the Exclusivity Periods does not apply to First Horizon Bank, solely in its capacities as Administrative Agent and DIP Agent (the "Agent"), *provided that* if the Agent files a chapter 11 plan that is not supported by the Official Committee of Unsecured Creditors (the "Committee"), the Committee may file a competing chapter 11 plan and the Court will hold a hearing to determine which chapter 11 plan may be solicited, without prejudice to the Debtors' right to file its own chapter 11 plan.

4. Entry of this Order is without prejudice to the Debtors' right to seek from this Court such additional and further extensions of the Exclusivity Periods within which to file and solicit acceptance of a plan of reorganization as may be necessary or appropriate, and without prejudice to any party in interest seeking to terminate the Exclusivity Periods.

5. Notice of the Motion as provided therein shall be deemed good and sufficient and satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

2

7.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.     This Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

                                           _____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

DOCS_LA:349960.1 58614/002