**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, et al.,[1] | Case No. 23-90147 (DRJ) |
| Debtors | (Jointly Administered) |

**OBJECTION OF REALTY INCOME CORPORATION TO
NOTICE TO COUNTERPARTIES TO POTENTIALLY ASSUMED
EXECUTORY CONTRACTS AND UNEXPIRED LEASES
<u>AND RESERVATION OF RIGHTS</u>**

Realty Income Corporation ("<u>Realty Income</u>" or "<u>Landlord</u>"), by and through its counsel, hereby files this objection to the *Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 728] ("<u>Notice</u>"), and in support hereof states as follows:

**<u>Background</u>**

1.      On or about March 18, 2023 ("<u>Petition Date</u>"), each of the above-captioned debtors (collectively, the "<u>Debtors</u>") filed voluntary petitions under chapter 11 of title 11 of the United States Code ("<u>Bankruptcy Code</u>") with this Court.

2.      The Debtors are operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On June 28, 2023, the Debtors filed the Notice which states that, "pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors **may** assume

---

[1]      The Debtors and several of its affiliates and/or associated entities each filed petitions commencing cases which are being jointly administered.  A complete list of the Debtors in these chapter 11 cases is available on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil.

and assign to the Successful Bidder the contract or agreement listed on **Exhibit A** to which you are a counterparty, upon approval of the Sale Transaction." Notice, p.1 (emphasis in original).[2]

4.      Exhibit A to the Notice includes leases (collectively, the "Leases") with Realty Income for thirty-one (31) leased premises (collectively, the "Premises"), delineated in the Notice on pages 2 and 3 as leases with counterparties identified as 42 ARLA Stores LP and 42 Okla LP.  Other than reference to the Debtors' internal store numbers, addresses for the Premises are not indicated in the Notice.

## Preliminary Objection

### a.      Proposed Cure Payment

5.      The Debtors have estimated proposed cure amounts in the amounts of $59,179.14, $15,765.03 and $22,842.63, respectively, in connection with three (3) Leases at stores numbered 3691, 3693 and 3694 and sets the proposed cure amounts at $0 for all other Leases.  According to Realty Income's records, cure amounts are owed for stores numbered 10716, 10717 and 10727.  Realty Income is unable to ascertain from the Notice whether the premises identified therein correspond to the locations for which cure amounts are owed.  The correct cure amount for the Leases, as of the date of filing this limited objection, exceed the amounts asserted in the Notice and remain subject to further verification ("Correct Cure Amount").  Such amount includes unpaid rent, common area

---

[2] Capitalized terms in the Notice have the meanings set forth in the Court's order approving bidding procedures [Docket No. 701] (the "Bidding Procedures Order").

maintenance (CAM) charges, property tax and such other unpaid obligations due under the Leases.

6.      If the Leases are to be assumed or assumed and assigned, the Debtors or the assignee should be required to pay Realty Income the Correct Cure Amount in accordance with section 365(b) of the Bankruptcy Code, in accordance with the terms of the Leases between the date of this filing and the date that the Leases are actually assumed or assumed and assigned.

**b.      Adequate Assurance of Future Performance**

7.      In addition, Realty Income is entitled to adequate assurance of future performance by any assignee under section 365(f)(2)(B) of the Bankruptcy Code. As a shopping center lease, this also requires satisfaction of the provisions of section 365(b)(3). Section 365(b)(3) specifically requires adequate assurance:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

> (B) that any percentage rent due under such lease will not decline substantially;

> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement related to such shopping center; and

> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

*11 U.S.C. § 365(b)(3).*

8.      Realty Income objects to the extent any proposed assignment of the Leases fails to comply with any of the foregoing requirements under section 365(b)(3) of the Bankruptcy Code.  This shall include any resulting violations of any of the terms and conditions of the Leases.[3]

9.      If the Leases are to be assumed or assumed and assigned, the Debtors or asset purchaser should also be required to pay Realty Income a "deposit or other security for the performance of the [Debtors'] obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant" in accordance with section 365(l) of the Bankruptcy.

## **Reservation of Rights**

10.      Realty Income further reserves the right to amend and/or supplement this objection and the Correct Cure Amount. Further, while the Lease Sale Procedures Order is not referenced in the Notice, Realty Income further reserves all rights with respect thereto. All objections and reservations asserted herein apply with equal force to any proposed sale, assumption or assignment under the Lease Sale Procedures Order, to the extent applicable.

---

[3] The documents evidencing and governing the Leases are voluminous and are in the possession of Debtors.  They will also be made available upon request.

## Conclusion

**WHEREFORE**, Realty Income respectfully requests that the Court sustain this preliminary objection by conditioning assumption and assignment of the Leases on: (1) the payment to Realty Income of the Correct Cure Amount plus any other amounts accruing under the Leases between the date of this filing and the date that the Leases are actually assumed or assumed and assigned; and (2) adherence to the provision of adequate assurance of future performance, including without limitation as required by section 365(b)(3) of the Bankruptcy Code, and grant any other and further relief that the Court may deem appropriate.

Respectfully submitted,

Dated: July 13, 2023

*Attorneys for Realty Income Corporation*

**HEMAR, ROUSSO & HEALD LLP**

By: */s/ J. Alexandra Rhim*
15910 Ventura Blvd., 12th Floor
Encino, CA 91436
Telephone: 818-501-3800
Fax: 818-501-2985
J. Alexandra Rhim, Esq.
arhim@hrhlaw.com
(*Pro Hac Vice Admission*)
*Attorneys for Realty Income Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which shall send notification of such filing to all counsel of record.

_____ /s/ J. Alexandra Rhim _____
J. Alexandra Rhim
