# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING
TIME PERIOD WITHIN WHICH THE DEBTORS MUST ASSUME OR
REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state the following in support of this motion (this "<u>Motion</u>"):

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Order</u>"), (a) extending the time under section 365(d)(4)(A) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), by which each Debtor may assume or reject unexpired leases of nonresidential real property (collectively, the "<u>Unexpired Leases</u>," and such deadline, the "<u>365(d)(4) Deadline</u>") until the earlier of (i) the date that is eighty-eight (88) days after the current

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

DOCS_LA:349951.4 58614/002

365(d)(4) Deadline of July 17, 2023 (*i.e.*, through and including October 13, 2023) and (ii) the date of the entry of an order confirming the Plan, without prejudice to the Debtors' right to seek further extensions in accordance with the Bankruptcy Code; and (b) granting related relief.[2]

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 365(d)(4) Bankruptcy Code and Bankruptcy Rule 9006.

## General Background

5. On March 18, 2023 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

6. On April 4, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), consisting of the

---

[2] Notwithstanding anything to the contrary, the Debtors are not seeking a determination that any particular lease, contract, instrument, or other document constitutes an unexpired lease of nonresidential real property subject to the provisions of section 365(d)(4) of the Bankruptcy Code and all parties' rights are reserved with respect to such determination.

2

following three members: (i) The Necessity Retail REIT, Inc.; (ii) Total Image Solutions, LLC; and (iii) Coca-Cola Bottling Company United, Inc.  *See* Docket No. 202.

7. Founded in 2000 and based in Alpharetta, Georgia, the Debtors are a recognized leader in the fuel distribution and retail convenience industry.  As one of the largest fuel distributors in the American South, the Debtors served 828 Fueling Centers and 27 Travel Centers across 27 states as of the Petition Date.  The Debtors enjoy trusted relationships with every major oil company including ExxonMobil, BP, Shell, Chevron, Texaco, and Sunoco and have obtained Regal Status with Chevron, Platinum Status with ExxonMobil, and is the largest Pilot Dealer in the United States.  Since 2013, the Debtors have distributed over 1.1 billion gallons of fuel.  As part of the Debtors' pre-petition business, the Debtors were parties to hundreds of Unexpired Leases as of the Petition Date.

8. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Healy in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 57] (the "First Day Declaration") and incorporated herein by reference.[3]

9. On March 22, 2023, the Court entered the *Order (I) Extending Time to File (A) Schedules of Assets and Liabilities, (B) Schedules of Current Income and Expenditures, (C) Schedules of Executory Contracts and Unexpired Leases, and (D) Statements of Financial Affairs, and (II) Granting Related Relief* [Docket No. 80] (the "Initial Schedules Extension Order").  The Initial Schedules Extension Order, *inter alia*, established May 17, 2023 as the deadline for the Debtors to file their schedules of assets and liabilities and statements of financial affairs

---

[3] A capitalized term used but not otherwise defined herein shall have the meaning ascribed to it in the First Day Declaration.

(collectively the "Schedules") and as well as initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest (the "2015.3 Reports") as set forth in Bankruptcy Rule 2015.3, without prejudice to the Debtors' rights to seek further extensions thereof.

10. On May 1, 2023, the Court entered the *Order (I) Extending Time to File (A) Schedules of Assets and Liabilities, (B) Schedules of Current Income and Expenditures, (C) Schedules of Executory Contracts and Unexpired Leases, (D) Statements of Financial Affairs, and (E) Bankruptcy Rule 2015.3 Reports, and (II) Granting Related Relief* [Docket No. 399] (the "Second Schedules Extension Order"). The Second Schedules Extension Order, *inter alia*, established June 19, 2023 as the deadline for the Debtors to file their Schedules and Rule 2015.3 Reports, without prejudice to the Debtors' rights to seek further extensions thereof.

11. On May 19, 2023, the Debtors filed their *Motion for Entry of an Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests For Payment Under Section 503(b)(9); (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date; (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests; and (IV) Approving Notice of Bar Dates* [Docket No. 428] (the "Bar Date Motion"), which requests, *inter alia*, the Court establish July 24, 2023 for non-governmental claimants and September 14, 2023 for governmental claimants to file their Proofs of Claim. On June 9, 2023, the Debtors subsequently adjourned the Bar Date Motion to a future date to be separately noticed. *See* Docket No. 504.

12. On June 14, 2023, the Court entered the *Order (I) Extending Time to File (A) Schedules of Assets and Liabilities, (B) Schedules of Current Income and Expenditures, (C) Schedules of Executory Contracts and Unexpired Leases, (D) Statements of Financial Affairs, and*

4

*(E) Bankruptcy Rule 2015.3 Reports, and (II) Granting Related Relief* [Docket No. 527] (the "Third Schedules Extension Order"). The Third Schedules Extension Order, *inter alia*, established July 21, 2023 as the deadline for 87 of the Debtors principally related to the Debtors' retail business (collectively, the "Retail Debtors") to file their Schedules and Rule 2015.3 Reports, without prejudice to the Debtors' rights to seek further extensions thereof.

13. On June 18-19, 2023, 58 of the Debtors (*i.e.* those not subject to the Third Schedules Extension Order) filed their Schedules and applicable 2015.3 Reports. *See* Docket Nos. 541-543, 547-551, 553-559, 561-571, 573-654, 656, 657, and 662-670.

14. On June 22, 2023, the Court entered the *Order (I) Approving Bid Procedures for Sale of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling Certain Dates with Respect Thereto, (IV) Approving the Form and Manner of Notice Thereof, and (V) Approving Contract Assumption and Assignment Procedures* [Docket No. 701] (the "Bid Procedures Order"), which, *inter alia*, approved certain Bid Procedures and Assumption and Assignment Procedures (as such terms are defined therein) in connection with the Debtors' comprehensive sale and marketing process for substantially all of their assets (the "Sale Process"). Among other things, the Bid Procedures Order contemplates a sale hearing on August 7, 2023, and closing of a potential sale no later than August 15, 2023, long after the current 365(d)(4) Deadline.

15. On July 12, 2023, the Retail Debtors filed their Schedules. *See* Docket Nos. 780-783, 785-786, 788, 790-800, 802, 804-810, 812, 814-822, 824-829, 831-849, 851, 855-864, 866-871, 873-874, 884-891, 893-969, 971-979.

### The Debtors' Unexpired Leases

16. As part of the Debtors' pre-petition business, certain of the Debtors are parties to hundreds of certain Unexpired Leases of nonresidential real property that are subject to potential

5

assumption or rejection under sections 365 or 1123 of the Bankruptcy Code. It is necessary to preserve the Debtors' ability to assume and assign the Unexpired Leases in order to maximize value for the Debtors, their estates, and creditors.

17. The Debtors' decision regarding whether to assume or reject any particular Unexpired Lease depends on a number of different factors, including an assessment as to whether assumption or rejection is consistent with the Debtors' overall restructuring objectives, including the Sale Process. The Debtors, advised by their professionals, will continue to analyze the Unexpired Leases that the Debtors may choose to assume, assume and assign, or reject prior to the deadline for assumption or rejection pursuant to section 365(d)(4) of the Bankruptcy Code. Importantly, the 365(d)(4) Deadline is currently set to expire prior to the completion of the Debtors' ongoing Sale Process for substantially all of their assets, wherein the Unexpired Leases are expected to generate significant value for the Debtors' estates and stakeholders.

18. Accordingly, the Debtors believe that it would be premature to assume or reject the remaining Unexpired Leases at this time and an extension is necessary.

### Basis for Relief

19. Section 365(d)(4) of the Bankruptcy Code provides, in pertinent part:

> an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—(i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A). Thus, absent the relief requested herein, Unexpired Leases that are not assumed within the initial statutory period and that are not the subject of a motion to assume such Unexpired Lease will be deemed rejected.

20. A court may extend the period for up to 90 days on the motion of the debtor or lessor for cause. 11 U.S.C. § 365(d)(4)(B). In determining whether cause exists to extend the time to assume or reject unexpired leases of nonresidential real property, courts have considered the following non-exhaustive factors:

   a. whether the lease is the debtor's primary asset;

   b. whether the debtor has had sufficient time to intelligently appraise its financial situation and the potential value of its assets in terms of the formulation of a plan of reorganization;

   c. whether the lessor continues to receive rent for the use of the property;

   d. whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

   e. whether the case is exceptionally complex and involves a large number of leases;

   f. whether the debtor has failed or is unable to formulate a plan when it has had sufficient time to do so; and

   g. any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See, e.g.*, *In re Am. Healthcare Mgt., Inc.*, 900 F.2d 827, 833 (5th Cir. 1990) (discussing the factors relevant to section 365(d)(4) analysis of whether "cause" exists to extend the time to assume or reject unexpired leases); *In re Panaco, Inc.*, No. 02-47811-H3-11, 2002 WL 31990368, at *5 (Bankr. S.D. Tex. Dec. 10, 2002) (citing similar factors); *S. St. Seaport Ltd. P'ship* v. *Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761–62 (2d Cir. 1996) (same).

21. The Debtors submit that sufficient "cause" exists to extend the deadline under section 365(d)(4) for up to 88 days, through and including the earlier of (i) confirmation of the Plan and (ii) October 13, 2023. The Debtors have made substantial progress in these undoubtedly

7

large and complex chapter 11 cases. Specifically, the Debtors and their professionals have focused their attention on, among other things:

   a. engaging in a comprehensive marketing process for the sale of substantially all of the Debtors' assets as a going concern and the preparation of related sale procedures and diligence materials;

   b. engaging with the Lenders to obtain debtor in possession financing that is critical to ensuring uninterrupted business operations and sufficient funding for these chapter 11 cases;

   c. preparing and filing the Schedules;

   d. reviewing, analyzing, renegotiating, and seeking assumption and rejection of certain executory contracts and unexpired leases;

   e. obtaining relief that has enabled the Debtors to continue operating their business in the ordinary course, including obtaining approval of a number of "first day" motions, "second day" motions, and retention applications;

   f. stabilizing the Debtors' business operations to maximize the value of the Debtors' estates, including engaging with numerous key stakeholders in connection therewith; and

   g. preparing for and attending various hearings in these Chapter 11 Cases.

22. Additionally, if the Debtors prematurely assume or reject the Unexpired Leases or are deemed to reject the Unexpired Leases by virtue of the operation of section 365(d)(4)(A) of the Bankruptcy Code, they may forgo significant value that would otherwise be obtained in their ongoing Sale Process with respect to such Unexpired Leases or incur unnecessary rejection damages or administrative claims, as the case may be. The Debtors require the maximum time available to them under applicable law to fully analyze the value of the Unexpired Leases to their estates, to allow potential purchasers and bidders to analyze and evaluate the Unexpired Leases as part of the Sale Process, and to negotiate potential lease modification arrangements with their landlord counterparties. The Unexpired Leases are numerous as well as complex, and the analysis of their performance by the Debtors and other parties is a significant endeavor. Given the scope of

the Debtors' Unexpired Lease portfolio and the central importance to their businesses and the Sale Process, the additional time permitted under the Bankruptcy Code is necessary.

23.  Further, the Unexpired Leases are foundational to the Debtors' businesses and of significant value to their estates. The disposition of the Unexpired Leases will play a central role in the Debtors' restructuring and sale process, meriting the maximum amount of time in which the Debtors can exercise their sound business judgment. Indeed, if the 365(d)(4) Deadline were allowed to expire, the Debtors and their stakeholders would be deprived of significant value.

24.  In addition, as of the date hereof, the Debtors are substantially current, and expect to remain so, with respect to all undisputed postpetition obligations under the Unexpired Leases, having paid over 80% of their July obligations under the Unexpired Leases as of the date hereof. The Debtors intend to complete payment of any outstanding undisputed July obligations under the Unexpired Leases in the near term, and remain current on their regular rent obligations for August and thereafter. Thus, the requested extension will not materially impact the substantive rights of any of the lessors under the remaining Unexpired Leases. As set forth above, the Debtors are in active negotiations with potential parties interested in acquiring the Debtors' assets through a sale. The Debtors should make decisions to assume or reject the Unexpired Leases based on such terms in the context of the sale. Accordingly, the Debtors submit that the factors relevant to the Court's analysis establish that cause exists to extend the section 365(d)(4) deadline.

### Automatic Extension under Complex Chapter 11 Case Procedures

25.  Pursuant to Section K, paragraph 30 of the *Procedures for Complex Cases in the Southern District of Texas*, the time by which the Debtors may assume or reject unexpired leases of nonresidential real property shall automatically be extended until the Court rules on this motion, without the necessity for the issuance or entry of an order extending the time.

**Reservation of Rights**

26.     Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code, or (iii) an admission with respect to whether any of the Debtors' contracts or leases is an unexpired lease of nonresidential real property within the meaning of section 365(d) of the Bankruptcy Code.

**Notice**

27.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances.  The Debtors will provide notice to parties-in-interest, including on the Debtors' Master Service List.

[*Remainder of Page Intentionally Left Blank*]

**Conclusion**

**WHEREFORE**, the Debtors request that the Court enter the Order granting the relief requested herein and such other and further relief as the Court deems just and proper under the circumstances.

| | |
|---|---|
| Dated: July 13, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | */s/ Michael D. Warner* |
| | Michael D. Warner (SBT 00792304) |
| | Steven W. Golden (SBT 24099681) |
| | 440 Louisiana Street, Suite 900 |
| | Houston, TX 77002 |
| | Telephone: (713) 691-9385 |
| | Facsimile:  (713) 691-9407 |
| | mwarner@pszjlaw.com |
| | sgolden@pszjlaw.com |
| | |
| | -and- |
| | |
| | Jeffrey N. Pomerantz (admitted *pro hac vice*) |
| | Jeffrey W. Dulberg (admitted *pro hac vice*) |
| | 10100 Santa Monica Blvd., 13th Floor |
| | Los Angeles, CA 90067 |
| | Telephone: (310) 277-6910 |
| | Facsimile:  (310) 201-0760 |
| | jpomerantz@pszjlaw.com |
| | jdulberg@pszjlaw.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |

**Certificate of Service**

I certify that on July 13, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Michael D. Warner*
Michael D. Warner

11

DOCS_LA:349951.4 58614/002