IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 Cases |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*[1] | Case No. 23-90147 (DRJ) |
| Debtors. | Jointly Administered |

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**APPLICATION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF
TOTAL IMAGE SOLUTIONS, LLC'S ADMINISTRATIVE EXPENSE CLAIM
PURSUANT TO 11 U.S.C. §§ 503(B) AND 507(A)(2)**

Total Image Solutions, LLC ("Total Image"), by counsel, files this application for allowance and immediate payment of administrative expense claim under 11 U.S.C. §§ 503(b) and 507(a)(2) (the "Application"), and in support thereof respectfully states as follows:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are 11 U.S.C. § 503(b) and Rule 9014 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

4.     On March 18, 2023 (the "Petition Date"), Mountain Express Oil Company ("Mountain Oil") and certain of its affiliates (collectively, the "Debtors") each filed their respective voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), initiating the above-captioned bankruptcy cases (the "Cases").

5.     Both pre- and post-petition, Total Image provided, and continues to provide, certain petroleum branding, conversion, and image services to the Debtors. Specifically, Total Image has provided post-petition services to Mountain Oil.

6.     The Debtors have failed to pay Total Image for goods provided to and services performed for Mountain Oil after the Petition Date (the "Post-petition Goods and Services"). The amounts due for the Post-petition Goods and Services include charges for goods, materials, surveys, installations, repairs, painting, and cleaning provided to the Debtors' fueling centers. A listing of the outstanding invoices corresponding to the Post-petition Goods and Services and

the amounts due thereunder (the "Unpaid Post-petition Invoices"), is attached hereto as **Exhibit A.**[2] All of the Unpaid Post-petition Invoices are due and payable.

7. As of the date of this Application, the Debtors have not made any payments towards satisfaction of the Unpaid Post-petition Invoices. The total amount due and owing under the Unpaid Invoices is $424,959.95.

## RELIEF REQUESTED

8. Pursuant to 11 U.S.C. § 503(b)(1)(A), claims held by creditors for which the underlying consideration provided was an actual and necessary cost or expense to the debtor to preserve the estate are to be allowed as administrative expenses entitled to priority under 11 U.S.C. § 507(a)(1). In order for a claim to obtain administrative expense status, two requirements must be satisfied: (1) the claim must arise from a post-petition transaction with the Debtors; and (2) the goods or services giving rise to the claim must benefit the estate in some demonstrable way. *Matter of Whistler Energy II, L.L.C.*, 931 F.3d 432, 441 (5th Cir. 2019) (citing *In re Jack/Wade Drilling, Inc*., 258 F.3d 385, 387 (5th Cir. 2001)).

9. In the instant case, the amounts due to Total Image under the Unpaid Invoices constitute an administrative expense entitled to priority. In providing the Post-petition Services, Total Image transacted directly with the Debtors as debtors-in-possession. Following the Petition Date, Total Image continued to provide petroleum branding services at the Debtors' request and direction. If Total Image had not provided the Post-petition Services, the Debtors would not have been able to convert and re-brand fueling centers for their business operations.

---

[2] At the request of Debtors' Counsel, counsel to Total Image sent a list of the Unpaid Post-petition Invoices, substantially in the form of Exhibit A, to Debtors' counsel on June 21, 2023 making clear that Total Image reserved the right to file an application for payment of administrative expense in the event the Unpaid Post-petition Invoices were not paid. Despite providing a list of the Unpaid Post-petition invoices, as of the date of the filing of this Application, none of the Unpaid Post-petition invoices have been paid.

10. "Section 503(b)(1)(A)'s underlying purpose is to encourage post-petition conduct that will assist the debtor's efforts to rehabilitate the estate or organize the estate's assets in an orderly fashion to ensure an efficient sale." *In re Am. Coastal Energy Inc.*, 399 B.R. 805, 815 (Bankr. S.D. Tex. 2009); *Matter of TransAmerican Nat. Gas Corp.,* 978 F.2d 1409, 1415 (5th Cir. 1992) ("[t]he purpose of Section 503 is to permit the debtor's business to operate for the benefit of its pre-petition creditors"); *In re Jartran, Inc.* 732 F.2d 584, 588 (7th Cir. 1984) ("Thus, administrative priority is granted to post-petition expenses so that third parties will be moved to provide the goods and services necessary for a successful reorganization."); *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.),* 536 F.2d 950, 954 (1st Cir. 1976) ("Congress recognized that, if a business is to be reorganized, third parties must be willing to provide the necessary goods and services. Since they clearly will not do so unless their claims for payment will be paid ahead of the pre-petition debts ... [the Code] provides a priority for expenses incurred by the debtor-in-possession in order to maintain, preserve, or rehabilitate the bankruptcy estate.").

11. The Debtors' estates unquestionably benefited from the Post-petition Services. By providing petroleum branding services to the Debtors, Total Image enabled the Debtors to continue their business operations post-petition, thereby allowing the Debtors to retain their employees and satisfactorily reorganize under chapter 11 of the Bankruptcy Code. Due to the direct interaction with the Debtors following the filing of their bankruptcy petitions, and because of the direct beneficial nature to the Debtors' estates of these transactions, all amounts due under the Unpaid Invoices must be allowed as an administrative expense.

## **RESERVATION OF RIGHTS**

Total Image hereby reserves all of its rights to assert additional amounts that may qualify as administrative expenses as well as to file and assert amounts due prepetition, including, but not limited to, amounts qualifying for administrative expense priority under 11 U.S.C. § 503(b)(9).

## **CONCLUSION**

**WHEREFORE**, Total Image respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit B**: (1) allowing its claim of $424,959.95 for amounts due under the Unpaid Invoices as an administrative expense in accordance with 11 U.S.C. § 503(b)(1)(A); (2) ordering the Debtors to immediately pay such claim; and (3) granting any other additional relief the Court finds justified under the circumstances.

Dated: July 17, 2023

**MCGUIREWOODS LLP**

By: */s/ Demetra Liggins*
Demetra Liggins
Texas Bar No. 24026844
Andrew C. Papa
Texas Bar No. 24127873
845 Texas Ave., 24th Floor
Houston, TX 77002
Telephone: (713) 353-6661
Facsimile: (832) 255-6371
Email: dliggins@mcguirewoods.com
Email: apapa@mcguirewoods.com

-and-

John H. Maddock III
Jacob M. Weiss
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000
Email: jmaddock@mcguirewoods.com
Email: jmweiss@mcguirewoods.com

***ATTORNEYS FOR TOTAL IMAGE SOLUTIONS, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify on July 17, 2023 that I caused a copy of this Application to be served on all counsel of record via the Court's CM/ECF system and the Debtors' "Master Service List" attached to [Docket No. 982] by U.S. Mail or Email.

/s/ *Demetra Liggins*
Demetra Liggins