**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **MOUNTAIN EXPRESS OIL** | § | **Case No. 23-90147 (DRJ)** |
| **COMPANY, et al.,** | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |

**CHEVRON OBJECTION TO PROPOSED**
**CURE CLAIMS AND RESERVATION OF RIGHTS**

COMES NOW, Chevron Products Company, a division of Chevron U.S.A. Inc. ("Chevron"), and files this Objection and Reservation of Rights, and would respectfully show as follows:

**BACKGROUND**

1. Pre-petition, Chevron and certain of the Debtors entered into agreements that relate to the branding, incentives for branding, and/or point of sale operations of certain of the Debtors' stations, including agreements and incentives for the supply of fuel.

2. On or about June 28, 2023, the Debtors filed their *Notice to Counterparties to Potentially Assume Executory Contracts and Unexpired Leases* [Doc. No. 728] (the "Cure Notice"). The Cure Notice lists several agreements with divisions of Chevron (the "Chevron Agreements"). By agreement with counsel for the Debtors, the deadline for this objection and reservation of rights was extended to July 17, 2023.

3. The "cure amount" for each Chevron Agreement is listed at "-0-".

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

4. Pre-petition, the Debtors owed Chevron for fuel. All amounts owing pre-petition for fuel purchases were paid pursuant to the *Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Fuel Suppliers and Transporters; (II) Authorizing Banks to Honor and Process Related Checks and Electronic Transfers; and (III) Granting Related Relief* [Doc. No. 86] (the "Critical Vendor Order"). Chevron reserves the right to assert a cure claim to the extent the Critical Vendor Order or any payments thereunder are avoided or reduced.

5. The Chevron Agreements are integrated contracts that relate to the branding of stations, the use and maintenance of Chevron's trademarks, image standards, incentive agreements, and/or the supply of branded fuel. The incentive agreements relate to lending and repayment of amounts due Chevron in connection with the continued branding of the Debtors' stations. The Chevron Agreements have amounts due Chevron of over $4,347,536.23, which sum varies daily. Chevron does not know when (or if) the Chevron Agreements will be assumed and/or assigned and thus cannot predict the exact "cure claim" as of the effective date of any assumption or assignment.

6. Certain of the Chevron Agreements provide for breaches and damages for failing to maintain non-monetary covenants. If a breach gives rise to a termination prior to the expiration of the term for such agreement, then the counterparty's obligation to repay Chevron is due immediately.

7. In connection with the requirement that the Debtors provide adequate assurance of future performance, Chevron reserves the right to object to the assumption or assignment of any one or more of the Chevron Agreements without adequate evidence of the ability of the Debtors or their proposed assignee to adequately perform. The burden of proof is on the Debtors for demonstrating that adequate assurance has been provided. *Richmond Leasing Co. v. Capital Bank,*

*N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985). Additionally, "[w]hat constitutes adequate assurance is a factual question to be determined on a case by case basis with due regard to the nature of the parties, their past dealings and present commercial realities." *In re Gen. Oil Distribs., Inc.*, 18 B.R. 654, 658 (E.D.N.Y. 1982). Once successful Bidders and/or Backup Bidders are identified, Chevron requests that it be provided information sufficient to evaluate whether Chevron will require additional assurances as to the ability of the Successful Bidder and/or Backup Bidder to perform under any one or more of the Chevron Agreements.

8. Chevron is also filing this objection to protect its rights of recoupment, setoff, and indemnification under the Chevron Agreements. Any order providing for the assumption of any one or more of the Chevron Agreements should recognize and provide that such rights are not altered, remain in full force and effect, and are fully exercisable by Chevron under applicable non-bankruptcy law.

Dated: July 17, 2023

Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: */s/ Hugh M. Ray, III*
Hugh M. Ray, III
Texas Bar No. 24004246
Two Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1028
Tel: (713) 276-7600
hugh.ray@pillsburylaw.com

***Counsel for Chevron Products Company, a Chevron U.S.A. division***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2023, a true and correct copy of the foregoing was electronically filed and served on all parties entitled to receive CM/ECF notifications in the above-captioned proceeding.

*/s/ Hugh M. Ray, III*
Hugh M. Ray, III