IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, et al., | Case No. 23-90147 (DRJ) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY ORDER
APPROVING SECOND AMENDMENT TO SENIOR SECURED,
SUPER-PRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT**

> **Emergency relief has been requested. Relief is requested not later than July 19, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on July 19, 2023, at 4:15 p.m. (prevailing Central Time). You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones's homepage. The meeting code is "JudgeJones". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jones's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order substantially in the form attached hereto, approving that certain Second Amendment (the "Second Amendment") to *Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement* dated as of March 23, 2023 (the "DIP Credit Agreement"),[2] and in support thereof respectfully state as follows.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105, 361, 362, 363, 364, 503, and 507 of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002 and 4001, and rules 4002-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

## RELIEF REQUESTED

4. By this Motion, the Debtors seek the entry of an order approving the Second Amendment. A true and correct copy of the Second Amendment is attached hereto as **Exhibit A**.[3] The Approved Budget under the Second Amendment is expected to be attached thereto as an exhibit. Pursuant to the Second Amendment, the DIP Lenders will agree to increase the DIP Loans

---

[2] Capitalized terms used but not immediately defined shall have the meanings ascribed to them in the DIP Credit Agreement or the Final DIP Order (as defined below).

[3] The Debtors and the DIP Lenders are continuing to negotiate the terms of the Second Amendment, which will be filed as soon as possible.

DOCS_SF:109215.4

and the Maximum Advance Amount (each term as defined in the Final DIP Order) from $37.85 million to **$46.90 million**.

## GENERAL BACKGROUND

5. On March 18, 2023 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

6. Founded in 2000 and based in Alpharetta, Georgia, the Debtors are a recognized leader in the fuel distribution and retail convenience industry. As one of the largest fuel distributors in the American South, the Debtors served 828 Fueling Centers and 24 Travel Centers across 27 states as of the Petition Date. The Debtors enjoy trusted relationships with every major oil company including ExxonMobil, BP, Shell, Chevron, Texaco, and Sunoco and have obtained Regal Status with Chevron, Platinum Status with ExxonMobil, and is the largest Pilot Dealer in the United States. Since 2013, the Debtors have distributed over 1.1 billion gallons of fuel.

7. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Healy in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Dkt. No. 57] (the "First Day Declaration"),[4] which was filed with the Court on March 21, 2023, and is incorporated by reference herein. In further support of the Final DIP Order, the Debtors previously submitted the *Declaration of Michael Healy in Support of Emergency Motion of Debtors for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364,*

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

*and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, et seq.* [Dkt. No. 107] and the *Declaration of Geoffrey Richards in Support of Emergency Motion of Debtors for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, et seq.* [Dkt. No. 106], which were filed with the Court on March 23, 2023, and are incorporated by reference herein.

8. On April 25, 2023, this Court entered its *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expense Status; (III) Granting Adequate Protection; and (IV) Granting Related Relief* [Dkt. No. 332] (the "Final DIP Order"), approving the DIP Facility with a Maximum Advance Amount of $37.85 million.

## THE DIP FACILITY

9. The DIP Lenders are also the Prepetition Lenders in these cases. Under the DIP Facility as approved through the Final DIP Order, the DIP Lenders committed to advance $37.85 million in new money to the Debtors and the Prepetition Obligations have been rolled up into the DIP Obligations.

10. The Debtors require additional financing in order to continue to operate their business, satisfy administrative obligations, and maximize the value of their estates pending the outcome of an ongoing sales process. The DIP Lenders will agree to extend further new money financing totaling $9.05 million to a Maximum Advance Amount of **$46.90 million** through July

28, 2023. The Debtors expect that additional financing will be required thereafter, which will be the subject of separate motion(s).

## BASIS FOR RELIEF

11. This Motion is brought consistent with the Final DIP Order, which provides that any non-material modifications of the DIP Loan Documents (as defined therein) may be implemented without further order of the Court. *See* Final DIP Order, ¶25. By implication, material amendments to the DIP Loan Documents, such as an increase in the Maximum Advance Amount, require the approval of this Court.

12. Consistent with the foregoing provision of the Final DIP Order, the Debtors seek approval of the Second Amendment. The Debtors require the additional $9.05 million of new money financing set forth in the Second Amendment in order to fund their ongoing administrative expenses through July 28, 2023. The Approved Budget under the Second Amendment is expected to be attached thereto as an exhibit.

13. The Court should authorize the Debtors, as an exercise of their sound business judgment, to enter into the Second Amendment and increase the DIP Loans and Maximum Advance Amount under the DIP Facility pursuant to section 364 of the Bankruptcy Code. *See, e.g., In re N Bay Gen. Hosp., Inc.,* No. 08-20368 (Bankr. S.D. Tex. July 11, 2008) (order approving postpetition financing as exercise of debtors' business judgment); *In re Trans World Airlines, Inc.,* 163 B.R. 964, 974 (Bankr. D. Del. 1994) (approving a postpetition loan and receivables facility because such facility "reflected] sound and prudent business judgment"); *In re L.A. Dodgers LLC,* 457 B.R. 308, 313 (Bankr. D. Del. 2011) ("[C]ourts will almost always defer to the business judgment of a debtor in the selection of the lender."); *In re Ames Dep't Stores, Inc.,* 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) ("[C]ases consistently reflect that the court's discretion under section

364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party in interest").

14. Except as set forth in the Second Amendment, the terms of the DIP Facility are otherwise unchanged.

**EMERGENCY CONSIDERATION**

15. The Debtors request emergency consideration of this Motion because the Debtors have nearly exhausted their existing availability under the DIP Facility. The Debtors require immediate access to the additional funding available under the Second Amendment in order to continue to fund operations and administrative expenses, and to continue their ongoing sale process, through July 28, 2023.

**WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)**

16. The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**NOTICE**

17. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules and Local Rules. The Debtors will provide notice of this Motion to the following: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 40 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Debtors' Prepetition Lenders and their counsel (if known); (d) the Prepetition Agent and its counsel; (e) Oak Street and its counsel; (f) the parties holding secured claims against the Debtors; (g) the DIP Agent and its counsel; (h) the United States Attorney's Office for the Southern

District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for states in which the Debtors conduct business; (l) governmental agencies having a regulatory or statutory interest in these cases; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(d). No other or further notice is needed in light of the nature of the relief requested.

## CONCLUSION

**WHEREFORE**, the Debtors request that the Court enter the order attached hereto granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

Dated: July 18, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Maxim B. Litvak*
Michael D. Warner (SBT 00792304)
Maxim B. Litvak (SBT 24002482)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
mwarner@pszjlaw.com
sgolden@pszjlaw.com

-and-

Jeffrey N. Pomerantz (*pro hac vice* forthcoming)
Jeffrey W. Dulberg (*pro hac vice* forthcoming)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com
jdulberg@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on July 18, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Maxim B. Litvak*
Maxim B. Litvak

## EXHIBIT A

**Second Amendment**

**[TO BE FILED]**