**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **MOUNTAIN EXPRESS OIL COMPANY, et al.,** | § | **Case No. 23-90147 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |

**CHEVRON'S AMENDED OBJECTION TO PROPOSED**
**CURE CLAIMS AND RESERVATION OF RIGHTS**

COMES NOW, Chevron Products Company, a division of Chevron U.S.A. Inc. ("Chevron"), and files this Amended Objection and Reservation of Rights to Proposed Cure Claims and Reservation of Rights, and would respectfully show as follows:

**BACKGROUND**

1. Chevron filed its Objection to Proposed Cure Claims and Reservation of Rights on July 17, 2023 (Docket No. 1012) (the "Chevron Objection") which is incorporated by reference.[2]

2. Specifically, the Chevron Objection reserved Chevron's rights in respect to the Chevron Agreements which were entered between certain of the Debtors and Chevron relating to the branding, incentives for branding, and/or point of sale operations of certain of the Debtors' stations, including agreements and incentives for the supply of fuel.

3. In addition to reserving rights relating to potential Cure Amounts that might be due in respect to the Chevron Agreements, Chevron reserved its rights relating to potential assumption and/or assignment of any of the Chevron Agreements pursuant to the *Order (I) Approving Bid Procedures for Sale of the Debtors' Assets, (II) Approving Bid Protections, (III) Scheduling*

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Chevron Objection.

*Certain Dates with Respect Thereto, (IV) Approving the Form and Manner of Notice Thereof, and (V) Approving Contract Assumption and Assignment Procedures* (Docket No. 701) (the "Bidding Procedures Order") and the *Notice to Counterparties to Potentially Assumed Contracts and Unexpired Leases* (Docket No. 728) (the "Cure Notice").

4. On July 26, 2023, the Debtors filed a Notice of Rescheduled Auction for the Sale of the Debtors' Assets Free and Clear of Any and All Claims, Interests, and Encumbrances (Docket no. 1099) (the "Notice of Rescheduled Auction"). The Notice of Rescheduled Auction stated that the Debtors have received fourteen (14) separate bids for some or all of the Debtors' assets, and that the Debtors and their professionals were working with prospective bidders to qualify their bids pursuant to the terms of the Bidding Procedures Order. The Notice of Rescheduled Auction set the auction for August 2, 2023, in New York.

5. The Debtors have not filed a proposed sale order (the "Proposed Sale Order") or a definitive purchase agreement with the Court.

6. This Amended Objection supplements the Chevron Objection.

**AMENDED OBJECTION**

7. The Chevron Agreements are integrated contracts that relate to the branding of stations, the use and maintenance of Chevron's trademarks, image standards, incentive agreements, and/or the supply of branded fuel. The incentive agreements relate to lending and repayment of amounts due Chevron in connection with the continued branding of the Debtors' stations. The Chevron Agreements have amounts due Chevron of over $4,347,536.23, which sum varies daily. Chevron does not know when (or if) the Chevron Agreements will be assumed and/or assigned and thus cannot predict the exact "cure claim" as of the effective date of any assumption or assignment.

8. Certain of the Chevron Agreements provide for breaches and damages for failing to maintain non-monetary covenants. If a breach gives rise to a termination prior to the expiration of the term for such agreement, then the counterparty's obligation to repay Chevron is due immediately.

9. Chevron objects to any proposed assumption and assignment of any Chevron Agreement that limits or alters any of Chevron's rights under the Chevron Agreements or applicable law. Specifically, Chevron reserves the right to object to the assumption or assignment of any of the Chevron Agreements without adequate evidence of the ability of the Debtors or their proposed assignee to adequately perform. The burden of proof is on the Debtors for demonstrating that adequate assurance has been provided. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985). Additionally, "[w]hat constitutes adequate assurance is a factual question to be determined on a case-by-case basis with due regard to the nature of the parties, their past dealings and present commercial realities." *In re Gen. Oil Distribs., Inc.*, 18 B.R. 654, 658 (E.D.N.Y. 1982). Chevron requests that it be provided information from any successful bidder for any sites that relate to any Chevron Agreements sufficient to evaluate whether Chevron will require additional assurances as to the ability of the Successful Bidder (as defined in the Bidding Procedures Order) and/or Backup Bidder (as defined in the Bidding Procedures Order) to perform under any of the Chevron Agreements.

10. Any order authorizing assumption and assignment of any of the Chevron Agreements must provide that the Debtors and any successful bidder comply with all obligations under the Chevron Agreements and applicable law, including payment in full of any Cure Amounts due at the time of the proposed sale and all other amounts due and owing under the Chevron Agreements.

11. Chevron reserves its rights of recoupment, setoff, and indemnification under the Chevron Agreements. Any order providing for the assumption of any of the Chevron Agreements should provide that such rights are not altered, remain in full force and effect, and are fully exercisable by Chevron under applicable non-bankruptcy law.

12. Chevron respectfully requests that all its rights in respect to the assumption and assignment of the Chevron Agreements be preserved in the Proposed Sale Order.

13. Nothing in this Amended Objection waives any of Chevron's rights under the Chevron Agreements, the Bankruptcy Code, or other applicable law. Chevron expressly reserves all such rights including, without limitation, the right to: (a) supplement or amend this Amended Objection and assert any additional objections with respect to any proposed sale, and (b) assert any further objections with respect to relief that may subsequently be sought by the Debtors relating to the Chevron Agreements.

Dated: July 27, 2023

Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: */s/ Hugh M. Ray, III*
Hugh M. Ray, III
Texas Bar No. 24004246
Two Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1028
Tel: (713) 276-7600
hugh.ray@pillsburylaw.com

***Counsel for Chevron Products Company, a Chevron U.S.A. division***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2023, a true and correct copy of the foregoing was electronically filed and served on all parties entitled to receive CM/ECF notifications in the above-captioned proceeding.

*/s/ Hugh M. Ray, III*
Hugh M. Ray, III