IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |

**DEBTORS' REPLY IN SUPPORT OF DEBTORS' EMERGENCY THIRD OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES, SUBLEASES, FUEL SUPPLY AGREEMENTS AND RELATED CONTRACTS PURSUANT TO 11 U.S.C. § 365, AND (II) GRANTING RELATED RELIEF**

(Related Docket Nos. 767, 1064 & 1120)

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby reply (this "Reply") to the objection [Docket No. 1120] (the "Objection") of Karma Alliance, Inc. and Jubilee Alliance, Inc. (together, the "Alliance Tenants") to the *Debtors' Emergency Third Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Unexpired Leases, Subleases, Fuel Supply Agreements and Related Contracts Pursuant to 11 U.S.C. § 365, and (II) Granting Related Relief* [Docket No. 767] (the "Motion"),[2] and in furtherance thereof, respectfully state as follows:

1.  In the Objection, the Alliance Tenants primarily raise three substantive arguments, each of which is misplaced and should be overruled by the Court.

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

2. *First*, the Alliance Tenants argue that the Court should deny the Motion because the Debtors have not complied with Bankruptcy Rule 6006(f)(3) and Bankruptcy Rule 6006(f)(4). However, on their face, these Bankruptcy Rules do not apply to the relief requested in the Motion. More particularly, Bankruptcy Rules 6006(f) provides that, as applicable:

> A motion to reject or, if permitted under subdivision (e) [of this Bankruptcy Rule], a motion to assume or assign multiple executory contracts or unexpired leases that are not between the same parties shall:
> . . .
> (3) specify the terms, including the curing of defaults, ***for each requested assumption or assignment***;
>
> (4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, ***for each requested assignment***;
> . . .

Fed. Bankr. R. 6006(f) (emphasis supplied).

3. By the Motion, the Debtors are *not* seeking to assume and assign any executory contract or unexpired lease. Rather, the Motion seeks Court approval of the *rejection* of the Rejected Agreements. Because Bankruptcy Rules 6006(f)(3)-(4) only require disclosures related to the assumption, or assumption and assignment, of executory contracts and unexpired leases, they are inapplicable to the relief requested in the Motion. Accordingly, the Alliance Tenant's Objection on this issue miscomprehends the relief requested in the Motion and should be overruled.

4. *Second*, the Alliance Tenants argue that the Motion should be denied because the Debtors have not worked with the dealers and other counterparties to the Rejected Agreements to address the consequences of rejection and because the rejection of the Rejected Agreements would have adverse consequences to such dealers and counterparties. As a gating and dispositive matter, there is no basis for these arguments in the Bankruptcy Code, Bankruptcy Rules, local rules of this Court (the "Local Rules"), or the *Procedures for Complex Cases in the Southern District of Texas*,

2

effective January 1, 2023 (the "Complex Procedures"). Rather, the adverse consequences of the rejection of executory contracts and unexpired leases is an unfortunate reality of the bankruptcy process—and the Debtors and their professionals do not take these effects lightly.

5. In this regard—and contrary to the Alliance Tenants' baseless assertions—counsel for the Debtors has interfaced with numerous non-Debtor counterparties to the Rejected Agreements in an effort to mitigate the consequences of these rejections upon the non-Debtors.[3] The Debtors would like nothing more than for dealers and other sub-tenants to reach an agreement with the Debtors' landlord, AR Global, in order to reduce their claims against these estates. In particular, the Debtors, through counsel, have directed several dealers and other parties at effected locations to counsel for AR Global who has been consistently receptive to such contacts.

6. Moreover, despite the Alliance Tenant's outcry that they have not been contacted by the Debtors after receiving notice of the Motion, the Alliance Tenants, too, have not contacted Debtors' counsel regarding their concerns prior to the filing of the Objection, many of which could have been resolved through a brief phone call.[4] Regardless, the Debtors and their professionals will continue to work with the non-Debtor counterparties to the Rejected Agreements, including the Alliance Tenants, as indicated in the Motion. Accordingly, the Alliance Tenants' Objection should be overruled on these issues as well.

7. *Third*, the Alliance Tenants argue that the Debtors have not supported their business judgment to reject the Rejected Agreements with sufficient information or evidence. The Alliance

---

[3] The non-Debtor counterparties to the Rejected Agreements include dealers and other sub-tenants at the subject locations.

[4] *But see* Local Rule 9013-1(g)(1) (providing, in part, that "Prior to filing a response, counsel (or unrepresented parties) shall confer with movant to attempt to resolve the relief requested in the motion without the necessity of a hearing. Responses must include a certificate either that (i) a conference was held and that the parties were unable to resolve the matter; or (ii) the specific dates that the respondent attempted to contact the movant and the reason why no conference was held.").

3

Tenants are incorrect and, again, misunderstand the chapter 11 process. The Debtors provided a fulsome discussion regarding the sound reasoning and bases to reject the Rejected Agreements in the Motion. Additionally, while the Alliance Tenants are correct that the Motion is currently unsupported by any evidentiary record, that is because the hearing (the "Hearing") on the Motion, currently scheduled for July 31, 2023, at 2:00 p.m. (Central Time), has not yet occurred. The Debtors will provide an ample evidentiary record to support the relief requested in the Motion at the Hearing.

8. *Finally*, the Alliance Tenants object to the emergency consideration of the Motion on twenty days' notice, rather than the twenty-one days' notice that would be required for a non-emergency motion, arguing that no emergency exists. Paragraph 17 of the Complex Procedures define an "emergency motion" as a motion seeking relief on less than twenty-one days' notice. Here, consideration of the relief requested in the Motion prior to the conclusion of the calendar month of July is required to prevent the Debtors from unnecessarily and unjustifiably incurring another month's rent and other administrative expenses under the Rejected Agreements, which are burdensome to, and a drain on, the Debtors' estates and their limited resources. Under the circumstances, the shortening of the standard notice period *by a single day* is substantially supported. Moreover, the Alliance Tenants' ability to file the Objection multiple days before the existing objection deadline to the Motion, in addition to the lack of similar objections to the emergency consideration of the Motion by any other non-Debtor counterparty to the Rejected Agreements, demonstrates that the limited shortening of the notice period for the Motion is appropriate. Accordingly, the Alliance Tenants' objection to the emergency consideration of the Motion should, likewise, be overruled.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court overrule the Objection in its entirety, and enter an order granting the relief requested in the Motion and granting such other and further relief as is just and proper under the circumstances.

Dated: July 29, 2023                          **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Michael D. Warner*
Michael D. Warner (SBT 00792304)
Steven W. Golden (SBT 24099681)
Benjamin L. Wallen (SBT 24102623)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
mwarner@pszjlaw.com
sgolden@pszjlaw.com
bwallen@pszjlaw.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Jeffrey W. Dulberg (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
jpomerantz@pszjlaw.com
jdulberg@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

### Certificate of Service

I certify that on July 29, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Michael D. Warner*
Michael D. Warner

DOCS_NY:48083.2 58614/002