IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*,[1] ) | Case No. 23-90147 (DRJ) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**STIPULATION AND AGREED ORDER
GRANTING, AS TO THE NECESSITY LANDLORDS,
THE DEBTORS' EMERGENCY THIRD OMNIBUS
MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES,
SUBLEASES, FUEL SUPPLY AGREEMENTS AND RELATED CONTRACTS
PURSUANT TO 11 U.S.C. § 365 AND (II) GRANTING RELATED RELIEF**

This Stipulation and Agreed Order is entered into between (a) Landlords (i) AFN ABSPROP001, LLC, (ii) ARG MESMOAR001, LLC, (iii) ARG MEVNAAL001, LLC, and (iv) ARG E19PCK001, LLC, each affiliated with The Necessity Retail REIT, Inc. (collectively, the "Necessity Landlords") and (b) the Debtors in the above-captioned case (collectively, the "Debtors," and the Debtors together with the Necessity Landlords, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on July 11, 2023, the Debtors filed their *Emergency Third Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Unexpired Leases, Subleases, Fuel Supply Agreements and Related Contracts Pursuant to 11 U.S.C. § 365, and (II) Granting*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

*Related Relief* [Docket No. 767] (the "Rejection Motion"),[2] seeking, among other things, entry of an order on an emergency basis to reject certain unexpired leases of real property between certain Debtors and the Necessity Landlords (the "Rejected Leases"), among other leases and contracts;

WHEREAS, the Parties have engaged in good-faith, arms' length negotiations with respect to the Rejection Motion, and have reached the agreed resolution set forth herein;[3]

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The terms of this Stipulation and Agreed Order are hereby approved and so ordered.

2. The Rejection Motion is GRANTED as to the Rejected Leases subject to the terms set forth herein. The Rejected Leases set forth on Schedule 1 attached hereto shall be deemed rejected as of July 31, 2023 (the "Rejection Effective Date");

3. The Debtors hereby abandon, pursuant to 11 U.S.C. § 554, their right, title and interest in any remaining property, fixtures, equipment, and personal property, including, but not limited to, underground or above ground storage tanks and related equipment (and any fuel stored in such storage tanks), with respect to the premises subject to the Rejected Leases as of the Rejection Effective Date, free and clear of all liens, claims, encumbrances, and/or interests, provided that, the Necessity Landlords shall afford the Debtors the reasonable opportunity to remove any property that is leased to the Debtors or is otherwise not property of the estates; provided further, that such removal by the Debtors shall be completed before the expiration of the Transition Period (as defined below), and all costs associated with such removal shall be at the Debtors' sole expense; *provided further*, that the Debtors may not themselves remove any such

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rejection Motion.

[3] For the avoidance of doubt, this Stipulation and Agreed Order does not address any Rejected Agreements other than the Rejected Leases and the Debtors will submit a separate order granting the Rejection Motion as to such other Rejected Agreements.

DOCS_NY:48091.1 52624/002

property from any location previously subject to a Lease (including but not limited to a Rejected Lease) without first providing the Necessity Landlords with (i) written notice (to such person and email address as shall be designated by the Necessity Landlords) of the proposed date of such removal by the Debtors, which notice must be given at least five (5) days prior to such proposed removal date, and (ii) a list by location detailing which property the Debtors will be removing on such date(s).  The Necessity Landlords shall retain any rights to assert that the proposed removal of such property is inconsistent with the abandonment of the Debtors' right, title and interest in property remaining at the premises subject to the Rejected Leases. At the request of the Necessity Landlords, the applicable Debtor shall transfer or convey title and ownership in such abandoned property to the Necessity Landlords or their designee or assignee, effective as of the Rejection Effective Date.  The Necessity Landlords and/or their designee or assignee may use or dispose of such abandoned property without further notice or liability to the Debtors or any third party, or any further order of the Court.  To the extent applicable, the automatic stay under 11 U.S.C. § 362 is modified to permit such use or disposition, including but not limited to the transfers of title and ownership by the applicable Debtor.  The Necessity Landlords shall take any steps or actions required under applicable law to reflect the change in ownership as of the Rejection Effective Date of the underground or above ground storage tanks and related equipment.

    4. Nothing in this Stipulation and Agreed Order shall be construed to authorize the suspension or waiver of environmental remediation obligations on account of the release of a hazardous material (including petroleum or any fraction thereof) prior to the Rejection Effective Date of any hazardous materials at the premises subject to the Rejected Leases, provided that, any such environmental remediation obligations shall not entail the allowance of any administrative

expense claim against the Debtors nor require the Debtors or the Necessity Landlords to incur any expense.

5.  The period beginning as of the Rejection Effective Date and ending the date that is thirty (30) days thereafter (unless otherwise extended by the Necessity Landlords) shall be the "Transition Period."  During the Transition Period, the Debtors shall provide the Necessity Landlords and/or their designee or assignee with access to all third party vendors who assist with or oversee environmental compliance, including MVI Field Services, and such books, records, software, databases, personnel, and any related materials and such further records and/or materials that the Necessity Landlords and/or their designee or assignee may reasonably request relating to the Rejected Leases and the properties subject thereto, including, but not limited to, information concerning all environmental compliance records and requirements with respect to each such property.  During the Transition Period, the Debtors and their professionals shall facilitate, at the Necessity Landlords' expense, the orderly transfer of ownership and possession, effective as of the Rejection Effective Date, of (a) any underground or above ground storage tanks under or on properties subject to the Rejected Leases, (b) all records (or copies thereof) associated with the ownership and operation of such storage tanks, and (c) all environmental compliance records (or copies thereof) associated with the properties subject to the Rejected Leases, from the Debtors to the Necessity Landlords and/or their designee or assignee, in compliance with all applicable laws, regulations, and requirements, including but not limited to any registration requirements.  The Necessity Landlords agree to pay for the reasonable documented costs and expenses of the Debtors in connection with their compliance with this Paragraph 5.  Such reasonable expenses shall be payable by the Necessity Landlords to the Debtors within seven (7) business days following request and submission of satisfactory documentation.

6. Upon the Rejection Effective Date, without further notice or Order of the Court, each of the Rejected Leases shall automatically be terminated as provided in each Rejected Lease.

7. As requested by the Necessity Landlords, the Debtors are hereby authorized and empowered to take such steps and actions as may be necessary or appropriate to effectuate an orderly wind-down of the provision and/or delivery of fuel to a premise subject to a Rejected Lease including, but not limited to, seeking authorization to reject fuel agreements with respect to each such location as of the Rejection Effective Date.  The Necessity Landlords shall have no liability or obligations under or with respect to the fuel agreements.

8. This Stipulation and Agreed Order are without prejudice to the rights of the Necessity Landlords to seek any other amounts owed, if any, under any of the Rejected Leases, or any other relief that the Necessity Landlords would otherwise be entitled to under the terms of the Rejected Leases and under law or equity, including, but not limited to, the right to file one or more proofs of claim in the bankruptcy case for damages with respect to the Rejected Leases, including but not limited to proofs of claim for damages under 11 U.S.C. § 502(b)(6), and all such rights of the Necessity Landlords are hereby reserved; *provided, however* that the Necessity Landlords shall not be entitled to assert any claims relating to any non-economic issues to the extent that the Debtors have disclosed such issues to the Necessity Landlords prior to the date of this Stipulation and Agreed Order and provided the Necessity Landlords with such other and further information that they might reasonably request with respect to such non-economic issues.

9. The deadline to file a proof of claim to assert any damage or other claim arising from the rejection of a Rejected Lease shall be **August 31, 2023**.

10. To the extent that it is applicable, the automatic stay under 11 U.S.C. § 362, is modified with respect to the Rejected Leases and the property subject thereto in order to allow the

Necessity Landlords to exercise all rights and remedies in law, in equity or otherwise, with respect to the Rejected Leases and the property subject thereto to the fullest extent possible, without need for any or further order of the Court.

11. Each of the following shall constitute a "Acceleration Event" with respect to this Stipulation and Agreed Order: (i) an order is entered converting any of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code; (ii) an order is entered dismissing any of the Chapter 11 Cases; (iii) an order is entered appointing a trustee, receiver, examiner with expanded powers, or other such fiduciary in the Chapter 11 Cases; (iv) the Debtors' use of and access to cash collateral is terminated; (v) the Debtors' use of and access to its Debtor-in-Possession Financing is terminated; and (vi) the Debtors fail to carry out the notice requirements of Paragraph 3 of this Stipulation and Agreed Order prior to removing any property from any location previously subject to a Lease (including but not limited to any Rejected Lease).  In case of an Acceleration Event, then the Necessity Landlords may, at their option, reinstate all amounts that would be due and owing under the Rejected Leases as of such date, and all such amounts shall become immediately due and payable without any further action or any order of the Court; provided for the avoidance of doubt that all other terms of this Stipulation and Agreed Order survive an Acceleration Event and remain fully enforceable.

12. The Parties executing this Stipulation and Agreed Order hereby represent and warrant that they are authorized to execute this Stipulation and Agreed Order on behalf of the entities named in their corresponding signature block.

13. Upon entry of this Stipulation and Agreed Order, the Parties represent and warrant to each other that this Stipulation and Agreed Order shall be valid, binding, and enforceable by and against each of the Parties hereto.

14. During the Transition Period, and subject to the reimbursement provisions of Paragraph 5 of this Stipulation and Agreed Order on account of any associated expenses incurred by the Debtors, the Debtors shall cooperate with the Necessity Landlords in effectuating the provisions of this Stipulation and Agreed Order, including but not limited to the execution of any documents which are necessary to carrying out the provisions of this Stipulation and Agreed Order, including but not limited to the execution of any documents necessary for the operation of the premises subject to the Rejected Leases.

15. The Parties acknowledge that they have read and fully understand the terms of this Stipulation and Agreed Order and agree that they are entering into this Stipulation and Agreed Order knowingly and voluntarily and agree to all of its provisions.

16. The terms of this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Agreed Order.

**IT IS SO ORDERED.**

Dated: _____                    _____
                                          HONORABLE DAVID R. JONES
                                          UNITED STATES BANKRUPTCY JUDGE

[*Signature Page Follows*]

**AGREED AS TO FORM AND CONTENT:**

Dated: July 31, 2023

*On behalf of the Necessity Landlords:*

**ARENTFOX SCHIFF LLP**

*/s/ Beth M. Brownstein*_____
Andrew I. Silfen (*pro hac vice*)
Beth M. Brownstein (*pro hac vice*)
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Tel: (212) 484-3900
Fax: (212) 484-3990
Email: andrew.silfen@afslaw.com
beth.brownstein@afslaw.com

*Counsel to AFN ABSPROP001, LLC,
ARG MESMOAR001, LLC,
ARG MEVNAAL001, LLC, and
ARG E19PCK001, LLC*

*On behalf of the Debtors:*

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Michael D. Warner*_____
Michael D. Warner (SBT 00792304)
Steven W. Golden (SBT 24099681)
440 Louisiana Street, Suite 900
Houston, TX 77002
Tel: (713) 691-9385
Fax: (713) 691-9407
Email: mwarner@pszjlaw.com
sgolden@pszjlaw.com

-and-

Jeffrey N. Pomerantz (*pro hac vice*)
Jeffrey W. Dulberg (*pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email: jpomerantz@pszjlaw.com
jdulberg@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on July 31, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Michael D. Warner*_____
Michael D. Warner

8

## *Schedule 1*

**(*Rejected Leases*)**

| Store No. | Property Location Information | | | | Contract Counterparty(ies)[1] | Debtor Entity | Contract Title[2] | Contract Description |
|---|---|---|---|---|---|---|---|---|
| | Address | City | State | Zip | | | | |
| 558 | 35100 HWY 278 | ARLEY | AL | 35541 | VAULT CS ARLEY LLC | MEX NORTH ALABAMA, LLC | LEASE AGREEMENT | LEASE |
| 559 | 500 2ND AVE | AUBURN | AL | 35121 | VAULT CS ONEONTA LLC | MEX NORTH ALABAMA, LLC | LEASE AGREEMENT | LEASE |
| 556 | 6390 ALABAMA HWY 157 | CULLMAN | AL | 35057 | VAULT CS 6390 CULLMAN LLC | MEX NORTH ALABAMA, LLC | LEASE AGREEMENT | LEASE |
| 553 | 4084 EVA RD. | EVA | AL | 35621 | VAULT CS EVA LLC | MEX NORTH ALABAMA, LLC | LEASE AGREEMENT | LEASE |
| 554 | 1734 COUNTY RD 437 | GOOD HOPE | AL | 35055 | VAULT CS GOOD HOPE LLC | MEX NORTH ALABAMA, LLC | LEASE AGREEMENT | LEASE |
| 555 | 6585 HWY 431 SOUTH | OWENS CROSS ROADS | AL | 35763 | AFN ABSPROP001 LLC (AS SUCCESSOR-IN-INTEREST TO VAULT CS OWENS CROSS LLC) | MEX NORTH ALABAMA, LLC | LEASE AGREEMENT | LEASE |
| 562 | 9224 HWY 243 | PHIL CAMPBELL | AL | 35581 | VAULT CS PHIL CAMPBELL LLC | MEX NORTH ALABAMA, LLC | LEASE AGREEMENT | LEASE |
| 564 | 213 4TH ST SW | RED BAY | AL | 35582 | VAULT CS 213 RED BAY LLC | MEX NORTH ALABAMA, LLC | LEASE AGREEMENT | LEASE |
| 566 | 908 4TH ST. NW | RED BAY | AL | 35582 | VAULT CS 908 RED BAY LLC | MEX NORTH ALABAMA, LLC | LEASE AGREEMENT | LEASE |
| 563 | 12301 HWY 43 | RUSSELLVILLE | AL | 35653 | VAULT CS RUSSELLVILLE LLC | MEX NORTH ALABAMA, LLC | LEASE AGREEMENT | LEASE |
| 674 | 9910 HWY 5 | CABOT | AR | 72023 | VAULT CS 9909 HWY 5 LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 677 | 1010 W MAIN ST. & HWY 67 | CORNING | AR | 72422 | VAULT CS 1010 MAIN LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 680 | 2424 N. W. AVENUE | EL DORADO | AR | 71730 | VAULT CS 2424 NORTH WEST LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 682 | 3772 W. HILLSBORO ST. | EL DORADO | AR | 71730 | VAULT CS 4400 HILLSBORO LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |

---

[1] In certain instances, identified contract counterparties may be predecessors in interest to current contract counterparties.

[2] Any and all amendments, supplements, restatements, extensions, and other modifications of each agreement listed herein are incorporated by this reference, whether or not they are expressly listed below.

| Store No. | Property Location Information | | | | Contract Counterparty(ies)[1] | Debtor Entity | Contract Title[2] | Contract Description |
|---|---|---|---|---|---|---|---|---|
| | Address | City | State | Zip | | | | |
| 683 | 2400 E. MAIN ST. | EL DORADO | AR | 71730 | VAULT CS 2400 MAIN LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 684 | 1229 N. EDGAR ST. | FORDYCE | AR | 71742 | VAULT CS 1229 EDGAR LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 679 | 1600 S. MAIN ST. | HOPE | AR | 71801 | VAULT CS 1600 MAIN LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 681 | 203 E. 8TH ST. | SMACKOVER | AR | 71762 | VAULT CS 800 PERSHING LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 4 | 172 OTIS BROWN RD. | BALDWIN | GA | 30511 | VAULT CS BALDWIN LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 234 | 2275 BUFORD HWY | BUFORD | GA | 30518 | VAULT CS BUFORD LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 17 | 11429 BELLS FERRY RD. | CANTON | GA | 30114 | VAULT CS BELLS 11429 FERRY LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 180 | 3255 MARIETTA HWY | CANTON | GA | 30114 | VAULT CS CANTON LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 31 | 5312 HWY 411 S. | CHATSWORTH | GA | 30705 | VAULT CS CHATSWORTH LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 165 | 186 S. MAIN ST. | CORNELIA | GA | 30531 | VAULT CS 186 MAIN LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 208 | 1295 CANTON HWY | CUMMING | GA | 30040 | VAULT CS 1295 CANTON LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 143 | 870 N. HWY 92 SUITE A | DOUGLASVILLE | GA | 30134 | VAULT CS DOUGLASVILLE LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 254 | 600 HOWARD SIMMONS RD. | ELLIJAY | GA | 30540 | AFN ABSPROP001, LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 437 | 1339 E MAIN ST. | HOGANSVILLE | GA | 30230 | VAULT CS 1339 MAIN LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 65 | 181 HISTORIC HOMER HWY | HOMER | GA | 30547 | VAULT CS 181 HOMER LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |

| Store No. | Property Location Information | | | | Contract Counterparty(ies)[1] | Debtor Entity | Contract Title[2] | Contract Description |
|---|---|---|---|---|---|---|---|---|
| | Address | City | State | Zip | | | | |
| 90 | 1757 HWY 53 W. | JASPER | GA | 30143 | VAULT CS JASPER LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 18 | 640 BLUE RIDGE DRIVE | MCCAYSVILLE | GA | 30555 | VAULT CS 640 BLUE RIDGE LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 26 | 1268 LIBERTY HILL RD. | TOCCOA | GA | 30577 | VAULT CS 1268 LIBERTY HILL LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 37 | 2488 W CURRAHEE ST. | TOCCOA | GA | 30577 | VAULT CS 2488 CURRAHEE LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 191 | 14678 HWY 151 | TRION | GA | 30753 | VAULT CS TRION LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 3 | 5195 TOWNE LAKE PARKWAY | WOODSTOCK | GA | 30189 | VAULT CS 5195 TOWNE LAKE LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 14 | 6742 BELLS FERRY RD. | WOODSTOCK | GA | 30189 | VAULT CS WOODSTOCK LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 263 | 30119 CENTRAL GROVE RD. | NETTLETON | MS | 38858 | VAULT CS 30119 CENTRAL GROVE LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 459 | 811 S. BROAD ST | CLINTON | SC | 29325 | VAULT CS 811 BROAD LLC | MOUNTAIN EXPRESS OIL COMPANY | LEASE AGREEMENT | LEASE |
| 511 | 211 ED CARY | HARLINGEN | TX | 78550 | ARG CKHARTX001 LLC (AS ASSIGNEE OF VAULT CS HARLINGEN LLC) | TEXASMEX LIMITED COMPANY, LLC | LEASE AGREEMENT | LEASE |
| 516 | 9804 F.M 1472 | LAREDO | TX | 78045 | ARG CKLRDTX001 LLC (AS ASSIGNEE OF VAULT CS 1472 LLC) | TEXASMEX LIMITED COMPANY, LLC | LEASE AGREEMENT | LEASE |
| 517 | 2705 N. ARKANSAS AVENUE | LAREDO | TX | 78043 | ARG CKLRDTX02 LLC (AS ASSIGNEE OF VAULT CS ARKANSAS LLC) | TEXASMEX LIMITED COMPANY, LLC | LEASE AGREEMENT | LEASE |
| 518 | 3519 JAMIE ZAPATA MEMORIAL HWY | LAREDO | TX | 78043 | ARG CKHARTX001 LLC (AS ASSIGNEE OF VAULT CS JAIME ZAPATA LLC) | TEXASMEX LIMITED COMPANY, LLC | LEASE AGREEMENT | LEASE |
| 512 | 1540 E BUSINESS HWY 83 | WESLACO | TX | 78596 | VAULT CS WESLACO LLC | TEXASMEX LIMITED COMPANY, LLC | LEASE AGREEMENT | LEASE |