IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, *et al*[1] | § § § § | Case No. 23-90147(DRJ) |
| | § § | Jointly Administered |
| Debtors | | |

**OBJECTION AND RESERVATION OF RIGHTS OF SPIRIT SPE PORTFOLIO CA C-STORES, LLC REGARDING ADEQUATE ASSURANCE OF FUTURE PERFORMANCE**

Landlord Spirit SPE Portfolio CA C-Stores, LLC ("Spirit") hereby submits this objection (the "Objection") in connection to the *Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases* [Dkt. No. 728] (the "Assumption Notice") and the *Order (I) Approving Bid Procedures for Sale of the Debtors' Assets, (II) Approving Bid Protections, (C) Scheduling Certain Dates with Respect Thereto, (IV) Approving the Form and Manner of Related Notes Thereof, and (V) Approving Contract Assumption and Assignment Procedures* (the "Sale Procedures Order") [Dkt. No. 701], and in support thereof, respectfully represents as follows:

**RELEVANT BACKGROUND**

1.  On July 11, 2016, Spirit and the Mountain Express Oil Company Southeast, LLC, one of the Debtors in these chapter 11 cases entered into that certain Master Lease. The Master Lease concerns 13 properties in Alabama, Georgia and Florida. The property addresses for each location are as follows:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

    a. 2360 Bent Creek Road, Auburn, Alabama

    b. 3150 Birmingham Highway, Montgomery, Alabama

    c. 1415 Highway 431 North, Anniston, Alabama

    d. 75639 Alabama Highway 77, Lincoln, Alabama

    e. 203 New Franklin Road, Lagrange, Georgia

    f. 4209 West Highway 98 Panama City, Florida

    g. 2098 Highway 14 East, Prattville, Alabama

    h. 1011 Fort Dale Road, Greenville, Alabama

    i. 1710 S. Broad Avenue, Lanett, Alabama

    j. 667 Highway 78 West, Sumiton, Alabama

    k. 691 Main Street, Ragland, Alabama

    l. 5502 20th Avenue, Valley, Alabama

    m. 750 South Broadway, Sylacauga, Alabama

2. The Master Lease provides for a term of an initial term expiration date of July 31, 2036. The monthly base rent due under the Master Lease is $147,960.31, and is due and owing on the first calendar day of each month.

3. On March 18, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of title 11 of the United States Code, §§ 101-1532, *et seq.* (the "Bankruptcy Code"), thereby commencing these chapter 11 cases (the "Cases"). The Debtors continue to manage and operate their business as debtors in possession under Bankruptcy Code sections 1107(a) and 1108.

4. The Debtors have failed to pay their May, June, July and August 2023 lease obligations due under the Master Lease. The Debtors, non-debtor affiliates and/or their subtenants

remain in possession of and are using Spirit's leased properties.

5. On June 28, 2023 the Debtors filed the Assumption Notice, and included as Exhibit A an Unexpired Lease Schedule (the "Cure Schedule"). In the Cure Schedule, the Debtors list $0.00 (the "Proposed Cure Amount") as the total amount necessary to cure Spirit under the Master Lease. *See* Docket 728-A at p. 84.

6. On July 11, 2023, Spirit filed its *Objection and Reservation of Rights of Spirit SPE Portfolio CA C-Stores, LLC to Notice To Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases and Cure Amounts* [Dkt. No. 771], objecting to, among other things the cure amounts provided by the Debtors (the "Cure Objection").

7. Pursuant to the Sales Procedure Order, an auction was scheduled or July 28, 2023, and adequate assurance of future performance objections were due on August 3, 2023, which allowed at least three full business days to evaluate adequate assurance. The Court set a sale for August 7, 2023.

8. The Debtors continued the auction to August 2, 2023 and extended the adequate assurance objection deadline to August 4, 2023 [Dkt. No. 1109]. This reduced the adequate assurance notice period to a single business day.

9. As of the time of this Objection, the Debtors have not disclosed a winning bidder or bidders from the auction, have not disclosed any information as to which assets, if any, will be sold or what the proposed buyer or buyers intends to provide in the way of adequate assurance of future performance. Spirit has no information regarding the identity of any buyer or buyers, the ability of any buyer to perform, the contracts being assumed, the treatment of Spirit's Master Lease, or the basic terms of the sale. Meanwhile, the adequate assurance obligation deadline remains set for August 4, 2023 and the sale hearing remains scheduled for August 7, 2023.

Landlords, including Spirit, cannot possibly evaluate the creditworthiness of an undisclosed buyer.

## **OBJECTION**

10. Section 365(b)(1) of the Bankruptcy Code, in order to assume an unexpired lease under which there has been a default, the debtor in possession must, at the time of assumption: (a) cure, or provide adequate assurance that it will promptly cure, such default; (b) compensate or provide adequate assurance that it will promptly compensate the counter-party for actual pecuniary losses resulting from such default, and (c) provide adequate assurance of future performance under such lease. 11 U.S.C. § 365(b)(1).

11. Spirit incorporates its Cure Objection by reference, and further objects on the grounds of lack of information regarding adequate assurance of future performance. As of the date of this Objection, the Debtors have failed to disclose any information regarding the proposed sale terms, the identity of a proposed buyer or buyers, or the proposed buyer or buyers credit worthiness. Therefore, the Debtors have failed to demonstrate adequate assurance of future performance by any buyer or buyers. Accordingly, Spirit is forced to preserve all its rights under the Master Lease and file this Objection.

12. Any assumption of the Master Lease must be pursuant to its terms, including the continuation of all obligations such as those related to payment, indemnification, and costs and fees, regardless of when they arose and whether they have accrued but may not yet have been billed. *See* 11 U.S.C. § 365(b). In particular under the Master Lease there are indemnification requirements and other non-rent covenants and obligations that must also be assumed as part of any assumption or assumption and assignment of the Master Lease. The Debtors have failed to provide any information regarding a proposed buyer, and therefore, Spirit objects to any assumption of the Master Lease based on a lack of information regarding a buyer or buyers

adequate assurance of future performance.

## RESERVATION OF RIGHTS

13.  Spirit reserves all rights with respect to the Master Lease, the Assumption Notice, the Cure Schedule and all other pending pleadings in these Cases, as against the Debtors or any other party under the Master Lease, the Bankruptcy Code, and other applicable law.  Spirit expressly reserves the right to amend or supplement this Objection, including with respect to the Cure Cost and/or requirements under section 365(b)(1), at any time prior to any assumption or assignment of the Master Lease, to assert additional defaults or any rights for indemnification or contribution against the Debtors under the Master Lease, and to assert any further objections as they deem necessary or appropriate and as the evidence may allow at any hearing thereon.

## CONCLUSION

WHEREFORE, Spirit respectfully requests that this Court enter an order (i) sustaining this Objection; and (ii) granting Spirit such other relief as is appropriate.

DATED August 4, 2023

Respectfully submitted,

By:  /s/ Taylre C. Janak
Keith M. Aurzada
State Bar No. 24009880
Michael P. Cooley
State Bar No. 24034388
Taylre C. Janak
State Bar No. 24122751
REED SMITH, L.L.P.
2850 N. Harwood Street, Suite 1500
Dallas, Texas 75201
Telephone:  469.680.4200
Facsimile:   469.680.4299
Email:  kaurzada@reedsmith.com
Email:  mpcooley@reedsmith.com
Email:  tjanak@reedsmith.com

*Attorneys for Spirit SPE Portfolio CA C-Stores, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that, on August 4, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing (ECF) system for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive electronic notices in this case.

By: */s/ Taylre C. Janak*
Taylre C. Janak