United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 08, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |

**INTERIM ORDER (A) AUTHORIZING THE USE OF CASH
COLLATERAL, (B) PROVIDING ADEQUATE PROTECTION,
AND (C) MODIFYING THE AUTOMATIC STAY**

(Related Docket No. 1196)

Upon the amended motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") under sections 105, 361, 362, 363, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), for entry of interim and final orders (this "Interim Order," and a "Final Order," respectively): (a) authorizing the Debtors to use cash collateral; (b) providing adequate protection to the DIP Lenders; and (c) modifying the automatic stay; and an initial hearing on the Motion (the "Interim Hearing"); and the parties having agreed to the relief requested herein; and notice of the Motion and the Interim Hearing having been given in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001(b), and the Local

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

Rules; and it appearing to the Court that granting the relief requested is necessary to avoid harm to the Debtors and their estates pending a further disposition of the Motion, and otherwise is fair and reasonable, in the best interests of the Debtors, their estates, creditors, and equity holders; and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND, DETERMINED, ORDERED AND ADJUDGED THAT**:

1. *Disposition*. The Motion is granted on an interim basis on the terms set forth herein. This Interim Order shall be valid, binding, and enforceable on all parties in interest and fully effective immediately upon entry.

2. *Jurisdiction and Venue*. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors have confirmed their consent pursuant to Bankruptcy Rule 7008 to the entry of a final order by the Court in connection with the Motion. No request has been made for the appointment of a trustee or examiner and no statutory committee has yet been appointed in these chapter 11 cases.

3. *Authorization to Use Cash Collateral*. Subject to the terms of this Interim Order, the Debtors are hereby authorized to use Cash Collateral, with the consent of the Agent, for the period (the "Interim Budget Period") set forth in the budget attached hereto as **Exhibit 1** (the "Budget"), or for such further period or pursuant to such further form of Budget as the Debtors and the DIP Agent may agree to in writing.

4. *Disbursements Subject to Budget*. The Debtors are only authorized to use Cash Collateral during the Interim Budget Period in a manner consistent with the Budget. The Debtors are not permitted to use Cash Collateral for the payment of any professional fees.

5. *Adequate Protection.* The DIP Lenders shall continue to have the benefit of their postpetition liens and superpriority claims under the Final DIP Order, and shall have replacement liens on any and all cash generated during the Interim Budget Period.

6. *Termination.* The Debtors' ability to use Cash Collateral pursuant to this Interim Order shall end upon expiration of the Budget on August 11, 2023, unless otherwise agreed by the DIP Lenders.

7. *Use of Cash Collateral to Purchase Fuel.* The Debtors are authorized to use Cash Collateral to make postpetition purchases of fuel from the Fuel Suppliers[3] pursuant to this Interim Order and in accordance with the Budget on reasonable business terms and conditions (including pursuant to any existing agreements between the Debtors and a Fuel Supplier).[4] No party-in-interest in the Chapter 11 Cases and/or any successor thereto (including, for the avoidance of doubt, any chapter 11 or chapter 7 trustee) shall be entitled to assert any claim against any Fuel Supplier or any affiliate thereof for the recovery of funds paid by the Debtors to such Fuel Supplier for the purchase of fuel pursuant to this Interim Order under section 549 of the Bankruptcy Code on the basis that such funds constitute the Cash Collateral of any party; provided, however, that if the Debtors use Cash Collateral outside of the Budget to pay any Fuel Supplier, any such Fuel Suppliers shall be subject to claims under section 549 of the Bankruptcy Code. Nothing in this Order shall alter, impair, condition, limit, release or otherwise prejudice or diminish any setoff, recoupment, or similar

---

[3] The Fuel Suppliers include, but are not limited to, ExxonMobil Oil Corporation; Valero Marketing and Supply Company; Sunoco, Inc.; CITGO Petroleum Corporation; BP Products North America, Inc.; Chevron Products Company; HF Sinclair Refining and Marketing LLC; Marathon Petroleum Company; Equilon Enterprises LLC; Motiva Enterprises LLC; Protec Fuel Management, LLC; Gulf Oil LP; Pilot Travel Centers LLC; and each of the foregoing parties' respective affiliates.

[4] For the avoidance of doubt, the reference to "Net Fuel Profits" in the Budget includes postpetition purchases of fuel from the Fuel Suppliers, net of expenses.

rights held by Fuel Supplier against the Debtors, the Debtors' estate, or any collateral or credit assurance provided to any Fuel Supplier by or on behalf of the Debtor. All such rights are hereby preserved.

8. *Preservation of Rights Granted Under This Interim Order.* The liens and claims granted by the provisions of this Interim Order shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting any of these chapter 11 cases to a case under chapter 7 or dismissing such chapter 11 case, or (ii) the entry of an order confirming a chapter 11 plan in these chapter 11 cases.

9. *Binding Effect; Successors and Assigns.* The provisions of this Interim Order, shall be binding upon all parties in interest in these chapter 11 cases, including, without limitation, the DIP Lenders, the Committee, and the Debtors, and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the Debtors' estates).

10. *Reservation of Rights.* The Debtors reserve all rights to seek other or additional use of their Cash Collateral on such further or different terms and conditions as may be approved by the Court, and the Agent reserves all rights to object and to seek other or additional relief. Nothing herein shall prejudice the Agent's rights under the Final DIP Order or otherwise.

11. *Effectiveness*. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Interim Order as provided in such Rules.

**Signed:  August 08, 2023.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

# **EXHIBIT 1**

**(*Budget*)**

**Cash Collateral Budget - WE 8.11**

| 1 Week Cash Collateral Budget<br>Mountain Express Oil<br>($ in '000s) | | Week 1<br>*Forecast*<br>11-Aug-23 |
|---|---|---:|
| Operating Receipts | | |
|    Net Fuel Profit | $ | 1,634 |
|    Rent Income | | 245 |
|    Net Retail Supporting Operations | | 149 |
|    Other Receipts | | - |
| **Total Operating Receipts** | $ | 2,028 |
| Operating Disbursements | | |
|    Rent Expense | | - |
|    Payroll & Benefits | | - |
|    Vendor Disbursements | | (1,141) |
|    Utilities & Insurance | | (23) |
|    Tax | | (636) |
|    Other Operating Disbursements | | (8) |
| **Total Operating Costs** | $ | (1,808) |
| **Operating Cash Flow** | $ | 220 |
| Restructuring Related | | |
|    Restructuring Fees | | - |
|    DIP Interest & Fees | | - |
| **Total Restructuring Related** | $ | - |
| **Net Cash Flow** | $ | 220 |
| Cash (Unrestricted) | | |
|    Beginning Balance | $ | 4,799 |
|    Net Cash Flow | | 220 |
| **Ending Unrestricted Cash Balance** | $ | 5,019 |