**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*[1] | Case No. 23-90147 (DRJ) |
| Debtors. | (Jointly Administered) |

**FORTUNA INVESTMENTS 100'S *EMERGENCY***
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**Emergency relief has been requested. Relief is requested no later than 5:00 p.m. on August 18, 2023.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Fortuna Investments 100, LLC, previously known as VAULT CS 100 SERVICE LLC ("***Fortuna***") files this *Emergency Motion for Relief from the Automatic Stay* (the "***Motion***"). In support of the Motion, Fortuna would respectfully show as follows:

**RELIEF REQUESTED**

1.      Fortuna is a landlord and  seeks an order (i) granting it relief from the automatic stay so that Fortuna may immediately exercise all of its rights under its Lease (defined below) and  under applicable non-bankruptcy law, including serving notice of defaults, terminating the Lease and exercising its right to evict the Debtors from the Leased Premises (defined below); and (ii) ordering the Debtors to vacate the Leased Premises within three (3) days of the date this Motion is approved.

---

[1]   A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent    at www.kccllc.net/mountainexpressoil.  The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta GA 30022.

2.     Fortuna further requests that this Motion be deemed written notice to the Debtors pursuant to the Lease of the intent to exercise remedies.

3.     As further set forth below, Fortuna contends relief is proper as to the Lease and the Leased Premises under 11 U.S.C. § 362(d)(1) and/or (d)(2) because: (i) the Debtors have defaulted under the Lease; (ii) the Debtors have not made post-petition Lease payments for August 2023; (iii) the Debtors own no equity in the Lease or Leased Premises; (iv) there are multiple non-monetary defaults under the Lease; (v) the Leased Premises is not necessary for an effective reorganization; (vi) the Debtors have not demonstrated any intent to keep and assume the lease; (vii) no buyer has shown an interest in acquiring and assuming the Lease, and (viii) the Debtors may be without cash to adequately protect Fortuna and the Leased Premises.

4.     Fortuna further requests that the Court waive the 14-day stay provided for under Federal Rule of Bankruptcy Procedure 4001(a)(3) to enable Fortuna, its successors and assigns, to immediately enforce and implement the terms of the proposed order granting relief from the automatic stay as to the lease and Leased Premises.  Such waiver is necessary so Fortuna can protect its property—the Leased Premises and to allow Fortuna to immediately try to release the property.   In addition, Fortuna has serious concerns as to the security of the Leased Premises if Debtors leave it unattended or not operating.

## JURISDICTION

5.     The United States Bankruptcy Court for the Southern District of Texas (this "***Court***") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue in these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for the relief requested herein are section 362 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule  4001(a) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

## BACKGROUND

### A.    The Lease

6.      Prepetition, the parties and/or affiliated entities entered into a lease agreement (the "***Lease***") with Vault CS 100 Service LLC ("Vault") as Landlord and Mountain Express Oil Company, Debtors, as Tenant effective January 8, 2019.  Thereafter, Vault assigned its interest in the Lease to Fortuna.  Debtors owe Fortuna monthly rent payments due on the first day of each month as expressed in the Lease (the "***Rent Payments***"); Debtors hold possession of the real property located at 100 N. Service Road W., Ruston, LA 71270 (the "***Leased Premises***") under the Lease as of the date of this Motion.

### B.    The Bankruptcy

7.      On March 18, 2023 (the "Petition Date"), Mountain Express Oil Company and its affiliates (the "***Debtors***") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "***Bankruptcy Code***") which are jointly administered. The Debtors are continuing to operate and manage its properties as debtors in possession.

*8.*      On June 16, 2023, the Debtors filed its *Emergency Motion for Entry of Orders (A)(I) Authorizing Asset Purchase Agreement for Sale of Substantially All of Debtors' Assets, (II) Approving Bid Procedures for Sale of Debtors Assets, (III) Approving Bid Procedures for Sale of Debtors Assets, (III) Approving Bid Protections, (IV) Scheduling Certain Dates with Respect Thereto, (V) Approving the Form and Manner of Notice Thereof, and (VI)Approving Contract Assumption and Assignment Procedures; (B) Approving (I)Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and (II) Assumption and Assignment of Certain Contracts and Lease; and (C) Granting Related Relief* [Docket No. 536] (the "Sale Motion"). The Court approved bid procedures on June 22, 2023.

9.      After engaging in a marketing process, the Debtors conducted an auction of their assets from August 2, 2023 to August 4, 2023 and as provided in the Debtors' Post-Auction Report [Docket No. 1194] the Debtors received a total of 16 bids but intended on moving forward with a proposal from GPM

3

Investments, LLC ("GPM") for the sale of substantially all of the Debtors' assets for $49 million (the "Transaction").

10.     The DIP Lender in this case ceased funding and did not agree to the further use of cash collateral.   On August 7, 2023, rather than conducting a hearing on the Debtors Sale Motion, the Court conducted a hearing on the Debtors' *Emergency Amended Motion for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing* [Docket No. 1196] (the "August 7 Hearing").   The Debtors announced that the Auction results were inconclusive.

11.     At the August 7 Hearing, the Debtors announced that pursuant to the Transaction, with respect to the non-Reit Landlords the Debtors intended to notify each of those landlords that its Lease will be rejected as of August 31, 2023. This includes the Lease with Fortuna.   The Transaction was not approved.

### C.     Post-Petition Defaults

12.     While the Debtors have continued to occupy the Leased Premises under the Lease, the Debtors have failed to maintain their post-petition rental obligations.

13.     Pursuant to the Lease, the Debtors are obligated to make monthly lease payments ("***Rental Payments***").   The Debtors have not made any Rental Payments to Fortuna under the Lease for August 2023.

14.     The Debtors failed to remit Rental Payments in the total amount of $17,348.55 and are in post-petition default under the Lease.   Apparently, the Debtors have no intention of paying this rent or curing these post-petition defaults. It appears that The Debtors are without cash to run their businesses and may be administratively insolvent. Fortuna objects to and does not agree to waive or defer any part of Debtors' rent.

15.     Additionally, Fortuna is concerned about nonmonetary defaults, including security issues at the Leased Premises.   The Debtors continue to possess this property but have ceased operations. and have failed to  pay for post-petition operating  costs  thereby violating 11  U.S.C. § 365(d)(3).

The Debtors have presented no proposal and taken no other action by which they would cure any of the post-petition amounts owing to Fortuna.

## **TERMINATION OF AUTOMATIC STAY**

16.     Fortuna requests entry of an order pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), lifting the automatic stay to permit Fortuna to exercise any and all of its non-bankruptcy contractual and legal rights and remedies under the Lease and under applicable law, including but not limited to taking possession of the Leased Premises and evicting the Debtors (the "Order").  Fortuna further requests that the Court order the Debtors to vacate the Leased Premises within three (3) days of the entry of the Order.  Also, Fortuna requests that the Court waive the requirements of Bankruptcy Rule 4001(a)(3) and direct that the Order granting the requested relief be effective immediately.

**I.      Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1).**

17.     Cause exists to grant Fortuna relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

Section 362(d)(1) of the Bankruptcy Code provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

18.     The Debtors cannot provide Fortuna adequate protection of its property, the Leased Premises.  As of the filing of this Motion, the Debtors owe $17,348.55 in post-petition rental payments under the Lease.

19.     The Debtors have not timely performed post-petition obligations under the Lease. *See* 11 U.S.C. § 365(d)(5) and have advised that lease rejection is imminent.  Failure to pay post-petition obligations is grounds for lifting the automatic stay.

*In re Mad Lolo LLC*, 2009 LEXIS 1333 (Bankr. S.D. N.Y. May 29, 2009) (where a security deposit is smaller than the amount of past due prepetition rent, landlord will not be adequately protected if debtor falls further behind in post-petition rent obligations); *In re Tammy Jewels, Inc.*, 116 B.R. 292, 294 (Bankr. M.D. Fla. 1990). If the rent is not timely paid by a debtor in possession, a landlord has the option to file a motion seeking relief from the automatic stay to enforce the lease and to protect the landlord's property.  This Debtor's failure to pay post-petition rent, and the absence of evidence of Debtor's desire or attempt to cure, or to provide adequate protection to Fortuna is "cause" to lift the stay per section 362(d)(1)); *see also In re Mr. Gatti's*, 164 B.R. 929, 944 (Bankr. W.D. Tex. 1994).

20.     Failure to timely pay rent is a default.  Lack of cash and no intent to assume the Lease and the failure and inability or desire to protect the Leased Premises is cause to lift the stay. The estate is *in extremis* and Fortuna should not be at risk because of the Debtor's collapse and their business and chapter 11 failures.

21.     For the above reasons, granting Fortuna relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) is proper.

**II.     Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(2).**

22.     Granting Fortuna relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) is proper because the Debtors do not have any equity in the Leased Premises and the Leased Premises is not necessary for an effective reorganization.

Section 362(d)(2) of the Bankruptcy Code provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

*          *          *

(2) with respect to a stay of an act against property under section (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization . . . .

23.     The Debtors lack equity in the Leased Premises. The Debtors failed to make $17,348.55 in Rental Payments post-petition.

24.     The Leased Premises is not necessary for an effective reorganization and the continued accrual of post-petition administrative expense rent only continues to further increase the burden on the Debtors' estate which may be without cash and may be administratively insolvent.

25.     For the above reasons, granting Fortuna relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) is proper.

**III.     Waiver of Fourteen Day Stay**

26.     Fortuna requests that the fourteen (14) day stay provided in Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived to enable Fortuna to protect the Leased Premises and to immediately enforce its right under the Lease and applicable law and to implement the terms of the proposed order.

**EMERGENCY CONSIDERATION**

27.     Post-petition rent continues to accrue on a daily basis and is an administrative burden to the estate. Based on the Debtors' admissions and the circumstances of the case, the Debtors not only cannot pay the post-petition rent, but also have no intention of satisfying such obligations to maintain the Lease. Despite these extreme circumstances, Debtors have still failed to terminate or reject Fortuna's Lease. By not immediately terminating the Lease, the Debtors are forcing Fortuna to involuntarily extend unsecured credit to keep and subsidize the Debtors' failed enterprise. Fortuna rejects this effort. The Debtors do not have a means for paying current and future accruing post-petition rent. The Debtors have admitted in their budget no further intention of paying past-due post-petition rent. As post-petition rent continues to accrue, Fortuna's lack

of adequate protection worsens.  Fortuna has grave concerns regarding the security of its Leased Premises and how any damage will impact property values and business operations. Fortuna respectfully requests emergency consideration of this Motion on or before August 18, 2023, no later than 5:00 p.m., so that if the Motion is granted in full, the Debtors will vacate the Leased Premises, immediately reject the Lease, and thereby allow Fortuna to protect itself and its property.  Fortuna also requests authority to immediately secure the Leased Premises so that Fortuna may avoid potential losses and prevent property damage.

## **CONCLUSION**

WHEERFORE PREMESIS CONSIDERED, Fortuna seeks entry of an order (i) granting it the relief requested herein; and (ii) granting such other and further relief as just and proper.

Respectfully submitted,

**PARKINS & RUBIO LLP**

*/s/ Lenard M. Parkins*
Lenard M. Parkins
TX Bar No. 15518200
Moira Cooper
TX Bar No. 16548050
Pennzoil Place
700 Milam Street, Suite 1300
Houston, TX 77002
Email: lparkins@parkinsrubio.com
        mcooper@parkinsrubio.com
Phone: 713-715-1660
Fax:    713-715-1669

***Counsel to Fortuna Investments100, LLC***

## Certificate of Conference

Pursuant to Local Rule 4001-1(a) and 9014-1(d)(1), the undersigned certifies that on August 17, 2023, the undersigned was in contact with counsel for the above-captioned Debtors and the appointed Chapter 11 Trustee via telephone regarding relief from the automatic stay. Counsel for the Debtors made no objection and stated that counsel is withdrawn from the case. The Chapter 11 Trustee did not respond to e-mail or voicemail requests. A copy of this Motion was emailed to the Debtors' Counsel and the Chapter 11 Trustee at 12:13 pm

As of the filing of this Motion, no agreement with the Chapter 11 Trustee exists on the relief requested herein.

*/s/ Moira Cooper*
Moira Cooper

## Certificate of Service

I certify that on August 17, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. I also served a copy of the foregoing document on the Chapter 11 Trustee by electronic mail as follows:

Janet S. Northup
Hughes Watters Askanase, LLP
1201 Louisiana Street, 28th Floor
Houston, TX 77002
jnorthup@hwa.com

*/s/ Moira Cooper*
Moira Cooper