### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| IN RE: | |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.,* <br>     Debtors. | Case No.  23-90147 <br> Chapter 11 <br> (Jointly Administered) |

**RVICTORY2, LLC'S EMERGENCY MOTION TO MODIFY THE AUTOMATIC STAY TO PERMIT RVICTORY2, LLC TO PURCHASE FUEL AND FOR RELATED RELIEF**

**THIS MOTION SEEKS AND ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE FROM YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**RVICTORY2, LLC IS REQUESTING RELIEF BY NO LATER THAN 5:00 PM ON AUGUST 22, 2023.**

**TO THE HONORABLE DAVID R. JONES,**
**UNITED STATES BANKRUPTCY JUDGE:**

RVictory2, LLC, Ritesh Bhagwanbhai Patel, Viratkumer M. Patel and Jyotsnaben Ritesh Patel (collectively "RVictory2") file this Emergency Motion to Modify the Automatic Stay to Permit RVictory2 to Purchase Fuel from third parties and for Related Relief (the "Emergency Motion"), and in support thereof respectfully state as follows:

## SUMMARY OF MOTION AND RELIEF REQUESTED

1.      The Debtors have been unable to supply fuel or return credit card proceeds consistently to RVictory2's two locations since before this bankruptcy case was filed. RVictory2 requests entry of an order modifying the automatic stay (to the extent necessary) to authorize the purchase of fuel from non-debtor suppliers and authorizing the disconnection of the Debtors' payment processing machines.   Emergency consideration is requested because without an immediate and reliable source of fuel and access to fuel sales proceeds, RVictory2 will be forced to cease operations.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference from the District Court. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

3.      On or about March 15, 2019, RVictory2 executed the attached two Petroleum Products Supply Agreements ("Agreements") with Debtor Mountain Express Oil Company covering the following 2 locations:

|  |  |
|---|---|
| Store # 266 | 25825 West Main Street, West Point, Mississippi 39773 |
| Store # 269 | 1200 N. 2nd Street, Boonville, Mississippi 38829 |

4.     The Agreements contain the following relevant terms in Section 12 with respect to the Supplier (Debtor)'s obligations to deliver fuel:

> Supplier will fill all orders with reasonable promptness,…

> If Supplier is unable to deliver products for more than seventy two (72) hours, Customer shall have the right to purchase products from other suppliers until such time as Supplier can recommence deliveries.

5.     As noted above, the Debtors have been unable or unwilling to deliver fuel or return credit card proceeds consistently to RVictory2 since before these bankruptcies were filed.  As a result, RVictory2's business has been substantially harmed and its value has deteriorated.  Notably, as of July 7, 2023, the Debtor had withheld nearly $100,000.00 of RVictory2's credit card proceeds, but still cannot reliably deliver fuel.  While Debtor did deliver fuel to store 269 on August 14 after failing to deliver for several weeks, Store 266 has not had any fuel delivered from the Debtor since August 2.  Additionally, RVictory2 has been advised by the hauler for Debtor that there will be no further deliveries from Debtor.

6.     Without fuel or sales proceeds, RVictory2 is suffering severe economic losses.

7.     Because RVictory2 has the contractual right to purchase fuel elsewhere when the Debtor does not deliver, it is unclear if the automatic stay would prohibit such action.  However, Debtor's former counsel had previously indicated that Debtor considered any third party fuel purchases to be a stay violation.  Accordingly, out of an abundance of caution, RVictory2 seeks emergency modification of the stay, to the extent necessary, so that it can purchase fuel elsewhere and disconnect from the Debtor's credit card system in order to ensure that RVictory2 promptly receives the proceeds from the sale of such fuel.

8.     Additionally, Stores 266 and 269 are branded as Exxon stations.  RVictory2 needs to be able to buy Exxon fuel in order to comply with branding requirements.  However, Exxon will not sell fuel to RVictory2 because of the Debtor's contracts with Exxon covering these locations.

Accordingly, RVictory2 requests additional stay relief to the extent necessary to enter into at least temporary contracts to acquire Exxon fuel, irrespective of the Debtor's contracts.

## **ARGUMENT AND AUTHORITIES**

9.      Section 362(d)(1) of the Bankruptcy Code provides that the automatic stay shall be modified for cause.  The "cause" standard under Section 362(d)(1) is broad and flexible, giving the Court discretion to determine what constitutes sufficient cause to warrant relief from the automatic stay. *In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. Sept. 13, 1995) (citing *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988)). Whether cause exists must be decided on a case-by-case basis. *See In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. May 5, 2014).

10.     RVictory2 desperately needs fuel for its Locations. Without fuel, customers will simply go to a competitor with fuel in stock. As a result, RVictory2 will not only lose revenues from fuel sales, but will also lose revenue from the sale of other products inside like sodas, cigarettes, candy, etc. that generate a majority of RVictory2's gross profits.

11.     RVictory2 cannot sustain its business without fuel and estimates that it is losing tens of thousands of dollars. These losses will, at some point, put RVictory2 out of business.

12.     RVictory2 is, therefore, requesting that the stay be modified to the extent necessary in order to: (i) purchase fuel from a non-debtor fuel provider for its Locations; (ii)  allow RVictory2 to purchase Exxon branded fuel despite the Debtor's contracts and (iii) use any reasonable means necessary to facilitate the purchase of fuel from another provider, including the disconnection of the Debtors' credit card processing machines and black boxes.

12. RVictory2 is requesting emergency relief because each day without fuel is extremely detrimental to its business.

13. RVictory2 does not believe Debtors will be harmed by this relief because Debtor has no ability to deliver fuel at this time. Debtors will not lose revenues from the sale of fuel that they are incapable of providing.

### CONCLUSION

WHEREFORE, for the reasons stated above, RVictory2 respectfully requests that this Court: (i) grant this Motion by: (a) modifying the automatic stay to allow RVictory2 to purchase fuel from another provider for its Locations, (b) allowing RVictory2 to purchase Exxon branded fuel despite the Debtor's contracts and (c) permitting RVictory2 to use any reasonable means necessary to facilitate the purchase of fuel from non-debtor entities, including the disconnection of the Debtors' credit card processing machines and black boxes; and (ii) grant any other just and/or equitable relief to which RVictory2 is entitled.

Respectfully submitted,

/s/ *Tami J. Hines*
Tami J. Hines, Texas Bar No. 24133319
Larry G. Ball, Oklahoma Bar No. 12205
**HALL, ESTILL, HARDWICK, GABLE,**
**GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Telephone (405) 553-2828
Facsimile (405) 553-2855
Email: thines@hallestill.com
Email: lball@hallestill.com
**ATTORNEY FOR CREDITOR**
**RVICTORY2, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2023, a true and correct copy of the above and foregoing was electronically served using the CM/ECF system to all CM/ECF registrants appearing in the above-styled matter.

/s/ *Tami J. Hines* _____
Tami J. Hines