IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |

**STIPULATION AND AGREED INTERIM ORDER (A) AUTHORIZING THE USE OF CASH COLLATERAL, (B) PROVIDING ADEQUATE PROTECTION, AND (C) MODIFYING THE AUTOMATIC STAY**

This stipulation and agreed order (the "Stipulation") is made and entered into by and among Janet S. Northrup as the Chapter 11 Trustee (the "Trustee") of the debtors in the above-captioned cases (collectively, the "Debtors") and First Horizon Bank as Administrative Agent (the "DIP Agent," and collectively with the Trustee, the "Parties"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS,** on March 18, 2023 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

**WHEREAS,** on March 20, 2023, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing*

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

ACTIVE 689611997v2

*Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing* [Docket No. 7] (the "First Cash Collateral Motion").

**WHEREAS,** on March 20, 2023, the Court entered its *Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Further Hearing* [Docket No. 37] (the "First Interim Cash Collateral Order"), approving the First Cash Collateral Motion and the Debtors' use of Cash Collateral, all as more fully set forth therein.

**WHEREAS,** on March 23, 2023, the Court entered its *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expenses Status, (III) Granting Adequate Protection, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 117].

**WHEREAS,** on April 25, 2023, this Court entered its *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expense Status; (III) Granting Adequate Protection; and (IV) Granting Related Relief* [Docket No. 332] (the "Final DIP Order").

**WHEREAS,** on July 19, 2023, the Court approved a further extension of post-petition credit pursuant to the *Order Approving Second Amendment to Senior Secured, Super-Priority Debtor In-Possession Credit Agreement* [Docket No. 1042].

**WHEREAS,** on August 5, 2023, the Debtors filed an *Emergency Amended Motion of Debtors for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing* [Docket No. 1196].

**WHEREAS,** on August 8, 2023, the DIP Agent authorized the entry of an *Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, and (C) Modifying the Automatic Stay* [Docket Nos. 1223].

**WHEREAS,** following an unsuccessful sales process, on August 16, 2023, the DIP Agent filed, *DIP Agent's Emergency Motion to Appoint Chapter 11 Trustee, or in the Alternative, Convert These Chapter 11 Case to Case Under Chapter 7* [Docket No. 1280].

**WHEREAS,** on August 17, 2023, following the Court's *Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 1284], the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No, 1286]*,* and appointed Janet S. Northrup to serve as the chapter 11 trustee in the above-captioned cases.

**WHEREAS,** the Trustee requires authority to use cash collateral to preserve the Debtors' estates.

**WHEREAS,** the Trustee and the DIP Agent have agreed to entry of this Stipulation and Agreed Order granting the Trustee's authority to use cash collateral in accordance with the Budget as detailed herein.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION AND AGREED ORDER, IT IS SO ORDERED as follows:**

1.      *Jurisdiction and Venue*.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order.

2.      *Authorization to Use Cash Collateral*.  Subject to the terms of this Stipulation, the Trustee is hereby authorized to use Cash Collateral, with the consent of the DIP Agent, for the period (the "Interim Budget Period") set forth in the budget attached hereto as **Exhibit 1** (the "Budget"), or for such further period or pursuant to such further form of Budget as the Trustee and the DIP Agent may agree to in writing.

3.      *Disbursements Subject to Budget*.  The Trustee is only authorized to use Cash Collateral during the Interim Budget Period in a manner consistent with the Budget.  The Trustee is not permitted to use Cash Collateral for the payment of any professional fees except as may be provided for in the Budget, and shall not pay any professional fees that accrued prior to her appointment.  The DIP Agent's superpriority, priming liens shall attach to, without limitation, all amounts held by payroll processors that are not paid to employees for earned wages, benefits, and applicable taxes.

4.      *Adequate Protection*.  The DIP Agent shall continue to have the benefit of its postpetition liens and superpriority claims under the Final DIP Order.

5.      *Termination*.  The Trustee's ability to use Cash Collateral pursuant to this Stipulation shall end upon expiration of the Budget on September 1, 2023, unless otherwise agreed by the DIP Agent.

6.    *Use of Cash Collateral to Purchase Fuel*.  The Trustee is authorized to use Cash Collateral to make postpetition purchases of fuel from the Fuel Suppliers[2] pursuant to this Interim Order and in accordance with the Budget on reasonable business terms and conditions (including pursuant to any existing agreements between the Debtors and a Fuel Supplier).[3] No party-in-interest in these chapter 11 cases and/or any successor thereto shall be entitled to assert any claim against any Fuel Supplier or any affiliate thereof for the recovery of funds paid by the Trustee to such Fuel Supplier for the purchase of fuel pursuant to this Interim Order under section 549 of the Bankruptcy Code on the basis that such funds constitute the Cash Collateral of any party; provided, however, that if the Trustee uses Cash Collateral outside of the Budget to pay any Fuel Supplier, any such Fuel Suppliers shall be subject to claims under section 549 of the Bankruptcy Code.  Nothing in this Order shall alter, impair, condition, limit, release or otherwise prejudice or diminish any setoff, recoupment, or similar rights held by Fuel Supplier against the Debtors, the Debtors' estates, or any collateral or credit assurance provided to any Fuel Supplier by or on behalf of the Debtors.  All such rights are hereby preserved.

7.    *Preservation of Rights Granted Under This Interim Order*.  The liens and claims granted by the provisions of this Interim Order shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting any of these chapter 11 cases

---

[2]    The Fuel Suppliers include, but are not limited to, ExxonMobil Oil Corporation; Valero Marketing and Supply Company; Sunoco, Inc.; CITGO Petroleum Corporation; BP Products North America, Inc.; Chevron Products Company; HF Sinclair Refining and Marketing LLC; Marathon Petroleum Company; Equilon Enterprises LLC; Motiva Enterprises LLC; Protec Fuel Management, LLC; Gulf Oil LP; Pilot Travel Centers LLC; and each of the foregoing parties' respective affiliates.

[3]    For the avoidance of doubt, the reference to "Net Fuel Profits" in the Budget includes postpetition purchases of fuel from the Fuel Suppliers, net of expenses.

to a case under chapter 7 or dismissing such chapter 11 case, or (ii) the entry of an order confirming a chapter 11 plan in these chapter 11 cases.

8. *Binding Effect; Successors and Assigns*. The provisions of this Interim Order, shall be binding upon all parties in interest in these chapter 11 cases, including, without limitation, the Trustee, the DIP Lenders, the Committee, and the Debtors, and their respective successors and assigns.

9. *Reservation of Rights*. The Trustee reserves all rights to seek other or additional use of Cash Collateral on such further or different terms and conditions as may be approved by the Court, and the DIP Agent reserves all rights to object and to seek other or additional relief. Nothing herein shall prejudice any party's rights under the Final DIP Order or otherwise.

10. *Effectiveness*. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Interim Order as provided in such Rules. This Interim Order shall be valid, binding, and enforceable on all parties in interest and fully effective immediately upon entry.

Dated: _____, 2023

                                                 DAVID R. JONES
                                                 UNITED STATES BANKRUPTCY JUDGE

**AGREED BY:**

By: */s/ Joshua W. Wolfshohl*
**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
myoung-john@porterhedges.com

- and -

*s/ Wayne Kitchens*
Wayne Kitchens
SBN 11541110
Heather Heath McIntyre
SBN 24041076
Total Energies Tower
1201 Louisiana Street, Suite 2800
Houston, Texas 77002
Phone: 713-759-0818
Fax: 713-759-6834
Email: wkitchens@hwa.com
           hmcintyre@hwa.com


*Proposed Counsel for the
Chapter 11 Trustee, Janet Northrup*

By: /s/ Shari L. Heyen
Shari L. Heyen
Texas Bar No. 09564750
*Shari.Heyen@gtlaw.com*
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3564
Facsimile: (713) 374-3505

- and -

John D. Elrod (admitted *pro hac vice*)
*ElrodJ@gtlaw.com*
Terminus 200, Suite 2500
3333 Piedmont Road, NE
Atlanta, Georgia 30305
Telephone: (678) 553-2259
Facsimile: (678) 553-2269

*Counsel for First Horizon Bank,
as DIP Agent*

# **EXHIBIT 1**

(***Budget***)

*ACTIVE 689611997v2*

**Cash Collateral Budget: WE 8.25 - WE 9.1**

| 2-Week Cash Collateral Budget<br>Mountain Express Oil<br>($ in '000s) | Week 1<br>*Forecast*<br>25-Aug-23 | Week 2<br>*Forecast*<br>1-Sep-23 |
|---|---:|---:|
| <u>Operating Receipts</u> | | |
|     Net Fuel Profit | $ (2,409) | $ 219 |
|     Rent Income | - | - |
|     Net Retail Supporting Operations | 60 | 60 |
|     Other Receipts | - | - |
| **Total Operating Receipts** | $ (2,349) | $ 279 |
| <u>Operating Disbursements</u> | | |
|     Rent Expense | - | - |
|     Payroll & Benefits [1] | - | (1,164) |
|     Vendor Disbursements | (1,044) | (1,102) |
|     Utilities & Insurance | (3) | (424) |
|     Tax | (928) | (928) |
|     Other Operating Disbursements | (8) | (8) |
| **Total Operating Costs** | $ (1,982) | $ (3,625) |
| **Operating Cash Flow** | $ (4,332) | $ (3,347) |
| <u>Restructuring Related</u> | | |
|     Restructuring Fees [2] | (294) | (294) |
|     DIP Interest & Fees | - | - |
|     UST Bond | (160) | - |
|     Letters of Credit | - | - |
| **Total Restructuring Related** | $ (454) | $ (294) |
| **Net Cash Flow** | $ (4,786) | $ (3,641) |
| <u>Cash (Unrestricted)</u> | | |
|     Beginning Balance | $ 2,895 | $ 1,609 |
|     Net Cash Flow | (4,786) | (3,641) |
|     (+) Incremental Funding Need for Operations | 3,500 | 3,500 |
| **Ending Unrestricted Cash Balance** | $ 1,609 | $ 1,468 |

[1]: Payroll amounts cover accrued employee obligations through 9/1
[2]: Includes Chapter 11 Trustee fees (HWA and FTI)