# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>MOUNTAIN EXPRESS OIL COMPANY, *et al.,*<br>    Debtors. | Case No.  23-90147<br>Chapter 11<br>(Jointly Administered) |

**SHIV KTR, LLC AND KEYUR RASIKBHAI PATEL'S EMERGENCY MOTION TO MODIFY THE AUTOMATIC STAY TO PERMIT SHIV KTR, LLC AND KEYUR RASIKBHAI PATEL TO PURCHASE FUEL AND FOR RELATED RELIEF**

**THIS MOTION SEEKS AND ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE FROM YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**SHIV KTR, LLC AND KEYUR RASIKBHAI PATEL ARE REQUESTING RELIEF BY NO LATER THAN 5:00 PM ON AUGUST 24, 2023.**

1

**TO THE HONORABLE DAVID R. JONES,
UNITED STATES BANKRUPTCY JUDGE:**

SHIV KTR, LLC and Keyur Rasikbhai Patel (collectively "SHIV KTR") file this Emergency Motion to Modify the Automatic Stay to Permit SHIV KTR to Purchase Fuel from third parties and for Related Relief (the "Emergency Motion"), and in support thereof respectfully state as follows:

## SUMMARY OF MOTION AND RELIEF REQUESTED

1. The Debtors have been unable to supply fuel consistently to SHIV KTR's location since before this bankruptcy case was filed. SHIV KTR requests entry of an order modifying the automatic stay (to the extent necessary) to authorize the purchase of fuel from non-debtor suppliers and authorizing the disconnection of the Debtors' payment processing machines. Emergency consideration is requested because without an immediate and reliable source of fuel and access to fuel sales proceeds, SHIV KTR could be forced to cease operations.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference from the District Court. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

3. On or about September 9, 2020, SHIV KTR executed the attached Fuel Supply Agreement on a commission basis with Debtor Mountain Express Oil Company covering the following location:

| | |
|---|---|
| Store # 550 | 1510 Highway 72 East, Athens, Alabama  35611 |

2

That agreement was later amended by a First Amendment of Fuel Supply Agreement dated May 11, 2021 and a Second Amendment to Fuel Supply Agreement dated December 2, 2022, also attached. The Second Amendment converted the commission agreement to a "100% Fuel" agreement whereby Mountain Express would supply fuel essentially on a consignment basis to SHIV KTR. The Fuel Supply Agreement, as amended, shall be referred to herein as the "Agreement".

4. The Agreement contains the following relevant terms in Section 21 with respect to the Supplier (Debtor)'s obligations to deliver fuel:

> Supplier will fill all orders with reasonable promptness,…
>
> If Supplier is unable to deliver products for more than seventy two (72) hours, Dealer shall have the right to purchase products from other suppliers until such time as Supplier can recommence delivery.

5. As noted above, the Debtors have been inconsistent in their ability to deliver fuel to SHIV KTR since before these bankruptcies were filed. As a result, SHIV KTR's business has been substantially harmed and its value has deteriorated. While Debtor did deliver fuel on August 10, SHIV KTR has been advised by the hauler for Debtor that there will be no further deliveries from Debtor. SHIV KTR will run out of fuel August 21 or 22 without immediate deliveries.

6. Without fuel or sales proceeds, SHIV KTR will suffer severe economic losses.

7. Because SHIV KTR has the contractual right to purchase fuel elsewhere when the Debtor does not deliver, it is unclear if the automatic stay would prohibit such action. However, Debtor's former counsel had previously indicated that Debtor considered any third party fuel purchases to be a stay violation. Accordingly, out of an abundance of caution, SHIV KTR seeks emergency modification of the stay, to the extent necessary, so that it can purchase fuel elsewhere

3

and disconnect from the Debtor's credit card system in order to ensure that SHIV KTR promptly receives the proceeds from the sale of such fuel.

8. Additionally, Store 550 is branded as an Exxon station. SHIV KTR needs to be able to buy Exxon fuel in order to comply with branding requirements. However, Exxon will not sell fuel to SHIV KTR because of the Debtor's contracts with Exxon covering these locations. Accordingly, SHIV KTR requests additional stay relief to the extent necessary to enter into temporary contracts to acquire Exxon fuel, irrespective of the Debtor's contracts.

9. SHIV KTR will account and pay for all fuel previously received from the Debtor on a consignment basis.

## ARGUMENT AND AUTHORITIES

9. Section 362(d)(1) of the Bankruptcy Code provides that the automatic stay shall be modified for cause. The "cause" standard under Section 362(d)(1) is broad and flexible, giving the Court discretion to determine what constitutes sufficient cause to warrant relief from the automatic stay. *In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. Sept. 13, 1995) (citing *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988)). Whether cause exists must be decided on a case-by-case basis. *See In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. May 5, 2014).

10. SHIV KTR desperately needs fuel for its Locations. Without fuel, customers will simply go to a competitor with fuel in stock. As a result, SHIV KTR will not only lose revenues from fuel sales, but will also lose revenue from the sale of other products inside like sodas, cigarettes, candy, etc. that generate a majority of SHIV KTR's gross profits.

4

11. SHIV KTR cannot sustain its business without fuel and estimates that it will lose tens of thousands of dollars if it runs out of fuel. These losses will, at some point, put SHIV KTR out of business.

12. SHIV KTR is, therefore, requesting that the stay be modified to the extent necessary in order to: (i) purchase fuel from a non-debtor fuel provider for its Locations; (ii) allow SHIV KTR to purchase Exxon branded fuel despite the Debtor's contracts and (iii) use any reasonable means necessary to facilitate the purchase of fuel from another provider, including the disconnection of the Debtors' credit card processing machines and black boxes.

12. SHIV KTR is requesting emergency relief because each day without fuel is extremely detrimental to its business.

13. SHIV KTR does not believe Debtors will be harmed by this relief because Debtor has no ability to deliver fuel at this time.  Debtors will not lose revenues from the sale of fuel that they are incapable of providing.

## CONCLUSION

WHEREFORE, for the reasons stated above, SHIV KTR respectfully requests that this Court: (i) grant this Motion by: (a) modifying the automatic stay to allow SHIV KTR to purchase fuel from another provider for its Locations, (b) allowing SHIV KTR to purchase Exxon branded fuel despite the Debtor's contracts and (c) permitting SHIV KTR to use any reasonable means necessary to facilitate the purchase of fuel from non-debtor entities, including the disconnection of the Debtors' credit card processing machines and black boxes; and (ii) grant any other just and/or equitable relief to which SHIV KTR is entitled.

2872357.1:999999.00203

Respectfully submitted,

/s/ *Tami J. Hines*
Tami J. Hines, Texas Bar No. 24133319
Larry G. Ball, Oklahoma Bar No. 12205
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Telephone (405) 553-2828
Facsimile (405) 553-2855
Email: thines@hallestill.com
Email: lball@hallestill.com
 **ATTORNEY FOR CREDITOR SHIV KTR, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2023, a true and correct copy of the above and foregoing was electronically served using the CM/ECF system to all CM/ECF registrants appearing in the above-styled matter.

/s/ *Tami J. Hines*
Tami J. Hines