**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

_____

                                    )
**In re:**                                 )        **Chapter 11**
                                    )
**MOUNTAIN EXPRESS OIL**      )        **Case No. 23-90147**
**COMPANY,** *et al.***,**              )
                                    )        **(Jointly Administered)**
       **Debtors.**                    )
_____)

**ALLIANCE TENANTS' UNOPPOSED EMERGENCY MOTION TO LIFT
THE AUTOMATIC STAY AND PERMIT THEM TO
<u>FUEL SUPPLY AGREEMENTS WITH NON-DEBTORS</u>**

> **This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.**
> **Represented parties should act through their attorney. A hearing may be conducted on this matter on a date and time to be determined by the Court.**

> **Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

1

Jubilee Alliance, LLC and Karma Alliance, LLC ("the Alliance Tenants") file this *Unopposed Emergency Motion to Lift the Automatic Stay and Permit Them to Enter Fuel Supply Agreements with Non-Debtors* and show as follows:

## PRELIMINARY STATEMENT

1. The Alliance Tenants operate multiple stores under fuel supply agreements with Debtors. Debtors are unable to comply with the terms of those agreements. At multiple locations, Debtors retained funds belonging to the Alliance Tenants. As of August 18, 2023, Debtors have stopped supplying fuel to any locations. The Alliance Tenants have no confidence in Debtors' ability or willingness to continue supplying fuel or to turn over to the Alliance Tenants amounts currently owed to them and funds that will soon be owed to them. The Alliance Tenants therefore asks that the Court lift the automatic stay to allow them to enter fuel supply agreements with non-Debtor entities.

2. Counsel for Alliance Tenants conferred with counsel for the appointed Chapter 11 Trustee prior to the filing of this Motion. The Chapter 11 Trustee does not oppose the relief described in this Motion and in the attached Proposed Order.

## VENUE AND JURISDICTION

3. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference from the District Court. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELEVANT BACKGROUND

5. The Alliance Tenants operate multiple gas stations and convenience stores in Arkansas and Louisiana pursuant to leases and fuel-supply agreements (FSAs) with Debtors.[1] This Motion concerns the locations listed in Exhibit A. Ex. A ("Locations"). Under the FSAs, Debtors supply fuel to each of these locations. The Alliance Tenants pay Debtors for the fuel using the proceeds of all credit card transactions, which include in-store purchases and the vast majority of its fuel sales. Debtors offset the amount of the Alliance Tenants' credit card sales by the cost of the fuel purchased and are then required to send the excess funds back to the stores.

6. In practice, the credit card transactions in the Alliance Tenants' stores are processed by Exxon. Exxon sends the credit card receipts to Debtors. For any locations where credit card sales are greater than the amount of fuel purchased, Debtors return money to the location's operator. Debtors, however, stopped making such payments in July 2023. The Alliance Tenants have therefore been unable to accept credit card payments for fuel, causing ongoing and ever-accumulating harm to the stores. Exhibit B ("Amounts Owed").

---

[1] The Alliance Tenants previously filed an Objection (Dkt. 1120) to Debtors' *Third Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Unexpired Leases* (Dkt. 767). The Alliance Tenants note to the Court that the properties that are the subject of this Motion are completely distinct from the properties that were the subject of that Objection.

3

7. Additionally, as of August 18, 2023, Debtors have stopped supplying fuel to all the locations listed in Exhibit A. Debtors have given verbal consent to the Alliance Tenants to allow them to purchase fuel from other suppliers. However, the Alliance Tenants still cannot sell any fuel via credit card to customers, as the proceeds of those sales will go to Debtors. Thus, the Alliance Tenants seek immediately to enter FSAs with non-Debtor parties. Exxon has also expressed its willingness to immediately begin sending credit card transactions to a third party as soon as it receives authorization from the Court.

## ARGUMENT AND AUTHORITIES

8. The Alliance Tenants bring this Motion for relief from the automatic stay pursuant to Fed. R. Bankr. P. 4001(a) and Local Rules 4001-1 and 9013-1.

9. The decision whether to lift the automatic stay is within the discretion of this Court. The Court may lift the automatic stay for "cause." 11 U.S.C. § 362(d)(1). The application of the "cause" standard is broad and flexible, leaving the Court discretion in determining relief is warranted. *In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. Sept. 13, 1995) (citing *In re Sentry Park, Ltd.*, 87 B.R. 427,430 (Bankr. W.D. Tex. 1988)). Whether cause exists must be decided on a case-by-case basis. *See In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. May 5, 2014).

10. Lifting the automatic stay is appropriate in this case, as is emergency consideration, because the Alliance Tenants are losing money on a daily basis. The Alliance Tenants simply cannot continue their business while allowing proceeds of credit card sales to be effectively taken by Debtors.

11. The ability to receive payment for sales is obviously important for any business. In the case of the Alliance Tenants, a majority of fuel purchases are made by credit card, putting credit card transactions in particular at the heart of the Alliance Tenants' business.

12. The Alliance Tenants ask the Court to find that good cause to lift the automatic stay exists in this case. Debtors have stopped supplying any fuel to the locations listed in Exbihit A. Moreover, Debtors' inability—or its refusal—to pay money owed to the Alliance Tenants is causing significant harm to the Alliance Tenants' business. Debtors are already in arrears to the Alliance Tenants, and the proceedings in this Court have taken away all of the confidence the Alliance Tenants once had that Debtors would make good on its obligations under the FSAs. The Alliance Tenants are currently unable to sell any fuel via credit card for fear that Debtors would keep the proceeds of such sales.

13. The Alliance Tenants request that the Court lift the automatic stay only to the extent of allowing them to enter a fuel-supply agreement with a different supplier. The Alliance Tenants have identified a supplier that is willing and able to supply

fuel, can work within the current arrangement with Exxon, and will be able to make good on promises to reimburse the Alliance Tenants for its credit card sales.

## **RELIEF REQUESTED**

14. The Alliance Tenants ask that the automatic stay be lifted so that it may enter fuel supply agreements with non-Debtor suppliers.

15. The Alliance Tenants request emergency consideration of this Motion, as the inability to provide fuel to customers causes significant harm to its business each day.

16. Because the Chapter 11 Trustee is not opposed to the relief requested, the Alliance Tenants request that the Court grant this Motion without a hearing. In the alternative, The Alliance Tenants would request that a hearing on the Motion be set as soon as the Court finds practicable.

17. WHEREFORE, the Alliance Tenants request that the Court enter an order lifting the automatic stay and providing any and all other relief that is appropriate under the law.

Submitted this 22nd day of August, 2023.

**KREVOLIN & HORST, LLC**

*/s/ Ricardo A. Gilb*
Ricardo A. Gilb
Texas Bar No. 24120849
Jessica G. Cino
Admitted *pro hac vice*

1201 W. Peachtree Street, NW
One Atlantic Center, Suite 3250
Atlanta, Georgia 30309
(404) 888-9700
(404) 888-9577 (facsimile)
gilb@khlawfirm.com
cino@khlawfirm.com
*Attorneys for Jubilee Alliance, LLC*
*and for Karma Alliance, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____
                                      )
**In re:**                            )   **Chapter 11**
                                      )
**MOUNTAIN EXPRESS OIL**              )   **Case No. 23-90147**
**COMPANY,** *et al.*,                )
                                      )   **(Jointly Administered)**
    **Debtors.**                      )
_____)

**[PROPOSED] ORDER GRANTING THE ALLIANCE TENANTS'
UNOPPOSED EMERGENCY MOTION TO LIFT THE
AUTOMATIC STAY AND PERMIT THEM TO
<u>ENTER FUEL SUPPLY AGREEMENTS WITH NON-DEBTORS</u>**

On this date, the Court considered *The Alliance Tenants' Unopposed Emergency Motion to Lift the Automatic Stay and Permit Them to Enter Fuel Supply Agreements with Non-Debtors*. The Court finds that the Motion should be granted.

It is hereby **ORDERED** that:

1. The Motion is granted to the extent as set forth herein.
2. The Alliance Tenants are authorized to use any means necessary to purchase identically-branded fuel from non-debtor entities and to facilitate payment, including but not limited to the disconnection of the Debtors' credit card processing machines and black boxes. Notwithstanding the foregoing, the Operators are required to account for and report all purchases and sales of fuel from non-debtor entities made through and including September 1, 2023.
3. Relief in this order is authorized through September 1, 2023, or upon further order by this Court.

8

4. The fourteen (14) day stay provided for under the Federal Rules of Bankruptcy Procedure 4001(a)(3) is hereby waived and the Operators, their successors and assigns, are authorized to immediately and enforce and implement the terms of this Order.

5. The Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed this \_\_\_\_ day of _____ , 2023.**

_____
**The Honorable David R. Jones**
**United States Bankruptcy Judge**

## **CERTIFICATE OF CONFERENCE**

In accordance with BLR 4001-1(a)(1), I do hereby certify that I conferred by telephone and email with Heather McIntyre, a representative of Chapter 11 trustee Janet Northrup, on August 21 and August 22, 2023. Ms. McIntyre indicated that the trustee is unopposed to the Motion and the relief requested therein.

*/s/ Ricardo A. Gilb*
Ricardo A. Gilb

**CERTIFICATE OF SERVICE**

      I certify that on August 22, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. Additionally, I have emailed a copy of the Motion to the Chapter 11 Trustee.

                                                 */s/ Ricardo A. Gilb*
                                                 Ricardo A. Gilb