IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § § § | |
| **MOUNTAIN EXPRESS OIL COMPANY,** et al., | § § § § | CASE NO. 23-90147 (DRJ) |
| *Debtors*[1] | § | (Jointly Administered) |

**THE ESAIAS PROJECT, INC.'S EMERGENCY MOTION TO LIFT THE AUTOMATIC STAY TO PERMIT THE ESAIAS PROJECT, INC. TO PURCHASE FUEL AND FOR RELATED RELIEF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THE ESAIAS PROJECT, INC. IS REQUESTING RELIEF BY NO LATER THAN 5:00 PM CT ON AUGUST 25, 2023.**

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, THE ESAIAS PROJECT, INC., through its counsel and files its Emergency Motion to Modify the Automatic Stay to Permit The Esaias Project, Inc. to Purchase Fuel and for Related Relief (the "Emergency Motion"), and in support thereof respectfully state as follows:

### I. PRELIMINARY STATEMENT

1. The Debtors have been unable to supply fuel or return credit card proceeds consistently to Esaias' location. Esaias request entry of an order lifting the automatic stay to authorize the purchase of fuel from non-debtor suppliers and the disconnection the Debtors' payment processing machines. Emergency consideration is requested without an immediate and reliable source of fuel, Esaias will be forced to cease operations.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference from the District Court. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### III. RELEVANT BACKGROUND

2. In or about February 8, 2023, The Esaias Project, Inc. ("EP") entered into a Business Purchase Agreement ("Purchase Agreement") wherein EP agreed to acquire certain assets of Mountain Express Oil Company ("Debtor" or "MEOC"). The assets to be acquired where those of a business located at 17901 N. Pennsylvania Avenue, Edmond, Oklahoma, 73012 and commonly known as "Mountain Express Store #216." The purchase price for the assets was NINETY THOUSAND AND NO/100 DOLLARS ($90,000.00). The sale was effective March 30, 2023.

3. As part of the Purchase Agreement, EP entered into a Commercial Lease Agreement with MEX RE-SW-OK, LLC a related entity also in bankruptcy[2] for real property located at 17901 N. Pennsylvania Avenue, Edmond, Oklahoma, 73012 ("Premises").

3. As part of the Purchase Agreement, EP also into a Fuel Supply Agreement ("FSA") with MEX FUELS SW-OK, LLC ("MEX")[3] wherein MEX agreed to provide EP with certain products including gasoline to be sold at the Premises. A true and correct copy of the FSA is attached hereto as Exhibit 1. The FSA was an exclusive fuels agreement and had a primary term of ten (10) years. MEX had an obligation to EP to begin supplying with the fuel products beginning February 15, 2023. MEX has failed to supply EP with fuel products as required by the FSA. MEX's failure to provide the fuel products to EP per the terms of the FSA has caused EP to have to acquire fuel products from third parties at substantially higher costs in order to operate its business.

4. The FSA also requires EP to process credit card sales through MEX's credit card system allowing MEX to capture EP's sales revenue. Even when EP has been able to obtain alternate fuel supply from another source on the occasions when MEX is unable to provide fuel supply in accord with the FSA, the revenue from the sale of that fuel is captured by MEX and not immediately available to EP to pay for the fuel supplied from an alternate source. This significantly impairs, if not makes it financially impossible for EP to obtain an alternate fuel supply on those occasions when MEX is in breach of its fuel supply delivery obligations pursuant to the FSA.

5. As of the date of this filing, the Debtor has not been supplied any fuels since August 8, 2023, and not remitted any credit card funds since August 4, 2023.  MEX's fuel supplier told EP today that it is taking steps to sever its relationship with the Debtor due to non-payment.

6. Therefore, out of an abundance of caution, Esaias files this emergency motion, since

---

[2] MEX RE-SW-OK, LLC – Case No.: 23-90278
[3] MEX FUELS SW-OK, LLC – Case No.: 23-90289

Esaias' location will be affected the bankruptcy estate. As noted above, the Debtors have been unable to supply fuel or return credit card proceeds consistently to EP's location since early February 2023. EP's retail sales have deteriorated to 50% of normal rates and without fuel, EP will suffer catastrophic economic losses.

7. Like many other gas station operators, EP is at the Debtors' mercy without any fuel and ability to purchase fuel from other sources as the Debtors' credit card processing machine is connected to the Operators' tanks. Accordingly, EPO brings this Emergency Motion, respectfully requesting that it be allowed to purchase fuel from another third-party/non-debtor provider and sever its credit card processing arrangement with the Debtor.

## IV. ARGUMENT AND AUTHORITIES

8. Section 362(d)(1) provides that the automatic stay shall be lifted for cause. 11 U.S.C. § 362(d)(1). The "cause" standard under Section 362(d)(1) is broad and flexible, giving the Court discretion to determine what constitutes sufficient cause to warrant relief from the automatic stay. *In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. Sept. 13, 1995) (citing *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988)). Whether cause exists must be decided on a case-by-case basis. *See In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. May 5, 2014).

9. EP desperately needs fuel on a consistent and uninterrupted basis for its business. Without fuel, customers will simply go to a competitor with fuel in stock. As a result, EP will not only lose revenues from fuel sales, but will also lose revenue from the sale of other products inside like sodas, cigarettes, candy, etc. that generate a majority of EP's gross profits. As a small business, EP cannot sustain its business without fuel and estimates that it is losing tens of thousands of dollars. These losses will, at some point, put EP out of business.

10. Therefore, EP is `requesting that the stay be lifted in order to: (i) purchase fuel from a non-debtor fuel provider for its location; and (ii) use any reasonable means necessary to facilitate the purchase of fuel from another provider, including the disconnection of the Debtors' credit card processing machines and black boxes.

11. EP is requesting emergency relief because each day without fuel is extremely detrimental to its business. EP does not believe the Debtor will be harmed by this relief because, by selling fuel, EP is more likely to generate sufficient revenue to pay the rent owed to the Debtor, and the Debtor will not lose revenues from the sale of fuel that they are incapable of providing.

12. The attached Proposed Order setting forth the terms of the relief requested which are identical to the terms of the Order previously entered by the Court (Dk# 1352) affording relief to other Operators adversely, but similarly, impacted by this case.

## CONCLUSION

WHEREFORE, for the reasons stated above, The Esaias Project, Inc. respectfully requests that this Court: (i) grant this Motion by: (a) modifying the automatic stay to allow The Esaias Project, Inc. to purchase fuel from another provider for its location, and (b) permitting The Esaias Project, Inc. to use any reasonable means necessary to facilitate the purchase of fuel from non-debtor entities, including the disconnection of the Debtors' credit card processing machines and black boxes; and (ii) grant any other just and/or equitable relief to which Esaias is entitled.

Dated: August 22, 2023

Respectfully submitted,

By: */s/ Kyle Dickson*
Kyle L. Dickson
Southern District Bar No. 13441
State Bar No. 05841310
2200 Space Park Drive, Suite 350
Houston, Texas 77058
Tel:      (281) 488-0630
Fax:      (281) 488-2039
Email:    *kdickson@murray-lobb.com*

**ATTORNEYS FOR THE ESAIAS PROJECT, INC.**

### Certificate of Conference

In accordance with BLR 4001-1(a)(1), I do hereby certify that I attempted with the Chapter 11 trustee, Janet Northrup, on August 22, 2023, regarding the relief requested therein but not able to reach Ms. Northrup.

*/s/ Kyle Dickson*
Kyle L. Dickson

### Certificate of Service and Certificate of Compliance with BLR 4001

I certify that on August 22, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Kyle Dickson*
Kyle L. Dickson