**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered)<br><br>Related Doc No. 1342 |

**EMERGENCY RELIEF**

**STIPULATED
INTERIM ORDER LIFTING THE AUTOMATIC STAY**

This matter came on for consideration of the Emergency Motion to Lift the Automatic Stay (Doc. No. 1342) (the "Motion") filed by Jounieh, LLC ("J1"), Jounieh 2, LLC ("J2"), Jounieh 3, LLC ("J3"), Claude Enterprise, LLC ("Claude") and 2 Quick Stop Shop, LLC ("QSS"), (collectively, the "Operators"). As indicated to the Court by signature below for the Court-appointed Chapter 11 Trustee, it has been represented to the Court that this Order is in the best interests of the Estate, that the Chapter 11 Trustee has no objection to the entry of this Order and stipulates to the same. It has further been represented to the Court as indicated by the signature of counsel below that the primary secured creditor of the Estate, First Horizon Bank, N.A., has no objection to the entry of this Order and stipulates to the same.

After considering the pleading, the evidence and the stipulations of counsel, the Court finds cause to grant the requested relief. It is therefore,

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

**ORDERED:**

1.  Subject to the requirements in this Order, in the event an Operator's location is branded, such Operator is authorized to use any means necessary to purchase the appropriately branded[2] fuel from non-debtor entities and to facilitate payment, including but not limited to the disconnection of the Debtors' credit card processing machines and black boxes. In the event an Operator's location is not branded, such Operator is authorized to use any means necessary to purchase fuel from non-debtor entities and to facilitate payment, including but not limited to the disconnection of the Debtors' credit card processing machines and black boxes.

2.  To participate in the relief authorized by this Order, the Operators shall do the following:

    a.  Complete the attached disconnection notice (the "Disconnection Notice") and transmit to the Chapter 11 Trustee (the "Trustee") via electronic mail before any purchases from non-debtor entities occur:

        Chapter 11 Trustee
        Janet Northrup
        1201 Louisiana Street, 28th Floor
        Houston, Texas 77002
        Email: jsn@hwalllp.com
        Email: hhm@hwa.com
        Email: jwk@hwa.com

    b.  Notwithstanding the foregoing, the Operators are required to account for and report all purchases and sales of fuel from non-debtor entities made through and including September 1, 2023.

    c.  Reconnect credit card processing machines and black boxes by no later than two weeks upon Trustee request.

3.  Relief in this Order is authorized through September 1, 2023, which may be extended by written agreement between the Trustee and the Operators.

4.  The fourteen (14) day stay provided for under the Federal Rules of Bankruptcy Procedure 4001(a)(3) is hereby waived and the Operators, their successors and assigns, are authorized to immediately enforce and implement the terms of this Order.

5.  The Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

---

[2]   For example, if the Operator operates a Valero station (or was previously purchasing Valero fuel from the Debtors), the Operator is authorized to only purchase Valero fuel from a third-party supplier unless Valero agrees otherwise.

Dated:  August 23, 2023

_____

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE


**APPROVED AS TO FORM & CONTENT**:

**JANET NORTHRUP**
COURT-APPOINTED CHAPTER 11 TRUSTEE
OF THE ESTATE OF MOUNTAIN EXPRESS OIL COMPANY, ET AL.

BY:  /S/HEATHER MCINTYRE
     HEATHER MCINTYRE
     ATTORNEY FOR COURT APPOINTED CH. 11 TRUSTEE

**FIRST HORIZON BANK**

BY:  /S/JOHN D. ELROD
     JOHN D. ELROD,
     ATTORNEY FOR FIRST HORIZON BANK

**OPERATORS**

BY: /S/NORMAN A. ABOOD
     NORMAN A. ABOOD
     ATTY FOR THE OPERATORS

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, et al., | Case No. 23-90147 (DRJ) |
| Debtors. [1] | (Jointly Administered) |

**DISCONNECTION NOTICE**

My name is _____ and I operate the gas station located at _____, Store Number _____ (the "Gas Station"), which is a counterparty to a fuel supply agreement with Mountain Express Oil Company ("Mountain Express").

I have not received any recent fuel deliveries from Mountain Express and need to purchase fuel from a third party.  I wish to participate in the temporary relief authorized by the Bankruptcy Court and need to disconnect the Mountain Express credit card processing machines and black box.  I certify below as follows and will do the following:

1. The Gas Station uses _____ brand of fuel and I will only purchase this brand of fuel from a third-party supplier.

2. Date and time of disconnection: _____

3. Attached to this notice is a photo of system report at the time of disconnection, or other documentation evidencing volumes of fuel purchased by Mountain Express prior to the time of disconnection.

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

4.  Report and account for all purchases of third-party fuel after the time of disconnection

through reconnection.


Dated: _____


By: _____
                    Operator