IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 23-90147 |
| MOUNTAIN EXPRESS OIL § | |
| COMPANY, et al., § | |
| § | Chapter 11 |
| Debtors.[1] § | |

**EMERGENCY JOINT MOTION TO MODIFY THE AUTOMATIC STAY TO PERMIT ROYAL EXXON INVESTMENT LTD CO., ROYAL STORE LLC, RAJ MARATHON LLC, AND TUSHAR PATEL TO PURCHASE FUEL AND FOR RELATED RELIEF**

**THIS MOTION SEEKS AND ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE FROM YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

TO THE HONORABLE DAVID R. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Royal Exxon Investment Ltd Co. ("**Royal Exxon**"), Royal Store LLC ("**Royal Store**"), Raj Marathon LLC ("**Raj Marathon**"), and Tushar Patel ("**Tushar**") and collectively with Royal Exxon and Royal Stores, "**Dealers**") file this *Emergency Joint Motion to Modify the Automatic Stay to Permit Royal Exxon Investment Ltd Co., Royal Store LLC, Raj Marathon LLC, and Tushar Patel to Purchase Fuel and for Related Relief* (the "**Emergency Motion**"), and in support thereof respectfully state as follows:

## SUMMARY OF MOTION AND RELIEF REQUESTED

1. The Dealers are gas station operators and are parties to certain fuel supply agreements with the Debtors. On or around August 16, 2023, the Debtors abruptly stopped providing fuel to the Dealers. This has caused a significant disruption to the Dealers' business operations. The Dealers respectfully seek entry of an order modifying the automatic stay to authorize the purchase of fuel from non-debtor suppliers and authorizing the disconnection the Debtors' payment processing machines. Emergency consideration is requested because without an immediate and reliable source of fuel and access to fuel sales proceeds, the Dealers could be forced to cease operations.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference from the District Court. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

3. On or around March 22, 2019, Royal Exxon and Mountain Express Oil Company ("**MEX**") entered into that certain Motor Fuel Supply and Commissioned Sales Agreement (the

"**Royal Exxon Contract**") for MEX provide motor fuel for the gas station located at 6539 Highway 42, Rex, Georgia 30273. On or around August 8, 2014, Tushar and MEX entered into that certain Motor Fuel Supply and Commissioned Sales Agreement (the "**Royal Store Contract**") for MEX provide motor fuel for the gas station operated by Royal Store located at 2295 US Highway 41, Griffin, Georgia 30223. On or around August 29, 2017, the Royal Store Contract was amended (the "**Royal Store Amendment**") to name Royal Store as the customer under the Royal Store Contract instead of Tushar. On or around August 8, 2014, Tushar and MEX entered into that certain Motor Fuel Supply and Commissioned Sales Agreement (the "**Raj Marathon Contract**") for MEX provide motor fuel for the gas station located at 110 John R. Williams Pkwy, McDonough, Georgia 30253. On or around August 29, 2017, the Raj Marathon Contract was amended (the "**Raj Marathon Amendment**") to name Raj Marathon as the customer under the Raj Marathon Contract instead of Tushar. The Raj Marathon Contract and the Raj Marathon Amendment are attached hereto as <u>**Exhibit A**</u>. The Royal Store Contract and Royal Store Amendment are attached hereto as <u>**Exhibit B**</u>. The Royal Exxon Contract is attached hereto as <u>**Exhibit C**</u>. The Royal Exxon Contract, the Royal Store Contract, the Royal Store Amendment, and the Raj Marathon Amendment are collectively referred to herein as the "Agreements".

4.   The Agreements, in pertinent part, provide that if MEX is unable to provide fuel to Dealer for a period in excess of 96 hours, Dealer shall have the right to procure fuel from alternative sources until such time as MEX can recommence deliveries. *See* Royal Exxon Contract, Section 8; Royal Store Contract, Section 8; Raj Marathon Contract, Section 8.

5.   As noted above, MEX has not provided fuel to the Dealers for several days and there is no indication when deliveries will resume. In addition, the Dealers outside credit card processing machines are sending payments MEX and are not remitting such payments to the

Dealers, leaving the Dealers in a starved position of being depleted of necessary fuel and funds to operate their business.

6. While the Dealers have the contractual right to purchase fuel elsewhere when MEX does not deliver, it is unclear if the automatic stay would prohibit such action. However, in an abundance of caution, the Dealers seek emergency modification of the stay, to the extent necessary, so that it can purchase fuel elsewhere and disconnect from the Debtor's credit card system in order to ensure that Dealers promptly receives the proceeds from the sale of such fuel.

## ARGUMENT AND AUTHORITIES

7. Section 362(d)(1) of the Bankruptcy Code provides that the automatic stay shall be modified for cause. The "cause" standard under Section 362(d)(1) is broad and flexible, giving the Court discretion to determine what constitutes sufficient cause to warrant relief from the automatic stay. *In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. Sept. 13, 1995) (citing *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988)). Whether cause exists must be decided on a case-by-case basis. *See In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. May 5, 2014).

8. Dealers desperately need fuel for their gas stations. Without fuel, customers will simply go to a competitor with fuel in stock. As a result, Dealers will not only lose revenues from fuel sales, but will also lose revenue from the sale of other products (lottery tickets, snacks, sodas, etc.) inside their stores that generate a majority of Dealers' gross profits

9. Dealers cannot sustain their business without fuel and estimate that they will lose significant sums if they run out of fuel. These losses could put Dealers out of business, which and negatively impact the Debtors' bankruptcy estate through the loss of valuable executory contracts.

10. Therefore, Dealers request that the stay be modified to the extent necessary in order

to: (i) purchase fuel from a non-debtor fuel provider for their locations; and (ii) use any reasonable means necessary to facilitate the purchase of fuel from another provider, including the disconnection of the Debtors' credit card processing machines. Dealers are requesting emergency relief because each day without fuel is extremely detrimental to their businesses. Dealers do not believe Debtors will be harmed by this relief because upon information and belief, MEX has no ability to deliver fuel at this time.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, Dealers respectfully requests that this Court: (i) grant this Motion by: (a) modifying the automatic stay to allow Dealers to purchase fuel from another provider for its locations, and (b) permitting Dealers to use any reasonable means necessary to facilitate the purchase of fuel from non-debtor entities, including the disconnection of the Debtors' credit card processing machines; and (ii) grant any other just and/or equitable relief to which Dealers are entitled.

Dated August 23, 2023                                          Respectfully submitted,

*/s/ Fareed Kaisani*
William S. Richmond, Esq.
Texas Bar No. 24066800
brichmond@plattrichmond.com
Fareed Kaisani, Esq.
State Bar No. 24104017
fkaisani@ plattrichmond.com
Robert A. Hawkins, Esq.
State Bar No. 00796726
bhawkins@plattrichmond.com
**PLATT RICHMOND PLLC**
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75207
214.559.2700 Main
214.559.4390 Fax

**COUNSEL FOR DEALERS**

## CERTIFICATE OF CONFERENCE

In accordance with BLR 4001-1(a)(1), I do hereby certify that I attempted with the Chapter 11 trustee, Janet Northrup, on August 22, 2023 by email, regarding the relief requested herein but was not able to reach Ms. Northrup.

*/s/ Fareed. Kaisani*
Fareed Kaisani, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing all counsel of record.

*/s/ Fareed. Kaisani*
Fareed Kaisani, Esq.