IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>**MOUNTAIN EXPRESS OIL COMPANY,** *et al.,*<br><br>Debtors. | Case No. 3:23-bk-90147<br>Judge JONES<br>Chapter 11<br><br>Jointly Administered[1] |

## EMERGENCY MOTION FOR RELIEF FROM AUTOMATIC STAY

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested. Relief is requested on or before September 7, 2023.**

**A hearing will be conducted on this matter on A date and time to be determined by the Court. You may participate at this hearing either in person or by an audio and video connection, unless otherwise ordered by this Court.** *See* **Docket No. 119.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones' homepage. The meeting code is "JudgeJones". Click the setting icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jones' homepage. Select the case name, complete the required fields and click**

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil.

**To the Honorable David R. Jones:**

MVI Facility Services – Columbus, LLC, MVI Facility Services – Cincinnati, LLC, MVI Fuel Services, LLC, MVI Field Services, LLC, and MVI Facility Services, LLC (collectively, the "Creditors" or "MVI"), by and through counsel, move this Court for an order under 11 U.S.C. § 362(d) of the United States Bankruptcy Code (the "Code") granting relief from the automatic stay (the "Motion"). In support of the Motion, MVI states as follows:

### SUMMARY

MVI requests an order lifting the automatic stay to terminate certain fuel supply agreements with the Debtors as the Debtors have been unable to provide a continuous delivery of fuel. MVI operates numerous airport rental car centers around the country and requires the interrupted supply of fuel and is in jeopardy of breaching its obligations to these rental car centers. Due to hurricane season approaching several of MVI's locations, emergency relief is requested due to the imminent scarcity of fuel.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this court pursuant to 28 U.S.C. §§ 1408 and 1409. The Court possesses authority to grant the requested relief pursuant to 11 U.S.C. §§ 105 and 362(d).

### BACKGROUND/FACTS

2. On March 18, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Petition Date"). This Court has authorized the joint administration of each of the Debtors' cases.

3. The Creditors have various contracts with non-debtor third parties to operate and provide fuel for consolidated rental car center locations at airports in the continental United States (the "CONRAC Agreements"). The Creditors have contracted with rental car centers located in Ohio, Kentucky, Minnesota, North Carolina, and Florida. Among other requirements, the CONRAC Agreements require the Creditors to maintain daily fuel levels sufficient to keep the rental cars operational and fueled for subsequent vehicle rentals.

4. In order to fulfill their obligations under the CONRAC Agreements, Creditors have entered into fuel supply agreements with Debtor Mountain Express Oil Company ("MEX") for the CONRAC Agreement fuel requirements at various locations executed between 2018 and 2021 (the "Fuel Contracts").[2]

5. The Fuel Contracts provide that MEX shall supply the fuel requirements for the Creditors at car rental return locations at airports, which require at least one delivery per location weekly with some locations requiring daily deliveries.

6. Creditors have had difficulties with obtaining consistent, reliable supplies from MEX prior to and after the Petition Date, which is interfering with Creditors' ability to honor their obligations to non-debtor third parties.

7. Between the Petition Date and the date of this Motion, have had at least twenty (20) occurrences where the Debtors have failed to satisfy their obligations under the Fuel Contracts.

8. As a result of the Debtors' inability to perform, and per the terms of the Fuel Contracts, Creditors have had to obtain their fuel requirements from other fuel providers, which

---

[2] The Fuel Contracts locations include certain airport car rental return locations including but not limited to those at the following airports: Columbus, Ohio; Cincinnati, Ohio; Minneapolis/St. Paul, Minnesota; Charlotte, North Carolina; Tampa, Florida; and El Paso, Texas.

has further impaired the Creditors' operations and increased their expenses since these last-minute replacements typically charge higher fuel rates than the agreed upon rates in the Fuel Contracts.

9. Furthermore, this uncertainty coupled with the Debtors' inability to satisfy their post-petition obligations has resulted in several fuel haulers refusing to haul fuel loads from the Debtors to the Creditors even on the rare occasion that fuel is available from the Debtors.

10. The Debtors' inability to consistently provide fuel is also exacerbated by unexplained and unauthorized price increases and a failure by the Debtors to respond to repeated requests for explanations on these unauthorized increases.

11. On or about August 15, 2023, this Court has appointed a Chapter 11 Trustee to operate the Debtors' businesses. The financial uncertainty of the Debtors, along with questions about the Debtors' ability to continue operating, has further impaired the Creditors' ability to operate their businesses, which is even further magnified during the Hurricane season, which is reaching its zenith and continues through the month of October.

12. As a result, cause exists for the automatic stay to be terminated and Creditors request relief to terminate the Fuel Contracts. The Creditors request interim relief from the automatic stay to enable the immediate purchase of fuel from third party suppliers as their obligations to the car rental centers requires daily fuel deliveries for which the Debtors are unable to honor.

## **ARGUMENT**

13. MVI is entitled to relief from the automatic stay pursuant to Section 362(d)(1) of the Code, which provides as follows:

> On request of a party in interest and after a notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest …

11 U.S.C. § 362(d)(1).

14. Under Section 362(g), MVI has the burden of proof on the issue of the Debtor's equity in the property and the Debtor has the burden of proof on all other issues including the burden of showing that there is no cause for relief. 11 U.S.C. § 362(g); *In re Shultz*, 347 B.R. 115, 2006 Bankr. LEXIS 814 (B.A.P. 6th Cir. 2006); *In re McMartin Industries, Inc.*, 62 B.R. 718, 722 (Bankr. D. Neb. 1986).

15. The term "cause" is not specifically defined in §362(d)(1), so individual courts must determine whether relief is appropriate on a case-by-case basis and what "for cause" means in that context. *In re Shultz*, 347 B.R. 115, 2006 Bankr. LEXIS 814 (2006).

16. Cause exists in the instant case for two (2) reasons: (1) the Debtors have breached, and continue to breach, the terms of the Fuel Contracts by failing to satisfy the fuel requirement needs of MVI; and (2) the Debtors have breached the terms of the Fuel Contracts through unauthorized and unexplained cost increases.

17. Emergency consideration of this Motion is requested as the lack of the Debtors' ability to obtain and deliver fuel is detrimentally affecting MVI's businesses. Debtors cannot and have not provided any assurance that they can fulfill the Fuel Contracts. The undersigned counsel has conferred with counsel for the Debtors regarding this Motion and the request for the stay to be terminated on August 15, 2023, and was told that the Debtors are in opposition to this request. MVI requests that this Court grant interim relief on its Motion and set this matter for final hearing on September 7, 2023 or other date deemed reasonable by the Court. The undersigned counsel has contacted counsel for the Chapter 11 Trustee regarding the interim relief requested by this Motion and has yet to receive a response.

WHEREFORE, MVI respectfully requests the entry of an order granting MVI relief from the automatic stay to terminate the Fuel Contracts under applicable non-bankruptcy law, and for such other and further relief as may be just and proper.

Dated: August 23, 2023.   Respectfully submitted,

/s/ Ronald G. Steen, Jr.
Ronald G. Steen, Jr. (TN BPR No. 20536)[3]
THOMPSON BURTON PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6000 Fax: (615) 807-3048
E-mail: ronn.steen@thompsonburton.com

- and -

**TRAN SINGH LLP**

Susan Tran Adams (TX Bar No. 2407564)
Brendon Singh (TX Bar No. 24075646)
2502 La Branch Street
Houston, Texas 77004
Telephone: (832) 975-7300
Facsimile: (832) 975-7301
Email: Stran@ts-llp.com
       Bsingh@ts-llp.com

*Counsel to MVI Facility Services – Columbus, LLC, MVI Facility Services – Cincinnati, LLC, MVI Fuel Services, LLC, MVI Field Services, LLC, and MVI Facility Services, LLC*

---

[3] Admitted *pro hac vice.*

## CERTIFICATE OF CONFERENCE

I conferred with Heather McIntyre, counsel for the Chapter 11 Trustee, via electronic mail on August 22, 2023 who has not provided a response to this Motion.

/s/ Susan Tran Adams
Susan Tran Adams

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2023, the foregoing *Motion for Relief* was filed electronically with the Clerk's office by using the CM/ECF system and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

/s/ Susan Tran Adams
Susan Tran Adams

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>**MOUNTAIN EXPRESS OIL COMPANY,** *et al.,*<br><br>Debtors. | Case No. 3:23-bk-90147<br>Judge JONES<br>Chapter 11<br><br>Jointly Administered[4] |

## ORDER

Came on for consideration the *Emergency Motion to Lift the Automatic Stay* filed by MVI Facility Services – Columbus, LLC, MVI Facility Services – Cincinnati, LLC, MVI Fuel Services, LLC, MVI Field Services, LLC, and MVI Facility Services, LLC ("MVI" and the "Motion"). After considering the Motion, the Court finds cause to grant the requested relief.  It is therefore,

**ORDERED**:

1. The Motion is granted.

2. MVI is authorized to use any means necessary to purchase fuel from non-debtor entities and to facilitate payment from third party suppliers.

3. Relief in this order is authorized through September __, 2023, or upon further order by this Court. A hearing on this matter is set for September ___, 2023 at ___:____ __.m (Prevailing Central Time).

4. The fourteen (14) day stay provided for under the Federal Rules of Bankruptcy Procedure 4001(a)(3) is hereby waived and the Operators, their successors and assigns, are authorized to immediately and enforce and implement the terms of this Order.

5. The Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

---

[4] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil.