IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| **MOUNTAIN EXPRESS OIL COMPANY,** *et al.*, | § § § | Case No. 23-90147 |
| Debtors. | § § § | (Jointly Administered) |

## STIPULATION AND AGREED ORDER MODIFYING THE AUTOMATIC STAY

This stipulation and agreed order (the "Stipulation") is made and entered into by and among Janet S. Northrup as the Chapter 11 Trustee (the "Trustee") of the debtors in the above-captioned cases (collectively, the "Debtors") and certain of the Fuel Suppliers (the "Fuel Suppliers[1]," and collectively with the Trustee, the "Parties"). The Parties hereby stipulate and agree as follows:

### RECITALS

**WHEREAS,** on March 18, 2023 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

**WHEREAS,** on March 20, 2023, the Debtors filed the Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing [Docket No. 7] (the "First Cash Collateral Motion").

**WHEREAS,** on March 20, 2023, the Court entered its Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Further Hearing [Docket No. 37] (the "First Interim Cash Collateral Order"),

---

[1] Fuel Suppliers shall include all signatories to this Stipulation and any other Fuel Suppliers who reach an agreement with the Trustee as evidenced by a notice filed with the Court.

approving the First Cash Collateral Motion and the Debtors' use of Cash Collateral, all as more fully set forth therein.

**WHEREAS,** March 21, 2023, the Debtors filed the Debtors' Emergency Motion for Entry of Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Fuel Suppliers and Transporters and (II) Granting Related Relief [Docket No. 45] (the "Fuel Suppliers Motion").

**WHEREAS,** on March 22, 2023 the Court entered its Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Fuel Suppliers and Transporters and (II) Granting Related Relief [Docket No. 86] (the "Fuel Supplier Order" approving the Fuel Suppliers Motion, all as more fully set forth therein.

**WHEREAS,** on March 23, 2023, the Court entered its Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expenses Status, (III) Granting Adequate Protection, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief [Docket No. 117].

**WHEREAS,** on April 25, 2023, this Court entered its Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expense Status; (III) Granting Adequate Protection; and (IV) Granting Related Relief [Docket No. 332] (the "Final DIP Order").

**WHEREAS,** on July 19, 2023, the Court approved a further extension of post-petition credit pursuant to the Order Approving Second Amendment to Senior Secured, Super-Priority Debtor In-Possession Credit Agreement [Docket No. 1042].

**WHEREAS,** on August 5, 2023, the Debtors filed an Emergency Amended Motion of Debtors for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing [Docket No. 1196].

**WHEREAS,** on August 8, 2023, the DIP Agent authorized the entry of an Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, and (C) Modifying the Automatic Stay [Docket Nos. 1223].

**WHEREAS,** following an unsuccessful sales process, on August 16, 2023, the DIP Agent filed, DIP Agent's Emergency Motion to Appoint Chapter 11 Trustee, or in the Alternative, Convert These Chapter 11 Case to Case Under Chapter 7 [Docket No. 1280].

**WHEREAS,** on August 17, 2023, following the Court's Order Directing the Appointment of a Chapter 11 Trustee [Docket No. 1284], the United States Trustee filed a Notice of Appointment of Chapter 11 Trustee [Docket No, 1286], and appointed Janet S. Northrup to serve as the chapter 11 trustee in the above-captioned cases.

**WHEREAS**, on August 21, 2023, this Court entered and approved the Stipulation and Agreed Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, and Modifying the Automatic Stay [Docket No. 1313] (the "<u>August 21 Stipulation</u>").

**WHEREAS,** the August 21 Stipulation and prior orders of the Court provided that "[n]othing in this Order shall alter, impair, condition, limit, release or otherwise prejudice or diminish any setoff, recoupment, or similar rights held by Fuel Supplier against the Debtors, the

3

Debtors' estates, or any collateral or credit assurance provided to any Fuel Supplier by or on behalf of the Debtors. All such rights are hereby preserved."

**WHEREAS,** one or more of that Fuel Suppliers are in possession of credit card receipts or other funds that would otherwise be remitted to the Debtors (the "Credit Card Receipts").

**WHEREAS,** Valero Marketing & Supply Company ("Valero") and ExxonMobil Corporation ("ExxonMobil") have agreed with the Trustee to release certain funds to the Trustee, expressly subject to and in reliance upon the terms of this Stipulation.

**WHEREAS,** the Trustee and the Fuel Suppliers have agreed to entry of this Stipulation and Agreed Order as detailed herein.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION AND AGREED ORDER, IT IS SO ORDERED** as follows:

1. *Jurisdiction and Venue*. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order.

2. *Payment of Amounts Owing*. Any stay pursuant to 11 U.S.C. §362, any other provision of the Bankruptcy Code or any order of this court is modified to permit each Fuel Supplier to apply Credit Card Receipts and pay in full all amounts which are owing to such Fuel Supplier postpetition for (without limitation) costs incurred in connection with locations where the agreement to provide fuel has been terminated (including, but not limited to, costs for "re-branding", removal of equipment, point-of-sale machines, and repairs), fuel purchases and taxes,

4

credit card processing fees, brand incentive fees, and underlift fees (the "Postpetition Fuel Supplier Claims").

3. *Delivery of Funds to Trustee.* After payment of all Postpetition Fuel Supplier Claims, each business day the Fuel Suppliers shall deliver to the Trustee the difference between the balance of such Credit Card Receipts less an agreed upon reserve as set forth in paragraph 4, pursuant to the respective agreements between each Fuel Supplier and the Debtors. The Trustee shall treat all such payments as Cash Collateral pursuant to orders of this Court and the use of such funds shall be pursuant to a budget approved by the DIP Agent.

4. *Reserve.* Subject to further order of this Court, the Trustee has agreed that the reserves that may be held back from the postpetition Credit Card Receipts will be:

Valero - $275,000

ExxonMobil – $600,000

5. *Binding Effect; Successors and Assigns.* The provisions of this Order, shall be binding upon all parties in interest in these chapter 11 cases, including, without limitation, the Trustee, the DIP Lenders, the Committee, and the Debtors, and their respective successors and assigns. No party-in-interest in these cases and/or any successor thereto shall be entitled to assert any claim against any Fuel Supplier or any affiliate thereof for the recovery of funds paid to the Trustee by such Fuel Supplier or used by a Fuel Supplier pursuant to this Order under section 549 or any other section of the Bankruptcy Code on the basis that such funds constitute the Cash Collateral or otherwise were not an asset of the bankruptcy estate of any party.

6. *Reservation of Rights.* The Trustee and each Fuel Supplier reserve all rights to seek other or additional use of Credit Card Receipts on such further or different terms and conditions

as may be approved by the Court. Nothing herein shall prejudice any party's rights under the Fuel Supplier Order, the August 21 Stipulation, any other orders of this Court or otherwise.

7. *Effectiveness*. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Interim Order as provided in such Rules. This Interim Order shall be valid, binding, and enforceable on all parties in interest and fully effective immediately upon entry.

Signed: August ___, 2023.

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**AGREED BY:**

By: */s/ Deborah D. Williamson*
**Deborah D. Williamson**
State Bar No. 21617500
Dwilliamson@dykema.com
**DYKEMA GOSSETT PLLC**
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 (Telephone)
(210) 226-8395 (Facsimile)
**ATTORNEY FOR**
**VALERO MARKETING**
**AND SUPPLY COMPANY**



By: */s/ Bruce J. Ruzinsky*
**Bruce J. Ruzinsky**
State Bar No. 17469425
bruzinsky@jw.com
**JACKSON WALKER LLP**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4204 (Telephone)
(713) 308-4155 (Facsimile)
**ATTORNEY FOR**
**EXXONMOBIL OIL CORPORATION**

By: */s/ Joshua W. Wolfshohl*
**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
myoung-john@porterhedges.com

- and -

 */s/ Heather Heath McIntyre*
Wayne Kitchens
SBN 11541110
Heather Heath McIntyre
SBN 24041076
Total Energies Tower
1201 Louisiana Street, Suite 2800
Houston, Texas 77002
Phone: 713-759-0818
Fax: 713-759-6834
Email: wkitchens@hwa.com
hmcintyre@hwa.com
**PROPOSED COUNSEL FOR THE
CHAPTER 11 TRUSTEE, JANET NORTHRUP**