UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **Mountain Express Oil Company,** *et al.*, | § | **Case No. 23-90147 (DRJ)** |
| | § | |
| Debtors.[1] | § | **Jointly Administered** |
| | § | |

**ORDER (I) CONVERTING THE CHAPTER 11 CASES,
(II) REJECTING ALL UNEXPIRED LEASES OF NON-RESIDENTIAL REAL
PROPERTY, (III) TERMINATING ALL FUEL SUPPLY CONTRACTS, AND
(IV) GRANTING RELATED RELIEF**

Upon the Court's *sua sponte* motion to convert the chapter 11 cases for the above-referenced Debtors to cases under chapter 7 of the Bankruptcy Code (the "Motion"), **IT IS HEREBY ORDERED** that:

1. These Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code.

2. All unexpired leases of non-residential real property of the Debtors' estates are deemed rejected and terminated as of the entry of this Order (the "Rejected Leases").

3. All agreements for the supply of fuel to the Debtors are rejected and terminated as of the date of this Order (the "Rejected Fuel Supply Contracts").

4. All agreements between any Debtors and any Operator relating to the supply of fuel are deemed rejected and terminated as of the Date of this Order (the "Rejected Operator Supply Contracts").

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil.com. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

5. For the avoidance of doubt, nothing herein shall affect the estates' rights in property of the Debtors' bankruptcy estates, including inventory, store cash, and fuel in the ground, as well as proceeds therefrom or the DIP Agent's rights in such property, and all such rights are preserved and reserved.

6. Effective upon entry of this order, any stay pursuant to 11 U.S.C. § 362, any other provision of the Bankruptcy Code or any order of this Court is lifted, terminated and of no force and effect as to any counterparty to the Rejected Leases, the Rejected Fuel Supply Contracts, the Rejected Operator Supply Contracts (the "Counterparties"). For the avoidance of doubt, each Counterparty may exercise any and all rights to sell fuel to, re-let, and/or enter into agreement with other distributors, lessees, or any other party, as applicable. Counterparties are not required to provide any notice to any of the Debtors or any other party or otherwise under the Petroleum Marketing Practice Act or any other regulation, statute, or agreement. Nothing in this order shall alter, impair, condition, limit, release, or otherwise prejudice or diminish any setoff, recoupment, or similar rights held by a Counterparty against the Debtors, the Debtors' estates, or any collateral or credit assurance provided to any Counterparty by or on behalf of the Debtors. Additionally, nothing herein shall prejudice the rights, if any, of a trustee acting on behalf of the Debtors' estates or any contract counterparty with any of the Debtors with respect to the claims, if any, they may assert against the funds currently held by the Counterparties attributable to credit card receipts. All such rights are hereby preserved, and remain subject to the jurisdiction of this Court. Proofs of claim for rejection or other damages shall be filed or otherwise asserted pursuant to applicable bar dates set in the chapter 7 cases.

7. The Debtors and all of their retained professionals shall (a) as soon as practicable after the entry of this Order, turn over to the chapter 7 trustee any and all records and estate property

under their dominion, control, and custody as required by rule 1019(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including but not limited to any estate cash or other property held in escrow or trust.

8. The DIP Lenders' collateral shall be subject to a "carve-out" in the amount of [$1.5 million] for the benefit of (i) the Chapter 11 Trustee and the Chapter 11 Trustee's professionals with respect to allowed chapter 11 administrative expense claims; (ii) the Debtors' employees for ordinary course accrued and unpaid wages, to the extent not already funded to the Debtors' payroll processing service; and (iii) necessary expenses related to records retention and related administrative expenses of the chapter 7 estate.

9. Notwithstanding any bar date established for filing proofs of claim in the Chapter 11 cases, upon conversion of the cases, Bankruptcy Rule 1019(2) shall apply.

10. This Court retains exclusive jurisdiction with respect to all matters, claims, rights or disputes arising from or related to the implementation, interpretation, and enforcement of this Order and any other orders entered in these cases.

**Signed:** _____

                          **THE HONORABLE DAVID R. JONES**
                          **UNITED STATES BANKRUPTCY JUDGE**