**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| | § |
| **In re:** | § **Chapter 7** |
| | § **(Previously Chapter 11)** |
| **Mountain Express Oil Company,** *et al.*, | § |
| | § **Case No. 23-90147 (DRJ)** |
| **Debtors.** | § |
| | § **Jointly Administered** |
| | § |

**TRUSTEE'S *EMERGENCY* MOTION FOR AUTHORITY TO OPERATE**
**PURSUANT TO 11 U.S.C. § 721 EFFECTIVE AS OF AUGUST 24, 2023**

---

**Emergency relief has been requested. Expedited consideration is requested as soon as the Court's calendar will allow.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

---

**TO THE HONORABLE DAVID R. JONES,**
**UNITED STATES BANKRUPTCY JUDGE:**

Janet S. Northrup, the Chapter 7 Trustee (the "Trustee") of the jointly administered bankruptcy estates of Mountain Express Oil Company, *et al.* (collectively "MEX" or "Debtors"), debtors in the above-styled jointly administered Chapter 7 cases (the "Cases"), and files this *Trustee's Emergency Motion to Operate Pursuant to 11 U.S.C. § 721 Effective as of August 24, 2023* and would show the Court as follows.

**Summary of Relief Requested**

1.      The Trustee seeks authority to continue to operate the Debtors as going concerns on a limited basis, in order to preserve and protect certain assets of the Debtors' estates, to preserve and protect the Debtors' records, and to wind down the very limited continuing administrative functions of the Debtors, all in order to preserve the value of the Debtors' assets and protect the

1

interest of the Debtors' creditors and stakeholders. As part of the wind down functions and the authorization for the limited operations sought herein, the Trustee will seek to employ former employees of the Debtors to assist in such operations, pursuant to an Order granting the Trustee's emergency motion for use of cash collateral, which motion the Trustee anticipates will be filed in the coming days.

### Jurisdiction and Venue

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Relief is proper pursuant to 11 U.S.C. §§ 105 and 721.

### Background

3.       On March 18, 2023 (the "Petition Date"), the Debtors filed these jointly administered chapter 11 cases.  The Debtors operated their business and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until a Chapter 11 Trustee was appointed on August 17, 2023.

4.      On April 4, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").

5.      After months of the Debtors attempting to sell their assets, on August 16, 2023, First Horizon Bank, as Administrative Agent for the DIP Loans (the "DIP Agent") filed the *DIP Agent's Emergency Motion to Appoint Chapter 11 Trustee, or in the Alternative, Convert These Chapter 11 Case to Case Under Chapter 7* [Docket No. 1280].

6.      On August 17, 2023, following the Court's *Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 1284], the United States Trustee filed a *Notice of Appointment of*

*Chapter 11 Trustee* [Docket No, 1286], and appointed Janet S. Northrup to serve as the chapter 11 trustee in these cases.

7.      Ultimately, on August 24, 2023 (the "Conversion Date"), upon its own motion and the Chapter 11 Trustee's request, the Court converted these cases to cases under chapter 7 of the Bankruptcy Code. [Docket No. 1397]. Thereafter, Janet Northrup was also appointed the Chapter 7 Trustee.

8.      Based on her investigations to date, the Trustee believes that operating the Debtors on a limited basis to facilitate the safe transition and disposition of the Debtors' remaining assets and to ensure that assets of the Debtors' estates and the Debtors' records are preserved and protected is prudent and warranted under the circumstances. For the absence of doubt, the Trustee does not seek authority to operate any of the Debtors' former retail or wholesale locations, or to engage in ongoing commercial operations.

9.      The Trustee seeks authority to operate the Debtors' businesses on a limited basis, in order to preserve and protect assets of the Debtors' estates, to preserve and protect the Debtors' records, all in order to preserve the value of the Debtors' assets and protect the interest of the Debtors' creditors and stakeholders. The Trustee will not allow the estates to make new fuel purchases or to engage in wholesale or retail commercial operations.

10.      As set forth above, the Trustee also seeks authority to employ former employees of the Debtors to assist in operations, pursuant to an Order authorizing the use of cash collateral.

**Request for Authority to Operate**

11.      Subject to the Court's approval of the Trustee's emergency motion for use of cash collateral, the Trustee requests authority to take any actions necessary or advisable to operate the Debtors as going concerns effective August 24, 2023, on the limited basis noted above, including but not limited to the following actions:

3

(i)     Negotiate and enter into any agreements necessary or advisable to operate the Debtors as going concerns on the limited basis noted above.

(ii)    Make payments as necessary under any Order approving the use of cash collateral.

(iii)   Employ non-professional persons to assist in operations, including but not limited to former employees of the Debtors.

(iv)   Preserve and protect the Debtors' records.

12.    The Trustee contends authority to operate the Debtors as going concerns under these limited conditions is necessary to preserve the value of the Debtors for the benefit of creditors.

**<u>Grounds for Relief</u>**

13.    Section 721 of the Bankruptcy Code authorizes the Trustee, with the Court's approval, to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate. The Trustee believes that limited operations as set forth herein are in the best interest of the estates because they preserve the value of the Debtors for the benefit of creditors.

**<u>Request For Emergency Consideration</u>**

14.    The Trustee requests that the Court give expedited or emergency consideration to this Motion given potential public safety concerns and the Trustee's desire to preserve assets of the estates for creditors.

15.    Pursuant to Local Rule 9013-1(i), the undersigned, counsel for the Trustee, certifies that this Motion and the grounds set forth for emergency consideration are accurate, to the best of their information and belief, after diligent inquiry and investigation.

WHEREFORE, the Trustee prays that the Court grant this Motion and enter an order authorizing the Trustee to take any and all actions necessary to operate the Debtors as going concerns and for such other relief to which she may be entitled.

Dated: August 26, 2023

Respectfully Submitted,

By: */s/ Joshua W. Wolfshohl*
**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
myoung-john@porterhedges.com

- and -

*s/ Wayne Kitchens*
Wayne Kitchens
SBN 11541110
Heather Heath McIntyre
SBN 24041076
Total Energies Tower
1201 Louisiana Street, Suite 2800
Houston, Texas 77002
Phone: 713-759-0818
Fax: 713-759-6834
Email:  wkitchens@hwa.com
        hmcintyre@hwa.com

*Proposed Counsel for the*
*Chapter 7 Trustee, Janet Northrup*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that she conferred with Shari Heyen and John Elrod as counsel for the DIP Agent via email and telephone on August 26, 2023 and the DIP Lenders do not appear to oppose the relief sought herein.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 26, 2023, a true and correct copy of the foregoing document has been served on all parties receiving ECF notice in the above-referenced case.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl