UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** | § **Chapter 7** |
| | § **(Previously Chapter 11)** |
| **Mountain Express Oil Company,** *et al.***,** | § |
| | § **Case No. 23-90147 (DRJ)** |
| Debtors. | § |
| | § **Jointly Administered** |

**TRUSTEE'S *EMERGENCY* MOTION FOR AUTHORITY
TO MAKE PAYMENTS PURSUANT TO KEY EMPLOYEE RETENTION PLAN**

> **Emergency relief has been requested.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**TO THE HONORABLE DAVID R. JONES,
UNITED STATES BANKRUPTCY JUDGE:**

Janet S. Northrup, the Chapter 7 Trustee (the "Trustee") of the jointly administered bankruptcy estates of Mountain Express Oil Company, *et al*. (collectively "MEX" or "Debtors"), debtors in the above-styled jointly administered Chapter 7 cases (the "Cases"), and files this *Trustee's Emergency Motion for Authority to Make Payments Pursuant to Key Employee Retention Plan* (the "Motion") and would show the Court as follows.

**Summary of Relief Requested**

1. As previewed in the Trustee's *Emergency Motion for Authority to Operate Pursuant to 11 U.S.C. § 721 Effective as of August 24, 2023* [Docket No. 1407] (the "Motion to Operate"), the Trustee seeks authority to pay certain key employees of the Debtors with money set aside for the key employee retention program (the "KERP") previously approved by this Court.

1

The Trustee requires the assistance of certain key employees in order to preserve and protect certain assets of the Debtors' estates, to gather, preserve and protect the Debtors' records, and to wind down the very limited continuing administrative functions of the Debtors, all in order to preserve the value of the Debtors' assets and protect the interest of the Debtors' creditors and stakeholders. The DIP Lenders have consented to the relief requested in this Motion.

## Jurisdiction and Venue

2.This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Relief is proper pursuant to 11 U.S.C. §§ 105, 363(b), and 503.

## Background

3.On March 18, 2023 (the "Petition Date"), the Debtors filed these jointly administered chapter 11 cases. The Debtors operated their business and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until a Chapter 11 Trustee was appointed on August 17, 2023.

4.On April 4, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").

5.On April 25, 2023, the Court entered an *Order Authorizing and Approving the Debtors' Motion for Entry of an Order (I) Authorizing and Approving a Non-Insider Key Employee Retention Plan and (II) Granting Related Relief* [Docket No. 326] (the "KERP Order").

6.After months of the Debtors attempting to sell their assets, on August 16, 2023, First Horizon Bank, as Administrative Agent for the DIP Loans (the "DIP Agent") filed the *DIP*

*Agent's Emergency Motion to Appoint Chapter 11 Trustee, or in the Alternative, Convert These Chapter 11 Case to Case Under Chapter 7* [Docket No. 1280].

7. On August 17, 2023, following the Court's *Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 1284], the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No, 1286], and appointed Janet S. Northrup to serve as the chapter 11 trustee in these cases.

8. Ultimately, on August 24, 2023 (the "Conversion Date"), upon its own motion and the Chapter 11 Trustee's request, the Court converted these cases to cases under chapter 7 of the Bankruptcy Code. [Docket No. 1397]. Thereafter, Janet Northrup was also appointed the Chapter 7 Trustee.

9. On August 26, 2023, the Trustee filed her Motion to Operate seeking authority to operate the Debtors' businesses on a limited basis, in order to preserve and protect assets of the Debtors' estates, to preserve and protect the Debtors' records, all in order to preserve the value of the Debtors' assets and protect the interest of the Debtors' creditors and stakeholders.

**Request for Authority to Make Payments Pursuant to the KERP**

10. As outlined in the Trustee's Motion to Operate, the Trustee has sought authority to operate the Debtors' businesses on a limited basis in order to preserve the value of the Debtors' assets and protect the interest of the Debtors' creditors and stakeholders. In order to effectuate those limited operations, to gather, protect and preserve assets of the Debtors' estates, and to preserve and protect the Debtors' records, the Trustee must employ certain of the Debtors' employees to assist in these operations.

11. Under the KERP Order, the employees which the Trustee seeks to employ were to receive a KERP payment in order to incentivize the employees to stay with the Debtors through the Chapter 11 process. The employees received 50% of their KERP payment upon approval of

the program and were to receive the remaining 50% of their KERP payment upon consummation of a sale of substantially all of the Debtors' assets. A sale never materialized; therefore, the employees did not receive the remaining 50% of their KERP payment prior to conversion.

12. Prior to conversion, the remaining 50% of the KERP payments had already been funded to Proliant, the Debtors' payroll payment processor. Accordingly, the Trustee is in possession of the funds to make the remaining KERP payments to those employees which she wishes to employee as part of the wind-down process. This amount is not anticipated to exceed $180,000.

13. The Trustee understands that, until approval of payment of the remaining 50% of the KERP payments, no employees will continue to work for the Debtors' estates. The Trustee's efforts to complete the wind-down process and to preserve and protect assets and records belonging to the estates would be severely crippled.

## Grounds for Relief

14. Section 363(b)(1) of the Bankruptcy Code provides that a debtor "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A trustee must show that the decision to use the property outside of the ordinary course of business was based on the trustee's business judgment. *See In re Cont'l Air Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("For a debtor in possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business."); *In re Viking Offshore (USA), Inc.*, 2008 WL 1930056, at *2 (Bankr. S.D. Tex. Apr. 30 2008) (applying the business judgment rule to determine whether the debtors' proposed bonuses were justified outside the ordinary course of business); *see also In re Mesa Air Grp., Inc.*, 2010 WL

4

3810899, at *3 (Bankr. S.D.N.Y. Sept. 24, 2010) (employee bonus programs can be approved as "valid exercise of their business judgment" under section 363(b)).

15.     The Trustee believes that payment of the remaining 50% of the KERP for certain employees as set forth herein is in the best interest of the estates because it preserves the value of the Debtors for the benefit of creditors. The Trustee believes that funding of the remaining KERP payment is necessary in order to preserve the value of the Debtors' assets and protect the interest of the Debtors' creditors and stakeholders.

## Request For Emergency Consideration

16.     The Trustee requests that the Court give expedited or emergency consideration to this Motion given the Trustee's understanding that no employees will continue to work or assist the Trustee without immediate payment of the remaining KERP payments and the Trustee's desire to preserve assets of the estates for creditors.

17.     Pursuant to Local Rule 9013-1(i), the undersigned, counsel for the Trustee, certifies that this Motion and the grounds set forth for emergency consideration are accurate, to the best of their information and belief, after diligent inquiry and investigation.

WHEREFORE, the Trustee prays that the Court grant this Motion and enter an order authorizing the Trustee to pay the remaining 50% of the KERP payments to certain employees which the Trustee wishes to retain up the total amount of $180,000 and for such other relief to which she may be entitled.

Dated: August 29, 2023

Respectfully Submitted,

By: */s/ Joshua W. Wolfshohl*
**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
myoung-john@porterhedges.com


- and -

*s/ Wayne Kitchens*
Wayne Kitchens
SBN 11541110
Heather Heath McIntyre
SBN 24041076
Total Energies Tower
1201 Louisiana Street, Suite 2800
Houston, Texas 77002
Phone: 713-759-0818
Fax: 713-759-6834
Email:  wkitchens@hwa.com
           hmcintyre@hwa.com

*Proposed Counsel for the
Chapter 7 Trustee, Janet Northrup*

6

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that she conferred with Shari Heyen and John Elrod as counsel for the DIP Agent via email and telephone on August 29, 2023 and the DIP Lenders do not appear to oppose the relief sought herein.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 29, 2023, a true and correct copy of the foregoing document has been served on all parties receiving ECF notice in the above-referenced case.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl