IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MOUNTAIN EXPRESS OIL COMPANY, et. al. | ) ) | CASE NO. 23-90147 (DRJ) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |

**4COURT HOLDINGS LLC AND 4COURT LEASING LLC'S**
*EXPEDITED AND UNOPPOSED* **MOTION TO APPROVE**
**REJECTION OF EQUIPMENT LEASES**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**4COURT HOLDINGS LLC AND 4COURT LEASING LLC ARE REQUESTING EXPEDITED RELIEF BY NO LATER THAN 5:00 PM ON SEPTEMBER 7, 2023.**

---

[1] A complete list of each of the Debtors in these Chapter 7 cases may be obtained from that certain Order (I) Directing Joint Administration of the Debtors' Chapter 11 Cases and (II) Granting Related Relief.  [Dkt. No. 17].  The location of Debtors Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

1

4Court Holdings, LLC ("Holdings") and 4Court Leasing, LLC ("Leasing," and jointly referred to herein with Holdings as "4Court") files this Expedited and Unopposed Motion to Approve Rejection of Equipment Leases ("Motion"). In support of this Motion, 4Court would respectfully show as follows:

**BASIS FOR EXPEDITED RELIEF**

1. 4Court and the Debtors (hereinafter defined) are parties to approximately 148 pre-petition contracts, most of which are equipment leases ("Equipment Leases"). The Equipment Leases are for equipment related to fuel dispensers (and parts related thereto) (collectively, "Equipment") previously used in Debtors' business operations for the movement and sale of fuel on real property leased by the Debtors from third parties. These real property leases were rejected by Order of the Court on August 24, 2023 at the time of conversion of the Debtors' bankruptcy cases. 4Court is seeking expedited approval of rejection of the Equipment Leases (defined below) so that 4Court may immediately exercise all of its rights under the Equipment Leases under applicable non-bankruptcy law to regain possession of its Equipment before the Equipment is removed or otherwise disposed of by the owners of the real property who may not be aware of 4Court's ownership of this Equipment.

**JURISDICTION AND BASIS FOR RELIEF**

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested herein are 11 U.S.C. § 365.

**BACKGROUND**

4. As stated above, 4Court and the Debtors are parties to approximately 148 pre-petition contracts, all of which are Equipment Leases wherein 4Court has leased equipment related to fuel dispensers (and parts related thereto) previously used in Debtors' business operations for the movement and sale of fuel. All of 4Court's Equipment is located on non-residential real property owned by third parties and leased to the Debtors pursuant to executory leases ("Real Property Leases").

5. On March 18, 2023 ("Petition Date"), the Debtors, Mountain Express Oil Company and certain affiliated entities (collectively referred to herein as "Debtors"), filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas ("Court").

6. The Debtors continued to operate their business as debtors-in-possession pursuant to 11 U.S.C. § 1107 and 1108 until August 16, 2023.

7. During the pendency of the Chapter 11 cases, the Debtors failed to make post-petition rental obligations to 4Court. In particular, Debtors failed to make monthly rental payments for the months of July and August pursuant to the terms of the Equipment Leases.

8. Following an unsuccessful marketing and auction process throughout July and August 2023, and certain defaults under the DIP Facility, First Horizon Bank as DIP Agent, filed an Emergency Motion to Appoint Chapter 11 Trustee, or in the Alternative to Convert These Cases to Cases Under Chapter 7 [Dkt. No. 1280] which the Court granted by Order entered on August 16, 2023. [Dkt. No. 1284] Janet Northrup was appointed as Chapter 11 Trustee [Dkt. No. 1286].

9. One week later, the Court sua sponte converted the Debtors' Chapter 11 bankruptcy to cases under Chapter 7 of the Bankruptcy Code [Dkt. No. 1397.]

10. The Order converting the cases also provided for rejection of the Debtors' executory leases of real property, including the Real Property Leases where 4Court's equipment is located. The Order stated that "[a]ll unexpired leases of non-residential real property of the Debtors' estates to which the Debtors is a lessee are deemed rejected and terminated as of [August 24, 2023]" and "[a]ll unexpired leases of non-residential real property of the Debtors' estates to which the Debtors is a lessor are deemed rejected as of [August 24, 2023]." [Dkt. No. 1397, ¶ 2.]

11. The United States Trustee's Office appointed Ms. Northrup to serve as the Chapter 7 Trustee of the Debtors [Dkt. No. 1398].

12. With the recent rejection and termination of the Real Property Leases, it is clear that the Trustee is not currently using the Equipment and will not be paying any rent due under the Equipment Leases. As such, the Equipment no longer has any value to the Debtors' estate.

13. As of the filing of the Motion, 4Court is owed a total of $533,333.50 in post-petition rent. A true and correct copy of the monthly amounts due and owing under the Equipment Leases, as broken down by separate Equipment Lease, is attached hereto as **Exhibit A**. Additional rent will be due for the month of September 2023. 4Court wants to have the Equipment Leases rejected as soon as possible to recover the Equipment and mitigate its damages.

14. In addition, 4Court is concerned about security issues related to the Equipment. In particular, 4Court is concerned that owners or operators of the real property may not realize that the Equipment located on the properties was leased by the Debtors, who had no right to abandon the Equipment, which belongs to 4Court. Similarly, some of the Equipment includes point of sale equipment that could be damaged or removed by unknown third parties if immediate action is not taken.

**RELIEF REQUESTED**

15. 4Court requests that this Court issue an order approving rejection of the Equipment Leases immediately upon the entry of any Order granting this Motion.

16. Section 365(a) authorizes a trustee, with court approval, to assume or reject any unexpired lease or executory contract. The Equipment Leases at issue here are executory contracts within the meaning of 11 U.S.C. § 365(a).

17. The Trustee is not operating the Debtors' businesses at the former leased locations and is in agreement that the Equipment Leases should be rejected. Accordingly, 4Court requests that the Court enter an order approving rejection of the Equipment Leases so that 4Court may access the Equipment and take necessary steps to mitigate its damages.

**CONCLUSION**

18. Based on the foregoing, 4Court Holdings, LLC and 4Court Leasing, LLC respectfully request that their Unopposed Motion to Approve Rejection of the Equipment Leases be granted in all things and that they be granted such other and further relief to which they may be justly entitled.

Dated: September 1, 2023.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By: /s/ *Susan C. Mathews*
    Susan C. Mathews
    Texas Bar No. 05060650
    smathews@bakerdonelson.com
    1301 McKinney St., Suite 3700
    Houston, Texas 77010
    Telephone: (713) 650-9700
    Facsimile: (713) 650-9701

    -and-

                                        Locke Houston Waldrop (admitted *pro hac vice*)
                                        165 Madison Avenue, Suite 2000
                                        Memphis, Tennessee 38103
                                        Telephone: (901)526-2000
                                        Facsimile: (901)577-4268
                                        lwaldrop@ bakerdonelson.com

                                        **Counsel for 4Court Holdings, LLC and 4Court Leasing, LLC**

## CERTIFICATE OF CONFERENCE

      Thee undersigned certifies that on September 1, 2023, she communicated with Joshua Wolfshohl, counsel for the Chapter 7 Trustee, via email regarding the relief requested in the Motion. Mr. Wolfshohl indicated that the Trustee does not oppose the relief requested herein.

                                        */s/ Susan C. Mathews*
                                        Susan C. Mathews

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 1, 2023, a true and correct copy of the foregoing document has been served on all parties receiving ECF notice in the above-referenced cases.

                                        */s/ Susan C. Mathews*
                                        Susan C. Mathews