UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| **In re:** | § | Chapter 7 |
| | § | (Previously Chapter 11) |
| **MOUNTAIN EXPRESS OIL COMPANY,** | § | |
| *et al.* | § | Case No. 23-90147 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF PORTER HEDGES LLP AS SPECIAL COUNSEL
FOR JANET S. NORTHRUP, IN HER CAPACITY AS CHAPTER 11 TRUSTEE**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Janet S. Northrup, the Chapter 7 Trustee and, prior to conversion, the Chapter 11 Trustee (in each chapter, as applicable, the "Trustee") of the jointly administered bankruptcy estates of Mountain Express Oil Company, *et al.* (collectively, "MEX" or the "Debtors"), hereby files this application (the "Application") for the entry of an order, under Sections 327(e) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Chapter 11 Cases Procedures") authorizing the employment and retention of Porter Hedges LLP ("PH" or the "Firm") as the Trustee's special counsel effective as

1

14142075

of the appointment of the Trustee as Chapter 11 Trustee through conversion of the above-captioned cases to cases under Chapter 7 of the Bankruptcy Code.[1] In support of this Application (the "Application"), the Trustee relies on the *Declaration of Joshua W. Wolfshohl in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Porter Hedges LLP as Special Counsel for Janet S. Northrup, in her capacity as Chapter 11 Trustee* (the "Wolfshohl Declaration"), attached hereto as **Exhibit A**. The Trustee respectfully states as follows:

## JURISDICTION AND EVENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of Texas, dated May 24, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. § 1408.

3. The statutory bases for the relief requested herein are section 327(e) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Local Rules 2014-1 and 2016-1, and the Complex Case Procedures.

## BACKGROUND

4. On March 18, 2023 (the "Petition Date"), the Debtors filed these jointly administered chapter 11 cases. The Debtors operated their business and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until a Chapter 11 Trustee was appointed on August 17, 2023.

---

[1] This Application shall refer to the above-referenced cases as the "Chapter 11 Cases" during the time which the Trustee was appointed as the Chapter 11 Trustee and as the "Chapter 7 Cases" for the time after conversion of the cases to cases under Chapter 7 of the Bankruptcy Code.

Case 23-90147   Document 1445   Filed in TXSB on 09/01/23   Page 2 of 9

14142075

5. On April 4, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors. [Dkt. No. 202]

6. After months of the Debtors attempting to sell their assets, on August 16, 2023, First Horizon Bank, as Administrative Agent for the DIP Loans (the "DIP Agent") filed the *DIP Agent's Emergency Motion to Appoint Chapter 11 Trustee, or in the Alternative, Convert These Chapter 11 Case to Case Under Chapter 7*. [Dkt No. 1280].

7. On August 17, 2023, following the Court's *Order Directing the Appointment of a Chapter 11 Trustee* [Dkt. No. 1284], the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Dkt. No, 1286], and appointed Janet S. Northrup to serve as the chapter 11 trustee in these cases.

8. On August 17, 2023, the Trustee retained PH as special counsel to represent her in connection with the Chapter 11 Cases as set forth herein and in the Wolfshohl Declaration.

9. Ultimately, on August 24, 2023 (the "Conversion Date"), upon its own motion and the Chapter 11 Trustee's request, the Court converted these cases to cases under chapter 7 of the Bankruptcy Code. [Dkt. No. 1397]. Thereafter, the U.S. Trustee appointed Janet Northrup as the Chapter 7 Trustee in these cases. [Dkt. No. 1398].

**RELIEF REQUESTED**

10. The Trustee seeks entry of an order authorizing the retroactive retention and employment of PH as special counsel to the Trustee in the Chapter 11 Cases. As only seven days elapsed between the Trustee's engagement of PH as special counsel and the conversion of the Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code, the Trustee was unable file an application to retain PH prior to conversion. The Trustee will file a separate application with

respect to the retention of PH as special counsel in the Chapter 7 Cases. This Application is filed within 30 days of the commencement of PH's provision of services to the Trustee and, pursuant to Local Rule 2014-1 and paragraph 47 of the Complex Case Procedures, the Application is deemed contemporaneous with the date of the commencement of PH's service to the Trustee. *See* Local Bankr. R. 2014-1(b)(1) ("If an application for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous."); *see also* Complex Case Procedures, ¶ 47.

### QUALIFICATION OF PROFESSIONALS

11. The Trustee seeks to retroactively retain PH as special counsel because of PH's recognized expertise and extensive experience and knowledge in the field of business reorganizations and restructurings under chapter 11 of the Bankruptcy Code. On August 17, 2023, the Trustee retained PH to represent her in connection with the Debtors' sale process, wind down, general corporate matters, and other matters as the Trustee requests. PH is familiar with the Debtors' business affairs and became aware of many of the potential legal issues that might arise in the context of the Chapter 11 Cases prior to their conversion.

12. PH possesses extensive experience and knowledge practicing before bankruptcy courts in chapter 11 cases, including many cases before this Court. PH and its partners have previously represented numerous debtors and trustees in chapter 11 cases. The Trustee believed and continues to believe that PH was well qualified to represent her in the Chapter 11 Cases.

13. The Trustee has been informed that Joshua W. Wolfshohl, a partner at PH, as well as other partners of, counsel to, and associates of PH working on this matter are members in good standing of the Bar of the State of Texas.

14. For the foregoing reasons, the Trustee believed and continues to believe that PH

was specially situated and well qualified to represent her in the Chapter 11 Cases in a most efficient manner. Accordingly, the Trustee believes that the retention of PH is necessary and in the best interests of the Debtors, their estates, and creditors.

## SCOPE OF SERVICES TO BE PROVIDED

15. Prior to the conversion, the Trustee believed and continues to believe that employment of PH as her special counsel is necessary and that the services to be rendered by PH within its assigned areas of responsibility including, but not be limited to, assisting the Trustee with the sale process for the Debtors' assets, the wind down of the Debtors' businesses, general corporate matters, and other matters as the Trustee requests. PH stated its desire and willingness to act in the Chapter 11 Cases and render the necessary professional services as special counsel for the Trustee.

## PROFESSIONAL COMPENSATION

16. The professional services of PH were necessary to ensure that all matters related to the Chapter 11 Cases were handled in a diligent and expeditious manner. PH practices in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. PH advised the Trustee that, subject to this Court's allowance of compensation and reimbursement of expenses in accordance with applicable general orders and fee guidelines of this Court, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other orders of the Court, it would charge the Trustee for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement

5

of all costs and expenses incurred in connection with the Chapter 11 Cases, as set forth in the Wolfshohl Declaration filed concurrently herewith.

17. The hourly rates set forth in the Wolfshohl Declaration are the Firm's standard and customary hourly rates for matters of this type in effect on the date such services are rendered. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses and are revised on an annual basis. The current standard hourly rates range from $500.00 to $1,000.00 for partners, $475.00 to $900.00 for counsel, $395.00 to $775.00 for associates and $300.00 to $445.00 for paraprofessionals. These rates are subject to periodic adjustment to reflect economic and other conditions and are consistent with the rates charged elsewhere. The Firm has not agreed to any variations from, or alternatives to, its standard billing arrangements for this engagement.

18. In addition, PH customarily charges its clients for various costs and expenses incurred, including, without limitation, costs for photocopying, electronic data management services, including scanning and document imaging, travel, travel-related expenses, expenses for "working meals," computerized research, transcription costs, mail and express mail charges, special or hand delivery charges, witness fees, and other fees related to trials and hearings, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

19. Pursuant to Bankruptcy Rule 2016(b), PH has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, associates, and contract attorneys, and other personnel associated with PH or (b) any compensation another person or party has received.

6

14142075

**EFFORTS TO AVOID DUPLICATION OF SERVICES**

20. The Trustee may also file applications to employ additional professionals in the Chapter 11 Cases. PH worked closely with any additional professionals retained by the Trustee to delineate their respective duties to prevent duplication of services to the furthest extent possible. The coordination of efforts of these professionals greatly aided in the efficient and effective administration of the Chapter 11 Cases prior to conversion.

**NO ADVERSE INTEREST**

21. To the best of the Trustee's knowledge, information and belief, and except as disclosed herein and in the Wolfshohl Declaration, PH does not hold any interest adverse to the Debtors or their estates with respect to the matters on which PH is to be employed.

22. Due to PH's extensive practice, PH currently provides, and has in the past provided, legal services to certain of the Debtors' creditors, equity security holders, or other parties in interest in matters unrelated to these cases, except as disclosed in the Wolfshohl Declaration. These representations has not and will not affect PH's representation of the Trustee in the specific matters set forth in this Application. The Trustee believes that the precautions taken by PH with respect to the Debtors' creditors and other parties in interest to mitigate potential conflicts are sufficient to meet the requirements under Bankruptcy Code section 327(e) for special counsel.

23. To the extent that any new, relevant facts or relationships bearing on the matters described herein during the period of PH's retention are discovered or arise, the Trustee is advised that PH will use reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**SUPPORTING AUTHORITY**

24. The Trustee seeks retention of PH as special counsel pursuant to section 327(e) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

25. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014.

26. Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

27. The Trustee submits that for all the reasons stated above and in the Wolfshohl Declaration, the retention and employment of PH as special counsel to the Trustee is necessary and in the best interest of the Debtors and their estates and complies with the requirements of section 327(e) of the Bankruptcy Code. Accordingly, the Trustee requests that this Application be approved.

WHEREFORE the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: September 1, 2023
Houston, Texas

                                        Respectfully submitted,

                                        */s/ Janet Northrup*

Janet S. Northrup, Trustee
TotalEnergies Tower
1201 Louisiana St., 28th Floor
Houston, Texas 77002
(713) 759-0818 Telephone
(713) 759-6834 Facsimile
jsnorthrup@hwa.com

*Chapter 7 Trustee, and prior to conversion, Chapter 11 Trustee*