United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 30, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 7<br>) (Previously Chapter 11)<br>) |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*, | ) Case No. 23-90147 (DRJ)<br>) |
| Debtors. [1] | ) (Jointly Administered)<br>) (Docket No. 1431) |

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

This Confidentiality Agreement and Stipulated Protective Order ("Order") relating to the above captioned bankruptcy cases of Mountain Express Oil Company and its debtor affiliates, as debtors (collectively, the "Debtors") is entered into by and among: (a) Blue Owl Real Estate Capital LLC (f/k/a Oak Street Real Estate Capital, LLC) ("Oak Street") and First Horizon Bank ("First Horizon"); and (b) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto (a "Declaration"). Each of the persons or entities identified in the foregoing clauses (a) and (b) shall be referred to herein individually as a "Party," and, collectively, as the "Parties."

### Recitals

WHEREAS, there are, or may be, judicial or other proceedings, including but not limited to investigations, contested matters, adversary proceedings, litigation, and other disputes (each, a "Dispute" and, collectively, the "Disputes") arising out of or relating to the Debtors' prepetition relationship with Oak Street or the Debtors' filing of voluntary petitions under chapter 11 of title

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code") in this Court, which cases were converted to cases under chapter 7 of the Bankruptcy Code on August 24, 2023 [Docket No. 1397] (the cases, the "Bankruptcy Cases"); and

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal requests, Federal Rule of Bankruptcy Procedure 2004 notices or motions, or service of document requests, interrogatories, depositions, and other discovery requests (collectively "Discovery Requests") as provided by the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto[2] that may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Bankruptcy Cases;

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material that a Party seeks to maintain as confidential, the Parties stipulate and agree as follows:

1.      The Parties shall submit this Confidentiality Agreement and Stipulated Protective Order to the Court for approval.  The Parties shall abide by the terms of this Order.

---

[2]   Reference herein to "non-Parties" or a "non-Party," or a "non-Party" becoming a "Party," is for purposes of reference in this Order only. All such references herein are not intended to reflect any agreement as to whether any "Party" is or will become a "party," or any "non-Party" will not be a "party," in any case or other proceeding, or otherwise to reflect any agreement as to the "party" or "non-party" status of any litigant.

2

2. Unless otherwise agreed by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure.

**Scope of Order**

3. This Order applies to all information, documents and things exchanged in, or subject to, discovery, either by a Party or a non-Party (each a "Producing Person"), to any other Party or non-Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with any Discovery Requests in any Disputes, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, and documents, information and things produced in response to formal or information requests for production (including documents, information and things produced to a Receiving Party for inspection and documents, whether in the form of originals or copies) (collectively referred to as "Discovery Material").

4. Any non-Party involved in a Dispute that receives the permission of producing parties to review Discovery Material and executes and delivers a Declaration to the Parties, shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto and shall be permitted to review Confidential Material and Highly Confidential Material that is produced relevant to a Dispute that involves such non-Party as set forth below.

5. This Order applies to all non-Parties that are served with subpoenas in connection with a Dispute or who otherwise produce documents or are noticed for depositions with respect to a Dispute. All such non-Parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon signing a Declaration and agreeing to be bound by the terms of this Order.

3

6.      Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that he, she, or it may designate documents or testimony in a Dispute produced pursuant to such subpoena according to the provisions herein.

## Designating Discovery Material

7.      Any Producing Person may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "<u>Designated Material</u>") in accordance with the following provisions:

     a.   <u>Confidential Material:</u>  A Producing Person may designate Discovery Material as "Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under Rule 26(c) of the Federal Rules of Civil Procedure and Rules 7026 or 9018 of the Federal Rules of Bankruptcy Procedure; or is subject by law or by contract to a legally protected right of privacy; or the Producing Person is under a preexisting obligation to a third-party to treat as confidential; or the Producing Person has in good faith been requested by another Party or non-Party to so designate on the grounds that such other Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or non-Party.

     b.   <u>Highly Confidential Material:</u>  A Producing Person may designate Discovery Material as "Highly Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes Highly Confidential Material that is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 12 of this Order, such as trade secrets, sensitive financial or business information, or material prepared by its industry professionals, advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Disputes or these Chapter 11 cases, and only to the extent that the Producing Person believes in good faith that such

4

material is of such a nature that "Highly Confidential" treatment is warranted.

8.    <u>Manner Of Designation</u>:  Where reasonably practicable, any Designated Material shall be designated by the Producing Person as such by marking every such page "Highly Confidential" or "Confidential" as applicable.  Such markings should not obliterate or obscure the content of the material that is produced.  Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Highly Confidential" or "Confidential" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of such material that such material is "Highly Confidential" or "Confidential."

9.    <u>Late Designation Of Discovery Material</u>:  The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Person's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("<u>Misdesignated Material</u>").  At such time of either later designation of such Discovery Material as Designated Material or later application of another designation pursuant to this Order, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Person of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material.  If requested by the Producing Person, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material.  Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any

5

later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

**<u>Use and Disclosure of Confidential or Highly Confidential Material</u>**

10.     <u>General Limitations On Use And Disclosure Of All Discovery Material</u>:     All Discovery Material shall be used by the Receiving Parties solely for the purposes of a Dispute or the Bankruptcy Cases (including the Parties' consideration or investigation of any Dispute), and not for any other purpose, including any business, competitive, governmental, commercial, or administrative purpose or function.

11.     <u>Confidential Material</u>:     Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

a.     Janet S. Northrup, in her capacity as chapter 7 trustee [Docket No. 1398] (the "<u>Chapter 7 Trustee</u>") and her counsel;

b.     Debtors' creditors and other constituents (including shareholders) as specified in the signature pages to this Order (including counsel), including their respective members, managers, partners, directors, officers, employees, and agents—in each case, only as necessary to assist with or make decisions with respect to any Dispute, and only after he/she has signed a Declaration in the form provided as **<u>Exhibit A</u>** hereto;

c.     any other consultants, advisors or agents of the Parties who become bound by this Order by signifying their assent through execution of **<u>Exhibit A</u>** hereto;

d.     The Office of the United States Trustee (including counsel); and

e.     Any other person identified in Paragraph 12 below.

6

12.     <u>Highly Confidential Material:</u>  Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

      a.     counsel, and staff working under the express direction of such counsel, for:

          (i)     the Chapter 7 Trustee;

          (ii)    Debtors' creditors and other constituents (including shareholders) as specified in the signature pages to this Order; and

          (iii)   The U.S. Trustee.

      b.     professionals retained under Sections 328 and 1103 of the Bankruptcy Code, industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Disputes or the Bankruptcy Cases and have signed a Declaration, in the form provided as **Exhibit A** hereto;

      c.     any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

      d.     for purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Highly Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, and that doing so would not cause competitive harm, provided, however, that such Highly Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Material;

      e.     any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm;

      f.     outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or these Bankruptcy Cases;

      g.     court reporters, stenographers, or videographers who record testimony in connection with a Dispute or these Bankruptcy Cases;

h.   the Court, its officers and clerical staff in any judicial proceeding that may result from a Dispute or these Bankruptcy Cases;

i.   any mediators and their staffs retained in connection with a Dispute or these Bankruptcy Cases; and

j.   any other person or entity with respect to whom the Producing Person may consent in writing.

13.   <u>Prerequisite To Disclosure Of Designated Material:</u>  Before any person or their representative identified in Paragraph 12(b), 12(d), 12(f) or 12(j) is given access to Designated Material, if permitted by the above rules, such person or their representative shall be provided with a copy of this Order and shall execute a Declaration, in the form provided as **<u>Exhibit A</u>** hereto. Each such Declaration shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access. Such executed Declarations shall not be subject to disclosure under the Federal Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders.

14.   <u>Sealing of Designated Material Filed With Or Submitted To Court</u>:   Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Highly Confidential or Confidential information, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Bankruptcy Local Rules.

15.   <u>Use of Discovery Material In Open Court:</u>  The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and at least 24 hours prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any

8

hearing to be held in open court shall meet and confer in good faith with the Producing Person together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Designated Material, then the Producing Party bears the burden of requesting relief from the Court (or the court where the Dispute is pending) and, in the absence of such relief, there shall be no limitations on the ability of the Parties to offer or otherwise use such Designated Material at trial or any hearing held in open court.

**Depositions**

16. <u>Deposition Testimony - Manner Of Designation:</u>  In the case of depositions, if counsel for a Party or non-Party believes that a portion of the testimony should be Designated Material of such Party or non-Party, such testimony may be designated as appropriate by:

  a. Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

  b. Providing written notice within fourteen (14) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or video of a deposition is so designated, except in the event that a hearing on related issues is scheduled to occur within fourteen (14) days, in which case the foregoing fourteen (14) day period will be reduced to three (3) business days. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 21 below. Until expiration of the aforesaid fourteen (14) day period following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Highly Confidential unless otherwise agreed on the record at the deposition.

17.     Designated Material Used As Exhibits During Depositions:     Nothing in Paragraph 16 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

18.     Witness Review Of Deposition Testimony:  Nothing in Paragraph 16 shall preclude the witness from reviewing his or her deposition transcript.

19.     Presence Of Certain Persons During Designated Deposition Testimony:  Anyone who wishes to attend a deposition must become a Party to this Order prior to such deposition. When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.

20.     Responsibilities And Obligations Of Court Reporters:  In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith" and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate. If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

## GENERAL PROVISIONS

21.     This Order is a procedural device intended to protect Discovery Materials designated as Designated Material.  Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

10

22.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the alleged confidentiality, the designation of Designated Material, or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds.

23.     <u>Unauthorized Disclosure Of Designated Material:</u>  In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

24.     <u>Manner Of Objecting To Designated Material:</u>  If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve

11

any dispute respecting the terms or operation of this Order. The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute via the meet-and-confer process, and the Producing Party acknowledges that shortened notice on an emergency basis is warranted if the dispute cannot be resolved through the meet-and-confer process. Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated subject to the provisions of this Order. In connection with any request for relief concerning the propriety of a "Confidential" or "Highly Confidential" designation, the Producing Person shall bear the burden of proof.

25.     Timing Of Objections To Designated Material:  A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Person of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to the designation at an evidentiary hearing or trial.

26.     Inadvertent Production Of Privileged Discovery Material:  This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Inadvertent production of any Discovery Materials which a Producing Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information"), will not by itself constitute a waiver of any applicable privilege. Within a reasonable period of time after a Producing Person discovers (or upon receipt of notice from another Party) that it has produced Inadvertently Produced Privileged Information, the Producing Person shall request the return of such Inadvertently

Produced Privileged Information by identifying in writing the Discovery Materials inadvertently produced and the basis for withholding such Discovery Materials from production. If a Producing Person requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party shall immediately take all reasonable steps to return or destroy the Discovery Materials (and copies thereof) and shall take all reasonable steps to destroy any work product that incorporates the Inadvertently Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Person of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Person's notification. The Parties shall thereafter meet and confer regarding the disputed privilege claim. Other than for an in camera review in connection with seeking a determination by the Court, the Receiving Party may not disclose or use any Inadvertently Produced Privileged Information for any purpose until the dispute is resolved. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies. The Producing Person must preserve the Inadvertently Produced Privileged Information until the dispute is resolved.

27. <u>Other Obligations:</u> Nothing in this Order shall affect the obligation of any Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from other agreements, including other confidentiality or non-disclosure agreements with the Debtors.

28. <u>Use Of Non-Discovery Material:</u> To the extent that any Party has documents or information that (i) such Party possesses or possessed independent of these Bankruptcy Cases; or (ii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "<u>Non-Discovery Material</u>"), nothing in this Order shall limit a Party's ability to use Non-Discovery

Material for any purpose, including in a deposition, hearing, trial or otherwise in connection with any Dispute or the Bankruptcy Cases.

29.    <u>Obligations Following Conclusion Of The Disputes:</u>  Within 90 days of the later of the conclusion of the relevant Dispute(s) or the closure of the Debtors' bankruptcy cases, including all appeals as to all Parties, unless otherwise agreed to by the Parties or ordered by a court, all Parties and non-Parties shall take all reasonable steps to return to counsel for the respective Producing Person, or to destroy, all Designated Material, and all copies thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, transcripts, deposition/examination recordings, deposition/examination exhibits, expert reports, and exhibits introduced at any hearing or trial; and a Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; <u>provided</u> that such retained documents will continue to be treated as provided in this Order.  If a Receiving Party chooses to take all reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested, verify such destruction in writing to counsel for the Producing Person. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

14

30. <u>Amendment Of Confidentiality Agreement And Stipulated Protective Order:</u> Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

31. <u>Disclosure Of Designated Material In Other Proceedings:</u> Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of a Producing Person's Designated Material: (i) shall promptly notify the Producing Person (unless such notice is prohibited by applicable law) to enable the Producing Person to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

32. <u>Use Of Designated Material By Producing Person:</u> Nothing in this Order affects the right of any Producing Person to use or disclose its own Designated Material in any way.

33. <u>Objections To Discovery Requests:</u> Nothing herein shall be deemed to prevent a Party or non-Party from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal or proprietary nature of the information being sought or to preclude a Party or non-Party from seeking additional or further limitations on the use or disclosure of such information.

34. <u>Obligations Of Parties:</u> Nothing herein shall relieve a party of its obligations under the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, Federal Rules of Evidence, and Local Bankruptcy Rules, or under any future stipulations and orders, regarding the

production of documents or the making of timely responses to Discovery Requests in connection with any Dispute.

35. <u>Enforcement:</u>  The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

[*Remainder of Page Intentionally Blank*]

Houston, Texas
August 29, 2023

| /s/ John F. Higgins | /s/ John D. Elrod |
|---|---|
| **PORTER HEDGES LLP** | **GREENBERG TRAURIG, LLP** |
| John F. Higgins | Shari L. Heyen |
| 1000 Main Street, 36th Floor | Texas Bar No. 09564750 |
| Houston, Texas 77002 | *Shari.Heyen@gtlaw.com* |
| Telephone: (713) 226-6000 | 1000 Louisiana St., Suite 1700 |
| Facsimile: (713) 226-6248 | Houston, Texas 77002 |
| Email: jhiggins@porterhedges.com | Telephone: (713) 374-3564 |
| | Facsimile: (713) 374-3505 |
| **KIRKLAND & ELLIS LLP** | |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | -and- |
| Steven N. Serajeddini, P.C. (admitted *pro hac vice*) | |
| Joshua Greenblatt, P.C. (admitted *pro hac vice*) | John D. Elrod (admitted *pro hac vice*) |
| 601 Lexington Avenue | *ElrodJ@gtlaw.com* |
| New York, New York 10022 | Terminus 200, Suite 2500 |
| Telephone: (212) 446-4800 | 3333 Piedmont Road, NE |
| Facsimile: (212) 446-4900 | Atlanta, Georgia 30305 |
| Email: steven.serajeddini@kirkland.com | Telephone: (678) 553-2259 |
| Email: josh.greenblatt@kirkland.com | Facsimile: (678) 553-2269 |

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Benjamin T. Kurtz (admitted *pro hac vice*)
Ashley L. Surinak (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: benjamin.kurtz@kirkland.com
Email: ashley.surinak@kirkland.com

**IT IS SO ORDERED:**

    Signed: **August 30, 2023.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**Exhibit A**

**In re Mountain Express Oil Company, *et al.*, No. 23-90147 (DRJ)**

**United States Bankruptcy Court, Southern District of Texas**

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I, _____declare under penalty of perjury (this "Declaration") that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____.

4.    I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order (the "Order"). All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I further certify that I will not use Designated Material for any purpose other than the Disputes and the Bankruptcy Cases, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to receive Designated Material. I agree to be bound by the terms and conditions of the Order.

5.    I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any Designated Materials, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

1

6.      I acknowledge and agree that I am aware that by receiving Designated Material: (a) I may be receiving material non-public information about companies that issue securities; and (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.      I submit to the jurisdiction of this Court solely with respect to the provisions of the Order.


Date: _____                    Signature: _____

United States Bankruptcy Court
Southern District of Texas

In re:                                                                                                          Case No. 23-90147-drj

Mountain Express Oil Company                                                                  Chapter 7
Official Committee Of Unsecured Creditor
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0541-4                          User: ADIuser                        Page 1 of 6

Date Rcvd: Aug 30, 2023                 Form ID: pdf002                    Total Noticed: 104

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 01, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Mountain Express Oil Company, 3650 Mansell Road, Suite 250, Alpharetta, GA 30022-7200 |
| aty | + | Walter Brock, Young Moore and Henderson, P.A., 3101 Glenwood Avenue, 3101 Glenwood Avenue, Raleigh, NC 27612 UNITED STATES 27612-5054 |
| cr | + | 2 Quick Stop Shop LLC, 3808 Woodville Road, Northwood, OH 43619-1844 |
| cr | + | 4Court Holdings LLC, c/o Locke Houston Waldrop, Baker Donelson, 165 Madison Ave. Suite 200, Memphis, TN 38103-2723 |
| cr | + | 4Court Imaging LLC, c/.o Locke Houston Waldrop, Baker Donelson, 165 Madison Ave Suite 2000, Memphis, TN 38103-2752 |
| cr | + | 4Court Leasing LLC, c/o Locke Houston Waldrop, Baker Donelson, 165 Madison Ave. Ste. 200, Memphis, TN 38103-2723 |
| cr | + | 4Court Solutions LLC, Locke Houston Waldrop, Baker Donelson, 165 Madison Ave. Ste 2000, Memphis, TN 38103-2752 |
| cr | + | 5401 East Lloyd, LLC, 7953 Washington Woods Drive, Dayton, OH 45459-4026 |
| cr | + | AFN ABSPROP001, LLC, c/o Karl D. Burrer, Greenberg Traurig, LLP, 1000 Louisiana Street, Suite 6700, Houston, TX 77002-6003 |
| cr | + | Ad Hoc C-Store Operators, Rachel K. Thompson, Kean Miller, LLP, 711 Louisiana Street, Suite 1800, Houston, TX 77002-2832 |
| cr | + | Aftermarket Sales & Consulting, LLC, QSLWM, P.C., Attn: Joshua L. Shepherd, 2001 Bryan Street, Suite 1800 Dallas, TX 75201-3070 |
| cr | + | American 1 Gas Inc., Tran Singh LLP, 2502 La Branch Street, Houston, TX 77004, UNITED STATES 77004-1028 |
| cr | + | Amynta Surety Solutions, c/o Looper Goodwine P.C., 650 Poydras Street, Suite 2400, Attn: Lindsey M. Johnson, New Orleans, LA 70130-6171 |
| intp | + | BFM Operations, LLC, 601 Poydras Street, Suite 2660, New Orleans, LA 70130-6032 |
| intp | + | Brew Oil, LLC, Heidman Law Firm, PLLC, 1128 Historic 4th Street, PO Box 3086, Sioux City, IA 51101 UNITED STATES 51102-3086 |
| cr | + | Broadway Express LLC, 2436 Broadway Avenue, Lorian, OH 44052-4830 |
| cr | + | Broadway Fuel, Inc., Tran Singh LLP, 2502 La Branch Street, Houston, TX 77004, UNITED STATES 77004-1028 |
| intp | + | Brothers Avondale LLC, 601 Poydras Street, Suite 2660, New Orleans, LA 70130-6032 |
| intp | + | Brothers Lapalco, LLC, 601 Poydras Street, Suite 2660, New Orleans, LA 70130-6032 |
| cr | + | CF Gas Store LLC, 6179 Stratford Drive, Parma Heights, OH 44130-2362 |
| cr | + | Christine Fanous, 6179 Stratford Drive, Parma Heights, OH 44130-2362 |
| intp | + | Christopher R/ Murray, 602 Sawyer St., Suite 400, Houston, Tx 77007-7510 |
| cr | + | City of Mesquite, Grimes & Linebarger, LLP, 120 W. Main Suite 201, Mesquite, TX 75149-4224 |
| cr | + | Claude Enterprises LLC, 14235 Madison Avenue, Lakewood, OH 44107-4527 |
| cr | + | Commack Fuel Inc., Tran Singh LLP, 2502 La Branch Street, Houston, TX 77004, UNITED STATES 77004-1028 |
| cr | + | Community Coffee, L.L.C., c/o David S. Rubin, 445 N. Blvd. Suite 300, Baton Rouge, La 70802-5747 |
| cr | + | Connect Express, LLC, 99 Kero Road, Carlstadt, NJ 07072-2604 |
| cr | + | Crawford Oil Company, Inc., 801 Meadow Lane, Hayti, MO 63851, UNITED STATES 63851-1224 |
| cr | + | DBW Land Co, LLC, 2108 Island Drive, Monroe, LA 71201-2521 |
| cr | | Erkut Aksoy, 300 Farnsworth Road, Waterville, Oh 43566 |
| cr | + | ExxonMobil Oil Corporation, Jackson Walker LLP, Attn: Bruce J. Ruzinsky, 1401 McKinney Street, Suite 1900 Houston, TX 77010-1900 |
| fa | + | FTI Consulting, Inc., 1166 Avenue of the Americas, New York, NY 10036-2708 |
| intp | + | First Horizon Bank, as Administrative Agent, c/o Shari L. Heyen, Greenberg Traurig, LLP, 1000 Louisiana Street, Suite 6700, Houston, TX 77002-6003 |
| cr | + | Fox Fuels Retail Group, LLC, Lloyd A. Lim, Kean Miller, LLP, 711 Louisiana Street, Suite 1800, Houston, TX 77002-2832 |
| cr | + | GSS Holdings LA, LLC and Sukhranjan Multani, Kean Miller LLP, 711 Louisiana St., Suite 1800, South Tower, Houston, TX 77002 UNITED STATES 77002-2832 |
| cr | | Goose Creek Consolidate Independent School Distric, c/o Reid Strickland & Gillette LLP, PO Box 809, Baytown, TX 77522-0809 |
| cr | + | Harlem Food Mart and Vape LLC, 404 East Avenue, Elyria, OH 44035-5718 |
| cr | + | Imperial Capital LLC, c/o Michael Gilmore, Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, TX 75231-2203 |
| cr | + | Imperial Reliance LLC, c/o Michael Gilmore, Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, TX 75231-2203 |
| cr | + | Imperial Trading Company, LLC, 601 Poydras Street, Suite 2660, New Orleans, LA 70130-6032 |
| cr | + | Jouneih 3 LLC, 624 Center Road, Hinkley, Oh 44233-9478 |
| cr | + | Jouneih LLC, 4915 Memphis Avenue, Cleveland, Oh 44144-1943 |

| District/off: 0541-4 | User: ADIuser | Page 2 of 6 |
| Date Rcvd: Aug 30, 2023 | Form ID: pdf002 | Total Noticed: 104 |

| cr | + | Jounieh 2 LLC, 136 N. Huron Street, Suite 101, c/o Norman A, Abood, Toledo, OH 43604-1139 |
| cr | + | Jounieh 2 LLC, 7411 State Road, Parma, OH 44134-5884 |
| cr | + | Jounieh 3 LLC, c/o Norman A. Abood, 136 N. Huron Street, Suite 101, Toledo, OH 43604-1139 |
| intp | + | Jubilee Alliance, Inc., 112 Wellington Plantation Lane, Little Rock, AR 72211-2160 |
| intp | + | Karma Alliance, Inc., 112 Wellington Plantation Lane, Little Rock, AR 72211-2160 |
| cr | + | Kwick Mart LLC, 1005 Pinnacle Ct, McDonald, PA 15057-1508 |
| cr | + | LJM5903 Properties, LLC, QSLWM, P.C., Attn: Joshua L. Shepherd, 2001 Bryan Street, Suite 1800 Dallas, TX 75201-3070 |
| cr | + | Louisiana Department of Revenue, Senior Bankruptcy Counsel, Litigation, 617 N. Third Street, Office 780, P O Box 4064 (Zip 70821-4064), Baton Rouge, LA 70802 UNITED STATES OF AMERICA 70821-4064 |
| intp | + | MEX 1992 ELM, LLC, Herrin Law Firm, PLLC, 12001 N. Central Expressway, Suite 920, Dallas, TX 75243 UNITED STATES 75243-3700 |
| cr | + | Marathon Petroleum Company LP, c/o Ronald E. Gold, Frost Brown Todd LLP, 3300 Great American Tower, 301 East Fourth Street Cincinnati, OH 45202-4257 |
| cr | + | Maryam Sabohi, 4200 Las Palmas Circle, Apt 224, Brownsville, TX 78521-2872 |
| cr | + | Mesa Valley Housing Associates, LP, Tiffany & Bosco, PA, c/o Christopher R. Kaup, 2525 E Camelback Rd #700, Phoenix, AZ 85016-9240 |
| cr | + | Monto Food Mart Inc., Tran Singh LLP, 2502 La Branch Street, Houston, TX 77004, UNITED STATES 77004-1028 |
| cr | + | Ozarks Coca-Cola/Dr Pepper Bottling Company, c/o Misty A. Segura, Spencer Fane LLP, 3040 Post Oak Blvd., Ste. 1400, Houston, TX 77056-6584 |
| cr | | PA Dept of Revenue, Office of Chief Counsel, 4th and Walnut Streets, 10th Floor, Strawberry Square, PO Box 281061 Harrisburg, PA 17128-1061 |
| cr | + | POC USA Inc., c/o Tran Singh LLP, 2502 La Branch Street, Houston, TX 77004-1028 |
| cr | + | Peach Kountry LLC, c/o Tran Singh LLP, 2502 La Branch Street, Houston, TX 77004-1028 |
| cr | + | Phillips 66 Company, PO Box 421959, Houston, TX 77242-1959 |
| cr | + | Pinky's Bar & Grill, 870 Dallas Hwy Ste C, Douglasville, GA 30134-3771 |
| cr | + | Prime Petro, Inc., Tran Singh LLP, 2502 La Branch Street, Houston, TX 77004, UNITED STATES 77004-1028 |
| cr | + | Quick Check Mart 2, LLC, 565 Martin Luther King Jr. Drive, Monroe, LA 71203-5373 |
| cr | + | Quick Check Mart, LLC, 565 Martin Luther King Jr. Drive, Monroe, LA 71203-5373 |
| cr | + | Realty Income Corporation, Hemar, Rousso & Heald, c/o J. Alexandra Rhim, 15910 Ventura Blvd., 12th Fl, Encino, CA 91436 UNITED STATES 91436-2802 |
| cr | + | Riverdale Fuel, Inc., Tran Singh LLP, 2502 La Branch Street, Houston, TX 77004, UNITED STATES 77004-1028 |
| cr | + | SASS Petroleum LLC, c/o Fellows LaBriola LLP, 233 Peachtree Street NE, Ste. 2400, Atlanta, GA 30303-1509 |
| cr | | SCS Sentry LLC, 3560 Mansell Road Suite 250, Alpharetta, GA 30022 |
| cr | + | Samnosh, LLC, The Gibson Law Group, 15400 Knoll Trail Drive, Suite 205, Dallas, TX 75248, UNITED STATES 75248-3465 |
| | | Sehnaz Aksoy, 300 Farnsworth Road, Waterville, OH 43566 |
| cr | + | State of Ohio-Dept of Taxation, Ohio Atty General, 150 E Gay St 21st Floor, Columbus, OH 43215-3191 |
| cr | + | USI Insurance Services LLC, c/o CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, VA 23060-6808 |
| cr | + | VM Petro, Inc., Tran Singh LLP, 2502 La Branch Street, Houston, TX 77004, UNITED STATES 77004-1028 |
| cr | + | Vault CS 100 Service LLC, Parkins & Rubio LLP, 700 Milam Street, Suite 1300, Houston, TX 77002-2736 |
| cr | + | Vision Financial Group, Inc., c/o Padfield & Stout, LLP, Christopher V. Arisco, 420 Throckmorton Street, Suite 1210, Fort Worth, TX 76102-3792 |
| cr | + | Wayne Richoux, The Caluda Law Firm, 3232 Edenborn Avenue, Metairie, LA 70002, UNITED STATES 70002-4758 |
| cr | + | Zoom One, LLC, c/o Tran Singh LLP, 2502 La Branch Street, Houston, TX 77004-1028 |

TOTAL: 77

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
| --- | --- | --- | --- | --- |
| tr | + | Email/Text: jsn@hwa.com | Aug 30 2023 20:14:47 | Janet S. Northrup, 1201 Louisiana Street, 28th Floor, Houston, TX 77002-5607 |
| cr | + | Email/Text: julie.parsons@mvbalaw.com | Aug 30 2023 20:13:00 | Bowie Central Appraisal District, McCreary, Veselka, Bragg & Allen, P.C., P.O. Box 1269., Round Rock, TX 78680-1269 |
| cr | | Email/Text: fileroom@rubin-levin.net | Aug 30 2023 20:14:00 | CAM-PL Cedar Rapids LLC, c/o Rubin & Levin, P.C., 135 N. Pennsylvania St., Suite 1400, Indianapolis, IN 46204-2489 |
| cr | | Email/Text: fileroom@rubin-levin.net | Aug 30 2023 20:14:00 | CAM-PL Cokeville LLC, c/o Rubin & Levin, P.C., 135 N. Pennsylvania St., Suite 1400, Indianapolis, IN 46204-2489 |
| cr | | Email/Text: fileroom@rubin-levin.net | Aug 30 2023 20:14:00 | CAM-PL Kansas City LLC, c/o Rubin & Levin, P.C., 135 N. Pennsylvania St., Suite 1400, Indianapolis, IN 46204-2489 |

District/off: 0541-4          User: ADIuser          Page 3 of 6
Date Rcvd: Aug 30, 2023          Form ID: pdf002          Total Noticed: 104

| | | | | |
|---|---|---|---|---|
| cr | + | Email/Text: bankruptcy.legalnotice@cityofmesquite.com | Aug 30 2023 20:13:00 | City of Mesquite, Grimes & Linebarger, LLP, 120 W. Main Suite 201, Mesquite, TX 75149-4224 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Aug 30 2023 20:13:00 | Dallas County, Linebarger Goggan Blair & Sampson, LLP, c/o John K Turner, 2777 N. Stemmons Frwy Ste 1000, Dallas, TX 75207-2328 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Aug 30 2023 20:13:00 | Fort Bend County, Linebarger Goggan Blair & Sampson LLP, C/O Tara L. Grundemeier, P.O. Box 3064, Houston, TX 77253-3064 |
| cr | + | Email/Text: Kurtzman@kurtzmansteady.com | Aug 30 2023 20:13:00 | Fuel On Emporium LLC, c/o Kurtzman Steady LLC, Jeffrey Kurtzman, Esquire, 101 N. Washington Ave, Suite 4A, Margate, NJ 08402-1195 |
| cr | + | Email/Text: Kurtzman@kurtzmansteady.com | Aug 30 2023 20:13:00 | Fuel On St Mary's LLC, c/o Kurtzman Steady LLC, Jeffrey Kurtzman, Esquire, 101 N. Washington Ave, Suite 4A, Margate, NJ 08402-1195 |
| cr | | Email/Text: brnotices@dor.ga.gov | Aug 30 2023 20:13:00 | Georgia Department of Revenue, 1800 Century Boulevard, NE, Atlanta, GA 30345 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Aug 30 2023 20:13:00 | Galveston County, Linebarger Goggan Blair & Sampson LLP, c/o Tara L. Grundemeier, P.O. Box 3064, Houston, TX 77253-3064 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Aug 30 2023 20:13:00 | Harris County, Linebarger Goggan Blair & Sampson LLP, C/O Tara L. Grundemeier, P.O. Box 3064, Houston, TX 77253-3064 |
| cr | + | Email/Text: DORBANKRUPTCYCOURTNOTICES@DOR.IN.GOV | Aug 30 2023 20:14:00 | Indiana Department of Revenue, Bankruptcy Section, Room N-203, 100 North Senate Avenue, Indianapolis, IN 46204-2217 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Aug 30 2023 20:13:00 | Irving ISD, Linebarger Goggan Blair & Sampson, LLP, c/o John K. Turner, 2777 N. Stemmons Freeway, Suite 1000, Dallas, TX 75207-2328 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Aug 30 2023 20:13:00 | Jefferson County, Linebarger Goggan Blair & Sampson LLP, c/o Tara L. Grundemeier, P.O. Box 3064, Houston, TX 77253-3064 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Aug 30 2023 20:13:00 | Liberty County, Linebarger Goggan Blair & Sampson LLP, c/o Tara L. Grundemeier, P.O. Box 3064, Houston, TX 77253-3064 |
| cr | + | Email/Text: Kurtzman@kurtzmansteady.com | Aug 30 2023 20:13:00 | Maan Corporation, c/o Kurtzman Steady LLC, Jeffrey Kurtzman, Esquire, 101 N. Washington Ave, Suite 4A, Margate, NJ 08402-1195 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Aug 30 2023 20:13:00 | Matagorda County, Linebarger Goggan Blair & Sampson LLP, c/o Tara L. Grundemeier, P.O. Box 3064, Houston, TX 77253-3064 |
| cr | + | Email/Text: Kurtzman@kurtzmansteady.com | Aug 30 2023 20:13:00 | NEPA Trading & Investments LLC, c/o Kurtzman Steady LLC, Jeffrey Kurtzman, Esquire, 101 N. Washington Ave, Suite 4A, Margate, NJ 08402-1195 |
| cr | + | Email/Text: Kurtzman@kurtzmansteady.com | Aug 30 2023 20:13:00 | NEPA Ventures LLC, c/o Kurtzman Steady LLC, Jeffrey Kurtzman, Esquire, 101 N. Washington Ave, Suite 4A, Margate, NJ 08402-1195 |
| cr | + | Email/Text: tammy.jones@oklahomacounty.org | Aug 30 2023 20:13:00 | Oklahoma County Treasurer, c/o Tammy Jones, 320 Ribert S. Kerr, Room 307, Oklahoma City, OK 73102-3441 |
| cr | + | Email/Text: AGBankRevenue@ag.tn.gov | Aug 30 2023 20:12:00 | TN Dept of Revenue, c/o TN Attorney General's Office, Bankruptcy Division, P.O. Box 20207, Nashville, TN 37202-4015 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Aug 30 2023 20:13:00 | Tarrant County, Linebarger Goggan Blair & Sampson, LLP, c/o John K. Turner, 2777 N Stemmons Frwy Ste 1000, Dallas, TX 75207-2328 |

| | | | | |
|---|---|---|---|---|
| cr | | Email/Text: houston_bankruptcy@LGBS.com | | |
| | | | Aug 30 2023 20:13:00 | Texas City ISD, Linebarger Goggan Blair & Sampson LLP, C/O Tara L. Grundemeier, P.O. Box 3064, Houston, TX 77253-3064 |
| intp | + | Email/Text: bcd@oag.texas.gov | | |
| | | | Aug 30 2023 20:13:00 | Texas Commission on Environmental Quality, c/o Office of Texas Attorney General, Bankruptcy and Collections Division, P.O. Box 12548, Austin, TX 78711-2548 |
| cr | ^ | MEBN | | |
| | | | Aug 30 2023 20:06:45 | Texas Comptroller of Public Accounts, Revenue Acco, Christopher J. Dylla, P.O. Box 12548, Austin, TX 78711-2548 |
| cr | + | Email/Text: edinburgbankruptcy@pbfcm.com | | |
| | | | Aug 30 2023 20:13:00 | Weslaco ISD and City of Weslaco, c/o Hiram Gutierrez, 2805 Fountain Plaza Blvd., Suite B, Edinburg, Tx 78539-8031 |

TOTAL: 28

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| tr | | Janet Northrup, the Chapter 7 Trustee |
| cr | | ADA Coca-Cola Bottling Company |
| cr | | AFN ABSPROP001, LLC |
| cr | | AKSOY LLC, 300 Farnsworth Road, Waterville |
| cr | | ARG E19PCK001, LLC |
| cr | | ARG MESMOAR001, LLC |
| cr | | ARG MEVNAAL001, LLC |
| intp | | Abrar Abid |
| cr | | Ada Coca-Cola Bottling Company |
| cr | | BFM Enterprises, LLC |
| cr | | BRVictory1, LLC |
| cr | | BRVictory2, LLC |
| cr | | Bank of Hope |
| intp | | Biren Patel |
| intp | | Blue Owl Real Estate Capital LLC (f/k/a Oak Street |
| cr | | Brazoria County, et al |
| cr | | CITGO Petroleum Corporation |
| cr | | CPSLOH Cleveland LLC |
| cr | | Cameron County |
| intp | | Chevron Products Company, a division of Chevron U. |
| cr | | City Of McAllen |
| cr | | Cross Oil Refining & Marketing |
| cr | | Dhan Maharjan |
| intp | | Doctor's Associates, LLC |
| cr | | Duckland, LLC |
| cr | | Durgha Properties, LLC |
| cr | | FTF Acquisitions Placeholder, LLC |
| cr | | Ford Motor Credit Company LLC |
| cr | | Fowler Property Investment LP |
| cr | | Giri Subramani |
| cr | | HF Sinclair Refining & Marketing, LLC and Sinclair |
| cr | | Hidalgo County |
| cr | | Hunt Refining Company |
| cr | | ICC MOTOR FUEL I LLC |
| cr | | Joy Ricky, LLC |
| intp | | Jyotsnaben Ritesh Patel |
| intp | | KVS, LLC |
| cr | | KeyBank National Association |
| intp | | Keyur Rasikbhai Patel |
| op | | Kurtzman Carson Consultants LLC |
| cr | | Lance & Nancy Ratto 2007 Revocable Trust |

District/off: 0541-4                        User: ADIuser                                Page 5 of 6
Date Rcvd: Aug 30, 2023                     Form ID: pdf002                              Total Noticed: 104

| | |
|---|---|
| cr | Legacy Acquisitions, LLC |
| cr | MVI Facility Services, LLC |
| cr | MVI Field Services, LLC |
| cr | MVI Fuel Services, LLC |
| op | McCormick Landry Munoz PLLC |
| cr | McLane Company, Inc. |
| cr | Mex 1123 Lake LLC |
| cr | Mex Hayti, LLC |
| intp | Mohammad Sajjad |
| cr | My Mother Inc. |
| intp | Nine Shell Gas Stations OK LLC, Dorsey & Whitney, C/o Rachel Stoian |
| cr | Oak Street Real Estate Capital, LLC |
| crcm | Official Committee Of Unsecured Creditors |
| cr | Pepsi-Cola Bottling Co. of McAlester, Inc. |
| cr | PepsiCo, Inc., PepsiCo Sales, Inc. and Frito-Lay N |
| cr | Persia Country Corner LLC |
| cr | Pilot Travel Centers LLC |
| cr | RVictory1, LLC |
| cr | RVictory2, LLC |
| cr | Raj Marathon LLC |
| cr | Rio Grande City Grulla ISD |
| intp | Ritesh Bhagwanbhai Patel |
| cr | Royal Exxon Investment Ltd. Co. |
| cr | Royal Stores LLC |
| cr | SHIV KTR LLC |
| intp | SL Alabama LLC |
| intp | SL Louisiana LLC |
| cr | SRK Shreveport, LLC |
| cr | Schierl Sales Corp. |
| cr | Spirit SPE Portfolio CA C-Stores, LLC |
| cr | Spring Branch Independent School District, et al |
| cr | Starr County |
| cr | Stephenson Wholesale Co. Inc. dba Indian Nation Wh |
| cr | Sunoco LLC |
| cr | Sunoco LP |
| cr | Sunoco Retail, LLC |
| cr | Sunoco, Inc. |
| cr | TWP1 USA LLC |
| cr | The Esaias Project, Inc. |
| cr | The Necessity Retail REIT Inc. |
| cr | Total Image Solutions, LLC |
| cr | United States Fueling Company LLC |
| cr | Valero Marketing and Supply Company |
| cr | Venkat Enterprises |
| intp | Vijaykumar Patel |
| intp | Viratkumar Patel |
| intp | Willkie Farr & Gallagher LLP |

TOTAL: 88 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

District/off: 0541-4
Date Rcvd: Aug 30, 2023

User: ADIuser
Form ID: pdf002

Page 6 of 6
Total Noticed: 104

Date: Sep 01, 2023

Signature:     /s/Gustava Winters