**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 7** |
| | § | **(Previously Chapter 11)** |
| **MOUNTAIN EXPRESS OIL COMPANY,** | § | |
| *et al.* | § | **Case No. 23-90147 (DRJ)** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF PORTER HEDGES LLP AS SPECIAL COUNSEL
FOR JANET S. NORTHRUP, IN HER CAPACITY AS CHAPTER 7 TRUSTEE**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Janet S. Northrup, the Chapter 7 Trustee and, prior to the conversion, the Chapter 11 Trustee (in each chapter, as applicable, the "Trustee") of the jointly administered bankruptcy estates of Mountain Express Oil Company, *et al*. (collectively, "MEX" or the "Debtors"), hereby files this application (the "Application") for the entry of an order, under Sections 327(e) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), authorizing the employment and retention of Porter Hedges LLP ("PH" or the "Firm") as the Trustee's special counsel effective as of the appointment of the Trustee

1

as Chapter 7 Trustee in the above-captioned cases.[1] In support of this Application (the "Application"), the Trustee relies on the *Declaration of Joshua W. Wolfshohl in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Porter Hedges LLP as Special Counsel for Janet S. Northrup, in her capacity as Chapter 11 Trustee* (the "Wolfshohl Declaration"), attached hereto as **Exhibit A**.  The Trustee respectfully states as follows:

## JURISDICTION AND EVENUE

1.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of Texas, dated May 24, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.     Venue is proper pursuant to 28 U.S.C. § 1408.

3.     The statutory bases for the relief requested herein are section 327(e) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Local Rules 2014-1 and 2016-1, and the Complex Case Procedures.

## BACKGROUND

4.     On March 18, 2023 (the "Petition Date"), the Debtors filed their jointly administered chapter 11 cases.  The Debtors operated their business and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until a Chapter 11 Trustee was appointed on August 17, 2023.

---

[1]     This Application shall refer to the above-referenced cases as the "Chapter 11 Cases" during the time which the Trustee was appointed as the Chapter 11 Trustee and as the "Chapter 7 Cases" for the time after conversion of the cases to cases under Chapter 7 of the Bankruptcy Code.

14148023

5.      On April 4, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors.  [Dkt. No. 202]

6.      After months of the Debtors attempting to sell their assets, on August 16, 2023, First Horizon Bank, as Administrative Agent for the DIP Loans (the "DIP Agent") filed the *DIP Agent's Emergency Motion to Appoint Chapter 11 Trustee, or in the Alternative, Convert These Chapter 11 Case to Case Under Chapter 7*. [Dkt No. 1280].

7.      On August 17, 2023, following the Court's *Order Directing the Appointment of a Chapter 11 Trustee* [Dkt. No. 1284], the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Dkt. No, 1286], and appointed Janet S. Northrup to serve as the chapter 11 trustee in these cases.

8.      On August 17, 2023, the Trustee retained PH as special counsel to represent her in connection with the Chapter 11 Cases.

9.      Ultimately, on August 24, 2023 (the "Conversion Date"), upon its own motion and the Chapter 11 Trustee's request, the Court converted these cases to cases under chapter 7 of the Bankruptcy Code. [Dkt. No. 1397]. Thereafter, the U.S. Trustee appointed Janet Northrup as the Chapter 7 Trustee in these cases. [Dkt. No. 1398].  The Trustee now seeks to retain PH as special counsel in the Chapter 7 Cases.

## RELIEF REQUESTED

10.      The Trustee seeks entry of an order authorizing the retention and employment of PH as special counsel to the Trustee in the Chapter 7 Cases.  This Application is filed within 30 days of the appoint of the Trustee as the Chapter 7 Trustee and of PH's provision of services to the Trustee in her capacity as Chapter 7 Trustee.  Pursuant to Local Rule 2014-1, the Application

14148023

is deemed contemporaneous with the date of the commencement of PH's service to the Trustee. *See* Local Bankr. R. 2014-1(b)(1) ("If an application for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous.").

## QUALIFICATION OF PROFESSIONALS

11.     The Trustee seeks to retain PH as special counsel because of PH's recognized expertise and extensive experience and knowledge in chapter 7 trustee representations and large and complex business reorganizations, restructurings and liquidations.  On August 17, 2023, the Trustee retained PH to represent her in connection with the Chapter 11 Cases and the Debtors' sale process, wind down, general corporate matters, and other matters as the Trustee requests.  PH has continued to represent the Trustee after the conversion of the Chapter 11 Cases.  PH is familiar with the Debtors' business affairs and has become aware of many of the potential legal issues that might arise in the context of these Chapter 7 Cases.

12.     PH possesses extensive experience and knowledge practicing before bankruptcy courts in chapter 7 and complex chapter 11 cases, including many cases before this Court.  PH and its partners have previously represented numerous debtors and trustees in chapter 7 and chapter 11 cases.  The Trustee believes that PH is well qualified to represent her in the Chapter 7 Cases and that such representation is critical to the success of these cases.

13.     The Trustee has been informed that Joshua W. Wolfshohl, a partner at PH, as well as other partners of, counsel to, and associates of PH who will be working on this matter are members in good standing of the Bar of the State of Texas.

14.     For the foregoing reasons, the Trustee believes that PH is specially situated and well qualified to represent her in these Chapter 7 Cases in a most efficient manner.  Accordingly,

4

14148023

the Trustee believes that the retention of PH is necessary and in the best interests of the Debtors, their estates, and creditors.

## SCOPE OF SERVICES TO BE PROVIDED

15.     The Trustee believes that employment of PH as her special counsel is necessary and that the services to be rendered by PH within its assigned areas of responsibility will include, but not be limited to, assisting the Trustee with the sale process for the Debtors' assets, the wind down of the Debtors' businesses, general corporate matters, and other matters as the Trustee requests.  PH has stated its desire and willingness to act in these Chapter 7 Cases and render the necessary professional services as special counsel for the Trustee.

## PROFESSIONAL COMPENSATION

16.     The professional services of PH are necessary to ensure that all matters related to the Chapter 7 Cases are handled in a diligent and expeditious manner.  PH practices in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.  PH has advised the Trustee that, subject to this Court's allowance of compensation and reimbursement of expenses in accordance with applicable general orders and fee guidelines of this Court, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other orders of the Court, it will charge the Trustee for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these Chapter 7 Cases, as set forth in the Wolfshohl Declaration filed concurrently herewith.

17.     The hourly rates set forth in the Wolfshohl Declaration are the Firm's standard and

customary hourly rates for matters of this type in effect on the date such services are rendered. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses and are revised on an annual basis.  The current standard hourly rates range from $500.00 to $1,000.00 for partners, $475.00 to $900.00 for counsel, $395.00 to $775.00 for associates and $300.00 to $445.00 for paraprofessionals. These rates are subject to periodic adjustment to reflect economic and other conditions (which adjustments will be reflected in the first PH fee application following such adjustments) and are consistent with the rates charged elsewhere.  The Firm has not agreed to any variations from, or alternatives to, its standard billing arrangements for this engagement.

18.     In addition, PH customarily charges its clients for various costs and expenses incurred, including, without limitation, costs for photocopying, electronic data management services, including scanning and document imaging, travel, travel-related expenses, expenses for "working meals," computerized research, transcription costs, mail and express mail charges, special or hand delivery charges, witness fees, and other fees related to trials and hearings, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

19.     Pursuant to Bankruptcy Rule 2016(b), PH has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, associates, and contract attorneys, and other personnel associated with PH or (b) any compensation another person or party has received.

## **EFFORTS TO AVOID DUPLICATION OF SERVICES**

20.     The Trustee may also file applications to employ additional professionals in the Chapter 7 Cases. PH will work closely with any additional professionals retained by the Trustee

14148023

to delineate their respective duties to prevent duplication of services to the furthest extent possible. It is anticipated that the coordination of efforts of these professionals will greatly aid in the efficient and effective administration of these Chapter 7 Cases.

## NO ADVERSE INTEREST

21.    To the best of the Trustee's knowledge, information and belief, and except as disclosed herein and in the Wolfshohl Declaration, PH does not hold any interest adverse to the Debtors or their estates with respect to the matters on which PH is to be employed.

22.    Due to PH's extensive practice, PH currently provides, and has in the past provided, legal services to certain of the Debtors' creditors, equity security holders, or other parties in interest in matters unrelated to these cases, except as disclosed in the Wolfshohl Declaration.  These representations will not affect PH's representation of the Trustee in the specific matters set forth in this Application.  The Trustee believes that the precautions taken by PH with respect to the Debtors' creditors and other parties in interest to mitigate potential conflicts are sufficient to meet the requirements under Bankruptcy Code section 327(e) for special counsel.

23.    To the extent that any new, relevant facts or relationships bearing on the matters described herein during the period of PH's retention are discovered or arise, the Trustee is advised that PH will use reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## SUPPORTING AUTHORITY

24.    The Trustee seeks retention of PH as special counsel pursuant to section 327(e) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor

7

or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

25.    Bankruptcy Rule 2014(a) requires that an application for retention include:

[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

26.    Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

27.    The Trustee submits that for all the reasons stated above and in the Wolfshohl Declaration, the retention and employment of PH as special counsel to the Trustee is necessary and in the best interest of the Debtors and their estates and complies with the requirements of section 327(e) of the Bankruptcy Code.  Accordingly, the Trustee requests that this Application be approved.

WHEREFORE the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

8

14148023

Dated: September 2, 2023
Houston, Texas

Respectfully submitted,

*/s/ Janet Northrup*

Janet S. Northrup, Trustee
TotalEnergies Tower
1201 Louisiana St., 28th Floor
Houston, Texas 77002
(713) 759-0818 Telephone
(713) 759-6834 Facsimile
jsnorthrup@hwa.com

*Chapter 7 Trustee*

9

14148023

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on September 2, 2023, a true and correct copy of the foregoing document has been served on all parties receiving ECF notice in the above-referenced cases.

/s/ Joshua W. Wolfshohl
Joshua W. Wolfshohl

14148023