**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | § Chapter 7 |
| | § |
| **Mountain Express Oil Company,** *et al.*, | § Case No. 23-90147 (DRJ) |
| | § |
| Debtors.[1] | § Jointly Administered |
| | § |

**CHAPTER 7 TRUSTEE'S EMERGENCY AMENDED MOTION FOR APPROVAL OF SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES UNDER 11 U.S.C. § 363(B) AND (F)**

> **Emergency relief has been requested. Relief is requested not later than September 12, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones' conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones' home page. The meeting code is "JudgeJones." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jones's home page. Select the case name, complete the required fields and click "submit" to complete your appearance.**

---

[1] A complete list of each of the Debtors in these chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 7 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

1

**TO THE HONORABLE DAVID R. JONES,
UNITED STATES BANKRUPTCY JUDGE:**

Janet Northrup (the "Trustee"), chapter 7 trustee of Mountain Express Oil Company and affiliated debtors (collectively, the "Debtors"), files this *Emergency Amended Motion for Approval of Sale of Assets Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f)* (the "Motion"). In support of the Motion, the Trustee further states as follows:

### Request for Emergency Consideration

1. After months of the Debtors attempting to sell their assets, on August 16, 2023, the Court appointed Janet Northrup as Chapter 11 Trustee.

2. As the Court is aware, prior to the Trustee's appointment on August 17, 2023, SASS filed its emergency motion for relief from stay [Docket No. 1299] (the "SASS Motion"). In the SASS Motion, SASS asserts (among other things) that the Debtors are commingling non-estate funds with the Debtors' cash and failing to remit such funds (which are proceeds of credit card receipts generated from the sale of fuel and non-fuel products) to the US Fueling dealers. Additionally, since her appointment, the Debtors liquidity issues have prevented the continued supply of sufficient fuel to the US Fueling dealers for their ongoing operations.

3. SASS delivered an offer letter to the Trustee on August 21, 2023 (the "Original Offer Letter").

4. On August 24, 2023, following the Court's *Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 1284], the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No, 1286], and appointed Janet S. Northrup to serve as the chapter 7 trustee in these cases.

5. Subsequently, the cases were converted to Chapter 7 on August 24, 2023 and Ms. Northrup was appointed as Chapter 7 Trustee.

6. Discussions among SASS, the Trustee and the DIP Lenders continued after the conversion of the cases to Chapter 7, resulting in a revised Offer Letter (the "Revised Offer Letter"). The parties believe the transaction outlined in the Revised Offer Letter is the best option available to the Debtors under the circumstances.

7. A material consideration of the Trustee and DIP Lenders' acceptance of the Revised Offer Letter is SASS's representation that it, and its principals, are not insiders of the Debtors and have no connections with the Debtors' insiders other than the US Fueling joint venture.

## Nature of the Motion

8. By this Motion, the Trustee seeks authority to enter into a sale transaction for the Debtors' assets 50% ownership interest in US Fueling (the "Purchased Assets"), pursuant to the terms set forth in the Revised Offer Letter attached hereto as **Exhibit 1**.

9. Since the date of the Original Offer Letter, the Chapter 11 cases have been converted to cases under Chapter 7, all fuel purchase contracts of the Debtors were terminated, and along with them the credit card processing agreements.

10. MEX was the sole fuel provider to USF, through MEX's various agreements with oil companies. Likewise, all of USF's dealers' credit card receipts were passed by MEX to the respective processing banks, then down to the oil companies which netted MEX's fuel obligations to them, with the balance going to MEX. MEX would then distribute USF's proceeds to USF, which in turn paid the dealers.

11. Unlike those dealers directly signed up with MEX, the court's termination did not affect the contractual relationship with USF, a non-debtor. Those dealers have been stranded with

no gasoline and no credit card processing facility. Accordingly, the Trustee requests the Court schedule a hearing on the Motion no later than 12, 2023, at which time, the Trustee will request the Court enter an order authorizing the sale of the Purchased Assets to SASS with liens on the Member interest attaching to the proceeds.

## Jurisdiction and Venue

12. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

13. The statutory bases for relief are section 363 of title 11 of the United States Code (the "Bankruptcy Code"), rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

A. The Bankruptcy Case

14. On March 18, 2023 (the "Petition Date"), the Debtors filed these jointly administered chapter 11 cases. The Debtors operated their business and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Trustee was appointed on August 17, 2023.

15. On April 4, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").

B. The Proposed Sale

16. As set forth in the Revised Offer Letter, SASS has offered the Trustee $146,788.84

for the Purchased Assets.  $46,788.84 of this amount will be paid directly to the DIP Agent at closing.  The Revised Offer Letter also includes assumption of certain liabilities, including:

    a. To the extent not paid to US Fueling or the US Fueling dealers by these bankruptcy estates, security deposits (approx. $612,000);

    b. To the extent not paid to US Fueling or the US Fueling dealers by these bankruptcy estates, rebates owed by the Debtors to US Fueling (approx. $800,000);

    c. US Fueling's obligations to complete branding projects (approx. $1.9 million); and

    d. Guarantee obligations of the Debtors with respect to nine equipment leases between US Fueling and Ascentium Capital; *provided that*, Ascentium Capital agrees to continue on the current lease terms with US Fueling for the terms of the remaining leases (approx. $1.4 million).

17. The Revised Offer Letter requires the Trustee, on behalf of the Debtors' estates, to cooperate with certain transition and transfer items.  The conditions requiring the Trustee to terminate the fuel supply agreement between US Fueling and the Debtors and notify the oil company suppliers have already been accomplished by order of the Court.  The Revised Offer Letter also does not include assumption of any Debtor liabilities for unpaid sales, use, and excise taxes incurred through closing.

## Relief Requested and Authority

18. The Trustee requests the authority to sell the Purchased Assets to SASS for $146,788.84, free and clear of all liens, claims, and encumbrances with any such liens, claims or encumbrances attaching to proceeds and pursuant to the terms set forth in the Revised Offer Letter attached hereto. The Trustee understands that the DIP Lenders consent to the relief requested.  The Trustee further requests that approval of the sale of the Purchased Assets to SASS.

**A. The Sale of the Purchased Assets is an Exercise of the Trustee's Sound Business Judgment**

5

19. The Trustee seeks approval of the sale of the Purchased Assets pursuant to section 363(b) of the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides, "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate …." 11 U.S.C. § 363(b)(1).

20. Bankruptcy Code section 363(b) does not specify a standard for determining when it is appropriate for a court to authorize the use, sale, or lease of property of the estate; however, bankruptcy courts have required that the authorization for such use, sale, or lease of property of the estate out of the ordinary course of business be based upon sound business justification. *See Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc., et al. (In re Continental Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or a debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside of the ordinary course of business."); *see also In re Asarco*, 650 F. 3d 593, 601 (5th Cir. 2011); *In re Cowin*, No. 13-30984, 2014 WL 1168714, at *38 (Bankr. S.D. Tex. Mar. 21, 2014). Once the trustee articulates a valid business justification, "[t]he business judgment rule is a presumption that in making the business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re S.N.A. Nut Co.,* 86 B.R. 98 (Bankr. N.D. Ill. 1995); *see also In re Integrated Res., Inc.*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992); *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("… a presumption of reasonableness attaches to a Debtor's management decisions.").

21. Since her appointment, the Trustee and her counsel have worked to understand the potential value of the Purchased Assets and the universe of offers to purchase the Debtors' assets.

In consultation with her counsel, the Trustee believes that SASS's offer currently constitutes the highest and best offer for the Purchased Assets.

### B. The Court May Authorize the Sale Free and Clear of All Liens

22. The Trustee submits that the Court may authorize the sale of the Purchased Assets free and clear of all liens, claims, and encumbrances, with such liens, claims and encumbrances attaching to proceeds.

23. Section 363(f) of the Bankruptcy Code allows the Trustee to sell the Purchased Assets free and clear of any interest in the Purchased Assets if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

24. In evaluating such a sale, a court must balance the need for flexibility with the concerns of affected creditors. *In re Terrace Gardens Park P'ship*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.*; *In re Beker Indus. Corp.*, 63 B.R. 474, 477–78 (Bankr. S.D.N.Y. 1986).

25. The Trustee submits that all liens on the Purchased Assets shall be retained on the proceeds received for sale of the Purchased Assets under any order approving such sale.

26. Accordingly, the Trustee requests that the Court enter an order substantially in the form attached hereto and for such other relief as is just.

Dated: September 8, 2023

                    Respectfully Submitted,

                    By: */s/ Joshua W. Wolfshohl*
                    **PORTER HEDGES LLP**
                    Joshua W. Wolfshohl (TX Bar No. 24038592)
                    Megan Young-John (TX Bar No. 24088700)
                    1000 Main St., 36th Floor
                    Houston, Texas 77002
                    Telephone: (713) 226-6000
                    Facsimile: (713) 226-6248
                    jwolfshohl@porterhedges.com
                    myoung-john@porterhedges.com

                    - and -

                    *s/ Wayne Kitchens*
                    Wayne Kitchens
                    SBN 11541110
                    Heather Heath McIntyre
                    SBN 24041076
                    Total Energies Tower
                    1201 Louisiana Street, Suite 2800
                    Houston, Texas 77002
                    Phone: 713-759-0818
                    Fax: 713-759-6834
                    Email:  wkitchens@hwa.com
                             hmcintyre@hwa.com

                    *Proposed Counsel for the*
                    *Chapter 7 Trustee, Janet Northrup*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 8, 2023, a true and correct copy of the foregoing Notice was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system.

<em>/s/ Joshua W. Wolfshohl</em><br>
Joshua W. Wolfshohl