IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.[1] | Chapter 7<br>(Previously Chapter 11)<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered)<br><br>(Docket No. 1454) |

**SECOND STIPULATION AND AGREED INTERIM ORDER (A) AUTHORIZING THE USE OF CASH COLLATERAL, (B) PROVIDING ADEQUATE PROTECTION, AND (C) MODIFYING THE AUTOMATIC STAY**

This second stipulation and agreed order (the "Stipulation") is made and entered into by and among Janet S. Northrup as the Chapter 7 Trustee (the "Trustee") of the debtors in the above-captioned cases (collectively, the "Debtors") and First Horizon Bank as Administrative Agent (the "DIP Agent," and collectively with the Trustee, the "Parties"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS,** on March 18, 2023 (the "Petition Date"), the Debtors each commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Cases").

**WHEREAS,** on March 20, 2023, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing* [Docket No. 7] (the "First Cash Collateral Motion").

---

[1] A complete list of each of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 7 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

**WHEREAS,** on March 20, 2023, the Court entered its *Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Further Hearing* [Docket No. 37] (the "First Interim Cash Collateral Order"), approving the First Cash Collateral Motion and the Debtors' use of Cash Collateral, all as more fully set forth therein.

**WHEREAS,** on March 23, 2023, the Court entered its *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expenses Status, (III) Granting Adequate Protection, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 117].

**WHEREAS,** on April 25, 2023, this Court entered its *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expense Status; (III) Granting Adequate Protection; and (IV) Granting Related Relief* [Docket No. 332] (the "Final DIP Order").

**WHEREAS,** on July 19, 2023, the Court approved a further extension of post-petition credit pursuant to the *Order Approving Second Amendment to Senior Secured, Super-Priority Debtor In-Possession Credit Agreement* [Docket No. 1042].

**WHEREAS,** on August 5, 2023, the Debtors filed an *Emergency Amended Motion of Debtors for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B)*

2

*Providing Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing* [Docket No. 1196].

**WHEREAS,** on August 8, 2023, the Court entered the *Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, and (C) Modifying the Automatic Stay* [Docket Nos. 1223].

**WHEREAS,** following an unsuccessful sales process, on August 16, 2023, the DIP Agent filed, *DIP Agent's Emergency Motion to Appoint Chapter 11 Trustee, or in the Alternative, Convert These Chapter 11 Case to Case Under Chapter 7* [Docket No. 1280].

**WHEREAS,** on August 17, 2023, following the Court's *Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 1284], the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No, 1286], and appointed Janet S. Northrup to serve as the chapter 11 trustee in the Cases.

**WHEREAS**, on August 23, 2023, the Court entered the *Amended Stipulation and Agreed Interim Order (A) Authorizing the Use Of Cash Collateral, (B) Providing Adequate Protection, and (C) Modifying the Automatic Stay* [Docket No. 1372].

**WHEREAS,** on August 24, 2023, upon its own motion and the Trustee's request, the Court converted these Cases to cases under chapter 7 of the Bankruptcy Code [Docket No. 1397]. Thereafter, Janet Northrup was also appointed the chapter 7 Trustee.

**WHEREAS,** the Trustee is currently operating the Debtors' businesses on a limited basis, in order to preserve and protect assets of the Debtors' estates, to preserve and protect the Debtors' records, and to preserve the value of the Debtors' assets and protect the interest of the Debtors' creditors and stakeholders.

**WHEREAS,** the Trustee requires authority to use cash collateral to continue the preservation of the Debtors' estates.

**WHEREAS,** the Trustee and the DIP Agent have agreed to entry of this Second Stipulated and Agreed Order granting the Trustee's authority to use cash collateral in accordance with the Budget as detailed herein.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION AND AGREED ORDER, IT IS SO ORDERED as follows:**

1. *Jurisdiction and Venue*. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulated and Agreed Order.

2. *Authorization to Use Cash Collateral*. Subject to the terms of this Stipulation, the Trustee is hereby authorized to use Cash Collateral, with the consent of the DIP Agent, for the period (the "Interim Budget Period") set forth in the budget attached hereto as **Exhibit 1** (the "Budget"), or for such further period or pursuant to such further form of Budget as the Trustee and the DIP Agent may agree to in writing.

3. *Disbursements Subject to Budget*. The Trustee is only authorized to use Cash Collateral during the Interim Budget Period in a manner consistent with the Budget. The Trustee is not permitted to use Cash Collateral for the payment of any professional fees except as may be provided for in the Budget, and shall not pay any professional fees that accrued prior to her appointment. The DIP Agent's superpriority, priming liens shall attach to, without

limitation, all amounts held by payroll processors that are not paid to employees for earned wages, benefits, and applicable taxes.

4. *Adequate Protection*. The DIP Agent shall continue to have the benefit of its postpetition liens and superpriority claims under the Final DIP Order.

5. *Termination*. The Trustee's ability to use Cash Collateral pursuant to this Stipulation shall end upon expiration of the Budget on September 30, 2023, unless otherwise agreed by the DIP Agent.

6. *Prior Use of Cash Collateral to Purchase Fuel*. No party-in-interest in these chapter 7 cases shall be entitled to assert any claim against any Fuel Supplier or any affiliate thereof for the recovery of funds paid by the Trustee to such Fuel Supplier for the purchase of fuel pursuant to this Interim Order under section 549 of the Bankruptcy Code on the basis that such funds constitute the Cash Collateral of any party. Nothing in this Order shall alter, impair, condition, limit, release or otherwise prejudice or diminish any setoff, recoupment, or similar rights held by Fuel Supplier against the Debtors, the Debtors' estates, or any collateral or credit assurance provided to any Fuel Supplier by or on behalf of the Debtors. All such rights are hereby preserved.

7. *Preservation of Rights Granted Under This Order*. The liens and claims granted by the provisions of this Interim Order shall survive, and shall not be modified, impaired or discharged by entry of an order dismissing these Cases.

8. *Binding Effect; Successors and Assigns*. The provisions of this Interim Order, shall be binding upon all parties in interest in these Cases, including, without limitation, the Trustee, the DIP Lenders, the Debtors, and their respective successors and assigns.

9. *Reservation of Rights*. The Trustee reserves all rights to seek other or additional use of Cash Collateral on such further or different terms and conditions as may be approved by the Court, and the DIP Agent reserves all rights to object and to seek other or additional relief. Nothing herein shall prejudice any party's rights under the Final DIP Order or otherwise.

10. *Effectiveness*. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Interim Order as provided in such Rules. This Interim Order shall be valid, binding, and enforceable on all parties in interest and fully effective immediately upon entry.

**Signed: September 09, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

# **EXHIBIT 1**

(*Budget*)

Case 23-90147   Document 1454   Filed in TXSB on 09/15/23   Page 7 of 8

**MEX - Wind Down Budget**

| 4-Week Wind-Down Budget<br>Mountain Express Oil<br>($ in '000s) | Week 1<br>*Forecast*<br>1-Sep-23 | Week 2<br>*Forecast*<br>8-Sep-23 | Week 3<br>*Forecast*<br>15-Sep-23 | Week 4<br>*Forecast*<br>22-Sep-23 | Total<br>4-Week Period<br>Sep-23 |
|---|---:|---:|---:|---:|---:|
| **Operating Receipts** | | | | | |
|   Net Fuel Profit | $ - | $ - | $ - | $ - | $ - |
|   Rent Income | - | - | - | - | - |
|   Net Retail Supporting Operations | - | - | - | - | - |
|   Other Receipts | - | - | - | - | - |
| **Total Operating Receipts** | $ - | $ - | $ - | $ - | $ - |
| **Operating Disbursements** | | | | | |
|   Rent Expense | (36) | - | - | - | (36) |
|   Health Insurance | (89) | - | - | - | (89) |
|   CNR | (93) | (50) | | | (143) |
|   PDI | (46) | (46) | (78) | (78) | (248) |
|   Data / Records Retention | (83) | (21) | (21) | (21) | (146) |
|   Insurance | - | (805) | - | - | (805) |
|   Motor Fuel Tax | - | (293) | (293) | - | (586) |
|   Other G&A | (3) | (3) | (3) | (3) | (12) |
|   20% Variance | (95) | (107) | (79) | (21) | (302) |
| **Total Operating Costs** | $ (445) | $ (1,325) | $ (474) | $ (123) | $ (2,368) |
| **Operating Cash Flow** | $ (445) | $ (1,325) | $ (474) | $ (123) | $ (2,368) |
| **Restructuring Related** | | | | | |
|   Restructuring Fees | (125) | (125) | (125) | (125) | (500) |
| **Total Restructuring Related** | $ (125) | $ (125) | $ (125) | $ (125) | $ (500) |
| **Net Cash Flow** | $ (570) | $ (1,450) | $ (599) | $ (248) | $ (2,868) |
| **Cash (Unrestricted)** | | | | | |
|   Beginning Balance | $ 2,465 | $ 1,895 | $ 445 | $ (155) | $ 2,465 |
|   Net Cash Flow | (570) | (1,450) | (599) | (248) | (2,868) |
| **Ending Unrestricted Cash Balance** | $ 1,895 | $ 445 | $ (155) | $ (403) | $ (403) |
| **Segregated S&U Tax Account** | | | | | |
|   Beginning Balance | $ 1,100 | $ 1,100 | $ 408 | $ 408 | $ 1,100 |
|   (–) S&U Tax Payments | - | (692) | - | (442) | (1,134) |
| **Ending S&U Tax Account Balance** | $ 1,100 | $ 408 | $ 408 | $ (34) | $ (34) |
| **Proliant Payroll Funds** | | | | | |
|   Beginning Balance | $ 550 | $ 330 | $ 290 | $ 250 | $ 550 |
|   (-)Payroll Wages | (30) | (30) | (30) | (30) | (120) |
|   (–) Payroll & Benefits | (10) | (10) | (10) | (10) | (40) |
|   (–) KERP (2nd Payment) | (180) | | | | (180) |
| **Ending Proliant Funds** | $ 330 | $ 290 | $ 250 | $ 210 | $ 210 |