United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 12, 2023
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **Mountain Express Oil Company**, *et al.*, | § | **Case No. 23-90147 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **Jointly Administered** |
| | § | |

(Docket Nos. 1456 and 1458)

**ORDER GRANTING CHAPTER 7 TRUSTEE'S EMERGENCY AMENDED MOTION FOR APPROVAL OF SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES UNDER 11 U.S.C. § 363(B) AND (F)**

The Court has considered the *Chapter 7 Trustee's Emergency Amended Motion for Approval of Sale of Assets Free and Clear of Liens, Claims, Interests and Encumbrances Under 11 U.S.C. § 363(b) and (f)* ("Motion"). After considering this Motion, the evidence presented, and any arguments of counsel, the Court finds that under the circumstances emergency consideration of the Motion is proper, that notice of the Motion is proper, that the Motion is well-founded, and that the proposed sale of Assets ("Sale") is in the best interest of these bankruptcy estates, and such Sale is proper pursuant to sections 363(b)(1) and 363(f) of the Bankruptcy Code. Accordingly, it is ordered that:

1. Pursuant to all applicable statutory and procedural predicates, including, without limitation, §§105(a), 363(b), and 363(f) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9014, the relief requested in the Motion is granted to the extent set forth herein and the transactions contemplated thereby.

---

[1] A complete list of each of the Debtors in these chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 7 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

14168664v1

2. The Trustee is authorized to sell to SASS Petroleum, LLC ("Buyer") for the sum of $146,788.84 for the Purchased Assets as defined in the Motion and the assumption of the Assumed Liabilities. From the purchase price, $46,788.84 shall be paid directly to the DIP Agent at closing.

3. The Buyer has represented to the Trustee, and the DIP Agent that it and its principals are not insiders of the Debtors and have no connections with the Debtors' insiders other than the US Fueling joint venture.

4. Upon the closing of the Sale:

    a. The Buyer shall assume and be liable for the Assumed Liabilities as defined in the Motion only; and

    b. The Exclusive Fuel Supply Agreement between United States Fueling, LLC Fueling and Mountain Express Company ("MEX") shall terminate.

5. The Trustee shall use reasonable efforts to assist in the transfer of any data related to US Fueling operations to the Buyer.

6. This Sale shall be free and clear of liens, claims, encumbrances, and interests, other than the Assumed Liabilities, pursuant to sections 363(b) and (f) of the Bankruptcy Code, with all valid and properly perfected liens attaching to the sale proceeds to the same extent and validity and in the same order as priority of liens pursuant to that certain Final DIP Financing Order.

7. The Buyer is not the successor to the Debtors or their estates by reason of any theory of law or equity, and the Buyer shall not assume, or in any way be responsible for,

14168664v1

any liability or obligation of the Debtors and/or their estates, other than the Assumed Liabilities.

8. The Buyer is a buyer in good faith of the Purchased Assets, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

9. Pursuant to sections 363 of the Bankruptcy Code, the Trustee and the Buyer are authorized, empowered and directed, without further order of this Court, to use their reasonable best efforts to take any and all actions necessary or appropriate to consummate and close the Sale in accordance with the terms and conditions of this Order.

10. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or any applicable provisions of the Bankruptcy Rules or the Local Rules or otherwise stating the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of the effectiveness and enforceability of this Order is hereby waived.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:  September 11, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**