IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-90147 |
| MOUNTAIN EXPRESS OIL COMPANY, | § | CHAPTER 7 |
| DEBTOR | § | JUDGE: DAVID R. JONES |

MOTION OF SUMITOMO MITSUI FINANCE AND LEASING, CO., LTD
FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 362(d)(2) AND
WAIVER OF FOURTEEN (14) DAY STAY PURSUANT TO RULE 4001 (a)(3)

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON WEDNESDAY, OCTOBER 25, 2023 AT 2:00 P.M. IN COURTROOM 400, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Sumitomo Mitsui Finance and Leasing, Co., Ltd. ("Sumitomo") files this motion for relief from the automatic stay and respectfully states as follows:

I.  **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(1).

II. **SUMMARY OF FACTS**

3. The facts of this matter are more fully presented in the accompanying affidavit of Yuji Ishihara (the "Ishihara Aff."), a Deputy General Manager of Sumitomo.

4. In short, Vision Financial Group, Inc. ("Vision") provided financing to the Debtor under a Commercial Finance Agreement (the" Agreement").

5. Pursuant to the terms of the Agreement, Vision provided financing to the Debtor to enable it to acquire a 2020 Elastec Vacuum Trailer, VIN #1E9PE1822LC371238 (the "Trailer"). (See, Exhibit "A" to Ishihara Aff.)

6. Vision perfected its interest in the Trailer by notating its lien on the Certificate of Title issued by the Texas Department of Motor Vehicles. (See, Exhibit "B" to Ishihara Aff.)

7. Vision duly assigned all right, title, and interest in and to the Agreement to Sumitomo. (See, Exhibit "C" to Ishihara Aff.)

8. There remains due and owing under the Agreement the principal sum of $47,822.50. Sumitomo believes that the value of the Trailer is $45,000.00. (See, Ishihara Aff. ¶12).

9. The Trailer is depreciating in value. (See, Ishihara Aff. ¶13).

10. Sumitomo seeks relief from the automatic stay so that it can take possession and sell the trucks in order to begin to mitigate its damages.

**SUMITOMO IS ENTITLED TO STAY RELIEF UNDER 362(d)(2)**

11. 11 U.S.C. §362(d)(2) provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if –
> >
> > > (A) the debtor does not have an equity in such property; and,

        (B)    such property is not necessary to an effective reorganization."

12. Under Section 362(g), Sumitomo has the burden of proof on the issue of the Debtor's equity, and the Debtor has the burden on all other issues.

13. As set forth above, Sumitomo maintains a lien on the Trailer in the approximate amount of $47,822.50 while the corresponding wholesale value for the Trailer is only $45,000.

14. As a result, the Debtor cannot claim to have any equity in the Trailer. Accordingly, the first prong of the 362(d)(2) analysis is satisfied.

15. The second prong of this analysis requires that the property not be necessary to an effective reorganization.

16. Here the second prong is easily satisfied as the Debtor is no longer seeking to reorganize but has converted its case to Chapter 7.

17. Accordingly, because the requirements of 362(d)(2) have been satisfied, relief from stay should be granted so that Sumitomo may take those steps necessary to mitigate its damages.

18. Additionally, Sumitomo requests waiver of the fourteen (14) day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure as it has been advised that the landlord where the vehicles are being stored would like them to be removed from his property.

## **PRAYER FOR RELIEF**

**WHEREFORE,** based upon the foregoing, Sumitomo respectfully requests that the Court enter an order pursuant to 11 U.S.C. 362 (d) granting Sumitomo relief from the automatic stay to enforce its rights with respect to the Trailer, including but not limited to taking possession of the Trailer, selling the same, and applying the proceeds thereof to the obligations owing to Sumitomo; or alternatively, ordering the Debtor to provide Sumitomo with adequate protection,

in the form of monthly payments and for waiver of the fourteen (14) day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure and for such other and further relief as this Court deems just and proper.

    Respectfully submitted this 15th day of September 2023

                      OFFERMAN & KING, L.L.P.
                      BY:  /s/ James W. King
                          JAMES W. KING
                          TBA NO. 00791029
                          6420 WELLINGTON PLACE
                          BEAUMONT, TEXAS  77706
                          (409) 860-9000
                          jwk@offermanking.com
                  ATTORNEY IN CHARGE FOR SUMITOMO

CERTIFICATE OF CONFERENCE

I, James W. King, Attorney for Movant, do hereby certify that on September, 2023, I left a telephone message with the Debtor's attorney's office concerning Movant's intention to file this motion.  Agreement was not reached concerning the subject matter of the Motion to Lift Stay.

/s/ James W. King
James W. King

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing have been forwarded to the following parties by electronic means or by first-class mail in compliance with Local Bankruptcy Rule 9013(g):

Attorney for Debtor:
Steven William Golden
780 Third Avenue
34th Floor
New York, NY 10017

Chapter 7 Trustee:
Janet S. Northrup
1201 Louisiana Street
Houston, TX  77001

U.S. Trustee:
U.S. Trustee
515 Rusk Ave.
Suite 3516
Houston, TX  77002

Debtor:
Mountain Express Oil Company
3650 Mansell Road
Suite 250
Alpharetta, GA 30022

Parties that will not be
Electronically Notified:

FTI Consulting, Inc.
1166 Avenue of the Americas
New York, NY 10036

Indiana Department of Revenue
Bankruptcy Section
Room N-203
100 North Senate Avenue
Indianapolis, IN 46204

Kwick Mart, LLC
1005 Pinnacle Ct.
McDonald, PA 15057

Lindsay Enterprises
P.O. Box 1886
West Monroe, LA 71294

Janet S. Northrup
1201 Louisiana Street
28th Floor
Houston, TX 77001

Oklahoma County Treasurer
c/o Tammy Jones
320 Ribert S. Kerr
Room 307
Oklahoma City, OK 736102

Pinky's Bar & Grill
870 Dallas Hwy., Ste. C
Douglasville, GA 30134


and to all parties on the attached list of creditors dated September 12, 2023.

This service complies with Local Rule of Bankruptcy Procedure **9013(f)** and has been accomplished.

SIGNED AND DONE on this 15th day of September, 2023.

/s/ James W. King
James W. King