**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | Case No. 23-90147 |
| | § | Jointly Administered |
| | § | |
| Mountain Express Oil Company, *et al* | § | (Chapter 7) |
| | § | |
| Debtors. | § | Judge David R. Jones |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND FOR
REIMBURSEMENT OF EXPENSES BY HUGHES WATTERS ASKANASE, LLP
AS ATTORNEYS FOR *CHAPTER 11* TRUSTEE FOR
AUGUST 17, 2023 THROUGH AUGUST 24, 2023**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:

## FEE APPLICATION COVER SHEET

| | | |
|---|---|---|
| Name of Applicant: | | Hughes Watters Askanase, LLP |
| Applicant's Role in Case: | | General Counsel for the **Chapter 11** Trustee |
| Date Order of Employment Signed | | 08/30/2023 [Dkt 1432] |
| Effective date of order approving professional's retention: | | August 17, 2023 |
| | Beginning of Period | Ending of Period |
| Time period covered by this Application: | August 17, 2023 | August 24, 2023 |
| Time period(s) covered by prior applications: | N/A | N/A |
| Total amounts awarded in all prior Applications: | | N/A |
| Total fees requested in this Application: | | $87,380.00 |
| Total professional fees requested in this Application: | | $86,750.00 |
| Total actual professional hours covered by this Application: | | 116.9 |
| Average hourly rate for professionals: | | $742.09 |
| Total paraprofessional fees requested in this Application: | | $630.00 |
| Total actual paraprofessional hours covered by this Application: | | 2.8 |
| Average hourly rate for paraprofessionals: | | $225.00 |
| Reimbursable expenses sought in this Application: | | $0 |
| Total to be paid to priority unsecured creditors: | | N/A – Converted to Ch. 7 |
| Anticipated % dividend to priority unsecured creditors: | | N/A – Converted to Ch. 7 |
| Total to be paid to general unsecured creditors: | | N/A – Converted to Ch. 7 |
| Anticipated % dividend to general unsecured creditors: | | N/A – Converted to Ch. 7 |
| Date of confirmation hearing: | | N/A – Converted to Ch. 7 |
| Indicate whether Plan has been confirmed: | | N/A – Converted to Ch. 7 |

COMES NOW, Hughes Watters Askanase, LLP ("**Applicant**" or "**HWA**"), and respectfully submits its *First and Final Application for Compensation and for Reimbursement of Expenses by Hughes Watters Askanase, LLP as Attorneys for Chapter 11 Trustee for August 17, 2023 through August 24, 2023* (the "**Application**").[1] The total amount for which the Court's approval is sought is compensation of $82,205.00 in professional and paraprofessional fees for the period covered by this

---

[1] HWA reserves its right to submit applications for compensation and reimbursement of expenses as general counsel for the Chapter 7 Trustee. This first and final fee application covers only services and expenses on behalf of the Chapter 11 Trustee.

2

3104324

Application, and $5,175.00 (6.9 hours) for preparation of this Application, totaling $87,380.00. In support of the Application, Applicant respectfully shows as follows:

### Background

A.    **The Debtors' Bankruptcy Cases and the Appointment of the Chapter 11 Trustee.**

1.    On or about March 18, 2023 (the "**Petition Date**"), Mountain Express Oil Company and affiliated debtors (collectively the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code and thereby commenced these bankruptcy cases. On March 20, 2023, the Court ordered joint administration of the cases [docket no. 33]. From the Petition Date until August 17, 2023, the Debtors operated their businesses as debtors in possession under Chapter 11 of the Bankruptcy Code. On that date, the Court ordered the appointment of a Chapter 11 trustee, and Janet S. Northrup ("**Chapter 11 Trustee**") was appointed [docket no. 1284].[2]

B.    **The Employment of HWA as Attorneys for the Chapter 11 Trustee.**

4.    On August 24, 2023, the Chapter 11 Trustee filed her *Trustee's Application to Employ Counsel* [docket no. 1395]. On August 30, 2023, the Court entered its *Order Authorizing Employment of Counsel,* which approved the employment of HWA as general bankruptcy counsel to the Chapter 11 Trustee effective as of August 17, 2023 (the "**HWA Chapter 11 Employment Order**") [docket no. 1432].

5.    HWA has performed legal services as general counsel to the Chapter 11 Trustee pursuant to the HWA Chapter 11 Employment Order and the Chapter 11 Trustee's requests. All of the services rendered by HWA were performed for and on behalf of the Chapter 11 Trustee and not on behalf of any committee, creditor, or other person.

---

[2] On August 24, 2023, after a status conference requested by the Chapter 11 trustee, the cases were converted to Chapter 7. Thereafter, Janet S. Northrup was appointed as the Chapter 7 Trustee (the "**Chapter 7 Trustee**") in the jointly administered cases [docket no. 1398].

3104324

6. HWA is a law firm composed of attorneys duly licensed to practice law before the courts of the State of Texas, the United States District Court for the Southern District of Texas, and other relevant courts.  HWA's offices are located at TotalEnergies Tower, 1201 Louisiana Street, 28th Floor, Houston, Texas 77002.

7. HWA has made the disclosures required by law and has no agreement or understanding with any other person with respect to sharing the compensation to be allowed HWA for services rendered in the case.

8. If HWA is not allowed compensation as requested herein, such denial would have the effect of HWA having provided, without compensation, valuable services, expertise, and experience to the Chapter 11 Trustee and would undermine the intent of § 330 of the Bankruptcy Code.  *See Matter of Baldwin United Corp.,* 36 B.R. 401 (Bankr. S.D. Ohio 1984); *In re Wilson Foods Corp.,* 36 B.R. 317 (Bankr. W.D. Okla. 1984).

**C.     The Fees and Expenses Requested.**

9. On August 23, 2023, the Court entered the *Amended Stipulation and Agreed Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, and (C) Modifying the Automatic Stay* (the "**Cash Collateral Order**") [docket no. 1372], which *inter alia* provided a line item in the cash collateral budget for fees of the Chapter 11 Trustee and her professionals, including HWA.  On August 24, 2023, the Court entered the *Order (I) Converting Chapter 11 Cases, (II) Rejecting Leases, (III) Terminating Certain Agreements, and (IV) Granting Related Relief* (the "**Conversion Order**") [docket no. 1397], providing that the the DIP Lenders' collateral was subject to a carve-out in the amount of $1.5 million for the benefit of certain creditors, including the Chapter 11 Trustee and her professionals with respect to allowed Chapter 11 administrative expense claims.

10. This Application seeks final approval and payment from the estate of Mountain Express Oil Company ("**MEX**") for HWA's professional services rendered from August 17, 2023 through August 24, 2023 (the "**Application Period**"), and compensation for preparation of this Application. HWA rendered a total of 119.7 hours of professional and paraprofessional services on behalf of the Chapter 11 Trustee, including 6.9 hours for fee application preparation after the Application Period. Attached as **Exhibit A** is the detailed statement of the services performed by HWA for the Estate.

11. As shown in detail in **Exhibit A**, HWA's professional and paraprofessional fees total $82,205.00 for the Application Period. HWA also seeks approval of $5,175.00 (6.9 hours) for preparation of this Application. **Exhibit A** reflects the hours spent on the case while in Chapter 11, and the hourly rate of each participating attorney, law clerk, and legal assistant. All of HWA's services rendered were for and on behalf of the Chapter 11 Trustee. No agreement or understanding exists between HWA and any other person with respect to sharing any compensation awarded to HWA in connection with its representation of the Chapter 11 Trustee in the case.

## Summary of Major Tasks

12. <u>General Background</u>. After months of the Debtors attempting to sell their assets, First Horizon Bank as Administrative Agent filed an emergency motion to appoint a chapter 11 trustee, or alternatively, to convert the Debtors' cases to chapter 7 [docket no. 1280]. The Chapter 11 Trustee was appointed in this case on August 17, 2023. Immediately upon her appointment, the Chapter 11 Trustee was faced with a liquidity crisis that threatened the Debtors' continued operations during the following days. Prior to appointment of the Chapter 11 Trustee, Judge Marvin Isgur served as mediator in the hopes of resolving disputes among the Debtors' various constituents and formulating a path forward designed to keep the Debtors alive as going concerns.

3104324

13.     The Chapter 11 Trustee, along with her professionals, continued to work with Judge Isgur as mediator and the various case constituents in these efforts. However, after days of efforts to continue as going concerns, the Chapter 11 Trustee requested a status conference. On August 24, 2023, the Chapter 11 Trustee reported to the Court, and the cases were converted to Chapter 7 proceedings [docket no. 1397]. This Application seeks final approval for HWA's services to the Chapter 11 Trustee.

14.     The legal services performed by Applicant can be summarized by project as follows

15.     **Task 1.   General Administration (56.6 hours; $41,747.50).**   General case administration includes matters not allocable to particular tasks, but which nonetheless must be performed to ensure the case proceeds properly. Time in this category includes overall case management, issues with Debtors' books and records, and conferring with the Chapter 11 Trustee to keep her informed as to case status. As the Court is well aware, this is a complex case with multiple Debtors, disparate constituencies, and a large number of attorneys. As the Chapter 11 Trustee was not appointed until five months into the case, there were a substantial number of key pleadings and Orders to be digested and analyzed, in order to properly advise the Chapter 11 Trustee and develop strategies for the case. Applicant conferred either in person, on the phone, by Zoom meetings, or by email with numerous interested parties regarding the case, Debtors' operations, and general issues to be addressed, including Judge Isgur as mediator, potential buyers, oil companies, fuel suppliers, and landlords. Normally, HWA strives to separate such communications into more specific categories, but the communications were intense, frequent, voluminous, and often overlapped several task categories. HWA therefore considers that many of these communications are most properly categorized as General Administration.

16. Applicant also reviewed the Debtors' cash position and proposals from constituents, prepared for and attended the initial and continued status conference hearings, and two hearings regarding conversion to Chapter 7.

17. **Task 2. Asset Analysis and Recovery (27.4 hours; $19,180.00)**. Asset analysis and recovery includes fees incurred for the identification of potential Estate assets and the evaluation of whether further action should be taken in connection therewith. Applicant prepared for and attended mutliple mediation sessions with Judge Isgur and the stakeholders. Various proposals were reviewed and analyzed, with recommendations made to the Chapter 11 Trustee for negotiations and actions. Negotiations with a number of interested parties, including lenders, landlords, fuel suppliers and potential purchasers, were also conducted outside the mediation sessions, including Zoom meetings.

18. **Task 3. Asset Sales (15.0 hours; $11,595.00).** There were competing offers to acquire the assets, and each required review and analysis. The term sheets presented by the two potential buyer were addressed, issues and concerns were identified, and recommendations were made, sometimes to be followed by revised term sheets or new structures for the proposed sale, thus starting the process again. As all proposals were considered, Applicant communicated with the interested parties for input on the process. Drafts of possible closing documents were also reviewed.

19. **Task 11. Creditor Matters (1.8 hours; $1,282.50).** Research was conducted on claims by creditors, and meetings were held with various creditors regarding the status of the case and options for moving forward.

20. **Task 12. Relief From Stay Proceedings (8.5 hours; $5,950.00).** Applicant reviewed multiple motions for relief from the automatic stay, including those by dealers needing fuel purchases from third parties and those by landlords, and conferred with parties in interest.

Revisions were made to a proposed Order allowing non-debtor fuel purchases and addressing operational issues, including possible global relief from the stay.

21. **Task 18.  Use of Cash Collateral (3.3 hours; $2,310.00).**  Applicant negotiated an Order for the use of cash collateral, including obtaining input from lenders and the Debtors' Chief Restructuring Officer.  These efforts resulted in the Cash Collateral Order [docket no. 1372].

22. **Task 30.  Litigation (0.2 hours; $140.00).**  Applicant worked briefly with proposed special counsel regarding possible litigation matters.

23. **Fee Application Preparation (6.9 hours; $5,175.00**).  After the time period covered by HWA's invoice, Applicant prepared this Application and the summary page required by the Court.

## The *First Colonial* Factors

24. HWA has not received any payments for fees or expenses during the Application Period.

25. The Fifth Circuit in *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.), *cert. denied*, 97 S. Ct. 1696 (1977), described certain factors which should be considered in compensating attorneys in Chapter 7 cases.  Those factors are instructive here, and are discussed in the following paragraphs.

26. <u>Time and labor required and novelty and difficulty of the questions involved</u>.  As reflected in Exhibit A, the Applicant's professionals and paraprofessionals have expended a total of 119.7 hours (including 6.9 hours for fee application preparation) on the case.  The blended hourly rate for the attorneys is $742.09.  The blended hourly rate for the paraprofessionals is $225.00.  HWA has devoted the time necessary to efficiently attend to the procedures, correspondence, and pleadings involved in the case.

27. <u>Reputation of attorneys</u>.  The attorneys involved in the case have regularly appeared before the Courts of the Southern District.  These attorneys have significant experience in bankruptcy law including reorganizations and liquidations and have regularly represented Chapter 7 and Chapter 11 debtors and Chapters 7 and Chapter 11 trustees in both large and small cases for many years.  Therefore, HWA's attorneys are well qualified to represent the Chapter 11 Trustee in the case.

28. <u>Skill required</u>.  The preceding paragraphs reflect the skill required by the case.  An elevated degree of skill has been required and employed by HWA in the representation of the Chapter 11 Trustee for the reasons indicated.

29. <u>Preclusion of other employment</u>.  HWA was precluded from engaging in other employment only to the extent of the 119.7 hours in the case, including 6.9 hours for fee application preparation after the Application Period.

30. <u>Undesirability of the Case</u>.  Representation of the Chapter 11 Trustee was not undesirable, as there was sufficient cash collateral and an agreement with the secured lender pursuant to the Cash Collateral Order and the Conversion Order.

31. <u>Results obtained</u>.  HWA has efficiently attended to the matters as described above, with intense investigation and development of strategy to move the case forward, as noted above.

32. <u>Time limitations imposed by the case</u>.  HWA's attorneys have been available at all times to meet the Chapter 11 Trustee's needs as they have arisen.  Almost all of the matters during the Application Period required immediate attention of counsel.

33. <u>Customary charges for the services rendered</u>.  The hourly rates of HWA's attorneys are described at the end of **Exhibit A**.  The hourly rate for attorney preparation of the Application is

9

3104324

$750.00. The rates charged are commensurate with the abilities of the persons involved and are on the low end of the rates customarily charged in this district for excellent legal counsel.

34. <u>Contingent nature of the fee</u>. Representation of the Chapter 11 Trustee was not contingent, as there was sufficient cash collateral, and the Court entered the Cash Collateral Order and the Conversion Order. HWA was not hired on a percentage contingency agreement, but at the regular hourly rates of the professionals doing the work, subject to available funds.

35. <u>Nature and length of professional relationship with client</u>. HWA has represented the Chapter 11 Trustee in many Chapter 7 and Chapter 11 cases over the past several years and has a close working relationship with her. Since 2007, the Trustee is of counsel to HWA, but not a partner in HWA.

36. <u>Awards in similar cases</u>. This Court is familiar with the size of fee awards in cases similar to this case. The Court may wish to consider that awards of similar or larger fees have been made in other cases over the past years in this district.

37. <u>Economic administration of the Estate</u>. In its representation of the Chapter 11 Trustee, HWA has sought to conserve the Estate and believes that the fees requested herein were reasonable and necessary in light of the circumstances at the time.

38. HWA believes the compensation sought herein is reasonable and represents work that was necessary to the proper administration of the Chapter 11 Estate.

39. HWA, in compliance with Fed. R. Bankr. P. 2016, hereby states that: (i) no compensation previously received has been shared with any other entity; and (ii) no agreement or understanding exists between HWA and any other entity for the sharing of compensation received or to be received for services rendered in connection with the case. HWA did not receive any pre-

10

or post-employment retainer in this matter and is holding no funds belonging to the Chapter 11 Trustee or the Debtors.

40. HWA has submitted this Application to the Chapter 11 Trustee for review prior to filing it, and she has no objection to it.

### Conclusion

WHEREFORE, HWA prays that this Court, after notice and any hearing, enter an Order (i) authorizing payment on a final basis from the MEX Estate, pursuant to the Cash Collateral Order and the Conversion Order, of compensation to HWA for its professional and paraprofessional fees of $82,205.00 during the Application Period, and fee application compensation of $5,175.00, which total $87,380.00, such payment being a priority administrative expense under § 507(a)(2) of the Bankruptcy Code; and (ii) granting such other and further relief to which HWA may be entitled.

Dated: September 19, 2023.

Respectfully submitted,

*/s/ Heather Heath McIntyre*
Wayne Kitchens        TBN 11541110
wkitchens@hwa.com
Heather McIntyre      TBN 24041076
hmcintyre@hwa.com
Hughes Watters Askanase, LLP
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
**ATTORNEYS FOR CHAPTER 11 TRUSTEE, JANET S. NORTHRUP**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on (i) all parties receiving ECF notice in the case by electronic transmission on September 19, 2023.

                                        */s/ Heather Heath McIntyre*
                                        Heather Heath McIntyre

3104324