**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | Case No. 23-90147-H2-7 |
| | § | |
| Mountain Express Oil Company, et al[1], | § | (Chapter 7) |
| | § | |
| Debtors. | § | Jointly Administered. |

**TRUSTEE'S APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL ON A**
**CONTINGENCY FEE BASIS PURSUANT TO 11 U.S.C. § 327(a) NUNC PRO TUNC**

*THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.*

*REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.*

**TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:**

The Application of Janet S. Northrup, Chapter 7 Trustee, Applicant herein, respectfully represents:

1.      The referenced Debtors commenced their Chapter 11 cases on March 18, 2023 under the United States Bankruptcy Code, Case No. 23-90147-H2-11.   On August 17, 2023, the United States Trustee appointed Janet S. Northrup as Chapter 11 Trustee.

---

[1] A complete list of each of the Debtors in these Chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov.  The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 7 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA  30022.

3104470v1

2,      On August 24, 2023, the Court entered its Order (i) Converting the Chapter 11 cases; (ii) Rejecting all Unexpired Leases of Non-Residential Real Property, (iii) Terminating All Fuel Supply Contracts, and (iv) Granting Relief [docket no. 1397].

3.      On August 24, 2023, The United States Trustee appointed Janet S. Northrup (the "*Trustee*") to serve as Chapter 7 Trustee [docket no. 1398].

4.      Applicant, as Trustee, wishes to employ James T. Johnston, Jr., LLC ("*Johnston*"), 900 Circle 75 Parkway, Suite 1735, Atlanta, Georgia  30339-3084, as Special Counsel for the Trustee for the limited purpose of collecting accounts receivable due to the bankruptcy estate for the above-captioned bankruptcy estates as directed by the Trustee.   Mr. James T. Johnston, Jr. shall act as lead special collections counsel for the Trustee.

5.      It is noted that during the Chapter 11 proceeding, by Court Order entered on May 15, 2023 [docket no. 407], the Debtors were authorized to retain and compensate James T. Johnston, LLC as a Tier 3 Ordinary Course Professional.   As such, Johnston incurred approximately $105,175.23 in fees for services rendered to the Debtors, for which he was paid in the ordinary course.

6.      Listed on **Exhibit "A"**, are eight (8) lawsuits filed by Johnston on behalf of the Debtors against various defendants which are in various stages of litigation.   In some cases, judgments have been rendered in favor of the Debtors.   Johnston has agreed to represent the estates on a contingency basis for seven (7) of the lawsuits, and on one of the lawsuits, has agreed to represent the estates on an hourly basis.   Also attached as **Exhibit "B"**, is Johnston's engagement letter which was approved during the Chapter 11 case as an Ordinary Course Professional.

7.      Applicant has selected Johnston to pursue and recover the judgments because Johnston has considerable experience in matter of this character and has represented the Debtors

3104470v1

as far back as 2005.  Applicant believes that Johnston is well qualified to represent Applicant in these cases.

8.      To the extent that ongoing litigation is necessary and any additional fees are required, Applicant hereby seeks permission to pay any and all such fees as deemed necessary in accordance with the terms referenced in Exhibit "B".  To the extent necessary, Applicant seeks Court permission and authority to ratify Johnston's employment on the terms and conditions referenced in Exhibit "B".

9.      Applicant proposes that Johnston shall perform the following professional services as Special Litigation Counsel for the Trustee:

> The collection and recovery of any and all outstanding receivables as directed by the Trustee, specifically including but not limited to making demands, filing suits, prosecution of such suits, collection of judgments, and any and all related appeals, on those cases as detailed on Exhibit "A".

10.     To the best of Applicant's knowledge after diligent inquiry, Johnston has been employed by the Debtors since 2005 and has a "connection" with the Debtors to the extent of his representation since that time.  It does not appear that Johnston has any connections to parties-in-interest of any creditors in these cases or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and has or represents no interest adverse to the Trustee or the Estate. Applicant believes that Johnston is a "disinterested person" as that term defined in 11 U.S.C. § 101(14).  The Declaration of James T. Johnston, Jr. concerning connections is attached hereto **Exhibit "C".**

11.     Johnston has accrued fees and expenses in connection with the "Kase" matter as detailed on Exhibit "B" of approximately $25,000.00 and as such is a Chapter 11 administrative claimant for those amounts.  However, the Trustee will soon file a motion

3104470v1

to compromise the "Kase" matter for a cash payment to the Estate of $200,000.00. Applicant contends that under the terms of Johnston's Ordinary Course retention and the result of his work on the "Kase" matter, Johnston should be paid all amounts due upon approval of the proposed motion to compromise.  This settlement is clearly a significant benefit to the estates.

12.     The Trustee believes it is necessary and in the best interest of the Estates for Johnston to be hired on the terms set forth above and or detailed on Exhibits "A" and "B" to prosecute and recover outstanding receivables and judgments in furtherance of liquidation of the Debtors' estates on a contingency and hourly basis.

13.     Applicant certifies that Johnston is not being employed to perform duties required to be performed by the Trustee.  The Applicant has informed Johnston that if trustee duties are performed, the bankruptcy estates may not compensation Johnston for those services.

**WHEREFORE,** Applicant prays that Applicant be authorized to employ and appoint, James T. Johnston, Jr., LLC as special litigation counsel effective the date of this Application, and that all services performed prior to this Application be fully ratified

3104470v1

pursuant to Johnston's retention as an Ordinary Course Professional on the terms as set forth in Exhibit "B" for those matters referred in Exhibit "A",  all pursuant to U.S.C. §327(a), and that Applicant have such other and further relief as is just.

DATE:  September 29, 2023.

Respectfully submitted,

_/s/ Janet S. Northrup_
Janet S. Northrup, Trustee
TotalEnergies Tower
1201 Louisiana, 28th Floor
Houston, Texas  77002
(713) 759-0818 Telephone
(713) 759-6834 Facsimile
jsnorthrup@hwa.com

**CHAPTER 7 TRUSTEE**

3104470v1

**CERTIFICATE OF SERVICE**

I hereby certify that I served this *Trustee's Application to Employ Special Litigation Counsel on a Contingency Fee Basis Pursuant to 11 U.S.C. §327(a) Nunc Pro Tunc* was served to all parties entitled to received notification via CM/ECF and to all parties listed on the "Service List" attached by U.S. Mail, First Class, postage prepaid on this the 29th day of September, 2023.

/s/ Janet Northrup
Janet Northrup, Trustee

3104470v1