DocuSign Envelope ID: 8AA3A246-F312-4844-90F6-5BAEFF89692E

Law Offices
# JAMES T. JOHNSTON, JR., LLC
900 Circle 75 Parkway, Suite 1735
Atlanta, Georgia 30339-3084

(770) 859-9888                                                                                         Facsimile (770) 859-0060

June 8, 2023

Mr. Turjo Wadud
President, Mountain Express Oil Company
3650 Mansell Road, Suite 250
Alpharetta, GA 30022

**Via email only to:** Turjo.Wadud@mtnexpressoil.com

Mr. Michael Healy
c/o FTI Consulting
Chief Restructuring Officer
Mountain Express Oil Company
3650 Mansell Road, Suite 250
Alpharetta, GA 30022

**Via email only to:** Michael.Healy@fticonsulting.com

Re:    Legal Representation of Mountain Express Oil Company

Dear Turjo and Michael:

      I am providing this amended and restated engagement letter to memorialize the continuation of our Firm's long term legal representation of Mountain Express Oil Company ("Company"). To provide some context, our Firm's representation of the Company dates back to 2005 and with the exception of more recent sale leaseback transactions, we've handled most corporate matters on an hourly basis. The types of matters are far reaching and include: (i) taxation-income tax audits, property tax, tax advantaged structures for real estate transactions, penalty abatements and general consultation on the tax effects of purchases and sales; (ii) contracts-employment agreements for officers and executive level employees, bonus plans for executives

**EXHIBIT "B"**

Mr. Turjo Wadud
Mr. Michael Healy
June 8, 2023
Page 2

based on EBITDA and productivity factors, fuel supply agreements (wholesale and commission), restrictive covenants, real estate and equipment leases, purchase and sale agreements (both asset and stock), partnership, shareholder, LLC operating and joint venture agreements; (iii) banking and lending-credit agreements, legal opinions, purchase of debt and participation agreements; (iv) real estate-acquisitions and sales of convenience store and commercial properties; and (v) litigation-defense and as plaintiff, with collection actions on fuel supply agreements frequently taken on a contingency fee basis.

All contingency fee agreements currently in force specify a fifty percent (50%) fee after deduction of our out of pocket expenses. By this letter and notwithstanding anything to the contrary in these agreements, the contingency fee percentage shall be thirty percent (30%) from this date forward.

Turning now to the terms upon which I will continue to represent the Company by the hour:

We will bill you as follows:

a. Detailed billing statements ("Statements") will be rendered on a monthly basis, shall be due and payable upon receipt, and shall show the work performed by date, professional and the amount of time spent;

b. We will bill you on the basis of fees, plus expenses, with fees being determined by the regular hourly rate for an attorney and paralegals;

c. My current hourly rate is $495.00; rates for my paralegals, Deborah J. Stemle and Karon M. Jones, are $220.00 and $195.00, respectively. To the extent that we utilize the services of any of our other attorneys or paralegals (if any), we will confirm in writing the Company's approval of the use of such attorney or paralegal prior to providing any services, to the extent their rates are not consistent with those in the foregoing sentence.

Mr. Turjo Wadud
Mr. Michael Healy
June 8, 2023
Page 3

    d.    Whenever the services of other professionals are utilized, their time will be billed at their regular hourly rates, and to the extent practicable I will make use of paralegal assistants, to minimize the cost to you.

    e.    All Statements outstanding over thirty (30) days after the earlier of (i) the date that the invoice is received by the Company and (ii) 5 days after the postmark or other transmission date, such statements will bear interest at the rate of one percent (1%) per month (twelve percent (12%) per annum), simple interest from the original invoice date. Notwithstanding the foregoing, Statements will only begin to accrue interest as indicated in the foregoing sentence if the delay is solely due to the Company, and not due to any third parties or any legal requirements in the Company's chapter 11 cases or otherwise.

    f.    Any complaint regarding any Statement or any of the services provided by us in connection with any Statement must be made in writing, and if not received by us within thirty (30) days of such Statement, the Statement shall be deemed correct and any such complaint will be waived.

    g.    You may discharge the Firm at any time for any reason, but all unpaid charges which accrued prior to discharge shall remain fully payable.

Please confirm that you agree with the foregoing as the basis for our engagement by signing at the bottom of this letter in the space provided and return the signed copy to me at your earliest convenience.

We appreciate the opportunity to be of service to you and look forward to working on this matter.

    Very truly yours,

    *James T. Johnston Jr.*

    James T. Johnston, Jr.

DocuSign Envelope ID: 8AA3A246-F312-4844-90F6-5BAEFF89692E

Mr. Turjo Wadud
Mr. Michael Healy
June 8, 2023
Page 4

## Acknowledgement and Consent

An authorized representative of the Company hereby acknowledges that the within and foregoing recitation of terms concerning the Firm's representation of Mountain Express Oil Company is fully agreed to and consents to such representation.

**AGREED TO BY:**

MOUNTAIN EXPRESS OIL COMPANY

By: _____
      *Turjo Wadud* (DocuSigned)
      Turjo Wadud, President