UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: § | Case No. 23-90147-H2-7 | |
| § | | |
| Mountain Express Oil Company, et al[1], § | (Chapter 7) | |
| § | | |
| Debtors. § | Jointly Administered. | |

ORDER AUTHORIZING EMPLOYMENT OF
SPECIAL LITIGATION COUNSEL ON A CONTINGENCY FEE BASIS

Upon the Application of Janet S. Northrup, Trustee of the estates of the above entitled and numbered proceedings, praying to employ and appoint, James T. Johnston, Jr., LLC ("*Johnston*") as Special Litigation Counsel and to designate Mr. James T. Johnston, Jr. to act as lead special litigation counsel to represent Applicant as Trustee (the "*Application*"), and it appearing from the Application and Declaration that Johnston represents no interest adverse to the Trustee, the above named Debtors, or their estates, except as set forth in the Application and his Declaration, that Johnston has no connection with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, its employment is necessary and would be in the best interest of the Estates and that the cases require the retention of Special Litigation Counsel, it is hereby

**ORDERED** that the Application is **GRANTED.**

**IT IS FURTHER ORDERED** Janet S. Northrup, Trustee of the estates of the above entitled and numbered proceedings, be and hereby is authorized to employ James T. Johnston, Jr., LLC

---

[1] A complete list of each of the Debtors in these Chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov.   The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 7 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA  30022.

("*Johnston*") as Special Litigation Counsel pursuant to 11 U.S.C. § 327(a) effective as of the date of the Application to perform the following professional services on a contingency fee basis:

> The collection and recovery of any and all outstanding receivables as directed by the Trustee, specifically including but not limited to making demands, filing suits, prosecution of such suits, collection of judgments, and any and all related appeals, as to those cases on Exhibit "A" to the Application.

**IT IS FURTHER ORDERED** Johnston's contingency fees are approved as set forth in Exhibit "B" attached to the Application.

**IT IS FURTHER ORDERED** that as to the "Kase" matter described in Exhibit "A" to the Application, Johnston's hourly fee compensation is approved and ratified pursuant to his retention as an Ordinary Course Professional during the pendency of the Chapter 11 cases.

**IT IS FURTHER ORDERED** that the Trustee is hereby authorized to pay any and all filing fees required by a court in which suit is filed where the suit is related to professional services described above.

**IT IS FURTHER ORDERED** that Johnston shall not be compensated by the bankruptcy estate for performing duties required to be performed by the Trustee.

**IT IS FURTHER ORDERED** that fees generated as a result of Johnston's employment in these cases shall be subject to further order of this Court, except to the extent already approved during the pendency of the Chapter 11 cases.

**IT IS FURTHER ORDERED** that the Trustee is hereby authorized to execute all documents the Trustee deems are reasonably necessary to consummate the hiring Johnston on the terms approved by the Court in this Order.

**IT IS FURTHER ORDERED** that should Janet S. Northrup, Trustee desire for Johnston to perform any additional professional services, other than those authorized herein, or should Trustee

desire to appoint additional counsel to perform legal services, leave is hereby granted for Trustee to file such other applications or supplemental application as may be necessary.

DATE: _____

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**