United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 29, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered)<br><br>(Docket No. 1117) |

**STIPULATION AND AGREED ORDER BY AND AMONG THE DEBTORS,
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
AND COURTNEY RODRIGUEZ ON BEHALF OF LAURA L. WHITMAN**

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, the Official Committee of Unsecured Creditors (the "Committee"), and Courtney Rodriguez on behalf of decedent Laura L. Whitman ("Rodriguez," and collectively with the Debtors and Committee, the "Parties"), hereby enter into this stipulation and agreed order (the "Stipulation"),² and by and through the undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, on March 18, 2023 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

**WHEREAS**, pre-petition, on December 5, 2022, Rodriguez filed that certain *Notice of Accident to Employer and Claim of Employee, Representative, or Dependent (G.S. 97-22 through 24)*, with the North Carolina Industrial Commission (the "State Court"), thereby commencing that certain action styled as *Courtney Rodriguez, (Whole Dependent of Laura L. Whitman, Deceased*

---

¹ A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

² A capitalized term used but not defined herein shall have the meaning ascribed to it in the *Waiver Under Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement*, which is attached hereto as **Exhibit A** (the "Waiver").

*Employee) v. Mountain Express Oil Company d/b/a Quick Check, and Travelers Property Casualty Company of America*, assigned I.C. File No. 22-740244 (the "Whitman Action"). In the Whitman Action, Rodriguez asserts certain personal injury and related employment claims against, *inter alia*, the Debtors (collectively, the "Whitman Claims").

**WHEREAS**, on March 22, 2023, the Bankruptcy Court entered the *Order Authorizing the Debtors to (I) Pay and/or Honor Prepetition Wages, Salaries, Incentive Payments, Employee Benefits, and Other Compensation; (II) Remit Withholding Obligations and Deductions; (III) Maintain Employee Compensation and Benefits Programs and Pay Related Administrative Obligations; and (IV) Have applicable Banks and Other Financial Institutions Receive, Process, Honor, and Pay Certain Checks Presented for Payment and Honor Certain Fund Transfer Requests* [Docket No. 85] (the "Wage Order").[3] Among other things, the Wage Order provides that:

> The Debtors are authorized, but not directed, to continue to maintain their WC Program in the ordinary course of business. The automatic stay, to the extent applicable, is lifted without further order of this Court, to allow (a) holders of workers' compensation claims to proceed with their claims, and (b) the administration, handling, defense, settlement and/or payment of a claim covered by the WC Program and the costs related thereto in accordance with such policy (and the agreements related thereto); provided ,however, however that nothing in this order or the Motion gives a non-workers' compensation claimant relief from the automatic stay.

Wage Order ¶ 3.

> The automatic stay is hereby modified pursuant to section 362(d) of the Bankruptcy Code solely to allow the Debtors, in their discretion, to continue to assess, determine, and adjudicate any of the unpaid WC Claims during these Chapter 11 Cases.

Wage Order ¶ 9.

**WHEREAS**, there is a dispute in the Whitman Action concerning whether coverage exists under the applicable WC Program with respect to the Whitman Claims and the extent to which the

---

[3] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Wage Order.

2

Wage Order modifies the automatic stay of section 362 of the Bankruptcy Code (the "Automatic Stay") to allow such claims to proceed, and the Parties desire to enter into this Stipulation for clarity regarding such matters, subject to the terms and limitations hereof.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED TO BY THE PARTIES, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1. The above recitals are incorporated by reference herein with the same force and effect as if fully set forth hereinafter.

2. The Automatic Stay is modified on a limited basis to allow a determination by the State Court of whether coverage exists under an applicable WC Program with respect to the Whitman Claims and whether the Whitman Claims are compensable under the North Carolina Workers' Compensation Act; *provided that*, nothing in this Stipulation (i) authorizes the Debtors to pay any amounts in connection with the Whitman Action or Whitman Claims on a post-petition basis; (ii) authorizes any party to assert or pursue payment of any Claim against the Debtors outside the Bankruptcy Court; or (iii) shall be construed as (a) an admission as to the validity or priority of any prepetition claim against a Debtor entity or such Debtor entity's estate or that the Whitman Claims would be allowed claims under a chapter 11 plan; (b) a waiver of any party's right to dispute or assert any prepetition claim or defense on any grounds; (c) a promise or requirement to acknowledge or admit the Whitman Claims are compensable in the Whitman Action without the written permission of the Travelers Property Casualty Company of America, or other workers compensation proceedings or to pay any prepetition claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of any party's rights under the Bankruptcy Code or any other applicable law, except as expressly provided for herein.

3. This Stipulation may be executed by electronic means and the printed product of such shall constitute an original of this Stipulation.

4. Notwithstanding anything in the Bankruptcy Code or the Bankruptcy Rules to the contrary, this Stipulation shall be effective immediately upon Bankruptcy Court approval thereof.

5. The Bankruptcy Court shall have exclusive jurisdiction and power regarding the implementation, interpretation, and enforcement of this Stipulation.

**IT IS SO ORDERED.**

Signed: September 29, 2023.

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**AGREED AS TO FORM AND CONTENT:**

Dated: July 28, 2023

/s/ *Michael D. Warner*
**PACHULSKI STANG ZIEHL & JONES LLP**
Michael D. Warner (TX Bar No. 00792304)
Steven W. Golden (TX Bar No. 24099681)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407 mwarner@pszjlaw.com
sgolden@pszjlaw.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Jeffrey W. Dulberg (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 981-6910
Facsimile: (310) 201-0760 jpomerantz@pszjlaw.com
jdulberg@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

/s/ *Maris J. Kandestin*
**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (TX Bar No. 7846300)
Marcus A. Helt (TX Bar No. 24052187)
Jane A. Gerber (TX Bar No. 24092416)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
crgibbs@mwe.com
mhelt@mwe.com
jagerber@mwe.com

-and-

Maris J. Kandestin (admitted *pro hac vice*)
The Nemours Building
1007 North Orange Street, 10th Floor Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711 mkandestin@mwe.com

*Counsel to the Official Committee of Unsecured Creditors*

/s/ *Doug Berger*

**LAW OFFICES OF JAMES SCOTT FARRIN**
Doug Berger (NC Bar No. 17126)
555 South Mangum Street, Suite 800,
Durham, North Carolina 27701
Telephone: 1 (800) 220-7321
Facsimile: 1(800) 716-7881
dberger@farrin.com

*Counsel for Courtney Rodriguez o/b/o Decedent Laura L. Whitman*