**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | Case No. 23-90147-H2-7 |
| **MOUNTAIN EXPRESS OIL COMPANY,** *et al.*, | § § § | Chapter 7 |
| Debtors. | § § | (Jointly Administered) |

**TRUSTEE'S EXPEDITED MOTION TO DESIGNATE NEIL LANSING AS THE PERSONRESPONSIBLE TO DISCHARGE DUTIES OF THE DEBTORS UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9001(5)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OF IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THE MOVANT REQUESTS CONSIDERATION OF THE MOTION AS SOON AS THE COURT'S CALENDAR WILL ALLOW AND, IN ANY EVENT, NO LATER THAN OCTOBER 11, 2023.**

TO:     THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE

Janet S. Northrup, chapter 7 trustee (the "Trustee") of the jointly administered bankruptcy estates of Mountain Express Oil Company and affiliated debtors (collectively the "Debtors"), files this *Trustee's Expedited Motion to Designate Neil Lansing as the Person Responsible to Discharge Duties of the Debtors Under Federal Rule of Bankruptcy Procedure 9001(5)* (the "Motion").  In support of the Motion, the Trustee would respectfully submit as follows:

## I. PRELIMINARY STATEMENT

1. The Trustee seeks entry of an order designating Neil Lansing, former officer (in-house general counsel) of the Debtors, as the person responsible for discharging all of the Debtors' duties under the Bankruptcy Code.  Expedited relief is requested to ensure a Debtor representative appears at the 341 creditors meeting set for October 12, 2023 at 12:00 noon CST.

## II. JURISDICTION

2. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested in the Motion is Federal Rule of Bankruptcy Procedure 9001(5) and section 105 of the Bankruptcy Code.[1]

## III. PROCEDURAL BACKGROUND

4. On or about March 18, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code and thereby commenced these bankruptcy cases.  On March 20, 2023, the Court ordered joint administration of the cases [docket no. 33].

---

[1] Unless otherwise stated herein, all further references to the "Rules" or a "Rule" shall be references to the Federal Rules of Bankruptcy Procedure.

5. From the Petition Date until August 17, 2023, the Debtors operated their businesses as debtors in possession under Chapter 11 of the Bankruptcy Code. On that date, the Court ordered the appointment of a Chapter 11 trustee, and Janet S. Northrup was appointed [docket no. 1284].

6. On August 24, 2023, after a status conference requested by the Chapter 11 trustee, the cases were converted to Chapter 7 [docket no. 1397]. Thereafter, Janet S. Northrup was appointed as the Chapter 7 Trustee in the jointly administered cases [docket no. 1398]. The Trustee is in possession of the assets of the bankruptcy estates and is operating the businesses pursuant to the terms of an Order authorizing operations in Chapter 7 [docket no. 1421].

## IV. FACTUAL BACKGROUND

7. According to the original and amended Voluntary Petitions of Mountain Express Oil Company ("MEX"), it is a corporation [docket nos. 1 and 116]. According to records of the Texas Secretary of State, MEX is a Georgia corporation registered to conduct business in Texas since 2016. According to the Statement of Financial Affairs of MEX, Neil Lansing is in-house general counsel of MEX [docket no. 664, p. 123]. As such, Mr. Lansing is an officer of MEX.

8. The Debtors are vertically-integrated, and MEX is the ultimate parent of the other 143 Debtor entities and is privately held. *Declaration of Michael Healy in Support of Debtors' Chapter 11 Petitions and First Day Relief* [docket no. 57] (the "Healy Declaration", ¶¶6 and 18). As of the Petition Date, Lamar Frady and Turjo Wadud each own 48.5% of MEX and West Hill Ranch Investors, LLC, owns 3% of MEX. Healy Declaration, ¶18. Prior to the Petition Date, MEX and the Debtor subsidiaries had common officers and directors, and MEX and the Debtor subsidiaries engaged Michael Healy as their chief restructuring officer in connection with their chapter 11 cases.

## V. RELIEF REQUESTED

9. The Trustee seeks entry of an order designating Neil Lansing, former officer (in-house general counsel) of the Debtors, as the person responsible for discharging all of the Debtors' duties under the Bankruptcy Code.

### A. Federal Rule of Bankruptcy Procedure 9001(5)

10. Section 101(13) of the Bankruptcy Code defines a "debtor" as a "person or municipality concerning which a case under this title has been commenced." 11 U.S.C. § 101(13). While this is the primary definition of a debtor under the Bankruptcy Code, there are certain instances in which the definition of a "debtor" is expanded. *See* Fed. R. Bankr. P. 9001(5).

11. Rule 9001(5)(A) expands the definition of a "debtor" as follows:

> "Debtor." When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) if the debtor is a corporation, "debtor" includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control…

Fed. R. Bankr. P. 9001(5)(A).

12. The Debtors are corporations. Thus, Rule 9001(5) is applicable in the instant case. Mr. Lansing has been identified as an officer (in-house general counsel) of MEX, the ultimate parent of all the Debtors.

### B. Some of the Debtor's Duties Under the Bankruptcy Code[2]

13. Under section 521 of the Bankruptcy Code, a debtor has certain duties. In those instances in which a trustee has been appointed, these duties include cooperating with the trustee

---

[2] This Motion does not list all the duties imposed on the Debtors by the Bankruptcy Code and Bankruptcy Rules, and nothing in this Motion is intended to limit or waive the obligations of the Debtors to perform all duties.

as necessary to enable the trustee to perform her duties under the Bankruptcy Code, and surrendering to the trustee books and records of the estate.  11 U.S.C. § 521(a)(3) and (4).

14.     Section 343 of the Bankruptcy Code mandates that a debtor appear and submit to examination under oath at the statutory meeting of creditors held pursuant to section 341(a) of the Bankruptcy Code.  11 U.S.C. §§ 341(a) and 343.  After conversion to chapter 7, the Trustee will conduct a second meeting of creditors.  A representative of the corporate Debtors must appear.

15.     Based on her investigation to date, the Trustee believes Mr. Lansing is the person best qualified to perform the duties of the Debtors.

## VI.  EXPEDITED RELIEF REQUESTED

16.     The Trustee wishes to have a representative of the Debtor designated in advance of the scheduled creditors meeting currently set for October 12, 2023 and would request the Court consider the Motion as soon as its calendar will allow and, in any event, no later than October 11, 2023.

**WHEREFORE**, the Trustee respectfully requests the entry of an order designating Neil Lansing as the person responsible to discharge all of the Debtors' duties and granting the Trustee such other relief, both at law and in equity, to which she may justly be entitled.

*[Signature page to follow]*

DATED this 29th day September, 2023.

/s/ Heather Heath McIntyre
Wayne Kitchens     TBN 11541110
wkitchens@hwa.com
Heather McIntyre     TBN 24041076
hmcintyre@hwa.com
HUGHESWATTERSASKANASE, LLP
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834

**ATTORNEYS FOR CHAPTER 7 TRUSTEE, JANET S. NORTHRUP**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the *Trustee's Motion to Designate Neil Lansing as the Person Responsible to Discharge Duties of the Debtor Under Federal Rule of Bankruptcy Procedure 9001(5)* was served on (i) all parties receiving ECF notification in this case via ECF, and (ii) on the parties listed below as indicated on September 29, 2023.

Neil Lansing
2995 Haynes Trail
Johns Creek, GA 30022
*Via First-class mail, postage prepaid*
*Via Email* (private email not disclosed)

/s/ Heather Heath McIntyre
Heather Heath McIntyre

6