Hig **IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| MOUNTAIN EXPRESS OIL COMPANY, et al., | Case No. 23-90147 (DRJ) |
| Debtors.[1] | (Jointly Administered) |

**MOTION OF FORMER COUNSEL FOR THE DEBTORS**
**FOR ENTRY OF AN ORDER AUTHORIZING THE PAYMENT OF**
**ESTATE PROFESSIONALS' FEES PURSUANT TO FINAL**
**DIP ORDER AND PROFESSIONAL FEE ORDER**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on October 30, 2023 at 12:00 p.m. in Courtroom 400, Floor 4, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones' conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones' home page. The meeting code is "JudgeJones". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jones' home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained for a fee at the Court's website at http://ecf.txsb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases (the "Cases") is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

Pachulski Stang Ziehl & Jones LLP ("PSZJ"), former counsel for the above-captioned debtors (collectively, the "Debtors") hereby requests Court authority to distribute certain funds held in trust for the benefit of PSZJ and various Estate Professionals (this "Motion"), and respectfully states as follows:

**RELIEF REQUESTED**

1. By this Motion, PSZJ requests entry of an order, substantially in the form attached hereto (the "Proposed Order"), authorizing PSZJ to distribute Retainer Funds and Carve-Out Funds (defined below) to pay certain Fee Orders and Monthly Statements (both defined below) in accordance with the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expense Status; (III) Granting Adequate Protection; and (IV) Granting Related Relief* [Docket No. 332] (the "Final DIP Order") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 408] (the "Professional Fee Order").

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105, 363, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 4001 and 9024, and

2

Rule 4001-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

**A.     Case Background**

On March 18, 2023 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

4. On March 23, 2023, the Court entered its *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expenses Status, (III) Granting Adequate Protection, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 117] (the "Interim DIP Order").  On April 25, 2023, this Court entered the Final DIP Order described in paragraph 1 hereinabove.

5.

6. On July 19, 2023, the Court approved a further extension of post-petition credit pursuant to the *Order Approving Second Amendment to Senior Secured, Super-Priority Debtor In-Possession Credit Agreement* [Docket No. 1042].

7. On August 5, 2023, the Debtors filed an *Emergency Amended Motion of Debtors for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing* [Docket No. 1196].

8. On August 8, 2023, the Court entered the *Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, and (C) Modifying the Automatic Stay* [Docket No. 1223].

3

8.      On August 16, 2023, the DIP Agent filed, *DIP Agent's Emergency Motion to Appoint Chapter 11 Trustee, or in the Alternative, Convert These Chapter 11 Case to Case Under Chapter 7* [Docket No. 1280].

9.      On August 17, 2023, following the *Court's Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 1284], the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No, 1286], and appointed Janet S. Northrup to serve as the chapter 11 trustee in the Cases (the "Chapter 11 Trustee").

10.     On August 24, 2023, upon its own motion and the Chapter 11 Trustee's request, the Court converted these Cases to cases under chapter 7 of the Bankruptcy Code [Docket No. 1397]. Thereafter, Janet Northrup was also appointed as the chapter 7 trustee (the "Chapter 7 Trustee").

## BASIS FOR RELIEF

### B.    The Professional Fee Order and the Final DIP Order

12.     The Professional Fee Order provides a standard process by which estate professionals (i.e. professionals employed by the Debtors and the Official Committee of Unsecured Creditors) (the "Professionals") could seek interim approval of their fees and expenses on a monthly and interim (quarterly) basis. The Professional Fee Order authorizes the payment of allowed interim or final fee applications (the "Fee Orders"), and 80% of fees/100% of expenses for monthly fee statements, not timely subject to an objection (the "Monthly Statements"). *See* Professional Fee Order, Dkt. No. 408.

13.     The Final DIP Order includes a "Carve-Out" from the DIP Lenders' collateral for fees and expenses incurred by the Professionals up to the amounts contained in budgets

4

approved by the Lenders (the "Professional Fee Carve-Out").  *See* Final DIP Order, Dkt. No. 332, ¶17.

14. To ensure that there would be sufficient funds to satisfy the Professional Fee Carve-Out during the course of these cases to prevent the Professionals from having to finance these cases, the Final DIP Order contained a mechanism pursuant to which Professionals could be paid on account of Monthly Statements and Fee Orders.  Specifically, Paragraph 17 of the DIP Order required the Debtors to fund budgeted amounts for Professionals (the "Carve-Out Funds") into a professional fee reserve held by PSZJ as follows:

> Prior to the occurrence of the Carve-Out Trigger Date, the Carve-Out for Professionals shall be funded on a weekly basis to a trust account of the Debtors' counsel in the amounts specified in the Approved Budget for distribution to such Professionals once such fees and expenses are allowed by the Court. Following the occurrence of the Carve-Out Trigger Date, any remaining fees and expenses in the amount specified in the Approved Budget for the Professionals through the Carve-Out Trigger Date and the Professional Carve-Out Cap shall be funded to a trust account of the Debtors' counsel and distributed to such Professionals once such fees and expenses are allowed by the Court.

15. The Final DIP Order and the Professional Fee Order provide that all payments to the Estates' Professionals are subject to the normal caveats, including that such payments are interim, subject to *claw back*, and subject to final Fee Orders. All of the Estates' Professionals are financially capable of addressing a subsequent *claw back*.  The Final DIP Order allows for the payment of these amounts notwithstanding that the DIP Lenders have called a default and nothing in the Final DIP Order otherwise restricts the Carve-Out Funds.

16. *See* Final DIP Order, Dkt. No. 332, ¶11-17.

C. **Funding and Disbursements from the PSZJ Trust Account and Amounts Remaining**

Periodically through these cases and prior to their conversion to Chapter 7, the Debtors funded, on a weekly basis, the Carve-Out Funds into a professional fee reserve

5

maintained by PSZJ (the "PSZJ Trust Account") to satisfy the Monthly Statements and Fee Orders.

17. The PSZJ Trust Account *presently* contains $5,116,118.18.[2] Attached as **Exhibit A** is a table showing the Carve-Out Funds, received, disbursed, and still being held for each of the Estates' Professionals. The table further reflects that the Carve-Out Funds in the PSZJ Trust Account includes $400,000 held as the post-trigger notice Carve-Out (the "Post-Trigger Notice Carve-Out") in accordance with the terms of the Final DIP Order.[3]

18. As of this date, there are Monthly Statements that have been properly served and the time for objection has expired without any objection having been made, as follows:

    a.    FTI Consulting, Inc. for July, 2023 [Docket No. 1285];

    b.    Lugenbuhl Wheaton Peck Rankin & Hubbard for July, 2023 [Docket No. 1236];

    c.    Axinn, Veltrop & Harkrider LLP for May through June, and July 2023 [Docket Nos. 1154 and 1337, respectively];

    d.    Akerman LLP for June and July, 2023 [Docket Nos. 1361 and 1362, respectively];[4]

    e.    McDermott Will & Emery LLP for April through June, 2023 [Docket Nos. 715, 754 and 1228, respectively]; and

19.    f.    Province, LLC for April through June, 2023 [Docket Nos. 987, 988 and 1259, respectively].

As of this date, there are interim fee applications that have been properly served and the time for objection has expired without any objection having been made as follows:

---

[2] In addition, PSZJ is holding $195,301.67, which amount is PSZJ's remaining prepetition retainer upon commencement of the Cases after reconciliation (the "PSZJ Retainer").

[3] This Motion does not seek authorization to expend the Post-Trigger Carve-Out at this time.

[4] The Court has yet to enter the filed order approving Akerman's retention, and thus payment to Akerman will not be made until such order is entered.

a. $6,321,672.23 by FTI Consulting, Inc., of which $2,522,698.75 remains unpaid [Docket No. 1113]; [5] and

b. $4,293,132.63 by Raymond James & Associates, Inc. ("RJ"), of which $1,725,132.63 remains unpaid [Docket No. 1100].[6]

Accordingly, PSZJ now seeks authority to distribute from the Carve-Out Funds, to the extent applicable Carve-Out Funds are available in the PSZJ Trust Account, up to, but no more than, (a) 80% of the fees and reimburse 100% of the expenses of the Monthly Statements set forth in paragraph 18 hereinabove, (b) amounts due to FTI pursuant to its interim Fee Order as set forth in paragraph 19 hereinabove, and (c) amounts due to RJ pursuant to its interim Fee Order. Attached hereto as **Exhibit B** is a chart reflecting proposed distributions on account of the Monthly Statements and interim Fee Orders described in paragraphs 18 and 19 hereinabove and paragraph 21 herein below.

21. PSZJ's July 2023 Monthly Statement [Docket No. 1296] in the amount of $886,557.50, was served on August 17, 2023. Later that day, PSZJ received correspondence from the DIP Lenders which did not comply with the requirements of the Professional Fee Order, stating that the Carve-Out Funds are the DIP Lenders' cash collateral and thus cannot be used to pay PSZJ's July 2023 Monthly Statement, and asserting other vague and ambiguous objections (the "DIP Lenders' Informal Objection").[7] As set forth in Exhibit B, the PSZJ Trust Account and the PSZJ Retainer contain sufficient funds allocated to PSZJ to pay 80% of the fees ($709,246.00) and 100% of the expenses ($3,067.37) reflected in the PSZJ July

---

[5] The proposed interim Fee Order for FTI covers the period of March 18, 2023 through June 30, 2023.

[6] The Court entered the interim Fee Order on RJ's fee application on September 19, 2023 [Docket No. 1496]. Pursuant to the Final DIP Order, the unpaid amount owed to RJ constitutes an earned but unpaid financing fee that is specifically carved out of the DIP Lenders' collateral pursuant to the terms of the Final DIP Order and RJ's retention order [Docket No. 457] and must be paid prior to the DIP Lenders' receipt of collateral proceeds.

[7] *See* August 17, 2023 email from John Elrod to Jeff Pomerantz, attached hereto as **Exhibit C**.

2023 Monthly Statement.[8]  As set forth above, the DIP Order provides that the Carve-Out Funds are not cash collateral to the extent they constitute budgeted professional fees. Accordingly, the funds to be used to satisfy the PSZJ July 2023 Monthly Statement do not constitute the DIP Lenders' cash collateral but rather are funds held in trust to pay fees and expenses incurred by PSZJ.

22. Accordingly, PSZJ now seeks authority to draw down the PSZJ Retainer and, to the extent needed, distribute from the Carve-Out Funds, as reflected in Exhibit B, to pay PSZJ 80% of the fees and reimburse 100% of the expenses in PSZJ's July 2023 Monthly Statement.

23. To the extent Carve-Out Funds remain in the PSZJ Trust Account after payment of the amounts set forth on Exhibit B, PSZJ will continue to hold such amounts in trust pending approval of final fee applications for each relevant professional.

24. In accordance with the procedures set forth in the Professional Fee Order, on September 29, 2023, PSZJ responded to the DIP Lenders' Informal Objection, provided the DIP Lenders with a draft of this Motion and requested that the DIP Lenders indicate their position with respect to the Motion by no later than October 2, 2023, at 12p.m. CT.  At the same time, PSZJ provided the Chapter 7 Trustee with a draft of this Motion seeking her consent thereto.  The DIP Lenders and the Chapter 7 Trustee each responded that they would oppose the relief sought herein.

---

[8]  PSZJ requests authority to draw $77,449.62 from the PSZJ Retainer at this time in connection with the 80/100 payment, after which $117,852.05 would be remaining as the PSZJ Retainer balance.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

PSZJ requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that PSZJ has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

25.

## NOTICE

Notice of the hearing on the relief requested in this Motion will be provided by PSZJ in accordance and compliance with Bankruptcy Rules and Local Rules.  PSZJ will

26.

provide notice of this motion to the following: (a) the Chapter 7 Trustee and her counsel; (b) the DIP Lenders and their counsel; and (c) Oak Street and its counsel; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  No other or further notice is needed in light of the nature of the relief requested.

## CONCLUSION

**WHEREFORE**, PSZJ requests that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

9

Dated: October 3, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Michael D. Warner*

Michael D. Warner (SBT 00792304)
Steven W. Golden (SBT 24099681)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mwarner@pszjlaw.com
sgolden@pszjlaw.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Jeffrey W. Dulberg (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
jpomerantz@pszjlaw.com
jdulberg@pszjlaw.com

*Former Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on October 3, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Michael D. Warner*
Michael D. Warner

# EXHIBIT A

| Professional | Budgeted Amounts Reserved to Date | Total 100% Fees | Total 100% Expenses | Total Fees & Expenses | Date Fee Applications Filed Through | Payment Applied | Holdback/Bal Due | Fee Reserve Balance |
|---|---|---|---|---|---|---|---|---|
| PSZJ | $ 5,125,000.00 | $ 5,353,445.00 | $ 26,316.12 | $ 5,379,761.12 | 07.31.23 | $ 4,490,136.25 | $ 889,624.87 | $ 634,863.75 |
| FTI | $ 5,569,903.60 | $ 6,926,901.70 | $ 122,535.94 | $ 7,049,437.64 | 07.31.23 | $ 3,798,973.48 | $ 3,250,464.16 | $ 1,770,930.12 |
| KCC | $ 1,235,000.00 | $ 623,081.72 | $ 759,606.78 | $ 1,382,688.50 | 07.31.23 | $ 1,235,000.00 | $ 107,139.30 | $ - |
| RJ | $ 2,898,000.00 | $ 4,590,000.00 | $ 3,132.63 | $ 4,593,132.63 | 06.30.23 | $ 2,868,000.00 | $ 1,725,132.63 | $ 30,000.00 |
| UCC Counsel & FA | $ 1,526,887.80 | $ 2,878,640.33 | $ 17,674.39 | $ 2,896,314.72 | 05.31.23 | $ - | $ 2,896,314.72 | $ 1,526,887.80 |
| Committee | | $ 2,172,799.33 | $ 15,938.80 | $ 2,188,738.13 | 06.30.23 | $ - | $ - | $ - |
| Committee FA | | $ 705,841.00 | $ 1,735.59 | $ 707,576.59 | 06.30.23 | $ - | $ - | $ - |
| Overpayment | $ 2.10 | $ - | $ - | $ - | | $ - | $ - | $ 2.10 |
| Axinn | $ 357,285.70 | $ 158,255.00 | $ - | $ 158,255.00 | 07.31.23 | $ - | $ 158,255.00 | $ 357,285.70 |
| Lugenbuhl | $ 460,140.00 | $ 373,387.00 | $ 4,450.11 | $ 377,837.11 | 07.31.23 | $ 296,161.99 | $ 81,675.12 | $ 163,978.01 |
| Akerman | $ 187,500.00 | $ 100,755.50 | $ - | $ 100,755.50 | 05.31.23 | $ - | $ 100,755.50 | $ 187,500.00 |
| Grant Thornton | $ 585,987.90 | $ 541,317.20 | $ - | $ 541,317.20 | 06.26.23 | $ 541,317.20 | $ - | $ 44,670.70 |
| Post Termination DIP Carve Out | $ 400,000.00 | $ - | $ - | $ - | | $ - | | $ 400,000.00 |
| **Totals** | **$ 18,345,707.10** | **$ 24,424,423.78** | **$ 951,390.36** | **$ 25,375,814.14** | **$ -** | **$ 13,229,588.92** | **$ 9,209,361.30** | **$ 5,116,118.18** |

# EXHIBIT B

**MEX - Prof Payments Motion EXHIBIT B**

**MONTHLY FEE APPLICATIONS**

| PROFESSIONAL | PERIOD | 100% FEES | 80% FEES | 100% EXPENSES | COL. D&E TOTAL | PROPOSED RETAINER PAYMENT | PROPOSED TRUST PAYMENT | IN TRUST AFTER PAYMENT | AMOUNT DUE | |
|---|---|---|---|---|---|---|---|---|---|---|
| PSZJ | Jul-23 | $886,557.50 | $709,246.00 | $3,067.37 | $712,313.37 | $77,449.62 | $634,863.75 | $0.00 | $177,311.50 | NOTE * |
| FTI Consulting | Jul-23 | $716,141.70 | $572,913.36 | $11,623.71 | $584,537.07 | | $584,537.07 | $1,186,393.05 | $143,228.34 | NOTE * |
| Lugenbuhl | Jul-23 | $80,740.50 | $64,592.40 | $934.62 | $65,527.02 | | $65,527.02 | $98,450.99 | $16,148.10 | NOTE * |
| Axinn | May/Jun-23 | $153,669.50 | $122,935.60 | $0.00 | $122,935.60 | | $122,935.60 | see next row | $30,763.90 | NOTE * |
| "" | Jul-23 | $4,555.50 | $3,644.40 | $0.00 | $3,644.40 | | $3,644.40 | $230,681.70 | $911.10 | NOTE * |
| Akerman | Jun-23 | $58,517.00 | $46,813.60 | $0.00 | $46,813.60 | | $46,813.60 | see next row | $11,703.40 | NOTE * |
| "" | Jul-23 | $42,238.50 | $33,790.80 | $0.00 | $33,790.80 | | $33,790.80 | $106,895.60 | $8,847.70 | NOTE * |
| McDermott | Apr-23 | $741,377.92 | $593,102.34 | $3,889.46 | $596,991.80 | | NOTE** | see next row | NOTE *** | |
| "" | May-23 | $886,778.14 | $709,422.51 | $10,714.91 | $720,137.42 | | NOTE** | see next row | NOTE *** | |
| "" | Jun-23 | $544,643.27 | $435,714.62 | $1,334.43 | $437,049.05 | | NOTE** | $0.00 | NOTE *** | |
| Province | Apr-23 | $274,267.00 | $219,413.60 | $344.79 | $219,758.39 | | NOTE** | see next row | NOTE *** | |
| "" | May-23 | $197,017.00 | $157,613.60 | $872.11 | $158,485.71 | | NOTE** | see next row | NOTE *** | |
| "" | Jun-23 | $234,577.00 | $187,661.60 | $518.69 | $188,180.29 | | NOTE** | $0.00 | NOTE *** | |

**INTERIM FEE APPLICATIONS**

| PROFESSIONAL | PERIOD | 100% FEES | N/A | 100% EXPENSES | TOTAL | PREV PAID | PROPOSED TRUST PAYMENT | IN TRUST AFTER PAYMENT | AMOUNT DUE | |
|---|---|---|---|---|---|---|---|---|---|---|
| FTI Consulting | Mar/ Jun-23 | $6,210,760.00 | | $110,912.23 | $6,321,672.23 | $3,798,973.48 | $1,186,393.05 | $0.00 | $1,336,305.70 | |
| RJ | Mar/ Jun-23 | $4,290,000.00 | | $3,132.63 | $4,293,132.63 | $2,568,000.00 | $30,000.00 | $0.00 | $1,695,132.63 | NOTE **** |

**TOTAL TRUST PAYMENTS MADE PER THIS MOTION (INCL. $1,526,887.80 COMMITTEE ALLOCATION)**       $4,235,393.09

*NOTE: AMOUNT DUE ON THIS MONTHLY APPLICATION AFTER PAYMENT PER THIS MOTION WILL CONSIST OF 20% HOLDBACK WHICH CANNOT BE PAID UNTIL INTERIM OR FINAL FEE APPLICATIONS ARE APPROVED

**NOTE: THIS CHART DOES NOT REFLECT HOW COMMITTEE PROFESSIONALS WILL SHARE $1,526,887.80 TOTAL BUDGETED ALLOCATION AS THESE PROFESSIONALS HAVE NOT
     RESPONDED TO PSZJ'S REQUEST REGARDING HOW THEY WANT THESE FUNDS ALLOCATED BETWEEN THEM.

***NOTE: COMMITTEE PROFESSIONAL FEES/EXPENSES TOTAL $2,896,314.72 WHICH EXCEEDS $1,526,887.80 BUDGETED ALLOCATION SO $1,369,426.92 WILL BE DUE COMMITTEE PROFESSIONALS INCLUSIVE OF 20% HOLDBACK AMOUNTS

****NOTE: IN ADDITION TO THE $2,568,000 PAID ON ACCOUNT OF RJ'S INTERIM FEE ORDER, RJ RECEIVED $300,000 OF CARVE OUT FUNDS ON ACCOUNT OF ITS JULY 2023 AND AUGUST 2023 MONTHLY ADVISORY FEES

# Exhibit C

From: John Elrod <ElrodJ@gtlaw.com>
Date: Thursday, August 17, 2023 at 7:08 PM
To: Jeffrey Pomerantz <jpomerantz@pszjlaw.com>
Cc: Shari Heyen <shari.heyen@gtlaw.com>, Michael Healy <Michael.healy@fticonsulting.com>, Ben Wallen <bwallen@pszjlaw.com>, "jayson.b.ruff@usdoj.gov" <jayson.b.ruff@usdoj.gov>, Adam Rosen <arosen@provincefirm.com>, Chuck Gibbs <crgibbs@mwe.com>, Marcus Helt <mhelt@mwe.com>
Subject: Mountain Express - Notice of Objection to July 2023 Monthly Fee Statement of PSZJ

Mr. Pomerantz,

Pursuant to the *Order Establishing Procedures For Interim Compensation And Reimbursement Of Expenses For Professionals* [Docket No. 408], the DIP Agent hereby objects to the Monthly Fee Statement [Docket No. 1296] of Pachulski Stang Ziehl & Jones LLP ("PSZJ").

PSZJ, and the Debtors' other professionals, have exceeded the agreed budget attached to the Final DIP Order in the month of July. Accordingly, the DIP Agent objects to the allowance and payment of these fees from its cash collateral. Additional detail is needed from the Debtors' professionals regarding the other items paid or incurred during the month of July.

The Agent reserves the right to object to PSZJ's fees and expenses in these cases on any and all other grounds.

If you would like to discuss these matters, please let me know.

Regards,

**John D. Elrod**
Shareholder

Greenberg Traurig, LLP
Terminus 200 | 3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2259 | F +1 678.553.2269 | C +1 404.751.7286
ElrodJ@gtlaw.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

Registered with the DFSA as a DNFBP

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.