IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, *et al.*,<br><br>Debtors.[1] | Chapter 7 (Converted)<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |
| GSS HOLDINGS LA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MEX RE-SW-LA LLC, MOUNTAIN EXPRESS OIL COMPANY, BROTHERS LAPALCO LLC, MANHATTAN HSI INVESTMENTS LLC, 3528 SI10SR LLC, AND CAROL SUE INVESTMENTS LLC,<br><br>    Defendants. | Adversary No. _____ |

**PLAINTIFF'S COMPLAINT FOR PRELIMINARY INJUNCTION AND DECLARATORY RELIEF PURSUANT TO 11 U.S.C. § 105 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7065**

GSS HOLDINGS LA, LLC (hereinafter, "GSS") files this *Plaintiff's Complaint for Preliminary Injunction and Declaratory Relief Pursuant to 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 7065* (the "Complaint") against Debtor MEX RE-SW-LA LLC,

---

[1] A complete list of each of the Debtors in these Chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

Debtor Mountain Express Oil Company, and non-debtors Brothers Lapalco LLC, Manhattan HSI Investments LLC, 3528 SI10SR LLC, and Carol Sue Investments LLC  (together, "Defendants"), and respectfully states as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and  this is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue for this adversary proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a) and (c).  This adversary proceeding is related to the above-styled bankruptcy cases that are pending in this district (hereinafter, the "Cases").

3. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure and Rule 7008-1 of the Bankruptcy Local Rules for the Southern District of Texas, GSS consents to the entry of final orders or judgment by the Court in connection with this adversary proceeding if it is determined that, absent consent of the parties, the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. This adversary proceeding is commenced pursuant to Rules 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure.

## II. THE PARTIES

5. Plaintiff GSS is a Louisiana limited liability company.  Its principal place of business is located at 11398 Wellington Ln., Hammond, Louisiana.

6. Defendant MEX RE-SW-LA LLC ("MEX RE") is a Wyoming limited liability company and is a debtor in the Cases.  MEX RE can be served through its registered agent Vcorp Agent Services, Inc., 2232 Dell Range Blvd Ste 200 Cheyenne, WY 82009.

7. Defendant Mountain Express Oil Company ("Mountain Express") is a Georgia corporation, a debtor in the Cases, and the manager of MEX RE. Mountain Express can be served through its registered agent Vcorp Agent Services Inc., 289 Culver Street, Lawrenceville, GA 30046.

8. Defendant, Carol Sue Investments, LLC ("Carol Sue"), is a Louisiana limited liability company with its principal place of business and domicile at 2439 Manhattan Blvd, Ste. 302, Harvey, Louisiana. Manhattan may be served through its registered agent: Joseph Dirosa, 329 North Woodlawn Avenue, Metairie, La 70001.

9. Defendant, Brothers Lapalco, LLC ("Lapalco"), is a Louisiana limited liability company with its principal place of business and domicile at 2439 Manhattan Blvd, Ste. 302, Harvey, Louisiana. Manhattan may be served through its registered agent: Joseph Dirosa, 329 North Woodlawn Avenue, Metairie, La 70001.

10. Defendant, Manhattan HSI Investments, LLC ("Manhattan"), is a Louisiana limited liability company with its principal place of business and domicile at 2439 Manhattan Blvd, Ste. 302, Harvey, Louisiana. Manhattan may be served through its registered agent: Joseph Dirosa, 329 North Woodlawn Avenue, Metairie, La 70001.

11. Defendant, 3528 SI10SR, L.L.C, ("SI10SR"), is a Louisiana limited liability company with its principal place of business and domicile at 3728 N. Hullen St., Metairie, Louisiana, 70002. SI10SR may be served though its registered agent: Harold Dulitz, 1510 Veterans Memorial Blvd, 2nd Floor, Metairie LA 70005.

### III.   FACTUAL BACKGROUND

12. GSS operates multiple gas stations and convenience stores in Louisiana. On or around February 8, 2023, GSS entered into a commercial lease (the "Lease") with MEX

RE and a fuel supply agreement (the "FSA") with MEX FUELS SW-LA LLC. *See* **Exhibit A** (Lease), and **Exhibit B** (FSA).[2] The agreements cover multiple locations (the "Locations"), including:

- 3659 Lapalco Blvd., Harvey, LA, 70058 (Owner, Lapalco)
- 1600 Manhattan Blvd., Harvey, LA 70058 (Owner, Manhattan)
- 2000 Carol Sue Ave., Gretna. LA 70056 (Owner, Carol Sue)
- 3528 S. I-10 Service Road W., Metairie, LA 70001 (Owner, SI10SR)

*See* Exhibit A.

13.     Notably, both the Lease and the FSA were signed by the manager-entity: Mountain Express Oil Company, which is a debtor:

 

14.     The initial term of the Lease commenced on February 8, 2023, and expires on April 1, 2033, with an option to extend the lease for an additional five (5) year term.

15.     GSS employs dozens of employees for the Locations. Each of the Locations is stocked with inventory owned by GSS, with an estimated value of millions of dollars.

16.     On information and belief, the Locations are owned by Lapalco, Carol Sue,

---

[2] Pursuant to the FSA, MEX RE and Mountain Express were to provide GSS' entire fuel capacity requirements, major oil company branding, and merchant services, among other obligations.

Manhattan, and SI10SR, who in turn had a lease with one or more debtor-entities (collectively, the "Primary Lease"). To be clear, GSS is a sub-tenant to the Locations at issue.

17. On March 18, 2023 (the "Petition Date"), Mountain Express, MEX RE, and certain related entities (the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. MEX Fuels SW-TX LLC, which is not a party, did not file bankruptcy.

18. On August 24, 2023 (the "Conversion Date"), the Cases were converted to Chapter 7.  Pursuant to the *Order (I) Converting the Chapter 11 Cases, (II) Rejecting Leases, (III) Terminating Certain Agreements, and (IV) Granting Related Relief* [Doc. No. 1397, in the Main Bankruptcy Case] (the "Conversion Order"), the Primary Lease with the Debtors for the Locations was deemed rejected and terminated, the Lease was deemed rejected, and the FSA was deemed rejected and terminated.[3]

19. The Court did *not* order that the Lease be deemed terminated as of the Conversion Date to preserve the rights of subtenant operators under Section 365(h) of the Bankruptcy Code.

20. Even after the Conversion Date, GSS continues to operate the Locations, which remain stocked with its own inventory.   Eviction or locking out of GSS from the Locations, without sufficient notice, would irreparably harm GSS' ability to operate its business (including its ability to continue to employ the individuals that work at the Locations), its reputation, business relationships, and good-will. Moreover, the premature eviction of GSS will interfere with GSS' existing contracts and obligations, resulting in further and unnecessary damages.

---

[3] *See* Conversion Order, at ¶ 2 ("All unexpired leases of non-residential real property of the Debtors' estates to which the Debtor is a lessee **are deemed rejected and terminated** as of the entry of this Order. All unexpired leases of non-residential real property of the Debtors' estates to which the Debtor is a lessor **are deemed rejected** as of the entry of this Order.") (emphasis added).

## COUNT I – DECLARATORY JUDGMENT

21. The factual allegations in paragraphs 8 through 20 are incorporated herein for all purposes as if expressly restated.

22. Section 365(h)(1)(A) of the Bankruptcy Code provides in pertinent part:

If the trustee rejects an unexpired lease of real property under which the debtor is the lessor and …(ii) if the term of such lease has commenced, the lessee may retain its rights under such lease (including rights such as those relating to the amount and timing of payment of rent and other amounts payable by the lessee and any right of use, possession, quiet enjoyment, subletting, assignment, or hypothecation) that are in or appurtenant to the real property for the balance of the term of such lease and for any renewal or extension of such rights to the extent that such rights are enforceable under applicable nonbankruptcy law.

11 U.S.C. § 365(h)(1)(A)(ii).

23. As described above, the Lease was rejected, but not terminated, pursuant to the Conversion Order. The term of the Lease had commenced as of the Petition Date; therefore, GSS, as lessee, is entitled to retain its rights under the Lease, including the right of use and possession of the Locations, for the balance of the Lease's term and any renewals to the extent such rights are enforceable under applicable nonbankruptcy law. Specifically, under the Lease, GSS is entitled to remain in possession until 30 days after receiving notice of non-renewal, which has not been received or given to date.

24. GSS, therefore, seeks a declaration that: (i) the terms of the Lease continue in full force and effect for the duration of the Lease; and (ii) GSS may retain possession and use of the Locations until the end of the Lease term, *i.e.* until the expiration of 30 days after receiving the required notice of non-renewal.

25. Declaratory relief is necessary to determine the rights of GSS under the rejected Lease, to ensure that GSS' possession and use of the Locations remains undisturbed, to preserve GSS' business operations, reputation, relationships, good-will, and existing

contracts. Additionally, declaratory relief is necessary to avoid the immediate termination of dozens of employees working at the Locations, and to protect GSS from the wrongful seizure of its inventory valued in the millions.

## **COUNT II – PRELIMINARY INJUNCTION**

26. All of the preceding paragraphs are incorporated herein for all purposes as if expressly restated.

27. Until the Court makes a final determination of GSS' rights under 11 U.S.C. § 365(h), a preliminary injunction is necessary to preserve the status quo and prevent further and unnecessary harm to GSS.

28. Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

29. While Section 105 is interpreted liberally, the statute's powers must be exercised in a manner that is consistent with the Bankruptcy Code. *See In re Zale Corp.*, 62 F.3d 746, 760 (5th Cir. 1995). A temporary injunction of third-party actions may be proper under unusual circumstances. *Id.* at 761. A bankruptcy court has broader authority under Section 105 of the Bankruptcy Code to grant a stay than it does under the automatic stay provisions of Section 362. *See In re Neuman*, 71 B.R. 567, 571 (S.D.N.Y. 1987) ("The fact that the automatic stay may not apply does not mean that the Bankruptcy Court is without power to issue an injunction.").

30. "The four prerequisites to issuance of a preliminary injunction are: (1) a

substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs the threatened harm an injunction may cause the party opposing the motion; and (4) that the granting of the injunction will not disserve the public interest." *SAS Overseas Consultants v. Benoit*, No. CIV.A. 99-1663, 2000 WL 140611, at 4 (E.D. La. Feb. 7, 2000) (citing *In re Zale Corp.,* 62 F.3d at 764).

31. The first element is satisfied because GSS has a substantial likelihood of success on the merits based on the plain reading of Section 365(h) and the Lease, which gives GSS the ability to retain possession of the Locations and its rights under the Lease under the current circumstances.

32. The second element is also satisfied because GSS will suffer irreparable harm if the Court does not grant a preliminary injunction. Without the preliminary injunction, GSS may be evicted or locked out of the Locations with very little notice. If that were to occur, GSS' business, reputation, relationships, good-will, and existing contracts would be jeopardized. Moreover, GSS' employees would need to be terminated with little or no notice, and GSS could potentially have millions of dollars in inventory improperly seized.

33. Additionally, the third element is satisfied because there is little or no harm to Defendants in imposing a preliminary injunction. Defendants' rights will be preserved, and GSS will continue to maintain the Locations while an orderly transition with adequate notice can take place for the benefit of all parties.

34. Finally, the fourth element is satisfied because the injunction will serve the public interest, which would benefit from the orderly transfer of possession of gas stations and convenience stores and the uninterrupted employment of GSS' employees.

35.     Based on the forgoing, GSS asks that the Court enter a preliminary enjoining Defendants from evicting or locking out GSS from the Locations until the proper procedure for terminating the Lease is followed and GSS is given the time required by the Lease to vacate the Locations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GSS Holdings LA, LLC respectfully requests that this Court: (i) following notice and hearing, enter a preliminary injunction, enjoining Defendants from evicting or locking out GSS from the Locations until the expiration of 30 days after receiving the required notice of non-renewal set forth in the Lease; and (ii) enter a declaratory judgment that (a) the terms of the Lease remain enforceable and (b) GSS may retain possession of the Locations until the expiration of 30 days after receiving the required notice of non-renewal set forth in the Lease.

Dated: October 3, 2023

Respectfully submitted:

KEAN MILLER LLP

By:    */s/ Rachel T. Kubanda*
Lloyd A. Lim
Texas State Bar No. 24056871
Lloyd.Lim@keanmiller.com
Rachel Thompson Kubanda
Texas State Bar No. 24093258
Rachel.Kubanda@keanmiller.com
Michelle V. Friery
Texas State Bar No. 24040934
Michelle.Friery@keanmiller.com
KEAN MILLER LLP
711 Louisiana Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 844-3000
Telecopier: (713) 844-3030

*Attorneys for GSS Holdings LA, LLC*