IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |

**NOTICE OF RULE 2004 EXAMINATION**

To:

**Turjo Wadud**
**c/o Paul Singerman**
**Berger Singerman LLP**
**1450 Brickell Avenue**
**Suite 1900**
**Miami, FL 33131**

NOTICE IS HEREBY GIVEN that First Horizon Bank, as Administrative and DIP Agent (the "Agent") of the above-captioned debtors (the "Debtors"), by and through their undersigned counsel, intend to conduct an examination of Turjo Wadud ("Wadud") under Federal Rules of Bankruptcy Procedure 2004, 7030 and 7034 and Bankruptcy Local Rule 2004-1 on October 25, 2023 beginning at 9:00 a.m. (Eastern Time) (or at such other time as may be agreed to by the parties) at the offices of Berger Singerman, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131. The examination will be taken pursuant to an agreement between the parties, and will be taken before an authorized court reporter or other person authorized by law to administer oaths and will

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

be recorded by stenographic and videographic means. The examination will cover the topics set forth in Schedule A hereto.

NOTICE IS HEREBY GIVEN that Turjo Wadud is further directed to produce the documents described in Schedule B hereto at the offices of Greenberg Traurig, LLP, Terminus 200, Suite 2500, 3333 Piedmont Road, NE, Atlanta, GA 30305, Attn: John Elrod, on or before October 18, 2023.

Dated this 11th day of October, 2023.

**GREENBERG TRAURIG, LLP**

By: */s/ John D. Elrod*
Shari L. Heyen
Texas Bar No. 09564750
*Shari.Heyen@gtlaw*.com
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:  (713) 374-3564
Facsimile:  (713) 374-3505

– and –

John D. Elrod (admitted *pro hac vice*)
ElrodJ@gtlaw.com
Terminus 200, Suite 2500
3333 Piedmont Road, NE
Atlanta, Georgia 30305
Telephone:  (678) 553-2259
Facsimile:  (678) 553-2269

**COUNSEL FOR FIRST HORIZON BANK, AS DIP AGENT**

**SCHEDULE A**

**DEPOSITION TOPICS**

**DEFINITIONS**

The definitions and rules of construction set forth in Rule 7026 of the Federal Rules of Bankruptcy Procedure are incorporated by reference as if set forth fully herein.

(a)  "*Bankruptcy Cases*" means the above-captioned bankruptcy cases of the Debtors.

(b)  "*Document*" is used herein in the broadest sense of the term. It includes electronically stored information as described in FRCP 34(a)(1) and further includes each and every medium upon which information can be printed, recorded, or reproduced in any manner and including every writing or record of every type and description printed or recorded or reproduced by mechanical means, by hand or otherwise that is or has been in your possession, custody or control or of which you have knowledge. Without limitation the term "document" includes the following: advertisements; agreements; bar charts; books; brochures; calculations; charts; circulars; codes; computer records or printouts; communications; contracts; copies; correspondence; data processing cards, discs or tapes;  diaries; directives; drafts; drawings; electronic mail; file folders; files; films; forms; graphs; indexes; inspection reports; journals; ledgers; letters; local, state and federal government hearing records and reports; magnetic tapes, cards or discs or other products of any device for recording sound or products of any device for recording sound or electronic impulses; maps; memoranda; minutes or other records of meetings or conferences; motion picture films; negatives; newspaper stories or clippings; notebooks; notices; notices of deficiencies; notices of rejection; opinions or reports of consultants; pamphlets; photographs; pictures; plans; position papers; press releases; reports; publications; reports of studies; specifications; statistical data; schedules; schedule revisions; sketches; status reports;

stenographic or handwritten notes; stenographic or wire or magnetic recordings; studies; summaries; summaries or records of conversations or interviews or telephone conversations; summaries or reports of investigations or negotiations; surveys; specifications; telegrams; text messages; trip reports; videotapes; voice recordings in any form, and working papers.  The term "document" also includes the original and every copy which is not identical to the original, specifically including every copy which contains any commentary, marginalia or notation whatsoever that does not appear on the original.  The term "document" also includes all drafts of each of the foregoing.

(c) "*Including*" means including but not limited to.

(d) "*Mountain Express*" or *"Debtors"* means Mountain Express Oil Company, *et al.,* any subsidiaries or affiliates thereof, any and all predecessors or successors in interest thereof, and any of its officers, directors, employees, consultants, agents, representatives, executives, partners, investigators, consultants, contractors, advisors, accountants and attorneys.

(e) "*Oak*" means Oak Street Real Estate Capital, LLC n/k/a Blue Owl Real Estate Capital, LLC and their affiliates.

(f) "*Petition Date*" shall mean March 18, 2023, the date on which the Debtors filed their voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.

(g) "*Relating to*," "*regarding*," "*referring to*," or "*pertaining to*" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, entity or person.

(h)     The terms "*you*" and "*your*" shall mean or refer to Turjo Wadud and shall include any and all representatives, employees, attorneys, agents, investigators and all other persons presently or formerly acting or purporting to act on your behalf.

**TOPICS**

1.     The corporate governance of the Debtors, including the composition of the Debtors' board of directors, all board meetings, all board resolutions, and all other actions of the board.

2.     All accounting and auditing of the Debtors conducted between 2017 and the Petition Date.

3.     The Debtors' accounting and internal controls, including but not limited to the accounting and internal controls related to the Debtors' retail and "dealered out" operations.

4.     The tenure and performance of the Debtors' Chief Financial Officers between 2017 through the Petition Date.

5.     All businesses that you own or control that did business with the Debtors, or had any relationship with the Debtors, at any time between 2017 and the Petition Date.

6.     The Debtors' use of any proceeds from any credit facilities or sale leaseback transactions.

7.     All distributions or dividends made by the Debtors during the four years prior to the Petition Date.

8.     All stock redemptions and/or stock purchase transactions involving the Debtors between 2017 through the Petition Date.

9.     Any funds that you received directly or indirectly from the Debtors between 2017 and the Petition Date.

10.    The Debtors' relationship with Oak, including sale leaseback transactions and any other transactions or agreements.

11. The Debtors' Standby Real Estate Purchase and Lease Program with Oak.

12. All of the Debtors' sale leaseback transactions that occurred between 2017 and the Petition Date.

13. All proceeds, funds or any other benefits you received, directly or indirectly, from any sale leaseback transaction or other transaction that the Debtors entered into with any party.

14. Your relationship with any professionals that were retained by the Debtors prior to or during the Bankruptcy Cases.

15. Your business relationship with any creditors of the Debtors.

16. Any inquiries relating to the sale of the Debtors' assets whether made prior to or after the Petition Date.

17. All sources of income for you, or companies you own or control, between 2017 and the present.

18. Your current employment including any employment with companies in which you have an ownership interest.

## SCHEDULE B

## DOCUMENT REQUESTS PURSUANT TO RULE 2004

### DEFINITIONS

The definitions set forth in Schedule A are incorporated herein by reference.

### INSTRUCTIONS

(a) Electronically stored information should be produced in its original form and metadata should be provided with each electronic production.

(b) If you claim any privilege or immunity in connection with any of these discovery requests, state the claim in detail and provide all information that is relevant to the evaluation of the claim or privilege or immunity or to the waiver of the privilege or immunity. The information must be sufficient to allow the Agent to contest the claim and to urge any waiver of the privilege. The information should also include, without limitation, the identity of all documents and of all oral statements and communications relating to the claim or its waiver. Any portion of a document that is not subject to a claim or privilege or immunity must be produced by excising or otherwise protecting the portions for which a privilege or immunity is asserted.

(c) If any requested document has been destroyed, identify such document, describe in detail the circumstances of and the reason for the destruction of each document, and produce all documents relating to the circumstances of or the reasons for such destruction.

(d) If any document described herein was, but no longer is, within your possession, custody or control, please state in detail: (a) a summary of the contents of the document; (b) what disposition was made of it; (c) the date of such disposition; (d) whether the original or a copy thereof is within the possession, custody or control of any other person, corporation or entity; and (e) if the answer to (d) is affirmative, the identity of that person, corporation or entity.

(e) This discovery request is continuing in nature. If further information or documents come into the possession of, or are brought to the attention of, you or your agents, employees, officers, directors, representatives or attorneys in the course of trial or prior to trial, you are required to supplement your responses.

(f) Documents produced pursuant to this request should be tendered in the manner that they are kept in the usual course of business or organized and labeled to correspond with the categories that follow in this request.

(g) For each request for the production of documents relating to a "transfer" or "payment," for each such transfer or payment, produce all documents including, without limitation, copies of cancelled checks (front and back), evidence of wire transfers, applications, policies, contracts, agreements, payment ledgers, statements, invoices, internal memoranda, correspondence, and notes of any communications.

(h) Unless otherwise stated herein, the time period covered by the requests is **January 1, 2017 to present.**

## DOCUMENT REQUESTS

1. All documents relating to your ownership interest in any business that you own or control that did business with the Debtors at any time between 2013 through the Petition Date.

2. All documents relating to any transaction or agreement between the Debtors and you or any business that you own or control.

3. All documents evidencing your current employment and all companies in which you have an ownership interest.

4. All minutes of board meetings and shareholder meetings of the Debtors.

5. The Debtor's accounting, including, consolidated and unconsolidated financial statements, income statements, balance sheets, cash flow statements and other regularly generated financial information from 2017 to the Petition Date.

6. All documents and communications relating to all audits of the Debtors' financial statements conducted between 2017 through the Petition Date.

7. All documents relating to any distributions or dividends made by the Debtors from 2019 through and including the Petition Date.

8. All documents relating to any stock redemptions and/or stock purchase transactions made from 2019 through and including the Petition Date.

9. All documents and communications relating to Oak, including all sale-leaseback transactions, any Oak representative's appointment to the Mountain Express board of directors, and any other agreements or transactions.

10. All documents relating to any sale-leaseback transactions or potential transactions involving property owned or formerly owned by Mountain Express, including any documents reflecting the negotiations of those agreements.

11. All documents relating to or reflecting the transfer of any sale proceeds or any other benefits you received, directly or indirectly, from any sale-leaseback transaction or other transaction with the Debtors.

12. All documents and communications relating to the Debtors' prepetition efforts and/or any inquiries relating to a sale of all or part of the Debtors' assets.

13. All documents and communications with the Debtors' Network Dealers regarding any sales, leases, or other agreement.

14. All documents and communications between (i) you and (ii) Lamar Frady, David Rosenthal, Jared Sheiker, Jeff Knapp, or any representative of Oak.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of September 2023, a true and correct copy of the foregoing Notice of Rule 2004 Examination was served by electronic transmission upon (the following:

Turjo Wadud
c/o Paul Steven Singerman
Berger Singerman LLP
1450 Brickell Avenue
Suite 1900
Miami, FL 33131

And, on October 11, 2023, to all parties eligible to receive service through this Court's CM/ECF system.

**GREENBERG TRAURIG, LLP**

By: */s/ John D. Elrod*
John D. Elrod
*ElrodJ@gtlaw.com*
Terminus 200, Suite 2500
3333 Piedmont Road, NE
Atlanta, Georgia 30305
Telephone:   (678) 553-2259
Facsimile:   (678) 553-2269

**COUNSEL FOR FIRST HORIZON BANK, AS DIP AGENT**

ACTIVE 690179683v2