UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **Mountain Express Oil Company,** *et al.*, | § | **Case No. 23-90147** |
| | § | |
| Debtors. | § | **Jointly Administered** |
| | § | |

**TRUSTEE'S *EXPEDITED* MOTION TO (I) SELL ESTATE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (II) EMPLOY AND COMPENSATE ROSEN SYSTEMS, INC. AS AUCTIONEER**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OF IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THE MOVANT REQUESTS CONSIDERATION OF THE MOTION AS SOON AS THE COURT'S CALENDAR WILL ALLOW AND, IN ANY EVENT, NO LATER THAN WEDNESDAY OCTOBER 18, 2023.**

3104509

**TO THE HONORABLE DAVID R. JONES,
UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, Janet S. Northrup, the Chapter 7 Trustee (the "Trustee") of the jointly administered bankruptcy estates of Mountain Express Oil Company and affiliated debtors (collectively the "Debtors"), Debtors in the above-styled jointly administered Chapter 7 cases, and files this *Expedited Motion To (I) Sell Estate Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (II) Employ and Compensate Rosen Systems, Inc. as Auctioneer* (the "**Motion**"). In support of the Motion, the Trustee would respectfully submit as follows:

## SUMMARY OF MOTION

1. The Trustee seeks to sell the Debtors' personal property via auction conducted by Rosen Systems, Inc. ("**Rosen Systems**" or "**Auctioneer**") as set forth herein. Expedited relief is requested to (i) minimize the administrative costs that will continue to be incurred by the Estate (i.e., rent and utilities); and (ii) maximize the proceeds of the proposed auction.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

**STATUTORY PREDICATE FOR THE REQUESTED RELIEF**

3.  The statutory predicate for the relief requested in the Motion is sections 105, 327, 328, 362, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

**BACKGROUND**

4.  On or about March 18, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code and thereby commenced these bankruptcy cases. On March 20, 2023, the Court ordered joint administration of the cases [docket no. 33].

5.  From the Petition Date until August 17, 2023, the Debtors operated their businesses as debtors in possession under Chapter 11 of the Bankruptcy Code. On that date, the Court ordered the appointment of a Chapter 11 trustee, and Janet S. Northrup was appointed [docket no. 1284].

6.  On August 24, 2023 (the "Conversion Date"), after a status conference requested by the Chapter 11 trustee, the cases were converted to Chapter 7 [docket no. 1397]. Thereafter, Janet S. Northrup was appointed as the Chapter 7 Trustee in the jointly administered cases [docket no. 1398]. The Trustee is in possession of the assets of the bankruptcy estates and is operating the businesses pursuant to the terms of an Order authorizing operations in Chapter 7 [docket no. 1421].

7.  As of the Petition Date, the Debtors owned various tangible assets physically present at the Location (defined below), including, but not limited to: (i) computers and related items; (ii) office furniture/fixtures; and (iii) the following vehicles:

    a. 2017 Buick Encore Model 4JU76 VIN KL4CJASB6HB252232

    b. 2015 Chevrolet Trax LS Model JU76 VIN 3GNCJKSB7FL205807

    c. 2012 Ford XLT F-150 Fuel Truck VIN 1FTEX1EM1CFA47106

    d. 2016 Chevrolet Trax LS Model JU76 VIN 3GNCJKSB5GL274187

    e.    2014 Chevrolet Cargo Van Model G23405 VIN 1GCWGFFA1E1100134 (the "**Vehicles**")

(collectively, the "**Personal Property**").

8.    The Personal Property is physically located at the Debtors' corporate offices at: 3650 Mansell Road, Suite 125 and Suite 250, Alpharetta, GA 30022 (the "**Alpharetta Office**") except for the Vehicles which are located at 777 Highway 109 North, Troy, NC (collectively, the "**Locations**").[1]

9.    Pursuant to section 541 of the Bankruptcy Code the Personal Property became property of the Debtors' bankruptcy estates (the "**Estate**") as of the Petition Date.

10.    First Horizon Bank as Administrative Agent (the "**DIP Agent**") has a lien in the personal property pursuant to the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expense Status; (III) Granting Adequate Protection; and (IV) Granting Related Relief* [Docket No. 332] (the "**Final DIP Order**")

### III.  REQUESTED RELIEF

11.    Through the Motion, the Trustee seeks the entry of an order that, among other things, authorizes the Trustee to conduct an auction in order to sell the Personal Property pursuant to section 363 of the Bankruptcy Code.  Additionally, the Trustee seeks authority pursuant to sections 327 and 328 of the Bankruptcy Code, to employ an auctioneer to assist in her efforts to liquidate the Personal Property, and to compensate said auctioneer as outlined herein.

---

1 The Debtors' personal property was consolidated from the Ackworth office (5345 Bells Ferry Road, Suite 201, Acworth, GA 30102) to the Alpharetta Office.

3104509                                  4

A. **E**MPLOYMENT OF THE **A**UCTIONEER

12. In order to successfully market and sell the Personal Property, the Trustee requires the assistance of a well-recognized firm, which has experience selling personal property in bankruptcy auctions. The Trustee selected Rosen Systems in large part due to its (i) extensive experience in personal property and equipment bankruptcy auctions; (ii) reputation in the industry; (iii) expertise in marketing and selling this type of specialized property; and (iv) extensive industry contacts in Texas, and across the United States and globe. Accordingly, the Trustee seeks authority to retain Rosen Systems pursuant to sections 327 and 328 of the Bankruptcy Code, with Mr. Kyle Rosen, Vice-President of Auction Services to be designated as the professional in charge.

13. Rosen Systems maintains offices at 2323 Langford Street, Dallas Texas 75208. Rosen Systems's contact information is 972.248.2266 (telephone) and www.RosenSystems.com. Rosen Systems's local contact and the person who will be assisting the Trustee is Mr. Kyle Rosen, Vice-President of Auction Services of Rosen Systems.

14. Rosen Systems has prior experience in both conducting auctions and coordinating private sales for bankruptcy trustees. Moreover, Rosen Systems has extensive experience selling personal property similar to that of the Debtors. As evidenced by the *Affidavit of Kyle Rosen* (the "**Affidavit**"), neither Rosen Systems nor Mr. Rosen have any connections with the Debtors, the Trustee, the United States Trustee, or any creditor or party-in-interest except as described below and in the Affidavit. A true and correct copy of the Affidavit is attached hereto as **Exhibit "1"**. Due to the nature of Rosen Systems's business and industry, it is likely that some of the Debtors' creditors have in the past purchased property from Rosen Systems.

15. With respect to the Personal Property, the Trustee proposes that Rosen Systems conduct an online auction of the Property to conclude on or before **Thursday, October 26, 2023 at**

**5:00 PM CST**. Trustee proposes that Rosen Systems be compensated for its services and expenses in connection with the sale of the Personal Property through the collection of a ten percent (10%) buyer's premium from all buyers at the live auction(s) (the "**Buyer's Premium**").

16. For the auction services to be provided, including marketing, the Estate shall be responsible for the expenses related to the sale of the Personal Property, which Rosen Systems will advance on behalf of the bankruptcy estate, which Rosen Systems has stated will be no more than $19,000.00 and will be considered an administrative expense under 11 U.S.C. § 503(b)(1)(A), which will be reimbursed to Rosen Systems at settlement solely from auction proceeds.

B. **PROPERTY TO BE SOLD**

17. Subject to this Court's approval, the Trustee intends to sell any and all of the Estate's Personal Property located at the Locations via online auction. The sale(s) shall be to the highest and best bidder(s), in immediately available funds, on an "as is, where is," with all faults basis, free and clear of all liens, claims, encumbrances, and interests, pursuant to section 363(b)(1) and (f) of the Bankruptcy Code, with all valid and properly perfected pre-petition liens attaching to the sale proceeds to the same extent and validity as the liens encumbered the Personal Property prior to the Petition Date.

18. All valid liens, claims, charges and interests, if any, will attach to the net sale proceeds, subject to the Trustee's avoidance powers, to the extent necessary.

19. The Trustee requests that any person or entity, aside from the DIP Agent, served with this Motion who claims a lien on or interest in the Personal Property must file a written notice with the Court and serve it on the Trustee no later than 30 days after entry of an Order approving this Motion or be forever barred from asserting such claim or interest.

**C. AUCTION TERMS**

20. As described above, the Trustee intends to retain Rosen Systems to conduct an auction of the Personal Property pursuant to the following terms:

   a. the Trustee is to grant Rosen Systems sole and exclusive right to sell the Personal Property subject to the Auction Agreement which provides that some items may be removed from the auction for a contemplated private sale;

   b. the Trustee is to provide Rosen Systems access to the Personal Property;

   c. Rosen Systems is to provide the Trustee with turnkey service;

   d. Rosen Systems is to market the Personal Property utilizing, *inter alia*, direct mail, trade journal and newspaper advertising, and its website. Rosen Systems has stated that the marketing efforts will include international, national, and regional advertising;

   e. Rosen Systems is to prepare the Personal Property for auction;

   f. Rosen Systems is to utilize its proprietary an on-line bidding system for the sale of the Personal Property to encourage national and international participation in the proposed auction(s);

   g. Rosen Systems is to conduct the auction(s) on a mutually agreeable date currently anticipated to be on or before Thursday, October 26, 2023 at 5:00 p.m. CST with removal of the Personal Property from the Locations by October 30, 2023 at 5:00 CST;

   h. Rosen Systems is to collect the Buyer's Premium (all as defined in the Auction Agreement) in exchange for providing its services;

   i. Rosen Systems is to collect and remit all auction proceeds along with a complete report of the details of the auction(s) to the Trustee within fifteen (15) banking days after the sale of the Personal Property;

   j. Rosen Systems is to collect all applicable sales taxes and thereafter remit said sales taxes to the applicable taxing authorities; and

   k. Rosen Systems is to add the Trustee as an additional insured to its general liability insurance policies at no cost to the Trustee or the Estate.

   l. Rosen Systems shall be paid all sums due to it, including reimbursement of all legitimate and approved expenses, all pursuant to the terms of the Auction Agreement, at settlement of the sales as described herein, without further Order of the Court.

## IV. NOTICE

21.     Notice of this Motion shall be given to (a) the U.S. Trustee; (b) the Debtors' 20 largest unsecured creditors on a consolidated basis; (c) counsel to the DIP Agent; (d) the landlord at the Alpharetta Location, and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service.  Due to the nature of the relief requested herein, the Trustee submits that no other or further notice need be provided.

## V. EXPEDITED RELIEF REQUESTED

22.     The Trustee wishes to complete the proposed auction as quickly as reasonably and commercially possible in order to (i) minimize the administrative costs that will continue to be incurred by the Estate (i.e., rent and utilities); and (ii) maximize the proceeds of the proposed auction.  Thus, the Trustee seeks emergency consideration of the Motion and would request the Court consider the Motion as soon as its calendar will allow and, in any event, no later than Wednesday, October 18, 2023.

WHEREFORE, PREMISES CONSIDERED, Janet S. Northrup, the Chapter 7 moves this Court to grant this Motion, and for such other and further relief that she may be justly entitled.

DATED:  October 13, 2023.

                        Respectfully submitted,

                        */s/ Heather Heath McIntyre*
Wayne Kitchens          TBN 11541110
wkitchens@hwa.com
Heather McIntyre        TBN 24041076
hmcintyre@hwa.com
HUGHESWATTERSASKANASE, LLP
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 759-0818
Facsimile:  (713) 759-6834
**ATTORNEYS FOR CHAPTER 7 TRUSTEE, JANET S. NORTHRUP**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that she conferred with John Elrod, counsel for First Horizon Bank as Administrative Agent, via email and telephone starting on October 13, 2023 and that First Horizon Bank as Administrative Agent does not oppose the relief sought herein.

                        */s/ Heather Heath McIntyre*
                        Heather Heath McIntyre

## CERTIFICATION FOR ACCURACY PURSUANT TO LBR 9013-1(I)

I hereby certify that the facts and assertions made in the *Trustee's Expedited Motion to (I) Sell Estate Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (II) Employ and Compensate Rosen Systems, Inc. as Auctioneer* are true and accurate to the best of my knowledge.

                        */s/ Heather Heath McIntyre*
                        Heather Heath McIntyre

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on parties receiving ECF notice via ECF in the above-referenced case and to parties listed on the attached Service List via first-class, U.S. mail, postage-prepaid to the extent not served via ECF on October 13, 2023.

                        */s/ Heather Heath McIntyre*
                        Heather Heath McIntyre