UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § |
| | § Chapter 11 |
| Mountain Express Oil Company, *et al.*, | § |
| | § Case No. 23-90147 |
| Debtors. | § |
| | § Jointly Administered |
| | § |

### ORDER APPROVING THE TRUSTEE'S *EXPEDITED* MOTION TO (I) SELL ESTATE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (II) EMPLOY AND COMPENSATE ROSEN SYSTEMS, INC. AS AUCTIONEER

(Relates to Docket No. _____)

The Court has considered the *Trustee's Emergency Motion to (I) Sell Estate Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests, and (II) Employ and Compensate Rosen Systems, Inc. as Auctioneer* (the "**Motion**").[2] After consideration of the Motion, the Court finds that under the circumstances expedited consideration of the Motion is proper, that notice of the Motion is proper, that the Motion is well-founded, that the retention of Rosen Systems, Inc. is in the best interest of the Estate, and that the proposed sale of the Personal Property is in the best interest of the Estate and is proper pursuant to sections 363(b)(1) and (f) of the Bankruptcy Code.  It is therefore:

**ORDERED**, that the relief requested in the Motion is hereby GRANTED; it is further

**ORDERED**, that the Trustee is authorized to conduct an auction(s), as described in the Motion in order to sell the Personal Property free and clear of all liens, claims, charges, encumbrances, and interests pursuant to sections 363(b) and (f) of the Bankruptcy Code with all valid and properly perfected pre-petition liens attaching to the Auction Proceeds to the same extent

---

[2] All capitalized terms unless otherwise defined herein shall have the meaning ascribed to them in the Motion.

3104509

and validity and in the same order of priority as the liens encumbered the Personal Property prior to the Petition Date; it is further

**ORDERED**, that the Trustee is authorized to retain Rosen Systems, Inc. to provide those services necessary to complete the auction, as more particularly described in the Motion; it is further

**ORDERED**, that Rosen Systems, Inc. is authorized to collect the Buyer's Premium from the winning bidder(s) at the conclusion of the auction(s) of the Personal Property; it is further

**ORDERED**, that Rosen Systems, Inc. shall collect and remit all auction(s) proceeds with a complete report of the details of the auction(s) to the Trustee, within ten (10) banking days after the sale of the Personal Property; it is further

**ORDERED**, that Rosen Systems, Inc. shall collect all applicable sales taxes related to the sale of the Personal Property and thereafter remit said sales taxes to the applicable taxing authorities; it is further

**ORDERED,** that Rosen Systems, Inc. shall be compensated all sums due to it, including reimbursement of all legitimate and approved expenses, all pursuant to the terms of the Auction Agreement, at settlement of the sales as described herein, without further Order of the Court.

**ORDERED**, that subsequent to Trustee's receipt of the Auction Proceeds from Rosen System, Inc., subject to any claim objection filed by the Trustee or any party-in-interest, the Trustee is authorized to use those portions of the Auction Proceeds necessary to pay the applicable taxing authorities the outstanding *ad valorem* taxes related to the Personal Property, if any, or as otherwise may be agreed among the Trustee and the applicable taxing authority; it is further

**ORDERED,** that the Trustee may take all such other and further action and execute all such documents as may be necessary to effectuate the sale of the Personal Property authorized herein.

DATE: _____, 2023.

_____
**THE HONORABLE DAVID R. JONES,
UNITED STATES BANKRUPTCY JUDGE**