IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **MOUNTAIN EXPRESS OIL COMPANY** | § | Case No. 23-90147 |
| | § | |
| Debtor | § | (Chapter 7) |
| | § | |
| **JANET S. NORTHRUP, TRUSTEE** | § | |
| | § | |
| v. | § | Adv. No. 23-[●] |
| | § | |
| **MOUNTAIN PORTFOLIO OWNER** | § | |
| **WI MI, LLC and FIDELITY NATIONAL** | § | |
| **TITLE INSURANCE COMPANY** | § | |

**TRUSTEE'S ORIGINAL COMPLAINT AGAINST MOUNTAIN PORTFOLIO OWNER WI MI, LLC PURSUANT TO 11 U.S.C. §§ 544, 550 AND 551 AND AGAINST FIDELITY NATIONAL TITLE INSURANCE COMPANY FOR TURNOVER AND ACCOUNTING**

Janet S. Northrup, the chapter 7 trustee for the above-referenced jointly-administered bankruptcy estates (the "**Trustee**"), respectfully files her *Original Complaint against Mountain Portfolio Owner WI MI, LLC Pursuant to 11 U.S.C. §§ 544, 550 and 551* and against Fidelity National Title Insurance Company for Turnover and Accounting (the "**Complaint**"), and shows:

**Relief Requested**

1.  The Trustee seeks (i) to avoid the unrecorded deeds and Post-Petition Deeds (defined below) purporting to transfer the WI MI Properties (defined below) pursuant to 11 U.S.C. § 544(a)(3); (ii) to recover the avoided transfers of the WI MI Properties pursuant to 11 U.S.C. § 550; (iii) to preserve the avoided transfers for the benefit of the Bankruptcy Estate pursuant to 11 U.S.C. § 551; (iv) a declaratory judgment that the WI MI Properties are property of the Bankruptcy Estate pursuant to 11 U.S.C. § 541; (v) the turnover of all funds held by Fidelity

1

National Title Insurance Company relating to the WI MI Properties; and (vi) an accounting of all funds received by Fidelity in relation to the transactions association with the WI MI Properties.

## Jurisdiction and Venue

2. This Court has jurisdiction of this adversary proceeding under 28 U.S.C. §§ 1334. Relief is sought pursuant to 11 U.S.C. §§ 544, 550 and 551.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). This Court has authority to hear all claims asserted by the Trustee in this Complaint. Pursuant to Bankruptcy Local Rule 7008-1, the Trustee consents to entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

4. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409(a), as the above-captioned bankruptcy case is pending before this Court.

## The Parties

5. Plaintiff, Janet S. Northrup, is the duly-appointed Chapter 7 Trustee of the jointly - administered bankruptcy estates of Mountain Express Oil Company ("**MEX**" or the "**Debtor**") in Case Number 23-90147, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

6. Mountain Portfolio Owner WI MI, LLC ("**MPO**") is a Delaware limited liability company. Service may be made by first class U.S. Mail, postage prepaid, pursuant to Federal Rule of Bankruptcy Procedure 7004(b), on MPO by serving its registered agent of record, United Agent Group, Inc., 3411 Silverside Road Tatnall Building #104, Wilmington, DE 19810 or by any other means provided for under the Federal Rules of Bankruptcy Procedure.

7.  Fidelity National Title Insurance Company ("**Fidelity**") is a Florida corporation. Service may be made by first class U.S. Mail, postage prepaid, pursuant to Federal Rule of Bankruptcy Procedure 7004(b), on Fidelity by serving its registered agent of record, C T Corporation System, 289 S Culver St, Lawrenceville, GA 30046-4805 or by any other means provided for under the Federal Rules of Bankruptcy Procedure.

## Relevant Facts

### The WI MI Properties

8.  On or about March 31, 2022, MEX acquired certain tracts of real property identified as:

   a. 1011 Post Road, Plover, WI 54467;
   b. 100 S Rosera St., Lena, WI 54139
   c. 1505 W McMillan St., Marshfield, WI 54449
   d. 32 Park Ridge Dr., Stevens Point, WI 54481
   e. 5070 Hwy 141, Oconto, WI 54153
   f. 404 E Green Bay St., Shawano, WI 54166
   g. 1201 Badger Ave., Ste A, Stevens Point, WI 54482
   h. 705 French St., Peshtigo, WI 54157
   i. 4010 80th St., Kellner, WI 54494
   j. 201 W Clark St., Stevens Point, WI 54481
   k. 1703 Shore Dr., Marinette, WI 54143
   l. 9630 State Highway 13 S., Wisconsin Rapids, WI 54494
   m. 5601 Carrie Frost Dr., Ste. B, Stevens Point, WI 54482
   n. N115 State Park Road, Buchanan, WI 54915
   o. 901 S Lincoln Rd., Escanaba, MI 49829
   p. 6606 County Rd. J, Weston, WI 54476
   q. 430 S Bridge St./PO Box 942, Manawa, WI 54949
   r. 4005 Westview Blvd., Weston, WI 54476
   s. 425 W Grand Ave., Rosholt, WI 54473

        t.        151101 Cty Rd NN, Wausau, WI 54401

        u.        1000 Main St., Junction City, WI 54443

        v.        308 Stewart Ave., Wausau, WI 54401

        w.        6018 Main St. Ste. A, Auburndale, WI 54412

        x.        1304 S Central Ave., Marshfield, WI 54449

(the "**WI MI Properties**").

9. The warranty deeds transferring the WI MI Properties to MEX were recorded in the real property records between May 11, 2022 and September 9, 2022. **Exhibits 1-24** are copies of the general warranty deeds (the "**MEX Deeds**").

10. In or about March 2022, MEX entered into a transaction with MPO, an affiliate of Blue Owl Real Estate Capital LLC (f/k/a Oak Street Real Estate Capital, LLC) ("**Blue Owl**"), in which MPO attempted to acquire the WI MI Properties for $86.9 million.

11. On information and belief, in connection with the closing of these transactions, certain funds were deposited with Fidelity (the "**Escrowed Funds**"), which served as the title company for these closings.

**MEX's Bankruptcy Case**

12. On or about March 18, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code and thereby commenced these bankruptcy cases. On March 20, 2023, the Court ordered joint administration of the cases [docket no. 33].

13. From the Petition Date until August 17, 2023, the Debtors operated their businesses as debtors in possession under Chapter 11 of the Bankruptcy Code. On that date, the Court ordered the appointment of a Chapter 11 trustee, and Janet S. Northrup was appointed [docket no. 1284].

14. On August 24, 2023 (the "**Conversion Date**"), after a status conference requested by the Chapter 11 trustee, the cases were converted to Chapter 7 [docket no. 1397]. Thereafter,

Janet S. Northrup was appointed as the Chapter 7 Trustee in the jointly administered cases [docket no. 1398]. The Trustee is in possession of the assets of the bankruptcy estates and is operating the businesses pursuant to the terms of an Order authorizing operations in Chapter 7 [docket no. 1421].

15. On the Petition Date, the deeds from MEX to MPO remained unrecorded.

16. MEX did not list the WI MI Properties on its Schedules. [See Main Case Docket 663].

17. Deeds from MEX to MPO were recorded on September 29, 2023 and October 2, 2023 (post-petition) attempting to transfer the WI MI Properties from MEX to MPO. **Exhibits 25 through 28** are certified copies of the post-petition deeds currently known to the Trustee (collectively, with any other deeds filed post-petition attempting to transfer property in the name of MEX or any of its debtor-affiliates, the "**Post Petition Deeds**"). The Trustee did not authorize these recordings, and the automatic stay was not lifted to permit the same.

18. Upon information and belief, Fidelity has used escrowed funds to pay the expenses associated with recording the Post Petition Deeds without authorization from the Trustee.

## Causes of Action

**A.    Count I – 11 U.S.C. § 544: Avoidance of Transfers of the Property**

19. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

20. Section 544(a)(3) of the Bankruptcy Code allows the avoidance of a transfer of real property that is not perfected and enforceable against a bona fide purchaser at the time the bankruptcy petition is filed. Section 544(a)(3) states:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

\*   \*   \*

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

21. Under Section 544(a)(3) the trustee has the right and power, as of the date of the commencement of the case, to avoid any lien or transfer avoidable by a hypothetical bona fide purchaser of real property of the debtor as of the date of the commencement of the case.

22. "As a hypothetical bona fide purchaser, the trustee under [section 544(a)(3)] is deemed to have conducted a title search, paid value for the property and perfected its interest as a legal title holder as of the date of the commencement of the case." COLLIER ON BANKRUPTCY ¶ 544.05 (2017) (citing *Midlantic Nat. Bank v. Bridge (In re Bridge)*, 18 F.3d 195, 204 (3rd Cir. 1994).

23. The extent of the trustee's rights as a bona fide purchaser of real property is measured by the substantive law of the state governing the property in question. *In re Deuel*, 594 B.R. 1073, 1078 (9th Cir. 2010).

24. Under Texas law, a "bona fide purchaser" is "one who acquires (apparent) legal title to property in good faith for a valuable consideration without . . . notice of an infirmity of title." *In re Tilton*, 297 B.R. 478, 484 (Bankr. E.D. Tex. 2003). As such, a conveyance of an interest in real property, including a deed of trust, is void as to a subsequent purchaser if the interest was not recorded at the time of the subsequent purchase and the purchaser paid valuable consideration without notice of the unrecorded interest. *Id.* (citing TEX. PROP. CODE ANN. § 13.001(a)).

25. Bankruptcy courts in Wisconsin and Michigan treat bona fide purchasers in a similar manner. *See, e.g., In re Plunkett,* 128 B.R. 460 (Bankr. E.D. Wis. 1991) ("the Bankruptcy Trustee acquired the rights and powers of a bona fide purchaser of real property" which are superior to one holding an unrecorded, unperfected claim of interest in the real estate and that those rights are fixed at the commencement of a bankruptcy case …"); *Chalmers v. United States*, 1998 Bankr. LEXIS 1929, at *8, (Bankr. W.D. Mich. Aug. 25, 1998) ("In Michigan, a bona fide purchaser is one which purchases real estate in good faith, without notice of the prior conveyance the person seeks to defeat.")

26. The Post-Petition Deeds were not recorded on or prior to the Petition Date.

27. Because the Post-Petition Deeds were not recorded on the Petition Date, the Trustee stands in the shoes of a bona fide purchaser and is entitled to avoid the transfers of the WI MI Properties by virtue of 11 U.S.C. § 544(a)(3). *See In re Deuel*, 594 B.R. at 1075 (holding that a chapter 7 trustee as a bona fide purchaser for value under 11 U.S.C. § 544(a)(3) without notice can take ahead of an unrecorded lien); *In re Villarreal*, 2011 WL 6826827 (Bankr. S.D. Tex. Dec. 28, 2011) (authorizing avoidance of prepetition sale of debtor's homestead, following a prepetition tax foreclosure sale when the tax deed was not recorded prior to the bankruptcy filing); *In re Elam*, 194 B.R. 412 (Bankr. E.D. Tex. 1996) (authorizing avoidance of transfer of real property because trustee's deed had not yet been properly filed prior to the bankruptcy petition date).

**B.   Count II – Recovery of Transfers Under 11 U.S.C. § 550**

28. The Trustee would show the transfers of the WI MI Properties are recoverable under 11 U.S.C. § 550.

29. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

3104866

30. Section 550(a)(1) of the Bankruptcy Code, in pertinent part, provides:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made . . . .

11 U.S.C. § 550(a)(1).

31. MPO was the initial transferee of the transfer of the WI MI Properties.

32. As set forth above, the Trustee is entitled to avoid and recover the transfer of the WI MI Properties to MPO.

**C.    Count III – 11 U.S.C. § 551: Preservation of Avoided Transfers**

33. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

34. Section 551 provides for the automatic preservation of an avoided transfer. Section 551 states:

> Any transfer avoided under section . . . 544 . . . of this title, . . . is preserved for the benefit of the estate but only with respect to property of the estate.

35. To the extent the transfers of the WI MI Properties as reflected in the Post-Petition Deeds is avoided under 11 U.S.C. § 544, such interests are preserved for the benefit of the bankruptcy estate under 11 U.S.C. § 551.

36. The Trustee seeks a judgment preserving any interest MPO has in the WI MI Properties for the benefit of the Bankruptcy Estate and ruling that the Trustee succeeds to any and all rights and interests MPO had in the WI MI Properties.

**D.     Count IV – Request for Declaratory Relief**

37.     The Trustee hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

38.     The Post-Petition Deeds were not recorded in the real property records on or prior to the Petition Date.  The transfers of the WI MI Properties are void pursuant to 11 U.S.C. § 544 for the reasons stated in Count I. *See* supra 19–27.

39.     The Trustee seeks a declaration from this Court that the transfers of the WI MI Properties are avoided and the WI MI Properties are property of the Bankruptcy Estate to the maximum extent permitted under 11 U.S.C. § 541.

**E.     Count V – Request for Accounting of Escrowed Funds**

40.     The Trustee hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

41.     Fidelity has information regarding the Escrowed Funds from at least March 2022 to the present date, including the amount of the Escrowed Funds and the use of the Escrowed Funds.

42.     The Trustee does not have access to information regarding the Escrowed Funds.

43.     To exercise her duties to the bankruptcy estates, the Trustee requires current and historical information regarding the Escrowed Funds, as well as the sources and uses of the Escrowed Funds.

44.     The Trustee is therefore entitled to a formal accounting of the Escrowed Funds and any other funds held by Fidelity in connection with the WI MI Properties.

**Count VI – Request for Turnover of Escrowed Funds**

45. The Trustee hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

46. The Escrowed Funds are property that the Trustee may use, sell, or lease, and therefore, pursuant to 11 U.S.C. § 542, Fidelity is required to deliver the Escrowed Funds to the Trustee.

47. The Trustee seeks a judgment for the turnover of the Escrowed Funds under 11 U.S.C. § 542.

## Relief Requested

Janet S. Northrup, Chapter 7 Trustee of the jointly-administered bankruptcy estates of Mountain Express Oil Company prays that pursuant to Bankruptcy Code §§ 542, 544, 550 and 551, she have judgment against MPO and Fidelity as requested above; and for such further relief, at law or in equity, to which the Trustee may be justly entitled.

Dated: October 20, 2023.

Respectfully submitted,

*/s/ Heather Heath McIntyre*
Wayne Kitchens        TBN: 11541110
wkitchens@hwa.com
Heather McIntyre      TBN: 24041076
hmcintyre@hwa.com
Hughes Watters Askanase, LLP
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:    (713) 759-0818
Facsimile:    (713) 759-6834
**ATTORNEYS FOR JANET S. NORTHRUP, CHAPTER 7 TRUSTEE**

3104866