United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 30, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-90147 (DRJ)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF AKERMAN LLP AS SPECIAL ENVIRONMENTAL COUNSEL
FOR THE DEBTORS, EFFECTIVE AS OF JUNE 9, 2023**

(Related Docket No. 752)

Upon consideration of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Akerman LLP as Special Environmental Counsel for the Debtors, Effective as of June 9, 2023* (the "Application"),[2] pursuant to sections 327 and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), for an order authorizing and approving the retention and employment of Akerman, LLP ("Akerman" or the "Firm") as attorneys for the above-captioned debtors (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"), effective as of June 9, 2023; and upon consideration of the Neely Declaration in support of the Application; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Application.

28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Debtors having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED**, to the extent set forth herein.

2. The Debtors are authorized, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, to retain and employ Akerman as their special environmental counsel in these Chapter 11 Cases, in accordance with Akerman's normal hourly rates and policies regarding the actual expenses incurred in connection with the professional services performed in these Chapter 11 Cases, all as contemplated by Application, effective as of June 9, 2023, as modified by this Order.

3. Akerman is authorized to represent the Debtors in connection with these Chapter 11 Cases and is authorized to render professional services with respect thereto, including providing counseling and related legal advice to the Debtors in connection with certain environmental regulatory review and environmental compliance matters related to (a) the Debtors' owned real property, leased locations, and underground storage tank systems, and (b) the Debtors' ongoing sale and marketing process.

4. Akerman shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases as set forth in the Application and Neely Declaration, and in compliance with sections 330 and 331 of the

Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court.  For billing purposes, Akerman shall keep its time in one tenth (1/10) hour increments.

5. Notwithstanding anything to the contrary in the Application or the Neely Declaration attached to the Application, Akerman shall not be entitled to reimbursement for fees and expenses in connection with any objection to its fees, without further order of the Court.

6. Akerman shall provide ten business days' notice to the Debtors, the Committee, and the U.S. Trustee, which notice shall be filed with the Court, prior to filing and/or serving a fee statement or fee application reflecting such an increase.  The U.S. Trustee shall retain the right to object to any rate increase on any and all grounds, including under the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. Akerman and the Debtors authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.  Akerman is authorized to sign and file electronically all notices, orders, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such documents and all objections and responses related to any such documents filed by any party in these Chapter 11 Cases.

8. Akerman shall not charge a markup to the Debtors with respect to fees billed by contractors who are hired by Akerman to provide services to the Debtors and shall ensure that any such contractors are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

9. Akerman shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

10. Akerman will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Akerman will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

11. To the extent the Application or the Neely Declaration are inconsistent with this Order, the terms of this Order shall govern.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation of this Order.

Signed: October 30, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge