IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 23-90147 |
| | § | Jointly Administered |
| | § | |
| Mountain Express Oil Company, *et al* | § | (Chapter 7) |
| | § | |
| Debtors. | § | Judge David R. Jones |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND FOR
REIMBURSEMENT OF EXPENSES BY YOUNG MOORE AND HENDERSON, P.A.
AS ATTORNEYS FOR *CHAPTER 11* DEBTOR FOR
MAY 01, 2023 THROUGH AUGUST 24, 2023**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE:

## FEE APPLICATION COVER SHEET

| | | |
|---|---|---|
| Name of Applicant: | | Young Moore and Henderson P.A. |
| Applicant's Role in Case: | | Worker's Compensation Counsel for the Debtor |
| Date Order of Employment Signed | | 08/30/2023 |
| Effective date of order approving professional's retention: | | N/A |
| | Beginning of Period | Ending of Period |
| Time period covered by this Application: | May 01, 2023 | August 24, 2023 |
| Time period(s) covered by prior applications: | N/A | N/A |
| Total amounts awarded in all prior Applications: | | N/A |
| Total fees requested in this Application: | | $21,803.36 |
| Total professional fees requested in this Application: | | $20,179.40 |
| Total actual professional hours covered by this Application: | | 67.8 |
| Average hourly rate for professionals: | | $350.00 |
| Total paraprofessional fees requested in this Application: | | $840.00 |
| Total actual paraprofessional hours covered by this Application: | | 6.2 |
| Average hourly rate for paraprofessionals: | | $90.00 |
| Reimbursable expenses sought in this Application: | | $83.96 |
| Total to be paid to priority unsecured creditors: | | N/A – Converted to Ch. 7 |
| Anticipated % dividend to priority unsecured creditors: | | N/A – Converted to Ch. 7 |
| Total to be paid to general unsecured creditors: | | N/A – Converted to Ch. 7 |
| Anticipated % dividend to general unsecured creditors: | | N/A – Converted to Ch. 7 |
| Date of confirmation hearing: | | N/A – Converted to Ch. 7 |
| Indicate whether Plan has been confirmed: | | N/A – Converted to Ch. 7 |

COMES NOW, Young Moore and Henderson, P.A. ("**Applicant**" or "**YMH**"), and respectfully submits its *First and Final Application for Compensation and for Reimbursement of Expenses by Young Moore and Henderson P.A. as Attorneys for Chapter 11 Debtor for May 01, 2023 through August 24, 2023* (the "**Application**").[1] The total amount for which the Court's approval is sought is compensation of $21,803.36 in professional and paraprofessional fees for the period covered by this Application including $700.00 (2 hour) for preparation of this Application. In Support of the Application, Applicant respectfully shows as follows:

---

[1] YMH reserves its right to submit applications for compensation and reimbursement of expenses as general counsel for the Chapter 7 Trustee. This first and final fee application covers only services and expenses on behalf of the Chapter 11 Trustee.

## Background

**A.     The Debtors' Bankruptcy Cases and the Appointment of the Chapter 11 Trustee.**

1. On or about March 18, 2023 (the "**Petition Date**"), Mountain Express Oil Company and affiliated debtors (collectively the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code and thereby commenced these bankruptcy cases. On March 20, 2023, the Court ordered joint administration of the cases [docket no. 33]. From the Petition Date until August 17, 2023, the Debtors operated their businesses as debtors in possession under Chapter 11 of the Bankruptcy Code. On that date, the Court ordered the appointment of a Chapter 11 trustee, and Janet S. Northrup ("**Chapter 11 Trustee**") was appointed [docket no. 1284].[2]

2. On May 12, 2023, the Court entered the *Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* (the "**OCP Authorization Order**") [docket no. 407] including Young Moore and Henderson P.A. ("YMH") as an Ordinary Course Professional authorized to be retained and compensated in the ordinary course of business of the Chapter 11 Debtor, not to exceed $50,000 per month.

**B.     The Employment of YMH as Attorneys for the Chapter 11 Debtor.**

3. YMH has performed legal services as worker's compensation counsel to the Chapter 11 Debtor. All of the services rendered by YMH were performed for and on behalf of the Chapter 11 Debtor and not on behalf of any committee, creditor, or other person.

4. YMH is a law firm composed of attorneys duly licensed to practice law before the courts of the State of North Carolina. YMH's offices are located at 3101 Glenwood Avenue, Suite 200, Raleigh, NC 27612.

---

[f2] On August 24, 2023, after a status conference requested by the Chapter 11 trustee, the cases were converted to Chapter 7. Thereafter, Janet S. Northrup was appointed as the Chapter 7 Trustee (the "Chapter 7 Trustee") in the jointly administered cases [docket no. 1398].

5. YMH has made the disclosures required by law and has no agreement or understanding with any other person with respect to sharing the compensation to be allowed YMH for services rendered in the case.

6. If YMH is not allowed compensation as requested herein, such denial would have the effect of YMH having provided, without compensation, valuable services, expertise, and experience to the Chapter 11 Debtor and would undermine the intent of § 330 of the Bankruptcy Code. *See Matter of Baldwin United Corp.*, 36 B.R. 401 (Bankr. S.D. Ohio 1984); *In re Wilson Foods Corp.*, 36 B.R. 317 (Bankr. W.D. Okla. 1984).

**C.     The Fees and Expenses Requested.**

7. On August 23, 2023, the Court entered the *Amended Stipulation and Agreed Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, and (C) Modifying the Automatic Stay* (the "**Cash Collateral Order**") [docket no. 1372], which *inter alia* provided a line item in the cash collateral budget for fees of the Chapter 11 Debtor and her professionals, including YMH. On August 24, 2023, the Court entered the *Order (I) Converting Chapter 11 Cases, (II) Rejecting Leases, (III) Terminating Certain Agreements, and (IV) Granting Related Relief* (the "**Conversion Order**") [docket no. 1397], providing that the DIP Lenders' collateral was subject to a carve-out in the amount of $1.5 million for the benefit of certain creditors, including the Chapter 11 Trustee and her professionals with respect to allowed Chapter 11 administrative expense claims.

8. This Application seeks final approval and payment from the estate of Mountain Express Oil Company ("**MEX**") for YMH's professional services rendered from May 01, 2023 through August 24, 2023 (the "**Application Period**"), and compensation for preparation of this Application. YMH rendered a total of 74 hours of professional and paraprofessional services on

behalf of the Chapter 11 Debtor. Attached as **Exhibit A** is the detailed statement of the services performed by YMH.

9. As shown in detail in **Exhibit A**, YMH's professional and paraprofessional fees total $21,803.36 for the Application Period. YMH includes approval of $700.00 (2 hours) for preparation of this Application. **Exhibit A** reflects the hours spent on the case while in Chapter 11, and the hourly rate of each participating attorney, law clerk, and legal assistant. All of YMH's services rendered were for and on behalf of the Chapter 11 Debtor. No agreement or understanding exists between YMH and any other person with respect to sharing any compensation awarded to YMH in connection with its representation of the Chapter 11 Trustee in the case.

## Summary of Major Tasks

10. General Background. After months of the Debtors attempting to sell their assets, First Horizon Bank as Administrative Agent filed an emergency motion to appoint a Chapter 11 trustee, or alternatively, to convert the Debtors' cases to chapter 7 [docket no. 1280]. The Chapter 11 Trustee was appointed in this case on August 17, 2023. Immediately upon her appointment, the Chapter 11 Trustee was faced with a liquidity crisis that threatened the Debtors' continued operations during the following days. Prior to appointment of the Chapter 11 Trustee, Judge Marvin Isgur served as mediator in the hopes of resolving disputes among the Debtors' various constituents and formulating a path forward designed to keep the Debtors alive as going concerns.

11. As shown in detail in **Exhibit A**, YMH's professional and paraprofessional fees total $21,803.36 for the Application Period, including $700.00 (2 hours) for preparation of this Application. **Exhibit A** reflects the hours spent on the case while in Chapter 11, and the hourly rate of each participating attorney, law clerk, and legal assistant. All of YMH's services rendered

were for and on behalf of the Chapter 11 Trustee. No agreement or understanding exists between YMH and any other person with respect to sharing any compensation awarded to YMH in connection with its representation of the Chapter 11 Trustee in the case.

12. The legal services performed by Applicant can be summarized by project as follows:

13. **Task 1. General Administration (6.2 hours; $840.00).** General case administration includes matters not allocable to particular tasks, but which nonetheless must be performed to ensure the case proceeds properly. Time in this category includes overall case management.

14. **Task 30. Litigation (67.8 hours; $20,179.40).** Applicant worked on pursuing insurance coverage for the death claim against Mountain Express where the workers' compensation insurer claimed to have cancelled the policy before the on the job death. Mountain Express challenged the cancellation as in violation of the applicable cancellation statute, conducted discovery on compliance with the cancellation statute, and filed motions seeking a declaration that the purported cancellation was not valid. If the cancellation were deemed valid, Mountain Express would not only be uninsured for the employee's death but also subject to penalties from the NC Insdustrial Commission for failure to maintain the statutorily required coverage. Applicant also defended the death claim against Mountain Express because the insurer denied coverage, filed the required pleadings on behalf of Mountain Express, and participated in Commission required mediation.

15. **Fee Application Preparation (2 hours; $7000.00).** After the time period covered by YMH's invoice, Applicant prepared this Application and the summary page required by the Court.

## The *First Colonial* Factors

16. YMH has not received any payments for fees or expenses during the Application Period.

17. The Fifth Circuit in *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.), *cert. denied*, 97 S. Ct. 1696 (1977), described certain factors which should be considered in compensating attorneys in Chapter 7 cases. Those factors are instructive here and are discussed in the following paragraphs.

18. <u>Time and labor required and novelty and difficulty of the questions involved</u>. As reflected in Exhibit A, the Applicant's professionals and paraprofessionals have expended a total of 74 hours (including 2 hour for fee application preparation) on the case. The blended hourly rate for the attorneys is $350.00. The blended hourly rate for the paraprofessionals is $90.00. YMH has devoted the time necessary to efficiently attend to the procedures, correspondence, and pleadings involved in the case to both pursue insurance coverage for the employee death claim, but also to defend the death claim pending a decision by the NC Industrial Commission on insurance coverage for the death claim.

19. <u>Reputation of attorneys</u>. The attorneys involved in the case have regularly managed and litigated the Debtor's workers' compensation case. These attorneys have significant experience in workers' compensation law in both large and small cases for many years, and in insurance coverage disputes of all kinds. Therefore, YMH's attorneys are well qualified to represent the Chapter 11 Debtor in its worker's compensation case.

20. <u>Skill required</u>. The preceding paragraphs reflect the skill required by the case. An elevated degree of skill has been required and employed by YMH in the representation of the Chapter 11 Debtor for the reasons indicated.

21. <u>Preclusion of other employment</u>. YMH was precluded from engaging in other employment only to the extent of the 74 hours in the case, including 2 hours for fee application preparation after the Application Period.

22. <u>Results obtained</u>. YMH has efficiently attended to the matters as described above, with intense investigation and development of strategy to move the case forward, as noted above.

23. <u>Time limitations imposed by the case</u>. YMH's attorneys have been available at all times to meet the Chapter 11 Debtor's needs as they have arisen.

24. <u>Customary charges for the services rendered</u>. The hourly rates of YMH's attorneys are described at the end of **Exhibit A**. The hourly rate for attorney preparation of the Application is $350.00. The rates charged are commensurate with the abilities of the persons involved and are on the low end of the rates customarily charged in this district for excellent legal counsel.

25. <u>Contingent nature of the fee</u>. Representation of the Chapter 11 Debtor was not contingent, as there was sufficient cash collateral, and the Court entered the Cash Collateral Order and the Conversion Order. YMH was not hired on a percentage contingency agreement, but at the regular hourly rates of the professionals doing the work, subject to available funds.

26. <u>Awards in similar cases</u>. This Court is familiar with the size of fee awards in cases similar to this case. The Court may wish to consider that awards of similar or larger fees have been made in other cases over the past years in this district.

27. YMH believes the compensation sought herein is reasonable and represents work that was necessary to the proper administration of the Chapter 11 Debtor.

28. YMH, in compliance with FED. R. BANKR. P. 2016, hereby states that: (i) no compensation previously received has been shared with any other entity; and (ii) no agreement or understanding exists between YMH and any other entity for the sharing of compensation

received or to be received for services rendered in connection with the case. YMH did not receive any pre- or post-employment retainer in this matter and is holding no funds belonging to the Chapter 11 Trustee or the Debtors.

## Conclusion

WHEREFORE, YMH prays that this Court, after notice and any hearing, enter an Order (i) authorizing payment on a final basis from the MEX Estate, pursuant to the Cash Collateral Order and the Conversion Order, of compensation to YMH for its professional and paraprofessional fees of $21,803.36 during the Application Period including fee application preparation compensation of $700.00, such payment being a priority administrative expense under § 507(a)(2) of the Bankruptcy Code; and (ii) granting such other and further relief to which YMH may be entitled.

This the 15th day of November, 2023.

YOUNG MOORE AND HENDERSON, P.A.

BY: _____
Dawn M. Dillon
N.C. State Bar No. 22022
Walter E. Brock, Jr.
N.C. State Bar No. 8195
3101 Glenwood Avenue – Suite 200
Raleigh, North Carolina  27612
(919) 782-6860
dawn.dillon@youngmoorelaw.com
walter.brock@youngmoorelaw.com
Attorneys for Mountain Express Oil

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on (i) all parties receiving ECF notice in the case by electronic transmission on September 19, 2023.

This the 15th day of November, 2023.

                                              YOUNG MOORE AND HENDERSON, P.A.

BY: _____
Dawn M. Dillon
N.C. State Bar No. 22022
Walter E. Brock, Jr.
N.C. State Bar No. 8195
3101 Glenwood Avenue – Suite 200
Raleigh, North Carolina 27612
(919) 782-6860
dawn.dillon@youngmoorelaw.com
walter.brock@youngmoorelaw.com
Attorneys for Mountain Express Oil

003037-000001/ 6268856