IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 23-90147 (EVR)<br><br>(Jointly Administered) |

**COVER SHEET TO FINAL APPLICATION OF
AXINN, VELTROP & HARKRIDER LLP FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES INCURRED AS SPECIAL ANTITRUST COUNSEL TO THE DEBTORS
FOR THE PERIOD FROM MAY 26, 2023 THROUGH AUGUST 16, 2023**

**Chapter 7 Final Fee Application Coversheet Pursuant to the
Court Procedures of the Honorable Eduardo V. Rodriguez**

| **Name of applicant:** | **Axinn, Veltrop & Harkrider LLP** |
|---|---|
| **Applicant's professional role in case:** | Special Antitrust Counsel to the Debtors and Debtors in Possession |
| **Indicate whether this is an interim or final application:** | This is the First and Final Application. |
| **Date Order of Appointment Signed** | 07/19/2023. Docket No. 1047 |
| | **Beginning of Period** | **Ending of Period** |
| **Total period covered in application** | 05.26.23 | 08.16.23 |
| **Time periods covered by any prior applications** | N/A | N/A |
| **Total amounts awarded in all prior applications** | | $0.00 |
| **Amount of retainer received in the case** | | $0.00 |
| **Total fees applied for in this application and in all prior applications (including any retainer amounts applied or to be applied)** | | $158,255.00 |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained for a fee at the Court's website at http://ecf.txsb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases (the "Cases") is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

1

| Name of applicant: | Axinn, Veltrop & Harkrider LLP |
|---|---|
| **Total fees applied for in this application (including any retainer amounts to be applied)** | $158,255.00 |
| **Total professional fees requested in this application** | $158,255.00 |
| **Total professional hours covered by this application** | 207.60 |
| **Average hourly rate for professionals (attorneys)** | $1,148.30 |
| **Total paraprofessional hours covered by this application** | 97.80 |
| **Average hourly rate for paraprofessionals** | $324.00 |
| **Reimbursable expenses sought in this application** | $0.00 |
| **Application Cost** | $0.00 |
| **Total of other payments paid to Secured Claimants** | Unknown |
| **Total of other payments paid to Administrative Claimants** | Unknown |
| **Estimated Total for distribution to Priority Unsecured** | Unknown |
| **Expected % dividend to be paid to Priority Unsecured** | Unknown |
| **Estimated total for distribution to General Unsecured** | Unknown |
| **Expected % dividend to be paid to General Unsecured** | Unknown |
| **Expected amount to be paid to all pre-petition creditors** | Unknown |
| **Receipts to date** | Unknown |
| **Disbursements to date** | Unknown |
| **Current balance in the Trustee's accounts** | Unknown |

Dated:  November 15, 2023

AXINN, VELTROP & HARKRIDER LLP

*/s/ Jeny M. Maier*

Jeny M. Maier
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 469-3523
Facsimile:  (202) 917-4701
jmaier@axinn.com

*Former Special Antitrust Counsel to the Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| MOUNTAIN EXPRESS OIL COMPANY, et al., | Case No. 23-90147 (EVR) |
| Debtors.[1] | (Jointly Administered) |

**FINAL APPLICATION OF AXINN, VELTROP & HARKRIDER LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL ANTITRUST COUNSEL TO THE DEBTORS FOR THE PERIOD FROM MAY 26, 2023 THROUGH AUGUST 16, 2023**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE AN ELECTRONIC HEARING ON THIS APPLICATION ON FEBRUARY 15, 2024 AT 9:00 A.M. (CENTRAL TIME) VIA GOTOMEETING, AS PREVIOUSLY ORDERED BY THE COURT.[2]**

**TO PARTICIPATE IN THE HEARING, AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE RODRIGUEZ'S CONFERENCE ROOM NUMBER IS 999-276. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE RODRIGUEZ'S HOMEPAGE. THE MEETING CODE**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained for a fee at the Court's website at http://ecf.txsb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 11 Cases (the "Cases") is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

[2] This Final Application is filed in accordance with the dates and deadlines set forth in the *Stipulation Regarding Scheduling Deadlines and Hearing in Connection with Chapter 11 Final Fee Applications and Reserve Distribution Motion* [Docket No. 1632] (the "Scheduling Order"), as approved by the Court.

1

> IS "JUDGERODRIGUEZ". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.

Axinn, Veltrop & Harkrider LLP ("Axinn"), former special antitrust attorneys for the above-captioned debtors (the "Debtors"), hereby files its final application (this "Final Application") seeking allowance on a final basis of compensation for services rendered and necessary expenses in the above-captioned cases (the "Cases") for the period from May 26, 2023 through August 16, 2023 (the "Final Application Period"), pursuant to section 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2016-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"). For the Final Application Period, Axinn seeks final allowance of $158,255.00 as fees for services rendered and $0.00 as reimbursement of expenses. In support of this Final Application, Axinn submits the declaration of Jeny M. Maier attached hereto as **Exhibit 1** and a proposed order granting the Final Application attached hereto as **Exhibit 2**. In further support of this Final Application,[3] Axinn respectfully states as follows:

## PRELIMINARY STATEMENT

1. Axinn hereby incorporates by reference the preliminary statement contained within the Final Application of Pachulski Stang Ziehl & Jones LLP being filed contemporaneously with this Axinn's Final Application.

---

[3] This Final Application is filed in accordance with the dates and deadlines set forth in the *Stipulation Regarding Scheduling Deadlines and Hearing in Connection with Chapter 11 Final Fee Applications and Reserve Distribution Motion* [Docket No. 1632] (the "Scheduling Order"), as approved by the Court.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

**A.    Case Background**

4. On March 18, 2023 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

5. On April 4, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), consisting of the following three members: (i) The Necessity Retail REIT, Inc.; (ii) Total Image Solutions, LLC; and (iii) Coca-Cola Bottling Company United, Inc. *See* Docket No. 202.

6. On August 16, 2023, the DIP Agent filed, *DIP Agent's Emergency Motion to Appoint Chapter 11 Trustee, or in the Alternative, Convert These Chapter 11 Case to Case Under Chapter 7* [Docket No. 1280].

7. On August 17, 2023, following the *Court's Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 1284] (the "Chapter 11 Trustee Order"), the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No, 1286], and appointed Janet S. Northrup to serve as the chapter 11 trustee in the Cases (the "Chapter 11 Trustee").

8. On August 24, 2023, upon its own motion and the Chapter 11 Trustee's request, the Court converted these Cases to cases under chapter 7 of the Bankruptcy Code [Docket No. 1397]. Thereafter, Janet Northrup was also appointed as the chapter 7 trustee (the "Chapter 7 Trustee").

**B.     The Debtors' Retention of Axinn**

9. On June 12, 2023, Axinn filed its *Application for Entry of an Order Authorizing the Retention and Employment of Axinn, Veltrop & Harkrider LLP as Special Antitrust Counsel for the Debtors Effective as of May 26, 2023* [Docket No. 517] (the "Axinn Retention Application"). On July 19, 2023, the Court entered an Order Approving the Axinn Retention Application [Docket No. 1047] (the "Retention Order").

10. The Retention Order authorized the Debtors to compensate and reimburse Axinn in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any Orders entered in these Chapter 11 Cases. The Retention Order also authorized the compensation of Axinn at its standard hourly rates and the reimbursement of Axinn's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.

11. On August 24, 2023, the Court entered an *Order Authorizing the Withdrawal of Axinn, Veltrop & Harkrider LLP as Debtors' Special Antitrust Counsel* [Docket No. 1389].

**C.     The Retainer Funds, Carve-Out Funds, and the Reserve Distribution Motion**

12. On October 3, Pachulski Stang Ziehl & Jones LLP ("PSZJ") filed the *Motion of Former Counsel for the Debtors for Entry of an Order Authorizing the Payment of Estate Professionals' Fees Pursuant to Final DIP Order and Professional Fee Order* [Docket No. 1519] (the "Reserve Distribution Motion").[4]

---

[4] Objections to the Reserve Distribution Motion have been filed at Docket Nos. 1535 and 1579, which objections will be addressed separately in the context of such motion. For purposes of this section of the Final Application,

4

13. On November 1, 2023, the Court approved the Scheduling Stipulation, establishing that, *inter alia*, this Final Application (among other final fee applications of the chapter 11 estates' professionals) and the Reserve Distribution Motion would be heard by the Court *via* an electronic hearing on February 15, 2024 at 9:00 a.m. (prevailing Central Time).

14. As more fully set forth in the Reserve Distribution Motion, PSZJ, as former counsel to the Debtors, presently holds in the PSZJ Trust Account $5,116,118.18 in Carve-Out Funds under the Final DIP Order. The Reserve Distribution Motion seeks, *inter alia*, authority to distribute the Carve-Out Funds to estate professionals (as applicable), including Axinn, to the extent allowed under the Compensation Order with respect to certain Fee Statements filed by the applicable estate professional where the deadline to object thereto has lapsed, or pursuant to interim or final compensation orders of this Court.

15. In the event the Court grants the relief requested in the Reserve Distribution Motion and this Final Application, Axinn will receive its portion of the Carve-Out Funds in the aggregate amount of $158,255.00, in full satisfaction of the amounts requested herein. Axinn further requests that PSZJ be authorized to disburse such amounts to Axinn in any order approving this Final Application.

### SUMMARY OF COMPENSATION AND REIMBURSEMENT OF EXPENSES PREVIOUSLY AWARDED ON AN INTERIM BASIS

16. On May 15, 2023, the Court entered its *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 408] (the "Compensation Order"). Among other things, the Compensation Order established procedures for the payment of 80% of fees and 100% of expenses incurred by estate professionals upon the filing

---

capitalized terms used but not defined herein shall have the meanings ascribed to them in the Reserve Distribution Motion.

5

of a monthly fee statement (each a "Fee Statement") and the passing of an objection deadline with respect to each such Fee Statement.  The Compensation Order further required the periodic filing of interim fee applications with the Court, including for the approval of the remaining 20% of fees contained in a Fee Statement for the applicable period.

17. Pursuant to the Compensation Order, during these Cases, Axinn submitted two monthly fee statements (each a "Fee Statement") for the months of May-June 2023 [Docket No. 1154] and July 2023 [Docket No. 1337].

18. As of the date of this Final Application, Axinn has not received any objections to any of its other Fee Statements and the deadlines to object thereto have passed. To date, Axinn has not received payment on account of its May-June or July Fee Statements.  A summary of the paid and unpaid amounts in the Final Application Period follows:

| Period | Fees Incurred | Fees Paid | Expenses Incurred | Expenses Paid | Balance (Fees & Expenses) |
|---|---|---|---|---|---|
| 05.26.23 – 06.30.23 | $ 153,669.50 | $ 0.00 | $ 0.00 | $ 0.00 | $153,669.50 |
| 07.01.23 – 07.31.23 | $ 4,555.50 | $ 0.00 | $ 0.00 | $ 0.00 | $4,555.50 |
| **Totals:** | **$158,225.00** | **$ 0.00** | **$ 0.00** | **$ 0.00** | **$158,225.00** |

19. The fees charged by Axinn in these Cases are billed in accordance with Axinn's existing billing rates and procedures in effect during the Final Application Period. The rates Axinn charges for the services rendered by its professionals and paraprofessionals in these Cases generally are the same rates Axinn charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

20. Attached hereto as **Exhibit 3** is a summary breakdown of hours and amounts billed by timekeeper during the Final Application Period. The summary sheet lists those Axinn

professionals, paraprofessionals, and other personnel who have performed services for the Debtors during the Final Application Period, the capacities in which each individual is employed by Axinn, the department in which each individual practices, the hourly billing rate charged by Axinn for services performed by such individual, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

21. Axinn maintains computerized records of the time spent by all Axinn attorneys and paraprofessionals in connection with these Cases. Copies of the time records of Axinn's attorneys and paraprofessionals for the period from May 26, 2023, through August 16, 2023 (*i.e.*, the Final Application Period) are attached hereto as **Exhibit 4**.

## SUMMARY OF SERVICES RENDERED DURING THE FINAL APPLICATION PERIOD

22. The following narrative provides a brief summary of the services rendered by Axinn on behalf of the Debtors during the Final Application Period, organized by project category. The summary that follows is not intended to be a detailed description of the work performed by Axinn during the Final Application Period, as those day-to-day services and the time expended in performing such services are fully set forth in the contemporaneous time records that are attached as **Exhibit 4**. Rather, the following summary attempts to highlight certain of those areas in which services were rendered during the Final Application Period.

A. **Antitrust Analysis and Advice**

        Fees:   $152,412.20        Total Hours:   203.40

23. During the Final Application Period, Axinn spent time, among other things, advising the Debtors on procedural requirements and antitrust risks associated with the effort to sell substantially all of the Debtors' assets in one or more transactions. In particular, Axinn advised

7

the Debtors on the risk of antitrust agency investigation and/or enforcement action in connection with the acquisition of the Debtors' business by certain parties interested in a potential acquisition transaction. As part of its work on behalf of the Debtors, Axinn advised regarding the applicability of the Hart-Scott-Rodino Antitrust Improvements Act ("HSR Act") to a potential sale of substantially all or part of the Debtors' busniess. Axinn worked with the Debtors to identify the information needed to complete a pre-merger notification filing under the HSR Act for a potential sale of the Debtors' business.

24. Axinn also advised the Debtors regarding the antitrust-related provisions in the draft Asset Purchase Agreement ("APA"), and recommendations for negotiations with potential purchasers of the Debtors' assets related to such antitrust-related provisions in the APA. To inform its view of antitrust risk of potential asset sale transactions, Axinn worked with the Debtor and its financial advisors to identify the geographic locations of Debtors' facilities and assessed the degree of geographic overlap with facility locations operated by potential purchasers of the Debtors' business.

**B.     Case Administration**

Fees:  $550.80          Total Hours:  1.70

25. During the Final Application Period, in connection with the day-to-day management of the work-flow, organization, and efficiency of services provided by Axinn's professionals and other miscellaneous tasks that are not unique to another category, Axinn spent time reviewing the docket and various pleadings and maintaining a master calendar of case dates and deadlines applicable to its work as antitrust counsel to the Debtors.

C.     **Fee/Employment Applications**

                Fees:   $5,292.00          Total Hours:   3.50

26.    During the Final Application Period, Axinn spent time, among other things preparing and filing the firm's monthly Fee Statements and the Axinn Retention Application.

**FINAL APPLICATION PERIOD**

27.    The professional services performed by Axinn on behalf of the Debtors during the Final Application Period required an aggregate expenditure of more than 207 hours by Axinn's partners, associates, paraprofessionals, and other non-legal staff. Of the aggregate time expended in the Final Application Period, 46.80 recorded hours were expended by partners of Axinn, 64.00 recorded hours were expended by associates, and 97.80 recorded hours were expended by paraprofessionals of Axinn.

28.    During the Final Application Period, Axinn billed the Debtors for time expended by attorneys based on hourly rates ranging from $880.00 to $1,680.00 per hour for attorneys (before application of an agreed-upon 10% discount). Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $1,148.30 (based on 110.80 recorded hours for attorneys at Axinn's agreed billing rates in effect at the time of the performance of services).

29.    Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expediently and efficiently. Whenever possible, Axinn sought to minimize the costs of its services to the Debtors by utilizing junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

30.     In sum, the services rendered by Axinn during the Final Application Period were necessary and beneficial to the Debtors and their estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, the final approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

## BASIS FOR THE RELIEF REQUESTED

31.     Section 330 of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

32.     Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> A.  the time spent on such services;
>
> B.  the rates charged for such services;
>
> C.  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D.  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> E.  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> F.  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

10

33. In determining the reasonableness of fees, courts routinely employ the twelve factors set forth by the Fifth Circuit in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) which incorporates and expands upon the requirements of section 330 of the Bankruptcy Code. These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 123 n.8. In *In re Fourth Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977), the Fifth Circuit applied the *Johnson* factors to the analysis of fee awards in bankruptcy cases.

34. Under an analysis utilizing the *Johnson* factors and the standards customarily applied to fee awards under sections 330 of the Bankruptcy Code, Axinn submits that its request for compensation and reimbursement of expenses is reasonable and proper, and that such request should be allowed in the requested amount. Axinn devoted a substantial amount of time and effort addressing the numerous issues involved in these Cases, as summarized above and detailed in **Exhibit 4** hereto. Whenever possible, Axinn sought to minimize the costs of its services to the Debtors by utilizing junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

35. Axinn respectfully submits that the services for which it seeks compensation in this Final Application were, at the time rendered, believed to be necessary to represent the Debtors effectively and efficiently.

36. Further, Axinn submits that consideration of the relevant *Johnson* factors establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Debtors:

(a) *The Time and Labor Required*. The professional services rendered by Axinn on behalf of the Debtors have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues encountered with skill and dispatch. Axinn respectfully represents that the services rendered by it were performed efficiently, effectively and economically.

(b) *The Novelty and Difficulty of Questions*. These Cases are designated as "complex" cases prior to their conversion and necessarily involved a significant number of novel or difficult issues in host of areas in connection with the Debtors' restructuring efforts. Axinn's efforts and effective assistance was for the purpose of maximizing value for the benefit of the estates and their stakeholders.

(c) *The Skill Required to Perform the Legal Services Properly*. Axinn believes that its recognized expertise in the area of antitrust has contributed to the efficient and effective representation of the Debtors in these Cases.

(d) *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*. Axinn's representation of the Debtors has not precluded its acceptance of new clients.

(e) *The Customary Fee*. The fees sought herein are based upon Axinn's normal hourly rates for services of this kind. Axinn respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Debtors. Axinn's hourly rates and the fees requested herein are commensurate with fees Axinn has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

(f) *Whether the Fee is Fixed or Contingent*. The fees requested in this Final Application represent fees incurred based upon a fixed hourly rate basis, contingent upon the Court's approval of this Final Application.

(g) *Time Limitations Imposed by Client or other Circumstances*. Axinn provided capable legal representation within the time limitations imposed under the unique circumstances of these Cases.

(h) *The Amount Involved and Results Obtained*. For the reasons described above, Axinn respectfully submits that the amount of fees for which compensation is

sought is reasonable under the circumstances given the nature and complexity of the proposed transaction to sell substantially all of the Debtors' business.

(i) *The Experience, Reputation and Ability of the Attorneys*. Axinn is a professional association whose more than 100 attorneys practice extensively in the fields of antitrust law, intellectual property litigation, and other high stakes litigation.

(j) *The Undesirability of the Case*. Not applicable.

(k) *Nature and Length of Professional Relationship*. Not applicable.

(l) *Awards in Similar Cases*. Not applicable.

37. In sum, the services rendered by Axinn were necessary and beneficial to the Debtors and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. This Final Application requests final approval of the fees and expenses incurred by Axinn during the Final Application Period in accordance with section 330 of the Bankruptcy Code. *See* 11 U.S.C. § 330.

38. No previous final application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, Axinn respectfully requests that the Court: (a) approve final allowance for the period from May 26, 2023 through and including August 16, 2023, in the amount of $158,255.00, consisting of fees for professional services rendered to the Debtors in the amount of $158,255.00; and (b) authorizing PSZJ to disburse from the Carve-Out Funds the amounts set aside for Axinn under the Final DIP Order, and (c) grant such other or further relief as may be just and proper under the circumstances.

Dated: November 15, 2023

AXINN, VELTROP & HARKRIDER LLP

*/s/ Jeny M. Maier*
Jeny M. Maier
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 469-3523
Facsimile: (202) 917-4701
jmaier@axinn.com

*Former Special Antitrust Counsel to the Debtors*

13