IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, *et al.*,[1]<br><br>                                Debtors. | Case No. 23-90147<br>Jointly Administered<br><br>(Chapter 7)<br><br>Judge Eduardo V. Rodriguez |

**CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY GREENBERG TRAURIG, LLP AS SPECIAL LITIGATION COUNSEL**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, UNITED STATES BANKRUPTCY JUDGE:**

      Janet S. Northrup, the Chapter 7 Trustee (the "Trustee") in the above-referenced Chapter 7 Cases (the "Cases"), submits this application for entry of an order, substantially

---

[1] A complete list of each of the Debtors in these Chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these Chapter 7 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

3105683

in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 327 and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"), authorizing the retention and employment of the law firm of Greenberg Traurig, LLP ("Greenberg Traurig"), as special litigation counsel for the Trustee, effective as of November 11, 2023. The facts and circumstances supporting this application (the "Application") are as set forth herein and in the *Declaration of John D. Elrod in Support of the Application of the Chapter 7 Trustee for Entry of an Order Authorizing the Retention and Employment of Greenberg Traurig, LLP as Special Litigation Counsel* (the "Elrod Declaration"), which is attached hereto as **Exhibit B** and incorporated herein by reference. In further support of this Application, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The predicates for the relief sought herein are 11 U.S.C. §§ 327(c) and 328(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

3. On March 18, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code and thereby commenced these bankruptcy cases. On March 20, 2023, the Court ordered joint administration of the cases [Docket No. 33]. From the Petition Date until August 17, 2023, the Debtors operated their

2

3105683

businesses as debtors in possession under Chapter 11 of the Bankruptcy Code. On that date, the Court ordered the appointment of a Chapter 11 trustee, and Janet S. Northrup was appointed [Docket No. 1284].

4. On August 24, 2023 (the "Conversion Date"), after a status conference requested by the Chapter 11 Trustee, the Court entered the *Order (I) Converting Chapter 11 Cases, (II) Rejecting Leases, (III) Terminating Certain Agreements, and (IV) Granting Related Relief* (the "Conversion Order") [Docket No. 1397]. The Conversion Order converted the Debtors' cases to Chapter 7, and provided that the DIP Lenders'[2] collateral was subject to a carve-out in the amount of $1.5 million for the benefit of certain creditors, including the Chapter 11 Trustee and her professionals with respect to allowed Chapter 11 administrative expense claims. Thereafter, Janet S. Northrup was appointed as the Chapter 7 Trustee in the jointly administered cases [Docket No. 1398].

**RELIEF REQUESTED**

5. The Trustee desires to retain and employ Greenberg Traurig as special litigation counsel to pursue certain claims and avoidance actions against current and former insiders of the Debtors and other individuals or entities. The Trustee determined that Greenberg Traurig has the resources, historical knowledge, and experience necessary to represent the estates as special litigation counsel in these Cases. Greenberg Traurig is an international law firm, and has experience appearing before all courts in this District. In addition, Greenberg Traurig has substantial bankruptcy litigation experience and has

---

[2] The term "DIP Lenders" is defined in the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-1 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expense Status, (III) Granting Adequate Protection, and (IV) Granting Related Relief* [Docket No. 332].

3105683

particular familiarity with the underlying litigation to be pursued on behalf of the Chapter 7 estates based, in part, on its representation of the Agent (as defined below) and extensive prior involvement in these Cases.

6.   The Trustee has received proposals from other prospective counsel. Because of the economics of Greenberg Traurig's proposed fee structure, coupled with its background in these Cases, the Trustee believes that retention of Greenberg Traurig as special litigation counsel is appropriate, necessary, and in the best interests of the estates.

7.   By this Application, the Trustee respectfully requests that this Court enter the Proposed Order authorizing the Trustee to employ and retain Greenberg Traurig, as her special litigation counsel, pursuant to sections 327(c) and 328(a) of the Bankruptcy Code, effective as of November 11, 2023.

## **SCOPE OF EMPLOYMENT**

8.   The professional services that the Trustee expects Greenberg Traurig to provide include, but shall not be limited to, the following:

- a)   prosecuting claims and causes of action against the Debtors' former insiders, and other individuals and entities responsible for the Debtors' insolvency;
- b)   preparing and reviewing pleadings, motions and correspondence related to that litigation;
- c)   appearing at proceedings before this Court in connection with such matters;
- d)   advising the Trustee with respect to the litigation; and
- e)   performing such other legal services as may be required in connection with the litigation.

9.   While Greenberg Traurig will continue to represent the Agent in these Cases generally, with respect to the foregoing matters, it shall represent solely the Trustee. Subject

4

3105683

to this Court's approval of this Application, Greenberg Traurig has indicated that it is willing to serve as the Trustee's special litigation counsel to perform the services described above.

**GREENBERG TRAURIG DOES NOT HOLD OR REPRESENT ANY INTEREST ADVERSE TO THE DEBTORS OR THE CHAPTER 7 ESTATES WITH RESPECT TO THE SPECIAL MATTERS ON WHICH IT IS EMPLOYED**

10. As set forth in greater detail in the Elrod Declaration, Greenberg Traurig has completed a conflicts check including the following names: (a) Debtors and Non-Debtor Affiliates; (b) Directors and Officers; (c) Interested Parties; (d) Judges and Office of U.S. Trustee for the Southern District of Texas; (e) DIP Lenders; (f) Litigation Parties; (g) Ordinary Course Professionals; (h) Professionals; (i) Secured Parties; (j) Senior Management; and (k) Top Unsecured Creditors (collectively, the "Potentially Interested Parties"). Greenberg Traurig compared the names of the Potentially Interested Parties against a list of Greenberg Traurig's current and former engagements, clients and adverse parties going back three (3) years (the "Client Database"). As the identity of any additional Potentially Interested Parties becomes known, Greenberg Traurig will supplement the Elrod Declaration to the extent necessary.

11. To the best of the Trustee's knowledge, based upon the Elrod Declaration and as set forth herein, Greenberg Traurig does not hold or represent any interest adverse to the Debtors or the Chapter 7 estates with respect to the specific litigation matters on which it is to be employed.

12. Greenberg Traurig currently represents First Horizon Bank, as DIP Agent (the "Agent"), one of the Debtors' creditors in these Cases. Greenberg Traurig has conducted an extensive investigation of the Debtors' prepetition affairs in connection with its representation of the Agent, which holds a lien on substantially all assets of the estate,

3105683

including causes of action. Accordingly, Greenberg Traurig has valuable knowledge and the expertise to effectively and economically pursue claims on behalf of the estate. Upon its retention, Greenberg Traurig's investigation and prosecution of the estates' claims and causes of action shall be solely directed by the Trustee and shall inure to the benefits of the estates.

13.     Greenberg Traurig does not currently represent any party that would be adverse to the Trustee or to the estates with respect to the matters on which it is to be employed. Other than the Agent and the DIP Lenders, Greenberg Traurig does not represent any creditors in these Cases. Greenberg Traurig will not represent the Trustee with respect to any matters adverse to the Agent or the DIP Lenders. The Trustee the Agent and all DIP Lenders are aware of Greenberg Traurig's representation of the Agent and the DIP Lenders. Each member of the bank group has advised Greenberg Traurig that it supports Greenberg Traurig's proposed retention by the Trustee.

14.     Pursuant to the post-petition debtor-in-possession financing approved earlier in these cases, the Agent holds a lien on all causes of action (and any resulting proceeds) of these bankruptcy estates. Accordingly, the Agent and the Trustee have an identity of interest with respect to the pursuit of litigation against third parties.

15.     Through a firm wide e-mail, Greenberg Traurig also solicited information from its attorneys to determine if any attorneys employed by Greenberg Traurig are related to any United States Bankruptcy Judges for the Southern District of Texas, including the Honorable Eduardo V. Rodriguez, the Bankruptcy Judge presiding over these Cases, the United States Trustee for Region 7, or any person employed in the Office of the United States Trustee for Region 7. Greenberg Traurig further solicited information from its

attorneys to determine if any attorneys employed by Greenberg Traurig (i) are investors in the Debtors or (ii) were, within two years of the Petition Date, a director, officer, or employee of the Debtors.  Other than in connection with these Chapter 11 Cases, no such connections were discovered.  In the event that any additional information is discovered, Greenberg Traurig will supplement the Elrod Declaration to the extent necessary.

## PROFESSIONAL COMPENSATION

16.    Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on a contingency fee basis.  *See* 11 U.S.C. § 328(a).  Subject to this Court's approval and in accordance with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the rules and other procedures that may be fixed by this Court, the Trustee requests that Greenberg Traurig be compensated on a contingency fee basis, as follows:

- 25% of any recovery before 6 months after demand is made (the "6-Month Mark");
- 28% from the 6-Month Mark to the close of discovery in any associated litigation;
- 30% after the close of discovery until the entry of a pre-trial order; and
- 33% after the entry of the pretrial order through the conclusion of the trial court litigation.

The contingency fee arrangement will not include appeals, should work of that nature become necessary.

17.    Greenberg Traurig will be reimbursed by the Chapter 7 estates for its actual and necessary expenses incurred in pursuing the litigation including, but not limited to, photocopies, courier service, computer assisted research, docket and court filing fees, travel,

court reporting charges, and any other incidental costs advanced by the firm specifically for these special litigation matters.

18.     Greenberg Traurig intends to apply for compensation for professional services rendered in connection with these Cases subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Orders of this Court, on a contingency fee basis, plus reimbursement of actual, necessary expenses and other charges incurred by Greenberg Traurig.

19.     Other than as set forth above and in the Elrod Declaration, there is no proposed arrangement to compensate Greenberg Traurig in connection with its work as special counsel for the Trustee.

## NOTICE

20.     In accordance with the *Order Granting Trustee's Motion to Limit Notice* [Docket No. 1729], notice of this Application has been given to (i) the Debtors via Turjo Wadud; (ii) the United States Trustee; (iii) First Horizon Bank, the Administrative Agent via counsel; (iv) Neil Lansing, the person responsible for performing all acts of the Debtors under the Bankruptcy Code; (v) parties requesting notice; and (vi) the 20 largest unsecured creditors scheduled by the Debtors.

## NO PRIOR REQUEST

21.     No prior request for the relief sought in this Application has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A** (a) granting this Application,

8

3105683

(b) authorizing the Trustee to retain and employ Greenberg Traurig as special litigation counsel, and (c) granting such other and further relief as this Court may deem just and proper.

Dated:  December 11, 2023

Respectfully submitted,

By: */s/ Heather Heath McIntyre*
Wayne Kitchens TBN 11541110
wkitchens@hwa.com
Heather McIntyre TBN 24041076
hmcintyre@hwa.com
**HUGHES WATTERS ASKANASE, LLP**
Total Plaza
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834

**ATTORNEYS FOR JANET S. NORTHRUP, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the *Chapter 7 Trustee's Application to Employ Greenberg Traurig, LLP as Special Litigation Counsel* was served on December 11, 2023, (1) upon those parties receiving notice pursuant to the Court's ECF notification system, and (2) by first-class United States mail on those parties listed on the attached Service List that do not receive electronic notice pursuant to the Electronic Case Filing system.

*/s/ Heather Heath McIntyre*
Heather Heath McIntyre

3105683