**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*, | Case No. 23-90147 (EVR) |
| Debtors. | (Jointly Administered) |

<u>**NOTICE OF RULE 2004 EXAMINATION**</u>

To:

**Oak Street Real Estate Capital, LLC n/k/a Blue Owl Real Estate Capital, LLC**

**-and-**

**Jared Sheiker**
**c/o Benjamin T. Kurtz, Esq.**
**Kirkland & Ellis LLP**
**300 N. LaSalle**
**Chicago, IL 60654**

NOTICE IS HEREBY GIVEN that Janet Northrup, as Chapter 7 Trustee of the above-captioned debtors (the "Debtors"), by and through her undersigned counsel, intends to conduct an examination of Jared Sheiker ("Sheiker"), individually and as the corporate representative of Oak Street Real Estate Capital, LLC n/k/a Blue Owl Real Estate Capital, LLC ("Oak"), under Federal Rules of Bankruptcy Procedure 2004, 7030 and 7034 and Bankruptcy Local Rule 2004-1 on **January 17, 2024** beginning at **9:00 a.m.** (Central Time) (or at such other time as may be agreed to by the parties) at the offices of Kirkland & Ellis LLP, 300 N. LaSalle, Chicago, Illinois 60654. The examination will be taken pursuant to an agreement between the parties and will be taken before an authorized court reporter or other person authorized by law to administer oaths and will be recorded by stenographic and videographic means.  The examination of Oak will cover the topics set forth in Schedule A hereto.

Dated this 4th day of January, 2024.

**GREENBERG TRAURIG, LLP**

By: */s/ John D. Elrod*
Shari L. Heyen
Texas Bar No. 09564750
*Shari.Heyen@gtlaw.com*
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:     (713) 374-3564
Facsimile:     (713) 374-3505

– and –

John D. Elrod (admitted *pro hac vice*)
*ElrodJ@gtlaw.com*
Terminus 200, Suite 2500
3333 Piedmont Road, NE
Atlanta, Georgia 30305
Telephone:     (678) 553-2259
Facsimile:     (678) 553-2269

**SPECIAL LITIGATION COUNSEL FOR JANET NORTHRUP, CHAPTER 7 TRUSTEE**

## SCHEDULE A

## DEPOSITION TOPICS

### DEFINITIONS

The definitions and rules of construction set forth in Rule 7026 of the Federal Rules of Bankruptcy Procedure are incorporated by reference as if set forth fully herein.

(a)      "*Bankruptcy Cases*" means the above-captioned bankruptcy cases of the Debtors.

(b)      "*Including*" means including but not limited to.

(c)      "*Mountain Express*" or *"Debtors"* means Mountain Express Oil Company, *et al.,* any subsidiaries or affiliates thereof, any and all predecessors or successors in interest thereof, and any of its officers, directors, employees, consultants, agents, representatives, executives, partners, investigators, consultants, contractors, advisors, accountants and attorneys.

(d)      "*Oak*" means Oak Street Real Estate Capital, LLC n/k/a Blue Owl Real Estate Capital, LLC and their affiliates.

(e)      "*Relating to*," "*regarding*," "*referring to*," or "*pertaining to*" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event, entity or person.

(f)      The terms "*you*" and "*your*" shall mean or refer to Jared Sheiker and shall include any and all representatives, employees, attorneys, agents, investigators and all other persons presently or formerly acting or purporting to act on your behalf.

### TOPICS

1.   The relationship between Oak and the Debtors.

2.   The negotiation and performance of the Oak Program Agreement dated June 30, 2021 by and between Oak and the Debtors.

3.   The sale leaseback transactions between Oak and the Debtors.

4.   All underwriting and approvals of the sale leaseback transactions.

5.   All alleged defaults under leases between Oak and the Debtors.

6.   The performance by both sides under the leases between Oak and MEX.

7.   Sheiker's service as a director of MEX.

## **SCHEDULE B**

## **DOCUMENT REQUESTS PURSUANT TO RULE 2004**

### **DEFINITIONS**

The definitions set forth in Schedule A are incorporated herein by reference.

### **INSTRUCTIONS**

(a)     Electronically stored information should be produced in its original form and metadata should be provided with each electronic production.

(b)     If you claim any privilege or immunity in connection with any of these discovery requests, state the claim in detail and provide all information that is relevant to the evaluation of the claim or privilege or immunity or to the waiver of the privilege or immunity.  The information must be sufficient to allow the Agent to contest the claim and to urge any waiver of the privilege.  The information should also include, without limitation, the identity of all documents and of all oral statements and communications relating to the claim or its waiver.  Any portion of a document that is not subject to a claim or privilege or immunity must be produced by excising or otherwise protecting the portions for which a privilege or immunity is asserted.

(c)     If any requested document has been destroyed, identify such document, describe in detail the circumstances of and the reason for the destruction of each document, and produce all documents relating to the circumstances of or the reasons for such destruction.

(d)     If any document described herein was, but no longer is, within your possession, custody or control, please state in detail:  (a) a summary of the contents of the document; (b) what disposition was made of it; (c) the date of such disposition; (d) whether the original or a copy thereof is within the possession, custody or control of any other person, corporation or entity; and (e) if the answer to (d) is affirmative, the identity of that person, corporation or entity.

(e)     This discovery request is continuing in nature.  If further information or documents come into the possession of, or are brought to the attention of, you or your agents, employees, officers, directors, representatives or attorneys in the course of trial or prior to trial, you are required to supplement your responses.

(f)     Documents produced pursuant to this request should be tendered in the manner that they are kept in the usual course of business or organized and labeled to correspond with the categories that follow in this request.

(g)     For each request for the production of documents relating to a "transfer" or "payment," for each such transfer or payment, produce all documents including, without limitation, copies of cancelled checks (front and back), evidence of wire transfers, applications, policies, contracts, agreements, payment ledgers, statements, invoices, internal memoranda, correspondence, and notes of any communications.

(h)     Unless otherwise stated herein, the time period covered by the requests is **January 1, 2017 to present.**

### DOCUMENT REQUESTS

1.     All documents relating to your ownership interest in any business that you own or control that did business with the Debtors at any time between 2013 through the Petition Date.

2.     All documents relating to any transaction or agreement between the Debtors and you or any business that you own or control.

3.     All documents evidencing your current employment and all companies in which you have an ownership interest.

4.     All minutes of board meetings and shareholder meetings of the Debtors.

5.      The Debtor's accounting, including, consolidated and unconsolidated financial statements, income statements, balance sheets, cash flow statements and other regularly generated financial information from 2017 to the Petition Date.

6.      All documents and communications relating to all audits of the Debtors' financial statements conducted between 2017 through the Petition Date.

7.      All documents relating to any distributions or dividends made by the Debtors from 2019 through and including the Petition Date.

8.      All documents relating to any stock redemptions and/or stock purchase transactions made from 2019 through and including the Petition Date.

9.      All documents and communications relating to Oak, including all sale-leaseback transactions, any Oak representative's appointment to the Mountain Express board of directors, and any other agreements or transactions.

10.      All documents relating to any sale-leaseback transactions or potential transactions involving property owned or formerly owned by Mountain Express, including any documents reflecting the negotiations of those agreements.

11.      All documents relating to or reflecting the transfer of any sale proceeds or any other benefits you received, directly or indirectly, from any sale-leaseback transaction or other transaction with the Debtors.

12.      All documents and communications relating to the Debtors' prepetition efforts and/or any inquiries relating to a sale of all or part of the Debtors' assets.

13.      All documents and communications with the Debtors' Network Dealers regarding any sales, leases, or other agreement.

14.     All documents and communications between (i) you and (ii) Lamar Frady, David Rosenthal, Turjo Wadud, Jeff Knapp, or any representative of Oak.


## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2024, a true and correct copy of the foregoing Notice of Rule 2004 Examination was served by electronic transmission upon (i) all parties eligible to receive service through this Court's CM/ECF system and (ii) the following:

Jared Sheiker
c/o Benjamin T. Kurtz, Esq.
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654

GREENBERG TRAURIG, LLP

By: */s/ John D. Elrod*
John D. Elrod
*ElrodJ@gtlaw.com*
Terminus 200, Suite 2500
3333 Piedmont Road, NE
Atlanta, Georgia 30305
Telephone:     (678) 553-2259
Facsimile:     (678) 553-2269

SPECIAL LITIGATION COUNSEL FOR JANET NORTHRUP, CHAPTER 7 TRUSTEE