IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § § § | Chapter 7 (Previously Chapter 11) |
| Mountain Express Oil Company, *et al.*, | § § § | Case No. 23-90147 |
| Debtors. | § § | |

**LIMITED OBJECTION OF GABLE & GOTWALS, P.C.,
ATTORNEYS EMPLOYED BY THE CHAPTER 11 DEBTORS,
TO THE MOTION OF DEBTORS' FORMER BANKRUPTCY COUNSEL
<u>TO DISTRIBUTE FUNDS HELD IN RESERVE</u>**

Gable & Gotwals, P.C. ("GableGotwals" or the "Applicant"), for its limited objection to the *Motion of Former Counsel for the Debtors for Entry of an Order Authorizing the Payment of Estate Professionals' Fees Pursuant to Final DIP Order and Professional Fee Order* [Dkt. No. #1519] (the "Reserve Distribution Motion"), respectfully represents as follows:

1. On March 18, 2023 (the "Petition Date"), the Debtors filed their jointly administered chapter 11 cases (prior to conversion, the "Chapter 11 Cases"). The Debtors operated their business and managed their properties as debtors and debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code until August 17, 2023, when a Chapter 11 Trustee was appointed.

2. On August 24, 2023, these cases were converted from chapter 11 to chapter 7 (the "Conversion Date") [Dkt. No. 1397]. Thereafter, the UST appointed Janet Northrup as the Chapter 7 Trustee [Dkt. No. 1398].

1

4894-4794-8693, v. 2

3. On April 25, 2023, during the pendency of these cases in chapter 11, the Court entered its *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expense Status; (III) Granting Adequate Protection; and (IV) Granting Related Relief* [Docket No. 332] (the "Final DIP Order").

4. As explained in the Reserve Distribution Motion, the Final DIP Order, at ¶ 17, contained a professional fee "Carve-Out" from the DIP Lenders' collateral "for fees and expenses incurred by the Professionals up to the amounts contained in budgets approved by the Lenders." "Professionals" are defined in the Final DIP Order as "attorneys, accountants, and other professionals retained by the Debtors and the [Unsecured Creditors] Committee under sections 327 or 1103(a) of the Bankruptcy Code."

5. Moreover, ¶ 17 of the Final DIP Order authorized the Debtors' restructuring counsel to fund a trust account on a weekly basis for the payment of Professional fee claims approved by the Court. According to the Reserve Distribution Motion, the amount held in reserve is $5,116,118.18, which does not include additional funds held by the firm as a prepetition retainer (the "Reserve").

6. On May 15, 2023, the Court entered its *Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [Dkt. No. 407] (the "OCP Order"). On May 18, 2023, the Debtors filed a *Notice of Filing of Additional Professional to be Employed by the Debtors in the Ordinary Course of Business* [Dkt. No. 421], adding GableGotwals as a "Tier 2" Ordinary Course Professional.

7. On June 14, 2023, GableGotwals filed its supporting *Declaration of Disinterestedness* [Dkt. No. 524] (the "Declaration"). There were no objections to GableGotwals' retention.

8. The OCP Order, pursuant to its procedures and together with the Declaration, essentially resulted in GableGotwals' employment as special counsel pursuant to 11 U.S.C. § 327(e). As a "Tier 2" Ordinary Course Professional, GableGotwals was authorized to bill and collect its fees in the ordinary course of business, up to a cap of $50,000 per month, which GableGotwals never approached much less exceeded.

9. Prior to GableGotwals' employment, the undersigned sought a retainer in the amount of $25,000 (about $10,000 shy of the amount GableGotwals is currently owed for post-petition services). This request was denied by the Debtors' former counsel, who assured the undersigned that the Debtors had "ample ability to pay administrative claims." *See* **Exhibit "A"** (email thread with Debtors' former restructuring counsel).

10. Despite the provisions of the OCP Order allowing payment in the ordinary course of business, the assurances of the Debtors' counsel, and submitting its monthly invoices, GableGotwals was not paid during its representation of the Debtors.

11. On October 16, 2023, the Chapter 7 Trustee filed a *Motion to Establish Bar Date for Administrative Tax Claims and Chapter 11 Professional Fees* [Dkt. No. 1547] (the "Bar Date Motion"). In the Bar Date Motion, the Trustee informed the Court of a variety of administrative claims that remain outstanding, including those of Ordinary Course Professionals hired pursuant to the OCP Order, and sought a bar date for the filing of fee applications by these OCPs. Accordingly, GableGotwals began preparing its fee application.

4894-4794-8693, v. 2

12. An order was ultimately entered [Dkt. No. 1674], but it pertained only to administrative tax claims, not professional fee claims.

13. The undersigned asked the Trustee's counsel about this and the Bar Date Motion generally, and was told that these cases are administratively insolvent, and therefore the Trustee would not seek to establish a bar date for administrative claims. The undersigned was further informed that beyond payment of the Reserve, administrative claims likely would not be paid.

14. GableGotwals has filed its fee application at Dkt. No. 1717, setting forth the services rendered and the balance owed (totaling $35,763.80). While employed under the OCP Order, GableGotwals constitutes a "Professional" as that term is defined in the Final DIP Order – "attorneys, accountants, and other professionals retained by the Debtors . . .."

15. When an estate is administratively insolvent, administrative claims on the same level of priority should be paid on a pro rata basis. 11 U.S.C. § 726(b).

16. Courts that have addressed this issue have reached different conclusions. The Sixth Circuit, in *Specker Motor Sales Co. v. Eisen*, 393 F.3d 659, 662 (6th Cir. 2004), held that § 726(b) "plainly mandates pro rata distribution of assets among creditors in the same statutory class." That case, like this one, involved a chapter 11 case subsequently converted to chapter 7 and determined to be administratively insolvent. The court held that the debtor's counsel, who had been paid interim compensation during the case, had to disgorge such fees so that all administrative claimants at the same level of priority could be paid on a pro-rata basis. *Id*. ("The use of the word 'shall' with the pro rata requirement in § 726(b) indicates that such distribution is not discretionary."). The Sixth Circuit cited other cases in support of its view:

> *See, e.g., Matz*, 197 B.R. at 640–41 ("[C]ourts have uniformly permitted trustees and creditors to seek the return of funds paid to professionals employed in the bankruptcy proceeding.... To hold otherwise would be to ignore the plain language of § 726(b) and to unjustly award certain administrative claims of professionals a 'superpriority'

4

status that is not mandated by the Code.") (citations omitted); *In re Lochmiller Industries, Inc.*, 178 B.R. 241, (Bankr.S.D.Cal.1995) (collecting cases and stating that, in 1995, it could find no case that did not order disgorgement of interim compensation when necessary to achieve pro rata distribution among equally situated creditors); *In re Kingston Turf Farms, Inc.*, 176 B.R. 308, 310 (Bankr. D.R.I.1995) ("[D]isgorgement is required as a matter of law, just to adhere to the mandatory payment scheme of the Code, i.e., to ensure that all creditors of the same class share [pro rata ] in the available pool of funds.").

*Specker Motor Sales*, 393 F.3d at 663.

17. One case representing the opposite view is *In re Headlee Mgmt. Corp.*, 519 B.R. 452, 457 (Bankr. S.D.N.Y. 2014) (surveying cases and noting that the majority rule appears to be that disgorgement is a matter of discretion, utilizing both § 726(b) and § 105).

18. GableGotwals <u>does not</u> seek the disgorgement of all interim fees paid in this case. Rather, GableGotwals simply seeks to be included among the Professionals paid using the funds held in the Reserve on a pro rata basis. These funds have not been distributed. To hold otherwise would violate the pro rata requirement in § 726(b). Insofar as this unique situation is not expressly addressed by § 726, GableGotwals submits that the Court has the power under § 105 to order a modified distribution of the Reserve funds based on the facts and circumstances of this case.

19. Simply put, the essence of the Reserve Distribution Motion is to honor the promises made, and related Court orders entered, in the chapter 11 cases. GableGotwals, as an Ordinary Course Professional under the OCP Order, was promised payment in full, subject to the Tier 2 cap, which it did not exceed. Had the OCP Order been followed, GableGotwals would have no need to seek payment from the Reserve because its fees were to be paid in the ordinary course of business. Indeed, Debtor's former counsel assured GableGotwals that a retainer was unnecessary because the Debtors had sufficient DIP financing secured to pay them. **Ex. "A"**.

20. Under the Final DIP Order, the Reserve is intended for the Debtor's Professionals, and GableGotwals constitutes a Professional employed by the Debtor's during the chapter 11 cases. Now that the cases are in chapter 7, if the Reserve is insufficient to pay all Professional fee claims, the funds should be distributed on a pro rata basis pursuant to §§ 105 and 726(b).

Based on the foregoing, GableGotwals requests that it be included among those Professionals paid pursuant to the Reserve held by the Debtors' former restructuring counsel, and that the Reserve should be distributed on a pro rata basis if such claims cannot be paid in full.

Dated: January 15, 2024.                    Respectfully submitted,

/s/ Brandon C. Bickle
Brandon C. Bickle, OBA #22064
*Admitted Pro Hac Vice*
GableGotwals
110 N. Elgin Ave., Ste. 200
Tulsa, Oklahoma 74120
(t) 918.595.4800 | (f) 918.595.4990
bbickle@gablelaw.com

*Attorney for GableGotwals*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on January 15, 2024.

/s/ Brandon C. Bickle
Brandon C. Bickle

6

**Brandon Bickle**

| | |
|---|---|
| **From:** | Jeffrey Dulberg <jdulberg@pszjlaw.com> |
| **Sent:** | Friday, April 28, 2023 2:00 PM |
| **To:** | Brandon Bickle |
| **Cc:** | Benjamin L. Wallen |
| **Subject:** | RE: Mountain Express |

EXHIBIT "A"

External email – beware of links and attachments

Correct, it's no.  Not sure you responded to my email asking for a summary of what you are working on for the company.  Please provide that and if there are several matters include key details for each one.  Thanks

Jeffrey Dulberg
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jdulberg@pszjlaw.com
vCard | Bio | LinkedIn


Los Angeles | San Francisco | Wilmington, DE | New York | Houston


-----Original Message-----
From: Brandon Bickle [mailto:bbickle@gablelaw.com]
Sent: Friday, April 28, 2023 11:57 AM
To: Jeffrey Dulberg <jdulberg@pszjlaw.com>
Cc: Benjamin L. Wallen <bwallen@pszjlaw.com>
Subject: RE: Mountain Express

I'm sorry, Jeff. I misunderstood. I thought you were going to confirm for me whether a retainer is an option. I've been asked to inquire about that.

Our chairman is a bankruptcy guy. We've discussed the case and I know he's aware of the realities you referenced in your email. I suspect he's going to stick to his guns on this, but I will find out either way. I take it the answer on the retainer is no?

Brandon Bickle | 918-595-4817 | GableGotwals

-----Original Message-----
From: Jeffrey Dulberg <jdulberg@pszjlaw.com>
Sent: Friday, April 28, 2023 1:49 PM
To: Brandon Bickle <bbickle@gablelaw.com>
Cc: Benjamin L. Wallen <bwallen@pszjlaw.com>
Subject: RE: Mountain Express

External email – beware of links and attachments

1

Brandon - Any conclusions reached as to whether your firm will remain on the roster?

Best,

Jeffrey Dulberg
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jdulberg@pszjlaw.com
vCard | Bio | LinkedIn


Los Angeles | San Francisco | Wilmington, DE | New York | Houston

-----Original Message-----
From: Brandon Bickle [mailto:bbickle@gablelaw.com]
Sent: Thursday, April 27, 2023 7:08 AM
To: Jeffrey Dulberg <jdulberg@pszjlaw.com>
Cc: Benjamin L. Wallen <bwallen@pszjlaw.com>
Subject: RE: Mountain Express

Jeff,

Thank you. I appreciate this information, and I understand your point. I believe the CRO told me that the Debtors are pursuing a sale process that is expected to conclude mid-summer. Is that right? I'm assuming you have no sense of what creditors might be paid?

--Brandon

Brandon Bickle | 918-595-4817 | GableGotwals

-----Original Message-----
From: Jeffrey Dulberg <jdulberg@pszjlaw.com>
Sent: Thursday, April 27, 2023 3:43 AM
To: Brandon Bickle <bbickle@gablelaw.com>
Cc: Benjamin L. Wallen <bwallen@pszjlaw.com>
Subject: RE: Mountain Express

External email – beware of links and attachments



Brandon - Assuming we don't have the authority, I urge you to tell your board to reconsider. The company has DIP financing of roughly $29 million and ample ability to pay administrative claims.  As I frequently have told attorneys in your position at this stage over my 27 year career - it makes no sense to (proverbially) cry over spilt milk.  Your firm was one of MANY vendors that went unpaid and MANY of them -- across the company's operations -- are back working with the company now that there is financing in place. So while I completely understand that your board feels scorned, they

ought to recognize that this has gone from a loss to an opportunity.  Feel free to give me a call if you would like to discuss. My mobile is ███████

Jeffrey Dulberg
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Fax: 310.201.0760
jdulberg@pszjlaw.com
vCard | Bio | LinkedIn


Los Angeles | San Francisco | Wilmington, DE | New York | Houston


-----Original Message-----
From: Jeffrey Dulberg
Sent: Wednesday, April 26, 2023 3:07 PM
To: Brandon Bickle <bbickle@gablelaw.com>
Cc: Benjamin L. Wallen <bwallen@pszjlaw.com>
Subject: Re: Mountain Express

Brandon,

I don't know that the debtors have authority to pay one, but I am looking into it. There is no bar date set yet.

Jeff

> On Apr 26, 2023, at 2:32 PM, Brandon Bickle <bbickle@gablelaw.com> wrote:
>
> Jeff,
>
> I've spoken with my firm's CEO. Would the debtors be willing to pay GableGotwals a $25,000 retainer for post-petition work? Without it, I'm not sure I can get authorization from our board of directors to continue work for the debtors, given the size of our pre-petition claim and uncertainties surrounding our ability to collect. Let me know.
>
> Also, will you please let me know if there's a bar date set in the case? I looked at the website today and didn't find one.
>
> Thanks!
>
> --Brandon
>
> Brandon Bickle | 918-595-4817 | GableGotwals
>
> -----Original Message-----
> From: Jeffrey Dulberg <jdulberg@pszjlaw.com>
> Sent: Wednesday, April 12, 2023 1:46 AM
> To: Brandon Bickle <bbickle@gablelaw.com>
> Cc: Benjamin L. Wallen <bwallen@pszjlaw.com>
> Subject: Re: Mountain Express
>
> External email – beware of links and attachments
>
>

>
>
> Brandon-
>
> Good speaking with you earlier today. You are correct. Disclose it in your OCP filings and you will preserve it.
>
> Jeff
>
> On Apr 11, 2023, at 8:22 PM, Brandon Bickle <bbickle@gablelaw.com> wrote:
>
>
> Jeff,
>
> We spoke earlier today about your intent to file an OCP motion in the Mountain Express case. My firm is owed in excess of $200k pre-petition. I didn't think to ask this and should have. I don't think we're required by statute to waive that claim in order to serve as special counsel. Do you intend to require OCP's to waive their pre-petition claims in order to be employed on a post-petition basis as special counsel?
>
> --Brandon
>
> [image001.png]
>
> Brandon Bickle
>
> |
>
>
> Shareholder
>
> |
>
>
> GableGotwals
>
>
> (W) 918-595-4817<tel:918-595-4817>
>
> |
>
>
> (M) 918-703-6279<tel:918-703-6279>
>
> |
>
>
> bbickle@gablelaw.com<mailto:bbickle@gablelaw.com>
>
>
>
> 110 N. Elgin Ave., Ste. 200
>
> Tulsa

4

>
> ,
>
> OK
>
> 74120-1495
>
>
> |
>
>
> USA
>
> |
>
>
> Bio
> <https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Fwww.gablelaw.com%2Fattorneys-all%2Fbrandon-c-bickle&data=05%7C01%7Cbbickle%40gablelaw.com%7Cfa5093d9e949430fae7908db481ac414%7C3defb3adaf9447a7af5c4fbe46f82868%7C0%7C0%7C638183052021301044%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=m4gpjFbresL8UARLdK4RZm1Hg%2FPvLxHE1%2FL3tZjN%2F38%3D&reserved=0>
>
> |
>
>
> Download vcard
> <https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Fwww.gablelaw.com%2Fvcards%2Fbrandon-c-bickle.vcf&data=05%7C01%7Cbbickle%40gablelaw.com%7Cfa5093d9e949430fae7908db481ac414%7C3defb3adaf9447a7af5c4fbe46f82868%7C0%7C0%7C638183052021301044%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=mi0d3ywegXR2qikeChwJ3OoNWF2GwzrorIP9dHYvDhs%3D&reserved=0>
>
> |
>
>
>
https://nam10.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.gablelaw.com%2F&data=05%7C01%7Cbbickle%40gablelaw.com%7Cfa5093d9e949430fae7908db481ac414%7C3defb3adaf9447a7af5c4fbe46f82868%7C0%7C0%7C638183052021301044%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=9grmWuRkp7bJ%2BOS253WpY9ZrdeAAP4cEXsIOZShbEIA%3D&reserved=0<https://nam10.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.gablelaw.com%2F&data=05%7C01%7Cbbickle%40gablelaw.com%7Cfa5093d9e949430fae7908db481ac414%7C3defb3adaf9447a7af5c4fbe46f82868%7C0%7C0%7C638183052021301044%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=9grmWuRkp7bJ%2BOS253WpY9ZrdeAAP4cEXsIOZShbEIA%3D&reserved=0>
>
> |
>
>
>
[image002.png]<https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Fwww.facebook.com%2FGableG

otwals&data=05%7C01%7Cbbickle%40gablelaw.com%7Cfa5093d9e949430fae7908db481ac414%7C3defb3adaf9447a7af5c4fbe46f82868%7C0%7C0%7C638183052021301044%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=2n3JrxlG8n9Vo8Ylg5ZPhwfpySMSaYnk7mXR%2F7l5WCI%3D&reserved=0>

&gt;
&gt;
&gt;

[image003.png]<https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Fwww.linkedin.com%2Fcompany%2Fgablegotwals%2Fmycompany%2F%3FviewAsMember%3Dtrue&data=05%7C01%7Cbbickle%40gablelaw.com%7Cfa5093d9e949430fae7908db481ac414%7C3defb3adaf9447a7af5c4fbe46f82868%7C0%7C0%7C638183052021301044%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=%2FHNRCdFoR6hpokVoErCez9%2BRQEYHTLh2wlCofBEqzlQ%3D&reserved=0>

&gt;
&gt;
&gt;

[image004.png]<https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Ftwitter.com%2FGableGotwals&data=05%7C01%7Cbbickle%40gablelaw.com%7Cfa5093d9e949430fae7908db481ac414%7C3defb3adaf9447a7af5c4fbe46f82868%7C0%7C0%7C638183052021301044%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=4q4bIobqxnfnlWv3OubdJEEovmfSZMdRCTCPSM68UeE%3D&reserved=0>

&gt;
&gt;
&gt;
&gt;
&gt;
&gt;
&gt;
&gt;

&gt; This message and any attachments are for the addressee only and may contain privileged or confidential information. If you have received this in error, please notify me immediately and permanently delete the message and any prints or other copies.

&gt;
&gt;
&gt;
&gt;
&gt;
&gt;