IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.¹ | Chapter 7<br><br>Case No. 23-90147 (EVR)<br><br>(Jointly Administered) |

### STIPULATION AND AGREED ORDER REGARDING DISPOSITION OF COLLATERAL

**WHEREAS**, on March 18, 2023 (the "Petition Date"), the above-captioned debtors (the "Debtors") each commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Cases").

**WHEREAS,** on April 25, 2023, the Court entered the *Final Order Pursuant to 11 U.S.C §§ 105, 361, 362, 363, 364 and 507, Bankruptcy Rules 2002, 4001, 6004 and 9014, and Local Rule 4001-1 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expense Status, (III) Granting Adequate Protection, and (IV) Granting Related Relief* (the "Chapter 11 Final DIP Order") [Docket No. 332].

**WHEREAS**, following an unsuccessful sales process, on August 16, 2023, First Horizon Bank as Administrative Agent (the "DIP Agent") filed *DIP Agent's Emergency Motion to Appoint*

---

[1] A complete list of each of the Debtors in these chapter 7 cases may be obtained for a fee at the Court's website at http://ecf.txsb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in the chapter 11 cases was 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

3106111

1

*Chapter 11 Trustee, or in the Alternative, Convert These Chapter 11 Cases to Cases Under Chapter 7* [Docket No. 1280].

**WHEREAS**, on August 17, 2023, following the Court's *Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 1284], the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 1286], and appointed Janet S. Northrup to serve as the chapter 11 trustee in the Cases.

**WHEREAS**, on August 24, 2023 (the "Conversion Date"), upon its own motion and the request of the chapter 11 trustee, the Court converted these Cases to cases under chapter 7 of the Bankruptcy Code [Docket No. 1397]. Thereafter, Janet S. Northrup was also appointed the chapter 7 trustee (the "Trustee") of the Debtors' jointly administered bankruptcy estates (the "Estates").

**WHEREAS**, by virtue of certain mortgages and other security instruments recorded before the Petition Date in favor of the DIP Agent or its predecessor-in-interest, and by virtue of the Chapter 11 Final DIP Order, the DIP Agent holds valid and perfected liens on all property of the Estates, as defined in 11 U.S.C. § 541, including but not limited to real estate, personal property, cash and bank accounts (including but not limited to the cash on hand and funds on deposit in bank accounts as of the Conversion Date), chapter 5 avoidance claims, refunds, disgorgements, and litigation claims (collectively "Property of the Estates").

**WHEREAS**, the DIP Agent desires that the Trustee sell, liquidate, preserve, dispose of, or otherwise administer certain Property of the Estate in which it has a valid and perfected liens (the "Collateral"). However, but for the terms of this Stipulation and Agreed Order, the sales, liquidations, preservation, dispositions, or administration of Property of the Estates may have no

3106111

benefit to the Estates in light of the liens asserted by the DIP Agent, other pre-petition liens, leasehold encumbrances, ad valorem taxes, income taxes, and costs of sale.

**WHEREAS**, the Trustee and the DIP Agent (collectively the "<u>Parties</u>") have negotiated for the sale, liquidation, preservation, disposition, and administration of the Collateral by the Trustee on the terms set forth in this Stipulation, with all costs of sale, liquidation or administration of any Collateral being borne by the Collateral, with a carve-out for the benefit of the Estates.

**WHEREAS**, the Parties have come to the agreement below, which the Parties believe is in the best interests of the Estates, and wish to proceed as expeditiously as possible, all as further set forth below.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED TO BY THE PARTIES, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1. The above recitals are incorporated by reference herein with the same force and effect as if fully set forth hereinafter.

2. The aggregate proceeds from all sales, liquidations, preservations, dispositions, or administration of all Collateral, including but not limited to the turnover to the Trustee of cash and funds on deposit in bank accounts, claims and any recoveries from litigation, plus the aggregate amount of any credit bids by the DIP Agent, are the "<u>Gross Proceeds</u>".

3. The Gross Proceeds, after deduction of all costs incurred by the Estates due to any sale, liquidation, preservation, disposition or administration of any and all of the Collateral (collectively the "<u>Costs of Administration</u>"), are the "<u>Net Proceeds</u>." Costs of Administration include, but are not limited to the following:

    a. All usual and customary closing costs for sales, liquidations, preservation, dispositions, or administration of the type of Collateral sold or liquidated;

3106111

b. All costs of discharging any obligations secured by liens superior to those of the DIP Agent, including but not limited to allowed claims for ad valorem taxes;

c. All filing fees for any motion to sell, compromise, turnover, otherwise liquidate, or incur costs with respect to any Collateral (each a "Proposed Motion");

d. All fees and costs of any auctioneer, broker, marketing agent, or other liquidation agent set out in any Order approving a Proposed Motion;

e. All fees and costs of the Trustee's attorneys in connection with any sale, liquidation, preservation, disposition or administration of Collateral, and any agreement with the DIP Agent for terms of a sale, liquidation, preservation, disposition or administration, including but not limited to the fees incurred to negotiate this Stipulation, obtain turnover to the Trustee of Collateral, obtain or maintain insurance insuring or benefitting the Collateral (including but not limited to property, general liability, and directors' and officers' liability insurance), investigate, prosecute and negotiate resolution of chapter 5 claims, refunds, disgorgements and litigation claims, prepare any Proposed Motion, obtain court approval, and document and close any sale, liquidation or administration;

f. Tax liability, if any, of the Estates incurred as a result of any sale, liquidation or administration of Collateral;

g. Tax liability, if any, of the Estates incurred as a result of any interest income on accounts maintained by the Trustee for segregation of the proceeds of any sale, liquidation or administration of any Collateral (each a "Cash Collateral Account");

h. Fees and costs of the Trustee's accountants to prepare any tax return required due to any sales, liquidations, preservation, dispositions, or administration of any Collateral or the interest income on any Cash Collateral Account; and

i. The Trustee's statutory commission calculated on (i) the Gross Proceeds plus (ii) the interest income on any Cash Collateral Account.

4. The Gross Proceeds actually received by the Estates will be deposited by the Trustee in one or more Cash Collateral Accounts. The Trustee is authorized to disburse the Costs of Administration to the Estate(s)' general bank account(s) as such costs are determined. The Trustee is also authorized to disburse to the Estate(s)' general bank account(s) one percent (1%) of the Net Proceeds (the "Carve-Out Funds"), as set forth in paragraph 6, below.

3106111

5. The DIP Agent will release all mortgages or other security interests on all Collateral sold, liquidated, disposed of, or administered by the Trustee, with the DIP Agent's liens transferring to the Net Proceeds; provided, however, the DIP Agent's liens will not attach to the Carve-Out Funds. Further, the Carve-Out Funds will be held for the benefit of non-DIP Agent claims and paid according to the Bankruptcy Code priority scheme to non-DIP Agent claimants.

6. In the interest of making interim distributions of Collateral to the DIP Agent, the Trustee shall segregate 1% of Gross Proceeds into a segregated account which shall be reduced upon final calculation of Cost of Administration and Net Proceeds. Surplus funds from this 1% of Gross Proceeds shall constitute Collateral and the Trustee shall make disbursements from such surplus funds to the DIP Agent upon agreement of the Parties and notice filed with the Court. The Trustee shall make periodic disbursements to the DIP Agent of Collateral upon agreement of the Parties and notice filed with the Court.

7. Notwithstanding anything in the Bankruptcy Code or the Bankruptcy Rules to the contrary, this Stipulation shall be effective immediately upon Bankruptcy Court approval thereof.

8. The Bankruptcy Court shall have exclusive jurisdiction and power regarding the implementation, interpretation, and enforcement of this Stipulation.

Signed: _____

    Eduardo V. Rodriguez
    Chief United States Bankruptcy Judge

**AGREED AS TO FORM AND CONTENT:**

| | |
|---|---|
| **Counsel to Trustee** | **Counsel for First Horizon Bank, as Administrative Agent and DIP Agent** |
| /s/  *Heather Heath McIntyre* | /s/  *Shari L. Heyen* |
| **HUGHESWATTERSASKANASE, LLP** | **GREENBERG TRAURIG, LLP** |
| Wayne Kitchens TBN 11541110 | Shari L. Heyen Texas Bar No. 09564750 |
| wkitchens@hwa.com | 1000 Louisiana St., Suite 1700 |
| Heather McIntyre  TBN 24041076 | Houston, Texas 77002 |
| hmcintyre@hwa.com | Telephone: (713) 374-3564 |
| Total Plaza, 1201 Louisiana, 28th Floor | Facsimile: (713) 374-3505 |
| Houston, Texas 77002 | Shari.Heyen@gtlaw.com |
| Telephone:  (713) 759-0818 | |
| Facsimile:  (713) 759-6834 | -and- |
| | John D. Elrod (admitted *pro hac vice*) |
| | Terminus 200, Suite 2500 |
| | 3333 Piedmont Road, NE |
| | Atlanta, Georgia 30305 |
| | Telephone: (678) 553-2259 |
| | Facsimile: (678) 553-2269 |
| | ElrodJ@gtlaw.com |

3106111