IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MOUNTAIN EXPRESS OIL COMPANY, et al.,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 23-90147 (EVR)<br><br>(Jointly Administered) |

**OBJECTION OF
RAYMOND JAMES & ASSOCIATES, INC.
TO THE TRUSTEE AND DIP AGENT'S STIPULATION AND
AGREED ORDER REGARDING DISPOSITION OF COLLATERAL**

Raymond James & Associates, Inc. ("Raymond James") objects (the "Objection") to the *Stipulation and Agreed Order Regarding Disposition of Collateral* [Docket No. 1920] (the "Stipulation") filed on January 31, 2024 by Janet S. Casciato-Northrup as Chapter 7 Trustee (the "Trustee") and First Horizon Bank as Administrative Agent (the "DIP Agent") as set forth herein. In support of its Objection, Raymond James states as follows:

**Introduction**

1. Raymond James respectfully objects to the Stipulation because it violates Raymond James' rights under the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-1 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority administrative Expense Status, (III) Granting Adequate Protection, and*

---

[1] A complete list of each of the Debtors in these chapter 7 cases may be obtained for a fee at the Court's website at http://ecf.txsb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 7 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

*(IV) Granting Related Relief* [Docket No. 332] (the "DIP Order"), the *Order Authorizing the Employment and Retention of Raymond James & Associates, Inc. as Investment Banker for the Debtors, Effective as of the Petition Date and (II) Granting Related Relief* [Docket No. 457] (the "Employment Order"), and section 506(c) of the Bankruptcy Code. As such, the Relief requested in the Stipulation requires notice and a hearing, and the opportunity for Raymond James to object.

2. Raymond James has an allowed administrative claim in an amount not less than $1.5 million for postpetition services rendered to the Debtors, which claim is supported by the Carve-Out.

3. Raymond James objects to the Stipulation because any payment to a secured creditor while the Debtors' obligations to fund the Carve-Out for the benefit of Raymond James and other professionals remains unfulfilled impairs Raymond James' rights to payment of its fees from the collateral.

4. Raymond James is also the beneficiary of the estate's waiver of the right to surcharge the collateral, which waiver ensures the recovery of claims under the carve-out for professional fees provided in the DIP Order (the "Carve-Out").

5. The clear effect of this Stipulation is to permit the Trustee to surcharge the collateral without further order of the Court in violation of the terms of the DIP Order.

6. Further, Raymond James has a right under the terms of its engagement by the Debtors, as approved by the Court in the Employment Order, to cause to be escrowed the amount of any Transaction Fees (as defined in the Employment Order) and Raymond James' expenses following approval of any Raymond James Fee application.

7. Because Raymond James' rights to payment pursuant to the aforementioned orders and section 506(c), as well as the rights of other bankruptcy professionals holding similar claims

to Raymond James, are impaired if the Stipulation is approved by the Court, Raymond James objects to the entry of any order.

8. Because this purported stipulation affects the rights of parties other than the DIP Agent and Trustee, it must proceed by notice and a hearing pursuant to Federal Rule of Bankruptcy Procedure 9013 and Local Bankruptcy Rule 9013-1.

9. Raymond James thus objects to the entry of an order as requested in the Stipulation, prior to the payment of its claim and the setting aside of funds, as provided for by the Carve-Out, to pay Raymond James' fees.

10. Raymond James respectfully requests that the Court deny the Stipulation and enter an order providing for a notice period and the opportunity to object to the Stipulation, and scheduling a hearing on this matter.

[*Remainder of page intentionally left blank.*]

Dated: January 31, 2024                    **SIDLEY AUSTIN LLP**

/s/ *Jeri Leigh Miller*
Jeri Leigh Miller (24102176)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:    214.981.3300
Facsimile:    214.981.3400
Emails:    jeri.miller@sidley.com

Samuel A. Newman (admitted *pro hac vice*)
Julia Philips Roth (admitted *pro hac vice*)
555 West Fifth Street
Los Angeles, CA 90013
Telephone:    213.896.6000
Facsimile:    213.896.6600
Emails:    sam.newman@sidley.com
         julia.roth@sidley.com

*Counsel to Raymond James & Associates, Inc.*