United States Bankruptcy Court
Southern District of Texas

**ENTERED**
February 23, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | **Case No. 23-90147** |
| | § | **Jointly Administered** |
| | § | |
| **Mountain Express Oil Company, *et al*** | § | **(Chapter 7)** |
| | § | |
| **Debtors.** | § | **Judge Eduardo V. Rodriguez** |

**SECOND REVISED STIPULATION AND AGREED ORDER ON**
**EXXONMOBIL OIL CORPORATION'S ADMINISTRATIVE EXPENSE CLAIMS**

Janet Northrup (the "Trustee"), chapter 7 trustee of Mountain Express Oil Company ("Mountain Express") and affiliated debtors (collectively, the "Debtors"), and ExxonMobil Oil Corporation ("ExxonMobil") have reached an agreement (the "Stipulation and Agreed Order"), as set forth below, with regard to disposition of credit card receivables currently held by ExxonMobil and amounts owed to ExxonMobil by Mountain Express (collectively, the "Setoff Amounts"). The Court has jurisdiction to enter this Stipulation and Agreed Order pursuant to 28 U.S.C. § 1334 and venue is proper in this District pursuant to 11 U.S.C. § 1408. This Stipulation and Agreed Order resolves the assertion of possible claims against the estate and the assertion of possible actions for turnover by the Trustee, which are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order on the Setoff Amounts. Upon consideration of the proposed Stipulation and Agreed Order, the Court finds that good cause exists to grant the requested relief and approve the Stipulation and Agreed Order.

**RECITALS**

WHEREAS, on March 18, 2023 (the "Petition Date"), each of the Debtors, including Mountain Express, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code;

WHEREAS, as of the Petition Date, Mountain Express and ExxonMobil were parties to that certain ExxonMobil Oil Corporation Branded Wholesaler PMPA Franchise Agreement



15223296

dated as of September 1, 2020 (the "PMPA"), which operated as a combination of a franchise agreement and a retail fuel supply agreement;

WHEREAS, as of the Petition Date, Mountain Express and ExxonMobil were parties to that certain ExxonMobil Oil Corporation Unbranded Fuels Sales Agreement Formula-Based Business dated as of September 1, 2022 (the "UFSA"), which operated as a wholesale fuel supply agreement;

WHEREAS, as of the Petition Date, Mountain Express and ExxonMobil were parties to that certain Brand Incentive Program Agreement dated as of April 6, 2016 (the "BIP Agreement," and together with the PMPA and UFSA, the "Fuel and Franchise Agreements");

WHEREAS, pursuant to the PMPA, ExxonMobil held Mountain Express's credit card receivables generated from fuel sales (the "Credit Card Receipts");

WHEREAS, pursuant to the Fuel and Franchise Agreements, ExxonMobil was entitled to (i) amounts for fuel purchases, credit card processing fees, and site experience fees, (ii) costs of debranding sites, (iii) underlift fees, and (iv) amounts for mystery shop services (collectively, the "FFA Obligations");

WHEREAS, following the Petition Date, Mountain Express continued purchasing and selling fuel subject to the Fuel and Franchise Agreements, and Mountain Express generated post-petition Credit Card Receipts, which ExxonMobil currently holds in the amount of $3,402,896.51 (the "Post-petition Credit Card Receipts");

WHEREAS, following the Petition Date, Mountain Express continued purchasing and selling fuel subject to the Fuel and Franchise Agreements, and ExxonMobil asserts that Mountain Express owes fees for post-petition FFA Obligations in the following amounts (the "FFA Fees"):

(i) $395,077.57 in post-petition fuel purchases, credit card processing fees, and site

experience fees;

(ii) $84,630.00 for costs of debranding seven sites determined for debranding prior to the Chapter 7 conversion;

(iii) $186,789.80 for post-petition underlift fees; and

(iv) $360.00 for post-petition mystery shop services;

WHEREAS, on August 17, 2023, following the Court's *Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 1284], the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 1286], and appointed Janet S. Northrup to serve as the chapter 11 trustee in the above-captioned cases;

WHEREAS, on August 24, 2023 (the "Conversion Date"), the Court entered an *Order (I) Converting Chapter 11 Cases, (II) Rejecting Leases, (III) Terminating Certain Agreements, and (IV) Granting Related Relief* [Docket. No. 1397] (the "Conversion Order"), which, among other things, converted each of the Chapter 11 cases of the Debtors to cases under Chapter 7 of the Bankruptcy Code;

WHEREAS, the Trustee was subsequently appointed as Chapter 7 trustee for each of the Debtors, including Mountain Express;

WHEREAS, the Conversion Order also provided for the rejection of executory contracts and unexpired leases to which the Debtors were parties, including the Fuel and Franchise Agreements, as of the Conversion Date;

WHEREAS, after entry of the Conversion Order, ExxonMobil provided documents to Trustee's counsel identifying all outstanding FFA Fees, and asserted that it was entitled to an administrative expense claim for the FFA Fees; and

WHEREAS, ExxonMobil and the Trustee have reached an agreement regarding a setoff of the Post-petition Credit Card Receipts and the FFA Fees.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION AND AGREED ORDER, IT IS SO ORDERED AS FOLLOWS:**

1. *Jurisdiction and Venue*. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order.

2. *Payment of Amounts Owing by Mountain Express*. Any stay pursuant to 11 U.S.C. §362, any other provision of the Bankruptcy Code or any order of this Court is modified to permit ExxonMobil to apply Post-petition Credit Card Receipts and pay the FFA Fees in the total amount of $666,857.37 (the "Payment of FFA Fees"):

(v) $395,077.57 in post-petition fuel purchases, credit card processing fees, and site experience fees;

(vi) $84,630.00 for costs of debranding seven sites determined for debranding prior to the Chapter 7 conversion;

(vii) $186,789.80 for post-petition underlift fees; and

(viii) $360.00 for post-petition mystery shop services.

3. *Delivery of Funds to Trustee*. Within ten business days of the entry of this Stipulation and Agreed Order, ExxonMobil shall deliver to the Trustee $2,736,039.14 from the Post-petition Credit Card Receipts (the "Payment of the Credit Card Receipts"), which is the balance of the Post-petition Credit Card Receipts after deducting for the Payment of the FFA Fees.

4. *Full and Final Satisfaction*. The Payment of the FFA Fees granted to ExxonMobil in this Stipulation and Agreed Order is in full and final satisfaction of any administrative,

priority, or secured claim (exclusive of any pre-petition setoff right) that ExxonMobil has asserted or could assert against the Debtors or their estates. All remaining amounts included in any claim that ExxonMobil has asserted or could assert against the Debtors or their estates, other than the $666,857.37 for the Payment of FFA Fees (and any other amounts subject to a pre-petition setoff right), shall be treated as general unsecured claims until and unless they are disallowed for any reason.

5. *Effectiveness*. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, 9024, or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Stipulation and Agreed Order as provided in such Rules. This Stipulation and Agreed Order shall be valid, binding, and enforceable on all parties in interest and fully effective immediately upon entry. The Trustee and ExxonMobil are each authorized and empowered to take all actions necessary to implement the relief granted in this Stipulation and Agreed Order.

6. Notwithstanding anything to the contrary herein, all rights of Hasanali & Dilshad LLC, dba 599A Harlingen Valero and Arif Hasanali Jiwani, are fully preserved.

Signed: February 23, 2024

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

**(Signatures Continued on Next Page)**

**AGREED TO:**

By: */s/ Joshua W. Wolfshohl*
**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
myoung-john@porterhedges.com

**ATTORNEYS FOR JANET S. NORTHRUP, CHAPTER 7 TRUSTEE**

By: */s/ Bruce Ruzinsky (with permission)*
**JACKSON WALKER LLP**
Bruce J. Ruzinsky
State Bar No. 17469425
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4204 (Telephone)
(713) 308-4155 (Facsimile)
bruzinsky@jw.com

**ATTORNEY FOR EXXONMOBIL OIL CORPORATION**