**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| **MOUNTAIN EXPRESS OIL COMPANY, *et al.*,** | § | **(Previously Chapter 11)** |
| | § | |
| | § | **Case No. 23-90147** |
| **Debtors.**[1] | § | |
| | § | **(Jointly Administered)** |

**STIPULATION AND AGREED ORDER REGARDING EQUILON ENTERPRISES LLC'S (A) RIGHT TO SET OFF OBLIGATIONS; (B) ENTITLEMENT TO CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM; AND (C) ASSERTION AND ALLOWANCE OF REJECTION CLAIM**

This stipulation and agreed order (the "Stipulation") is made and entered into by and among Janet S. Northrup as the Chapter 7 Trustee (the "Trustee") of the debtors in the above-captioned cases (collectively, the "Debtors") and Equilon Enterprises LLC dba Shell Oil Products US ("Equilon" and collectively with the Trustee, the "Parties"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS,** on March 18, 2023 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under Chapter 11 of the Bankruptcy Code (the "Cases").

**WHEREAS,** March 21, 2023, the Debtors filed *Debtors' Emergency Motion for Entry of Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Fuel Suppliers and Transporters and (II) Granting Related Relief* (the "Fuel Suppliers Motion") [Doc. No. 45].

[1] A complete list of each of the Debtors in these chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 7 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

**WHEREAS,** on March 22, 2023, the Court entered its *Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Fuel Suppliers and Transporters and (II) Granting Related Relief* approving the Fuel Suppliers Motion (the "Fuel Supplier Order") [Doc. No. 86].

**WHEREAS,** following an unsuccessful sales process, on August 16, 2023, the DIP Agent filed *DIP Agent's Emergency Motion to Appoint Chapter 11 Trustee, or in the Alternative, Convert These Chapter 11 Case to Case Under Chapter 7* [Doc. No. 1280].

**WHEREAS,** on August 17, 2023, following the Court's *Order Directing the Appointment of a Chapter 11 Trustee* [Doc. No. 1284], the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Doc. No. 1286], and appointed Janet S. Northrup to serve as the Chapter 11 trustee in the Cases.

**WHEREAS**, on August 18, 2023, this Court entered and approved the *Stipulation and Agreed Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, and Modifying the Automatic Stay* (the "August 18 Stipulation") [Doc. No. 1315].

**WHEREAS,** the August 18 Stipulation and prior orders of the Court provided that "[n]othing in this Order shall alter, impair, condition, limit, release or otherwise prejudice or diminish any setoff, recoupment, or similar rights held by Fuel Supplier [including Equilon] against the Debtors, the Debtors' estates, or any collateral or credit assurance provided to any Fuel Supplier by or on behalf of the Debtors. All such rights are hereby preserved."

**WHEREAS,** on August 24, 2023, upon its own motion and the Trustee's request, the Court converted these Cases to cases under Chapter 7 of the Bankruptcy Code, and ordered "[a]ll agreements between any Debtors(s) and any fuel supplier[] are rejected and terminated" [Doc. No. 1397]. Thereafter, Janet S. Northrup was also appointed the Chapter 7 Trustee.

**WHEREAS,** the Trustee is currently operating the Debtors' businesses on a limited basis, in order to preserve and protect assets of the Debtors' estates, to preserve and protect the Debtors' records, and to preserve the value of the Debtors' assets and protect the interest of the Debtors' creditors and stakeholders.

**WHEREAS**, prior to the Petition Date, Equilon and Mountain Express Oil Company ("Mountain Express") entered into that certain *Wholesale Marketer Agreement*, effective September 1, 2020, along with numerous Wholesale Marketer Facility Development Incentive Program Agreement(s) for respective business outlets, and other related agreements (collectively and as may be amended, the "Equilon Agreement"), whereby Equilon sold and provided to the Debtors certain branded fuel products and/or services.

**WHEREAS,** in the course of providing these branded fuel products to the Debtors post-petition, Equilon's records reflect the Debtors have an outstanding post-petition balance of $133,825.21 (the "Post-Petition Balance"), which consists of: (i) fuel purchases made and received by the Debtors in the amount of $124,522.13; and (ii) outstanding post-petition fees in the amount of $9,303.08.

**WHEREAS,** pursuant to the Equilon Agreement and ordinary course of business between the Debtors and Equilon, Equilon is in possession of post-petition credit card receipts in the amount of $110,053.92 (the "Credit Card Receipts") that would otherwise be remitted to the Debtors, if not subject to offset, net, or recoupment.

**WHEREAS**, the Equilon Agreement entitles Equilon to offset, net, or recoup any amounts due by the Debtors, including the Post-Petition Balance, by any amounts Equilon owes the Debtors, including the Credit Card Receipts.

**WHEREAS,** the Parties have agreed to entry of this Stipulation to (i) permit Equilon to offset the Post-Petition Balance owed by the Debtors with the Credit Card Receipts; (ii) entitle and allow Equilon a Chapter 11 administrative expense claim for the remainder of the Post-Petition Balance owed after setoff; and (iii) allow Equilon a general unsecured claim related to the rejection of the Equilon Agreement.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION AND AGREED ORDER, IT IS SO ORDERED as follows:**

1. *Jurisdiction and Venue*. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

2. *Approval of Chapter 11 Administrative Expense Claim*. Equilon is entitled to an allowed Chapter 11 administrative expense claim for the remaining balance of **$23,771.29** ("Equilon's Administrative Expense Claim"). Equilon's Administrative Expense Claim shall be paid at the same time as other similarly situated chapter 11 administrative expense claims in these Cases.

3. *Assertion of Rejection Claim.* As a result of the rejection of Equilon Agreement, and without having to file a formal proof of claim, Equilon asserts and is allowed a rejection claim for contractual/rejection damages in the amount of **$4,678,109.97** ("Equilon's Rejection Claim"). Equilon's Rejection Claim shall be treated as an allowed general unsecured claim and paid its pro rata share allocated for holders of general unsecured claims.

4. *Binding Effect; Successors and Assigns*. The provisions of this Order shall be binding upon all parties-in-interest in these Cases, including, without limitation, the Trustee, Equilon, and their respective successors and assigns.

5. *Reservation of Rights.* The Trustee and Equilon reserve all rights to seek other or additional use of Credits and/or Credit Card Receipts on such further or different terms and conditions as may be approved by the Court. Nothing herein shall prejudice any party's rights under any orders of this Court or otherwise.

6. *Effectiveness*. Notwithstanding any Bankruptcy Rules, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Order as provided in such Rules. This Order shall be valid, binding, and enforceable on all parties in interest and fully effective immediately upon entry.

Signed: ____________________

______________________________
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

**AGREED BY:**

By: */s/ Joshua W. Wolfshohl*
**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
myoung-john@porterhedges.com

*Counsel for Chapter 7 Trustee*

By: */s/ Anh Nguyen (with permission)*
Anh Nguyen (TX Bar No. 24079053)

Shell USA, Inc.
150 N. Dairy Ashford Road
Houston, TX 77079
Telephone: (832) 525-0596
E-mail: anh.nguyen2@shell.com

*In-House Counsel for Equilon Enterprises LLC dba Shell Oil Products US*