IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 23-90147 |
| | § | |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*,[1] | § § § | JOINTLY ADMINISTERED |
| DEBTORS. | § | CHAPTER 7 |

**TRUSTEE'S MOTION FOR AUTHORIZATION TO DISBURSE CASH COLLATERAL TO THE DIP AGENT FIRST HORIZON BANK**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Janet S. Northrup, the Chapter 7 trustee (the "**Trustee**") of the jointly administered bankruptcy estates of Mountain Express Oil Company and its debtor affiliates (the "**Debtors**") in the above-captioned Chapter 7 case (this "**Case**"), and files this *Trustee's Motion for Authorization to Disburse Cash Collateral to the DIP Agent First Horizon Bank* (the

---

[1] A complete list of each of the Debtors in these Chapter 7 Cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov. The location of Debtor Mountain Express Oil Company's principal place of business was 3650 Mansell Road, Suite 250, Alpharetta, GA 30022. The Debtors' service address is Neil Lansing, Designated Representative, 2295 Haynes Trail, Johns Creek, GA 30022.

3106842

"**Motion**"), pursuant to, *inter alia*, sections 105 and 726 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "**Bankruptcy Code**"). In support of the Motion and requested relief, the Trustee respectfully submits as follows:

## SUMMARY OF RELIEF REQUESTED

1. The Trustee seeks to provide an interim distribution of Cash Collateral (defined below) to First Horizon Bank as Administrative Agent (the "**DIP Agent**") of up to (i) $2,500,000.00 upon entry of an order granting this Motion; and (ii) additional amounts as agreed between the Trustee and the DIP Agent upon notice filed with this Court as further described below.

## JURISDICTION AND VENUE AND CORE PROCEEDING

2. The Court has jurisdiction over this motion and the relief requested pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion is a core matter under 28 U.S.C. § 157(b)(2)(A), (M) and (O), and, therefore, the Bankruptcy Court has constitutional authority to enter a final order regarding the Motion. Moreover, the Trustee consents to the entry of final orders by the Bankruptcy Court. Further, to the extent that the Bankruptcy Court determines that it does not have authority to enter a final order on all or a portion of the Motion, the Trustee respectfully requests that the Bankruptcy Court issue a report and recommendation for a final order to the United States District Court for the Southern District of Texas, Houston Division.

3106842

**BACKGROUND**

A.   **Bankruptcy Filings by the Debtors**

4. On March 18, 2023 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. On March 20, 2023, the Court entered an Order consolidating the cases into this jointly administered Case. [Docket No. 17].

6. From the Petition Date until August 17, 2023, the Debtors continued to manage and operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the appointment of Janet Northrup as Chapter 11 Trustee. [Docket Nos. 1284 and 1286].

7. On August 24, 2023, upon its own motion and the Trustee's request, the Court converted this Case to Chapter 7 of the Bankruptcy Code (the "**Conversion Date**") and thereafter, Janet S. Northrup was duly appointed as Trustee for the jointly administered estates (the "**Estates**"). [Docket No. 1398].

8. On August 29, 2023, this Court entered an Order authorizing the Trustee to temporarily operate the Debtors' businesses on a limited basis retroactively as to the Conversion Date to preserve and protect assets of the Debtors' estates, to preserve and protect the Debtors' records, and to preserve the value of the Debtors' assets and protect the interest of the Debtors' creditors and stakeholders. *See Order Granting Trustee's Emergency Motion for Authority to Operate Pursuant to 11 U.S.C. § 721 as of August 24, 2023* (the "**Operation Order**"). [Docket. No. 1421].

9. On April 25, 2023, this Court entered its *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-*

3

*2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expense Status; (III) Granting Adequate Protection; and (IV) Granting Related Relief* (the "**Final DIP Order**"). [Docket No. 332].

10.  On July 19, 2023, the Court approved a further extension of post-petition credit pursuant to the *Order Approving Second Amendment to Senior Secured, Super-Priority Debtor In-Possession Credit Agreement*. [Docket No. 1042].

11.  On August 5, 2023, the Debtors filed an *Emergency Amended Motion of Debtors for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing*. [Docket No. 1196].

12.  On August 8, 2023, the Court entered the *Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, and (C) Modifying the Automatic Stay*. [Docket Nos. 1223].

13.  On September 11, 2023, the Court entered the *Second Stipulation and Agreed Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, and (C) Modifying the Automatic Stay* [Docket. No. 1464] (the "**Cash Collateral Order**") which, *inter alia*, authorizes the Trustee to use cash collateral as defined under 363(a) of the Bankruptcy Code ("**Cash Collateral**"), subject to the DIP Agent's superpriority, primary liens, post-petition liens, and superpriority liens under the Final DIP Order.

14.  The Trustee holds approximately $3,800,000.00 in non-segregated Cash Collateral. The Trustee seeks to disburse up to $2,500,000.00 to the DIP Agent upon entry of an order

approving this Motion and further amounts as agreed between the Trustee and the DIP Agent upon ten (10) days' notice filed with the Court.

**B.     Expected Remaining Assets**

15.     The Trustee continues to investigate the Debtors' affairs and recover assets. In the near term, the Trustee expects sales proceeds related to the sale of real property as authorized in the *Order Approving the Trustee's Expedited Motion to (I) Sell Estate Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests, and (II) Employ and Compensate Tranzon Asset Advisors of Texas LLC as Auctioneer (Six Parcels of Real Estate)* [Docket No. 1952] and identified in the *Notice of Additional Real Estate* [Docket No. 2128].

16.     Additionally, the Trustee expects to realize proceeds related to the pending adversary *Janet S. Northrup, Chapter 7 Trustee v. Mountain Portfolio Owner WI MI, LLC et al.* [Adversary No. 23-03231] for which a compromise is pending, which if approved would bring $23,250,000.00 into the Estates. [Docket No. 2066].

17.     Further, the Trustee expects to collect additional fuel receipts.

18.     This description of assets is not exhaustive, but highlights material, expected receipts in the near term. The Trustee reserves all rights as to additional assets and claims and further administration of the Estates.

**RELIEF REQUESTED**

19.     As described above, the DIP Agent has valid, enforceable, and unavoidable superpriority liens on the Cash Collateral. By this Motion and pursuant to sections 105(a) and 726 of the Bankruptcy Code, the Trustee seeks to distribute up to $2,500,000.00 to the DIP Agent from current cash on hand. The Trustee seeks authority to disburse further amounts to the DIP Agent as agreed between the Trustee and DIP Agent by filing a notice of any future proposed distribution

with the Court with a ten (10) day objection period. Absent an objection to the proposed disbursement, the Trustee will disburse the funds to the DIP Agent via wire instructions as provided by the DIP Agent. If an objection to the notice is filed with the Court within the ten (10) day objection period, the Trustee will not disburse the funds and reserves the right to seek Court intervention as to the proposed disbursement. The Trustee will maintain an appropriate reserve to allow the Trustee to administer the Chapter 7 estate to completion including but not limited to the Trustee's statutory compensation.

20. The Trustee asserts that the proposed distribution is conservative and the procedure for future distributions will allow sufficient funds to administer this Case to completion.

## BASIS FOR RELIEF REQUESTED

21. The Trustee seeks authority to make the described distribution in furtherance of her statutory obligation to make distributions to creditors in accordance with their relative priorities.

22. As described above and in the Cash Collateral Order, the DIP Agent was granted superpriority liens on all or substantially all of the Debtors' assets and property as adequate protection as described in the Final DIP Order. Under the Cash Collateral Order, the DIP Agent was also granted adequate protection on its post-petition liens as described in the Final Dip Order in exchange for, *inter alia*, the continued use of their Cash Collateral. Those post-petition liens and claims are also valid, binding, and enforceable against the Debtors, their estates, the Trustee and all other parties-in-interest in the Case.[2]

23. *Other Secured Claims*. The claims register reflects secured claims of $407,527,828.84. Of this amount, $399,207,601.30 is attributable to the DIP Agent. [Claim Nos.

---

[2] It should also be noted that under the distribution scheme set forth in section 726 of the Bankruptcy Code, adequate protection claims under section 507(b) of the Bankruptcy Code are afforded the highest priority in relation to other unsecured claims.

207 and 208]. Schierl Sales Corp. and Universal, Inc. have asserted a secured claim of $7,440,000.00 related to property the Trustee is not administrating, which leaves secured claims totaling $880,227.54. The majority of the remaining asserted secured claims appear to be related to personal property the Trustee is not administrating; thus, the Trustee expects such claims will be withdrawn or that she will prevail on claim objections. Therefore, upon investigation, the Trustee estimates that she will have sufficient funds on hand to pay any allowed secured claims after the proposed distribution.

## U.S. TRUSTEE REQUIREMENTS

24.     The following matters are required by the Office of the U.S. Trustee to be addressed in this Motion.

25.     *Circumstances or Cause Justifying a Distribution in Advance of Final Report*. As noted above, while significant assets remain to be recovered, there is no valid reason to delay the turnover of Cash Collateral as contemplated herein to the DIP Agent. First, the unpaid lien obligations are secured by valid and enforceable first priority liens on all of the Debtors' assets, including Cash Collateral. Further, the DIP Agent has already made provisions in accordance with the Cash Collateral Order for the Trustee's use of their Cash Collateral to fund the remainder of the Case, and therefore there is no valid reason for the Trustee to continue to hold any excess amounts. As such, the circumstances of this Case present good cause for the interim distribution to the DIP Agent.

26.     *Why a Final Distribution to Creditors Cannot be Made or the Case Closed*. The Trustee and her professionals are continuing to investigate and pursue significant assets, and therefore the Case is not likely to be closed in the near term. However, as all or substantially all of the Debtors' property is subject to the DIP Agent's liens as described in the Final DIP Order and

related Cash Collateral orders, it is highly unlikely that a distribution to unsecured creditors will be made in this Case. Consequently, there is no reason to delay the interim distribution to the DIP Agent, who has allowed use of its Cash Collateral to fund the Case.

27. *Amount of Receipts*. Total compensable receipts from August 17, 2023 through March 31, 2024 total $14,464,287.49.

28. *Amount of Disbursements*. Total disbursements from August 17, 2023 through March 31, 2024 total $11,490,265.37.

29. *Calculation of Trustee's Compensation*. The Trustee has received interim compensation per the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Trustee.* [Docket No. 1607].

30. *Projection of Future Receipts and Expenses*. The Trustee anticipates continued significant recoveries as described herein.

31. The Trustee anticipates that there are sufficient funds remaining, after the interim distribution, in the bankruptcy estate to cover the costs of administering the estate, including expenses incurred by her professionals related to further pending matters.

32. *Proposed Partial Distribution to the DIP Agent*. The Trustee proposes an interim distribution of Cash Collateral to the DIP Agent in the amount of up to $2,500,000.00 from cash on hand, and additional disbursements per the ten (10) day notice procedures as described herein.

33. *Trustee Expenses*. No Trustee expenses are sought at this time. The Trustee will continue to follow the interim compensation procedures set forth in *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Trustee.* [Docket No. 1607].

3106842

## CONCLUSION

34.     The Trustee estimates that the Cash Collateral remaining in the estate's account and available for use pursuant to the Cash Collateral Order is more than sufficient to pay the Trustee's professionals claims and Trustee compensation claims. For the reasons noted above, the Trustee believes that the distribution contemplated herein is both appropriate and prudent.

WHEREFORE, PREMISES CONSIDERED, Janet S. Northrup, Chapter 7 Trustee respectfully requests the entry of the Proposed Order granting the Trustee the relief requested herein and all other and further relief, both at law and in equity, to which she may justly be entitled.

Dated: May 1, 2024

Respectfully submitted,

*/s/ Heather Heath McIntyre*
Wayne Kitchens        TBN 11541110
wkitchens@hwa.com
Heather H. McIntyre   TBN 24041076
hmcintyre@hwa.com
Hughes Watters Askanase, LLP
TotalEnergies Tower
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: (713) 590-4200
Facsimile: (713) 590-4230
**ATTORNEYS FOR CHAPTER 7 TRUSTEE, JANET S. NORTHRUP**

3106842

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was served on May 1, 2024 on (i) all parties receiving ECF notice in the case, and (ii) all parties listed on the attached "Master Service List" by electronic transmission or first-class, U.S. mail, postage prepaid, as indicated.

                                          */s/ Heather Heath McIntyre*
                                          Heather H. McIntyre

3106842