**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | **Case No. 23-90147** |
| | § | **Jointly Administered** |
| | § | |
| **Mountain Express Oil Company, *et al*** | § | **(Chapter 7)** |
| | § | |
| **Debtors.** | § | **Judge Eduardo V. Rodriguez** |

**STIPULATION AND AGREED ORDER REGARDING TURNOVER OF FUNDS AND ALLOWANCE OF MOTIVA ENTERPRISES LLC'S GENERAL UNSECURED CLAIM**

Janet Northrup (the "Trustee"), chapter 7 trustee of Mountain Express Oil Company ("Mountain Express") and affiliated debtors (collectively, the "Debtors"), and Motiva Enterprises LLC ("Motiva") have reached an agreement (the "Stipulation and Agreed Order"), as set forth below, with regard to disposition of credit card receivables currently held by Motiva, certain allowed setoff amounts and rejection damages owed to Motiva by Mountain Express. The Court has jurisdiction to enter this Stipulation and Agreed Order pursuant to 28 U.S.C. § 1334 and venue is proper in this District pursuant to 11 U.S.C. § 1408. This Stipulation and Agreed Order resolves the assertion of possible claims against the estate and the assertion of possible actions for turnover by the Trustee, which are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order on the Motiva Claim. Upon consideration of the proposed Stipulation and Agreed Order, the Court finds that good cause exists to grant the requested relief and approve the Stipulation and Agreed Order.

## RECITALS

WHEREAS, on March 18, 2023 (the "Petition Date"), each of the Debtors, including Mountain Express, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code;

WHEREAS, as of the Petition Date, Mountain Express and Motiva were parties to that certain 76 Brand Wholesale Marketer Agreement dated September 1, 2020 (collectively, with all addendums, supplements, related agreements and amendments thereto, the "WMA"), which operated as a combination of a franchise agreement and a retail fuel supply agreement;

WHEREAS, after the Petition Date, Mountain Express entered into that certain Credit Funds Agreement with Motiva, whereby Mountain Express deposited $250,000 with Motiva (the "Credit Funds") as credit support for certain post-petition obligations incurred by Mountain Express (the "Obligations") and, thereafter, entered into that certain First Amendment to Credit Funds Agreement with Motiva (collectively, with the Credit Funds Agreement, the "CFA"), whereby Mountain Express deposited an additional $100,000 in Credit Funds with Motiva as credit support for the Obligations;

WHEREAS, pursuant to the WMA, Motiva held Mountain Express's credit card receivables generated from fuel sales (the "Credit Card Receipts");

WHEREAS, pursuant to the WMA, Motiva was owed (among other things) (i) amounts for fuel purchases, (ii) telecom fees, (iii) payment for monthly incentives measured by fuel purchases, and (iv) reimbursement of miscellaneous funds advanced prior to the Petition Date (collectively, the "WMA Obligations");

WHEREAS, following the Petition Date, Mountain Express continued purchasing and selling fuel subject to the WMA, and Mountain Express generated post-petition Credit Card Receipts, which Motiva currently holds in the amount of $31,528.32 (the "Post-petition Credit Card Receipts");

WHEREAS, following the Petition Date, Mountain Express continued purchasing and selling fuel subject to the WMA, and Motiva asserts that Mountain Express owes fees for post-petition WMA Obligations in the following amounts (the "Post-petition WMA Fees"):

(i) $45,420.43 in post-petition fuel purchases;

(ii) $1,684.00 in post-petition telecom fees; and

(iii) $129,713.87 in monthly incentives related to post-petition fuel purchases;

WHEREAS, on August 17, 2023, following the Court's *Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 1284], the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 1286], and appointed Janet S. Northrup to serve as the chapter 11 trustee in the above-captioned cases;

WHEREAS, on August 24, 2023 (the "Conversion Date"), the Court entered an *Order (I) Converting Chapter 11 Cases, (II) Rejecting Leases, (III) Terminating Certain Agreements, and (IV) Granting Related Relief* [Docket. No. 1397] (the "Conversion Order"), which, among other things, converted each of the Chapter 11 cases of the Debtors to cases under Chapter 7 of the Bankruptcy Code;

WHEREAS, the Trustee was subsequently appointed as Chapter 7 trustee for each of the Debtors, including Mountain Express;

WHEREAS, the Conversion Order also provided for the rejection of executory contracts and unexpired leases to which the Debtors were parties, including the WMA, as of the Conversion Date;

WHEREAS, after entry of the Conversion Order, Motiva provided documents to Trustee's counsel identifying all outstanding WMA Fees, and asserted that it was entitled to rejection damages claims under the WMA in the total amount of $1,935,487.29, after offsetting certain Post-petition WMA Fees (collectively, the "Motiva Claim"); and

WHEREAS, Motiva and the Trustee have reached an agreement regarding a setoff of the Post-petition WMA Fees, the turnover of remaining Post-petition Credit Card Receipts and the allowance of the Motiva Claim.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION AND AGREED ORDER, IT IS SO ORDERED AS FOLLOWS:**

1. *Jurisdiction and Venue*. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order.

2. *Payment of Amounts Owing by Mountain Express*. Any stay pursuant to 11 U.S.C. §362, any other provision of the Bankruptcy Code or any order of this Court is modified to permit Motiva to setoff the Post-petition WMA Fees in the total amount of $176,818.30 consisting of the amounts set forth below (the "Payment of WMA Fees") against the Post-petition Credit Card Receipts and the Credit Funds:

   (i) $45,420.43 in post-petition fuel purchases;

   (ii) $1,684.00 in post-petition telecom fees; and

   (iii) $129,713.87 in monthly incentives related to post-petition fuel purchases.

3. *Delivery of Funds to Trustee*. Within ten business days of the entry of this Stipulation and Agreed Order, Motiva shall deliver to the Trustee $204,710.02 from the Post-petition Credit Card Receipts/Credit Funds (the "Payment of the Credit Card Receipts/Credit Funds"), which is the balance of the Post-petition Credit Card Receipts and Credit Funds after deducting for the Payment of the WMA Fees.

4. *Full and Final Satisfaction*. The Payment of the WMA Fees granted to Motiva in this Stipulation and Agreed Order is in full and final satisfaction of any administrative, priority, or secured claim that Motiva has asserted or could assert against the Debtors or their estates. All remaining amounts owed by the Debtors to Motiva under the WMA shall constitute an allowed

general unsecured claim in these cases in the amount of the Motiva Claim of $1,935,487.29.

5. *Effectiveness*. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, 9024, or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Stipulation and Agreed Order as provided in such Rules. This Stipulation and Agreed Order shall be valid, binding, and enforceable on all parties in interest and fully effective immediately upon entry. The Trustee and Motiva are each authorized and empowered to take all actions necessary to implement the relief granted in this Stipulation and Agreed Order.

Dated: ___________________________

______________________________________
**THE HONORABLE EDUARDO V. RODRIGUEZ**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

**AGREED TO:**

By: */s/ Joshua W. Wolfshohl*
**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
myoung-john@porterhedges.com
**ATTORNEYS FOR**
**JANET S. NORTHRUP, CHAPTER 7 TRUSTEE**

By: */s/Amy Marlyse Plato*
**EVP, Legal & Corporate Affairs**
**MOTIVA ENTERPRISES LLC**
500 Dallas Street
Houston, TX 77002
Telephone: (713) 830-9225
Amy.Plato@motiva.com