## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| | (Previously Chapter 11) |
| MOUNTAIN EXPRESS OIL COMPANY, *et al.*,[1] | |
| | Case No. 23-90147 (EVR) |
| Debtors. | |
| | (Jointly Administered) |

## STIPULATION AND AGREED ORDER
## PERMITTING ALLOWANCE OF NECESSITY LANDLORDS'
## ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(7)

This Stipulation and Agreed Order is entered into between (a) Landlords (i) AFN ABSPROP001, LLC, (ii) ARG MESMOAR001, LLC, (iii) ARG MEVNAAL001, LLC, and (iv) ARG ME19PCK001, LLC, each affiliated with The Necessity Retail REIT, Inc. (collectively, the "Necessity Landlords") and (b) Janet S. Northrup as the Chapter 7 Trustee (the "Trustee") of the debtors in the above-captioned cases (collectively, the "Debtors"; the Trustee together with the Necessity Landlords, the "Parties") in the above-captioned bankruptcy case jointly administered under Case No. 23-90147 (the "Bankruptcy Cases").  The Parties hereby stipulate and agree as follows:

WHEREAS, on March 18, 2023, the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code;

WHEREAS, on April 18, 2023, the Debtors filed their *Emergency First Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Unexpired Leases, Subleases, and Related Contracts Pursuant to 11 U.S.C. § 365, and (II) Granting Related Relief* [Docket No.

---

[1]    A complete list of each of the Debtors in these Bankruptcy Cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil.

295], which the Debtors later amended on May 3, 2023 [Docket No. 360] (as amended, the "First Rejection Motion"), seeking, among other things, entry of an order on an emergency basis to reject certain unexpired leases of real property between certain Debtors and  the Necessity Landlords (the "First Rejected Leases"), among other leases and contracts;

WHEREAS, the Court granted the First Rejection Motion pursuant to that certain *Stipulation and Agreed Order (I) Granting, as to the Necessity Landlords, the Debtors' Emergency First Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Unexpired Leases, Subleases, and Related Contracts Pursuant to 11 U.S.C. § 365 and (II) Resolving the Necessity Landlords' Motion for Entry of an Order Compelling Debtors to Comply with Post-Petition Obligations Under Unexpired Leases of Real Property with Respect to the Rejected Leases Pursuant to 11 U.S.C. § 365(d)(3)* [Docket No. 662] on June 20, 2023 (the "First Rejection Stipulation"), which rejected the First Rejected Leases;

WHEREAS, on July 11, 2023, the Debtors filed their *Emergency Third Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Unexpired Leases, Subleases, Fuel Supply Agreements and Related Contracts Pursuant to 11 U.S.C. § 365, and (II) Granting Related Relief* [Docket No. 767] (the "Second Rejection Motion"), seeking, among other things, entry of an order on an emergency basis to reject certain unexpired leases of real property between certain Debtors and the Necessity Landlords (the "Second Rejected Leases" and together with the First Rejected Leases, the "Rejected Leases"), among other leases and contracts;

WHEREAS, the Court granted the Second Rejection Motion pursuant to that certain *Stipulation and Agreed Order Granting, as to the Necessity Landlords, the Debtors' Emergency Third Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Unexpired Leases, Subleases, Fuel Supply Agreements and Related Contracts Pursuant to 11 U.S.C. § 365*

and (II) Granting Related Relief [Docket No. 1136] on July 31, 2023 (the "Second Rejection Stipulation"), which rejected the Second Rejected Leases;

WHEREAS, on August 17, 2023, following the Court's *Order Directing the Appointment of a Chapter 11 Trustee* [Docket No. 1284], the United States Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Docket No. 1286], and appointed the Trustee to serve as chapter 11 trustee in the above-captioned cases;

WHEREAS, on August 23, 2023, the Necessity Landlords and the Trustee entered into that certain *Stipulation and agreed Order Permitting the Necessity Landlords to File a Consolidated Proof of Claim for Administrative Purposes* [Docket No. 1364], which has not been entered by the Court;

WHEREAS, on August 24, 2023, the Bankruptcy Cases were converted to cases under Chapter 7 pursuant to the Court's *Order (I) Converting Chapter 11 Cases, (II) Rejecting Leases, (III) Terminating Certain Agreements, and (IV) Granting Related Relief* [Docket No. 1397];

WHEREAS, on August 28, 2023, the Necessity Landlords timely filed Proofs of Claim Nos. 100, 101, 102, and 103, which cumulatively asserted, among other amounts, an administrative priority claim in the amount of no less than $2,134,478.56 based upon the post-petition use and occupation of the properties subject to the Rejected Leases, and pursuant to the terms of the First Rejection Stipulation and the Second Rejection Stipulation as previously approved by the Court;

WHEREAS, the Parties have determined and agreed that the interests of administrative efficiency for both the Trustee and the Necessity Landlords would be furthered by allowing the Necessity Landlords' administrative claim in the amount and on the terms as set forth herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The terms of this Stipulation and Agreed Order are hereby approved and so ordered.

3

2.      The Parties hereby stipulate and agree that the Necessity Landlords shall have a cumulative and consolidated allowed Chapter 11 administrative expense claim under 11 U.S.C. § 503(b)(7) in the amount of $2,134,478.56 (the "Necessity Landlords Allowed Claim").

3.      Payment of the Necessity Landlords' Allowed Claim shall be made at such time as distributions are made to other Chapter 11 administrative expense creditors in accordance with the priorities under the Bankruptcy Code or upon further order of this Court, without the need of further application or motion by the Necessity Landlords.

4.      Upon entry of this Stipulation and Agreed Order, the Parties represent and warrant to each other that this Stipulation and Agreed Order shall be valid, binding, and enforceable by and against each of the Parties hereto.

5.      The Parties acknowledge that they have read and fully understand the terms of this Stipulation and Agreed Order and agree that they are entering into this Stipulation and Agreed Order knowingly and voluntarily and agree to all of its provisions.

6.      The terms of this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Agreed Order.

*On behalf of the Necessity Landlords:*

**ARENTFOX SCHIFF LLP**

*/s/ Beth M. Brownstein*
Andrew I. Silfen (*pro hac vice*)
Beth M. Brownstein (*pro hac vice*)
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Tel: (212) 484-3900
Fax: (212) 484-3990
Email: andrew.silfen@afslaw.com
beth.brownstein@afslaw.com

*Counsel to AFN ABSPROP001, LLC, ARG MESMOAR001, LLC, ARG MEVNAAL001, LLC, and ARG ME19PCK001, LLC*

*On behalf of the Trustee:*

**HUGHES WATTERS ASKANASE LLP**

*/s/ Abdiel Lopez-Castro*
Wayne Kitchens (SBN 11541110)
Heather Heath McIntyre (SBN 24041076)
Abdiel Lopez-Castro (SBN 24140125
Total Energies Tower
1201 Louisiana Street, 28th Floor
Houston, TX 77002
Tel: (713) 590-4200
Fax: (713) 590-4230
Email: wkitchens@hwa.com
        hmcintyre@hwa.com
        alopezcastro@hwa.com

*Counsel for the Chapter 7 Trustee, Janet Northrup*


Dated: _____

_____
HONORABLE EDUARDO V. RODRIGUEZ
CHIEF BANKRUPTCY JUDGE

5