**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No.: 23-90147** |
| | § | **(Jointly Administered)** |
| | § | |
| **MOUNTAIN EXPRESS OIL COMPANY,** | § | **Chapter 7** |
| **et al.**[1] | § | |
| | § | |
| | § | |
| **Debtors.** | § | |

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY UNDER BANKRUPTCY**
**RULE 9019 WITH NICHOLS, CAULEY & ASSOCIATES, LLC**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE EDUARDO RODRIGUEZ, UNITED STATES BANKRUPTCY JUDGE:**

Janet Northrup, Chapter 7 Trustee of the jointly administered estates of Mountain Express Oil Company, et al. (the "Trustee"), files this motion to compromise controversy with Nichols, Cauley & Associates, LLC ("Nichols Cauley") under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

---

[1] A complete list of each of the Debtors in these Chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov.

## Summary of Relief Requested

1. The Trustee seeks approval of a settlement reached with Nichols Cauley related to potential preference claims against Nichols Cauley. Under the proposed settlement, Nichols Cauley will pay the Trustee the sum of $36,000.00 and the Trustee shall release Nichols Cauley from liability under 11 U.S.C. § 547. A complete description of the settlement is set forth below.

## Background

2. On March 18, 2023, Mountain Express Oil Company and the affiliated debtors (the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), thereby commencing the Bankruptcy Cases.

3. On March 20, 2023, the Court signed an Order approving the joint administration of the Debtors' Chapter 11 cases under Case No. 23-90147 [Docket No. 17].

4. On August 24, 2023, the Court signed an Order which, inter alia, converted the Chapter 11 cases to Chapter 7 cases [Docket No. 1397]. That same day, Janet S. Northrup was appointed the Chapter 7 Trustee ("Trustee") for the Debtors' jointly administered cases [Docket No. 1398].

5. During the course of her investigation of the bankruptcy cases, the Trustee identified approximately $42,350.00 in payments received by Nichols Cauley within 90 days of the Petition Date.

6. On December 20, 2024, the Trustee sent a demand letter to Nichols Cauley asserting that Nichols Cauley had received certain payments from the Debtors that were avoidable under 11 U.S.C. § 547 of the Bankruptcy Code.

7. After the Trustee sent her preference demand, Nichols Cauley's outside counsel contacted the Trustee to negotiate an agreement. After arm's length negotiation, and recognizing that there is some risk in litigation, the Trustee and Nichols Cauley reached an agreement to resolve the claims.  Attached as **Exhibit A** is a copy of the Settlement Agreement between the Trustee and Nichols Cauley.

### Proposed Settlement and Compromise

8. Subject to Bankruptcy Court approval, Nichols Cauley and the Trustee have agreed to the following:

- Nichols Cauley will pay the sum of $36,000.00 to the Trustee within five (5) days of entry of an Order approving this agreement (the "9019 Order");

- The Trustee will release Nichols Cauley from all claims under 11 U.S.C. § 547; and

- Nichols Cauley will withdraw any claim it has filed in the Debtors' Bankruptcy Cases and waive any rights it has under 11 U.S.C. §502(h).

### Merits of Compromise

9. The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).  *TMT Trailer* requires that a compromise must be "fair and equitable."  *TMT Trailer*, 390 U.S. at 424; *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir.), *cert. denied*, 469 U.S. 880 (1984). The terms "fair and equitable" mean that (i) senior interests are entitled to full priority over junior interests; and (ii) the settlement is reasonable in relation to the likely rewards of litigation.  *In re Cajun Electric Power Coop.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

10. In determining whether a proposed compromise is fair and equitable, a Court should consider the following factors:

(i)      the probabilities of ultimate success should the claim be litigated;

(ii)     the complexity, expense, and likely duration of litigating the claim;

(iii)    the difficulties of collecting a judgment rendered from such litigation; and,

(iv)    all other factors relevant to a full and fair assessment of the wisdom of the compromise.

*TMT Trailer*, 390 U.S. at 424.  The Trustee believes that the proposed settlement satisfies the requirements established by the Supreme Court in *TMT Trailer*.

<b><u>Analysis of Proposed Compromise</u></b>

11.      <u>Probabilities of Ultimate Success</u>.  During their discussions, Nichols Cauley and the Trustee analyzed the strengths and weaknesses of the preference demand and related defenses. The Trustee believes that she would prevail on the preference claims against Nichols Cauley. However, both parties acknowledge that a certain degree of uncertainty always exists with respect to litigation.  The Trustee believes that the proposed settlement and compromise fairly recognizes her anticipated recovery on the preference claims without litigation.  The parties have attempted to achieve a resolution that minimizes the potential damage and risk to all parties, including the estate's unsecured creditors.

12.      The Trustee believes that the proposed compromise is in the best interest of the Estate. The compromise provides for a payment by Nichols Cauley of $36,000.00, which is approximately 85% of the amount the Trustee believes is subject to avoidance. Given the inherent risk in litigation, the Trustee believes this is a reasonable compromise. Moreover, Nichols Cauley has agreed to waive any proof of claim and any rights it has under 502(h). For these reasons, the Trustee believes this factor weighs heavily in favor of the proposed compromise.

13.      <u>Complexity, Expense and Likely Duration</u>.  The Trustee would be required to file an adversary proceeding to recover on the claim.  The Trustee estimates that a trial would last 1 or

2 days and could require expert opinion. Briefing, discovery and preparation for trial would require several days of attorneys' time. Counsel for the Trustee has been retained in this case on a contingency fee basis, but additional expenses (such as expert witness fees) could be incurred by the estate. The Trustee believes this factor also supports the proposed compromise.

14.     Difficulties of Collection. If a judgment were rendered in an amount sought by the Trustee, the Trustee believes that she would be able to recover from Nichols Cauley. The Trustee believes this factor is neutral in analyzing the proposed compromise.

15.     Other Factors. The Trustee believes that the proposed compromise is equitable and in the best interest of the estate. The parties avoid the time and expense of litigation, the estate receives cash for distribution to creditors, and significant claims are withdrawn.

Accordingly, the Trustee requests that this Court approve the proposed settlement and compromise set forth above and grant such other relief as is just.

**Dated: February 20, 2025.**

Respectfully submitted,

**McCLOSKEY ROBERSON WOOLLEY, PLLC**

By:*/s/ Carissa N. Brewster*
Thomas A. Woolley, III
SBOT: 24042193
Timothy M. McCloskey
SBOT: 13417650
Carissa N. Brewster
SBOT: 24122933
190 TC Jester Blvd., Suite 400
Houston, TX 77007
713-337-3900
713-337-3915 (fax)
rwoolley@mrwpllc.com
tmccloskey@mrwpllc.com
cbrewster@mrwpllc.com
***Special Litigation Counsel for Janet Northrup,
Chapter 7 Trustee***

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the foregoing was served via ECF on parties receiving ECF service in the above-referenced case and via First Class Mail to the parties on the attached Service List on February 20, 2025. Additionally, a copy was served via e-mail to the following:

Billy Newcomb
Werdesheim & Newcomb, LLC
billy@wnfirm.com
*Counsel for Nichols, Cauley & Associates, LLC*

*/s/ Carissa N. Brewster*
Carissa N. Brewster

**MASTER SERVICE LIST**
**Mountain Express Oil Company**
**Case No. 23-90147**

**All service made by US first class mail, postage prepaid unless otherwise indicated**

**Debtor**
Mountain Express Oil Company
Turjo Wadud
c/o Johnnie J. Patterson, II
Walker & Patterson, PC
4815 Dacoma Street
Houston, TX  77092
Via First Class U.S. Mail, postage prepaid

**Debtor's Representative**
Neil Lansing, Designated Representative
2295 Haynes Trail
Johns Creek, GA  30022
Via First Class U.S. Mail, postage prepaid

**Chapter 7 Trustee**
Janet S. Northrup
Chapter 7 Trustee
1201 Louisiana Street
28th Floor
Houston, TX  77002
Via ECF jsnorthrup@hwa.com

**Office of the U.S. Trustee**
Hector Duran Jr.
Office of the United States Trustee
for the Southern District of Texas
515 Rusk Street, Suite 3516
Houston, TX  77002
Via ECF Hector.Duran.Jr.@usdoj.gov

**U.S. Attorney's Office**
United States Attorney's Office
for the Southern District of Texas
Wells Fargo Plaza
1000 Louisiana Street, Suite 2300
Houston, TX  77002

**DIP Agent**
Shari Heyen
John Elrod
Greenberg Traurig, LLP
Via ECF Shari.Heyen@gtlaw.com
Via ECF ElrodJ@gtlaw.com

**20 Largest Creditors**
Sunoco
3801 West Chester Pike
Newton Square, PA  19073
Via First Class U.S. Mail, postage prepaid

Valero
One Valero Way
San Antonio, TX  78249
Via First Class U.S. Mail, postage prepaid

COCA-COLA Bottling CO
PO Box 105637
Atlanta, GA  30348-5637
Via First Class U.S. Mail, postage prepaid

Marathon
539 S. Main Street
Findlay, OH  45840
Via First Class U.S. Mail, postage prepaid

Cross Oil Refining & Marketing
484 East 6th Street
Smackover, AR  71762
Via First Class U.S. Mail, postage prepaid

KeyBank Real Estate Capital
PO Box 145404
Cincinnati, OH  45250
Via First Class U.S. Mail, postage prepaid

3104782

Exxon Mobil
PO Box 74007276
Chicago, IL  60674-7276
Via First Class U.S. Mail, postage prepaid

VM Petro Inc.
2188 Kirby Lane
Syosset, NY  11791
Via First Class U.S. Mail, postage prepaid

Pepsi Beverages
75 Remittance Drive, Suite 1884
Chicago, IL  60675
Via First Class U.S. Mail, postage prepaid

Flying J-Saratoga-Pilot
5508 Lonas Drive
Knoxville, TN  37909
Via First Class U.S. Mail, postage prepaid

Shell
910 Louisiana Street
Houston, TX  77002
Via First Class U.S. Mail, postage prepaid

Sinclair Distributor Services
PO Box 30825
Salt Lake City, UT  84130
Via First Class U.S. Mail, postage prepaid

Federated Insurance
PO Box 486
Owatonna, MN  55060
Via First Class U.S. Mail, postage prepaid

JF Acquisition LLC
PO Box 531829
Atlanta, GA  30353-1829
Via First Class U.S. Mail, postage prepaid

DAS Distributors TC
724 Lawn Road
Palmyra, PA  17078
Via First Class U.S. Mail, postage prepaid

Imperial Trading Company
701 Edwards Avenue
Elmwood, LA  70123
Via First Class U.S. Mail, postage prepaid

ARG 1 CBHGNJ001, LLC et al.
PO Box 71532
Cincinnati, OH  45271-5352
Via First Class U.S. Mail, postage prepaid

Entergy
PO Box 8108
Baton Rogue, LA  70891
Via First Class U.S. Mail, postage prepaid

Anthem Blue Cross Blue Shield
PO Box 645438
Cincinnati, OH  45264-5438
Via First Class U.S. Mail, postage prepaid

Southern Eagle Sales & Service LP
5300 Blair Drive
Metairie, LA  70003
Via First Class U.S. Mail, postage prepaid

Any party that has requested notice pursuant to
Bankruptcy Rule 2002 as of the time of service
via ECF.

3104782