# Exhibit A

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Settlement Agreement") is made by and between Janet Northrup, the Chapter 7 Trustee (the "Trustee") of the jointly administered estates of Mountain Express Oil Company, et al. in Case No. 23-90147, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Cases") on behalf of the bankruptcy estates and Nichols, Cauley & Associates, LLC ("Nichols Cauley"). Hereinafter, the Trustee and Nichols Cauley are collectively referred to collectively as the "Parties".

WHEREAS, on March 18, 2023, Mountain Express and the affiliated debtors[1] (the "Debtors") each filed their voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), thereby commencing the Bankruptcy Cases; On March 20, 2023, the Court signed an Order approving the joint administration of the Debtors' Chapter 11 cases under Case No. 23-90147 [Docket No. 17].

WHEREAS, on August 24, 2023, the Court entered an Order which, inter alia, converted the Chapter 11 cases to Chapter 7 cases [Docket No. 1397]. That same day, Janet Northrup was appointed the Chapter 7 Trustee for the Debtors' jointly administered bankruptcy estates [Docket No. 1398];

WHEREAS, the Trustee has alleged that Nichols Cauley received certain payments from the Debtors that were avoidable under 11 U.S.C. § 547 of the Bankruptcy Code;

WHEREAS, in response to the Trustee's allegations, Nichols Cauley raised certain defenses to the avoidance of the transfers;

WHEREAS, following good faith negotiations to resolve the disputed issues involving the transfers, the Trustee and Nichols Cauley desire to settle and compromise all related claims on the terms set forth herein to avoid the cost and uncertainty of litigation; and

**NOW THEREFORE,** the Parties agree as follows:

1. <u>Payment</u>. Within five (5) days of approval of this Settlement Agreement by the Bankruptcy Court, Nichols Cauley agrees to pay $36,000.00 (the "Settlement Payment") to the Trustee by check made payable to "Janet Northrup, Chapter 7 Trustee".  The settlement payment shall be delivered to Rusty Woolley at McCloskey Roberson, PLLC, 190 TC Jester Blvd, Suite 400, Houston, Texas 77007.

2. <u>Releases</u>. Both Parties acknowledge that this Settlement Agreement is intended to fully resolve Nichols Cauley's liability to the bankruptcy estates for any claim under 11 U.S.C.

[1] A complete list of each of the Debtors in these Chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov.  The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in the chapter 11 cases was 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

1

§ 547 of the Bankruptcy Code related to the transfers made from the Debtors to Nichols Cauley during the preference period.

    a. In consideration of the Settlement Payment, the Trustee, on behalf of the bankruptcy estates, does hereby irrevocably release, acquit and forever discharge Nichols Cauley from all claims under 11 U.S.C. § 547 of the Bankruptcy Code arising out of or related to any transfers made by the Debtors or on behalf of the Debtors to Nichols Cauley during the preference period.

3. <u>Withdrawal of Claim and Waiver of 502(h) Claim</u>. Nichols Cauley hereby withdraws any claim it has filed in the Debtors' Bankruptcy Cases with prejudice and waives any right it has to a claim under Section 502(h) of the Bankruptcy Code.

4. <u>Bankruptcy Court Approval.</u> This Settlement Agreement is subject to the entry of a final order by the Bankruptcy Court in the Bankruptcy Cases approving the terms of settlement herein.

5. <u>No Admission of Liability.</u> Each of the Parties acknowledge that this Settlement Agreement is a compromise of a disputed claim and that the Settlement Payment made hereunder is not intended to be construed as an admission of any liability by either Party.

6. <u>Entire Agreement.</u> This Settlement Agreement constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by both Parties.

7. <u>Voluntary Act.</u> Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Settlement Agreement. The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms as set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement, and it is signing this Settlement Agreement or its own freewill.

8. <u>Attorney Fees.</u> Each Party shall bear its own attorneys' fees and costs relating to the settlement negotiations and the negotiation and execution of this Settlement Agreement. However, if either Party must commence an action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

9. <u>No Assignment.</u> Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment of any claim, cause in action, right of action, or any other right released pursuant to this Settlement Agreement.

10. <u>Execution in Counterparts.</u> It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

[signatures on following page]

AGREED TO:

JANET NORTHRUP
Chapter 7 Trustee
Date:_____

NICHOLS, CAULEY & ASSOCIATES,
LLC

By:___Todd Giddens_____
Its:____Managing Member_____
Date:___1/13/2025_____