**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No.: 23-90147** |
| | § | **(Jointly Administered)** |
| | § | |
| **MOUNTAIN EXPRESS OIL COMPANY,** | § | **Chapter 7** |
| **et al.**[1] | § | |
| | § | |
| | § | |
| **Debtors.** | § | |

| | | |
|---|---|---|
| **JANET NORTHRUP,** | § | |
| **CHAPTER 7 TRUSTEE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Adversary No.**_____ |
| | § | |
| **MR3 ENTERPRISES INC** | § | |
| **Defendant.** | § | |

**COMPLAINT**

Janet Northrup, Chapter 7 Trustee ("Trustee") of the jointly administered estates of Mountain Express Oil Company, et al., files this Complaint against MR3 Enterprises Inc to set aside preferential transfers under 11 U.S.C. § 547.

**PARTIES AND JURISDICTION**

1.      The Trustee is the duly appointed chapter 7 trustee in these cases.  The Trustee may be served with pleadings and process in this adversary proceeding through her undersigned counsel.

2.      MR3 Enterprises Inc ("Defendant") is a New Jersey corporation and can be served with the summons and this Complaint through its registered agent, Sheena Malhi, 1818 Old Cuthbert Road, Ste 300, Cherryhill, New Jersey 08034.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (b)(2)(O).

---

1 A complete list of each of the Debtors in these Chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Relief is sought pursuant to 11 U.S.C. §§ 547 and 550.

### SUMMARY OF THIS ADVERSARY PROCEEDING

6.  In the 90 days prior to the commencement of this bankruptcy case, Defendant received payments totaling $90,525.40 from Mountain Express Oil Company, one of the Debtors in the above captioned jointly administered bankruptcy cases.  The Trustee seeks to recover the payments as preferential transfers under § 547.

### STATEMENT OF FACTS

7.  On March 18, 2023 (the "Petition Date"), Mountain Express Oil Company and the affiliated debtors (collectively, the "Debtors," and each individually, a "Debtor") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), thereby commencing the Bankruptcy Cases.

8.  On March 20, 2023, the Court signed an Order approving the joint administration of the Debtors' Chapter 11 cases under Case No. 23-90147 [Docket No. 17].

9.  On August 24, 2023, the Court signed an Order which, inter alia, converted the Chapter 11 cases to Chapter 7 cases [Docket No. 1397]. That same day, Janet S. Northrup was appointed the Chapter 7 Trustee ("Trustee") for the Debtors' jointly administered cases [Docket No. 1398].

10.  During the ninety days prior to the Petition Date, Defendant received the following payments from Mountain Express Oil Company totaling $90,525.40 (the "Transfers"):

Complaint
Page 2 of 4

| Payment Date | Amount |
|---|---|
| 1/31/2023 | $28,068.50 |
| 2/2/2023 | $55,744.90 |
| 3/3/2023 | $6,712.00 |
| **Total** | **$90,525.40** |

11.     On December 20, 2024, the Trustee sent a letter to the Defendant demanding the return of the alleged preferential payments.  Defendant has failed to return the Transfers.

**RECOVERY OF PREFERENTIAL TRANSFERS**

12.     The Transfers to Defendant are avoidable as preferential transfers under 11 U.S.C. § 547.  An avoidable preferential transfer is a transfer made (i) within 90 days of the Petition Date; (ii) on account of an antecedent debt; (iii) to or for the benefit of a creditor; (iv) made while the debtor was insolvent; and (v) that enables the creditor to receive more than it would have been paid in a chapter 7 bankruptcy if the transfer had not been made.

13.     The Transfers were an interest in property of the Debtor.  The Transfers occurred within 90 days of the Petition Date for amounts owed to the Defendant.  The Debtor is presumed to be insolvent within the 90 days preceding the case (11 U.S.C. § 547(f)) and was, in fact, insolvent at the time of the payments.  The Transfers allowed the Defendant to receive more than it would in a chapter 7 case than if the Transfers had not been made.

14.     Under § 550(a) of the Bankruptcy Code, the Trustee may recover the Transfers from "the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. §550(a).  Defendant is both the initial transferee and the entity that benefited from the Transfers.  Consequently, the Trustee is entitled to avoid the Transfers and recover the sum of $90,525.40, plus pre- and post-judgment interest from the Defendant.

Complaint
Page 3 of 4

<u>**PRAYER**</u>

Accordingly, the Trustee requests:

- A money judgment against MR3 Enterprises Inc in the amount of $90,525.40;

- Pre- and Post-judgment interest on all damages awarded hereunder; and

- Such other and further relief as is just.

**Dated: March 17, 2025.**

Respectfully submitted,

**McCLOSKEY ROBERSON WOOLLEY, PLLC**

By:    */s/ Carissa N. Brewster*
        Thomas A. Woolley, III
        SBOT: 24042193
        Timothy M. McCloskey
        SBOT: 13417650
        Carissa N. Brewster
        SBOT: 24122933
        190 TC Jester Blvd., Suite 400
        Houston, TX 77007
        713-337-3900
        713-337-3915 (fax)
        tmccloskey@mrwpllc.com
        rwoolley@mrwpllc.com
        cbrewster@mrwpllc.com
**Special Counsel for Janet Northrup,
Chapter 7 Trustee**

Complaint
Page 4 of 4