### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 23-90147** |
| | § | |
| **MOUNTAIN EXPRESS OIL COMPANY,** | § | **JOINTLY ADMINISTERED** |
| ***et al.,***[1] | § | |
| **DEBTORS.** | § | **CHAPTER 7** |

### TRUSTEE'S MOTION (A) TO SET DEADLINE FOR CLAIMS TO SEGREGATED FUNDS, (B) FOR AUTHORITY TO PAY CERTAIN EXCISE TAX CLAIMS FROM SEGREGATED FUNDS, (C) TO WITHDRAW PAID EXCISE TAX CLAIMS AND (D) FOR RELATED RELIEF

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] A complete list of each of the Debtors in these Chapter 7 Cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov. The location of Debtor Mountain Express Oil Company's principal place of business was 3650 Mansell Road, Suite 250, Alpharetta, GA 30022. The Debtors' service address is Neil Lansing, Designated Representative, 2295 Haynes Trail, Johns Creek, GA 30022.

3138238

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Janet S. Northrup, the Chapter 7 trustee (the "**Trustee**" or "**Chapter 7 Trustee**") of the jointly administered bankruptcy estates of Mountain Express Oil Company and its debtor affiliates (the "**Debtors**") in the above-captioned Chapter 7 case (this "**Case**"), and files this *Motion (A) To Set Deadline for Claims to Segregated Funds, (B) To Pay Certain Excise Tax Claims From Segregated Funds , (C) To Withdraw Paid Excise Tax Claims, and (D) for Related Relief* (the "**Motion**").  In support of this Motion, the Trustee respectfully states as follows:

<u>**Summary of Relief Requested**</u>

1.      During the chapter 11 case, the Debtors initially failed to segregate funds for trust fund taxes.  Once this issue was discovered, the Debtors belatedly segregated funds for the payments of Chapter 11 Excise Taxes[1] in a separate bank account at Fifth Third Bank which funds the Trustee now holds in a segregated account with a current balance of approximately $967,592.25 (the "**Excise Tax Funds**").[2]  To further the administration of the Case, and to allow the Trustee to distribute the segregated Excise Tax Funds with finality and certainty, the Trustee seeks to establish a deadline for claims to the segregated funds.

2.      The Trustee seeks authority to pay, from these segregated Excise Tax Funds: (i) the Chapter 11 Excise Taxes, interest, penalties, attorneys' fees, costs, and any claims related thereto arising or related to the time of her appointment[3] as Chapter 11 Trustee (the "**Trustee**

---

[1] "Chapter 11 Excise Taxes" means any taxes and related interest or penalties that are not federal income taxes or state income taxes incurred by the chapter 11 bankruptcy estates post-petition before conversion to chapter 7, including, but not limited to, excise taxes, fuel taxes and sales taxes.

[2] The disbursement of the Excise Tax Funds as contemplated herein will not result in the payment of all post-petition trust fund taxes that accrued prior to the Trustee's appointment.  Upon information and belief, millions of dollars in additional trust fund taxes will remain unpaid for the period prior to the Trustee's appointment.

[3] The Chapter 11 Trustee was appointed on August 17, 2023 [Docket No. 1286] and served as such until the date of conversion to chapter 7 on August 24, 2023 [Docket No. 1397] (such time period being the "**Trustee Appointment Period**").

3138238

**Appointment Period Chapter 11 Excise Taxes**") as indicated on the chart attached hereto as **Exhibit "A"** in full and final satisfaction of any and all Trustee Appointment Period Chapter 11 Excise Taxes; and (ii) other Chapter 11 Excise Taxes, interest, penalties, attorneys' fees, costs, and any clams related thereto arising during or related to the time while the Debtors were operating as debtors-in-possession (the "**DIP Period Chapter 11 Excise Taxes**") pro rata as indicated on Exhibit "A".

3.    The Trustee seeks entry of an order that, upon payment of the Trustee Appointment Period Chapter 11 Excise Taxes from the segregated Excise Tax Funds as indicated on Exhibit "A", any creditor asserting a claim based on a Trustee Appointment Period Chapter 11 Excise Taxe be forever barred, estopped and enjoined from asserting such claim against Janet Northrup, Chapter 11 Trustee or Janet Northrup, Chapter 7 Trustee or Janet Northrup, individually (collectively, "**Northrup**"), the Excise Tax Funds or the Bankruptcy Estates.

4.    Subject to the right of the Trustee or any party-in-interest to object to a claim, any creditor asserting a claim based on a DIP Period Chapter 11 Excise Tax may keep the unpaid balance of any such allowed claim as a chapter 11 administrative claim subject to this Court's Orders and the Bankruptcy Code.  The Trustee seeks entry of an order that, upon payment of the DIP Period Chapter 11 Excise Taxes from the segregated Excise Tax Funds as indicated on Exhibit "A", any creditor asserting a claim based on a DIP Period Chapter 11 Excise Tax be forever barred, estopped and enjoined from asserting such claim against the Excise Tax Funds or Northrup.

5.    The Trustee further seeks that any claims paid pursuant to an order granting this Motion be deemed withdrawn upon payment of the claims.

3138238

**NOTICE TO EXCISE TAX CLAIMANTS – DEADLINE TO ASSERT CLAIMS TO SEGREGATED FUNDS**

6.       Any creditor asserting a claim based on an unpaid or unresolved Chapter 11 Excise Tax not identified on Exhibit "A" (each an "**Unlisted Claim**"), must (i) file an objection to this Motion no later than the objection deadline noted on page 1 (the "**Objection Deadline**") and (ii) file a proof of claim no later than the Objection Deadline.

7.       The Trustee seeks entry of an order providing that any creditor asserting an Unlisted Claim that failed to file a timely objection and proof of claim shall be forever barred, estopped and enjoined from asserting such Unlisted Claim against the Excise Tax Funds or Northrup.

**Jurisdiction and Venue and Core Proceeding**

8.       The Court has jurisdiction over this motion and the relief requested pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

9.       This Motion is a core matter under 28 U.S.C. § 157(b)(2)(A) , (M), and (O), and, therefore, the Bankruptcy Court has constitutional authority to enter a final order regarding the Motion. Moreover, the Trustee consents to the entry of final orders by the Bankruptcy Court. Further, to the extent that the Bankruptcy Court determines that it does not have authority to enter a final order on all or a portion of the Motion, the Trustee respectfully requests that the Bankruptcy Court issue a report and recommendation for a final order to the United States District Court for the Southern District of Texas, Houston Division.

**Procedural History and Background**

10.       <u>The Chapter 11 Cases</u>.  On March 18, 2023 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3138238

11. On March 20, 2023, the Court entered an Order for joint administration of the Debtors' cases [Docket No. 17].

12. From the Petition Date until August 17, 2023, the Debtors continued to manage and operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the appointment of Janet Northrup as Chapter 11 Trustee ("**Chapter 11 Trustee**"). [Docket Nos. 1284 and 1286].

13. On April 25, 2023, this Court entered its *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-2 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expense Status; (III) Granting Adequate Protection; and (IV) Granting Related Relief* (the "**Final DIP Order**"). [Docket No. 332].

14. On July 19, 2023, the Court approved a further extension of post-petition credit pursuant to the *Order Approving Second Amendment to Senior Secured, Super-Priority Debtor In-Possession Credit Agreement*. [Docket No. 1042].

15. On August 5, 2023, the Debtors filed an *Emergency Amended Motion of Debtors for Entry of Interim and Final Orders (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, (C) Modifying the Automatic Stay, and (D) Scheduling a Final Hearing*. [Docket No. 1196].

16. On August 8, 2023, the Court entered the *Interim Order (A) Authorizing the Use of Cash Collateral, (B) Providing Adequate Protection, and (C) Modifying the Automatic Stay*. [Docket Nos. 1223].

3138238

17.     On August 17, 2023, Janet Northrup was appointed as the Debtors' Chapter 11 Trustee [Docket Nos. 1284 and 1286].

18.     The Chapter 7 Case. On August 24, 2023, upon its own motion and the Chapter 11 Trustee's request, the Court converted this Case to Chapter 7 of the Bankruptcy Code (the "**Conversion Date**") and thereafter, Janet S. Northrup was duly appointed as chapter 7 Trustee for the jointly administered estates (the "**Estates**"). [Docket No. 1398].

19.     On August 29, 2023, the Court entered an Order authorizing the Chapter 7 Trustee to temporarily operate the Debtors' businesses on a limited basis retroactively as to the Conversion Date to preserve and protect assets of the Debtors' estates, to preserve and protect the Debtors' records, and to preserve the value of the Debtors' assets and protect the interest of the Debtors' creditors and stakeholders. *See Order Granting Trustee's Emergency Motion for Authority to Operate Pursuant to 11 U.S.C. § 721 as of August 24, 2023* (the "**Operation Order**"). [Docket. No. 1421].

20.     On December 19, 2023, the Court entered its *Order Consolidating the Chapter7 Estate of Mountain Express Oil Company (Case No. 23-90147), et al* at Docket No. 1812, substantively consolidating the Mountain Express Oil Company and affiliated chapter 11 cases effective as of the Petition Date, March 18, 2023. [Docket No. 1812].

21.     Pre-conversion, the Debtors belatedly segregated funds for the payment of Chapter 11 Excise Taxes after failing to do so for several months after the Petition Date. The Trustee holds those segregated funds, the Chapter 11 Excise Tax Funds, in a segregated account and seeks authority to disburse those funds in the manner requested in this Motion.

3138238

**Analysis of Excise Tax Claims**

22.    On October 16, 2023, the Trustee filed her *Application to Employ Whitely Penn LLP as Accountant Pursuant to 11 U.S.C. 327(a) and 328* as her accounting professionals, which was approved by this Court on November 8, 2023.  Docket Nos. 1546 and 1681.  Whitley Penn, LLP ("**Whitley Penn**") investigated the amounts of Chapter 11 Excise Taxes owed including interest and penalties which investigation included conferring with the Debtors' financial consultant, FTI, analyzing proofs of claims filed by taxing authorities, and reviewing and analyzing multiple tax returns filed by the Debtors in multiple jurisdictions.  Based on that investigation, Whitley Penn prepared Exhibit "A" indicating the Chapter 11 Excise Taxes alleged to be due.

**Grounds for Relief Requested**

23.    The Trustee is operating the Debtors' Chapter 7 Estate pursuant to Section 721 of the Bankruptcy Code and the Operation Order and seeks to pay the Chapter 11 Excise Taxes in the manner set out above in furtherance of the administration of the Estate.  Entry of the order requested by the Trustee will benefit the holders of claims based on Chapter 11 Excise Taxes, as the Trustee will be able to make distribution sooner than the closing of the Debtors' Case, and will allow for an orderly process for claims to the Excise Tax Funds.

24.    Further, the Trustee seeks to pay the amounts as requested pursuant to the Court's authority under Section 105.  "Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.'" *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 760 (5th Cir. 1995). The Fifth Circuit interprets Section 105(a) liberally. *Id*. "Bankruptcy courts, as courts

3138238

of equity, may modify or vacate an order when appropriate […] but the equitable power is not unlimited." *In re Strudel Holdings LLC*, 656 B.R. 404, 409 (Bankr. S.D. Tex. 2024). "Section 105(a) can't be used to override another section of the Bankruptcy Code." *Id*. Therefore, Section 105(a) is important because "Congress gave bankruptcy courts the power to issue orders preventing injustice and facilitating necessary relief in a case." *Id*.

25.     In this case, setting the deadline for claims to the Excise Tax Funds and subsequent distribution of those funds further the Bankruptcy Code and the Operation Order by allowing payment of certain Excise trust fund taxes from funds that were segregated by the Debtors for payment of these Excise trust fund taxes.

WHEREFORE, the Trustee prays that the Court grant this Motion and for such other relief to which she may be entitled.

Dated: April 2, 2025.

Respectfully submitted,

*/s/ Heather Heath McIntyre*
Heather Heath McIntyre        TBN 24041076
hmcintyre@hwa.com
Abdiel Lopez-Castro   TBN 24140125
alopezcastro@hwa.com
HUGHESWATTERSASKANASE, LLP
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone:  (713) 590-4200
Facsimile:  (713) 759-6834
**ATTORNEYS FOR JANET S. NORTHRUP,
CHAPTER 7 TRUSTEE**

3138238

**CERTIFICATE OF CONFERENCE**

The undersigned further certifies that she corresponded with John Elrod, attorney for the DIP Agent, beginning on March 24, 2025 and that the DIP Agent does not oppose the relief sought herein.

*/s/ Heather Heath McIntyre*
Heather Heath McIntyre

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 2, 2025, a true and correct copy of the foregoing document has been served on

(i)     parties receiving ECF notice via ECF in the above-referenced case, and

(ii)    parties listed on the attached Master Service List via first-class, U.S. mail, postage prepaid to the extent not served via ECF; and

(iii)   parties listed on the attached Exhibit "B" via first-class, U.S. mail, postage prepaid.

*/s/ Heather Heath McIntyre*
Heather Heath McIntyre

3138238