UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re § | Chapter 7 |
| § | Case No. 23-90147 (EVR) |
| Mountain Express Oil Company, *et al.*, § | |
| § | Jointly Administered |
| Debtors.[1] § | |
| § | |

**SUMMARY COVERSHEET TO THE FIRST INTERIM FEE APPLICATION OF GREENBERG TRAURIG, LLP, AS SPECIAL LITIGATION COUNSEL TO JANET NORTHRUP, SOLELY IN HER CAPACITY AS CHAPTER 7 TRUSTEE OF THE ESTATES OF MOUNTAIN EXPRESS, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF <u>EXPENSES FOR THE BLUE OWL LITIGATION</u>**

| | | |
|---|---|---|
| **Name of Applicant:** | Greenberg Traurig, LLP | |
| **Applicant's professional role in case:** | Special Litigation Counsel to Janet Northrup, solely in her capacity as Chapter 7 Trustee of the Estates of Mountain Express, *et al.* | |
| **Indicate whether this is an interim or final application:** | Interim | |
| **Date Order of Employment Signed:** | 01/03/2024 [Dkt. No. 1832], effective as of 11/11/2023 | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application** | 11/11/2023 | 03/31/2025 |
| **Time period(s) covered by prior Applications:** | N/A | N/A |
| **Total amounts awarded in all prior Applications:** | | N/A |
| **Amount of retainer received in the case:** | | $0 |
| **Total fees requested in this Application and in all prior Applications:** | | $4,200,000.00 |
| **Total fees requested in this Application:** | | $4,200,000.00 |
| **Total professional fees requested in this Application:** | | $4,200,000.00 |
| **Total actual professional hours covered by this Application:** | | N/A[2] |

---

[1] A complete list of each of the Debtors in these chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov.

[2] Pursuant to section 328(a) of the Bankruptcy Code, the Trustee agreed to compensate Greenberg Traurig for professional services rendered in connection with these chapter 7 cases on a contingency fee basis in accordance with this Court's *Order Authorizing Employment of Greenberg Traurig, LLP as Special Litigation Counsel* [Dkt.

1

| | |
|---|---|
| **Average hourly rate for professionals:** | N/A – See FN 2 |
| **Total paraprofessional fees requested in this Application:** | N/A – See FN 2 |
| **Total actual paraprofessional hours covered by this Application:** | N/A – See FN 2 |
| **Average hourly rate for paraprofessionals:** | N/A – See FN 2 |
| **Reimbursable expenses sought in this application:** | $293,732.44 |
| **Application cost (estimated)** | N/A – See FN 2 |
| **Total of other payments paid to Secured Claimants as of April 30, 2025:** | $35,456,991.75 |
| **Total of other payments paid to Administrative Claimants: as of April 30, 2025** | $7,980,964.82 |
| **Estimated Total for distribution to Priority Unsecured Creditors:** | Undetermined[3] |
| **Estimate % dividend to Priority Unsecured Creditors:** | Undetermined – See FN 3 |
| **Estimated Total for distribution to General Unsecured Creditors:** | Undetermined – See FN 3 |
| **Estimate % dividend to General Unsecured Creditors:** | Undetermined – See FN 3 |
| **Receipts to date (in Chapter 7 Cases) as of April 30, 2025:** | $56,126,338.21 |
| **Disbursements to date (in Chapter 7 Cases) as of April 30, 2025:** | $43,763,356.57 |
| **Current balance in the Trustee's accounts as of April 30, 2025:** | $12,362,981.94 |

---

No. 1832]. Therefore, Greenberg Traurig seeks compensation of fees for professional services based on the contingency fee arrangement set forth in paragraph 16 of the Application to Employ Greenberg Traurig, LLP as Special Litigation Counsel [Dkt. No. 1799].

[3] Distributions are unknown at this time. The Trustee is evaluating potential causes of action and her investigation is ongoing. Based on the possible future recoveries, estimations are not available at this time.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § | Chapter 7 |
| | § | Case No. 23-90147 (EVR) |
| **Mountain Express Oil Company,** *et al.*, | § | |
| | § | Jointly Administered |
| Debtors.[1] | § | |
| | § | |

**FIRST INTERIM FEE APPLICATION OF GREENBERG TRAURIG, LLP, AS SPECIAL LITIGATION COUNSEL TO JANET NORTHRUP, SOLELY IN HER CAPACITY AS CHAPTER 7 TRUSTEE OF THE ESTATES OF MOUNTAIN EXPRESS, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE BLUE OWL LITIGATION**

> **This application seeks an order that may adversely affect you. If you oppose the application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the application at the hearing.**
>
> **Represented parties should act through their attorney.**

Greenberg Traurig, LLP ("Greenberg Traurig" or the "Applicant"), as Special Litigation Counsel for the Chapter 7 Trustee, Janet Northrup (the "Trustee"), submits this First Interim Fee Application Statement (the "Application") for allowance of compensation and reimbursement of expenses in connection with Greenberg Traurig's representation of the Trustee in the prosecution of certain claims against Blue Owl Capital Inc., certain of its affiliates, and Jared Sheiker (the "Blue Owl Claims"), and respectfully represents as follows:

---

[1] A complete list of each of the Debtors in these chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 7 cases was 3650 Mansell Road, Suite 250, Alpharetta, GA 33022.

1

**PRELIMINARY STATEMENT**

1. As background, the Trustee retained Greenberg Traurig under section 328 of the Bankruptcy Code on a contingent fee basis to, among other things, assert claims on behalf of the bankruptcy estates in connection with the Blue Owl Claims. Oak Street Real Estate Capital, LLC ("Oak Street")[2] was the Debtors' largest landlord prior to the commencement of these bankruptcy cases. From December 2021 until January 2023, Jared Sheiker ("Sheiker") was both an Oak Street employee and a member of the Debtors' board of directors.

2. Greenberg Traurig has worked consistently and diligently on the Blue Owl Claims since November 2023. Greenberg Traurig assisted the Trustee in conducting a thorough investigation into the transactions among the Debtors, Blue Owl and others. That investigation led to the assertion of claims for damages against Blue Owl. Over an approximately 15-month period, Greenberg Traurig and the Trustee worked diligently to investigate and develop the Trustee's claims against Blue Owl, which work included, without limitation, taking over a dozen Rule 2004 Examinations, subpoenaing many third parties, and obtaining over two million documents and conducting appropriate targeted reviews thereof.

3. During this period, the parties engaged in a multi-week intense meditation before the Honorable Harlin D. Hale (Ret.), which ultimately resulted in a settlement where the Blue Owl and Sheiker agreed to pay the estates $15 million to resolve the claims asserted against them. The Court approved the settlement under Bankruptcy Rule 9019 by order entered March 26, 2025 [Docket No. 2697]. Although Greenberg Traurig continues to represent the Trustee in other litigation matters, Greenberg Traurig files this Application for allowance and payment of its

---

[2] In December 2021, Blue Owl Capital Inc. ("Blue Owl") acquired Oak Street. Throughout this Application, Blue Owl refers to (i) Oak Street Real Estate Capital, LLC prior to the acquisition, and (ii) Oak Street and Blue Owl collectively post-acquisition.

contingent fee and expense reimbursements due in connection with the successful conclusion of the Blue Owl Claims as approved by this Court.

## JURISDICTION

4. Greenberg Traurig submits this Application pursuant to sections 328 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 2016-1 of the Bankruptcy Local Rules (the "Local Rules").

5. The Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408.

## RELIEF REQUESTED

6. Greenberg Traurig requests that the Court enter an order allowing Greenberg Traurig's fee in the amount of $4,200,000.00. Greenberg Traurig has incurred actual and necessary expenses in the amount of $293,732.44 related to all matters it currently pursues on the Trustee's behalf in this case. These expenses have been paid in full according to the Interim Compensation Order (defined below). Calculations of these fees and expenses are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively.

## RELEVANT BACKGROUND

7. On March 18, 2023 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed jointly administered chapter 11 cases (prior to conversion, the "Chapter 11 Cases", and after the conversion, the "Chapter 7 Cases").

8. After months of the Debtors attempting to sell their assets, on August 16, 2023, First Horizon Bank, as Administrative Agent for the DIP Loans filed the *DIP Agent's Emergency*

3

*Motion to Appoint Chapter 11 Trustee, or in the Alternative, Convert These Chapter 11 Cases to Cases Under Chapter 7* [Dkt. No. 1280].

9. On August 17, 2023, following the Court's *Order Directing the Appointment of a Chapter 11 Trustee* [Dkt. No. 1284], the U.S. Trustee filed a *Notice of Appointment of Chapter 11 Trustee* [Dkt. No. 1286], and appointed Janet Northrup to serve as Chapter 11 Trustee in these cases.

10. On August 24, 2023 (the "Conversion Date"), after a status conference requested by the Chapter 11 Trustee, the Court entered the *Order (I) Converting Chapter 11 Cases, (II) Rejecting Leases, (III) Terminating Certain Agreements, and (IV) Granting Related Relief* [Dkt. No. 1397] (the "Conversion Order"). Thereafter, the U.S. Trustee appointed Janet Northrup as the Chapter 7 Trustee in these cases [*see* Dkt. No. 1398].

11. On October 30, 2023, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Trustee* [Dkt. No. 1607] (the "Interim Compensation Order").

12. On December 11, 2023, the Trustee filed her *Application to Employ Greenberg Traurig, LLP as Special Litigation Counsel* [Dkt. No. 1799] (the "Retention Application") effective as of November 11, 2023, which the Court approved on January 3, 2024 [*see* Dkt. No. 1832] (the "Retention Order").

13. Pursuant to the Retention Order, Greenberg Traurig represents the Trustee on a contingency fee basis calculated on the value obtained for the estates, including money recovered in connection with litigation and mediation (as defined below) led by Greenberg Traurig. The contingency fee arrangement as approved by the Court is:

4

- 25% of any recovery before 6 months after demand is made (the "6-Month Mark");

- 28% from the 6-Month Mark to the close of discovery in any associated litigation;

- 30% after the close of discovery until the entry of a pre-trial order; and

- 33% after the entry of the pretrial order through the conclusion of the trial court litigation.

14. Greenberg Traurig acts as Special Litigation Counsel to the Trustee throughout her investigation of the reasons for the Debtors' demise, including assisting her in investigating, identifying and analyzing claims and avoidance actions against current and former insiders of the Debtors and other individuals or entities that may be liable to the estates. In that regard, at the Trustee's request, Greenberg Traurig conducted a thorough investigation and analysis of actionable claims and causes of action against Blue Owl and Sheiker. This Application covers only contingent fees that Greenberg Traurig has earned and incurred in connection with Blue Owl Claims, from November 11, 2023 through March 31, 2025. Greenberg Traurig reserves and preserves the right to seek additional compensation under its Court-appointed contingency fee arrangement as other litigation matters are resolved on behalf of the estates.

A. **Blue Owl Claims Background**

15. As background, in June 2021 the Debtors executed a "Program Agreement" with Blue Owl.[3] Pursuant to this Program Agreement, Blue Owl agreed to finance up to one billion dollars in sale-leaseback transactions for the Debtors. Thereafter, the Debtors and Blue Owl participated in over fifty (50) sale-leaseback transactions involving over 250 properties with an aggregate value exceeding $800 million dollars. These sale-leaseback transactions have been the subject of the Trustee's investigation into, *inter alia*, (i) the Debtors' acts and conduct leading up

---

[3] As stated above, Blue Owl Capital, Inc. acquired Oak Street in December 2021. For ease of reference, this Application refers to both entities often as "Blue Owl."

the bankruptcy; (ii) any causes of action for wrongdoing associated with the Debtors' collapse; and (iii) potential sources of recovery for the benefit of the Debtors and their creditors.

16. That investigation uncovered several claims against Blue Owl and Sheiker, including, but not limited to, claims for breach of fiduciary duties, aiding and abetting breach of fiduciary duties, breach of duties of good faith and fair dealing, self-dealing, conversion, and improper transfers and conveyances. To resolve the claims asserted by the Trustee, the Blue Owl, Sheiker and the Trustee (together, the "Parties") agreed to mediate before the Honorable Harlin Dewayne Hale (Ret.). That mediation was held on December 17, 2024 (the "Mediation") and continued for many weeks, including over the December holidays, following the formal in-person mediation conference. These negotiations were intense and the Trustee's claims were hotly contested by Blue Owl, as were Blue Owl's defenses to the Trustee's claims. Moreover, the transactions surrounding the subject of the Mediation were complex and factually complicated. Judge Hale played an instrumental role in mediating the complex disputes between the Parties.

**B.     Recovery for the Estates**

17. After weeks of mediation, the Parties eventually reached a settlement (the "Settlement Agreement") as set forth in the *Chapter 7 Trustee's Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 for an Order Approving Compromise of Claims against Blue Owl Capital Inc. and Jared Sheiker* [Dkt. No. 2610] (the "Settlement Motion"), filed on January 30, 2025.

18. On March 26, 2025, following an evidentiary hearing, the Court granted the Settlement Motion [*see* Dkt. No. 2697] and approved the Settlement Agreement, which consists of, among other terms, a settlement payment of $15,000,000.00 to the Trustee in exchange for certain releases as set forth in the Settlement Agreement.

19. In accordance with section 328(a) of the Bankruptcy Code, the Retention Order, and the contingency fee arrangement approved therein, Greenberg Traurig seeks compensation for professional services rendered in connection with the successful conclusion of the Blue Owl Claims in the total amount of $4,200,000.00, which represents 28% of the $15 million recovery that the Trustee received in the Settlement Agreement.

20. This is Greenberg Traurig's first interim fee application in these Chapter 7 Cases. During the Application Period Greenberg Traurig has filed five (5) monthly expense statements related only to expenses incurred, which are attached hereto as **Exhibit 3**, and are summarized below:

| Dkt. No. | Date Filed | Invoice No. | Period | Expenses Incurred | Fees Incurred[4] | Total Expenses Paid | Amount Outstanding |
|---|---|---|---|---|---|---|---|
| 2565 | 10/31/2024 | 1000820387 | 01/03/2024 – 09/30/2024 | $146,771.08 | N/A | $146,771.08 | $0 |
| 2603 | 01/10/2025 | 1000894097 | 10/01/2024 – 12/31/2024 | $37,989.78 | N/A | $37,989.78 | $0 |
| 2638 | 02/26/2025 | 1000923306 | 01/01/2025 – 01/31/2025 | $42,851.58 | N/A | $42,851.58 | $0 |
| 2720 | 04/02/2025 | 1000945729 | 02/01/2025 – 02/28/2025 | $43,628.39 | N/A | $43,628.39 | $0 |
| 2731 | 04/09/2025 | 1000975343 | 03/01/2025 – 03/31/2025 | $22,491.61 | N/A | $22,491.61 | $0 |
| **Total** | | | | **$293,732.44** | **N/A** | **$293,732.44** | **$0** |

---

[4] Pursuant to section 328(a) of the Bankruptcy Code, the Trustee agreed to compensate Greenberg Traurig for professional services rendered in connection with these chapter 7 cases on a contingency fee basis in accordance with the Order Authorizing Employment of Greenberg Traurig, LLP as Special Litigation Counsel [Dkt. No. 1832]. Therefore, as agreed to by the Trustee, Greenberg Traurig did not seek compensation of fees for professional services in the monthly expense statements filed with the Court, as there were no funds available to pay such fees.

21. All amounts requested for fees and expenses reflect actual and necessary services rendered on behalf of the Trustee and reimbursement for actual and necessary expenses. Greenberg Traurig reserves and preserves the right to request additional compensation for services rendered, under the contingency fee arrangement as other litigation matters are resolved.

22. No agreement or understanding exists between Greenberg Traurig and any other entity for sharing of any compensation or reimbursement in these cases.

**NATURE AND EXTENT OF SERVICES PROVIDED BY GREENBERG TRAURIG**

23. Greenberg Traurig has served as Special Litigation Counsel to the Trustee since November 11, 2023, and, in that capacity, has rendered legal services for the benefit of the Trustee and the Debtors' estates. A significant portion of Greenberg Traurig's time during the Application Period was devoted to the rigorous and efficient administration of hotly contested matters involving Blue Owl and Sheiker as part of the Trustee's broader efforts in these Chapter 7 Cases. Greenberg Traurig worked tirelessly to manage a demanding caseload while ensuring adherence to legal, procedural, and strategic requirements essential to advancing the estates' interests.

24. The claims asserted by the Trustee against Blue Owl and Sheiker were complex, factually intensive, and involved significant equitable and legal considerations. These claims required careful navigation of both Georgia state law, federal and bankruptcy law, and included allegations of breach of fiduciary duty, aiding and abetting breach of fiduciary duty, civil conspiracy, fraudulent transfers and avoidance of preferential transfers under Georgia state law and the Bankruptcy Code. Successfully prosecuting these causes of action demanded a thorough understanding of overlapping legal frameworks, as well as a strategic, evidence-driven litigation approach by Greenberg Traurig.

25. Specifically, Greenberg Traurig provided a wide array of critical litigation services during the Application Period, including:

    (a)    establishing and managing key litigation deadlines;

    (b)    performing in-depth legal research regarding state law and relevant provisions of the Bankruptcy Code to support the formulation and prosecution of claims;

    (c)    preparing and successfully litigating the Trustee's motion to compel the 2004 examinations of Blue Owl and Sheiker;

    (d)    undertaking extensive discovery efforts, including drafting discovery requests, reviewing voluminous records, and analyzing documentation to support the Trustee's claims;

    (e)    conducting multiple Bankruptcy Rule 2004 examinations to investigate and uncover critical facts related to the Debtors' financial affairs and relationships with Blue Owl, its affiliates, and Sheiker, as well as other former insiders and affiliated parties;

    (f)    drafting a voluminous, factually intensive complaint with precision and timeliness;

    (g)    handling a weeks-long mediation process with Judge Hale, with associated mediation statements and hard-fought negotiations that ultimately led to the successful settlement of the underlying disputes;

    (h)    preparing, reviewing, filing, and prosecuting a settlement motion under Bankruptcy Rule 9019 seeking and obtaining this Court's approval of the settlement with Blue Owl and Sheiker;

    (i)    advising the Trustee on litigation and settlement strategy and legal risk assessment; and

    (j)    providing all other legal services necessary to support the Trustee in her aggressive pursuit of the claims against Blue Owl and Sheiker in order to recover assets and ultimately recover $15 million in connection with the Blue Owl Claims.

26. On March 26, 2025, the Court approved the Settlement Agreement [*see* Dkt. No. 2697], securing a substantial $15 million recovery for the benefit of the estates—an outcome that underscores the effectiveness of Greenberg Traurig's strategy and relentless efforts since November 2023.

27. The resulting Settlement Agreement was not merely the product of compromise, but the culmination of an intensely contested discovery, negotiation, and Mediation process. The underlying claims against Blue Owl and Sheiker involved a complex factual background, layered legal theories, and nuanced equitable considerations, making the Mediation exceptionally challenging and adversarial.

9

28.     Greenberg Traurig's efforts were integral to advancing the resolution of the claims and disputes raised in connection with the Blue Owl Claims, protecting the Trustee's interests, and ultimately securing a significant recovery for the benefit of the estates and their creditors.

29.     In connection with the Blue Owl Claims and issues relating thereto, Greenberg Traurig professionals and paraprofessionals expended more than 2,000 hours of time to provide such services.

## BASIS FOR RELIEF

30.     Section 328(a) of the Bankruptcy Code provides:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on **a contingent fee basis**. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a) (emphasis added).  Put differently, if prior approval is given to a certain compensation, section 328 of the Bankruptcy Code controls and the court starts with that approved compensation, modifying it only for developments unforeseen when originally approved. *See In the Matter of National Gypsum Co. v. Donaldson Lufkin & Jenrette Securities Corp.*, 123 F.3d 861, 862 (5th Cir. 1997); *see also In re Tex. Sec., Inc.*, 218 F.3d 443, 445–46 (5th Cir. 2000) ("[o]nce the bankruptcy court has approved a rate or means of payment, such as a contingent fee, the court cannot on the submission of the final fee application instead approve a 'reasonable' fee under § 330(a), unless the bankruptcy court finds that the original arrangement was improvident due to unanticipated circumstances as required by § 328(a).").

10

31. Pursuant to section 328(a) of the Bankruptcy Code and in accordance with the Retention Order, the Trustee agreed to compensate Greenberg Traurig for professional services rendered in connection with these Chapter 7 Cases on a contingent fee basis based on a percentage of the recoveries for the estate in litigation conducted by Greenberg Traurig, as special litigation counsel.  Here, the Blue Owl Claims resulted in the estate recovering $15 million.  Due to the length of time involved in procuring this recovery, Greenberg Traurig's agreed fee is 28% of the amount recovered and thus Greenberg Traurig now seeks compensation of fees in the total amount of $4,200,000.00 for its services in connection with the Blue Owl Claims.

32. As set forth below, Greenberg Traurig's fees and expenses, as requested in this Application, are likewise reasonable based on the *Johnson*[5] factors and the factors set forth in 11 U.S.C. § 330.

33. **Time and Labor Required**.  During the Application Period, Greenberg Traurig spent over 2,000 hours on this engagement on behalf of the Trustee since November 2023.  The number of hours spent during the Application Period is reasonable given the complexity and hard-fought nature of the Blue Owl Claims. Greenberg Traurig's significant investment of time and effort were necessary to an adequate and effective representation of the Trustee's interests in connection with the Blue Owl Claims.

34. **Novelty and Difficulty of Work**. As set forth above, the Blue Owl Claims involved extensive investigation and discovery. The investigation included information obtained through over a dozen Rule 2004 examinations and numerous third party document subpoenas. Further, the Blue Owl Claims involve detailed analyses into complex factual issues and applicable state and

---

[5] *See, e.g.*, 11 U.S.C. § 330(a); *In re Pilgram's Pride Corp.*, 690 F.3d 650, 654-56 (5th Cir. 2012) (citing *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298-99 (5th Cir. 1977); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

11

federal laws. During the Application Period, Greenberg Traurig not only investigated and analyzed these facts and claims, but prosecuted the Trustee's causes of action through to a successful conclusion following weeks of mediation supervised by Judge Hale. Given the above issues, the amount of fees charged by Greenberg Traurig has been commensurate with the novelty and difficulty of the work.

35. **Experience, Reputation, and Ability of Attorneys**. Greenberg Traurig is one of the nation's largest and most respected law firms. Greenberg Traurig's professionals possessed the ability, experience, and expertise to perform the tasks outlined in this Application. The attorneys who have provided services in this case have worked on matters similar in size and complexity to the Blue Owl Claims and have previously represented parties with similar interests to those of the Trustee in litigation of this kind. The attorneys who provided the bulk of the services in this case for the Application Period reflected herein possess specialized skills in litigation to merit the award of the requested fees.

36. **Skill Required**. Representation of the Trustee in this case has required a specialized degree of skill and experience in light of the various issues at play in connection with the Blue Owl Claims, as noted above. Counsel believes it has demonstrated the skills required to achieve favorable results on behalf of the Trustee and the estates in connection with the Blue Owl Claims. Greenberg Traurig's attorneys communicate regularly with the Trustee and maintain a working knowledge of the myriad legal principles and rules applicable to the Blue Owl Claims. Greenberg Traurig has the ability to research relevant case authorities as needed to resolve legal issues, and has prosecuted numerous bankruptcy litigation matters toward a favorable disposition.

37. **Preclusion of Other Employment**. Because of the time commitment involved in the Blue Owl Claims, Greenberg Traurig's ability to take on other substantial engagements has

been limited to some degree, but not beyond the usual impact of managing concurrent and ongoing complicated matters by allocating time and resources based on scheduled priorities.

38. **Customary Fees**.  Greenberg Traurig's professional services on behalf of the Trustee were necessary and have directly contributed to the effective administration of the Chapter 7 Cases.  The contingent fees charged for its professionals in these cases are reasonable and consistent with the rates charged on similar contingent fee matters in the geographic areas where these professionals are located, without considering the size, degree of responsibility, difficulty, complexity, and results achieved.  The Trustee agreed to the contingent fee rate structure for the Blue Owl Claims in advance of Greenberg Traurig's commencement of work on the matter and there were no funds in the estate to compensate Greenberg Traurig to pursue these claims when it was hired as special litigation counsel.

39. **Whether the Fees are Fixed or Contingent**. The fees requested in this Application have been calculated based on the contingent-fee rates approved by the Court in the Retention Order.

40. **Time Limitations and Other Factors**.  Greenberg Traurig accepted this engagement on a contingent-fee basis.  Greenberg Traurig professionals have worked as expeditiously as possible on this matter, but given the complexity of the issues presented, Greenberg Traurig has worked for over a year on this matter to date.  Throughout the engagement, Greenberg Traurig's professionals have performed the required services and have fulfilled many deadlines related to the Blue Owl Claims.

41. **The Undesirability of the Case**. The Blue Owl Claims are not undesirable. However, there were no funds available to pay counsel when Greenberg Traurig was hired, and

13

Greenberg Traurig effectively financed its work on the Blue Owl Claims from November 2023 through the present date.

42. **The Nature and Length of the Professional Relationship with Client**. Although individual attorneys at Greenberg Traurig know the Trustee, no prior attorney-client relationship existed between Greenberg Traurig and the Trustee prior to the Trustee's engagement of Greenberg Traurig in these cases.

43. **Results Obtained**. As a result of Greenberg Traurig's work on the Blue Owl Claims, the estates have received a payment of $15 million. This provides liquidity to the estates and will enable the Trustee to make future distributions to creditors.

44. **Awards in Similar Cases**. As more fully described above, Greenberg Traurig submits that its services to the Trustee fully warrant the fees requested herein under the relevant factors identified by statutory and case law. The terms of the Retention Agreement between the Trustee and Greenberg Traurig reflect standard and customary business practices for the provision of legal services in complex bankruptcy and commercial litigation matters where a contingent fee arrangement applies. Specifically, the Court approved the following contingency fee arrangement:

- 25% of any recovery before the 6-Month Mark;
- 28% from the 6-Month Mark to the close of discovery in any associated litigation;
- 30% after the close of discovery until the entry of a pre-trial order; and
- 33% after the entry of the pretrial order through the conclusion of the trial court litigation.

*See* Dkt. No. 1832.

45. The agreement was negotiated at arm's length and on market terms, consistent with those typically offered by comparably skilled law firms in similar engagements. It provides for a fee structure based on the value obtained by Greenberg Traurig for the estates and reimbursement

policies that are reasonable and comparable to those charged by other national firms for similar services, ensuring that the estates receive high-caliber representation under fair and competitive conditions.

46. Notably, allowing a contingency fee of this type on the recovery of highly disputed claims belonging to the estates is an ordinary request that falls under the purview of ordinary business terms in the marketplace in the Southern District of Texas. *See, e.g.*, *In re MMA Law Firm, PLLC*, 661 B.R. 548, 563 (Bankr. S.D. Tex. 2024) (allowing 40% contingency fee on the recovery of contingent, unliquidated, and highly disputed claims). Accordingly, this factor supports the Court's order dated January 3, 2024, that the terms outlined in Greenberg Traurig's Retention Application filed in November 2023 are consistent with standard market practices.

*[page intentionally left blank]*

**WHEREFORE**, Greenberg Traurig respectfully requests payment of its contingent fee for the Blue Owl Litigation in the amount of $4,200,000.00, and for such other relief to which Greenberg Traurig has demonstrated just entitlement.

Dated: May 7, 2025
      Houston, Texas

**GREENBERG TRAURIG, LLP**

*/s/ Shari L. Heyen*
Shari L. Heyen Texas Bar No. 09564750
Shari.Heyen@gtlaw.com
1000 Louisiana St., Suite 6700
Houston, Texas 77002
Telephone: (713) 374-3535
Facsimile: (713) 374-3505

– and –

John D. Elrod (admitted *pro hac vice*)
ElrodJ@gtlaw.com
Terminus 200, Suite 2500
3333 Piedmont Road, NE
Atlanta, Georgia 30305
Telephone: (678) 553-2259
Facsimile: (678) 553-2269

**SPECIAL LITIGATION COUNSEL TO JANET NORTHRUP, SOLELY IN HER CAPACITY AS CHAPTER 7 TRUSTEE OF THE ESTATES OF MOUNTAIN EXPRESS, *ET AL.***

## **CERTIFICATE OF SERVICE**

On May 7, 2025, I hereby certify that a true and correct copy of the foregoing has been served on parties entitled to receive CM/ECF notice via the Court's CM/ECF system in the above referenced case.

This will further certify that a true and correct copy of the foregoing document was sent by first class mail to: (i) Neil Lansing, the person responsible for performing all acts of the Debtors under the Bankruptcy Code; and (ii) the 20 largest unsecured creditors scheduled by the Debtors, in compliance with the Court's *Order Granting Trustee's Motion to Limit Notice* [Dkt. No. 1729] (the "Notice Order").

All other parties entitled to receive notice pursuant to the Notice Order received such notice by electronic transmission to all registered ECF users appearing in the case.

*/s/ Shari L. Heyen*
Shari L. Heyen