IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | Case No.: 23-90147 |
| | § | (Jointly Administered) |
| | § | |
| **MOUNTAIN EXPRESS OIL COMPANY,** | § | Chapter 7 |
| et al.[1] | § | |
| | § | |
| | § | |
| **Debtors.** | § | |

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY UNDER BANKRUPTCY
RULE 9019 WITH PDI TECHNOLOGIES, INC.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE EDUARDO RODRIGUEZ, UNITED STATES BANKRUPTCY JUDGE:**

Janet Northrup, Chapter 7 Trustee of the jointly administered estates of Mountain Express Oil Company, et al. (the "Trustee"), files this motion to compromise controversy with PDI Technologies, Inc. ("PDI") under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

---

[1] A complete list of each of the Debtors in these Chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov.

**Summary of Relief Requested**

1. The Trustee seeks approval of a settlement reached with PDI related to potential preference claims against PDI. Under the proposed settlement, PDI will pay the Trustee the sum of $10,000.00 and withdraw its proofs of claim, and the Trustee shall release PDI from liability under Chapter 5 of the Bankruptcy Code. A complete description of the settlement is set forth below.

**Background**

2. On March 18, 2023, Mountain Express Oil Company and the affiliated debtors (the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), thereby commencing the Bankruptcy Cases.

3. On March 20, 2023, the Court signed an Order approving the joint administration of the Debtors' Chapter 11 cases under Case No. 23-90147 [Docket No. 17].

4. On August 24, 2023, the Court signed an Order which, inter alia, converted the Chapter 11 cases to Chapter 7 cases [Docket No. 1397]. That same day, Janet S. Northrup was appointed the Chapter 7 Trustee ("Trustee") for the Debtors' jointly administered cases [Docket No. 1398].

5. On March 11, 2024, the Bankruptcy Court entered an order providing that PDI has an allowed Chapter 11 administrative expense claim in the amount of $93,906.90 (the "PDI Administrative Claim") and an allowed unsecured claim in the amount of $14,858.38 (the "PDI Unsecured Claim") [Docket No. 2046].

6. During the course of her investigation of the bankruptcy cases, the Trustee identified payments received by PDI within 90 days of the Petition Date.

7. On December 20, 2024, the Trustee sent a demand letter to PDI asserting that PDI had received certain payments from the Debtors that were avoidable under 11 U.S.C. § 547 of the Bankruptcy Code.

8. After the Trustee sent her preference demand, PDI provided the Trustee with information supporting its defenses that, among other things, the alleged preferential payments were protected by ordinary course and new value defenses. This information precipitated a discussion of PDI's true exposure in the case. After negotiation, the Trustee and PDI reached an agreement to resolve the claims. Attached as **Exhibit A** is a copy of the Settlement Agreement between the Trustee and PDI.

## Proposed Settlement and Compromise

9. Subject to Bankruptcy Court approval, PDI and the Trustee have agreed to the following:

- PDI will pay the sum of $10,000.00 to the Trustee within thirty (30) days of entry of an Order approving this agreement (the "9019 Order");
- The Trustee will release PDI from all claims under Chapter 5 of the Bankruptcy Code;
- The PDI Administrative Claim and the PDI Unsecured Claim are withdrawn with prejudice; and
- PDI will waive any rights it has under 11 U.S.C. §502(h) in connection with the avoidance actions.

## Merits of Compromise

10. The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). *TMT Trailer* requires that a compromise must be "fair and equitable." *TMT Trailer*, 390

U.S. at 424; *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir.), *cert. denied*, 469 U.S. 880 (1984). The terms "fair and equitable" mean that (i) senior interests are entitled to full priority over junior interests; and (ii) the settlement is reasonable in relation to the likely rewards of litigation. *In re Cajun Electric Power Coop.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

11.  In determining whether a proposed compromise is fair and equitable, a Court should consider the following factors:

(i) the probabilities of ultimate success should the claim be litigated;

(ii) the complexity, expense, and likely duration of litigating the claim;

(iii) the difficulties of collecting a judgment rendered from such litigation; and,

(iv) all other factors relevant to a full and fair assessment of the wisdom of the compromise.

*TMT Trailer*, 390 U.S. at 424.  The Trustee believes that the proposed settlement satisfies the requirements established by the Supreme Court in *TMT Trailer*.

### Analysis of Proposed Compromise

12.  <u>Probabilities of Ultimate Success</u>.  During their discussions, PDI and the Trustee analyzed the strengths and weaknesses of the preference demand and related defenses.  The Trustee believes that she would prevail on a portion of the preference claims against PDI. PDI has raised defenses to the preference demand and believes that it has a complete defense under 11 U.S.C. §§ 547(c)(2) and (c)(4) that, if successful, would eliminate exposure. Specifically, PDI received payments totaling $243,384.14 in the 90-day preference period. PDI asserts that the payments are unavoidable as preferential transfers because they were made within the ordinary course of business between the parties. PDI additionally asserts that it provided new value after the payment dates but before the Petition Date for which it did not receive an otherwise unavoidable payment.

The Trustee acknowledges the defenses but contends that payments totaling approximately $14,000.00 are avoidable under 11 U.S.C. § 547.

13. Both parties acknowledge that a certain degree of uncertainty always exists with respect to litigation. The Trustee believes that the proposed settlement and compromise fairly recognizes her anticipated recovery on the preference claims without litigation. The parties have attempted to achieve a resolution that minimizes the potential damage and risk to all parties, including the estate's unsecured creditors.

14. After considering the defenses available to PDI, the Trustee believes that the proposed compromise is in the best interest of the Estate. The compromise provides for a payment by PDI of $10,000.00, which is approximately 70% of the amount the Trustee believes is subject to avoidance. Moreover, PDI has agreed to withdraw its allowed proofs of claim, including its allowed administrative claim, and waive any rights it has under 502(h) relative to the avoidance actions. Given the inherent risk in litigation, Trustee believes this is a reasonable compromise. For these reasons, the Trustee believes this factor weighs in favor of the proposed compromise.

15. <u>Complexity, Expense and Likely Duration</u>. The Trustee estimates that a trial would last 1 or 2 days and could require expert opinion. Briefing, discovery and preparation for trial would require several days of attorneys' time. Counsel for the Trustee has been retained in this case on a contingency fee basis, but additional expenses (such as expert witness fees) could be incurred by the estate. Additionally, it would likely take six months to a year to litigate the claim, and the proposed settlement brings money into the estate now. The Trustee believes this factor also supports the proposed compromise.

16. <u>Difficulties of Collection</u>.  If a judgment were rendered in an amount sought by the Trustee, the Trustee believes she would be able to recover from PDI. This factor is neutral with respect to the proposed compromise.

17. <u>Other Factors</u>.  The Trustee believes that the proposed compromise is equitable and in the best interest of the estate.  The parties avoid the time and expense of litigation, the estate receives cash for distribution to creditors, and claims are withdrawn.

Accordingly, the Trustee requests that this Court approve the proposed settlement and compromise set forth above and grant such other relief as is just.

**Dated: June 6, 2025.**

Respectfully submitted,

**McCLOSKEY ROBERSON WOOLLEY, PLLC**

By: */s/ Carissa N. Brewster*
   Thomas A. Woolley, III
   SBOT: 24042193
   Timothy M. McCloskey
   SBOT: 13417650
   Carissa N. Brewster
   SBOT: 24122933
   190 TC Jester Blvd., Suite 400
   Houston, TX 77007
   713-337-3900
   713-337-3915 (fax)
   rwoolley@mrwpllc.com
   tmccloskey@mrwpllc.com
   cbrewster@mrwpllc.com
*Special Litigation Counsel for Janet Northrup, Chapter 7 Trustee*

**<u>Certificate of Service</u>**

      I hereby certify that a true and correct copy of the foregoing was served via ECF on parties receiving ECF service in the above-referenced case and via First Class Mail to the parties on the attached Service List on June 6, 2025. Additionally, a copy was served via e-mail on the following:

Katy Preston
Winston & Strawn LLP
kpreston@winston.com
*Counsel for PDI Technologies, Inc.*

                                             */s/ Carissa N. Brewster*
                                             Carissa N. Brewster

**MASTER SERVICE LIST**
Mountain Express Oil Company
Case No. 23-90147

All service made by US first class mail, postage prepaid unless otherwise indicated

**Debtor**
Mountain Express Oil Company
Turjo Wadud
c/o Johnnie J. Patterson, II
Walker & Patterson, PC
4815 Dacoma Street
Houston, TX  77092
Via First Class U.S. Mail, postage prepaid

**Debtor's Representative**
Neil Lansing, Designated Representative
2295 Haynes Trail
Johns Creek, GA  30022
Via First Class U.S. Mail, postage prepaid

**Chapter 7 Trustee**
Janet S. Northrup
Chapter 7 Trustee
1201 Louisiana Street
28th Floor
Houston, TX  77002
Via ECF jsnorthrup@hwa.com

**Office of the U.S. Trustee**
Hector Duran Jr.
Office of the United States Trustee
for the Southern District of Texas
515 Rusk Street, Suite 3516
Houston, TX  77002
Via ECF Hector.Duran.Jr.@usdoj.gov

**U.S. Attorney's Office**
United States Attorney's Office
for the Southern District of Texas
Wells Fargo Plaza
1000 Louisiana Street, Suite 2300
Houston, TX  77002

**DIP Agent**
Shari Heyen
John Elrod
Greenberg Traurig, LLP
Via ECF Shari.Heyen@gtlaw.com
Via ECF ElrodJ@gtlaw.com

**20 Largest Creditors**
Sunoco
3801 West Chester Pike
Newton Square, PA  19073
Via First Class U.S. Mail, postage prepaid

Valero
One Valero Way
San Antonio, TX  78249
Via First Class U.S. Mail, postage prepaid

COCA-COLA Bottling CO
PO Box 105637
Atlanta, GA  30348-5637
Via First Class U.S. Mail, postage prepaid

Marathon
539 S. Main Street
Findlay, OH  45840
Via First Class U.S. Mail, postage prepaid

Cross Oil Refining & Marketing
484 East 6th Street
Smackover, AR  71762
Via First Class U.S. Mail, postage prepaid

KeyBank Real Estate Capital
PO Box 145404
Cincinnati, OH  45250
Via First Class U.S. Mail, postage prepaid

3104782

Exxon Mobil
PO Box 74007276
Chicago, IL  60674-7276
Via First Class U.S. Mail, postage prepaid

VM Petro Inc.
2188 Kirby Lane
Syosset, NY  11791
Via First Class U.S. Mail, postage prepaid

Pepsi Beverages
75 Remittance Drive, Suite 1884
Chicago, IL  60675
Via First Class U.S. Mail, postage prepaid

Flying J-Saratoga-Pilot
5508 Lonas Drive
Knoxville, TN  37909
Via First Class U.S. Mail, postage prepaid

Shell
910 Louisiana Street
Houston, TX  77002
Via First Class U.S. Mail, postage prepaid

Sinclair Distributor Services
PO Box 30825
Salt Lake City, UT  84130
Via First Class U.S. Mail, postage prepaid

Federated Insurance
PO Box 486
Owatonna, MN  55060
Via First Class U.S. Mail, postage prepaid

JF Acquisition LLC
PO Box 531829
Atlanta, GA  30353-1829
Via First Class U.S. Mail, postage prepaid

DAS Distributors TC
724 Lawn Road
Palmyra, PA  17078
Via First Class U.S. Mail, postage prepaid

Imperial Trading Company
701 Edwards Avenue
Elmwood, LA  70123
Via First Class U.S. Mail, postage prepaid

ARG 1 CBHGNJ001, LLC et al.
PO Box 71532
Cincinnati, OH  45271-5352
Via First Class U.S. Mail, postage prepaid

Entergy
PO Box 8108
Baton Rogue, LA  70891
Via First Class U.S. Mail, postage prepaid

Anthem Blue Cross Blue Shield
PO Box 645438
Cincinnati, OH  45264-5438
Via First Class U.S. Mail, postage prepaid

Southern Eagle Sales & Service LP
5300 Blair Drive
Metairie, LA  70003
Via First Class U.S. Mail, postage prepaid

Any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service via ECF.

3104782