# Exhibit A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made by and between Janet Northrup, the Chapter 7 Trustee (the "Trustee") of the jointly administered estates of Mountain Express Oil Company, et al. (the "Estates") in Case No. 23-90147, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Cases"), on behalf of the Estates, on the one hand, and PDI Technologies, Inc. ("PDI"), on the other hand. Hereinafter, the Trustee and PDI are collectively referred to as the "Parties".

WHEREAS, on March 18, 2023, Mountain Express and the affiliated debtors[1] (the "Debtors") each filed their voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), thereby commencing the Bankruptcy Cases;

WHEREAS, on March 20, 2023, the Court signed an Order approving the joint administration of the Debtors' Chapter 11 cases under Case No. 23-90147 [Docket No. 17];

WHEREAS, on August 24, 2023, the Court entered an Order which, inter alia, converted the Chapter 11 cases to Chapter 7 cases [Docket No. 1397];

WHEREAS, also on August 24, 2023, Janet Northrup was appointed the Chapter 7 Trustee for the Estates [Docket No. 1398];

WHEREAS, on March 11, 2024, the Bankruptcy Court entered an order providing that PDI has an allowed Chapter 11 administrative expense claim in the amount of $93,906.90 (the "PDI Administrative Claim") and an allowed unsecured claim in the amount of $14,858.38 (the "PDI Unsecured Claim") [Docket No. 2046];

WHEREAS, the Trustee has alleged that PDI received certain payments from the Debtors that were avoidable under 11 U.S.C. § 547 of the Bankruptcy Code;

WHEREAS, in response to the Trustee's allegations, PDI raised certain defenses to the avoidance of the transfers;

WHEREAS, following good faith negotiations to resolve the disputed issues involving the transfers, the Trustee and PDI desire to settle and compromise all related claims on the terms set forth herein to avoid the cost and uncertainty of litigation; and

**NOW THEREFORE,** the Parties agree as follows:

1. <u>Payment</u>.  Within thirty (30) days of approval of this Settlement Agreement by the Bankruptcy Court and the Trustee's transmission to PDI of an invoice for such amount,

---

[1] A complete list of each of the Debtors in these Chapter 7 cases may be obtained on the Court's website at www.ecf.txsb.uscourts.gov and may be found in the *Order (I) Directing Joint Administration of the Debtors' Chapter 11 Cases and (II) Granting Related Relief* dated March 20, 2023, ECF No. 17 in Case No. 23-90147 in the U.S. Bankruptcy Court for the Southern District of Texas.

1

PDI agrees to pay $10,000.00 (the "Settlement Payment") to the Trustee by cashier's check made payable to "Janet Northrup, Chapter 7 Trustee" or by wire transfer. The settlement payment shall be delivered to Rusty Woolley at McCloskey Roberson, PLLC, 190 TC Jester Blvd, Suite 400, Houston, Texas 77007. If paid by wire transfer, the Trustee will provide wire transfer instructions to PDI. The Trustee agrees to cooperate with PDI in good faith to provide such information relating to transmission of the Settlement Payment that PDI may reasonably request from the Trustee.

2. <u>Releases</u>. Both Parties acknowledge that this Settlement Agreement is intended to fully resolve PDI's potential liability to the Estates for any claims, demands, actions, causes of action, suits, and/or statutory remedies available to the Trustee under 11 U.S.C. § 501, et al., including but not limited to 11 U.S.C. § 547, related to any transfers made by the Debtors or on behalf of the Debtors to PDI (the "Released Claims").

    a. In consideration of the Settlement Payment, the Trustee, on behalf of the Estates, does hereby irrevocably release, acquit and forever discharge PDI from all the Released Claims.

3. <u>Withdrawal of Administrative Claim and Waiver of 502(h) Claim</u>. PDI hereby withdraws the PDI Administrative Claim and the PDI Unsecured Claim with prejudice and waives any rights to payment on account of such claims. PDI further waives any right it has to a claim under Section 502(h) of the Bankruptcy Code in connection with the Avoidance Actions.

4. <u>Bankruptcy Court Approval.</u>  This Settlement Agreement is subject to the entry of a final order by the Bankruptcy Court in the Bankruptcy Cases approving the terms of settlement herein.

5. <u>No Admission of Liability.</u>  Each of the Parties acknowledges that this Settlement Agreement is a compromise of a disputed claim and that the Settlement Payment made hereunder is not intended to be construed as an admission of any liability by either Party.

6. <u>Entire Agreement.</u>  This Settlement Agreement constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by both Parties.

7. <u>Voluntary Act.</u>  Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Settlement Agreement. The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms as set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement, and it is signing this Settlement Agreement of its own free will.

8. <u>Enforcement of the Settlement Agreement</u>. This Settlement Agreement, and any disputes arising from or relating to this Settlement Agreement, shall be construed under and governed by the laws of the State of Texas, without regard to its conflict of laws rules. Any dispute arising from or relating to this Agreement shall be brought exclusively in the

Bankruptcy Court if it has subject-matter jurisdiction, or alternatively, in the State or Federal courts located in Harris County, Texas. The Parties expressly waive any objections or defenses regarding the jurisdiction or venue for any action or other proceeding in the aforementioned courts.

9. **Attorney Fees.** Each Party shall bear its own attorneys' fees and costs relating to the settlement negotiations and the negotiation and execution of this Settlement Agreement. However, if either Party commences an action to enforce the terms of this Settlement Agreement, the prevailing party in said enforcement action shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses, including reasonable attorneys' fees, incurred in said enforcement action.

10. **No Assignment.** Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment, of any claim, cause in action, right of action, or any other right released pursuant to this Settlement Agreement.

11. **Execution in Counterparts.** It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

AGREED TO:

_____
JANET NORTHRUP
Chapter 7 Trustee
Date: 5/28/25

PDI TECHNOLOGIES, INC.

_____
By: Drew Mize
Its: EVP, Commercial Ops and Partnerships
Date: May 28, 2025 | 2:55 PM CDT

3