IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| **MOUNTAIN EXPRESS OIL COMPANY,** | § | |
| *et al.,* | § | |
| | § | Case No. 23-90147 |
| | § | |
| | § | |
| Debtors. | § | (Jointly Administered) |

ORDER APPROVING
<u>COMPROMISE AND SETTLEMENT WITH PDI TECHNOLOGIES, INC.</u>
(relates to Docket No. _____)

The Court has considered the Motion to Compromise Controversy under Bankruptcy Rule 9019 with PDI Technologies, Inc. ("PDI") filed by Janet Northrup, Chapter 7 Trustee of the jointly administered estates of Mountain Express Oil Company, et al. (the "Trustee"). The Court finds that notice of the proposed compromise is sufficient. The proposed compromise meets the requirements for a compromise as outlined in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).

Accordingly, it is therefore **ORDERED THAT:**

1. The Motion to Compromise Controversy under Bankruptcy Rule 9019 with PDI Technologies, Inc. is **GRANTED**.

2. The Settlement Agreement attached to the Motion to Compromise Controversy under Bankruptcy Rule 9019 as **Exhibit A** is hereby approved, and the Trustee is authorized to enter into and consummate the Settlement Agreement.

3. The PDI Administrative Claim and the PDI Unsecured Claim are withdrawn with prejudice.

4. PDI agrees to waive any rights it has under 11 U.S.C. § 502(h) relative to the avoidance action.

5. Each party shall bear its respective fees and costs.

6. All parties to this compromise and settlement shall execute and deliver all documents reasonably necessary to effectuate the intent of this compromise and settlement.

7. PDI shall pay the sum of $10,000.00 to the Trustee in accordance with the Settlement Agreement.

Signed: