IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No.: 23-90147** |
| | § | **(Jointly Administered)** |
| | § | |
| **MOUNTAIN EXPRESS OIL COMPANY,** | § | **Chapter 7** |
| **et al.**[1] | § | |
| | § | |
| | § | |
| **Debtors.** | § | |

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY UNDER BANKRUPTCY
RULE 9019 WITH MR3 ENTERPRISES INC**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU
OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING
PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT
AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING
PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE
DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE
MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY
RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO
YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT,
YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE,
THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE
THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE EDUARDO RODRIGUEZ, UNITED STATES BANKRUPTCY
JUDGE:**

Janet Northrup, Chapter 7 Trustee of the jointly administered estates of Mountain Express

Oil Company, et al. (the "Trustee"), files this motion to compromise controversy with MR3

Enterprises Inc ("MR3") under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

---

1 A complete list of each of the Debtors in these Chapter 7 cases may be obtained on the Court's website at
www.ecf.txsb.uscourts.gov.

## Summary of Relief Requested

1.      The Trustee seeks approval of a settlement reached with MR3 related to potential preference claims against MR3.  Under the proposed settlement, MR3 will pay the Trustee the sum of $5,000.00 and the Trustee shall release MR3 from liability under Chapter 5 of the Bankruptcy Code.  A complete description of the settlement is set forth below.

## Background

2.      On March 18, 2023, Mountain Express Oil Company and the affiliated debtors (the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), thereby commencing the Bankruptcy Cases.

3.      On March 20, 2023, the Court signed an Order approving the joint administration of the Debtors' Chapter 11 cases under Case No. 23-90147 [Docket No. 17].

4.      On August 24, 2023, the Court signed an Order which, inter alia, converted the Chapter 11 cases to Chapter 7 cases [Docket No. 1397]. That same day, Janet S. Northrup was appointed the Chapter 7 Trustee ("Trustee") for the Debtors' jointly administered cases [Docket No. 1398].

5.      During the course of her investigation of the bankruptcy cases, the Trustee identified payments received by MR3 within 90 days of the Petition Date.

6.      On December 20, 2024, the Trustee sent a demand letter to MR3 asserting that MR3 had received certain payments from the Debtors that were avoidable under 11 U.S.C. § 547 of the Bankruptcy Code.

7. On March 17, 2025, the Trustee filed her Complaint against MR3, commencing Adversary Proceeding No. 25-03092, *Janet Northrup, Chapter 7 Trustee v. MR3 Enterprises Inc.* (the "Adversary"), asserting claims under 11 U.S.C. §§ 547 and 550.

8. MR3 did not file an answer to the Adversary. As such, the Trustee filed her Motion for Entry of Default Judgment on August 20, 2025 [Docket No. 13]. The clerk entered default against MR3 on August 21, 2025 [Docket No. 14].

9. After the Trustee filed her Motion for Entry of Default Judgment, MR3's president contacted the Trustee's counsel to negotiate an agreement. After arms-length negotiation and, recognizing that there is an inherent risk in litigation, the Trustee and MR3 reached an agreement to resolve the claims. Attached as **Exhibit A** is a copy of the Settlement Agreement between the Trustee and MR3.

## Proposed Settlement and Compromise

10. Subject to Bankruptcy Court approval, MR3 and the Trustee have agreed to the following:

- MR3 will pay the sum of $5,000.00 to the Trustee within fifteen (15 days of entry of an Order approving this agreement (the "9019 Order);
- The Trustee will release MR3 from all claims under Chapter 5 of the Bankruptcy Code;
- MR3 will waive any rights it has to a claim under 11 U.S.C. §502(h) relative to the Settlement Payment; and
- Within (7) days of receipt of the Settlement Payment in full, the Trustee shall dismiss the Adversary with prejudice.

## Merits of Compromise

11. The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). *TMT Trailer* requires that a compromise must be "fair and equitable." *TMT Trailer*, 390

U.S. at 424; *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir.), *cert. denied*, 469 U.S. 880 (1984). The terms "fair and equitable" mean that (i) senior interests are entitled to full priority over junior interests; and (ii) the settlement is reasonable in relation to the likely rewards of litigation. *In re Cajun Electric Power Coop.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

12. In determining whether a proposed compromise is fair and equitable, a Court should consider the following factors:

(i)     the probabilities of ultimate success should the claim be litigated;

(ii)    the complexity, expense, and likely duration of litigating the claim;

(iii)   the difficulties of collecting a judgment rendered from such litigation; and,

(iv)    all other factors relevant to a full and fair assessment of the wisdom of the compromise.

*TMT Trailer*, 390 U.S. at 424. The Trustee believes that the proposed settlement satisfies the requirements established by the Supreme Court in *TMT Trailer*.

### Analysis of Proposed Compromise

13. <u>Probabilities of Ultimate Success</u>. During their discussions, MR3 and the Trustee analyzed the strengths and weaknesses of the preference demand and related defenses. The Trustee believes that she would prevail on a portion the preference claims against MR3. MR3 has raised defenses to the preference claim and believes that it has a complete defense under 11 U.S.C. § 547(c)(2) that, if successful, would eliminate exposure. Specifically, MR3 received payments totaling approximately $90,000.00 in the 90-day preference period. MR3 asserts that the payments are unavoidable as preferential transfers because the payments were made within the ordinary course of business between the parties. The Trustee acknowledges the ordinary course defense but asserts that approximately $6,700 of the payments are avoidable under 11 U.S.C. § 547.

14.     Both parties acknowledge that a certain degree of uncertainty always exists with respect to litigation.  The Trustee believes that the proposed settlement and compromise fairly recognizes her anticipated recovery on the preference claims without litigation.  The parties have attempted to achieve a resolution that minimizes the potential damage and risk to all parties, including the estate's unsecured creditors.

15.     After considering the defenses available to MR3, the Trustee believes that the proposed compromise is in the best interest of the Estate. The compromise provides for a payment by MR3 of $5,000.00, which is approximately 75% of the amount the Trustee believes is subject to avoidance. Given the inherent risk in litigation, Trustee believes this is a reasonable compromise. Moreover, MR3 has agreed to waive any rights it has under 502(h). For these reasons, the Trustee believes this factor weighs in favor of the proposed compromise.

16.     <u>Complexity, Expense and Likely Duration</u>.  The Trustee estimates that a trial would last 1 or 2 days and could require expert opinion.  Briefing, discovery and preparation for trial would require several days of attorneys' time.  Counsel for the Trustee has been retained in this case on a contingency fee basis, but additional expenses (such as expert witness fees) could be incurred by the estate. Additionally, it would likely take six months to a year to litigate the claim, and the proposed settlement brings money into the estate now. The Trustee believes this factor also supports the proposed compromise.

17.     <u>Difficulties of Collection</u>.  If a judgment were rendered in an amount sought by the Trustee, the Trustee has significant concerns about her ability to recover from MR3, which has stated that it is a small, family-run business in New Jersey.  Notably, MR3 is a reseller of fuel that it purchases from larger oil companies and only makes a small percentage on the margins of each sale. The Trustee believes this factor supports the proposed compromise.

18.     <u>Other Factors</u>.  The Trustee believes that the proposed compromise is equitable and in the best interest of the estate.  The parties avoid the time and expense of litigation, and the estate receives cash for distribution to creditors.

Accordingly, the Trustee requests that this Court approve the proposed settlement and compromise set forth above and grant such other relief as is just.

**Dated: September 10, 2025.**

Respectfully submitted,

**McCLOSKEY ROBERSON WOOLLEY, PLLC**

By:*/s/ Carissa N. Brewster*
Thomas A. Woolley, III
SBOT: 24042193
Timothy M. McCloskey
SBOT: 13417650
Carissa N. Brewster
SBOT: 24122933
190 TC Jester Blvd., Suite 400
Houston, TX 77007
713-337-3900
713-337-3915 (fax)
rwoolley@mrwpllc.com
tmccloskey@mrwpllc.com
cbrewster@mrwpllc.com
***Special Litigation Counsel for Janet Northrup,
Chapter 7 Trustee***

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the foregoing was served via ECF on parties receiving ECF service in the above-referenced case, and via First Class Mail to the parties on the attached Service List on September 10, 2025. Additionally, on September 10, 2025, a copy was served via U.S. first class mail on the following:

MR3 Enterprises Inc
c/o Sheena Malhi
1818 Old Cuthbert Road, Suite 300
Cherryhill, New Jersey 08034
*Defendant*

*/s/ Carissa N. Brewster*
Carissa N. Brewster

**MASTER SERVICE LIST**
**Mountain Express Oil Company**
**Case No. 23-90147**

**All service made by US first class mail, postage prepaid unless otherwise indicated**

**Debtor**
Mountain Express Oil Company
Turjo Wadud
c/o Johnnie J. Patterson, II
Walker & Patterson, PC
4815 Dacoma Street
Houston, TX  77092
Via First Class U.S. Mail, postage prepaid

**Debtor's Representative**
Neil Lansing, Designated Representative
2295 Haynes Trail
Johns Creek, GA  30022
Via First Class U.S. Mail, postage prepaid

**Chapter 7 Trustee**
Janet S. Northrup
Chapter 7 Trustee
1201 Louisiana Street
28th Floor
Houston, TX  77002
Via ECF jsnorthrup@hwa.com

**Office of the U.S. Trustee**
Hector Duran Jr.
Office of the United States Trustee
for the Southern District of Texas
515 Rusk Street, Suite 3516
Houston, TX  77002
Via ECF Hector.Duran.Jr.@usdoj.gov

**U.S. Attorney's Office**
United States Attorney's Office
for the Southern District of Texas
Wells Fargo Plaza
1000 Louisiana Street, Suite 2300
Houston, TX  77002

**DIP Agent**
Shari Heyen
John Elrod
Greenberg Traurig, LLP
Via ECF Shari.Heyen@gtlaw.com
Via ECF ElrodJ@gtlaw.com

**20 Largest Creditors**
Sunoco
3801 West Chester Pike
Newton Square, PA  19073
Via First Class U.S. Mail, postage prepaid

Valero
One Valero Way
San Antonio, TX  78249
Via First Class U.S. Mail, postage prepaid

COCA-COLA Bottling CO
PO Box 105637
Atlanta, GA  30348-5637
Via First Class U.S. Mail, postage prepaid

Marathon
539 S. Main Street
Findlay, OH  45840
Via First Class U.S. Mail, postage prepaid

Cross Oil Refining & Marketing
484 East 6th Street
Smackover, AR  71762
Via First Class U.S. Mail, postage prepaid

KeyBank Real Estate Capital
PO Box 145404
Cincinnati, OH  45250
Via First Class U.S. Mail, postage prepaid

3104782

Exxon Mobil
PO Box 74007276
Chicago, IL  60674-7276
Via First Class U.S. Mail, postage prepaid

VM Petro Inc.
2188 Kirby Lane
Syosset, NY  11791
Via First Class U.S. Mail, postage prepaid

Pepsi Beverages
75 Remittance Drive, Suite 1884
Chicago, IL  60675
Via First Class U.S. Mail, postage prepaid

Flying J-Saratoga-Pilot
5508 Lonas Drive
Knoxville, TN  37909
Via First Class U.S. Mail, postage prepaid

Shell
910 Louisiana Street
Houston, TX  77002
Via First Class U.S. Mail, postage prepaid

Sinclair Distributor Services
PO Box 30825
Salt Lake City, UT  84130
Via First Class U.S. Mail, postage prepaid

Federated Insurance
PO Box 486
Owatonna, MN  55060
Via First Class U.S. Mail, postage prepaid

JF Acquisition LLC
PO Box 531829
Atlanta, GA  30353-1829
Via First Class U.S. Mail, postage prepaid

DAS Distributors TC
724 Lawn Road
Palmyra, PA  17078
Via First Class U.S. Mail, postage prepaid

Imperial Trading Company
701 Edwards Avenue
Elmwood, LA  70123
Via First Class U.S. Mail, postage prepaid

ARG 1 CBHGNJ001, LLC et al.
PO Box 71532
Cincinnati, OH  45271-5352
Via First Class U.S. Mail, postage prepaid

Entergy
PO Box 8108
Baton Rogue, LA  70891
Via First Class U.S. Mail, postage prepaid

Anthem Blue Cross Blue Shield
PO Box 645438
Cincinnati, OH  45264-5438
Via First Class U.S. Mail, postage prepaid

Southern Eagle Sales & Service LP
5300 Blair Drive
Metairie, LA  70003
Via First Class U.S. Mail, postage prepaid

Any party that has requested notice pursuant to
Bankruptcy Rule 2002 as of the time of service
via ECF.

3104782